# UNITED STATES OF AMERICA
# JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**CHAIRMAN:**
Judge Wm. Terrell Hodges
United States District Court
Middle District of Florida

**MEMBERS:**
Judge John F. Keenan
United States District Court
Southern District of New York

Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

**DIRECT REPLY TO:**

Michael J. Beck
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:       [202] 502-2888
http://www.jpml.uscourts.gov

February 16, 2006

```
___ FILED       ___ RECEIVED
___ ENTERED     ___ SERVED ON
      COUNSEL/PARTIES OF RECORD

        FEB 17

CLERK US DISTRICT COURT
  DISTRICT OF NEVADA
BY:_____ DEPUTY
```

Lance S. Wilson, Clerk
Lloyd D. George U.S.
Courthouse
333 Las Vegas Boulevard, South
Las Vegas, NV 89101

Re: MDL-1735 -- In re Wal-Mart Wage and Hour Employment Practices Litigation

(See Attached Order)

Dear Mr. Wilson:

    I am enclosing a certified copy and one additional copy of a transfer order filed today by the Panel in the above-captioned matter. The order is directed to you for filing.

    The Panel's governing statute, 28 U.S.C. §1407, requires that the transferee clerk "...transmit a certified copy of the Panel's order to transfer to the clerk of the district court from which the action is being transferred."

    A copy of Rule 1.6 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 428 (2001), which deals specifically with the transfer of files, is enclosed for your convenience. Also enclosed are a complete set of the Panel Rules and a copy of Chapter 7 of Volume 4 of the Clerks Manual, United States District Courts.

    The Panel Clerk's Office maintains the only statistical accounting of multidistrict litigation traffic in the federal courts. These statistics are used by the Administrative Office of the United States Courts and the Judicial Conference. Therefore, your cooperation in keeping the Panel advised of the progress of this litigation would be appreciated. We are particularly interested in receiving the docket numbers assigned to each transferred action by your court; the caption and docket numbers of all actions originally filed in your district; and copies of orders regarding appointment of liaison counsel, settlements, dismissals, state court remands, and reassignments to other judges in your district.

    Your attention is also directed to Panel Rule 7.6, regarding termination and remand of transferred actions. Upon notification from your court of a finding by the transferee judge that Section 1407 remand of a transferred action is appropriate, this office will promptly file a conditional remand order.

- 2 -

For your information, I am enclosing a copy of the Panel Attorney Service List.

        Very truly,

        Michael J. Beck
        Clerk of the Panel

        By _____
           Deputy Clerk

Enclosures

cc w/all enclosures (Chapter 7 of Volume 4 of the Clerks Manual, U.S. District Courts, Rule 1.6, R.P.J.P.M.L., transfer order, Panel Attorney Service List, and complete Panel Rules):

    Chief Judge/Transferee Judge:   Judge Philip M. Pro

cc w/order and Rule 1.6, R.P.J.P.M.L.:

| | |
|---|---|
| Transferor Clerks: | Cameron S. Burke |
| | Ida Romack |
| | Joseph A. Haas |
| | Peter T. Dalleo |
| | Walter A.Y.H. Chinn |
| Transferor Judge: | Judge Joseph J. Farnan, Jr. |
| | Judge Charles B. Kornmann |
| | Judge Edward J. Lodge |
| | Judge Susan Oki Mollway |
| | Judge James K. Singleton |

                                                      JPML Form 33

A CERTIFIED TRUE COPY

FEB 16 2006

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

ENTERED
COUNSEL/PARTIES
RECEIVED
SERVED ON
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 16 2006

FILED
CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

CLERK'S OFFICE

*RELEASED FOR PUBLICATION*

**DOCKET NO. 1735**

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE WAL-MART WAGE AND HOUR EMPLOYMENT PRACTICES LITIGATION

*John McFarlin v. Wal-Mart Stores, Inc., et al.*, D. Alaska, C.A. No. 3:05-94
*Dora Jackson v. Wal-Mart Stores, Inc., et al.*, D. Delaware, C.A. No. 1:05-269
*Tammy L. Poha, et al. v. Wal-Mart Stores, Inc., et al.*, D. Hawaii, C.A. No. 1:05-697
*Reginald Paul Jackson, et al. v. Wal-Mart Stores, Inc., et al.*, D. Idaho, C.A. No. 1:05-424
*Nancy Hall v. Wal-Mart Stores, Inc., et al.*, D. Nevada, C.A. No. 2:05-1099
*John Luce v. Wal-Mart Stores, Inc., et al.*, D. South Dakota, C.A. No. 1:05-1019

## BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ,[*] ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL

### TRANSFER ORDER

This litigation currently consists of six actions pending, respectively, in the District of Alaska, the District of Delaware, the District of Hawaii, the District of Idaho, the District of Nevada, and the District of South Dakota.[1] Before the Panel is a motion brought, pursuant to 28 U.S.C. § 1407, by plaintiff in the District of Nevada action for coordinated or consolidated pretrial proceedings in the District of Nevada. Plaintiffs in all actions support plaintiff's motion, along with plaintiffs in the potential tag-along actions in the District of Nebraska and the District of Wyoming. Defendants Wal-Mart Stores, Inc., and Sam's West, Inc. (collectively Wal-Mart) oppose the motion. In the alternative, defendants suggest the District of Wyoming, where a potential tag-along action is pending, or the Western District of Arkansas, where defendants are based, as appropriate alternative transferee fora in the event the Panel orders transfer over their objections.

---

[*] Judge Motz took no part in the decision of this matter.

[1] The Panel has been notified of five additional actions pending respectively in the District of Maine, the District of Montana, the District of Nebraska, the District of Utah, and the District of Wyoming. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

A CERTIFIED TRUE COPY

FEB 16 2006

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

- 2 -

On the basis of the papers filed and hearing session held, the Panel finds that these six actions involve common questions of fact, and that centralization under Section 1407 in the District of Nevada will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. The actions share questions of fact arising out of similar allegations that defendants systematically failed, through various means, to pay its hourly employees for all of their time worked. Plaintiffs claim, among other things, that defendants: 1) altered employee records to make it appear as if the employees' workdays ended one minute after their meal period concluded, effectively denying employees their pay for the three or four hours of work that they performed after the meal period; 2) deleted overtime hours that employees worked in excess of 40 hours; 3) deleted employee time clock punches so that employees would not be paid for an entire day or afternoon of work; and 4) altered employee time records, which made it appear as if employees took meal periods when in fact they did not, resulting in unauthorized deductions from employees' paychecks in the amount of 30 or 60 minutes per occurrence. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery; prevent inconsistent rulings on pretrial motions; and conserve the resources of the parties, their counsel, and the judiciary.

Wal-Mart opposes centralization, in part, because several state court actions concerning certain aspects of its employment practices are at various stages of litigation across the nation. Centralization will not foster increased efficiency in the vast majority of such actions, Wal-Mart asserts. This argument, however, misses the mark. Considering the actions before the Panel, efficiencies can be realized by centralizing pretrial proceedings before one judge.

Wal-Mart also maintains that transfer should be denied because individual issues will be a focus of these actions and voluntary coordinating efforts, such as a recently executed document sharing agreement covering some actions, are preferable to Section 1407 transfer. We disagree. While we applaud every cooperative effort undertaken by parties to any litigation, transfer under Section 1407 has the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that: 1) allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues, *In re Joseph F. Smith Patent Litigation*, 407 F.Supp. 1403, 1404 (J.P.M.L. 1976); and 2) ensures that pretrial proceedings will be conducted in a streamlined manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties and the judiciary.

The Panel is persuaded that the District of Nevada is an appropriate transferee district for this litigation. This district is centrally and relatively conveniently located to most actions and enjoys the support of all responding plaintiffs, including responding plaintiffs in potential tag-along actions. In addition, this tribunal has the necessary resources that this type of litigation will likely require.

- 3 -

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions pending outside the District of Nevada are transferred to the District of Nevada and, with the consent of that court, assigned to the Honorable Philip M. Pro for coordinated or consolidated pretrial proceedings with the action pending in that district.

FOR THE PANEL:

/s/ Wm. Terrell Hodges
_____
Wm. Terrell Hodges
Chairman