JAMES E. WHITMIRE, ESQ.
Nevada Bar No. 6533
BRIAN W. BOSCHEE, ESQ.
Nevada Bar No. 7612
F. THOMAS EDWARDS, ESQ.
Nevada Bar No. 9549
SANTORO, DRIGGS, WALCH,
KEARNEY, JOHNSON & THOMPSON
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
Telephone:    702/791-0308

Electronically Filed on 3-17-06

Attorneys for Defendants Wal-Mart Stores, Inc. and Sam's West, Inc.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re: Wal-Mart Wage and Hour Employment Practices Litigation, | MDL Docket No. 1735<br>Case No. CV-S-06-0225-PMP-PAL<br><br>This filing relates to<br>NEVADA USDC CASE NO. CV-S-05-1099-PMP-PAL |

### DEFENDANTS' MOTION FOR PROTECTIVE ORDER TO AVOID WAIVER ISSUES ASSOCIATED WITH SUBMISSION OF PRIVILEGE LOGS

Defendants, by and through their undersigned counsel, hereby file Defendants' Motion For Protective Order To Avoid Waiver Issues Associated With Submission Of Privilege Logs. The following Points and Authorities are submitted in support of this Motion.

1. In November, 2005, Plaintiffs served over one-hundred (100) different discovery requests calling for documents to be produced that are located in dozens of diverse geographic locations and which are in the possession of potentially hundreds of different individuals.

2. Over the course of the past several months, Defendants have searched for, located, reviewed and produced voluminous electronic databases and paper documents/images to Plaintiff. As part of the discovery process, the parties have entered into a Sharing Agreement, which encompasses thousands of documents that have been produced in cases pending in other jurisdictions. Pursuant to the Sharing Agreement, the documents in those other jurisdictions have been made available to Plaintiff.

- 1 -

03027-07/68108.doc

3. The Defendants have identified numerous documents for which attorney-client privilege and/or work-product protection will be claimed.

4. The Defendants have generated voluminous privilege logs that identify those documents for which protection is being claimed. In particular, eight (8) different privilege logs have been produced to Plaintiff Nancy Hall.

5. Given that searches, document reviews and/or analyses are still being conducted, Defendants have not yet determined the full population of documents that may ultimately need to be logged.

6. For example, Plaintiffs have not yet identified one Nevada Store (out of over thirty different stores) for which a document inspection will take place pursuant to a Stipulation entered into by the parties on or about January 17, 2006. Documents located at the different stores is just one example of a source of documents that may, at some point, need to be identified on a privilege log.

7. As another example, full merits discovery is premature in light of the fact that discovery has only been permitted as to class certification issues.

8. Moreover, Plaintiff's counsel has informed Defendants' counsel that Plaintiff does not even need a significant portion of the documents encompassed by her discovery requests for pre-certification proceedings. Accordingly, additional potentially responsive documents may need to be, at some point in time, identified on a privilege log.

9. The following quote from Burlington Northern & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont., 408 F.3d 1142 (9th Cir. 2005) is germane to the issues before the Court in this Motion:

> We are well aware that, particularly in discovery-intensive litigation, compiling a privilege log within 30 days may be exceedingly difficult, even for counsel who are sophisticated, experienced, well-funded, and acting in good faith. Further, we are aware (and take this opportunity to make district courts aware) that litigants seeking discovery may attempt to abuse the rule we announce today by propounding exhaustive and simultaneous discovery requests.

Id. at 1149, n.3

03027-07/68108

10. Defendants have attempted to secure, without formal Court intervention, an agreement with Plaintiff's counsel which would avoid any waiver arguments and/or disputes in the event Defendants have not yet identified all documents for which protection from disclosure will be sought on a privilege log.

11. The parties have been unable to resolve their dispute despite sincere good faith attempts to resolve such disputes. Following a lengthy telephone conversation -- wherein Plaintiff's counsel indicated that they would not argue waiver, but could not commit that they would not argue that privilege logs were incomplete -- a letter was received from Plaintiff's counsel that states:

> With regards to a stipulation on the Privilege Log issue raised by Ms. Beers [sic], as I had expressed in the teleconference, I was unable and unauthorized to stipulate for the purposes of the MDL states. Mr. Bonsignore has indicated that he is unwilling to provide any stipulations prior to the receipt of discovery and our Meet and Confer. This will be a topic of discussion for that meeting.

