1
2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

3

| | |
|---|---|
| 4    **IN RE:  WAL-MART WAGE AND HOUR EMPLOYMENT PRACTICES LITIGATION** | )    **MDL 1735** ) ) |
| 5 | )    **2:06-CV-00225-PMP-PAL** )    **(BASE FILE)** |
| 6    **THIS DOCUMENT RELATES TO:** | ) ) |
| 7    **ALL ACTIONS** | ) ) ) |

8
9
10
11

**DECLARATION OF JESSICA L. GRANT IN SUPPORT OF OPPOSITION TO APPOINTMENT OF CAROLYN BEASLEY BURTON AS CO-LEAD COUNSEL IN PLACE OF FURTH LEHMANN & GRANT LLP**

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

75261.1

DECLARATION OF JESSICA L. GRANT IN SUPPORT OF OPPOSITION TO APPOINTMENT OF CAROLYN
BEASLEY BURTON AS CO-LEAD COUNSEL IN PLACE OF FURTH LEHMANN & GRANT LLP

JESSICA L. GRANT hereby declares as follows:

1. I am a partner in the law firm of Furth Lehmann & Grant LLP ("FL&G"), formerly known as The Furth Firm LLP. I submit this declaration in support of the opposition to the appointment of Carolyn B. Burton as co-lead counsel in place of Furth Lehmann & Grant LLP.

2. Attached as Exhibit A to this declaration are FL&G's time sheets that reflect all work performed on the case on a daily basis up to and including November 30, 2006, as well as the nature of each increment of work. These billing records were maintained contemporaneously in the normal course of our firm's practice. These time records demonstrate that a number of FL&G attorneys have spent a substantial amount of time and labor working on various substantive matters in order to serve the interests of the putative class in this MDL proceeding. In addition, FL&G paralegals have also spent a considerable amount of time and labor on pleadings such as the class certification briefing, the amended complaint and the opposition to Wal-Mart's motion to dismiss.

3. A true and correct copy of FL&G's resume was attached as Exhibit A to the April 14, 2006 Declaration of Carolyn B. Burton in Support of Plaintiffs' Joint Application for Appointment of Lead and Liaison Counsel, which is incorporated herein by reference.

4. Since its inception in 1966, FL&G has represented corporate, governmental, and individual clients in a wide variety of antitrust matters at the trial and appellate levels in state and federal jurisdictions throughout the country. In 1967, shortly after its founding, the firm's name partner, Frederick P. Furth, initiated an antitrust class action against gypsum wallboard manufacturers alleging a price-fixing conspiracy. That case, which expanded to include 5,500 plaintiffs in over 140 cases, several hundred lawyers, and seven defendants, and resulted in $82 million in damages, established the firm's prominence in the antitrust field. The presiding judge, the Honorable Judge Alfonso Zirpoli, wrote in his fee opinion in that litigation:

1

2

3

4

5

6

7

> "This litigation, which involved complex and novel issues of substantial magnitude arising out of alleged conspiratorial activities in restraint of trade of nationwide application, was undertaken by the Furth office on a contingency basis at substantial risk…To this contingency factor must be added the fact that without one iota of governmental assistance, counsel, and in particular the Furth office, by diligent and unrelenting application of their skills and their labors achieved an astounding settlement of $67,640,000 and an end to further corporate abuse in the gypsum industry, which for the years 1968, 1969 and 1970 alone saved purchasers of gypsum products $86,813,265." *In re Gypsum Cases*, 386 F.Supp. 959, 967 (N.D. Cal. 1974).)

8

9

10

     5.     Similarly, District Judge Charles Muecke wrote as follows in his fee opinion in *In re Cement & Concrete Antitrust Litigation*, 1980-81 Trade Cas. (CCH) ¶63,798 at 78,279 (D. Ariz. 1980):

11

12

13

14

15

> "Mr. Furth was one of plaintiffs' three co-lead counsel and served as a member of plaintiffs' steering committee…Mr. Furth discharged this responsibility admirably. Plaintiffs' discovery in this litigation proceeded quickly and efficiently thanks to Mr. Furth's efforts. Mr. Furth also played an important role in plaintiffs' settlement discussions. Mr. Furth participated personally in some of the early settlement discussions with defendants and helped formulate plaintiffs' strategy regarding the settlements which were eventually reached.

16

17

18

19

20

> "The other partners, associates and staff members of Mr. Furth's firm also contributed significantly to this litigation…Members of Mr. Furth's firm were involved in virtually every aspect of plaintiffs' discovery efforts including the coding of materials for inclusion in the electronic data retrieval system used by plaintiffs in this litigation. In all of these activities, the highest caliber of legal skill was evidenced and significant contribution was made to the ultimate recovery by the class."

21

22

23

24

25

26

27

28

     6.     More recently, in *American Central Eastern Texas Gas, L.P., et al. v. Union Pacific Resources Group, Inc.,* Case No. 2-09-CV-0239-TJW (E.D. Tex.), FL&G received commendations for its trial advocacy in an antitrust case alleging that defendants conspired to monopolize the gas processing market in Panola County, Texas, and also alleging Sherman Act Section 1 violations relating to an agreement in restraint of trade. After several days of a jury trial, defendant Union Pacific Resources entered into a confidential settlement and concluded the jury trial portion of the case. Commenting to the jury, Judge T. John Ward stated the following on March 2, 2001:

DECLARATION OF JESSICA L. GRANT IN SUPPORT OF OPPOSITION TO APPOINTMENT OF CAROLYN BEASLEY BURTON AS CO-LEAD COUNSEL IN PLACE OF FURTH LEHMANN & GRANT LLP

1

2

"I did what these people did for a little over 30 years. You may not know it, but you have had another opportunity to see some of the finest trial advocacy that the Court has seen since I've been on the bench.

3

These lawyers are good. You've seen some of the top lawyers in the country here today…I do want you to know that you've seen some of the finest advocacy and professionalism that the Court has had the pleasure to see since I've been on the bench, so you got a special treat even though you might not have fully appreciated it." (*See* Transcript at 780:11-781:1, a true and correct copy of which is attached hereto as Exhibit B.)

4

5

6

7

8    Outside the presence of the jury, Judge Ward continued:

9

"I do mean what I said about your professionalism and the way you have handled yourself in this case. These are difficult cases. Not only have you been professional in the trial of the case, but in your preparation and handling of all matters before the Court, and you have my extreme appreciation." (*See id.* at 781:15-22.)

10

11

12    In a subsequent appellate proceeding relating to that litigation before the

13    United States Court of Appeals for the Fifth Circuit, FL&G successfully persuaded the

14    court to uphold plaintiffs' previous victories before the arbitrator and the trial judge that

15    confirmed the arbitration award. *See American Cent. Eastern Texas Gas Co. v. Union*

16    *Pacific Resources Group, Inc.*, 2004 WL 136091 (5th Cir. 2004).

17    Although Ms. Burton subsequently worked on the arbitration and appeal

18    stemming from the district court's findings in *American Central Eastern Texas Gas, L.P., et*

19    *al. v. Union Pacific Resources Group, Inc.,* Case No. 2-09-CV-0239-TJW (E.D. Tex.), she

20    did not appear or participate in the jury or bench trial in that matter.  Nor did Ms. Burton

21    participate in the oral argument before the United States Court of Appeals for the Fifth

22    Circuit.

23    7.    FL&G serves as sole counsel for a class of 115,919 class members in

24    *Savaglio v. Wal-Mart Stores, Inc., et al.*, Cal. Super. Ct., Alameda Cty., No. C-835687

25    ("*Savaglio*").  In *Savaglio*, FL&G spent approximately *five years* engaging in costly and

26    protracted litigation which culminated in a nearly four-month-long wage and hour class

27    action jury trial against Wal-Mart in California Superior Court.  Mr. Furth and I, along

28    with FL&G attorneys Michael S. Christian and Christopher L. Lebsock, obtained a $172.2

1   million verdict on behalf of the class members in *Savaglio*.  At the close of trial, the

2   *Savaglio* trial judge remarked to the jury:

3         "I think you all appreciate the lawyering in this case from the
      plaintiffs and from the defendants was outstanding.  You saw I think

4         the best lawyering that I have seen in this courtroom."  (*See*
      Transcript at 4:21-25, a true and correct copy of which is attached

5         hereto as Exhibit C.)

6           8.     In its February 20, 2006 issue, *The National Law Journal* ranked the

7   *Savaglio* verdict as the tenth largest verdict in the country for 2005, and the largest verdict

8   in an employment case last year.  A true and correct copy of the relevant portion of that

9   listing, entitled "The Top 100 Verdicts Of 2005," is attached hereto as Exhibit D.

10           FL&G's success did not end with the jury's verdict.  In June 2006, on behalf

11   of FL&G, I tried the equitable relief phase of the case in a three-day bench trial.  We

12   proved that Wal-Mart had engaged in "unlawful" and "unfair" business practices in

13   violation of California's Unfair Competition Law by failing to provide class members with

14   millions of meal periods and rest breaks.  FL&G successfully persuaded the Court to issue a

15   permanent injunction against Wal-Mart that requires the company to implement various

16   policies and practices designed to secure its compliance with California's rest break laws.

17   The permanent injunction provides significant prospective relief that will benefit the

18   California class members for years to come.

19           Following the *Savaglio* trials, Wal-Mart filed motions to decertify the class,

20   for judgment notwithstanding the verdict, for a new trial, and to compel plaintiffs to elect

21   remedies.  FL&G successfully opposed *all* of Wal-Mart's attempts to overturn the jury's

22   verdict.

23           I am frequently invited to lecture on class actions and wage and hour issues,

24   such as those involved in this MDL proceeding.  Most recently, I was a featured speaker at

25   "The 3rd National Forum on Wage & Hour Claims & Class Actions," American

26   Conference Institute (October 25, 2006).  I have also lectured at the "Class Action

27   Litigation & UCL Litigation Conference," Bridgeport Continuing Education (2006); the San

28   Francisco Bar Association's Conference regarding "The New Wave of Labor Code

DECLARATION OF JESSICA L. GRANT IN SUPPORT OF OPPOSITION TO APPOINTMENT OF CAROLYN
BEASLEY BURTON AS CO-LEAD COUNSEL IN PLACE OF FURTH LEHMANN & GRANT LLP

1 Litigation: Meal & Rest Period Litigation and the Private Attorney General Act" (2005);

2 and "Class Actions for Non-Class Action Lawyers," Lighthouse Seminar Group (2005).

