JAMES E. WHITMIRE, ESQ.
Nevada Bar No. 6533
BRIAN W. BOSCHEE, ESQ.
Nevada Bar No. 7612
F. THOMAS EDWARDS, ESQ.
Nevada Bar No. 9549
SANTORO, DRIGGS, WALCH,
KEARNEY, JOHNSON & THOMPSON
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
Telephone:    (702) 791-0308

BRIAN L. DUFFY, ESQ.
NAOMI G. BEER, ESQ.
GREENBERG TRAURIG, LLP
1200 Seventeenth Street, Suite 2400
Denver, Colorado 80202
Telephone:    (303) 572-6500

WILLIAM J. KILBERG, P.C.
PAUL BLANKENSHIP
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone:    (202) 955-8500

Attorneys for Wal-Mart Stores, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| IN RE: WAL-MART WAGE AND HOUR EMPLOYMENT PRACTICES LITIGATION | MDL 1735<br><br>2:06-cv-00225-PMP-PAL<br>(BASE FILE) |
| THIS DOCUMENT RELATES TO:<br><br>*King v. Wal-Mart Stores, Inc., et al.*<br>   2:07-CV-01486-WY | DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED CLASS ACTION COMPLAINT |

DEN 96,747,116v1

## ANSWER

Defendant Wal-Mart Stores, Inc. ("Wal-Mart") hereby answers the numbered paragraphs of the Amended Class Action Complaint for Violations of the Employee Retirement Income Security Act of 1974 ("Complaint") as follows:

1.  Paragraph 1 of the Complaint sets forth the nature of plaintiffs' action and not allegation of fact for which an answer is required, but to the extent that a response may be deemed to be necessary, Defendant denies the allegations of Paragraph 1, except to admit that Wal-Mart sponsors a defined contribution 401(k) pension plan, entitled the "Wal-Mart Profit Sharing and 401(k) Plan" ("Plan").

2.  Paragraph 2 of the Complaint contains plaintiffs' characterization of their claims, not allegations of fact for which an answer is required, but to the extent that a response may be deemed to be necessary, Defendant denies the allegations of Paragraph 2.

3.  Paragraph 3 of the Complaint contains plaintiffs' characterization of their claims including their request for damages, not allegations of fact for which an answer is required, but to the extent that a response may be deemed to be necessary, Defendant denies the allegations of Paragraph 3.

4.  Defendant denies the allegations of Paragraph 4 of the Complaint, except to admit that Wal-Mart, in the sole discretion of its Board of Directors, contributes to the Plan each year a percentage of the "Compensation" of participating employees, as "Compensation" is defined by the Plan.

5.  Defendant denies the allegations of Paragraph 5 of the Complaint.

6.  Defendant denies the allegations of the first two sentences of Paragraph 6 of the Complaint. The remainder of Paragraph 6 sets forth the nature of plaintiffs' action and not allegations of fact for which an answer is required, but to the extent a response may be deemed to be necessary, Defendant denies the remaining allegations of Paragraph 6.

Greenberg Traurig, LLP
1200 17th Street, Suite 2400
Denver, Colorado 80202
(303) 572-6500
(702) 572-6540 (fax)

7. Paragraph 7 of the Complaint contains plaintiffs' characterization of their claims and requests for relief, not allegations of fact for which an answer is required, but to the extent that a response may be deemed to be necessary, Defendant denies the allegations of Paragraph 7.

8. Paragraph 8 of the Complaint contains plaintiffs' characterization of their claims and requests for relief, not allegations of fact for which an answer is required, but to the extent that a response may be deemed to be necessary, Defendant denies the allegations of Paragraph 8.

9. Paragraph 9 of the Complaint contains plaintiffs' characterization of their claims, not allegations of fact for which an answer is required, but to the extent that a response may be deemed to be necessary, Defendant denies the allegations of Paragraph 9.

10. The first sentence of Paragraph 10 of the Complaint contains conclusions of law and not allegations of fact for which an answer is required. The remainder of Paragraph 10 describes the nature of plaintiffs' action, not allegations of fact for which an answer is required, but to the extent that a response may be deemed to be necessary, Defendant denies the allegations of the second sentence of Paragraph 10.

