## SETTLEMENT AGREEMENT

### 1.     PREAMBLE

This Settlement Agreement is made and entered into as of the dates of Execution as reflected herein, individually and on behalf of the Named Plaintiffs, the Class Representatives, and the Class Members all as further defined below, and on behalf of the Plan and Wal-Mart, each as further defined below.

### 2.     DEFINITIONS

2.1     The term *"Attorneys' Fees and Costs"* as used herein means the amount Class Counsel shall request, subject to Court approval, in accordance with Section 5.3 of this Agreement.

2.2      The term *"Agreement"* as used herein means this Settlement Agreement.

2.3     The term *"CAFA"* as used herein means the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, *et seq.*, including all regulations and caselaw promulgated thereunder.

2.4     The term *"Claims Administrator"* as used herein means Rust Consulting, Inc., the entity agreed to by the Parties subject to Court approval which will handle certain notice and administration duties as requested by the Parties in accordance with Section 6 of this Agreement.

2.5     The term *"Class Counsel"* as used herein means Berger & Montague, P.C., Keller Rohrback, L.L.P., and Ann Miller, LLC.

2.6     The term *"Class Exemption"* as used herein means the Prohibited Transaction Exemption 2003-39, "Release of Claims and Extension of Credit in connection with Litigation" issued December 31, 2003, by the United States Department of Labor, 68 Fed. Reg. 75,632.

2.7     The term *"Class Representatives"* as used herein means Robert J. King and Keith Rhone both of whom Class Counsel will request be appointed by the Court as Class Representatives.

2.8     The term *"Class Representative Compensation Award"* as used herein means the amount Class Counsel shall request be paid to the Class Representatives, subject to Court approval and in accordance with Section 5.2 of this Agreement.

2.9     The term *"Court"* as used herein means the Nevada District Court and any appellate court which may review any orders entered by the Nevada District Court related to this Settlement.

2.10     The term *"ERISA"* as used herein means the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1132 *et seq.* including all regulations promulgated and case law thereunder.

2.11    The term *"ERISA Settlement Class"* as used herein means: (i) all hourly employees who worked at a Wal-Mart store, Supercenter, Neighborhood Market, Sam's Club, or Distribution Center in any of the fifty United States or in Puerto Rico who: (a) were Plan Participants at any time from February 1, 1997 up to the date of Execution of this Agreement and (b) were eligible to have contributions from Wal-Mart allocated to their individual accounts in the Plan pursuant to the Plan's terms during such period; and (ii) as to each such hourly employee, his or her beneficiaries, alternate payees, representatives, and successors in interest.

2.12    The terms *"ERISA Settlement Class Member"* or *"ERISA Settlement Class Members"* as used herein shall mean a member of or the members of the ERISA Settlement Class.

2.13    The term *"ERISA Settlement Class Member Released Claims"* as used herein means the claims, rights, penalties, demands, damages, debts, accounts, duties, costs and expenses (other than those costs and expenses required to be paid pursuant to this Settlement Agreement), liens, charges, complaints, causes of action, obligations, or liabilities that are released, acquitted, and discharged pursuant to Section 9 of this Agreement.

2.14    The term *"ERISA Settlement Class Period"* as used herein means the period of time from February 1, 1997 up to and including the date of Execution of this Agreement.

2.15    The term *"ERISA Settlement Payment "* as used herein means the amount to be paid in accordance with Section 5.1 of this Agreement.

2.16    The term *"Execution"* as used herein means the signing of this Agreement by all signatories hereto.

2.17    The term *"External Notice and Administration Costs"* as used herein shall have the meaning set forth in Section 5.4 of this Agreement.

2.18    The term *"Final Judgment"* as used herein means the Final Judgment approving the Settlement and dismissing the Litigation with prejudice which this Settlement contemplates will be entered and approved by the Nevada District Court. The Final Judgment shall not be considered final for purposes of this Settlement Agreement until the Settlement Effective Date occurs.

2.19    The term *"Independent Fiduciary"* as used herein means a Plan fiduciary selected and retained at Wal-Mart's sole expense that has no "relationship to" or "interest in" (as those terms are used in the Class Exemption) any Party.

2.20    The term *"Internal Notice and Administration Costs"* as used herein shall have the meaning set forth in Section 5.4 of this Agreement.

2.21    The term *"Litigation"* as used herein means the lawsuit originally filed on April 13, 2007 in the United States District Court for the Eastern District of Pennsylvania entitled *King*

*v. Wal-Mart Stores, et. al*, Case No. 2:07-cv-01486 WY, and now consolidated into MDL 1735.

2.22    The term *"MDL 1735"* as used herein means the consolidated proceedings *In Re Wal-Mart Stores, Inc. Employment Practices Litigation*, MDL 1735, Docket No. 2:06-cv-00225-PMP-PAL, pending in the Nevada District Court.

2.23    The term *"Named Plaintiffs"* as used herein means Robert J. King and Keith Rhone.

2.24    The term *"Nevada District Court"* as used herein refers to the United States District Court for the District of Nevada.

2.25    The term *"No-Litigation States"* refers to the following states in which there are no wage and hour class actions brought by hourly associates pending against Wal-Mart: Arizona, Colorado, and Vermont.

2.26    The term *"Non-Settled Wage and Hour Actions"* as used herein refers to the following wage and hour actions brought against Wal-Mart which have not been settled:

    2.26.1.    *Hummel v. Wal-Mart Stores, Inc., et al.*, Case No. 3757 (Court of Common Pleas, Philadelphia County);

    2.26.2.    *Salvas v. Wal-Mart Stores, Inc.*, Case No. 01-3645 (Middlesex County Superior Court, Commonwealth of Massachusetts); and

    2.26.3.    *Savaglio v. Wal-Mart Stores, Inc., et al.*, Case No. C-835687 (Superior Court of the State of California for the County of Alameda).

2.27    The term *"Non-Settled Wage and Hour Action Triggering Event"* as used herein means the date on which the entry of judgment in a Non-Settled Wage and Hour Action has become final with no further right of appeal as defined by the rules of civil procedure applicable to the particular Non-Settled Wage and Hour Action, or as defined by a settlement agreement which may be entered into in the future applicable to the particular Non-Settled Wage and Hour Action. Each Non-Settled Wage and Hour Action shall have its own Non-Settled Wage and Hour Action Triggering Event.

2.28    The term *"Objector"* as used herein means any ERISA Settlement Class Member who files an objection to the Settlement in accordance with Section 7 of this Agreement.

2.29    The term *"Parties"* as used herein means the Named Plaintiffs, the Class Representatives, the ERISA Settlement Class Members, Wal-Mart, and the Plan.

2.30    The term *"Plan"* as used herein means the Wal-Mart Stores, Inc. Profit Sharing and 401(k) Plans, the Wal-Mart Puerto Rico Profit Sharing and 401(k) Plan, all predecessor plans (including but not limited to the Wal-Mart Stores, Inc. 401(k) Retirement Savings Plan) and all successor plans, individually and collectively, and any trust created under any such Plan.

2.31    The term "*Plan of Allocation*" as used herein shall have the meaning set forth in Section 5.1 of this Agreement.

2.32    The terms "*Plan Participant*" or "*Participant*" as used herein means a participant in the Plan within the meaning of ERISA.

2.33    The terms "*Qualified Settlement Fund*" or "*QSF*" as used herein means the Qualified Settlement Fund to be created in accordance with Section 8 of this Agreement.

2.34    The term "*Settled Wage and Hour Actions*" as used herein refers to the following wage and hour class actions brought against Wal-Mart with respect to which binding term sheets and/or settlement agreements have been entered into between Wal-Mart and counsel for the plaintiffs in those cases:

    2.34.1.    *Adcox, et al. v. Wal-Mart Stores, Inc., et al.*, Case No. 3:04-cv-633 (United States District Court for the Southern District of Texas, Houston Division) and *Lopez, et al. v. Wal-Mart Stores, Inc., et al.*, Case No. 12326BH2000 (Twenty-Third Judicial Circuit, Brazoria County, Texas);

    2.34.2.    *Alix v. Wal-Mart Stores, Inc.*, RJI No. 01-02-071134 (Supreme Court, Albany County, New York);

    2.34.3.    *Armijo, et al. v. Wal-Mart Stores, Inc., et al.*, Case No. D-0117-CV-2000-02211 (First Judicial District Court, County of Rio Arriba, State of New Mexico);

    2.34.4.    *Bailey, et al. v. Wal-Mart Stores, Inc., et al.*, Case No. 49D05-0008-CT-1177 (Marion Superior Court, State of Indiana);

    2.34.5.    *Barnett, et al. v. Wal-Mart Stores, Inc., et al.*, Case No. 01-2-24553-8 SEA (Superior Court for the State of Washington, In and For King County);

    2.34.6.    *Brown (Lisa), et al. v. Wal-Mart Stores, Inc., et al.*, Case No. 01 L 85 (15th Judicial Circuit Court, Rock Island, Illinois);

    2.34.7.    *Carter, et al. v. Wal-Mart Stores, Inc., et al.*, Case No. 2006-CP-A5-839R (Court of Common Pleas, Fourteenth Judicial Circuit, South Carolina);

    2.34.8.    *Hale, et al. v. Wal-Mart Stores, Inc., et al.*, Case No. 01-CV-218710 (Circuit Court of Jackson County, Missouri at Kansas City);

    2.34.9.    *Iliadis, et al. v. Wal-Mart Stores, Inc., et al.*, Case No. MID-L-5498-02 (Superior Court of New Jersey, Middlesex County, New Jersey);

    2.34.10.    *Lerma, et al. v. Wal-Mart Stores, Inc., et al.*, Case No. CJ-2001-1395 (District Court of Cleveland County, State of Oklahoma);

2.34.11.     *In Re: Wal-Mart Wage and Hour Employment Practices Litigation*, Case No. 2:06-cv-00225-PMP-PAL (United States District Court for the District of Nevada), which consists of the following cases:

    2.34.11.1.     *Bayardo v. Wal-Mart Stores, Inc., et al.*, Case No. 07-00349 (United States District Court for the District of Nevada) ("*Bayardo*") (California);

    2.34.11.2.     *Brogan (Pam), et al. v. Wal-Mart Stores, Inc., et al.*, Case No. 07-00214 (United States District Court for the Southern District of West Virginia) ("*Brogan (Pam)*") (West Virginia);

    2.34.11.3.     *Brogan (Tammy), et al. v. Wal-Mart Stores, Inc., et al.*, Case No. 2:09-cv-00338 PMP-PAL (United States District Court for the District of Nevada) ("*Brogan (Tammy)*") (New Hampshire);

    2.34.11.4.     *Campbell v. Wal-Mart Stores, Inc., et al.*, Case No. 06-11722 (United States District Court for the District of Nevada) ("*Campbell*") (Rhode Island);

    2.34.11.5.     *Cole v. Wal-Mart Stores, Inc., et al.*, Case No. 06-00003 (United States District Court for the District of Montana) ("*Cole*") (Montana);

    2.34.11.6.     *Curless v. Wal-Mart Stores, Inc., et al.*, Case No. 05-00277 (United States District Court for the District of Wyoming) ("*Curless*") (Wyoming);

    2.34.11.7.     *Cruzado v. Wal-Mart Stores, Inc., et al.*, Case No. 2:09-cv-00595-PMP-PAL (United States District Court for the District of Nevada) ("*Cruzado*") (Puerto Rico);

    2.34.11.8.     *Deas v. Wal-Mart Stores, Inc., et al.*, Case No. 06-00052 (United States District Court for the Eastern District of Virginia) ("*Deas*") (Virginia);

    2.34.11.9.     *Griffin v. Wal-Mart Stores, Inc., et al.*, Case No. 2:09-CV00341 (United States District Court for the District of Nevada) ("*Griffin*") (Arkansas);

    2.34.11.10.     *Hall v. Wal-Mart Stores, Inc., et al.*, Case No. 05-01099 (United States District Court for the District of Nevada) ("*Hall*") (Nevada);

    2.34.11.11.     *Henderson v. Wal-Mart Stores, Inc., et al.*, Case No. 06-01569 (United States District Court for the District of Nevada) ("*Henderson*") (Connecticut);

2.34.11.12.   *Hicks v. Wal-Mart Stores, Inc., et al.*, Case No. 07-00051 (United States District Court for the Eastern District of Texas) ("*Hicks*") (Texas);

2.34.11.13.   *Jackson (Dora) v. Wal-Mart Stores, Inc., et al.*, Case No. 05-00269 (United States District Court for the District of Delaware) ("*Jackson (Dora)*") (Delaware);

2.34.11.14.   *Jackson (Reginald) v. Wal-Mart Stores, Inc., et al.*, Case No. 05-00424 (United States District Court for the District of Idaho) ("*Jackson (Reginald)*") (Idaho);

2.34.11.15.   *Kraemer v. Wal-Mart Stores, Inc.*, Case No. 06-00098 (United States District Court for the District of North Dakota) ("*Kraemer*") (North Dakota);

2.34.11.16.   *Luce v. Wal-Mart Stores, Inc., et al.*, Case No. 05-01019 (United States District Court for the District of South Dakota) ("*Luce*") (South Dakota);

2.34.11.17.   *Mathies, et al. v. Wal-Mart Stores, Inc., et al.*, Case No. 07-00483 (United States District Court for the District of Oregon) ("*Mathies*") (Oregon);

2.34.11.18.   *McFarlin v. Wal-Mart Stores, Inc., et al.*, Case No. 05-00094 (United States District Court for the District of Alaska) ("*McFarlin*") (Alaska);

2.34.11.19.   *Nolan, et al. v. Wal-Mart Stores, Inc., et al.*, Case No. 06-0777 (United States District Court for the Northern District of Ohio) ("*Nolan*") (Ohio);

2.34.11.20.   *Olinger v. Wal-Mart Stores, Inc., et al.*, Case No. 06-14055 (United States District Court for the Eastern District of Michigan) ("*Olinger*") (Michigan);

2.34.11.21.   *Parrish v. Wal-Mart Stores, Inc., et al.*, Case No. 2:09-cv-00342-PMP-PAL (United States District Court for the District of Nevada) ("*Parrish*") (Georgia);

2.34.11.22.   *Penn v. Wal-Mart Stores, Inc., et al.*, Case No. 06-06045 (United States District Court for the Eastern District of Louisiana) ("*Penn*") (Louisiana);

2.34.11.23.   *Poha v. Wal-Mart Stores, Inc., et al.*, Case No. 05-00697 (United States District Court for the District of Hawaii) ("*Poha*") (Hawaii);

2.34.11.24. *Pritchett v. Wal-Mart Stores, Inc., et al.*, Case No. 2:09-cv-00343 (United States District Court for the District of Nevada) ("*Pritchett*") (Alabama);

2.34.11.25. *Smith (Adriane) v. Wal-Mart Stores, Inc., et al.*, Case No. 07-00188 (United States District Court for the Western District of Wisconsin) ("*Smith*") (Wisconsin);

2.34.11.26. *Stafford v. Wal-Mart Stores, Inc., et al.*, Case No. 05-00535 (United States District Court for the District of Nebraska) ("*Stafford*") (Nebraska);

2.34.11.27. *Whitacre v. Wal-Mart Stores, Inc., et al.*, Case No. 07-00445 (United States District Court for the District of Nevada) ("*Whitacre*") (Maryland);

2.34.11.28. *Williams (Norma Jean) v. Wal-Mart Stores, Inc., et al.*, Case No. 06-00061 (United States District Court for the District of Utah) ("*Williams (Norma Jean)*") (Utah);

2.34.11.29. *Williams (Travis) v. Wal-Mart Stores, Inc., et al.*, Case No. 06-00142 (United States District Court for the Western District of North Carolina) ("*Williams (Travis)*") (North Carolina); and

2.34.11.30. *Woods v. Wal-Mart Stores, Inc., et al.*, Case No. 06-00006 (United States District Court for the District of Maine) ("*Woods*") (Maine).