See, Ex. A attached hereto. Thus, the parties are currently at an impasse concerning this issue.

12. It should be noted that the parties are meeting and conferring, in person, this afternoon, March 17, 2006, on multiple issues concerning the MDL proceedings. One of the topics of discussion will be the privilege logs. In light of the March 17, 2006 discovery deadline set forth in Judge Leen's Order dated February 24, the Defendants are filing this Motion out of an abundance of caution even though the issue may ultimately be resolved.[1]

13. In light of Plaintiff's current unwillingness to enter into a no-waiver stipulation concerning the privilege log issue, Defendants are filing this Motion for Protective Order, pursuant to Burlington Northern, so as to defend against any waiver argument made by Plaintiff. See, Burlington Northern, 408 F.3d at 1149, n.3 (noting that a party "may either secure an

---

[1] Defendants are in a "catch-22" situation in that Plaintiff has not yet been willing to stipulate to non-waiver issues associated with the privilege logs and the Defendants are simultaneously abiding by a Court Ordered production date, of March 17, 2006 for the supplemental responses. While good faith efforts will be made to bring resolution to this issue in a meeting that is scheduled to occur during the afternoon of March 17, 2006, Defendants cannot risk a waiver argument being made by Plaintiff (similar to previous waiver arguments made by Plaintiff that were rejected by Judge Leen).

- 3 -

03027-07/68108

1  appropriate agreement or stipulation from the relevant litigants or, failing that, apply for a discovery or protective order.").

14. Under no circumstances should Defendants be deemed to have waived any attorney-client privilege and/or work-product protection by virtue of the fact that the entire universe of potentially responsive documents -- located in many different geographic locations and in the possession of numerous individuals -- have not yet been fully logged on a privilege log.

DATED this 17th day of March, 2006.

SANTORO, DRIGGS, WALCH,
KEARNEY, JOHNSON & THOMPSON

_____
James E. Whitmire, III, Esq.
Nevada Bar No. 6533
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
Telephone: (702) 791-0308
Facsimile: (702) 791-1912
Attorneys for Defendants

- 4 -

03027-07/68108

EXHIBIT A

# Ravenholt & Associates

2013 Alta Drive, Las Vegas, Nevada 89106
Telephone (702) 647-0110
Facsimile (702) 647-6332

March 10, 2006

James E. Whitmire, III. Esq.
Santoro, Driggs, Walch et.al.
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
Sent Via Facsimile

    RE:    Hall/Wal-Mart
              Confirmation of Meet and Confer Date

Dear Mr. Whitmire:

This firm has received the Defendant's Reply to Plaintiff's Non-Opposition et. al. this morning via facsimile. Our position is that we once again move on from these insignificant issues and get started on litigating this case.

I have had a chance to discuss with Mr. Bonsignore the issues that Ms. Beers and yourself raised during our telephone conversation yesterday. We agree that the court date will be continued until April 11th or 18th, depending on the court's decision. We will not stipulate to any changes in the existing Court Order, including having all Discovery answers and Privilege Log provided to our firm by March 17th, 2006 at 4:00 p.m.

The Plaintiff's legal team is concerned that we are still awaiting key Discovery in March 2006 that we requested in November 2005. We anticipate that next week will close many of the outstanding discovery issues. The additional electronic data will facilitate our current needs for the Nevada Certification Hearing and bring this case that much closer to resolution.

With regards to a stipulation on the Privilege Log issue raised by Ms. Beers, as I had expressed in the teleconference, I was unable and unauthorized to stipulate for the purposes of the MDL states. Mr. Bonsignore has indicated that he is unwilling to provide any stipulations prior to the receipt of discovery and our Meet and Confer. This will be a topic of discussion for that meeting.

The only date available for the Meet and Confer will be March 17th, 2006. With Mr. Duffy out of town the following two weeks, we must ask that this meeting take place on this date. I have opened the entire afternoon for this meeting at my office. Please make arrangements to attend at this designated date and inform me at what time would be convenient for Mr. Duffy and Ms. Beers.

Sincerely,

Dirk A. Ravenholt, Esq.
cc: Bonsignore