3       I have been invited to be a member of the faculty at the 16th Annual

4 Litigation and Resolution of Complex Class Actions Institute on January 17-18, 2007 in San

5 Francisco, and a featured speaker regarding "Wage & Hour and Employment

6 Discrimination Claims" at the Los Angeles County Bar Association's Class Action

7 Conference on February 23, 2007.

8       I have been recognized as one of the "Best Lawyers in the Bay Area," by

9 *Bay Area Lawyer Magazine* (2005).

10       9.    In 2004, I deposed a number of high-ranking Wal-Mart corporate

11 executives in Bentonville, Arkansas, in the *Savaglio* case. Through these depositions,

12 FL&G was able to confirm that Wal-Mart was engaged in wrongful time shaving practices.

13       10.    Moreover, FL&G also obtained documents in various other Wal-Mart

14 wage and hour cases which revealed that Wal-Mart was aware of a variety of time shaving

15 practices in stores throughout the nation. Accordingly, on January 14, 2005, FL&G filed

16 the first time shaving class action in the nation, *Newland v. Wal-Mart Stores, Inc., et al.*,

17 Cal. Super. Ct., Alameda Cty., No. RG05-193921 ("*Newland*"). Shortly thereafter, FL&G

18 successfully opposed Wal-Mart's demurrer to the complaint.

19       Approximately three months *after* FL&G filed the *Newland* case, the first of

20 the cases that would eventually be transferred and consolidated in MDL 1735 was filed in

21 Delaware, *Jackson v. Wal-Mart Stores, Inc., et al.*, Del. Super. Ct., New Castle Cty., No.

22 05C-04-027 CHT (filed April 4, 2005) ("*Jackson*")  Significantly, the *Jackson* case, as

23 well as all subsequent complaints filed in the MDL cases, copied the *Newland* complaint

24 drafted by FL&G nearly verbatim, right down to the statute of limitations for the California

25 claims. FL&G expended significant time, expense and labor in obtaining and verifying the

26 factual basis for these time shaving claims. The significance of the firm's contribution is

27 the fact that the California *Newland* time shaving action was clearly the template in all

28 particulars for the numerous complaints which led to this current MDL proceeding.

DECLARATION OF JESSICA L. GRANT IN SUPPORT OF OPPOSITION TO APPOINTMENT OF CAROLYN
BEASLEY BURTON AS CO-LEAD COUNSEL IN PLACE OF FURTH LEHMANN & GRANT LLP

11.     In addition to the *Savaglio* case, FL&G has also represented employees in other wage and hour class actions involving the failure to pay all wages owed, including *Thomas, et al. v. California State Automobile Ass'n, et al.* (Cal. Super. Ct., Alameda Cty., No. CH217752) and *Rundles v. Safeco Ins. Co. of America, et al.* (Cal. Super. Ct., Orange Cty., No. 02CC01600 ).  In both of these class actions, FL&G was appointed to serve as co-lead counsel.

12.     A number of governmental and publicly-traded entities have entrusted FL&G to represent their interests as plaintiffs in antitrust and other civil litigation.  The firm currently represents the Golden Gate Bridge, Highway, and Transportation District, the operator of the world-famous Golden Gate Bridge, in antitrust class action litigation regarding the insurance industry.  *See In re Insurance Brokerage Antitrust Litigation*, MDL 1663 (D.N.J.), Case No. 2:04-cv-5184 (FSH).  Beginning in 2001, the firm also has served as outside litigation and administrative proceedings counsel for 1-800-CONTACTS, Inc. in *In re Disposable Contact Lens Antitrust Litigation*, MDL 1030 (M.D. Fla.) and other matters.

13.     The firm also has been lead counsel or class counsel in numerous antitrust cases, including the following examples:

> *Reed v. Advocate Health Care, et al.,* Case No. 06-C-3337 (N.D. Cal.): FL&G was appointed co-lead counsel in this class action litigation concerning price fixing of nurses' wages.

> *In re Intel Corp. Microprocessor Antitrust Litigation*, MDL No. 1717 (D. Del.):  FL&G is one of the four co-lead counsel in this major antitrust class action litigation.

> *In re Publication Paper Antitrust Litigation*, MDL No. 1631 (D. Conn.):  FL&G was appointed co-chair of the Plaintiffs' Executive Committee that runs this case.

> *In re High Pressure Laminates Antitrust Litigation*, MDL No. 1368 (S.D.N.Y.):  FL&G was appointed co-lead counsel for the certified class of direct purchasers; settlements totaling over $40 million were obtained.

> *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation*, MDL No. 1486 (N.D. Cal.):  FL&G was appointed to serve on the Executive Committee representing the proposed indirect purchaser class in these proceedings.

1
2

*In re Tableware Antitrust Litigation*, No. C-04-3514 VRW (N.D. Cal.):  FL&G is one of the lead counsel representing the nationwide class.

3
4
5

*In re Microcrystalline Cellulose Antitrust Litigation*, MDL No. 1402 (E.D. Pa.):  FL&G is counsel for one of the three certified classes in this action; the two defendants settled with all plaintiffs for the sum of $50 million.

6
7
8

*In re Auction Houses Antitrust Litigation*, Master File No. 00 Civ. 0648 LAK (S.D.N.Y.):  FL&G was appointed interim co-lead counsel for the plaintiffs in this nationwide class action before it was put out to bid, and which ultimately settled for $412 million in cash and an additional $100 million in auction certificates.

9
10

*In re Brand Name Prescription Drug Antitrust Litigation*, MDL No. 997 (N.D. Ill.):  FL&G was appointed to serve on the Plaintiffs' Steering Committee in these cases, which settled for $700 million in cash and $25 million in product.

11
12
13

*Alakayak v. All American Seafoods, Inc.*, No. 3:AN-95-4676 CIV (Alaska Third Jud. Dist.):  FL&G served as co-class counsel in this action brought by salmon fishers in Bristol Bay, Alaska against salmon processors and importers.  Settlements with numerous defendants totaling $40 million were achieved.

14        14.        Although I am the designated point person to serve on behalf of the

15   firm in this case, several attorneys with many decades of class action experience will be

16   participating to make sure the interests of the class are well served.  Among the attorneys at

17   FL&G who have already worked on this case (as well as the firm's other Wal-Mart actions)

18   is Michael Lehmann, the firm's Managing Partner, who has over 30 years of litigation

19   experience, including extensive experience in class action antitrust matters in both federal

20   and state court.  Mr. Lehmann is playing or has played major roles on behalf of FL&G in

21   *Intel*, *Publication Paper*, *Alakayak*, *HPL*, *DRAM*, *Tableware* and *Auction Houses*.

22        In addition, Thomas P. Dove, who has been practicing law for over 35 years

23   and served for 28 years at the California Attorney General's Office (15 of which were spent

24   in the Antitrust Division of that office and 10 of which were as Supervising Deputy

25   Attorney General), has also worked on the firm's Wal-Mart matters and has institutional

26   knowledge regarding Wal-Mart's operations and unlawful wage and hour practices.   While

27   at the California A.G.'s office, Mr. Dove's experience included serving as Co-Lead

28   Counsel in *In re Petroleum Products Antitrust Litigation* (9th Cir. 1990), 906 F.2d 432;

DECLARATION OF JESSICA L. GRANT IN SUPPORT OF OPPOSITION TO APPOINTMENT OF CAROLYN BEASLEY BURTON AS CO-LEAD COUNSEL IN PLACE OF FURTH LEHMANN & GRANT LLP

1   Lead Investigative and Discovery Counsel and Co-Lead Trial Counsel in *Hartford Fire Ins.*

2   *Co. v California*, 509 U.S. 764 (1993); and Co-Lead Counsel in *Contact Lens*.  While at

3   FL&G, he has worked on *Intel*, *Publication Paper*, *MCC*, *HPL* and *Insurance Brokerage*.

4   Mr. Lehmann, Mr. Dove and I all have substantial trial experience, as does the firm itself.

5   Several members of the *Savaglio* case trial team are also available to assist in the

6   prosecution of this litigation.

7          15.     Over the course of her five-plus years at FL&G, Ms. Burton never

8   tried any type of case on behalf of FL&G.

9          16.     FL&G stands ready to commit a substantial portion of its resources to

10   this litigation.  The firm consists of 14 attorneys and 6 paralegals and legal assistants, as

11   well as several other case clerks and support staff personnel, all of whom are well-versed in

12   complex case organization and management.  FL&G's attorneys are highly experienced in

13   litigating matters through trial on an efficient and cost-effective basis, including for their

14   governmental and corporate plaintiff clients, and will bring those skills to bear in the

15   present matter.

16          17.     As an illustration of the *substantial* resources required to litigate a

17   class action against Wal-Mart, FL&G devoted over 47,344 hours to the *Savaglio* case—

18   $13.7 million worth of time—and had to spend over $2 million in out-of-pocket costs during

19   the five years it took to bring this single case to trial.  On several occasions, including trial

20   and responding to the onslaught of substantive motions filed by Wal-Mart, nearly every one

21   of the 14 attorneys from FL&G was required to work on the *Savaglio* case.

22          18.     FL&G has a long history of working cooperatively with co-lead

23   counsel Robert Bonsignore.  For instance, in the spring of 2003, FL&G brought Mr.

24   Bonsignore into the Wal-Mart cases as the firm's local counsel in *Salvas v. Wal-Mart*

25   *Stores, Inc.* (Mass. Super. Ct., Middlesex Cty., No. 01-3645) ("*Salvas*").  A true and

26   correct copy of a letter dated April 25, 2003 that FLG's former managing partner Ben Furth

27   sent to Mr. Bonsignore to welcome him to "the Wal-Mart Massachusetts team" is attached

28   hereto as Exhibit E.