11. Paragraph 11 of the Complaint contains a description of the basis of plaintiffs' claim and a description of their intended litigation strategy, not allegations of a fact for which an answer is required, except that Defendant states that plaintiffs have been provided with a substantial amount of material related to the operation and administration of the Plan prior to the filing of the Complaint.

12. The first sentence of Paragraph 12 of the Complaint describes the nature of plaintiffs' action and not allegations of fact for which an answer is required. The second sentence of Paragraph 12 contains conclusions of law regarding subject matter jurisdiction and not allegations of fact for which an answer is required.

13. Paragraph 13 of the Complaint contains conclusions of law and not allegations of fact for which an answer is required, but to the extent that a response may be deemed to be necessary, Defendant denies the allegations of Paragraph 13, except to admit that Defendant is a resident of the United States.

Greenberg Traurig, LLP
1200 17th Street, Suite 2400
Denver, Colorado 80202
(303) 572-6500
(702) 572-6540 (fax)

14. Paragraph 14 of the Complaint contains conclusions of law and not allegations of fact for which an answer is required, but to the extent that a response may be deemed to be necessary, Defendant denies the allegations of Paragraph 14-, except to admit that Wal-Mart or its sudsidiaries operates stores in Pennsylvania.

15. Paragraph 15 of the Complaint contains conclusions of law and not allegations of fact for which an answer is required, but to the extent that a response may be deemed to be necessary, Defendant denies the allegations in Paragraph 15, except to admit that, pursuant to an Order dated December 21, 2007, the Judicial Panel on Multidistrict Litigation transferred this case to this district.

16. Defendant admits the allegations in the first four sentences of Paragraph 16, except that it lacks information and knowledge sufficient to form a belief as to whether plaintiff King is a resident of Pennsylvania, or whether plaintiff Rhone is a resident of New York. The final sentence of Paragraph 16 contains conclusions of law and not allegations of fact for which an answer is required.

17. Defendant denies the allegations of the first five sentences of Paragraph 17 of the Complaint, except to admit that Wal-Mart Stores, Inc. is a Delaware corporation with its headquarters in Bentonville, Arkansas; that Wal-Mart and its sudsidiaries operates more than 4,000 stores in the United States, including stores in Pennsylvania and New York, and almost 3,000 stores internationally, that Wal-Mart has approximately 2.1 million employees, 1.42 million of whom are employed in the United States; that its annual sales for fiscal year 2007 totaled approximately $375 billion; and that it conducts business in Pennsylvania and New York. The final sentence of Paragraph 17 contains conclusions of law and not allegations of fact for which an answer is required.

18. Defendant denies the allegations in Paragraph 18 of the Complaint, except to admit that the Plan document refers to the Committee as a "Named Fiduciary," and the Court is respectfully referred to the Plan document for a full and complete statement of its contents.

19. With respect to the first sentence of Paragraph 19 of the Complaint, Defendant lacks knowledge and information sufficient to form a belief as to whether Plaintiffs currently

Greenberg Traurig, LLP
1200 17th Street, Suite 2400
Denver, Colorado 80202
(303) 572-6500
(702) 572-6540 (fax)

know the identity of the Committee members who served during the Class Period. The second sentence of Paragraph 19 sets forth the definition of the terms "Defendants John/Jane Does 1-15" that plaintiffs use throughout the Complaint, not allegations of fact for which an answer is required. The last sentence of Paragraph 19 sets outs plaintiffs' intention regarding adding members of the Committee as defendants, and not allegations of fact for which an answer is required.

20. Defendant admits the allegations of Paragraph 20 of the Complaint.

21. Paragraph 21 of the Complaint contains conclusions of law and not allegations of fact for which an answer is required.

22. The first sentence of Paragraph 22 of the Complaint contains conclusions of law and not allegations of fact for which an answer is required. Defendant denies the second sentence of Paragraph 22, except to admit that Wal-Mart is the sponsor of the Plan and established the Plan for the benefit of its eligible employees.