2.34.12. *Montgomery, et al. v. Wal-Mart Stores, Inc., et al.*, Case No. 3:03-CV-539-HTW-AGN (United States District Court for the Southern District of Mississippi, Jackson Division) and *Winters, et al. v. Wal-Mart Stores, Inc., et al.*, Case No. 3:02CV1171 WS (United States District Court for the Southern District of Mississippi, Jackson Division);

2.34.13. *Mussmann, et al. v. Wal-Mart Stores, Inc., et al.*, Case No. LA27486 (Iowa District Court, Clinton County, Iowa);

2.34.14. *Nagy, et al. v. Wal-Mart Stores, Inc.*, Case No. 01-CI-00854 (Commonwealth of Kentucky, Boyd County Circuit Court) and *Gross, et al. v. Wal-Mart Stores, Inc., et al.*, Case No. 04-CI-01029 (Commonwealth of Kentucky, Laurel County Circuit Court, Division II);

2.34.15. *Ouellette, et al. v. Wal-Mart Stores, Inc., et al.*, Case No. 67-01-CA-326 (Circuit Court, Fourteenth Judicial Circuit in and for Washington County, Florida);

2.34.16.    *Pickett, et al. v. Wal-Mart Stores, Inc., et al.*, Case No. CT-005945-03 (Circuit Court of Tennessee for the Thirteenth Judicial District at Memphis, Shelby County); and

2.34.17.    *Willey, et al. v. Wal-Mart Stores, Inc., et al.*, Case No. 01 C3688 (District Court of Wyandotte County Kansas, Civil Court Department).

2.35    The term *"Settled Wage and Hour Action Triggering Event"* as used herein means the date on which the order granting final approval and the entry of final judgment following the settlement of a Settled Wage and Hour Action has become final with no further right of appeal as defined in the settlement agreement applicable to the particular Settled Wage and Hour Action. Each Settled Wage and Hour Action shall have its own Settled Wage and Hour Action Triggering Event.

2.36    The term *"Settlement"* as used herein means the compromise and settlement of the Litigation as contemplated by this Agreement.

2.37    The term *"Settlement Effective Date"* as used herein means the first day following the last of the following occurrences:

2.37.1.    The date the time to appeal or seek permission to appeal or seek other judicial review of the entry of a Final Judgment approving the Settlement has expired with no appeal or other judicial review having been taken or sought; or

2.37.2.    If an appeal or other judicial review has been taken or sought: (i) the date the Final Judgment is finally affirmed by an appellate court with no possibility of subsequent appeal or other judicial review therefrom; or (ii) the date the appeal(s) or other judicial review therefrom are finally dismissed with no possibility of subsequent appeal or other judicial review; or (iii) if remanded to the Court or to a lower appellate court following an appeal or other review, the date the Final Judgment is entered by the Court after remand and the time to appeal or seek permission to appeal or seek other judicial review of the entry of that Final Judgment has expired with no further appeal or other judicial review having been taken or sought. If further appeal is sought after a remand, the time periods in this Subsection shall apply.

2.38    The term *"Wal-Mart"* as used herein means Wal-Mart Stores, Inc., Sam's East, Inc., Sam's West, Inc., Wal-Mart Stores East, Inc., Wal-Mart Stores East, LP, Wal-Mart Associates, Inc., and any of their current or former subsidiaries, affiliates, predecessors, insurers, agents, employees, successors, assigns, officers, officials, directors, partners, employers, attorneys, personal representatives, executors, and shareholders, including their respective current or former pension, profit sharing, savings, health, and other employee benefit plans of any nature, the successors of such plans, and those plans' respective current or former trustees, administrators, agents, employees, and fiduciaries as well as the personal representatives or executors of any such persons.

8

3.     RECITALS

3.1    On April 13, 2007, Named Plaintiff Robert J. King filed a complaint in the United States District Court for the Eastern District of Pennsylvania, Case No. 2:07-cv-01486 WY, alleging various claims for relief under ERISA against Wal-Mart, the Wal-Mart Retirement Plans Committee, and unidentified John and Jane Does 1-15 ("Defendants").

3.2    On December 21, 2007, the Judicial Panel on Multi-District Litigation transferred the *King* case to the Nevada District Court as part of MDL 1735 in accordance with 28 U.S.C. §1407.

3.3    On August 11, 2008, the Nevada District Court granted in part and denied in part Defendants' motions to dismiss and granted plaintiffs leave to amend the Complaint. On September 10, 2008, Named Plaintiffs Robert J. King and Keith Rhone filed an amended complaint.

3.4    On November 14, 2008, Defendants answered the amended complaint and also filed a partial motion to dismiss, which motion remains pending.

3.5    Following arms-length negotiations, the Parties reached an agreement to settle the Litigation subject to Court approval and in accordance with the terms set forth in this Agreement.

3.6    Based on Class Counsels' independent investigation and evaluation, Class Counsel are of the opinion that the Settlement is fair, reasonable, and adequate and is in the best interest of the ERISA Settlement Class Members in light of all known facts and circumstances.

3.7    Wal-Mart denies any liability or wrongdoing of any kind associated with the claims alleged and contends that this Litigation is not appropriate for class or collective action treatment pursuant to Rule 23 of the Federal Rules of Civil Procedure, the FLSA, or any other federal or state rule, statute, law, or provision. Other than for purposes of this Settlement, Wal-Mart continues to assert that the Litigation fails to meet the prerequisites necessary for class or collective action treatment under applicable law, especially, but not solely, with respect to predominance and manageability because the need to determine individualized issues make the Litigation unmanageable consistent with due process. Wal-Mart also preserves and does not waive other objections, including without limitation whether Wal-Mart's time-clock records and other evidence as alleged by Plaintiffs are sufficient to allow a fact finder to draw inferences regarding whether rest or meal breaks were missed or interrupted. Wal-Mart further asserts that it has complied with all applicable provisions of any statutory or common law. Wal-Mart further states that notwithstanding its good faith belief that it is not liable for any of the claims asserted, and despite its good faith belief that neither certification nor collective action treatment is appropriate, Wal-Mart will not oppose the Court's certification of the ERISA Settlement Class contemplated by this Agreement <u>solely</u> for purposes of effectuating this Settlement. Other than for purposes of this Settlement, Wal-Mart does not waive its objections to certification of the ERISA Settlement Class, or any other class, in this Litigation, or in

any other wage and hour or other class actions, as a litigation class. This conditional waiver is made in furtherance of this particular Settlement and shall not be deemed admissible in any subsequent proceeding in the Litigation should the Settlement not be effectuated pursuant to Section 14.

3.8     The entry of Final Judgment in this Litigation shall dismiss with prejudice all claims which were or which could have been alleged in the Litigation by any Class Members. The Parties agree to cooperate and take all steps necessary and appropriate to obtain preliminary and final approval of this Settlement, to effectuate its terms, and to dismiss this Litigation with prejudice.

## 4.     CERTIFICATION OF ERISA SETTLEMENT CLASS

4.1     As part of this Settlement, Class Counsel shall request that the Court enter an order certifying the ERISA Settlement Class for settlement purposes pursuant to Fed. R. Civ. P. 23(b)(1) in accordance with this Agreement. The form of class certification order shall, subject to Court approval, expressly state that the Parties and Class Counsel agree that certification of the ERISA Settlement Class is a conditional certification for settlement purposes only, and that Wal-Mart retains its right to object to certification of this Litigation, or any other wage and hour class or collective action, or any other class action, under Rule 23, the FLSA, or any other applicable rule, statute, law, or provision. A form of class certification order for settlement purposes only, subject to Court approval, is attached as Exhibit 1.

4.2     The Parties and Class Counsel agree that, if approved, certification of the ERISA Settlement Class is a conditional certification for settlement purposes only, and if for any reason the Court does not grant final approval of the Settlement, or if final approval is not given following the appeal of any order by the Court, or if for any reason the Settlement Effective Date does not occur, the certification of the ERISA Settlement Class for settlement purposes shall be deemed null and void without further action by the Court or any of the Parties, and each Party shall retain all of its respective rights as they existed prior to execution of this Settlement Agreement, and neither this Settlement Agreement, nor any of its accompanying exhibits or any orders entered by the Court in connection with this Settlement Agreement, shall be admissible or used for any purpose in this Litigation.

4.3     The Parties and Class Counsel agree that, if approved, certification of the ERISA Settlement Class for settlement purposes is in no way an admission by Wal-Mart that class certification is proper in this Litigation for any purpose other than for settlement, in any other wage and hour litigation, or in any other litigation, against Wal-Mart. Other than for settlement purposes, Wal-Mart continues to assert that this Litigation fails to meet the prerequisites necessary for class or collective action treatment under applicable law, especially, but not solely, with respect to predominance and manageability because the need to determine individualized issues make the case unmanageable consistent with due process. The Parties and Class Counsel further agree that, other than to effectuate the Settlement of this Litigation in this jurisdiction, the certification of the ERISA Settlement

10

Class for settlement purposes and all documents related thereto, including this Agreement and all accompanying exhibits and all orders entered by the Court in connection with this Agreement, are not intended to be admissible in any judicial, arbitral, administrative, investigative, or other court, tribunal, forum, or other proceeding, including without limitation any wage and hour litigation, or any other litigation, against Wal-Mart.

## 5.    TERMS OF SETTLEMENT

5.1    Subject to the other terms and conditions of this Agreement, and subject to Court approval, Wal-Mart agrees to pay the ERISA Settlement Payment of Five Million Dollars ($5,000,000) in settlement of the ERISA Settlement Class Member Released Claims. The ERISA Settlement Payment, less Attorneys' Fees and Costs, Class Representative Compensation Awards, and External Notice Costs, shall be, subject to Court approval: (i) transferred to the Plan in accordance with the timetable set forth in Section 5.7; and (ii) allocated by the Plan in accordance with the Plan of Allocation to be proposed and developed by Class Counsel subject to Court approval. The Plan of Allocation proposed and developed by Class Counsel is attached hereto as Exhibit 2. Wal-Mart shall have no responsibility or liability for the Plan of Allocation or any allocations, distributions or use of funds made pursuant to such Plan and shall take no position for or against the proposed Plan of Allocation or any allocations, distributions, or use of funds proposed in such Plan, provided however, that Wal-Mart shall have the right to review and comment on the proposed Plan of Allocation with respect to feasibility.

5.2    Class Counsel shall request that the Court approve the following as Class Representative Compensation Awards: (i) Robert King be paid the reasonable compensation of Five Thousand Dollars ($5,000); and (ii) Keith Rhone be paid the reasonable compensation of Twenty-Five Hundred Dollars ($2,500). The Class Representative Compensation Awards shall be paid from the ERISA Settlement Payment.

5.3    Class Counsel shall apply to the Court for an award of Attorneys Fees' and Costs which shall be paid from the ERISA Settlement Payment. Wal-Mart will not oppose Class Counsel's application for a reasonable award of Attorneys' Fees and Costs.

5.4    External Notice and Administration Costs, such as the cost to publish notice in newspapers in accordance with Section 6.1.1 of this Agreement, expenses related to the QSF (including accounting costs, taxes, tax return costs), and the costs (if any) for a third-party vendor to mail checks to former participants, and to calculate distributions or allocations to current or former participants shall be paid from the ERISA Settlement Payment. Internal Notice and Administration Costs, such as the cost to post notice on Wal-Mart websites in accordance with Section 6.1.2, shall be borne by Wal-Mart in addition to the ERISA Settlement Payment.

5.5    The ERISA Settlement Payment shall be funded through a QSF in accordance with Section 8 of this Agreement.

5.6    Wal-Mart shall transfer funds into the QSF according to the following schedule:

5.6.1.  Wal-Mart shall transfer the anticipated External Notice and Administration Costs within ten (10) calendar days following the date on which the Court enters an order granting preliminary approval of the Settlement, or within seven (7) calendar days of the date on which the Court enters an order approving the QSF, whichever is later.  Prior to the Settlement Effective Date, Wal-Mart shall continue to periodically fund the QSF to cover additional External Notice and Administration Costs, if necessary, in accordance with Section 5.4.

5.6.2.  Within ten (10) calendar days following the Settlement Effective Date, Wal-Mart shall transfer to the QSF any additional amounts necessary to transfer the maximum ERISA Settlement Payment so that the total amounts transferred by Wal-Mart to the QSF equal Five Million Dollars ($5,000,000).

5.7    The Parties shall approve disbursements from the QSF according to the following schedule:

5.7.1.  External Notice and Administration Costs may be disbursed upon receipt and approval of an invoice for such costs from the Claims Administrator.

5.7.2.  Disbursement of the amounts awarded by the Court for Attorneys' Fees and Costs and Class Representative Incentive Awards shall be disbursed to the Berger & Montague, P.C. IOLTA Account, Acct No. 6206186060, ABA No. 036076150, Citizens Bank, within seven (7) days of the transfer of such funds into the QSF by Wal-Mart.

5.7.3.  Disbursements for Settled Wage and Hour Actions.

5.7.3.1. As to each Settled Wage and Hour Action for which the Settled Wage and Hour Action Triggering Event has occurred as of the Settlement Effective Date for this Settlement, disbursements of the amounts allocated by the Plan of Allocation for each such Settled Wage and Hour Action shall be made to the Plan as promptly as practicable following the Settlement Effective Date.

5.7.3.2. As to each Settled Wage and Hour Action for which the Settled Wage and Hour Action Triggering Event has not occurred as of the Settlement Effective Date for this Settlement, disbursements of the amounts allocated by the Plan of Allocation for each such Settled Wage and Hour Action shall be made to the Plan as promptly as practicable following the occurrence of a Wage and Hour Action Triggering Event for each such Settled Wage and Hour Action.

5.7.4.  Disbursements for Non-Settled Wage and Hour Actions

5.7.4.1. As to each Non-Settled Wage and Hour Action for which the Non-Settled Wage and Hour Action Triggering Event has occurred as of the Settlement

Effective Date for this Settlement, disbursements of the amounts allocated by the Plan of Allocation for each such Non-Settled Wage and Hour Action shall be made to the Plan as promptly as practicable following the Settlement Effective Date.

5.7.4.2.As to each Non-Settled Wage and Hour Action for which the Non-Settled Wage and Hour Action Triggering Event has not occurred as of the Settlement Effective Date for this Settlement, disbursements of the amounts allocated by the Plan of Allocation for each such Non-Settled Wage and Hour Action shall be made to the Plan as promptly as practicable following the occurrence of a Non-Settled Wage and Hour Action Triggering Event for each such Non-Settled Wage and Hour Action.

5.7.5.  Disbursements of the amounts allocated by the Plan of Allocation for each No-Litigation State shall be made to the Plan as promptly as practicable following the Settlement Effective Date.

## 6.    NOTICE

6.1    The parties agree to provide notice to the members of the ERISA Settlement Class which shall summarize the terms of the Settlement, shall advise ERISA Settlement Class Members of their right to object to the Settlement, the process by which such objections must be made, and the date set by the Court to hold a hearing with respect to final approval of the Settlement.  A form of the full notice and summary notice to be made to the ERISA Settlement Class Members as agreed to by the Parties subject to Court approval is attached hereto as Exhibit 3.  Such notice shall be made as follows:

6.1.1.  By way of publication of the summary notice once in *Parade* Magazine or *USA Today* (on a national basis) and over Business Wire (on a national basis);

6.1.2.  By publishing the full notice on the Wal-Mart benefits website, and one or more additional website or websites to be agreed to by the parties; and

6.1.3.  By sending the full notice by U.S. mail to all counsel of record in the Non-Settled Wage and Hour Actions and the Settled Wage and Hour Actions.