DECLARATION OF JESSICA L. GRANT IN SUPPORT OF OPPOSITION TO APPOINTMENT OF CAROLYN
BEASLEY BURTON AS CO-LEAD COUNSEL IN PLACE OF FURTH LEHMANN & GRANT LLP

1        19.    Speaking to the adequacy of counsel criteria during the class

2    certification hearing in the *Salvas* matter, Mr. Bonsignore said about FL&G:

3            "As to the adequacy of counsel there are several firms … nationwide
             who are considered among the best…I'm talking about the firms that
4            people go to when they want to get the job done, they want to get it
             done fairly and they want top-notch lawyers and they want every asset
5            in the world that needs to be thrown out against—thrown out against
             it, and that's The Furth Firm.  The Furth Firm is just among the best,
6            it's been in Business Week or one of those great magazines as one of
             the top lawyers in the country."  (*See* Transcript at 47:20-48:14, a
7            true and correct copy of which is attached hereto as Exhibit F.)

8        I declare under penalty of perjury under the laws of the United States that the

9    foregoing is true and correct and that this declaration was executed this 8th day of

10   December, 2006 in San Francisco, California.

11

12                       /s/ Jessica L. Grant

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF JESSICA L. GRANT IN SUPPORT OF OPPOSITION TO APPOINTMENT OF CAROLYN
BEASLEY BURTON AS CO-LEAD COUNSEL IN PLACE OF FURTH LEHMANN & GRANT LLP

# EXHIBIT A

| 12/8/2006<br>2:38 PM | Furth Lehmann & Grant LLP<br>Slip Detail Report | | Page    1 |
|---|---|---|---|

---

### Selection Criteria

| | |
|---|---|
| Slip.Classification | Open |
| Slip.Date | 1/1/1981 - 11/30/2006 |
| Clie.Selection | Include: 1478 |
| Slip.Slip Type | Time |

---

| DATE<br>DESCRIPTION | TIMEKEEPER NAME<br>CLIENT NUMBER | Rate | Time Spent | Slip Value |
|---|---|---|---|---|
| 1/12/2006<br>In Medford, MA: Assist Robert Bonsignore with preparation of motion to compel Wal-Mart to produce documents, and prepare Bonsignore declaration in support of same; KeyCite, proofread and edit memorandum of points and authorities in support of motion to compel; coordinate filing in District of Nevada with Dirk Ravenholt's office | Robert L. Newman<br>1478 | $200.00 | 8.20 | $1,640.00 |
| 3/6/2006<br>Review and analyze correspondence from Wal-Mart regarding scheduling and discovery; confer with D. Ravenholt regarding Plaintiffs' requests. | Carolyn B. Burton<br>1478 | $425.00 | 0.80 | $340.00 |
| 3/7/2006<br>Draft Pre-Trial Order establishing MDL leadership structure; prepare pro-hac vice papers. | Carolyn B. Burton<br>1478 | $425.00 | 2.30 | $977.50 |
| 3/7/2006<br>Revise and coordinate finalizing of pro hac vice application for Carolyn Burton, and of Designation of Resident Attorney form, per Ms. Burton | Robert L. Newman<br>1478 | $200.00 | 0.90 | $180.00 |
| 3/8/2006<br>Research docket sheet and pleadings of underlying cases in preparation of proposed pretrial order No. 1 per Carolyn Burton, and edit the order; revise verified application for Carolyn Burton's admission to practice in the case, per Ms. Burton | Robert L. Newman<br>1478 | $200.00 | 1.30 | $260.00 |
| 3/8/2006<br>Review and analyze recent correspondence from Wal-Mart regarding emergency motion and other scheduling issues; draft response to the same. | Carolyn B. Burton<br>1478 | $425.00 | 1.50 | $637.50 |
| 3/9/2006<br>Finalize Carolyn Burton's verified petition for permission to practice in the case, and coordinate filing of same with Dirk Ravenholt's office per Ms. Burton | Robert L. Newman<br>1478 | $200.00 | 0.80 | $160.00 |
| 3/9/2006<br>Review and analyze Wal-Mart's moving papers requesting additional time for discovery/status conferernce; draft Non-Opposition to the same; confer with co-counsel regarding the same; teleconference with co-counsel to discuss case status and strategy. | Carolyn B. Burton<br>1478 | $425.00 | 3.50 | $1,487.50 |

| DATE<br>DESCRIPTION | TIMEKEEPER NAME<br>CLIENT NUMBER | Rate | Time Spent | Slip Value |
|---|---|---|---|---|
| 3/15/2006<br>Draft proposed scheduling order per Carolyn Burton | Robert L. Newman<br>1478 | $200.00 | 0.70 | $140.00 |
| 3/15/2006<br>Draft proposed scheduling order in advance of meeting with Wal-Mart on March 17, 2006; confer with co-counsel regarding the same. | Carolyn B. Burton<br>1478 | $425.00 | 1.50 | $637.50 |
| 3/16/2006<br>Review and analyze the Court's Pre-Trial Order No. 1; revise proposed scheduling order and Pre-Trial Order No. 2 in response to the same; review the Manual for Complex Litigation to ensure compliance with Order No. 1; draft correspondence to Wal-Mart regarding the meet and confer; teleconferences with co-counsel regarding the same. | Carolyn B. Burton<br>1478 | $425.00 | 3.50 | $1,487.50 |
| 3/16/2006<br>Obtain pretrial order number 1 and various rule books per Carolyn Burton | Robert L. Newman<br>1478 | $200.00 | 0.20 | $40.00 |
| 3/17/2006<br>Telephone calls from Carolyn Burton and Robert Bonsignore re materials needed for hearing; email various documents to Dirk Ravenholt in preparation for hearing per Carolyn Burton; PACER and Courthouse News research to locate recently filed FLSA complaints against Wal-Mart per Carolyn Burton | Robert L. Newman<br>1478 | $200.00 | 0.80 | $160.00 |
| 3/17/2006<br>Travel to Las Vegas and participate in lengthy meet and confer with Wal-Mart regarding case scheduling and discovery; confer with co-counsel regarding case strategy. | Carolyn B. Burton<br>1478 | $425.00 | 7.00 | $2,975.00 |
| 3/20/2006<br>Draft and revise Proposed Pre-Trial Order No. 2; confer with co-counsel regarding the same; update firm resume to attach in support of the PTO No. 2. | Carolyn B. Burton<br>1478 | $425.00 | 3.80 | $1,615.00 |
| 3/20/2006<br>Review and revise pretrial order number 2 per Carolyn Burton; compile news articles and additional documents to be included in supplement to Furth Firm resume per Carolyn Burton, in preparation of pretrial order number 2 | Robert L. Newman<br>1478 | $200.00 | 0.80 | $160.00 |
| 3/22/2006<br>Review, analyze and revise Plaintiffs' Proposed Pretrial Order No. 2; review and respond to numerous correspondence from co-counsel regarding the same. | Carolyn B. Burton<br>1478 | $425.00 | 2.80 | $1,190.00 |
| 3/29/2006<br>Draft Rule 26 Disclosures and confer with co-counsel regarding the same. | Carolyn B. Burton<br>1478 | $425.00 | 1.50 | $637.50 |
| 3/30/2006<br>Prepare signature page for Carolyn Burton for pretrial order, and coordinate delivery of same to Dirk Ravenholt for filing per Ms. Burton | Robert L. Newman<br>1478 | $200.00 | 0.30 | $60.00 |

Furth Lehmann & Grant LLP
Slip Detail Report

| DATE DESCRIPTION | TIMEKEEPER NAME CLIENT NUMBER | Rate | Time Spent | Slip Value |
|---|---|---|---|---|
| 3/31/2006 Review District of Nevada electronic filing rules and coordinate Carolyn Burton's registration for the ECF system | Robert L. Newman 1478 | $200.00 | 0.30 | $60.00 |
| 3/31/2006 Interview potential plaintiffs in Ct action; confer with R. Bonsignore regarding a variety of outstanding issues; continue reviewing changes to PTO No. 2; confer with Court regarding e-filing requirements. | Carolyn B. Burton 1478 | $425.00 | 1.50 | $637.50 |
| 4/3/2006 Review Wal-Mart's motion for a protective order and draft Opposition to the same; review and analyze correspondence with co-counsel regarding proposals for case leadership structure and administrative filings; confer with R. Bonsignore regarding the same. | Carolyn B. Burton 1478 | $425.00 | 4.50 | $1,912.50 |
| 4/3/2006 Proofread, edit and and format for electronic filing plaintiffs' opposition to Wal-Mart's motion for protective order, and Ravenholt declaration in support of same, per Carolyn Burton | Robert L. Newman 1478 | $200.00 | 0.60 | $120.00 |
| 4/7/2006 Research to locate recently filed U.S. Fair Labor Standards Act complaints against Wal-Mart | Robert L. Newman 1478 | $200.00 | 0.40 | $80.00 |
| 4/10/2006 Research to locate pretrial orders by Judge Pro in MDL matters per Carolyn Burton | Robert L. Newman 1478 | $200.00 | 0.40 | $80.00 |
| 4/12/2006 Conference with Carolyn Burton and Robert Bonsignore re strategy for obtaining lead counsel position; review and edit various briefing re same. | Michael S. Christian 1478 | $400.00 | 1.50 | $600.00 |
| 4/12/2006 Review and edit memorandum of points and authorities in support of pretrial order no. 2 per Carolyn Burton | Robert L. Newman 1478 | $200.00 | 2.40 | $480.00 |
| 4/13/2006 Conference with Robert Bonsignore and Carolyn Burton re strategy for obtaining lead counsel position and negative impact of potential conflicting claims; review and revise briefing re lead counsel issues. | Michael S. Christian 1478 | $400.00 | 2.00 | $800.00 |
| 4/13/2006 Revise draft of scheduling order per Carolyn Burton; draft Burton and Bonsignore declarations in support of motion for appointment of lead counsel per Carolyn Burton; case file maintenance | Robert L. Newman 1478 | $200.00 | 3.30 | $660.00 |
| 4/14/2006 Continue preparation of Burton and Bonsignore declarations in support of motion for appointment of lead counsel per Carolyn Burton; review and edit statement of case and motion for appointment of lead counsel per Carolyn Burton; | Robert L. Newman 1478 | $200.00 | 9.30 | $1,860.00 |