23. Defendant admits the allegations in Paragraph 23 of the Complaint.

24. Defendant denies the allegations of Paragraph 24 of the Complaint, except to admit that the Committee is vested with certain duties and responsibilities regarding the operation and administration of the Plan, that Committee members are appointed by Wal-Mart's Vice-President, Retirement Plans, and that Merrill Lynch Trust Company, FSB is the Trustee of the Plan.

25. Defendant denies the allegations in Paragraph 25 of the Complaint, except to admit that Plan participants may, in their sole discretion, make contributions to their individual Plan accounts, and that Wal-Mart, as plan sponsor, may, in its sole discretion, make contributions to the individual Plan accounts of eligible participants.

26. Defendant denies the allegations in Paragraph 26 of the Complaint, except to admit that, pursuant to the terms of the Plan, participants may contribute from 1 to 25% of their compensation, which is to be invested in the options offered by the Plan, and that to be eligible to receive a contribution from the Company, the employee must complete at least 1,000 hours of

Greenberg Traurig, LLP
1200 17th Street, Suite 2400
Denver, Colorado 80202
(303) 572-6500
(702) 572-6540 (fax)

*DEN 96,747,116v1*

1  service during the Plan year in which the Company's contribution is made, and be employed on
2  the last day of that year.

3  27.  Defendant denies the allegations in Paragraph 27 of the Complaint, except to admit that Wal-Mart's contributions to the plan are discretionary and can vary from year to year, and that for Plan year 2006, Wal-Mart announced that it would contribute 2% of the eligible participant's compensation as its Profit Sharing contribution to the Plan. The Court is respectfully referred to the Plan document and the 2006 Summary Plan Description for a full and complete statement of their respective contents.

9  28.  Defendant denies the allegations in Paragraph 28 of the Complaint, except to admit that a Plan participant's contribution to his accounts vests immediately, and that through January 30, 2008, the Company's Profit Sharing contribution vested at a rate of 20% per year starting with the participant's third year of service but that effective January 31, 2008, Wal-Mart's Profit Sharing contribution to a participants account began to vest starting with the participants second year of service.

15  29.  Paragraph 29 of the Complaint contains conclusions of law and not allegations of fact for which an answer is required.

17  30.  Paragraph 30 of the Complaint contains conclusions of law and not allegations of fact for which an answer is required.

19  31.  Paragraph 31 of the Complaint contains conclusions of law and not allegations of fact for which an answer is required, and the Court is respectfully referred to the cited Plan document for a full and complete statement of its contents.

22  32.  Paragraph 32 of the Complaint contains conclusions of law and not allegations of fact for which an answer is required, and the Court is respectfully referred to the cited Plan document for a full and complete statement of its contents.

25  33.  Paragraph 33 of the Complaint contains conclusions of law and not allegations of fact for which an answer is required.

27  34.  Paragraph 34 of the Complaint contains conclusions of law and not allegations of fact for which an answer is required.

Greenberg Traurig, LLP
1200 17th Street, Suite 2400
Denver, Colorado 80202
(303) 572-6500
(702) 572-6540 (fax)

35. Defendant denies the allegations in Paragraph 35 of the Complaint, except to admit that the Plan document refers to the Committee as the "Named Fiduciary" of the Plan, and the Court is respectfully referred to the Plan document for a full and complete statement of the duties and responsibilities of the Committee.

36. Paragraph 36 of the Complaint contains conclusions of law and not allegations of fact for which an answer is required.

37. The first and third sentences of Paragraph 37 of the Complaint contain conclusions of law and not allegations of fact for which an answer is required. The second sentence of Paragraph 37 describes plaintiffs' purported inability to identify the fiduciaries of the Plan absent full discovery, and not allegations of fact for which an answer is required.

38. Paragraph 38 of the Complaint contains conclusions of law and not allegations of fact for which an answer is required.

39. Defendant denies the allegations of Paragraph 39 of the Complaint.

40. Defendant denies the allegations of Paragraph 40 of the Complaint, except to admit that one of Wal-Mart's largest expenses is the compensation paid to its hourly employees.

41. Defendant denies the allegations of Paragraph 41 of the Complaint.

42. Defendant denies the allegations of Paragraph 42 of the Complaint, and specifically denies that members of the putative class were not properly paid for the work they performed.