6.2    The Parties agree that notice shall be provided to the appropriate federal and state officials in accordance with CAFA.  This CAFA notice shall be made by the Claims Administrator within ten (10) days after the filing of the motion for preliminary approval by Class Counsel.

13

## 7.    OBJECTIONS

7.1    An ERISA Settlement Class Member who wishes to object to the Settlement must notify the Court of his or her objection, in writing, on or before a date that is approximately forty-five (45) days after the date on which notice is published.

7.2    The written objection must be made under penalty of perjury and include the following information:

7.2.1.  A heading referring to this Litigation;

7.2.2.  The Objector's name, address, and telephone number, and the contact information for any attorney retained by the Objector in connection with the objection or otherwise in connection with the Litigation;

7.2.3.  The location(s) and state or states and the type of facility or facilities where the Objector worked for Wal-Mart, position and dates of employment;

7.2.4.  A detailed statement of the specific factual and legal basis for each objection;

7.2.5.  A statement as to whether the Objector intends to appear at the final fairness hearing, either in person or through counsel, and, if through counsel, identifying the counsel by name, address and telephone number;

7.2.6.  A list of any witnesses the Objector may call at the final fairness hearing, together with a brief summary of each witness's expected testimony;

7.2.7.  A list of and copies of any exhibits which the Objector may seek to use at the final fairness hearing;

7.2.8.  A list of any legal authority the Objector may present at the final fairness hearing;

7.2.9.  The Objector's signature, executed under penalty of perjury.

## 8.    QUALIFIED SETTLEMENT FUND

8.1    At the times required by Section 5.6 of this Agreement, Wal-Mart shall transfer the required portions of the Class Settlement Amount to a trustee selected jointly by Class Counsel and Wal-Mart (the "*Trustee*") to be held as a separate trust constituting a QSF as described in Treasury Regulation §1.468B-1, 26 C.F.R. §1.468B-1. Class Counsel and Wal-Mart jointly shall, and shall cause the Trustee to, take such steps as shall be necessary to qualify the QSF under §468B of the Internal Revenue Code, 26 U.S.C. §468B, and the regulations promulgated pursuant thereto. Wal-Mart shall be considered the "transferor" within the meaning of Treasury Regulation §1.468B-1(d)(1). The Claims Administrator shall be the "administrator" within the meaning of Treasury Regulation §1.468B-2(k)(3). The Parties shall cooperate in securing an order of the Court to establish the QSF in accordance with the terms hereof in conjunction with its preliminary

14

approval of the Settlement and Notice as described in Section 10.1. The Court shall retain jurisdiction over the administration of the QSF. Wal-Mart shall supply to the Claims Administrator and to the Internal Revenue Service the statement described in Treasury Regulation §1.468B-3(e)(2) no later than February 15th of the year following each calendar year in which Wal-Mart makes a transfer to the QSF. It is intended that the transfers to the QSF will satisfy the "all events test" and the "economic performance" requirement of §461(h)(1) of the Internal Revenue Code, and Treasury Regulation §1.461-1(a)(2). Accordingly, Wal-Mart shall not include the income of the QSF in its income. Rather, the QSF shall be taxed on its modified gross income, excluding the sums transferred to it, and shall make payment of resulting taxes from its own funds. In computing the QSF's modified gross income, deductions shall be allowed for its administrative costs and other deductible expenses incurred in connection with the operation of the QSF, including, without limitation, state and local taxes and legal, accounting, and other fees relating to the operation of the QSF.

8.2    Upon establishment of the QSF, the Trustee shall apply for an employer identification number for the QSF utilizing Internal Revenue Service Form SS-4 and in accordance with Treasury Regulation §1.468B-2(k)(4).

8.2.1.    If requested by either Wal-Mart or the Claims Administrator, the Claims Administrator, the Trustee, and Wal-Mart shall fully cooperate in filing a relation-back election under Treasury Regulation §1.468B-1(j)(2) to treat the QSF as coming into existence as a settlement fund as of the earliest possible date.

8.2.2.    Following its deposits as described in Section 5.6 of this Agreement, Wal-Mart shall have no responsibility, financial obligation, or liability whatsoever with respect to the investment of QSF funds, payment of federal, state, and local income, employment, unemployment, excise, and other taxes imposed on the QSF or its disbursements or payment of the administrative, legal, accounting, or other costs occasioned by the use or administration of the QSF, since it is agreed that such deposits shall fully discharge Wal-Mart's obligation to Class Members, Class Counsel and expenses of administration in respect to the disposition of the Class Settlement Amount hereunder.

8.2.3.    The Claims Administrator shall cause to be filed, on behalf of the QSF, any required federal, state, and local tax returns, information returns, and tax withholdings statements in accordance with the provisions of Treasury Regulation §1.468B-2. The Claims Administrator may, at the expense of the QSF, retain legal counsel and an independent, certified public accountant to consult with and advise the Claims Administrator or the Trustee with respect to the preparation and filing of such materials and the federal, state, and local tax compliance of the QSF. Either Wal-Mart or the Claims Administrator, independently or jointly, may, but are not required to, apply to the Internal Revenue Service and/or any applicable state taxing authority for an advance ruling as to any issue pertinent to the qualification of the QSF under Internal

15

Revenue Code §468B and Treasury Regulations promulgated thereunder, its tax status under applicable state law, and/or its tax payment, reporting, and withholding duties, so long as Wal-Mart and the remaining Parties are reasonably satisfied that such application and ruling will not compromise the confidentiality of settlement evidenced herein as required by Section 20 of this Agreement.

8.3     It is agreed that any amounts paid under this Agreement do not represent a modification of the paid Claimants' previously credited hours of service or compensation to be taken into account under any employee benefit plan sponsored, or contributed to, by Wal-Mart or any jointly-trusteed benefit plans. Such amounts will not form the basis for additional contributions to, benefits under, or any other monetary entitlement under, Wal-Mart sponsored or jointly-trusteed benefit plans.

   8.3.1.   Wal-Mart retains the right to modify the language of its Benefit Plans, to seek to have modified the language of any jointly-trusteed Benefit Plans, and to make clear that any amounts paid pursuant to this Agreement are not for "hours of service" (or any similar term) and are not "compensation" (or any similar term) as defined by the applicable Benefit Plans and that additional contributions or benefits are not required by this Agreement.

   8.3.2.   This Agreement and any distributions made pursuant to it will have no effect on Benefit Plan eligibility, vesting, contributions, or benefits of or on behalf of current or former employees covered by this Agreement.

   8.3.3.   For purposes of this Agreement, "*Benefit Plan*" means each and every "employee benefit plan" as defined in 29 U.S.C. § 1002(3), and each and every other plan, fund, program, or arrangement that relates to bonus, pension, stock option, stock purchase, stock appreciation, welfare, profit-sharing, retirement, disability, vacation, severance, hospitalization, insurance, Compensation, deferred compensation, or any other similar benefit for one or more current or former employees or their beneficiaries.

8.4     The taxable year of the QSF shall be the calendar year in accordance with Treasury Regulation §1.468B-2(j). The QSF shall utilize the accrual method of accounting within the meaning of § 446(c) of the Internal Revenue Code.

8.5     The QSF shall be invested in U.S. Treasury securities, securities issued by United States agencies or fully insured by the FDIC, deposits and certificates of deposit fully insured by the FDIC and backed by the full faith and credit of the U.S. Treasury, or short term debt or commercial paper guaranteed by the FDIC under the Temporary Liquidity Guaranty Program and backed by the full faith and credit of the U.S. Treasury, provided that such portions of the QSF as may reasonably be required to pay current QSF administrative expenses, taxes, or disbursements to Claimants or Class Counsel may be deposited in bank accounts which are federally insured to the greatest extent practicable.

All federal, state, and local taxes imposed with respect to income earned by, or property of, the QSF, shall be paid from the QSF.

8.6     The Claims Administrator may amend, either in whole or in part, any administrative provision of this Section or the trust instrument through which the QSF is established to maintain the qualification of the QSF pursuant to the above-described authorities provided that the rights and liabilities of the Parties hereto and the Class are not altered thereby in any material respect.

9.     ERISA SETTLEMENT CLASS MEMBER RELEASED CLAIMS

9.1     Subject to final approval by the Court of the Settlement, and for good and valuable consideration set forth herein, the receipt of which is hereby acknowledged, the Named Plaintiffs, the Class Representatives, and all members of the ERISA Settlement Class, on behalf of themselves and on behalf of the Plan ("***Releasing ERISA Settlement Class Members***"), do, as of the Settlement Effective Date, hereby irrevocably release, acquit, and forever discharge Wal-Mart of and from any and all claims, rights, penalties, demands, damages, debts, accounts, duties, costs and expenses (other than those costs and expenses required to be paid pursuant to this Agreement), liens, charges, complaints, causes of action, obligations, or liability, for all claims that they brought or could have brought in their own right or on a representative basis, that the Releasing ERISA Settlement Class Members directly, indirectly, derivatively, or in any other capacity ever had, now have, or hereafter may have under ERISA that were asserted in the Litigation or that could have been asserted but were not asserted in the Litigation, arising during the ERISA Settlement Class Period, whether known or unknown, arising out of the alleged underpayment of employee wages, including any claims related to the Settled Wage and Hour Actions, the Non-Settled Wage and Hour Actions, and the No-Litigation States. The Releasing ERISA Class Members further release, acquit, and forever discharge Wal-Mart of and from any and all claims, rights, penalties, demands, damages, debts, accounts, duties, costs and expenses, liens, charges, complaints, causes of action, obligations, or liability based on or arising from the development of the Plan of Allocation or any allocation, distribution, or use of funds pursuant to said Plan. The Releasing ERISA Class Members further covenant to obtain any necessary Court approval with respect to the ERISA Class Member Released Claims as they apply to any ERISA Settlement Class Members who are minors.

9.2     This release also includes a release of all claims for attorneys' fees, costs and/or expenses and costs incurred by any of the Releasing ERISA Settlement Class Members or by Class Counsel in connection with the Litigation and the Settlement of the Litigation, other than the Attorneys' Fees and Costs awarded by the Court in accordance with this Agreement.

9.3     The Releasing ERISA Settlement Class Members understand and agree that this release is a full and final general release applying to both those claims released in Section 9.1 that are currently known, anticipated, or disclosed to Plaintiffs and to all such claims that are presently unknown, unanticipated, or undisclosed to any or all Plaintiffs arising out of the alleged facts, circumstances, and occurrences underlying: (i) the claims set forth in the

17

Litigation; or (ii) Wal-Mart's conduct with respect to the Litigation, provided, however, that nothing in this Agreement shall release any claims arising in *Braden v. Wal-Mart Stores, Inc.* (W.D. Mo., Case No. 08-3109-CV-S-GAF), nor shall anything in this Agreement release claims concerning plans other than the Plan (as defined in Section 2.30) or claims concerning the Plan, such as routine claims for benefits under ERISA § 502(a)(1)(B) wholly unrelated to the transactions and occurrences that were directly or indirectly at issue in the Litigation, MDL 1735, the Settled Wage and Hour Actions or the Non-Settled Wage and Hour Actions. In exchange for the good and valuable consideration set forth herein, the Releasing ERISA Settlement Class Members waive any and all rights or benefits that they as individuals or the classes may now have as a result of the alleged facts, circumstances, and occurrences underlying the claims set forth in the Litigation under the terms of Section 1542(a) of the California Civil Code (or similar statute in effect in any other jurisdiction), which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH DEBTOR.

10.    DUTIES OF THE PARTIES PRIOR TO PRELIMINARY COURT APPROVAL

10.1    Class Counsel shall promptly apply to the Court for the entry of an order granting preliminary approval of the Settlement, and related documents, including the following:

10.1.1.    Preliminarily approving the terms of the Settlement as set forth in this Agreement;

10.1.2.    Approving as to form and content the proposed Notice attached hereto as Exhibit 3;

10.1.3.    Approving such other documents or procedures relating to the Settlement as the Court deems appropriate;

10.1.4.    Directing the provision of notice in accordance with this Agreement;

10.1.5.    Preliminarily approving the Settlement;

10.1.6.    Preliminarily certifying the ERISA Settlement Class for purposes of Settlement in accordance with Section 4.1; and

10.1.7.    Approving Class Counsel, the Class Representatives and the Claims Administrator in accordance with this Agreement.

10.2    Wal-Mart shall fully cooperate with Class Counsel to obtain preliminary approval.

18

10.3   The Parties shall continue to take any steps necessary to stay the Litigation so as to preserve the status quo in the event that the Settlement Effective Date does not occur.

11.     DUTIES OF THE PARTIES FOLLOWING PRELIMINARY COURT APPROVAL

11.1   Following preliminary approval of the Settlement by the Court, Class Counsel will submit a proposed Final Judgment and Order of Dismissal substantially in the form attached hereto as Exhibit 4. The proposed Final Judgment and Order of Dismissal shall:

    11.1.1.   Approve the Settlement, adjudging the terms thereof to be fair, reasonable, and adequate and directing consummation of its terms and provisions;

    11.1.2.   Approve Class Counsel's award of Attorneys' Fees and Costs;

    11.1.3.   Approve the Class Representative Compensation Awards;

    11.1.4.   Finally certify the ERISA Settlement Classes for Settlement purposes in accordance with Section 4.1 and Exhibit 1 to this Agreement;

    11.1.5.   Dismiss this Litigation on the merits and with prejudice and permanently barring the Named Plaintiffs, the Class Representatives, and all ERISA Settlement Class Members from further prosecuting any of the ERISA Class Member Released Claims against Wal-Mart or the Plan.

11.2   Wal-Mart shall fully cooperate with Class Counsel to obtain final approval and the dismissal of the Litigation.

12.     MUTUAL FULL COOPERATION

12.1   The Parties and their undersigned counsel shall use their best efforts to effectuate this Settlement Agreement, and shall cooperate including the taking of all steps and efforts contemplated by this Settlement Agreement, and any other lawful steps and efforts which may become necessary by any order of the Court or otherwise, to effectuate this Settlement Agreement and to promptly seek and obtain the Court's preliminary and final approval of this Settlement Agreement (including providing class notice under Federal Rule of Civil Procedure 23(c) and (e)) and to secure the prompt, complete, and final dismissal with prejudice of the Litigation). In agreeing to cooperate fully with each other to accomplish the terms of this Settlement, the Parties promptly shall take all necessary action to implement this Agreement, including but not limited to execution of all necessary documents and the taking of such other actions as may reasonably be necessary to implement the terms of this Settlement. The Parties shall use their best efforts, including all efforts contemplated by this Settlement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate the terms of this Settlement.

13.     STATEMENT OF NO ADMISSION

13.1    Nothing contained in this Agreement shall be construed or deemed an admission of liability, culpability, or wrongdoing on the part of Wal-Mart, and Wal-Mart denies liability therefor. Nor shall this Agreement constitute an admission by Wal-Mart as to any interpretation of laws or as to the merits, validity, or accuracy of any claims made against it in the Litigation. Likewise, nothing in this agreement shall be construed or deemed an admission with regards to the validity of any of Wal-Mart's defenses or affirmative defenses. Each of the Parties has entered into this Settlement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses.

13.2    This Agreement and all related documents, and all actions taken in implementation of the Settlement, including any statements, discussions, or communications, and any materials prepared, exchanged, issued, or used during the course of the negotiations leading to this Agreement, are settlement documents and shall be inadmissible in evidence and shall not be used for any purpose in any judicial, arbitral, administrative, investigative, or other court, tribunal, forum, or proceeding, including any wage and hour or other litigation against Wal-Mart, for any purpose, except in an action or proceeding to approve, interpret, or enforce the terms of this Agreement.