| DATE DESCRIPTION | TIMEKEEPER NAME CLIENT NUMBER | Rate | Time Spent | Slip Value |
|---|---|---|---|---|
| coordinate filing of statement of case with Law Offices of Dirk Ravenholt; e-file motion for appointment of lead counsel per Carolyn Burton | | | | |
| 4/14/2006 Draft, finalize and serve various court mandated documents (i.e., proposed scheduling order, application and supporting memorandum for lead counsel, and statement of case); confer with co-counsel regarding the same. | Carolyn B. Burton 1478 | $425.00 | 5.50 | $2,337.50 |
| 4/15/2006 Travel to Sacramento to meet with co-counsel to prepare for hearing on April 18, 2006. | Carolyn B. Burton 1478 | $425.00 | 4.50 | $1,912.50 |
| 4/17/2006 Prepare for hearing on April 18, 2006. | Carolyn B. Burton 1478 | $425.00 | 1.50 | $637.50 |
| 4/17/2006 Conference with Carolyn Burton re strategy for oral argument on lead counsel briefing. | Michael S. Christian 1478 | $400.00 | 0.40 | $160.00 |
| 4/17/2006 Compile various letters and pleadings in preparation for 4/18/06 hearing on motion for appointment of lead counsel per Carolyn Burton; prepare binders for 4/18/06 hearing per Carolyn Burton | Robert L. Newman 1478 | $200.00 | 0.80 | $160.00 |
| 4/18/2006 Locate affidavits filed in Massachusetts Wal-Mart wage and house case re document productions, and fax same to Robert Bonsignore in Las Vegas in preparation for today's hearing per Carolyn Burton | Robert L. Newman 1478 | $200.00 | 0.40 | $80.00 |
| 4/18/2006 Travel to Las Vegas to attend lengthy hearing with Court re: case status, scheduling and leadership structure; confer with co-counsel regarding the same. | Carolyn B. Burton 1478 | $425.00 | 7.80 | $3,315.00 |
| 4/19/2006 Review and respond to correspondence from co-counsel regarding case status and strategy; draft comprehensive outline and litigation plan. | Carolyn B. Burton 1478 | $425.00 | 2.80 | $1,190.00 |
| 4/19/2006 Compile materials re privilege log motions to compel and send same to Carol LaPlant per Carolyn Burton; organize document production files | Robert L. Newman 1478 | $200.00 | 1.30 | $260.00 |
| 5/1/2006 Review various correspondene re status of proceedings; review law involving fraudulent concealment. | Michael S. Christian 1478 | $400.00 | 1.20 | $480.00 |
| 5/2/2006 Review federal/Nevada case law to identify standard and relevant case law for determining the availability of equitable tolling and the discovery rule; confer with litigation team regarding the same; review and analyze communications regarding case status and strategy. | Carolyn B. Burton 1478 | $425.00 | 4.30 | $1,827.50 |

| 12/8/2006 | Furth Lehmann & Grant LLP | | | |
| 2:38 PM | Slip Detail Report | | Page | 5 |

| DATE<br>DESCRIPTION | TIMEKEEPER NAME<br>CLIENT NUMBER | Rate | Time Spent | Slip Value |
|---|---|---|---|---|
| 5/8/2006<br>Discussions with Bonsignore re amended complaint | Michael P. Lehmann<br>1478 | $600.00 | 3.50 | $2,100.00 |
| 5/8/2006<br>Confer with counsel regarding case strategy; draft comprehensive memorandum of important projects and circulate to litigation counsel. | Carolyn B. Burton<br>1478 | $425.00 | 2.50 | $1,062.50 |
| 5/9/2006<br>Confer with counsel regarding case status and strategy, including deposition preparation issues. | Carolyn B. Burton<br>1478 | $425.00 | 1.30 | $552.50 |
| 5/9/2006<br>Work on complaint, discussions with Bonsignore | Michael P. Lehmann<br>1478 | $600.00 | 3.50 | $2,100.00 |
| 5/11/2006<br>Continue conferring with B. Duffy regarding Dr. Shapiro's deposition and its use in the MDL proceeding; review and analyze recent communications from trial counsel regarding expert analysis, Wal-Mart's common answer date and privilege log deficiencies; continue researching factual and legal issues concerning equitable tolling and fraudulent concealment to bolster pleading allegations. | Carolyn B. Burton<br>1478 | $425.00 | 4.80 | $2,040.00 |
| 5/12/2006<br>Revise draft complaint to include additional factual allegations supporting fraudulent concealment and/or equitable tolling; confer with counsel regarding the same. | Carolyn B. Burton<br>1478 | $425.00 | 1.80 | $765.00 |
| 5/22/2006<br>Process and review Remedies database documents (complaints from employees) produced by Wal-Mart for Nevada stores | Robert L. Newman<br>1478 | $200.00 | 0.40 | $80.00 |
| 5/26/2006<br>Draft meet and confer letter; review and revise amended complaint prepared by C. LaPlant; review memorandum concerning fraudulent concealment in the various MDL cases; meet with Carol to discuss the same. | Carolyn B. Burton<br>1478 | $425.00 | 4.50 | $1,912.50 |
| 5/30/2006<br>Teleconference with named plaintiff and counsel to prepare for deposition; research jurisdictions wherein Wal-Mart may still Answer and/or file a dispositive motion; confer with litigation team regarding the same; confer with C. LaPlant regarding issues warranting meet and confer. | Carolyn B. Burton<br>1478 | $425.00 | 3.80 | $1,615.00 |
| 5/30/2006<br>Teleconference with Nancy Hall, Dirk Ravenholtz and Carolyn Burton re case issues and upcoming deposition. | Michael S. Christian<br>1478 | $400.00 | 0.80 | $320.00 |
| 6/15/2006<br>Review and revise Draft Amended Complaint; draft correspondence to co-counsel regarding the same. | Carolyn B. Burton<br>1478 | $425.00 | 1.00 | $425.00 |
| 6/16/2006<br>Confer with C. Loman regarding document restoration project; confer with R. Bonsignore | Carolyn B. Burton<br>1478 | $425.00 | 3.30 | $1,402.50 |

Furth Lehmann & Grant LLP
Slip Detail Report

| DATE DESCRIPTION | TIMEKEEPER NAME CLIENT NUMBER | Rate | Time Spent | Slip Value |
|---|---|---|---|---|
| regarding the same; conduct additional research regarding damages; draft and circulate outline of theory to R. Bonsignore. | | | | |
| 6/19/2006 Meet and confer with Wal-Mart and document vendor regarding document review. | Carolyn B. Burton 1478 | $425.00 | 0.80 | $340.00 |
| 6/21/2006 Review and revise most recent amended complaint; draft instructions to litigation team concerning the same; review and analyze recent correspondence; confer with C. Loman regarding document review; confer with R. Bonsignore regarding the same. | Carolyn B. Burton 1478 | $425.00 | 2.50 | $1,062.50 |
| 6/27/2006 Review, revise and finalize amended complaints; confer with litigation team regarding the same. | Carolyn B. Burton 1478 | $425.00 | 3.50 | $1,487.50 |
| 6/29/2006 Meet and confer with Wal-Mart regarding deposition preparation document productions; confer with litigation team regarding amended complaints. | Carolyn B. Burton 1478 | $425.00 | 1.50 | $637.50 |
| 7/13/2006 Review and organize documents re Nancy Hall in preparation for her July 17 deposition per Carolyn Burton | Robert L. Newman 1478 | $200.00 | 0.20 | $40.00 |
| 7/15/2006 Travel to Sacramento and meet with R. Bonsignore to prepare for deposition and to discuss case strategy. | Carolyn B. Burton 1478 | $425.00 | 6.30 | $2,677.50 |
| 7/17/2006 Travel to and from Las Vegas and prepare Nancy Hall for deposition; defend and take the deposition of Ms. Hall. | Carolyn B. Burton 1478 | $425.00 | 14.30 | $6,077.50 |
| 7/17/2006 Organize documents re Nancy Hall produced by Wal-Mart on July 12, and review same for 1999-2000 Timeclock Archive Reports per Carolyn Burton, in preparation for Ms. Hall's deposition | Robert L. Newman 1478 | $200.00 | 0.30 | $60.00 |
| 7/18/2006 Prepare unopposed motion for extension of time for plaintiffs to file opposition to Wal-Mart's motion to dismiss, per Carolyn Burton, and electronically file same | Robert L. Newman 1478 | $200.00 | 1.40 | $280.00 |
| 7/18/2006 Draft and file Unopposed Motion requesting additional time to oppose Wal-Mart's motions to dismiss; confer with R.Bonsignore and B. Duffy regarding the same. | Carolyn B. Burton 1478 | $425.00 | 1.50 | $637.50 |
| 8/8/2006 Confer with J. King regarding omnibus motion to dismiss; confer with R. Bonsignore regarding Plaintiffs' Opposition to the same. | Carolyn B. Burton 1478 | $425.00 | 0.50 | $212.50 |

| 12/8/2006 | Furth Lehmann & Grant LLP | | | |
| 2:38 PM | Slip Detail Report | | | Page      7 |

| DATE | TIMEKEEPER NAME | Rate | Time Spent | Slip Value |
|------|-----------------|------|------------|------------|
| DESCRIPTION | CLIENT NUMBER | | | |