43. Defendant denies the allegations of Paragraph 43 of the Complaint.

44. Defendant denies the allegations of Paragraph 44 of the Complaint.

45. Defendant denies the allegations of Paragraph 45 of the Complaint.

46. Defendant denies the allegations of Paragraph 46 of the Complaint.

47. Defendant denies the allegations of Paragraph 47 of the Complaint.

48. Defendant denies the allegations of Paragraph 48 of the Complaint.

49. Defendant denies the allegations of Paragraph 49 of the Complaint.

50. Defendant denies the allegations of the first sentence of Paragraph 50 of the Complaint and specifically denies that it engaged in "time shaving practices;" Defendant admits

DEN 96,747,116v1

that an article referring to Wal-Mart appeared in the New York Times on or about April 4, 2004, and the Court is respectfully referred to that article for a full and complete statement of its contents. Defendant denies the second sentence of Paragraph 50, except to admit that plaintiffs in various wage and hour cases brought against Wal-Mart have obtained discovery from Wal-Mart, including various electronic databases. Defendant denies the allegations of the third sentence of Paragraph 50 and specifically denies that Wal-Mart's electronic records "clearly" or otherwise demonstrate its wrongdoing, and except to state that Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegation that the information in Wal-Mart's databases "can only be deciphered and understood" by a "computer/statistical expert." Defendant denies the allegations of the fourth sentence of Paragraph 50, except to admit that various protective orders have been entered by the courts in the various wage and hour cases brought against Wal-Mart, and the Court is respectfully referred to those protective orders for a full and complete statement of their respective contents. With respect to the fifth sentence of Paragraph 50, Defendant admits that Wal-Mart denies that it "perpetrates time shaving and similar illegalities."

51.   Defendant denies the allegations of first sentence of Paragraph 51 of the Complaint. Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 51.

52.   Defendant denies the allegations of Paragraph 52 of the Complaint. except to admit that an article referring to Wal-Mart appeared in the New York Times on or about April 4, 2004, and the Court is respectfully referred to the cited article for a full and complete statement of its contents.

53.   Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 53 of the Complaint, except to deny that Wal-Mart engaged in "unlawful time shaving practices," and except to admit that an April 2004 article in the New York Times mentions Wal-Mart, and the Court is respectfully referred to the cited New York Times article for a full and complete statement of its contents.

DEN 96,747,116v1

54. Defendant denies the allegations of Paragraph 54 of the Complaint, except to admit that Wal-Mart has produced videotapes in discovery in other litigation in which a protective order has been entered. The Court is respectfully referred to the specifically mentioned videotape for a full and complete statement of its contents.

55. Defendant denies the allegations of Paragraph 55 of the Complaint, except to admit that Wal-Mart has produced videotapes in discovery in other litigation in which a protective order has been entered. The Court is respectfully referred to the specifically mentioned videotape for a full and complete statement of its contents.

56. Defendant denies the allegations of Paragraph 56 of the Complaint, except to admit that Wal-Mart has produced an April 2003 training memorandum during the course of discovery in certain wage and hour litigation, and the Court is respectfully referred to the cited memorandum for a full and complete statement of its contents.

57. Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 57 of the Complaint, except to deny that Wal-Mart had a company-wide practice of "time shaving," or regularly deleting pay from hourly employees in any of the manners alleged in Paragraph 57.

58. Defendant denies the allegations of Paragraph 58 of the Complaint, and specifically denies that it engaged in wrongful time shaving practices.

59. Defendant denies the allegations of Paragraph 59 of the Complaint and specifically denies that it engaged in improper and illegal time shaving or other unlawful wage and hour practices, except that it lacks information and knowledge sufficient to form a belief as to what the exercise of the due diligence by the plaintiffs and Plan participants would have revealed.

60. Defendant denies the allegations of Paragraph 60 of the Complaint.

61. Defendant denies the allegations in the first sentence of Paragraph 61 of the Complaint, as Wal-Mart did not engage in "time-shaving" and/or "one-minute clock out practices" and thus did not disclose any such practices in its handbook, corporate policies, or standard orientation materials provided to its hourly employees. Defendant denies the remaining

allegations in Paragraph 61, and the Court is respectfully referred to the statements of M. Lee Scott, President and Chief Executive Officer of Wal-Mart, quoted in Paragraph 61(a); to the statement of Mr. Scott quoted in Paragraph 61(b); and to the statement of Mr. Scott quoted in Paragraph 61(c); for a full and complete statement of their respective contents.