13.3    The Claim Forms or other evidence produced or created by any Class Member in connection with the claims resolutions procedures pursuant to this Settlement, and any actions taken by Wal-Mart in response to such Claim Forms, Exclusion Letters, or other evidence, do not constitute, are not intended to constitute, and will not be deemed to constitute an admission by Wal-Mart of any violation of any federal, state, or local law, statute, ordinance, regulation, rule, or executive order, or any obligation or duty at law or in equity.

13.4    The Parties and Class Counsel agree that certification of the ERISA Settlement Class in accordance with the terms of this Agreement is for settlement purposes only. Nothing in this Agreement will be construed as an admission or acknowledgement of any kind that any class should be certified in this Litigation or in any other action or proceeding. Further, neither this Agreement, nor the Court's actions with regard to this Agreement, will be deemed admissible in any judicial, arbitral, administrative, investigative, or other court, tribunal, forum, or proceeding regarding the propriety of class certification or collective treatment. In the event that this Agreement is not approved by the Court, any appellate court, otherwise fails to become effective and enforceable, or is terminated, Wal-Mart will not be deemed to have waived, limited, or affected in any way any of its objections or defenses in the Litigation. Such objections and defenses include, but are not limited to, Wal-Mart's objections and defenses to any class certification and FLSA collective action treatment.

## 14.    VOIDING THE AGREEMENT

14.1    Subject to Subsections 14.2 and 14.3, in the event that this Settlement is not approved, or if for any reason the Settlement Effective Date does not occur, the Settlement shall be deemed null, void, and unenforceable and shall not be used nor shall it be admissible in any subsequent proceedings either in this Court or in any other judicial, arbitral, administrative, investigative, or other court, tribunal, forum, or other proceeding, including without limitation any wage and hour, or other litigation against Wal-Mart.  In the event the Settlement Effective Date does not occur, any party to this Agreement may terminate this Agreement in which case all parties shall be returned to the same position in the Litigation as of the day immediately before the Execution of this Agreement.

14.2    In the event that the Court does not approve the Attorneys' Fees and Costs in the amount requested by Class Counsel, or in the event that the Attorneys' Fees and Costs requested by Class Counsel is reduced, that finding shall not be a basis for rendering any unrelated section of Settlement null, void, or unenforceable.  Class Counsel retain their right to appeal any decision by the Court regarding the Attorneys' Fees and Costs and such appeal shall not be deemed an appeal of the Settlement. The merits and substance of the Settlement shall be approved by the Court separately and independently of the Court's decisions regarding Class Counsel's application for Attorneys' Fees and Costs.

14.3    Wal-Mart, in its sole discretion, shall have the right to declare the settlement with the members of the ERISA Settlement Class null, void, and unenforceable if, as of the fifth (5th) day before the date set for the hearing on Final Approval:  (i) the Plan, by and through the Independent Fiduciary engaged for the specific purpose of reviewing this Settlement, and the Independent Fiduciary, in its capacity as a fiduciary of the Plan, have not agreed in writing, in consideration of the terms herein, to grant, effective upon the Settlement Effective Date, a release of Wal-Mart releasing the same claims as the release given by the ERISA Settlement Class as set forth in Section 9 of this Agreement; and (ii) the Independent Fiduciary has not determined that such release and this Settlement meet the requirements of the Class Exemption.

## 15.    PARTIES' AUTHORITY

15.1    The respective signatories to this Agreement each represent that they are fully authorized to enter into this Settlement and bind the respective Parties to its terms and conditions.

## 16.    INDEPENDENT FIDUCIARY

16.1    Wal-Mart shall retain an Independent Fiduciary within thirty (30) days after the Execution of this Agreement by all signatories.  The Independent Fiduciary shall have no authority to renegotiate or seek to alter any of the terms of the Settlement as set forth in this Agreement.

16.2    Wal-Mart and Class Counsel shall comply with all reasonable requests for information made by the Independent Fiduciary for the purpose of reviewing this Agreement as it

21

pertains to the ERISA Settlement Class. Any disputes shall be referred to Judge Layn Phillips for decision.

### 17.    NO PRIOR ASSIGNMENTS

17.1    The Parties represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action, or right released and discharged in this Settlement.

### 18.    NOTICES

18.1    Unless otherwise specifically provided herein, all notices, demands, or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of: (i) the date given, if given by hand delivery; (ii) within one (1) business day, if sent by overnight delivery services such as Federal Express or similar courier; or (iii) the third business day after mailing by United States registered or certified mail, return receipt requested. All notices given under this Agreement shall be addressed as follows:

18.1.1.    To the Class:

>   Todd S. Collins
>   BERGER & MONTAGUE, PC
>   1622 Locust Street
>   Philadelphia, Pennsylvania 19103
>   Tele: (215) 875-3040
>   Fax: (215) 875-4604
>   Email: TCollins@bm.net

18.1.2.    To Wal-Mart:

>   Brian L. Duffy                              B. Michael Bennett
>   Naomi G. Beer                              WAL-MART STORES, INC.
>   GREENBERG TRAURIG, LLP                     702 SW Eighth Street
>   1200 17th Street, Suite 2400               Bentonville, Arkansas 72716-0215
>   Denver, Colorado 80202-5835
>   Tele: (303) 572-6500
>   Fax: (303) 572-6540
>   Email: DuffyB@gtlaw.com
>        BeerN@gtlaw.com

19.

22

## 20.     CONFIDENTIALITY

20.1    The negotiations, terms, and existence of this Settlement will remain strictly confidential and shall not be discussed with anyone other than the Parties of record, their accountants and financial advisors, counsel of record, their retained consultants, including but not limited to National Coordinating Counsel for Wal-Mart and the mediator Judge Layn Phillips, or another mediator agreed to by the Parties. Notwithstanding the provisions of this subsection, Wal-Mart may disclose the Settlement in filings that it is required to make with the Securities and Exchange Commission, including 10-Q and 10-K filings, and Class Counsel may make an announcement of the Settlement on their website, and Class Counsel may disclose the Settlement in its filing with the Court seeking preliminary approval.

20.2    Any confidentiality associated with the final terms of this Settlement shall expire upon Preliminary Approval of the Settlement by the Court, except that the negotiations and discussions preceding submission of the Settlement to the Court for preliminary approval, and any negotiations and discussions between the time of preliminary approval and final approval shall remain strictly confidential, unless otherwise ordered by the Court.

## 21.     DOCUMENTS AND DISCOVERY

21.1    Within sixty (60) days after all Settled Wage and Hour Action Triggering Events and Non-Settled Wage and Hour Action Triggering Events have occurred, each of Class Counsel shall take steps necessary to destroy or erase all documents and data produced by Wal-Mart to Class Counsel in connection with this Litigation and which are currently in Class Counsel's possession, custody, or control. Class Counsel shall certify to Wal-Mart their good faith efforts to comply with this provision.

## 22.     MISCELLANEOUS PROVISIONS

22.1    <u>Construction</u>. The Parties agree that the terms and conditions of this Settlement are the result of lengthy, intensive arms-length negotiations between the Parties and that this Settlement shall not be construed in favor of or against any Party by reason of the extent to which any Party or her or his counsel participated in the drafting of this Settlement.

22.2    <u>Captions and Interpretations</u>. All terms of this Settlement Agreement are contractual and not mere recitals. The terms are and shall be binding upon, and inure to the benefit of, each of the Parties hereto, their agents, attorneys, employees, successors and assigns, and upon all other persons claiming an interest in the subject matter hereof through any of the Parties hereto, including any Class Member. Paragraph titles or captions contained in this Settlement are a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Settlement or any provision.

22.3    <u>Modification</u>. This Settlement may not be changed, altered, or modified, except in a writing signed by the Parties, and approved by the Court. Notwithstanding the forgoing, the Parties agree that any dates contained in this Agreement may be modified by

23

agreement of the Parties without Court approval if the Parties agree and cause exists for such modification. This Settlement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties.

22.4    Integration Clause. This Agreement, the Exhibits hereto, and any other documents delivered pursuant hereto contain the entire agreement between the Parties relating to the resolution of the Litigation, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a Party or such Party's legal counsel, are merged in this Agreement. No rights under this Settlement may be waived except in writing and signed by the Party against whom such waiver is to be enforced.

22.5    Binding on Assigns. This Settlement shall be binding upon, and inure to the benefit of, the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

22.6    Class Counsel Signatories. Each of the undersigned attorneys represents that he or she is fully authorized to enter into the terms and conditions of, and to execute, this Settlement Agreement on behalf of his or her respective clients, subject to Court approval. It is agreed that because the Class Members are so numerous, it is impossible or impractical to have each Class Member execute this Settlement. The Notice will provide all Class Members with a summary of the Settlement, and will advise all Class Members of the binding nature of the release. Excepting only those Class Members who timely submit an Exclusion Letter, the Notice shall have the same force and effect as if this Settlement were executed by each Class Member.

22.7    Counterparts. This Agreement may be executed by facsimile signature and in any number of counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one and the same Agreement, which shall be binding upon and effective as to all Parties.

22.8    Arbitration Between the Parties. The Parties agree to binding, non-appealable arbitration before the Honorable Layn R. Phillips to resolve any disagreements over the implementation of the terms of the Settlement Agreement or any other documents necessary to effectuate the Settlement. Unless otherwise ordered by Judge Phillips, the Parties will split the costs of the arbitration and all Parties will bear their own attorneys' fees.

22.9    Continuing Jurisdiction. Subject to the arbitration provisions contained in Section 22.8 of this Agreement, the Nevada District Court retains exclusive jurisdiction over all matters relating to the implementation and enforcement of the Agreement.

IN WITNESS WHEREOF, the Parties hereto, through their fully authorized representatives, have agreed to this Settlement Agreement as of the dates indicated below.

On Behalf of Wal-Mart:

Dated: May 26, 2009

WAL-MART

By: _____
B. Michael Bennett

Dated: May 26, 2009

GREENBERG TRAURIG, LLP

By: _____
Brian L. Duffy

On behalf of the Class, Class Counsel:

Dated: May 26, 2009

BERGER & MONTAGUE, P.C.

_____
Todd S. Collins

Dated: May ___, 2009

KELLER ROHRBACK L.L.P.

_____
Lynn Lincoln Sarko

Dated: May___, 2009

ANN MILLER, LLC

_____
Ann Miller

MDL Co-Lead Counsel:

BONSIGNORE & BREWER
THE MILLS LAW FIRM, LLC

Individually and on behalf of the Class:

Dated: May __, 2009

_____
Robert J. King

_____
Keith Rhone

25

# EXHIBIT

# 1

1  BERGER & MONTAGUE, P.C.
   TODD S. COLLINS
2  ELLEN T. NOTEWARE
3  1622 Locust Street
   Philadelphia, PA  19103
4  Telephone:     (215) 875-3000
   Facsimile:     (215) 875-5715
5
6  Plaintiffs' ERISA Counsel
7
8
9              IN THE UNITED STATES DISTRICT COURT
10                   DISTRICT OF NEVADA
11 **In re Wal-Mart Wage and Hour**          MDL-1735
   **Employment Practices Litigation**      2:06-cv-00225-PMP-PAL
12                                           (BASE FILE)
13 **This Document Relates to:**             **CLASS ACTION**
14 ***King, et al. v. Wal-Mart Stores, Inc., et al.***
        **2:07-CV-01486-WY**
15
16
17
18          **ORDER REGARDING CLASS CERTIFICATION**
19      WHEREAS:
20     A.  Plaintiffs Class Representatives Robert J. King and Keith Rhone ("Class Representative"),
21 on behalf of themselves and the Class certified herein (the "Class"), and Defendants Wal-Mart
22 Stores, Inc., the Wal-Mart Retirement Plans Committee, and John/Jane Doe Defendants
23 (collectively, the "Defendants") have entered into a Settlement of the claims asserted in the King
24 Case, the terms of which are set forth in a Settlement Agreement dated May 26, 2009 (the
25
26 "Settlement Agreement");
27     B.  On _____, 2009, this Court entered an Order (the "Preliminary Approval Order")
28

1  certifying the Class, for settlement purposes only, preliminarily approving the Settlement and

2  providing for notice to potential Class Members, scheduling a final hearing (the "Fairness

3  Hearing"), and providing Class Members with an opportunity to object to the proposed

4

5  Settlement and related matters and to be heard at the Fairness Hearing;

6      C.  Notice having been provided to the members of the Class in accordance with the

7  Preliminary Approval Order;

8      D.  The Court held the Fairness Hearing on _____, 2009 to determine whether the

9  proposed Settlement of the King Case on the terms and conditions provided in the Settlement

10 Agreement is fair, reasonable and adequate and should be approved by the Court, whether the

11 Class should be certified for Settlement purposes pursuant to Rule 23 of the Federal Rules of

12 Civil Procedure, and whether a Final Judgment as provided in the Settlement Agreement and

13 whether an Order with respect to Class Certification should be entered; and

14

15     E.  The Court, having considered all matters submitted at the Fairness Hearing, along with all

16 prior submissions by the Parties to the Settlement and others, and otherwise having determined

17 the fairness and reasonableness of the proposed Settlement and the appropriateness of certifying

18 the Class solely for purposes of the Settlement;

19     NOW, THEREFORE, IT IS HEREBY ORDERED:

20

21     1.  This Order incorporates by reference the definitions in the Settlement Agreement, and all

22 terms used herein shall have the same meanings as set forth in the Settlement Agreement.

23     2.  The Court finds that the distribution of the Notice, the publication of the Summary Notice,

24 and the method of providing notice, all implemented in accordance with the terms of the

25 Settlement Agreement and the Preliminary Approval Order:

26         a.      Constituted the best practicable notice to the Class Members under the

27 circumstances of the Litigation;

28

b. were reasonably calculated, under the circumstances, to apprise Class Members of: (i) the proposed Settlement of this class action, (ii) the proposed Class certification solely for purposes of the Settlement; (iii) Class Members' right to object to any aspect of the proposed Settlement, (iv) their right to appear at the Fairness Hearing, either on their own or through counsel hired at their own expense, and (v) the binding effect of the proceedings, rulings, orders, and judgments in the Litigation, whether favorable or unfavorable, on all Class Members;

c. were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice; and

d. fully satisfied all applicable requirement of the Federal Rules of Civil Procedure (including Rule 23(c)), the United States Constitution (including the Due Process Clause), the Rules of the Court, and any other applicable law.

3. As part of the Settlement, and solely in connection with and pursuant to Settlement, the Court hereby certifies pursuant to Fed.R.Civ.P. 23(b)(1) the following Class:

> (i) all hourly employees who worked at a Wal-Mart store, Supercenter, Neighborhood Market, Sam's Club, or Distribution Center in any of the fifty United States or in Puerto Rico who: (a) were Plan Participants at any time from February 1, 1997 up to May 26, 2009, and (b) were eligible to have contributions from Wal-Mart allocated to their individual accounts in the Plan pursuant to the Plan's terms during such period; and (ii) as to each such hourly employee, his or her beneficiaries, alternate payees, representatives, and successors in interest.

> As used above, the term "Plan" means the Wal-Mart Stores, Inc. Profit Sharing and 401(k) Plans, the Wal-Mart Puerto Rico Profit Sharing and 401(k) Plan and all predecessor plans (including but not limited to the Wal-Mart Stores, Inc. 401(k) Retirement Savings Plan) and all successor plans, individually and collectively, and any trust created under any such Plan.

4. Class Counsel are hereby appointed as follows:  Berger &Montague, P.C.; Keller Rohrback, LLP; and Ann  Miller, LLC.

5. Certification of the Class is a conditional certification for Settlement purposes only, and

3

1   Wal-Mart retains its right to object to certification of the King Case, or any other wage and hour

2   case or collective action, or any other class action, under Rule 23, the FLSA, or any other

3   applicable rule, statute, law, or provision.