| 8/8/2006 | Jon T. King | $300.00 | 4.10 | $1,230.00 |
| Per C. Burton, reivew Wal-Mart's motion to dismiss; review certain cases cited in same; begin review of draft response; draft suggested edits re same. | 1478 | | | |
| 8/9/2006 | Jon T. King | $300.00 | 2.90 | $870.00 |
| Finish drafting proposed revisions to motion to dismiss opposition; review additional cases cited by Wal-Mart in motion; meet with C. Burton re same, discussion of Lexecon case issue re MDL cases being sent back to transferor courts for trial, and class certification briefing issues. | 1478 | | | |
| 8/11/2006 | Robert L. New man | $200.00 | 0.60 | $120.00 |
| Compile discovery requests from Massachusetts Wal-Mart w age and hour case for Robert Bonsignore; organize recently produced Wal-Mart documents | 1478 | | | |
| 8/14/2006 | Jon T. King | $300.00 | 3.60 | $1,080.00 |
| Research/draft/and edit inserts re conversion claims for opposition to motion to dismiss; draft proposed restructuring of draft opposition brief perpared by other attorneys per C. Burton's request; email to C. Burton re same. | 1478 | | | |
| 8/16/2006 | Robert L. New man | $200.00 | 0.20 | $40.00 |
| Facilitate KeyCiting by paralegal Gary Gray of opposition to Wal-Mart's motion to dismiss | 1478 | | | |
| 8/16/2006 | Gary M. Gray | $200.00 | 6.50 | $1,300.00 |
| Review /file Hall deposition and various production documents; review pleading files; check cites and quotes on opposition to motion to dismiss and insert re conversion and confer with New man et al. re same. | 1478 | | | |
| 8/17/2006 | Robert L. New man | $200.00 | 1.00 | $200.00 |
| Coordinate finalizing of opposition to Wal-Mart's motion to dismiss per Carolyn Burton | 1478 | | | |
| 8/17/2006 | Gary M. Gray | $200.00 | 3.00 | $600.00 |
| Revise/finalize opposition to motion to dismiss and prepare for e-filing and confer with Robert Bonsignore and Bob New man re same; review complaint. | 1478 | | | |
| 8/23/2006 | Gary M. Gray | $200.00 | 2.00 | $400.00 |
| Review  complaint and pleading files; set upN alternative pleading and correspondence files. | 1478 | | | |
| 9/1/2006 | Jon T. King | $300.00 | 8.10 | $2,430.00 |
| Review  draft class certification motion per C. Burton and Robert Bonsignore; legal research on several issues in same including risks of defining class as those injured as opposed to all hourly-paid w orkers; research and draft proposed edits to same; lengthy email memo to Robert Bonsignore and C. Burton re results of analysis and edits. | 1478 | | | |

Furth Lehmann & Grant LLP
Slip Detail Report

| DATE DESCRIPTION | TIMEKEEPER NAME CLIENT NUMBER | Rate | Time Spent | Slip Value |
|---|---|---|---|---|
| 9/7/2006 Review per C. Burton her revised facts section of class certification motion; meet with her re same to prepare for supplemental drafting re same and possible documents to incorporate. | Jon T. King 1478 | $300.00 | 1.20 | $360.00 |
| 9/11/2006 Review numerous documents from C. Burton for possible inclusion in class certification motion; draft numerous inserts for motion incorporating various documents. | Jon T. King 1478 | $300.00 | 9.20 | $2,760.00 |
| 9/12/2006 Review my revised draft of statement of facts section to discuss today with C. Burton; email from Carol Page re same. | Jon T. King 1478 | $300.00 | 0.40 | $120.00 |
| 9/18/2006 Review latest draft of class certification brief per C. Burton and draft edits to same. | Jon T. King 1478 | $300.00 | 0.80 | $240.00 |
| 9/25/2006 Prepare, and electronically serve and file, unopposed motion for extension of time to file class certification motion, per Carolyn Burton | Robert L. Newman 1478 | $200.00 | 0.20 | $40.00 |
| 10/17/2006 Confer with M. Christian and R. Bonsignore regarding class certification brief, exhibits and expert support; review and revise class certification brief. | Carolyn B. Burton 1478 | $425.00 | 4.30 | $1,827.50 |
| 10/18/2006 Draft and edit MDL class certification brief. | Michael S. Christian 1478 | $400.00 | 4.00 | $1,600.00 |
| 10/19/2006 Review current draft of memorandum in support of motion for class certification and compile exhibits to same, per Carolyn Burton | Robert L. Newman 1478 | $200.00 | 5.10 | $1,020.00 |
| 10/19/2006 Draft and revise MDL class certification brief; receipt and review of various correspondence from Robert Bonsignore re same; conference with Robert Bonsignore re same. | Michael S. Christian 1478 | $400.00 | 4.00 | $1,600.00 |
| 10/19/2006 Review and revise class certification briefing; confer with trial team regarding the same; confer with Dr. Kochan and Dr. Shapiro regarding information needed to support class certification. | Carolyn B. Burton 1478 | $425.00 | 3.50 | $1,487.50 |
| 10/20/2006 Draft and edit MDL class certification brief; review various correspondence re edits to same. | Michael S. Christian 1478 | $400.00 | 6.00 | $2,400.00 |
| 10/20/2006 Continue review of draft memorandum of points and authorities in support of class certification motion, and compiling of exhibits and testimony in support of same, per Carolyn Burton and Michael Christian; draft declarations of experts Thomas Kochan and Martin Shapiro (to which their expert reports will be attached) per Carolyn Burton; | Robert L. Newman 1478 | $200.00 | 7.20 | $1,440.00 |

Furth Lehmann & Grant LLP
Slip Detail Report

| DATE<br>DESCRIPTION | TIMEKEEPER NAME<br>CLIENT NUMBER | Rate | Time Spent | Slip Value |
|---|---|---|---|---|
| prepare sets of exhibits to send to Robert Bonsignore and Dirk Ravenholt in preparation for 10/23/06 filing of class certification motion | | | | |
| 10/22/2006<br>Continue working on memorandum of points and authorities in support of motion for class certification, including review of documents and deposition testimony to fill in cites in the brief, per Carolyn Burton and Michael Christian; telephone call to Robert Bonsignore re edits to the brief | Robert L. Newman<br>1478 | $200.00 | 6.90 | $1,380.00 |
| 10/23/2006<br>Continue reviewing and gathering exhibits for Bonsignore Declaration in support of class certification motion; KeyCite memorandum of points and authorities in support of class certification motion; meeting with Carolyn Burton to discuss edits and questions re the brief; prepare, serve and file motion for extension of time to file class certification motion per Carolyn Burton | Robert L. Newman<br>1478 | $200.00 | 7.30 | $1,460.00 |
| 10/23/2006<br>Review finalized class certification brief; review comments and suggested edits re same; reciept and review of declaration of Dr. Thomas Kochan; receipt and review of letter from Robert Bonsignore to Dr. Martin Shapiro re various expert issues; conference with Robert Bonsignore re status of class certification brief. | Michael S. Christian<br>1478 | $400.00 | 3.50 | $1,400.00 |
| 10/30/2006<br>Revise class certification brief to incorporate recent edits by Carol LaPlant per Carolyn Burton | Robert L. Newman<br>1478 | $200.00 | 0.40 | $80.00 |
| 10/31/2006<br>Work on finalizing exhibits to class certification brief and begin preparation of revised version of Bonsignore Declaration in support of same, per Carolyn Burton | Robert L. Newman<br>1478 | $200.00 | 1.20 | $240.00 |
| 10/31/2006<br>Review affidavits in support of MDL class certification brief; review various correspondence re same; conference with Carolyn Burton re additional work needed on brief; work on brief. | Michael S. Christian<br>1478 | $400.00 | 1.20 | $480.00 |
| 11/1/2006<br>Work on class certification brief; receipt and review of comments from Robin Brewer re same; conference with Robert Bonsignore re status of brief and additional edits needed. | Michael S. Christian<br>1478 | $400.00 | 3.00 | $1,200.00 |
| 11/2/2006<br>Make additional revisions to Bonsignore Declaration in support of motion for class certification | Robert L. Newman<br>1478 | $200.00 | 0.60 | $120.00 |
| 11/2/2006<br>Edit and revise MDL class certification brief. | Michael S. Christian<br>1478 | $400.00 | 3.20 | $1,280.00 |

12/8/2006                              Furth Lehmann & Grant LLP
2:38 PM                                  Slip Detail Report                                    Page      10

| DATE<br>DESCRIPTION | TIMEKEEPER NAME<br>CLIENT NUMBER | Rate | Time Spent | Slip Value |
|---|---|---|---|---|
| 11/3/2006<br>Further edits to Bonsignore Declaration in support of class certification motion | Robert L. Newman<br>1478 | $200.00 | 0.30 | $60.00 |
| 11/3/2006<br>Receipt and review of Dr. Kochan's draft report; edit and revise class certification brief. | Michael S. Christian<br>1478 | $400.00 | 4.00 | $1,600.00 |
| 11/6/2006<br>Draft remainder of Bonsignore Declaration in support of motion for class certification | Robert L. Newman<br>1478 | $200.00 | 1.40 | $280.00 |
| 11/7/2006<br>Proofread draft of expert report of Martin Shapiro per Carolyn Burton | Robert L. Newman<br>1478 | $200.00 | 1.10 | $220.00 |
| 11/8/2006<br>Review Remedies database complaints produced from Nevada Wal-Mart stores for examples to use in class certification filing per Carolyn Burton; review and incorporate Carol LaPlant's edits to the memorandum of points and authorities in support of class certification per Carolyn Burton | Robert L. Newman<br>1478 | $200.00 | 2.90 | $580.00 |
| 11/9/2006<br>Continue review of Remedies database complaints produced by Wal-Mart in preparation of motion for class certification; compile additional support for certification motion per Carolyn Burton; make additional edits to the brief requested by Carol LaPlant; review depositions of class representatives and exhibits to same for information to send to expert Martin Shapiro to facilitate his analysis of their time records per Carolyn Burton | Robert L. Newman<br>1478 | $200.00 | 3.70 | $740.00 |
| 11/9/2006<br>Work on motion for class certification. | Michael S. Christian<br>1478 | $400.00 | 4.20 | $1,680.00 |
| 11/10/2006<br>Reviewing TCAR,s and timeclock exception reports. | Scott W. Caldwell<br>1478 | $100.00 | 3.00 | $300.00 |
| 11/10/2006<br>Review Coaching for Improvement forms, documents pertaining to Wal-Mart cost-cutting measures, and other documents in preparation to add same as exhibit support for motion for class certification, per Carolyn Burton; revise memorandum of points and authorities in support of motion for class certification to reflect newly added evidence; revise Bonsignore Declaration and exhibits to same | Robert L. Newman<br>1478 | $200.00 | 5.10 | $1,020.00 |
| 11/12/2006<br>Review deposition of John Luce for helpful testimony for class certification motion per Carolyn Burton; coordinate getting edits to class certification and questions re same to Carolyn Burton for her review | Robert L. Newman<br>1478 | $200.00 | 0.50 | $100.00 |