62.    Defendant denies the allegations of Paragraph 62 of the Complaint, except to admit that Wal-Mart is a defendant in wage and hour litigation in a variety of jurisdictions, including Pennsylvania and California, that court orders and jury verdicts have been entered in some of those cases, and that in March 2005 in March 2005 Wal-Mart agreed to settle a matter related alleged violations of federal immigration laws in connection with the use of third-party floor cleaning contractors, and except to further admit that Wal-Mart agreed to settle a dispute with the United States Department of Labor concerning alleged errors in the computation of the regular rate of pay that resulted in underpayment of overtime. The Court is respectfully referred to the verdicts, orders and settlement in those matters for a full and complete statement of their respective contents.

63.    Defendant denies the allegations of Paragraph 63 of the Complaint, except to admit that various wage and hours cases are in various stages of litigation the Court is respectfully referred to cited Wal-Mart's 2006 Annual Report for a full and complete statement of its contents regarding the wage and hour lawsuits brought against Wal-Mart.

64.    Defendant denies the allegations of Paragraph 64 of the Complaint.

65.    Defendant denies the allegations of Paragraph 65 of the Complaint, except to admit that Wal-Mart has from time to time during the putative Class Period communicated with Plan participants about Company contributions to the Plan.

66.    Defendant denies the allegations of the first sentence of Paragraph 66 of the Complaint. The second sentence contains conclusion of law and not allegations of fact for which an answer is required.

67.    Defendant denies the allegations of Paragraph 67 of the Complaint.

DEN 96,747,116v1

68. Paragraph 68 of the Complaint contains plaintiffs' characterization of their claims, not allegations of fact for which an answer is required, but to the extent that a response may be deemed to be necessary, Defendant denies the allegations of Paragraph 68.

69. Defendant denies the allegations of Paragraph 69 of the Complaint.

70. Defendant denies the allegations of Paragraph 70 of the Complaint, and the Court is respectfully referred to the cited December 27, 2007 order of the Court in *Braun v. Wal-Mart Stores, Inc.*, March Term 2002, No. 3127 (Phila. Common Pleas) for a full and complete statement of its contents, and to the other proceedings in that case regarding plaintiff King's status as a member of the class certified in the case.

71. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 71 of the Complaint, except to state that Wal-Mart paid plaintiff King for all recorded work he performed.

72. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 72 of the Complaint, except to state that Wal-Mart paid plaintiff Rhone for all recorded work he performed.

73. The first sentence of Paragraph 73 of the Complaint, sets forth plaintiffs' characterization of their claims and not allegations of fact for which an answer is required. The remainder of Paragraph 73 contains conclusions of law and not allegations of fact for which an answer is required.

74. Paragraph 74 of the Complaint sets forth plaintiffs' characterization of their claims including the relief they seek, and not allegations of fact for which an answer is required.

75. Paragraph 75 contains conclusions of law and not allegations of fact for which an answer is required.

76. Paragraph 76 contains conclusions of law and not allegations of fact for which an answer is required.

77. Paragraph 77 of the Complaint contains conclusions of law and not allegations of fact for which an answer is required.

78. Paragraph 78 of the Complaint contains conclusions of law and not allegations of fact for which an answer is required.

79. Paragraph 79 of the Complaint contains conclusions of law and not allegations of fact for which an answer is required.

80. Paragraph 80 of the Complaint contains conclusions of law and not allegations of fact for which an answer is required.

81. Paragraph 81 of the Complaint contains conclusions of law and not allegations of fact for which an answer is required.

82. Paragraph 82 of the Complaint contains conclusions of law and not allegations of fact for which an answer is required.

83. Paragraph 83 of the Complaint contains conclusions of law and not allegations of fact for which an answer is required.

84. Paragraph 84 of the Complaint sets forth plaintiffs' characterization of their action and describes the class they seek to represent, and not allegations of fact for which an answer is required.