4
    6.   For purposes of this Order, Wal-Mart means Wal-Mart Stores, Inc., Sam's East, Inc.,
5
    Sam's West, Inc., Wal-Mart Stores East, Inc., Wal-Mart Stores East, LP, Wal-Mart Associates,
6
    Inc. and any of their current or former subsidiaries, affiliates, predecessors, insurers, agents,
7
8   employees, successors, assigns, officers, officials, directors, partners, employers, attorneys,

9   personal representatives, executors, and shareholders, including their respective current or former

10  pension, profit sharing, savings, health, and other employee benefit plans of any nature, the

11  successors of such plans, and those plans' respective current or former trustees, administrators,
12
    agents, employees and fiduciaries as well as the personal representatives or executors of any such
13
    persons.
14

15      7.   Certification of the Class is a conditional certification for Settlement purposes only, and if

16  for any reason the Settlement does not become final, or if final approval is not given following

17  the appeal of any Order by the Court approving the Settlement, or if for any reason the Settlement
18
    Effective Date does not occur, the certification of the Class for Settlement purposes shall be
19
    deemed null and void without further action by the Court or any of the Parties, and each Party
20
21  shall retain all of its respective rights as they existed prior to the execution of the Settlement

22  Agreement, and neither the Settlement Agreement, nor any of its accompanying exhibits or other

23  Orders entered by the Court in connection with the Settlement Agreement shall be admissible or

24  used for any purpose in the King Case.

25
        8.   Certification of the Class for Settlement purposes is in no way an admission by Wal-Mart
26
    that Class certification is proper in the King Case for any purpose other than for Settlement, in
27
    any other wage and hour litigation, or in any other litigation, against Wal-Mart.  Other than to
28

1  effectuate the Settlement of the King Case in this jurisdiction, the certification of the Class for

2  Settlement purposes and all documents related thereto, including the Settlement Agreement and

3  all accompanying exhibits and all Orders by the Court in connection with the Settlement

4  Agreement, are not intended to be admissible in any judicial, arbitral, administrative,

5  investigative or other court, tribunal, forum or other proceeding, including without limitation any

6  wage and hour litigation, or any other litigation, against Wal-Mart.

7

8      SO ORDERED this _____ day of _____, 2009

9

10

11

12                                         _____
                                            Philip M. Pro, United States District Judge
13

14    malta467157-001

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

# EXHIBIT

# 2

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| ROBERT J. KING and KEITH RHONE, individually and on behalf of others similarly situated, | : : : : | MDL-1735 2:06-cv–00225-PMP-PAL |
| Plaintiff, v. | : : : : | |
| WAL-MART STORES, INC., a Delaware corporation; the Wal-Mart Retirement Plans Committee; and JOHN/JANE DOES 1-15, | : : : | JURY TRIAL DEMANDED |
| Defendants. | : : | |

## PLAN OF ALLOCATION

### I.  Definitions.

Capitalized terms used herein shall have the meanings ascribed to them in this Article I, or, if not so defined herein, in the Agreement of Settlement dated May 20, 2009, or in this Plan of Allocation

A.  "Additional Action" means any action other than the Settled Wage and Hour Actions and the Non-Settled Wage and Hour Actions brought on behalf of a putative class of persons, other than the classes of persons described in the Settled Wage and Hour Actions or the Non-Settled Wage and Hour Actions, against Wal-Mart alleging wage and hour violations of the type alleged in the Settled Wage and Hour Actions or the Non-Settled Wage and Hour Actions.

B. "Additional Action Allocation Amount," see Paragraph II.C.

C. "California Action" means *Savaglio v. Wal-Mart Stores, Inc. et al.*, Case No.
C-835687 (Superior Court of the State of California for the County of
Alameda).

D. "California Action Group Limit" means 4.5% of the Net Settlement Fund,
subject to adjustment as set forth in Paragraph II.C.

E. "Class Member" means (i) each hourly employee of Wal-Mart who worked at
a Wal-Mart store, Supercenter, Neighborhood Market, Sam's Club, or
Distribution Center in any of the fifty United States or in Puerto Rico who (a)
was a participant in the Plan from February 1, 1997 to May, 20, 2009, and
who (b) was eligible to have contributions from Wal-Mart allocated to his or
her individual account in the Plan pursuant to the Plan's terms during such
period; and (ii) as to each such person described in the foregoing clause (i),
his or her beneficiaries, alternate payees, representatives, and successors in
interest.

F. "Distribution" means, subject to Paragraphs III A. and B., payment to Class
Members' Plan accounts or, where Class Members are no longer participants
or beneficiaries of the Plan, payment to Class Members directly.

G. "Massachusetts Action" means *Salvas v. Wal-Mart Stores, Inc.*, Case No. 01-
3645 (Middlesex County Superior Court, Commonwealth of Massachusetts)
(the "Salvas Case").

2

H. "Massachusetts Action Group Limit" means 1.3% of the Net Settlement Fund, subject to adjustment as set forth in Paragraph II.C.

I. "MDL Actions" means *In Re: Wal-Mart Wage and Hour Employment Practices Litigation*, Case No. 2:06-cv-00225-PMP-PAL (United States District Court for the District of Nevada).

J. "Net Settlement Fund" means the $5 million Settlement Fund, minus Court-approved attorney's fees and expenses.

K. "Non-Settled Wage and Hour Actions" means the Pennsylvania Action, the Massachusetts Action, and the California Action.

L. "Pennsylvania Action" means *Hummel v. Wal-Mart Stores, Inc., et al.*, Case No. 3757 (Court of Common Pleas, Philadelphia County).

M. "Pennsylvania Action Group Limit" means 3.8% of the Net Settlement Fund, subject to adjustment as set forth in Paragraph II.C.

N. "Plan" means  the Wal-Mart Stores, Inc. Profit Sharing and 401(k) Plans, the Wal-Mart Puerto Rico Profit Sharing and 401(k) Plan and all predecessor plans (including but not limited to the Wal-Mart Stores, Inc. 401(k) Retirement Savings Plan) and all successor plans, individually and collectively, and any trust created under any such Plan.

O. "Settled Wage and Hour Actions" means the MDL Actions and the following actions:

○ *Adcox, et al. v. Wal-Mart Stores, Inc., et al.*, Case No. 3:04-cv-633 (United States District Court for the Southern District of Texas, Houston

Division and *Lopez, et al. v. Wal-Mart Stores, Inc., et al.*, Case No.
12326BH2000 (Twenty-Third Judicial Circuit, Brazoria County, Texas);

o   *Alix v. Wal-Mart Stores, Inc.*, RJI No. 01-02-071134 (Supreme Court,
    Albany County, New York);

o   *Armijo, et al. v. Wal-Mart Stores, Inc., et al.*, Case No. D-0117-CV-2000-
    02211 (First Judicial District Court, County of Rio Arriba, State of New
    Mexico);

o   *Bailey, et al. v. Wal-Mart Stores, Inc., et al.*, Case No. 49D05-0008-CT-
    1177 (Marion Superior Court, State of Indiana)

o   *Barnett, et al. v. Wal-Mart Stores, Inc., et al.*, Case No. 01-2-24553-8 SEA
    (Superior Court for the State of Washington, In and For King County);

o   *Brown (Lisa), et al. v. Wal-Mart Stores, Inc., et al.*, Case No. 01 L 85
    (15th Judicial Circuit Court, Rock Island, Illinois);

o   *Carter, et al. v. Wal-Mart Stores, Inc., et al.*, Case No. 2006-CP-A5-839R
    (Court of Common Pleas, Fourteenth Judicial Circuit, South Carolina);

o   *Hale, et al. v. Wal-Mart Stores, Inc., et al.*, Case No. 01-CV-218710
    (Circuit Court of Jackson County, Missouri at Kansas City);

o   *Iliadis, et al. v. Wal-Mart Stores, Inc., et al.*, Case No. MID-L-5498-02
    (Superior Court of New Jersey, Middlesex County, New Jersey);

o   *Lerma, et al. v. Wal-Mart Stores, Inc., et al.*, Case No. CJ-2001-1395
    (District Court of Cleveland County, State of Oklahoma);

o   *Montgomery, et al. v. Wal-Mart Stores, Inc., et al.*, Case No. 3:03-CV-
    539-HTW-AGN (United States District Court for the Southern District of
    Mississippi, Jackson Division) and *Winters, et al. v. Wal-Mart Stores, Inc.,
    et al.*, Case No. 3:02CV1171 WS (United States District Court for the
    Southern District of Mississippi, Jackson Division);

o   *Mussmann, et al. v. Wal-Mart Stores, et al.*, Case No. LA27486 (Iowa
    District Court, Clinton County, Iowa);

o   *Nagy, et al. v. Wal-Mart Stores, Inc.*, Case No. 01-CI-00854
    (Commonwealth of Kentucky, Boyd County Circuit Court) and *Gross, et
    al. v. Wal-Mart Stores, Inc., et al.*, Case No. 04-CI-01029 (Commonwealth
    of Kentucky, Laurel County Circuit Court, Division II);

4

o  *Ouellete, et al. v. Wal-Mart Stores, Inc., et al.*, Case No. 67-01-CA-326 (Circuit Court, Fourteenth Judicial Circuit in and for Washington County, Florida);

o  *Pickett, et al. v. Wal-Mart Stores, Inc., et al.*, Case No. CT-005945-03 (Circuit Court of Tennessee for the Thirteenth Judicial District at Memphis, Shelby County); and

o  *Willey, et al. v. Wal-Mart Stores, Inc., et al.*, Case No. 01 C3688 (District Court of Wyandotte County Kansas, Civil Court Department).

P.  "Settled Action Group Limit" means 90.4% of the Net Settlement Fund, subject to adjustment as set forth in Paragraph II.C.

Q.  "Surplus," see Paragraph II.B

R.  "Shortfall," see Paragraph II.B.

S.  "3.1% Allocation," see Paragraph II.A below.

T.  "3.1% Allocation Amount," see Paragraph II.A below.

U.  "Wage Litigation" means the Settled Wage and Hour Actions, the Non-Settled Wage and Hour Actions, and any Additional Action.

V.  "Wage Claim Recovery" means, with respect to each Class Member, the amount recovered by such Class Member in the Wage Litigation with respect to taxable wages, not including attorney's fees and costs, punitive damages or any amounts paid to governmental units.

W.  "Wal-Mart" means Wal-Mart Stores, Inc., Sam's East, Inc., Sam's West, Inc., Wal-Mart Stores East, Inc., Wal-Mart Stores East, LP, Wal-Mart Associates, Inc. and any of their current or former subsidiaries, affiliates, predecessors, insurers, agents, employees, successors, assigns, officers, officials, directors,

partners, employers, attorneys, personal representatives, executors, and

shareholders, including their respective current or former pension, profit

sharing, savings, health, and other employee benefit plans of any nature, the

successors of such plans, and those plans' respective current or former

trustees, administrators, agents, employees and fiduciaries as well as the

personal representatives or executors of any such persons.

## II. Calculation of Each Member's Share of the Distribution Amount.

A.    3.1% Allocation Amount.  For each Class Member there shall be

calculated a "3.1% Allocation" which shall be equal to 3.1% of such Class Member's

Wage Claim Recovery. Each Class Member shall then be assigned a "3.1% Allocation

Amount," which shall be equal to (i) such Class Member's 3.1% Allocation, or (ii) zero,

but only if such Class Member's 3.1% Allocation is less than $25.00, and if such Class

Member is not a participant or beneficiary of the Plan at the time of Distribution, or (iii)

zero, but only if such Class Member's 3.1% Allocation is less than $10.00, and if such

Class Member is a participant or beneficiary of the Plan at the time of Distribution.

B.    Aggregation of 3.1% Allocation Amounts.  The 3.1% Allocation Amounts

of the Class Members shall be aggregated for the Settled Wage and Hour Actions as a

group, and separately for each of the Non-Settled Wage and Hour Actions.  The amount,

if any, by which the applicable Group Limit exceeds the relevant aggregate amount, is

referred to herein as a "Surplus." The amount, if any, by which the relevant aggregate

amount exceeds the applicable Group Limit is referred to herein as a "Shortfall."  The

determination of whether a Surplus or Shortfall exists shall be made as promptly as

6

practicable after the entry of judgment (whether pursuant to settlement or otherwise) in each of the Settled Wage and Hour Actions and each Non-Settled Wage and Hour Action.

        C.     <u>Adjustment of Group Limits.</u>  If there exists a Shortfall for the Settled Wage and Hour Actions or any of the Non-Settled Wage and Hour Actions, and there exists a Surplus for the Settled Wage and Hour Actions or any of the Non-Settled Wage and Hour Actions, then the relevant Surpluses shall be added to the applicable Group Limits as is necessary to eliminate all Shortfalls, provided that the total adjustments to the Group Limits shall not exceed the aggregate Surpluses.  If the aggregate Surpluses are insufficient to eliminate all Shortfalls, then the Surpluses shall be apportioned so as to reduce the Shortfalls pro rata.   Notwithstanding the foregoing, if a Shortfall exists with respect to the Settled Wage and Hour Actions or any of the Non-Settled Wage and Hour Actions at the time of Distribution with respect to such Action, no Surplus arising thereafter shall be applied to reduce such Shortfall, and the amount of such Shortfall shall thereafter be deemed to be zero.

        D.     <u>Final Allocation Amounts.</u>  The final allocation amount for Class Members with respect to the Settled Wage and Hour Action and the Non-Settled Wage and Hour Actions shall be equal to each Class Member's 3.1% Allocation Amount multiplied by a fraction, the numerator of which shall be the applicable Group Limit for such Class Member (i.e., the SettledAction Group Limit for Class Members in the Settled Wage and Hour Actions, Pennsylvania Group Limit for Class Members in the Pennsylvania Action, etc.), and the denominator of which shall be the greater of  (i) such

applicable Group Limit or (ii) the aggregate 3.1% Allocation Amounts of all Class Members in the subject Action(s).  If any Class Member is a member of multiple classes with different Group Limits, the foregoing calculation shall be performed separately for each such class as to which such Class Member is a member.

E.    Additional Action Allocation.  If upon conclusion of all of the Settled Wage and Hour and Non-Settled Wage and Hour Actions and all adjustments provided for in the immediately preceding Paragraph C there remains a Surplus, the remaining Surplus shall constitute the "Additional Action Allocation Amount." The 3.1% Allocation Amounts of Class Members with respect to any Additional Action, if any, shall be distributable only to the extent of the Additional Action Allocation Amount.  If the aggregate 3.1% Allocation Amounts of Class Members with respect to the Additional Actions exceeds the Additional Action Allocation Amount, such 3.1% Allocations Amounts shall be reduced proportionately.  The calculations called for by this paragraph shall be performed promptly after such time as all Settled Wage and Hour Actions and Non-Settled Wage and Hour Actions are concluded, provided that if at such time there is pending one or more Additional Actions, the calculations shall be performed promptly upon the conclusion of all then-pending Additional Actions.

F.    Remaining Amounts.  In the event that, following payment of any and all allocations to any and all Class Members provided for herein there shall remain a portion of the Net Settlement Fund that has not been allocated to Class Members, then in such event the unallocated amounts shall be paid to the Forfeiture Fund of the Plan.  Any and all amounts paid to the Forfeiture Fund shall inure to the benefit of all current participants

of the Plan and shall not be used, directly or indirectly, to reduce or defray any obligations of Wal-Mart to the Plan.

## III. Distribution of the Allocated Amounts.

A. Class Members who are current Plan participants ("Current Members"). As soon as practicable after the deposit into the Plan of the amount allocated hereunder, there shall be deposited into each Current Member's account his or her allocated amount. The deposited amount shall be allocated among the Current Member's investment options in accordance with the existing investment elections for current contributions into the Plan then in effect and treated thereafter for all purposes under the Plan as assets of the Plan properly credited to that Current Member's account.