| 12/8/2006<br>2:38 PM | Furth Lehmann & Grant LLP<br>Slip Detail Report | | | Page | 11 |

| DATE<br>DESCRIPTION | TIMEKEEPER NAME<br>CLIENT NUMBER | Rate | Time Spent | Slip Value |
|---|---|---|---|---|
| 11/13/2006<br>Review and make final revisions to memorandum of points and authorities and Bonsignore Declaration and exhibits in support of class certification motion, per Carolyn Burton; revise declaration of Thomas Kochan in support of class certification; numerous meetings with Carolyn Burton and telephone calls from Robert Bonsignore re revisions to brief and exhibits; revise unopposed motion to exceed page limit, notice of class certification motion, and proposed order; scan papers to be electronically filed; electronically file and serve the moving papers in support of class certification | Robert L. Newman<br>1478 | $200.00 | 9.00 | $1,800.00 |
| 11/13/2006<br>Work on finalizing class certification brief; conference with Carolyn Burton re same. | Michael S. Christian<br>1478 | $400.00 | 3.00 | $1,200.00 |
| 11/13/2006<br>Locating Cannetta deposition and staement within for C. Burton. | Scott W. Caldwell<br>1478 | $100.00 | 3.00 | $300.00 |
| 11/14/2006<br>Complete the process of electronically filing the class certification moving papers; assemble tabbed hard copy version of Bonsignore Declaration in support of class certification in preparation to send to the Court per local rule; coordinate getting sets of the class certification moving papers into the pleading file and to Robert Bonsignore | Robert L. Newman<br>1478 | $200.00 | 1.60 | $320.00 |
| 11/28/2006<br>Various conferences with Mike Christian and Mike Lehmann regarding upcoming motion to dismiss and strategy for alerting the court to our appearance; review Notice of Co-Lead Counsel and file same with the court; | Jessica L. Grant<br>1478 | $425.00 | 0.70 | $297.50 |
| 11/29/2006<br>Review, revise and electronically file notice regarding co-lead counsel per Jessica Grant | Robert L. Newman<br>1478 | $200.00 | 0.80 | $160.00 |
| 11/30/2006<br>Conference with Dirk Ravenholt regarding status of case; prepare letter to Dirk Ravenholt regarding co-lead counsel; conferences with Mike Christian and Mike Lehmann regarding same | Jessica L. Grant<br>1478 | $425.00 | 0.80 | $340.00 |
| 11/30/2006<br>Conference with Michael Lehmann and Jessica Grant re case status; draft correspondence to Robert Bonsignore re case status; review various issues regarding co-lead counsel position; conference with Jessica Grant re same; review correspondence re co-lead counsel position; conference call with Court Clerk and Jessica Grant re docketing issues. | Michael S. Christian<br>1478 | $400.00 | 2.50 | $1,000.00 |

| Grand Total | | | | |
| | | 315.70 | | $105,125.00 |

# EXHIBIT B

776

```
 1              IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF TEXAS
 2                     MARSHALL DIVISION

 3
    AMERICAN CENTRAL EASTERN   )
 4  TEXAS GAS, LIMITED         )
    PARTNERSHIP, and AMERICAN  )
 5  CENTRAL GAS COMPANIES,     )
    INC.,                      )
 6                             )
                   Plaintiffs,)
 7                             )
                   vs.         ) C.A. NO. 2-09-CV-0239-TJW
 8                             )
    UNION PACIFIC RESOURCES    )
 9  GROUP, INC., UNION PACIFIC )
    RESOURCES COMPANY, UNION   )
10  PACIFIC FUELS, INC.,       )
    PANOLA PIPE LINE, INC.,    )
11  DUKE ENERGY FUELS, L.L.C.,)
    DUKE ENERGY FIELD SERVICES)
12  INC., PANOLA PIPELINE,     )
    L.P., KOCH INDUSTRIES,     )
13  INC., KOCH GATEWAY         )
    PIPELINE COMPANY, KOCH     )
14  MIDSTREAM SERVICES         )
    COMPANY, KOCH ENERGY,      )
15  INC., and KOCH ENERGY      )
    TRADING, INC.,             )
16                             )
                   Defendants.)
17

18
                      VOLUME VI
19
              TRANSCRIPT OF PROCEEDINGS
20
                    MARCH 2, 2001
21

22

23

24

25
```

777

1            On March 2, 2001, the trial in the

2    above proceedings came on before the Honorable Judge

3    T. John Ward.

4                    SAUNDRA A. TIPPINS, CCR
                                of
5              JOHN M. BOWEN & ASSOCIATES,
                        Shorthand Reporters,

6

7                    A P P E A R A N C E S

8
     Judge:  T. John Ward
9
     Appearing for the Plaintiffs:
10
     Mr. Sam F. Baxter
11   Mr. Robert C. W. Lamb
     McKOOL SMITH, P.C.
12   300 Crescent Court, Suite 1500
     Dallas, Texas  75201-1515
13
     Ms. Carolyn P. Courville
14   SUSMAN GODFREY, L.L.P.
     1000 Lousiana, Suite 5100
15   Houston, Texas  77002-5096

16   Mr. Frederick P. Furth
     Mr. Bruce J. Wecker
17   THE FURTH FIRM
     201 Sansome Street, Suite 1000
18   San Francisco, California  94104

19

20   Appearing for the Defendants:

21   Mr. Jerome Wolf
     Mr. Jan Helder
22   SONNENSCHEIN, NATH & ROSENTHAL
     4520 Main, Suite 1100
23   Kansas City, Missouri  64111

24

25

780

1            and complex matters do not get resolved until
2            both parties have heard their evidence and heard
3            the cross-examination and how good their
4            witnesses do or do not do.  So all of that works
5            together, but it only works because you're here,
6            and I say to you again that you've performed a
7            great service for your country by being involved
8            in the judicial system.
9                 One other thing I want to say to you, that
10           I have been on the bench now a year and-a-half.
11           I did what these people did for a little over 30
12           years.  You may not know it, but you have had
13           another opportunity to see some of the finest
14           trial advocacy that the Court has seen since
15           I've been on the bench.
16                These lawyers are good.  You've seen some
17           of the top lawyers in the country here today.
18           You've got some on the West Coast and you've got
19           them on the East Coast.  You've got them from
20           Middle America and you've got them from Houston
21           and Dallas and Marshall.  I do want you to know
22           that you've seen some of the finest advocacy and
23           professionalism that the Court has had the
24           pleasure to see since I've been on the bench, so
25           you got a special treat even though you might

781

1     not have fully appreciated it.

2         Now I'm reversing my prior instructions.

3     You can talk to anybody you want to about this

4     case and say anything you want to or you can say

5     I don't want to talk to you.  It's up to you.

6         And in this district we do have a rule that

7     the lawyers are not permitted to contact jurors.

8     However, if you want to stop one of the lawyers

9     and talk to them, you are free to do so.

10         I now discharge you with the thanks of the

11    Court.  Thank you very much.

12           (Proceedings held in open court and

13    outside the hearing of the jury).

14           THE COURT:  I have complimented you

15    as much as I am going to on the record.  I do

16    mean what I said about your professionalism and

17    the way you have handled yourself in this case.

18    These are difficult cases.  Not only have you

19    been professional in the trial of the case, but

20    in you preparation and handling of all matters

21    before the Court, and you have my extreme

22    appreciation.

23         We now stand in recess.  Thank you.

24           (Court adjourned).

25

782

1

2
                    C E R T I F I C A T E
3

4          I do hereby certify that I was

5    present and did report the proceedings in

6    the aforementioned cause.

7          I further certify that the foregoing

8    pages are a true and accurate transcript

9    of my Stenograph notes.

10

11

12

13                        Notary Public within
                          and for State of
14                        Missouri

15

16

17

18

19

20

21

22

23

24

25

# EXHIBIT C

1          IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

2             IN AND FOR THE COUNTY OF ALAMEDA

3        BEFORE THE HONORABLE RONALD M. SABRAW, JUDGE

4                DEPARTMENT 22

5                 ---oOo---

6

7   ANDREA SAVAGLIO, JAMES DAVIS,
      JERRILYN NEWLAND and CHARLOTTE
8   JOHNSON, on behalf of themselves
      and all others similarly situated,
9
             Plaintiffs,
10
     vs.                  Case No.  835687-7
11
     WAL-MART STORES, INC., a
12  Delaware corporation, and SAM'S
      WEST, INC., a California
13  corporation,

14            Defendants.
                       /
15

16

17

18        REPORTER'S TRANSCRIPT OF PROCEEDINGS

19        COUNTY ADMINISTRATION BUILDING

20        THURSDAY, DECEMBER 22, 2005

21

22

23

24

25

26

27

28

Teri F. Rosette

Certified Shorthand Reporter No. 6631

```
 1   APPEARANCES:

 2   For the Plaintiffs:        FREDERICK P. FURTH,
                                Attorney at Law
 3
                                JESSICA L. GRANT,
 4                              Attorney at Law

 5   For the Defendants:        TERESA A. BEAUDET,
                                Attorney at Law
 6
                                NEAL MANNE,
 7                              Attorney at Law

 8                              STEVEN SKLAVER,
                                Attorney at Law
 9
                                DIANE LIBERTO,
10                              Attorney at Law

11                            ---oOo--

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
```

Teri F. Rosette

Certified Shorthand Reporter No. 6631

 1    DECEMBER 22, 2005                       AFTERNOON SESSION

 2                          ---oOo---

 3         (Whereupon, the following is an excerpt from

 4    proceedings that were had on the record in the above-reference

 5    matter.)

 6         THE COURT:  All right.  Mr. Mengiste, would you

 7    please enter and record the verdict.

 8         THE CLERK:  Your Honor, the verdict is now entered

 9    and recorded.

10         THE COURT:  Ladies and gentlemen, at this time your

11    service as jurors in this case is long last at end.  And I on

12    behalf of the lawyers wish to express my personal and profound

13    gratitude for your service in this case.  And I know that

14    gratitude is shared by the lawyers.  We've been together since

15    the first week in September, and it is rare that trials last

16    as long as this one has that are as complex and as challenging

17    as this one has been.  But I think it is remarkable that you

18    have been so vigilant and so attentive and so diligent in the

19    service and the discharge of your responsibilities as trial

20    jurors.