85. Defendant denies the allegations of the first sentence of Paragraph 85, except that Defendant admits that Plaintiffs seek to bring this action as a class action under Federal Rule of Civil Procedure 23. Defendant answers the various subparagraphs of Paragraph 85 as follows:

    (a) Defendant denies the allegations of subparagraph 85 (a), except to admit that the Plan had as many as tens of thousands of participants during the Class Period.

    (b) Subparagraph 85(b) contains conclusions of law and not allegations of fact from which an answer is required.

    (c) Defendant denies the allegations of subparagraph 85(c).

    (d) Defendant lacks information and knowledge sufficient to form a belief as the truth of the allegations of subparagraph 85(d).

    (e) Defendant denies the allegations of subparagraph 85(e).

86. Defendant denies the first and second sentences of Paragraph 86 of the Complaint. The third sentence Paragraph 86 contains conclusions of law and not allegations of

Greenberg Traurig, LLP
1200 17th Street, Suite 2400
Denver, Colorado 80202
(303) 572-6500
(702) 572-6540 (fax)

DEN 96,747,116v1

1  fact for which an answer is required.  Defendant lacks information and knowledge sufficient to
2  form a belief as to the truth of the allegations in the last sentence of Paragraph 86.

      87.    Defendant denies the allegations of Paragraph 87 of the Complaint.

      88.    Paragraph 88 of the Complaint contains conclusion of law and not allegations of fact for which an answer is required.

      89.    Defendant incorporates by reference its responses to Paragraphs 1 through 88, as though fully set out herein.

      90.    Paragraph 90 contains conclusions of law and not allegation of fact for which an answer is required.

      91.    Defendant denies the allegations of Paragraph 91 of the Complaint.

      92.    Defendant denies the allegations of Paragraph 92 of the Complaint.

      93.    Defendant denies the allegations of Paragraph 93 of the Complaint.

      94.    Defendant denies the allegations of Paragraph 94 of the Complaint, and notes that the Court has previously dismissed plaintiffs' claim under 29 U.S.C. §1132(a)(2) for monetary losses allegedly suffered by the Plan for failure to allege individual injury sufficient to satisfy the standing requirements of Article III, and that the allegations in the amended complaint have not cured that standing defect.  Defendant is filing contemporaneously a motion to dismiss plaintiffs' ERISA Section 502(a)(2) claims for lack of standing.

      95.    Defendant incorporates by reference its responses to Paragraphs 1 through 94, as though fully set out herein.

      96.    Paragraph 96 contains conclusions of law and not allegations of fact for which an answer is required

      97.    Defendant denies the allegations of Paragraph 97 of the Complaint, and the Court is respectfully referred to the Plan document for a full and complete statement of the duties of the respective defendants.

      98.    Paragraph 98 contains conclusions of law and not allegation of fact for which an answer is required.

      99.    Defendant denies the allegations of Paragraph 99 of the Complaint.

Greenberg Traurig, LLP
1200 17th Street, Suite 2400
Denver, Colorado 80202
(303) 572-6500
(702) 572-6540 (fax)

DEN 96,747,116v1

100. Defendant denies the allegations of Paragraph 100 of the Complaint.

101. Defendant denies the allegations of Paragraph 101 of the Complaint.

102. Defendant denies the allegations of Paragraph 102 of the Complaint, and notes that the Court has previously dismissed plaintiffs' claim under 29 U.S.C. § 1132(a)(2) for monetary losses alleged suffered by the Plan, for failure to allege individual injury sufficient to satisfy the standing requirements of Article III, and that the amended complaint has not cured that standing defect. Defendant is filing contemporaneously a motion to dismiss plaintiffs' ERISA Section 502(a)(2) claims for lack of standing.

103. Defendant incorporates by reference their responses to Paragraphs 1 through 102, as though fully set out herein.

104. Paragraph 104 contains conclusions of law and not allegations of fact for which an answer is required.

105. Paragraph 105 of the Complaint contains plaintiffs' characterization of their claims, not allegations of fact for which an answer is required, but to the extent that a response may be deemed to be necessary, Defendant denies the allegations of Paragraph 105.

Defendant expressly denies any allegations not hereinbefore specifically admitted or denied.