B. Members who are former Plan participants or beneficiaries thereof ("Former Members"). The Plan Administrator for the Plan shall invest each Former Member's allocated amount in a suitable short term investment vehicle, the primary purpose of which is the preservation of assets, pending distribution to the former Member. The deposited amount shall then, as soon as is practical, be distributed to the Former Member in the same manner as a qualified distribution from the Plan pursuant to ERISA and the Internal Revenue Code.

## IV. Continuing Jurisdiction

The Court will retain jurisdiction over this Plan of Allocation to the extent necessary to ensure that it is fully and fairly implemented.

malta467276-002

9

# EXHIBIT

# 3

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA

| | | |
|---|---|---|
| *In re Wal-Mart Wage and Hour* | ) | **MDL 1735** |
| *Employment Practices Litigation* | ) | **2:06-cv-00225-PMP-PAL** |
| | ) | |
| THIS DOCUMENT RELATES TO: | ) | |
| | ) | |
| *King v. Wal-Mart Stores, Inc., et al.* | ) | |
| | ) | |

# NOTICE OF CLASS ACTION SETTLEMENT

NOTICE TO: All hourly employees of Wal-Mart Stores, Inc. ("Wal-Mart") who were participants or beneficiaries (the "King Class Members") of the Wal-Mart Profit Sharing and 401(k) Plan and/or the Wal-Mart Puerto Rico Profit Sharing and 401(k) Plan, and any and all predecessors (collectively, the "Plans") during the period from February 1, 1997 to May 26, 2009(the "Class Period").

## PLEASE READ THIS NOTICE CAREFULLY.
## A FEDERAL COURT AUTHORIZED THIS NOTICE.
## THIS IS NOT A SOLICITATION.

This Notice advises you of a proposed settlement (the "King Settlement") of this class action (the "King Case"). The King Settlement will provide $5.0 million in cash, less attorney fees and costs, and certain other expenses, to pay claims on behalf of the Plans and on behalf of certain Class Members for whom Wal-Mart failed to make particular employer contributions with respect to the Plans. The King Settlement resolves a lawsuit over whether fiduciaries of the Plans breached their fiduciary duties and violated the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 et seq ("ERISA"). You should read the entire Notice carefully, because your legal rights are affected whether you act or not.

<table>
<tr><td colspan="2" align="center">YOUR RIGHTS IN CONNECTION<br>WITH THE SETTLEMENT</td></tr>
</table>

| | |
|---|---|
| **YOU CAN FILE A CLAIM IN THE WAGE LITIGATION** | If you recover taxable wages in the Wage Litigation (as described in section 3 below), you may also recover in the King Case.<br><br>(Note that, as discussed in section 3 below, at present it is possible to file a claim only in the Settled Wage Litigation, but not in the Non-Settled Wage Litigation.)<br><br>If you are a King Class Member, and no longer participate in the Plans, the Plan fiduciaries will do their best to make arrangements to pay you any King Settlement proceeds to which you are entitled. |
| **YOU CAN DO NOTHING** | If you do not file a claim in the Wage Litigation (as described in section 3 below), you may not be able to recover any Settlement proceeds from the King Case.<br><br>(Note that, as discussed in section 3 below, if you are covered by the Non-Settled Wage Litigation, as opposed to the Settled Wage Litigation, you will not be able to file a claim until such time, if ever, as a recovery is obtained in such Non-Settled Wage Litigation.) |
| **YOU CAN OBJECT** | You can write to the Court about why you don't like the King Settlement. |

| YOU CAN GO TO A HEARING | You can ask to speak in Court about the fairness of the King Settlement. |

Your rights, options and the date by which you must object if you oppose the King Settlement are explained in this Notice.

| TABLE OF CONTENTS |

**BASIC INFORMATION** — **3**

| 1. | WHY DID I GET THIS NOTICE PACKAGE? | 3 |
| 2. | HOW DO I GET MORE INFORMATION? | 3 |
| 3. | WHAT IS THE LAWSUIT ABOUT? | 3 |
| 4. | WHY IS THIS A CLASS ACTION? | 4 |
| 5. | WHY IS THERE A SETTLEMENT? | 4 |
| 6. | HOW DO I KNOW IF I AM PART OF THE SETTLEMENT? | 4 |
| 7. | ARE THERE EXCEPTIONS TO BEING INCLUDED? | 4 |
| 8. | I'M STILL NOT SURE IF I'M INCLUDED. | 4 |
| 9. | CAN I EXCLUDE MYSELF FROM THE SETTLEMENT? | 5 |

**THE SETTLEMENT BENEFITS – WHAT YOU GET** — **5**

| 10. | WHAT DOES THE SETTLEMENT PROVIDE? | 5 |
| 11. | HOW MUCH WILL MY PAYMENT BE? | 5 |

**HOW YOU GET A PAYMENT** — **6**

| 12. | HOW CAN I GET MY PAYMENT? | 6 |
| 13. | WHEN WILL I GET MY PAYMENT? | 6 |

**THE LAWYERS REPRESENTING YOU** — **6**

| 14. | DO I HAVE A LAWYER IN THIS CASE? | 7 |
| 15. | HOW WILL THE LAWYERS BE PAID? | 7 |

**OBJECTION TO THE SETTLEMENT** — **7**

| 16. | WHAT DOES IT MEAN TO OBJECT? | 7 |
| 17. | HOW DO I TELL THE COURT THAT I DON'T LIKE THE SETTLEMENT? | 7 |

**THE COURT'S FAIRNESS HEARING** — **8**

| 18. | WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT? | 8 |
| 19. | DO I HAVE TO GO TO THE FAIRNESS HEARING? | 8 |
| 20. | MAY I SPEAK AT THE HEARING? | 8 |

**GETTING MORE INFORMATION** — **9**

| 21. | ARE THERE MORE DETAILS ABOUT THE SETTLEMENT? | 9 |

**BASIC INFORMATION**

| 1. | Why did I get this notice package? |
|---|---|

You or someone in your family may have been a participant or beneficiary in the Plans during the Class Period.

The Court directed that you be sent this Notice because you have a right to know about a proposed Settlement of a class action lawsuit and about all of your options before the Court decides whether to approve the Settlement.

This package explains the King Case, the King Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the District of Nevada, and the case is known as *Robert J. King, et al. v. Wal-Mart Stores, Inc., et al*, part of MDL No. 1735, 2:06-cv-00225-PMP-PAL. The persons who sued are called Plaintiffs, and the company and the individuals that Plaintiffs sued, Wal-Mart and certain of its officials, are called Defendants.

| 2. | How do I get more information? |
|---|---|

You can visit www._____ or call 1-800-____-_____ toll-free. **Please do not contact the Court or Wal-Mart. They will not be able to answer your questions.**

| 3. | What is this lawsuit about? |
|---|---|

In addition to the King Case, there are pending a number of class actions in which current or former Wal-Mart employees allege that Wal-Mart engaged in wage and hour violations, including improper "wage shaving" practices (the "Wage Litigation"). The Wage Litigation includes certain cases for which proposed settlements are currently pending (the "Settled Wage Litigation"). The Settled Wage Litigation consists of the following cases:

- o *Adcox, et al. v. Wal-Mart Stores, Inc., et al.*, Case No. 3:04-cv-633 (United States District Court for the Southern District of Texas, Houston Division and *Lopez, et al. v. Wal-Mart Stores, Inc., et al.*, Case No. 12326BH2000 (Twenty-Third Judicial Circuit, Brazoria County, Texas);

- o *Alix v. Wal-Mart Stores, Inc.*, RJI No. 01-02-071134 (Supreme Court, Albany County, New York);

- o *Armijo, et al. v. Wal-Mart Stores, Inc., et al.*, Case No. D-0117-CV-2000-02211 (First Judicial District Court, County of Rio Arriba, State of New Mexico);

- o *Bailey, et al. v. Wal-Mart Stores, Inc., et al.*, Case No. 49D05-0008-CT-1177 (Marion Superior Court, State of Indiana)

- o *Barnett, et al. v. Wal-Mart Stores, Inc., et al.*, Case No. 01-2-24553-8 SEA (Superior Court for the State of Washington, In and For King County);

- o *Brown (Lisa), et al. v. Wal-Mart Stores, Inc., et al.*, Case No. 01 L 85 (15th Judicial Circuit Court, Rock Island, Illinois);

3

o *Carter, et al. v. Wal-Mart Stores, Inc., et al.*, Case No. 2006-CP-A5-839R (Court of Common Pleas, Fourteenth Judicial Circuit, South Carolina);

o *Hale, et al. v. Wal-Mart Stores, Inc., et al.*, Case No. 01-CV-218710 (Circuit Court of Jackson County, Missouri at Kansas City);

o *Iliadis, et al. v. Wal-Mart Stores, Inc., et al.*, Case No. MID-L-5498-02 (Superior Court of New Jersey, Middlesex County, New Jersey);

o *Lerma, et al. v. Wal-Mart Stores, Inc., et al.*, Case No. CJ-2001-1395 (District Court of Cleveland County, State of Oklahoma);

o *In Re: Wal-Mart Wage and Hour Employment Practices Litigation*, Case No. 2:06-cv-00225-PMP-PAL (United States District Court for the District of Nevada), which consists of the following cases:

- *Bayardo v. Wal-Mart Stores, Inc., et al.*, Case No. 07-00349 (United States District Court for the District of Nevada) ("*Bayardo*") (California);

- *Brogan (Pam), et al. v. Wal-Mart Stores, Inc., et al.*, Case No. 07-00214 (United States District Court for the Southern District of West Virginia) ("*Brogan (Pam)*") (West Virginia);

- *Brogan (Tammy), et al. v. Wal-Mart Stores, Inc., et al.*, Case No. 2:09-cv-00338 PMP-PAL (United States District Court for the District of Nevada) ("*Brogan (Tammy)*") (New Hampshire);

- *Campbell v. Wal-Mart Stores, Inc., et al.*, Case No. 06-11722 (United States District Court for the District of Nevada) ("*Campbell*") (Rhode Island);

- *Cole v. Wal-Mart Stores, Inc., et al.*, Case No. 06-00003 (United States District Court for the District of Montana) ("*Cole*") (Montana);

- *Curless v. Wal-Mart Stores, Inc., et al.*, Case No. 05-00277 (United States District Court for the District of Wyoming) ("*Curless*") (Wyoming);

- *Cruzado v. Wal-Mart Stores, Inc., et al.*, Case No. 2:09-cv-00595-PMP-PAL (United States District Court for the District of Nevada) ("*Cruzado*") (Puerto Rico);

- *Deas v. Wal-Mart Stores, Inc., et al.*, Case No. 06-00052 (United States District Court for the Eastern District of Virginia) ("*Deas*") (Virginia);

- *Griffin v. Wal-Mart Stores, Inc., et al.*, Case No. 2:09-CV00341 (United States District Court for the District of Nevada) ("*Griffin*") (Arkansas);

- *Hall v. Wal-Mart Stores, Inc., et al.*, Case No. 05-01099 (United States District Court for the District of Nevada) ("*Hall*") (Nevada);

- *Henderson v. Wal-Mart Stores, Inc., et al.*, Case No. 06-01569 (United States District Court for the District of Nevada) ("*Henderson*") (Connecticut);

4

- *Hicks v. Wal-Mart Stores, Inc., et al.*, Case No. 07-00051 (United States District Court for the Eastern District of Texas) ("*Hicks*") (Texas);

- *Jackson (Dora) v. Wal-Mart Stores, Inc., et al.*, Case No. 05-00269 (United States District Court for the District of Delaware) ("*Jackson (Dora)*") (Delaware);

- *Jackson (Reginald) v. Wal-Mart Stores, Inc., et al.*, Case No. 05-00424 (United States District Court for the District of Idaho) ("*Jackson (Reginald)*") (Idaho);

- *Kraemer v. Wal-Mart Stores, Inc.*, Case No. 06-00098 (United States District Court for the District of North Dakota) ("*Kraemer*") (North Dakota);

- *Luce v. Wal-Mart Stores, Inc., et al.*, Case No. 05-01019 (United States District Court for the District of South Dakota) ("*Luce*") (South Dakota);

- *Mathies, et al. v. Wal-Mart Stores, Inc., et al.*, Case No. 07-00483 (United States District Court for the District of Oregon) ("*Mathies*") (Oregon);

- *McFarlin v. Wal-Mart Stores, Inc., et al.*, Case No. 05-00094 (United States District Court for the District of Alaska) ("*McFarlin*") (Alaska);

- *Nolan, et al. v. Wal-Mart Stores, Inc., et al.*, Case No. 06-0777 (United States District Court for the Northern District of Ohio) ("*Nolan*") (Ohio);

- *Olinger v. Wal-Mart Stores, Inc., et al.*, Case No. 06-14055 (United States District Court for the Eastern District of Michigan) ("*Olinger*") (Michigan);

- *Parrish v. Wal-Mart Stores, Inc., et al.*, Case No. 2:09-cv-00342- PMP-PAL (United States District Court for the District of Nevada) ("*Parrish*") (Georgia);

- *Penn v. Wal-Mart Stores, Inc., et al.*, Case No. 06-06045 (United States District Court for the Eastern District of Louisiana) ("*Penn*") (Louisiana);

- *Poha v. Wal-Mart Stores, Inc., et al.*, Case No. 05-00697 (United States District Court for the District of Hawaii) ("*Poha*") (Hawaii);

- *Pritchett v. Wal-Mart Stores, Inc., et al.*, Case No. 2:09-cv-00343 (United States District Court for the District of Nevada) ("*Pritchett*") (Alabama);

- *Smith (Adriane) v. Wal-Mart Stores, Inc., et al.*, Case No. 07-00188 (United States District Court for the Western District of Wisconsin) ("*Smith*") (Wisconsin);

- *Stafford v. Wal-Mart Stores, Inc., et al.*, Case No. 05-00535 (United States District Court for the District of Nebraska) ("*Stafford*") (Nebraska);

- *Whitacre v. Wal-Mart Stores, Inc., et al.*, Case No. 07-00445 (United States District Court for the District of Nevada) ("*Whitacre*") (Maryland);

- *Williams (Norma Jean) v. Wal-Mart Stores, Inc., et al.*, Case No. 06-00061 (United States District Court for the District of Utah) ("*Williams (Norma Jean)*") (Utah);

5

- ▪ *Williams (Travis) v. Wal-Mart Stores, Inc., et al.*, Case No. 06-00142 (United States District Court for the Western District of North Carolina) ("*Williams (Travis)*") (North Carolina); and

- ▪ *Woods v. Wal-Mart Stores, Inc., et al.*, Case No. 06-00006 (United States District Court for the District of Maine) ("*Woods*") (Maine).

- o *Montgomery, et al. v. Wal-Mart Stores, Inc., et al.*, Case No. 3:03-CV-539-HTW-AGN (United States District Court for the Southern District of Mississippi, Jackson Division) and *Winters, et al. v. Wal-Mart Stores, Inc., et al.*, Case No. 3:02CV1171 WS (United States District Court for the Southern District of Mississippi, Jackson Division);

- o *Mussmann, et al. v. Wal-Mart Stores, et al.*, Case No. LA27486 (Iowa District Court, Clinton County, Iowa);

- o *Nagy, et al. v. Wal-Mart Stores, Inc.*, Case No. 01-CI-00854 (Commonwealth of Kentucky, Boyd County Circuit Court) and *Gross, et al. v. Wal-Mart Stores, Inc., et al.*, Case No. 04-CI-01029 (Commonwealth of Kentucky, Laurel County Circuit Court, Division II);

- o *Ouellete, et al. v. Wal-Mart Stores, Inc., et al.*, Case No. 67-01-CA-326 (Circuit Court, Fourteenth Judicial Circuit in and for Washington County, Florida);

- o *Pickett, et al. v. Wal-Mart Stores, Inc., et al.*, Case No. CT-005945-03 (Circuit Court of Tennessee for the Thirteenth Judicial District at Memphis, Shelby County); and

- o *Willey, et al. v. Wal-Mart Stores, Inc., et al.*, Case No. 01 C3688 (District Court of Wyandotte County Kansas, Civil Court Department).