21         I have handled many, many juries over my 19 years on

22    the bench, and I have rarely seen such attention and focus as

23    you have displayed in this particular case.  It's, frankly,

24    inspiring because as Mr. Furth I think pointed out in one part

25    of his comments, the courtroom is analogous to a temple.  It's

26    a temple of justice.  And it's something that we often talk

27    about in the abstract, but when you see the efforts that a

28    jury like yourselves have put in in discharging its

                         Teri F. Rosette

               Certified Shorthand Reporter No. 6631

1    responsibilities, it brings to life the rights and freedoms

2    that we enjoy in this country.

3         So I know I'm very grateful and I think the lawyers

4    are as well for your splendid service in this case.

5         You are at long last relieved from the obligation of

6    not discussing this case.  And I know that you probably have

7    many family members and friends who wondered and probably

8    inquired of you, and I know you've been true to your oath and

9    have not discussed it, but you are free to discuss it with

10   anyone at this particular time.  You do not have to discuss it

11   with anyone and you are free following your service here to

12   leave and not speak of it with anyone.

13        I know that the lawyers oftentimes appreciate

14   comments if you are willing to discuss with the lawyers your

15   observations about the case, but you are under no obligation

16   to do so.

17        I have also prepared and Mr. Knox will pass out to

18   you in the jury room a questionnaire, and this is entirely

19   anonymous and voluntary and it is designed to get feedback

20   from you about the way that this trial was conducted.

21        And I hasten to add and I think you all appreciate

22   that the lawyering in this case from the plaintiffs and from

23   the defendants was outstanding.  You saw I think the best

24   lawyering that I have seen in this courtroom.  So that says a

25   lot.

26        But I'm interested in your thoughts about the

27   schedule, the use of the binders, the technology that was

28   presented in this courtroom, whether we could have managed it

                    Teri F. Rosette

          Certified Shorthand Reporter No. 6631

```
 1   STATE OF CALIFORNIA          )

 2   COUNTY OF ALAMEDA            )

 3

 4

 5          I, TERI F. ROSETTE, CSR NO. 6631, do hereby certify

 6   that I am a Certified Shorthand Reporter for the State of

 7   California, and that as such I reported the proceedings had in

 8   above-entitled matter at the time and place set forth herein;

 9          That my stenographic notes were thereafter

10   transcribed into typewriting under my direction; and that the

11   foregoing constitutes a true and correct excerpted

12   transcription of my said notes.

13

14

15

16                              TERI F. ROSETTE, CSR #6631

17

18

19

20   DATED:  OCTOBER 25, 2006

21

22

23

24

25

26

27

28
```

Teri F. Rosette

Certified Shorthand Reporter No. 6631

# EXHIBIT D

THE NATIONAL
LAW JOURNAL

VERDICT
SEARCH

# THE TOP
# 100
# VERDICTS
# OF 2005

MONDAY, FEBRUARY 20, 2006

## VERDICTSEARCH TOP 100 VERDICTS OF 2005

| Case | Amount / Status | Type / Description | Name / Court, Docket, Date | Plaintiff's attorney(s) / Firm | Defense attorney(s) / Firm |
|---|---|---|---|---|---|
| 1 | $1,439,784,885 Judge entered a judgment of $1.58B after adjustments. | Securities Fraud Morgan Stanley fudged Sunbeam's financials, Perelman claimed. | Coleman (Parent) Holdings Inc. v. Morgan Stanley Palm Beach Co., Fla., Cir. Ct. No. 2003 CA 005045, 6/18/2005 | John Scarola, Searcy Denney Scarola Barnhart & Shipley, West Palm Beach, Fla.; Jerold S. Solovy, Jenner & Block, Chicago | Mark C. Hansen, Kellogg, Huber, Hansen, Todd, Evans & Figel, Washington |
| 2 | $700,000,000 Court set aside punitives, reducing award to nothing. | Fraudulent Concealment Executive Life Ins. Co. buyer concealed its ties to Credit Lyonnais. | Quackenbush v. Altus Finance C.D. Calif. CV 99-02829-AHM 7/25/2005 | Gary Fontana, Thelen Reid & Priest, San Francisco | Robert Weigel and James P. Clark, Gibson, Dunn & Crutcher, New York |
| 3 | $606,309,011 High/low reduces recovery to $2M. | Medical Malpractice Cancer patient given massive overdose of chemo drug. | Featherston v. Gressler Dallas Co., Texas, Dist. Ct. No. 03-06488 3/4/2005 | Michael G. Sawicki, Brown, Sawicki & Mitchell, Dallas | Edward P. Quillin, Quillin Law Firm, Dallas |
| 4 | $465,400,000 Award vacated; new trial set on damages. | Intellectual Property Memory-card maker accused electronics company of theft. | Lexar Media v. Toshiba Corp. Santa Clara Co., Calif., Super. Ct. No. 1-02-CV-812458 3/24/2005 | Matthew D. Powers, Weil, Gotshal & Manges, Redwood Shores, Calif. | Michael A. Jacobs, Morrison & Foerster, San Francisco |
| 5 | $420,000,000 Post-trial motions pending. | Antitrust Manufacturer claimed rival monopolized pulse-oximetry market. | Masimo Corp. v. Tyco Health Care Group L.P. C.D. Calif. CV 02-4770 MRP (AJWx) 3/21/2005 | Stephen D. Susman, Susman Godfrey, Houston | Stephen C. Neal, Cooley Godward, Palo Alto, Calif. |
| 6 | $253,450,000 Punitives capped at $1.65M, reducing award to $26.3M. | Products Liability Manufacturer failed to disclose Vioxx heart attack risk. | Ernst v. Merck & Co. Inc. Brazoria Co., Texas, Dist. Ct. No. 19961-BH02 8/19/2005 | Mark W. Lanier, The Lanier Law Firm, Houston | David C. Kiernan, Williams & Connolly, Washington; Gerry Lowry, Fulbright & Jaworski, Houston |
| 7 | $244,947,709 Motion for new trial denied. | Securities Fraud Casino investors kept in dark about developer's mob ties. | RAP I LLC v. Nii-Jii Entertainment LLC Kenosha Co., Wis., Cir. Ct. No. 01-CV-001191 5/24/2005 | George P. Kersten, Kersten & McKinnon, Milwaukee | Thomas M. Devine, Hostak Henzl & Bichler, Racine, Wis. |
| 8 | $212,580,000 Reduced to $10.6M due to liability of settling defendants. | Medical Malpractice Newborn brain-damaged after doctor failed to perform emergency C-section. | Flaherty v. Fromberg Suffolk Co., N.Y., Sup. Ct. No. 00-05600 6/29/2005 | Kevin M. Fox, Russo, Fox & Karl, Hauppauge, N.Y. | Raymond J. Furey, Furey, Kerley, Walsh, Matera & Cinquemani, Seaford, N.Y.; Anthony P. Vardaro, Vardaro & Helwig, Smithtown, N.Y. |
| 9 | $175,023,798 Parties reached a confidential settlement. | Intellectual Property Energy company breached contract with synthetic fuel maker. | Headwaters Inc. v. Arthur J. Gallagher & Co. Utah Co., Utah, Dist. Ct. No. 000403361 2/15/2005 | Harlan Hatfield, General Counsel for Headwaters Inc., South Jordan, Utah | Alan L. Sullivan, Snell & Wilmer, Salt Lake City |
| 10 | $172,268,673 Appeal expected. | Employment Employer failed to provide employees with legally required meal breaks. | Savaglio v. Wal-Mart Stores Inc. Alameda Co., Calif., Super. Ct. No. C-835697 12/22/2005 | Frederick P. Furth and Jessica L. Grant, The Furth Firm, San Francisco | Neal S. Manne, Susman Godfrey, Houston |
| 11 | $163,591,939 Reduced to $5M based on pretrial agreement. | Premises Liability Sidewalk on bridge closed, teen forced onto lane of travel. | McKinney v. Bob's Barricades Inc. Miami-Dade Co., Fla., Cir. Ct. No. 00-18471 CA 31 7/21/2005 | Arthur W. Tifford, Tifford and Tifford, Miami | James S. Usich, Law Office of James S. Usich, Palmetto Bay, Fla. |
| 12 | $159,900,000 Motions for JNOV pending. | Breach of Contract Strategic partner backed out of deal to build satellite system. | Final Analysis Communications Services Inc. v. General Dynamics Corp. S.D. Md. No. PJM 03-0307 9/6/2005 | James J. McGuire, Sheppard, Mullin, Richter & Hampton, New York | Michael A. Doornweerd, Jenner & Block, Chicago; John M. Quinn, Ethridge, Quinn, McAuliffe, Rowan & Hartinger, Frederick, Md. |
| 13 | $135,450,000 Net $106,225,000 against Aramark Corp. only. | Dram Shop Concession operator served 16 beers to New York Giants fan at football stadium. | Verni v. Lanzaro Bergen Co., N.J., Super. Ct. No. BER-L-10486-00 1/29/2005 | David A. Mazie, Nagel Rice & Mazie, Roseland, N.J. | Keith Harris, Braff, Harris & Sukoneck, Livingston, N.J. |
| 14 | $128,025,000 Interest, costs and judicial enhancement add $2.5M. | Intellectual Property Cellphone billing technology used without a license. | Freedom Wireless Inc. v. Boston Communications Group Inc. D. Mass. No. 00-CV-12234-EFH 5/26/05 | William C. Price, Quinn Emanuel Urquhart Oliver & Hedges, Los Angeles | Philip C. Swain, Foley Hoag, Boston |
| 15 | $119,900,000 Interest brought total to $182.9M. Motions pending. | Accountant Malpractice Receiver for insolvent carrier claimed auditor painted false picture, CEO mismanaged. | Ambassador Insurance Co. v. PricewaterhouseCoopers LLP D.N.J. No. 85-2441 7/29/2005 | Richard B. Whitney, Jones Day, Cleveland | Jay Kelley Wright, Arnold & Porter, Washington |
| 16 | $117,400,000 Post-trial, $65M punitive award reduced by 90%. | Fraud Purchaser of now-insolvent HMOs deceived regulators. | Wooley v. Lucksinger East Baton Rouge Parish Dist. Ct. Nos. 499,232; 509,297; 512,366 6/30/2005 | Joseph "Jerry" McKernan, McKernan Law Firm, Baton Rouge, La. | James C. Percy, Jones, Walker, Waechter, Poitevent, Carrère & Denègre, Baton Rouge, La. |
| 17 | $96,120,413 Appeal pending. | Products Liability Defective crankshaft design blamed for small airplane engine failures. | Interstate Southwest Ltd. v. Avco Corp. Grimes Co., Texas, Dist. Ct. No. 29,385 2/15/2005 | Martin Rose and Hal Walker, Rose Walker, Dallas | Scott W. Cohen, Jones Day, Houston |
| 18 | $94,800,000 Motion to set aside verdict pending. | Intellectual Property Patents for cataract-surgery technology infringed. | Advanced Medical Optics Inc. v. Alcon Manufacturing Ltd. D. Del. CA 03-1095-KAJ 5/6/2005 | Andrew James Isbester, Isbester & Associates, Berkeley, Calif. | Robert G. Krupka, Kirkland & Ellis, Los Angeles |
| 19 | $90,313,988 Of the award, $90.3M is against Clear Channel. | Tortious Interference Competitor's threats sabotaged deal to produce motorcycle-racing series. | JamSports and Entertainment LLC v. Paradama Productions Inc. N.D. Ill. No. 1:02-CV-02298 3/21/2005 | Jeffrey Singer, Segal McCambridge Singer & Mahoney, Chicago | Lee A. Freeman Jr., Freeman, Freeman & Salzman, Chicago; Kevin L. Shoemaker, Shoemaker, Howarth & Taylor, Columbus, Ohio |
| 20 | $65,500,000 Prejudgment interest adds $5.3M. Appeals pending. | Breach of Fiduciary Duty Heirs claimed estate lawyers, bank and foundation failed to disclose fees. | Cailloux v. Baker Botts Kerr Co., Texas, Dist. Ct. No. 03-003-B 2/25/2005 | Rick Harrison, Fritz, Byrne, Head & Harrison, Austin, Texas | David J. Beck, Beck, Redden & Secarest, Houston; Dean V. Fleming, Fulbright & Jaworski, San Antonio |