**FIRST DEFENSE**

Plaintiffs' complaint fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

The claims of potential class members may be barred in whole or in part by the doctrines of waiver, consent, estoppel, accord and satisfaction, acquiescence, setoff, payment, and/or release.

**THIRD DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

**FOURTH DEFENSE**

Plaintiffs' claims are barred to the extent they seek duplicative relief or amounts seeking more than a single recovery.

Greenberg Traurig, LLP
1200 17th Street, Suite 2400
Denver, Colorado 80202
(303) 572-6500
(702) 572-6540 (fax)

DEN 96,747,116v1

**FIFTH DEFENSE**

Plaintiffs lack standing under Article III of the United States Constitution to seek the relief requested, and the matter is not otherwise ripe for adjudication.

**SIXTH DEFENSE**

Plaintiffs have failed to satisfy the prerequisites to a class action set forth in Rule 23 of the Federal Rules of Civil Procedure.

**SEVENTH DEFENSE**

Plaintiffs fail to identify an ascertainable class.

**EIGHTH DEFENSE**

Plaintiffs are not entitled to equitable relief because Plaintiff has adequate remedies at law.

**NINTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the failure to mitigate damages, if any.

**TENTH DEFENSE**

Plaintiffs' claims are barred by failure to exhaust remedies available under the Plan.

**ELEVENTH DEFENSE**

Plaintiffs' claims are barred because any alleged damages were caused, in whole or in part, by Plaintiffs' own negligence, failure to perform adequate due diligence, or other intervening or superseding causes over which Defendant had no control and cannot form the basis for any liability of Defendant.

**TWELFTH DEFENSE**

Plaintiffs' claims are barred because Defendant did not participate in, authorize, ratify, or benefit from the alleged wrongful acts set forth in the Complaint.

**THIRTEENTH DEFENSE**

Plaintiffs knowingly submitted to any alleged wage violations.

**FOURTEENTH DEFENSE**

Plaintiffs' proposed class action would violate Defendant's due process rights.

DEN 96,747,116v1

### FIFTEENTH DEFENSE

Plaintiffs' claims are barred by the failure to demand payment.

### SIXTEENTH DEFENSE

Defendant has acted in good faith and/or in reliance on information furnished by others at all times relevant to this action.

### SEVENTEENTH DEFENSE

Plaintiffs' claims are barred by any other matter constituting an avoidance or affirmative defense.

### EIGHTEENTH DEFENSE

Defendant hereby incorporates, as applicable, the Affirmative and Additional Defenses of the defendant Committee not expressly set out above.

### NINETEENTH DEFENSE

Defendants designate all denials set forth above as defenses if necessary for their full defense of this matter and reserve the right to assert additional affirmative defenses as discovery continues.

WHEREFORE, Defendant prays that the Court:

(a)   Dismiss the case with prejudice and enter judgment in their favor;

(b)   Award Defendant their costs, including reasonable attorney's fees; and

(c)   Order such relief as the Court finds just and proper.

Dated this 14th day of November, 2008

GREENBERG TRAURIG, LLP

/s/ *Naomi G. Beer*
BRIAN L. DUFFY
NAOMI G. BEER
1200 17th Street, Suite 2400
Denver, Colorado 80202

*Attorneys for Defendant Wal-Mart Stores, Inc.*

DEN 96,747,116v1

## CERTIFICATE OF SERVICE

I, Molly E. Roll, declare under penalty of perjury that the following is true and correct:

I am a citizen of the United States; I am over the age of 18 years; I am employed by GREENBERG TRAURIG LLP, located at 1200 Seventeenth Street, Suite 2400, Denver, Colorado 80202, whose members are members of the State Bar of Colorado and at least one of whose members is a member of the Bar of each Federal District Court within Colorado; I am not a party to the within action; and that I caused to be served a true and correct copy of the following document in the manner indicated below:

1. **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED CLASS ACTION COMPLAINT**

2. **CERTIFICATE OF SERVICE**

__X__  By Electronic Filing: I served a true copy on this date of each document listed above on all parties registered for electronic filing in this action.

Executed on November 14, 2008 at Denver, Colorado.

/s/ Molly E. Roll
Molly E. Roll
Legal Assistant

17

DEN 96,747,116v1