The Wage Litigation also includes certain cases for which there are no settlements currently pending (the "Non-Settled Wage Litigation"). The Non-Settled Wage Litigation consists of the following cases:

- o *Hummel v. Wal-Mart Stores, Inc., et al.*, Case No. 3757 (Court of Common Pleas, Philadelphia County) (the "Hummel Case");

- o *Salvas v. Wal-Mart Stores, Inc.*, Case No. 01-3645 (Middlesex County Superior Court, Commonwealth of Massachusetts) (the "Salvas Case"); and

- o *Savaglio v. Wal-Mart Stores, Inc. et al.*, Case No. C-835687 (Superior Court of the State of California for the County of Alameda) (the "Savaglio Case").

The King Case alleges that Wal-Mart and other Defendants breached fiduciary duties with respect to the failure to make certain employer contributions to the Plans. The Plans generally provide that Wal-Mart will pay, as employer contributions, a particular percentage of wages paid to hourly workers. To the extent that, as alleged in the Wage Litigation, Wal-Mart underpaid wages through "wage shaving" and similar practices, the King Case asserts a claim on behalf of the Plans and their present and former participants and beneficiaries. The King Case asserts that, with respect to the Plans, Wal-Mart was required to make employer contributions for the wage amounts that Wal-Mart should have paid, but did not pay, according to the claims advanced in the Wage Litigation.

The Court in the King Case denied in part and granted in part Defendants' motion to dismiss the Complaint, and Plaintiffs filed an amended complaint. Defendants deny all allegations of wrongdoing and contend they have

6

substantial defenses in this lawsuit but are entering into this King Settlement for the purpose of avoiding the expense and uncertainty of litigation.

| 4. | Why is this a class action? |
|---|---|

In a class action, one or more persons called class representatives sue on behalf of people who have similar claims. All of these people who have similar claims make up the Class and are Class Members. One court resolves the issues for all Class Members. Because the wrongful conduct alleged by Plaintiff in this case affected a large group of people in a similar way, Plaintiffs filed this case as a class action, asking the Court to allow them to represent the King Class Members as class representatives.

| 5. | Why is there a Settlement? |
|---|---|

The Court has not decided in favor of Plaintiffs or Defendants. Instead, both sides agreed to the King Settlement. By agreeing to a Settlement, the parties avoid the costs and risks of a trial, and the Plans and certain King Class Members will get compensation. The Plaintiffs and their attorneys believe that the King Settlement is best for all Class Members.

| 6. | How do I know if I am part of the Settlement? |
|---|---|

The Court has conditionally certified this case as a class action, in which everyone who fits the following description is a Class Member:

*All hourly employees of Wal-Mart who worked at a Wal-Mart store, Supercenter, Neighborhood Market, Sam's Club, or Distribution Center in any of the fifty United States or in Puerto Rico who (a) were participants in the Wal-Mart Stores, Inc. Profit Sharing and 401(k) Plan and/or the Wal-Mart Puerto Rico Profit Sharing and 401(k) Plan (the "Plans"), and any and all predecessors, from February 1, 1997 to May 26, 2009, and who (b) were eligible to have contributions from Wal-Mart allocated to their individual accounts in the Plan pursuant to the Plan's terms during such period; and as to each such hourly employee, his or her beneficiaries, alternate payees, representatives, and successors in interest.*

7

> **7.    Are there situations where, even though I am part of the King Settlement, I may not receive monetary benefits?**

As a result of the King Settlement, all King Class Members will release ERISA claims against Defendants. The following King Class Members will not receive any benefits from the King Settlement:

      a)        former participants and beneficiaries of the Plans whose Payable Amount under the Plan of Allocation (*see* section 11) is less than $25.00;

      b)        current participants and beneficiaries of the Plans whose Payable Amount under the Plan of Allocation (*see* section 11) is less than $10.00; and

      c)        persons on whose behalf no age Litigation claims have been asserted to date or persons who are not members of a class that receives a recovery in the Wage Litigation.

> **8.    I'm still not sure if I may receive monetary benefits.**

If you are still not sure whether you are included, you can ask for free help. Visit www._____ or call 1-800-____
_____.

> **9.  Can I exclude myself from the Settlement?**

In some class actions, class members have the opportunity to exclude themselves from a Settlement. This is the sometimes referred to as "opting out" of the Settlement. **You do not have the right to exclude yourself from the King Settlement**. The case was certified under Fed. R. Civ. P. 23(b)(1) as a "non opt-out" class action because of the way ERISA operates. Breach of fiduciary duty claims must be brought by participants on behalf of the Plan, and any judgment or resolution necessarily applies to all Plan participants and beneficiaries. As such, it is not possible for any participants or beneficiaries to exclude themselves from the benefits of the King Settlement. **Therefore, you will be bound by any judgments or orders that are entered in the King Case for all claims that were asserted in this case on your behalf or on behalf of the Plans or otherwise included in the release provided for by the King Settlement.**

Although you cannot opt out of King Settlement, you can object to the King Settlement and ask the Court not to approve the King Settlement. *See* question 17.

**THE SETTLEMENT BENEFITS – WHAT YOU GET**

> **10.    What does the Settlement provide?**

Defendants have agreed to pay $5.0 million to resolve Plaintiffs' claims against them. The payment is called the King Settlement Fund. Certain fees and expenses, including those incurred by Plaintiffs' Counsel, will be deducted from the ERISA Settlement Fund. The remaining amount is called the Net Settlement Fund.

8

---

**11.    How much will my payment be, if any?**

---

In general, your Plan account will be paid in the King Settlement 3.1% of the amount, if any, that you will be paid for taxable wages in the Wage Litigation.  However, there are important exceptions to this general rule, as set forth below.

The Net Settlement Fund will be distributed according to a Plan of Allocation to be approved by the Court. The Plan of Allocation is anticipated to provide as follows:  Class members will be entitled to receive an amount (the "Payable Amount") equal to 3.1% of all amounts paid to them in the Wage Litigation with respect to taxable wages, subject to the limitations described in Item 7 above, and subject to the following Group  Percentage Limitations:

      (A)      The aggregate Payable Amounts with respect to the Settled Wage Litigation will be subject to a Group Percentage Limitation of  90.4% of the Net Settlement Fund;

      (B)      The aggregate Payable Amounts with respect to the Hummel Case will be subject to a Group Percentage Limitation of  3.8% of the Net Settlement Fund;

      (C)      The aggregate Payable Amounts with respect to the Salvas Case will be subject to a Group Percentage Limitation of  1.3% of the Net Settlement Fund; and

      (D)      The aggregate Payable Amounts with respect to the Savaglio Case will be subject to a Group Percentage Limitation of 4.5% of the Net Settlement Fund.

To the extent that the aggregate Payable Amounts for any group of class members exceeds the applicable Group Percentage Limitation (referred to as a "Shortfall"), the Payable Amounts distributable to those class members will be reduced proportionately.  To the extent that the aggregate Payable Amounts for any group of class members are less than the applicable Group Percentage Limitation (referred to as an "Excess"), the amount of the Excess will be made available to reduce any Shortfall; provided that if distributions have already been made to class members subject to a Shortfall, no further distributions will be made to those class members.

The Plan of Allocation is on file with the Court and, in addition, available at www._____.

### HOW YOU GET A PAYMENT

---

**12.   How can I get my payment?**

---

If you are a Class Member, a current Plan participant or beneficiary, and authorized to receive a payment, your Settlement proceeds will be deposited in your Plan account.  If you are a Class Member, no longer a participant or beneficiary in the Plans, and authorized to receive a payment, the Plan fiduciaries will undertake to pay you directly. (If you are no longer a participant or beneficiary in the Plans, you must roll over any payment you receive into an appropriate retirement plan in order to avoid current tax liability.)

---

**13.    When will I get my payment?**

---

The Court will hold a hearing on _____, 2009, to decide whether to approve the King Settlement and the proposed Plan of Allocation. If the Court approves the King Settlement, appeals may follow. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. Please be patient.

In addition, please be aware that this Settlement is contingent upon the Court's final approval of the Settled Wage Litigation. If you are not a member of a class in the Settled Wage Litigation, you will not be entitled to receive a recovery in the King Case unless and until a class of which you are a member receives a recovery in the Wage Litigation.

### THE LAWYERS REPRESENTING YOU

---

**14.    Do I have a lawyer in this case?**

---

The law firms of Berger & Montague, P.C. of Philadelphia, Pennsylvania; Keller Rohrback, LLP of Seattle, Washington; and Ann Miller, LLC of Philadelphia, Pennsylvania represent you and other Class Members. These lawyers are called Class Counsel. You will not be charged for these lawyers. These lawyers will be paid from the King Settlement Fund. If you want to be represented by your own lawyer, you may hire one at your own expense.

---

**15.    How will the lawyers be paid?**

---

Class Counsel will ask the Court for attorney fees and expenses of up to 33.3% of the King Settlement Fund. The Court may award less than these amounts. In addition, there will be an application for an incentive award to Plaintiffs in an aggregate amount not to exceed $7,500.

### OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the King Settlement or some part of it.

---

**16.    What does it mean to object?**

---

Objecting is simply telling the Court that you do not like something about the King Settlement. It will not have any bearing on your right to King Settlement proceeds.

---

**17.    How do I tell the Court that I don't like the Settlement?**

---

You can object to the King Settlement if you dislike any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter saying that you object to the Settlement in *Robert J. King, et al. v. Wal-Mart Stores, Inc., et al.* Be sure to include your name, address, telephone number, signature, and the reasons you object to the King Settlement. You must identify in your written objection the names of any witness you may call to testify, and any exhibits you intend to introduce into evidence at the Fairness Hearing. **Mail the objection to each of the different addresses below, postmarked no later than**

_____ 2009. You must mail your objection by this date. If you fail to do so, the Court may not consider your objection.

| COURT | CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|---|
| Clerk of Court<br>United States District Court<br>Western District of N. Carolina<br>401 W. Trade Street<br>Charlotte, NC 28202 | Todd S. Collins<br>Berger & Montague, P.C.<br>1622 Locust Street<br>Philadelphia, PA 19103<br><br>Lynn L. Sarko<br>Keller Rohrback, LLP<br>1201 Third Avenue, Suite 3200<br>Seattle, WA 98101<br><br>Ann Miller<br>ANN MILLER LLC<br>834 Chestnut Street, Suite 206<br>Philadelphia, PA 19107 | Brian L. Duffy<br>Greenberg Traurig, LLP<br>1200 17th Street<br>Suite 2400<br>Denver, CO 80202 |

**ALL PAPERS SUBMITTED MUST INCLUDE THE CASE NUMBER MDL 1735, 2:06-cv-00225-PMP-PAL.**

**THE COURT'S FAIRNESS HEARING**

The Court will hold a hearing to decide whether to approve the King Settlement. You may attend and you may ask to speak, but you are not required to do so.

| 18. | When and where will the Court decide whether to approve the Settlement? |
|---|---|

The Court will hold a Fairness Hearing at _____ .on _____, 2009, at the United States District Court for the District of Neveda, Lloyd D. George United States Courthouse, 1st Floor, 333 Las Vegas Boulevard South Las Vegas, Neveda, in Courtroom _____. At this hearing, the Court will consider whether the King Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will listen to people who have asked to speak at the hearing. The Court will also consider what amount of Class Counsel fees and expenses will be paid from the King Settlement Fund, and what amounts if any should be paid to Plaintiffs as an incentive award. We do not know when the Court will rule on these issues.

| 19. | Do I have to go to the Fairness Hearing? |
|---|---|

No, Class Counsel will answer questions the Court may have. You are, however, welcome to go at your own expense. If you send an objection, you do not have to go to Court to talk about it. As long as your objection is postmarked by _____, 2009, the Court will consider it. You also may pay your own lawyer to attend, but it is not necessary.

11

| 20. | May I speak at the hearing? |
|-----|------------------------------|

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that you wish to be heard orally with respect to the approval of the Settlement, the amounts you may be entitled to receive (*see* section 11 above), the request for fees and expenses for Class Counsel, or the request for an amount to be paid to Plaintiffs as an incentive award. Your letter must bear the caption "Notice of Intention to Appear in *Robert J. King, et al. v. Wal-Mart Stores, Inc., et al*, part of MDL No. 1735, 2:06-cv-00225-PMP-PAL." Be sure to include your name, address, telephone number, and your signature. Your letter must be postmarked no later than _____, 2009, and sent to the Clerk of the Court, Class Counsel, and Defense Counsel, at the addresses indicated above in section 17.


### GETTING MORE INFORMATION

| 21. | Are there more details about the Settlement? |
|-----|----------------------------------------------|

This notice summarized the proposed King Settlement. More details are in the parties' Settlement Agreement. You can get a copy of the King Settlement Agreement by visiting www._____ or by calling 800-_____. **Remember, please do not contact the Court or Wal-Mart. They cannot give you additional information.**

DATE: _____, 2009.

malta467052

12

<u>UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA</u>

| | | |
|---|---|---|
| *In re Wal-Mart Wage and Hour* | ) | MDL 1735 |
| *Employment Practices Litigation* | ) | 2:06-CV-00225-PMP-PAL |
| | ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) | |
| **THIS DOCUMENT RELATES TO:** | ) | |
| | ) | |
| *King v. Wal-Mart Stores, Inc., et al.* | ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) | |

## <u>SUMMARY NOTICE OF CLASS ACTION SETTLEMENT</u>

**NOTICE TO: All hourly employees of Wal-Mart Stores, Inc. ("Wal-Mart") who were participants or beneficiaries (the "King Class Members") of the Wal-Mart Profit Sharing and 401(k) Plan and/or the Wal-Mart Puerto Rico Profit Sharing and 401(k) Plan, and any and all predecessors (collectively, the "Plans") during the period from February 1, 1997 to May 26, 2009 (the "Class Period").**

### PLEASE READ THIS NOTICE CAREFULLY.
### A FEDERAL COURT AUTHORIZED THIS NOTICE. THIS IS NOT A SOLICITATION.

A Settlement has been proposed in this class action lawsuit (the "King Case") brought by Plaintiffs on behalf of participants or beneficiaries in the Plans against Wal-Mart and certain Wal-Mart officials to recover losses allegedly sustained by the Plans. The lawsuit claimed that Defendants breached their fiduciary duty under the Employee Retirement Income Security Act of 1974 ("ERISA"). The Settlement will provide $5.0 million in cash to fully resolve the lawsuit. Hourly employees who were participants or beneficiaries of the Plans at any time from February 1, 1997 through May 21, 2009 (the "Class Period") may under certain circumstances be entitled to benefit from the monies paid in the King Settlement. The United States District Court for the District of Nevada authorized this Notice. The Court will have a hearing to decide whether to approve the King Settlement, so that the benefits may be paid.

#### WHAT IS THIS ABOUT?

In addition to the King Case, there are pending a number of class actions in which current or former Wal-Mart employees allege that Wal-Mart engaged in wage and hour violations, including improper "wage shaving" practices (the "Wage Litigation"). The Wage Litigation includes certain cases for which proposed settlements are currently pending (the "Settled Wage Litigation"). The Wage Litigation also includes certain cases for which there are no settlements currently pending (the "Non-Settled Wage Litigation").