# EXHIBIT E

**THE FURTH FIRM LLP**
ATTORNEYS AT LAW
FURTH BUILDING, SUITE 1000
201 SANSOME STREET
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 433-2070
FACSIMILE (415) 982-2076
E-MAIL furthfirm@furth.com
www.furth.com

April 25, 2003

VIA FACSIMILE

Robert J. Bonsignore
Bonsignore & Brewer
Trial Lawyers
23 Forest Street
Medford, Massachusetts 02115-3820

Re:   Salvas et al. v. Wal-Mart Stores, Inc.

Dear Robert:

Thank you for agreeing to join the Wal-Mart Massachusetts team.  I have enclosed the first amended complaint that lays out the allegations in the case. As discussed, we are preparing to have multiple attorneys conduct telephone interviews of Wal-Mart employees to gather declarations supportive of the case starting on Monday, May 5, 2003.  Please confirm that your office will be ready at that time.

Please call me if you have any questions.

Best regards,

Ben Furth

Enclosures.

28266.1

```
*********************
***   TX REPORT   ***
*********************
```

TRANSMISSION OK

**CONFIRMATION**

| TX/RX NO | 1593 |
| CONNECTION TEL | 17813919496 |
| SUBADDRESS | |
| CONNECTION ID | |
| ST. TIME | 04/25 09:46 |
| USAGE T | 00'39 |
| PGS. SENT | 2 |
| RESULT | OK |

APR 25 2003

**REPORT OK**

# THE FURTH FIRM LLP

## Attorneys at Law

Furth Building, Suite 1000
201 Sansome Street
San Francisco, California 94104-2303
Telephone: (415) 433-2070
Fax Number: (415) 982-2076
*E-mail: furthfirm@furth.com*
*www.furth.com*

# FACSIMILE COVER SHEET

| To:   **Robert J. Bonsignore, Esq.** | From:  **Ben Furth** | |
| Firm:  **Bonsignore & Brewer** | # of Pages (w/cover) | |
| Fax Number:  **(781) 391-9496** | Case:  **Wal-Mart (Mass.)** | File No.  1359 |
| | Date:  **April 25, 2003** | Time: |

Notes:

**CONFIDENTIALITY NOTICE:**  This fax transmission and the document(s) accompanying it contain confidential information belonging to the sender which is legally privileged.  The information is intended only for the use of the individual

# EXHIBIT F

RECEIVED

AUG 1 8 2004

THE FURTH FIRM LLP

Volume:      1
Pages:       1-230
Exhibits:    None

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss                    SUPERIOR COURT DEPARTMENT
                                of the TRIAL COURT


\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
                                          \*
KELLY A. JAMES & CRYSTAL SALVAS,          \*
On Behalf of Themselves and               \*
All Others Similarly Situated             \*
                    Plaintiffs,           \*
                                          \*
              VS                          \*        Civil Action
                                          \*
WAL-MART STORES, INC.                     \*        No. 01-3645
                    Defendant             \*
                                          \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*



     PANEL:    The Honorable Ernest Murphy, J.


     PLACE:    Middlesex Superior Courthouse
               40 Thorndike Street
               Room 8A, Civil Session
               Cambridge, Massachusetts  02141


     DATE:     Tuesday, December 9, 2003


     TIME:     10:00 A.M.

               _____


          JACQUES COURT REPORTING SERVICES
             Professional Court Reporters
                 Seven Pecksuot Road
          North Weymouth, Massachusetts  02191
                  (781) 337-4447

1-2

# A P P E A R A N C E S

ROBERT BONSIGNORE, Esquire
(Bonsignore & Brewer)
23 Forest Street
Medford, Massachusetts  02155
     FOR:    The Plaintiffs


JESSICA L. GRANT, Esquire
CAROLYN B. BURTON, Esquire
(The Furth Firm, LLP)
201 Sansome Street, Suite 1000
San Francisco, California  94104
     FOR:    The Plaintiffs


ROBERT A. FISHER, Esquire
JONATHAN A. KESELENKO, Esquire
JOANNE McLAUGHLIN, Esquire
(Foley Hoag, LLP)
155 Seaport Blvd
Boston, Massachusetts  02210
     FOR:    The Defendants

1-4

1            P R O C E E D I N G S

2

3                     THE CLERK:   The first matter

4       before the Court this day, Middlesex Superior

5       Court, Civil Action, 2001-3645, Crystal Salvas

6       and Elaine Polion on behalf of themselves and

7       others similarly situated versus Wal-Mart

8       Stores, Incorporated.   The matter is before the

9       Court this day for a hearing on class

10      certification.

11                     Counsel identify yourselves for

12      the record, please and who you represent.

13                     MR. BONSIGNORE:   Good morning,

14      Your Honor.   Robert Bonsignore for the

15      plaintiffs.   Together with me is Carolyn Burton.

16                     MS. BURTON:   Good morning,

17      Your Honor.

18                     MS. GRANT:   And Jessica Grant.

19      Good morning, Your Honor.

20                     MR. BONSIGNORE:   We also have

21      the plaintiffs with us, Crystal Salvas --

22      Crystal, do you want to stand up?

23                     (Witness Complies)

24                     MR. BONSIGNORE:   And Elaine

JACQUES REPORTING SERVICES

1-47

1        We argued in our briefing to

2   Judge Woodlock and on our motion to amend,

3   there's no case in Massachusetts that would ever

4   find that, and Judge Woodlock said that he would

5   not aggregate damages.  So, it wasn't to avoid

6   federal jurisdiction.

7        MR. BONSIGNORE:   Your Honor, I

8   don't want to interrupt but on that issue I

9   argued that issue in the federal court in an

10  anti-trust class action for consumers in Radlow.

11  It was remanded.  It was against their firm.

12  There was another case before that, Jarry,

13  (Phonetic) we don't allow for aggregation just

14  to have it go up in the circuit.  Radlow ended

15  it.  You know, I suppose I should send it in, to

16  get it in the reporters and all that business,

17  but the people who are practicing class actions

18  know about the case.  I get a lot of calls, it

19  was published in Lawyer's Weekly.

20       As to the adequacy of counsel

21  there are several firms -- you know, I'm away a

22  lot.  There's several firms nationwide who are

23  considered among the best.  I'm not talking

24  about Hillbrow and Wiese (Phonetic).  I'm not

1-48

1    talking about Lee Sabrasure (Phonetic).  I'm

2    talking about the firms that people go to when

3    they want to get the job done, they want to get

4    it done fairly and they want top-notch lawyers

5    and they want every asset in the world that

6    needs to be thrown up against -- thrown out

7    against it, and that's the Furth Firm.

8            The Furth Firm is just among the

9    best, it's been in Business Week or one of those

10   great magazines as one of the top lawyers in the

11   country.

12           As far as local counsel goes, I'm

13   not going to talk about myself other than to say

14   Judge Van Gestel thought enough of me --

15           THE COURT:   I know you're the

16   weak link in the change, Mr. Bonsignore, don't

17   worry.

18           MR. BONSIGNORE:   We'll just have

19   to --

20           THE COURT:   I have experience

21   with you.  Anyway, all right.  Is there anything

22   else you want to say adequacy of counsel?

23           MR. BONSIGNORE:   I'm sorry to

24   jump in, but know.

1-230

# C E R T I F I C A T E

I, Robert C. Jacques, a certified court reporter and notary public in and for the Commonwealth of Massachusetts do hereby certify that the foregoing transcript, Pages  4  through  229 , is a complete, true and accurate transcription of my audiographic recording taken in the above mentioned matter to the best of my knowledge, skill and ability.

_____
Robert C. Jacques, Notary Public

**PLEASE NOTE:**
        THE FOREGOING CERTIFICATION OF THIS TRANSCRIPT DOES NOT APPLY TO ANY REPRODUCTION OF THE SAME BY ANY MEANS UNLESS UNDER THE DIRECT CONTROL AND/OR DIRECTION OF THE CERTIFYING REPORTER.