The King Case alleges that Wal-Mart and other Defendants breached fiduciary duties with respect to the failure to make certain employer contributions to the Plans. The Plans generally provide that Wal-Mart will pay, as employer contributions, a particular percentage of wages paid to hourly workers. To the extent that, as alleged in the Wage Litigation, Wal-Mart underpaid wages through "wage shaving" and similar practices, the King Case asserts a claim on behalf of the Plans and their present and former participants and beneficiaries. The King Case asserts that, with respect to the Plans, Wal-Mart was required to make employer contributions for the wage amounts that Wal-Mart

should have paid, but did not pay, according to the claims advanced in the Wage Litigation.

Defendants deny all allegations of wrongdoing and contend they have substantial defenses in this lawsuit but are entering into the King Settlement for the purpose of avoiding the expense and uncertainty of litigation.

#### WHAT DOES THE SETTLEMENT PROVIDE?

Defendants agreed to create a fund of $5.0 million to be paid to the Plans in settlement of the claims alleged in the King Case, after payment of such attorney's fees and costs and such incentive payment to Plaintiffs as the Court may allow. A Settlement Agreement, available by visiting www._____, describes all of the details about the proposed King Settlement. The amount allocable to your Plan account, if any, from the fund will be calculated for you. Generally, you need to submit a proof of claim in the Wage Litigation in order to recover any amount allocable to your Plan account in the King Settlement. The King Settlement releases claims under ERISA for the period February 1, 1997 through May 21, 2009. The Settlement is contingent upon the approval of the proposed settlements in the Settled Wage Litigation.

#### CAN I OPT-OUT OF THE SETTLEMENT?

**You do not have the right to exclude yourself from the Settlement in the King Case.** For the purposes of the Settlement only, the King Case is anticipated to be certified under Fed. R. Civ. P. 23(b)(1) as a "non opt-out" class action because of the way ERISA operates. Therefore, if the King Settlement is approved, you will be deemed to have released all of the Defendants from all claims that were or could have been asserted in this case or otherwise included in the release in the King Settlement, other than your right to obtain the relief provided to you, if any, by the King Settlement. The Court will hold a hearing in the King Case on _____, 2009, to consider whether to approve the Settlement and a request by the lawyers representing all Class members (Berger & Montague, P.C. of Philadelphia, Pennsylvania; Keller Rohrback, LLP of Seattle, Washington; and Ann Miller, LLC of Philadelphia, Pennsylvania) for attorney fees and costs,

1-800-___-____                                        www.

and for an incentive award to Plaintiffs. If approved, these amounts will be paid from the King Settlement Fund. You may ask to appear at the hearing, but it is not required. Although you cannot opt out of the King Settlement, you can object to all or any part of the King Settlement.

For more information regarding anything in this Notice, or to receive a copy of the Notice of Class Action Settlement in the form approved by the Court, visit www._____ or call toll-free 1-800-___-____.

malta465805-014.wpd

# EXHIBIT

# 4

BERGER & MONTAGUE, P.C.
TODD S. COLLINS
ELLEN T. NOTEWARE
1622 Locust Street
Philadelphia, PA  19103
Telephone:      (215) 875-3000
Facsimile:      (215) 875-5715

Plaintiffs' ERISA Counsel

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| **In re Wal-Mart Wage and Hour Employment Practices Litigation** | MDL-1735<br>2:06-cv-00225-PMP-PAL<br>(BASE FILE) |
| **This Document Relates to:** | **CLASS ACTION** |
| ***King, et al. v. Wal-Mart Stores, Inc., et al.***<br>**2:07-CV-01486-WY** | |

## FINAL JUDGMENT AND ORDER
## OF DISMISSAL WITH PREJUDICE

WHEREAS:

A.  Plaintiffs Class Representatives Robert J. King and Keith Rhone ("Class

Representatives"), on behalf of themselves and the Class certified herein (the "Class"), and

Defendants Wal-Mart Stores, Inc., the Wal-Mart Retirement Plans Committee, and John/Jane Doe

Defendants (collectively, the "Defendants") have entered into a Settlement of the claims asserted

in the King Case, the terms of which are set forth in a Settlement Agreement dated May 26, 2009

(the "Settlement Agreement");

B.  On _____, 2009, this Court entered an Order (the "Preliminary Approval Order")

1  certifying the Class, for settlement purposes only, preliminarily approving the Settlement and

2  providing for notice to potential Class Members, scheduling a final hearing (the "Fairness

3  Hearing"), and providing Class Members with an opportunity to object to the proposed

4  Settlement and related matters and to be heard at the Fairness Hearing;

5

6      C. Notice having been provided to the members of the Class in accordance with the

7  Preliminary Approval Order;

8      D. The Court held the Fairness Hearing on _____, 2009 to determine whether the

9  proposed Settlement of the King Case on the terms and conditions provided in the Settlement

10  Agreement is fair, reasonable and adequate and should be approved by the Court, whether the

11  Class should be certified for Settlement purposes pursuant to Rule 23 of the Federal Rules of

12  Civil Procedure, and whether a Final Judgment as provided in the Settlement Agreement and

13  whether an Order with respect to Class Certification should be entered; and

14

15      E. The Court, having considered all matters submitted at the Fairness Hearing, along with all

16  prior submissions by the Parties to the Settlement and others, and otherwise having determined

17  the fairness and reasonableness of the proposed Settlement and the appropriateness of certifying

18  the Class solely for purposes of the Settlement;

19  NOW, THEREFORE, IT IS HEREBY ORDERED:

20

21      1.  This Order incorporates by reference the definitions in the Settlement Agreement, and all

22  terms used herein shall have the same meanings as set forth in the Settlement Agreement.

23      2.  The Court finds that the distribution of the Notice, the publication of the Summary Notice,

24  and the method or providing notice, all implemented in accordance with the terms of the

25  Settlement Agreement and the Preliminary Approval Order:

26      a.      Constituted the best practicable notice to the Class Members under the

27  circumstances of the Litigation;

28

b.     were reasonably calculated, under the circumstances, to apprise Class Members of: (i) the proposed Settlement of this class action, (ii) the proposed Class certification solely for purposes of the Settlement; (iii) Class Members' right to object to any aspect of the proposed Settlement, (iv) their right to appear at the Fairness Hearing, either on their own or through counsel hired at their own expense, and (v) the binding effect of the proceedings, rulings, orders, and judgments in the Litigation, whether favorable or unfavorable, on all Class Members;

c.     were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice; and

d.     fully satisfied all applicable requirement of the Federal Rules of Civil Procedure (including Rule 23(c)), the United States Constitution (including the Due Process Clause), the Rules of the Court, and any other applicable law.

3.   As part of the Settlement, and solely in connection with and pursuant to Settlement, the Court hereby certifies pursuant to Fed.R.Civ.P. 23(b)(1) the following Class:

> (i) all hourly employees who worked at a Wal-Mart store, Supercenter, Neighborhood Market, Sam's Club, or Distribution Center in any of the fifty United States or in Puerto Rico who: (a) were Plan Participants at any time from February 1, 1997 up to May 26, 2009, and (b) were eligible to have contributions from Wal-Mart allocated to their individual accounts in the Plan pursuant to the Plan's terms during such period; and (ii) as to each such hourly employee, his or her beneficiaries, alternate payees, representatives, and successors in interest.

> As used above, the term "Plan" means the Wal-Mart Stores, Inc. Profit Sharing and 401(k) Plans, the Wal-Mart Puerto Rico Profit Sharing and 401(k) Plan and all predecessor plans (including but not limited to the Wal-Mart Stores, Inc. 401(k) Retirement Savings Plan) and all successor plans, individually and collectively, and any trust created under any such Plan.

Certification of the Class is a conditional certification for Settlement purposes only, and Wal-Mart retains its right to object to certification of the King Case, or any other wage and hour case or collective action, or any other class action, under Rule 23, the FLSA, or any other applicable

3

rule, statute, law, or provision.

4.   This Court finds that it has jurisdiction over the subject matter of the Litigation, including the terms and conditions of the Settlement Agreement and all exhibits thereto, and over all Parties to the Litigation and all Class Members.

5.   The Court finds that the terms and provisions of the Settlement Agreement were negotiated by the Parties at arm's-length, entered into by the Parties in good faith and are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, each of the Parties and the Class Members, and consistent and in compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of this Court, and any other applicable law.  The Parties and their counsel are hereby directed to implement and consummate the Settlement Agreement according to its terms and provisions.

6.   The Court finds that Plaintiffs and all other members of the Class are bound by the Settlement Agreement and by this Final Judgment and Order of Dismissal.

7.   The Litigation is hereby dismissed on the merits and with prejudice.  The Parties and all persons and entities are to bear their own costs, except as otherwise provided in the Settlement Agreement or this Final Judgment.

8.   The Named Plaintiffs, the Class Representatives and all members of the Class ("Releasing ERISA Settlement Class Members") do, as of the Settlement Effective Date, hereby irrevocably release, acquit, and forever discharge Wal-Mart of and from any and all claims, rights, penalties, demands, damages, debts, accounts, duties, costs and expenses (other than those costs and expenses required to be paid pursuant to this Agreement), liens, charges, complaints, causes of action, obligations, or liability, for  all claims that they brought or could have brought in their own right or on a representative basis, that the Releasing ERISA Settlement Class Members

4

directly, indirectly, derivatively, or in any other capacity ever had, now have or hereafter may have under ERISA that were asserted in the Litigation or that could have been asserted but were not asserted in the Litigation, arising during the ERISA Settlement Class Period, whether known or unknown, arising out of the alleged underpayment of employee wages, including any claims related to the Settled Wage and Hour Actions, the Non-Settled Wage and Hour Actions, and the No-Litigation States. The Releasing ERISA Class Members further release, acquit, and forever discharge Wal-Mart of and from any and all claims, rights, penalties, demands, damages, debts, accounts, duties, costs and expenses liens, charges, complaints, causes of action, obligations, or liability based on or arising from the development of the Plan of Allocation or any allocation, distribution or use of funds pursuant to said Plan. The Releasing ERISA Class Members further covenant to obtain any necessary Court approval with respect to the ERISA Class Member Released Claims as they apply to any ERISA Settlement Class Members who are minors.

9. This release also includes a release of all claims for attorneys' fees, costs and/or expenses and costs incurred by any of the Releasing ERISA Settlement Class Members or by Class Counsel in connection with the Litigation and the Settlement of the Litigation, other than the Attorneys' Fees and Costs awarded by the Court in accordance with the Settlement Agreement.

10. With respect to the Releasing ERISA Settlement Class Members, this release is a full and final general release applying to both those claims released in the Settlement Agreement that are currently known, anticipated, or disclosed to Plaintiffs and to all such claims that are presently unknown, unanticipated, and undisclosed to any and all Plaintiffs arising out of the alleged facts, circumstances, and occurrences underlying: (i) the claims set forth in the Litigation; and (ii) Wal-Mart's conduct with respect to the Litigation, provided, however, that nothing in this Agreement shall release any claims arising in *Braden v. Wal-Mart Stores, Inc.* (W.D. Mo., Case No. 08-3109-CV-S-GAF), nor shall anything in the Settlement Agreement release claims concerning plans

other than the Plan  or claims concerning the Plan, such as routine claims for benefits under

ERISA § 502(a)(1)(B) wholly unrelated to the transactions and occurrences that were directly or

indirectly at issue in the Litigation, MDL 1735, the Settled Wage and Hour Actions or the Non-

Settled Wage and Hour Actions.  The Releasing ERISA Settlement Class Members release any

and all rights or benefits that they as individuals or the classes may now have as a result of the

alleged facts, circumstances, and occurrences underlying the claims set forth in the Litigation

under the terms of Section 1542(a) of the California Civil Code (or similar statute in effect in any

other jurisdiction), which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
> WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO
> EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE
> RELEASE, WHICH IF KNOWN BY HIM MUST HAVE
> MATERIALLY AFFECTED HIS SETTLEMENT WITH
> DEBTOR.

11. The Court finds the Class Counsel and Plaintiffs adequately represented the Class under

Rules 23(a)(4) and (g) of the Federal Rules of Civil Procedure for purposes of negotiating,

entering into and implementing the Settlement.

12. The terms and provisions of the Settlement Agreement and of this Final Judgment are

binding on Plaintiffs and all other Class Members, and they are hereby permanently barred and

enjoined from commencing any action, suit, arbitration or administrative proceeding, or

prosecuting any pending action, suit, arbitration or administrative proceeding, in law or in equity,

asserting any of the released claims against Wal-Mart.  In the event that any Plaintiff or Class

Member commences or continues any such action, suit, arbitration or administrative proceeding,

Wal-Mart shall be entitled to seek an order from the Court enjoining the continuation of such

action, suit, arbitration or administrative proceeding.

13. The Court finds that during the course of the Litigation, the Parties and their respective

counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil

Procedure.

14. If the Settlement Effective Date does not occur, then:

    a.    this Final Judgment and any order or judgment entered after the date of the Settlement Agreement that relates to this Settlement shall be null and void and shall have no force or effect;

    b.    the Settlement Agreement, all of its provisions, and all negotiations, statements, documents and proceedings relating to it shall be without prejudice to the rights of Defendants, Plaintiffs, or any other Class Member, all of whom shall be restored to their respective positions vis-à-vis each other as they existed immediately before the execution of the Settlement Agreement;

    c.    neither the Settlement Agreement, nor the fact of its having been made, nor any documents prepared and statements made in connection therewith shall be referred to, admissible in or introduced or entered into evidence in any other way for any purpose whatsoever in the Litigation or in any other action or proceeding.

15. Nothing in this Final Judgment shall preclude or bar any action or claim to enforce the terms of the Settlement Agreement as approved by the Court or this Final Judgment.

16. The Plan of Allocation, which is described in the Notice and attached as Exhibit 2 to the Settlement Agreement, provides a fair and reasonable basis upon which to allocate the Net Settlement Fund among Class Members.  The Plan of Allocation is fair, reasonable, and adequate, and it is hereby approved.

17. The award for attorney's fees to Class Counsel set forth below is reasonable as measured by applicable factors set forth in *In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166 (S.D. Cal. 2007); *In re OmniVision Techs., Inc.*, 559 F. Supp. 2d 1036 (N.D. Cal. 2008); and *In re Heritage Bond Litig. v. U.S. Trust Co. of Texas, N.A.*, No. 02-ML-1475-D, 2005 U.S. Dist.

7

LEXIS 13627 (C.D. Cal., June 10, 2005).

18. The award of attorney's fees set forth below represents a reasonable percentage of the proceeds of the Settlement given the facts and proceedings in the Litigation.

19. Accordingly, Class Counsel (Berger & Montague, P.C., Keller Rohrback, LLP, and Ann Miller, LLC) are awarded attorney's fees of $_____, representing ___% of the Settlement Fund, which shall be paid out of the Settlement Fund.

20. Class Counsel are awarded reimbursement of expenses in the aggregate amount of $____, which shall be paid out of the Settlement Fund. These expenses are fair, reasonable and were necessarily incurred in connection with the prosecution and resolution of this litigation.

21. Plaintiff Robert J. King is awarded $5,000, and Plaintiff Keith Rhone is awarded $2,500, which shall be paid out of the Settlement Fund. Based upon the evidence and pleadings submitted to the Court, the Court hereby finds that this award is fair and reasonable under the circumstances.

22. The Court hereby retains and reserves jurisdiction over all matters relating to the administration, consummation, enforcement, and interpretation of the Settlement Agreement, and for any other necessary purpose, including, but not limited to, any distribution of funds pursuant to the Settlement Agreement and pursuant to further Orders of this Court.

SO ORDERED this _____ day of _____, 2009

_____
Philip M. Pro, United States District Judge

malta467173-001

8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

06CV1231JLS(WMc)