**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

|  |  |
|---|---|
| In re Wal-Mart Wage and Hour<br>**Employment Practices Litigation**<br><br>——————————————————<br><br>**THIS DOCUMENT RELATES TO:**<br><br>*King, et al. v. Wal-Mart Stores, Inc., et al.*<br>**2:07-CV-01486-WY** | MDL-1735<br>2:06-cv–00225-PMP-PAL<br>(BASE FILE) |

**ORDER PRELIMINARILY APPROVING SETTLEMENT, CONDITIONALLY CERTIFYING CLASS FOR PURPOSES OF SETTLEMENT, APPROVING FORM AND MANNER OF NOTICE, AND SCHEDULING HEARING ON FAIRNESS OF SETTLEMENT PURSUANT TO FED. R. CIV. P. 23(e)**

There having come before the Court the motion of Plaintiffs for an Order: (1) preliminarily approving the settlement (the "King Settlement") of this action (the "Lawsuit"), pursuant to the terms and conditions of the settlement agreement, dated May 26, 2009 (the "King Settlement Agreement"); (2) approving the form of Notice and Summary Notice and the dissemination of such notice; (3) conditionally certifying the Class under Fed. R. Civ. P. 23(a) and (b)(1) for purposes of the King Settlement, and the final approval thereof; (4) scheduling a hearing to consider the fairness of the King Settlement pursuant to Fed. R. Civ. P. 23(e), and to consider the application for Attorney's Fees and Expenses by Class Counsel in King ("Class Counsel") pursuant to the common fund doctrine and the application for an incentive award, and upon the Court's consideration of such motion, the King Settlement Agreement and exhibits attached thereto, and the pleadings and records on file, and good cause appearing, it is hereby ORDERED as follows:

1.      To the extent not otherwise defined herein, all capitalized terms shall have the

1

same meaning as used in the King Settlement Agreement.

2.     The Court has jurisdiction over the subject matter of the Lawsuit and over all parties to it, including all members of the Class and all Defendants.

3.     The King Settlement documented in the King Settlement Agreement is hereby PRELIMINARILY APPROVED as appearing on its face to be fair, reasonable, and adequate; to have been the product of serious, informed, and extensive arm's length negotiations among the parties; and to reflect the hard-fought compromise of a genuine controversy between the Parties involving Defendants' compliance with the fiduciary requirements of ERISA.

4.     The Court finds that the form of the Notice and the Summary Notice attached to this Order as Exhibits A and B, respectively, are APPROVED.  In substantially such form, within a reasonable time after this Order is entered: a) such Notice shall be mailed by first class mail, postage prepaid, to all counsel of record in the following actions:;

- o   *Adcox, et al. v. Wal-Mart Stores, Inc., et al.*, Case No. 3:04-cv-633 (United States District Court for the Southern District of Texas, Houston Division) and *Lopez, et al. v. Wal-Mart Stores, Inc., et al.*, Case No. 12326BH2000 (Twenty-Third Judicial Circuit, Brazoria County, Texas);

- o   *Alix v. Wal-Mart Stores, Inc.*, RJI No. 01-02-071134 (Supreme Court, Albany County, New York);

- o   *Armijo, et al. v. Wal-Mart Stores, Inc., et al.*, Case No. D-0117-CV-2000-02211 (First Judicial District Court, County of Rio Arriba, State of New Mexico);

- o   *Bailey, et al. v. Wal-Mart Stores, Inc., et al.*, Case No. 49D05-0008-CT-1177 (Marion Superior Court, State of Indiana);

- o   *Barnett, et al. v. Wal-Mart Stores, Inc., et al.*, Case No. 01-2-24553-8 SEA (Superior Court for the State of Washington, In and For King County);

- o   *Brown (Lisa), et al. v. Wal-Mart Stores, Inc., et al.*, Case No. 01 L 85 (15th Judicial Circuit Court, Rock Island, Illinois);

- o   *Carter, et al. v. Wal-Mart Stores, Inc., et al.*, Case No. 2006-CP-A5-839R (Court of Common Pleas, Fourteenth Judicial Circuit, South Carolina);

- o   *Hale, et al. v. Wal-Mart Stores, Inc., et al.*, Case No. 01-CV-218710 (Circuit Court of Jackson County, Missouri at Kansas City);

o *Iliadis, et al. v. Wal-Mart Stores, Inc., et al.*, Case No. MID-L-5498-02 (Superior Court of New Jersey, Middlesex County, New Jersey);

o *Lerma, et al. v. Wal-Mart Stores, Inc., et al.*, Case No. CJ-2001-1395 (District Court of Cleveland County, State of Oklahoma);

o *In Re: Wal-Mart Wage and Hour Employment Practices Litigation*, Case No. 2:06-cv-00225-PMP-PAL (United States District Court for the District of Nevada), which consists of the following cases:

  ▪ *Bayardo v. Wal-Mart Stores, Inc., et al.*, Case No. 07-00349 (United States District Court for the District of Nevada) ("*Bayardo*") (California);

  ▪ *Brogan (Pam), et al. v. Wal-Mart Stores, Inc., et al.*, Case No. 07-00214 (United States District Court for the Southern District of West Virginia) ("*Brogan (Pam)*") (West Virginia);

  ▪ *Brogan (Tammy), et al. v. Wal-Mart Stores, Inc., et al.*, Case No. 2:09-cv-00338 PMP-PAL (United States District Court for the District of Nevada) ("*Brogan (Tammy)*") (New Hampshire);

  ▪ *Campbell v. Wal-Mart Stores, Inc., et al.*, Case No. 06-11722 (United States District Court for the District of Nevada) ("*Campbell*") (Rhode Island);

  ▪ *Cole v. Wal-Mart Stores, Inc., et al.*, Case No. 06-00003 (United States District Court for the District of Montana) ("*Cole*") (Montana);

  ▪ *Curless v. Wal-Mart Stores, Inc., et al.*, Case No. 05-00277 (United States District Court for the District of Wyoming) ("*Curless*") (Wyoming);

  ▪ *Cruzado v. Wal-Mart Stores, Inc., et al.*, Case No. 2:09-cv-00595-PMP-PAL (United States District Court for the District of Nevada) ("*Cruzado*") (Puerto Rico);

  ▪ *Deas v. Wal-Mart Stores, Inc., et al.*, Case No. 06-00052 (United States District Court for the Eastern District of Virginia) ("*Deas*") (Virginia);

  ▪ *Griffin v. Wal-Mart Stores, Inc., et al.*, Case No. 2:09-CV00341 (United States District Court for the District of Nevada) ("*Griffin*") (Arkansas);

  ▪ *Hall v. Wal-Mart Stores, Inc., et al.*, Case No. 05-01099 (United States District Court for the District of Nevada) ("*Hall*") (Nevada);

  ▪ *Henderson v. Wal-Mart Stores, Inc., et al.*, Case No. 06-01569 (United States District Court for the District of Nevada) ("*Henderson*") (Connecticut);

  ▪ *Hicks v. Wal-Mart Stores, Inc., et al.*, Case No. 07-00051 (United States District Court for the Eastern District of Texas) ("*Hicks*") (Texas);

- *Jackson (Dora) v. Wal-Mart Stores, Inc., et al.*, Case No. 05-00269 (United States District Court for the District of Delaware) ("*Jackson (Dora)*") (Delaware);

- *Jackson (Reginald) v. Wal-Mart Stores, Inc., et al.*, Case No. 05-00424 (United States District Court for the District of Idaho) ("*Jackson (Reginald)*") (Idaho);

- *Kraemer v. Wal-Mart Stores, Inc.*, Case No. 06-00098 (United States District Court for the District of North Dakota) ("*Kraemer*") (North Dakota);

- *Luce v. Wal-Mart Stores, Inc., et al.*, Case No. 05-01019 (United States District Court for the District of South Dakota) ("*Luce*") (South Dakota);

- *Mathies, et al. v. Wal-Mart Stores, Inc., et al.*, Case No. 07-00483 (United States District Court for the District of Oregon) ("*Mathies*") (Oregon);

- *McFarlin v. Wal-Mart Stores, Inc., et al.*, Case No. 05-00094 (United States District Court for the District of Alaska) ("*McFarlin*") (Alaska);

- *Nolan, et al. v. Wal-Mart Stores, Inc., et al.*, Case No. 06-0777 (United States District Court for the Northern District of Ohio) ("*Nolan*") (Ohio);

- *Olinger v. Wal-Mart Stores, Inc., et al.*, Case No. 06-14055 (United States District Court for the Eastern District of Michigan) ("*Olinger*") (Michigan);

- *Parrish v. Wal-Mart Stores, Inc., et al.*, Case No. 2:09-cv-00342- PMP-PAL (United States District Court for the District of Nevada) ("*Parrish*") (Georgia);

- *Penn v. Wal-Mart Stores, Inc., et al.*, Case No. 06-06045 (United States District Court for the Eastern District of Louisiana) ("*Penn*") (Louisiana);

- *Poha v. Wal-Mart Stores, Inc., et al.*, Case No. 05-00697 (United States District Court for the District of Hawaii) ("*Poha*") (Hawaii);

- *Pritchett v. Wal-Mart Stores, Inc., et al.*, Case No. 2:09-cv-00343 (United States District Court for the District of Nevada) ("*Pritchett*") (Alabama);

- *Smith (Adriane) v. Wal-Mart Stores, Inc., et al.*, Case No. 07-00188 (United States District Court for the Western District of Wisconsin) ("*Smith*") (Wisconsin);

- *Stafford v. Wal-Mart Stores, Inc., et al.*, Case No. 05-00535 (United States District Court for the District of Nebraska) ("*Stafford*") (Nebraska);

- *Whitacre v. Wal-Mart Stores, Inc., et al.*, Case No. 07-00445 (United States District Court for the District of Nevada) ("*Whitacre*") (Maryland);

- *Williams (Norma Jean) v. Wal-Mart Stores, Inc., et al.*, Case No. 06-00061 (United States District Court for the District of Utah) ("*Williams (Norma Jean)*") (Utah);

- *Williams (Travis) v. Wal-Mart Stores, Inc., et al.*, Case No. 06-00142 (United States District Court for the Western District of North Carolina) ("*Williams (Travis)*") (North Carolina); and

- *Woods v. Wal-Mart Stores, Inc., et al.*, Case No. 06-00006 (United States District Court for the District of Maine) ("*Woods*") (Maine).

o *Montgomery, et al. v. Wal-Mart Stores, Inc., et al.*, Case No. 3:03-CV-539-HTW-AGN (United States District Court for the Southern District of Mississippi, Jackson Division) and *Winters, et al. v. Wal-Mart Stores, Inc., et al.*, Case No. 3:02CV1171 WS (United States District Court for the Southern District of Mississippi, Jackson Division);

o *Mussmann, et al. v. Wal-Mart Stores, et al.*, Case No. LA27486 (Iowa District Court, Clinton County, Iowa);

o *Nagy, et al. v. Wal-Mart Stores, Inc.*, Case No. 01-CI-00854 (Commonwealth of Kentucky, Boyd County Circuit Court) and *Gross, et al. v. Wal-Mart Stores, Inc., et al.*, Case No. 04-CI-01029 (Commonwealth of Kentucky, Laurel County Circuit Court, Division II);

o *Ouellete, et al. v. Wal-Mart Stores, Inc., et al.*, Case No. 67-01-CA-326 (Circuit Court, Fourteenth Judicial Circuit in and for Washington County, Florida);

o *Pickett, et al. v. Wal-Mart Stores, Inc., et al.*, Case No. CT-005945-03 (Circuit Court of Tennessee for the Thirteenth Judicial District at Memphis, Shelby County); and

o *Willey, et al. v. Wal-Mart Stores, Inc., et al.*, Case No. 01 C3688 (District Court of Wyandotte County Kansas, Civil Court Department).

o *Hummel v. Wal-Mart Stores, Inc., et al.*, Case No. 3757 (Court of Common Pleas, Philadelphia County) (the "Hummel Case");

o *Salvas v. Wal-Mart Stores, Inc.*, Case No. 01-3645 (Middlesex County Superior Court, Commonwealth of Massachusetts) (the "Salvas Case"); and

o *Savaglio v. Wal-Mart Stores, Inc. et al.*, Case No. C-835687 (Superior Court of the State of California for the County of Alameda) (the "Savaglio Case").

and (b) such Summary Notice shall be published in *Parade Magazine* or *USA Today* (on a

national basis), or in such other publication as the Court may authorize,  on Business Wire (on a

national basis), and on such additional websites to be agreed to by the parties.  Class Counsel shall file a sworn affidavit or declaration, at or before the King Fairness Hearing (as discussed in paragraph 8 below), attesting to the mailing and publication of the Notice and the Summary Notice.

5.      The form and manner of delivery and publication of the Notice and Summary Notice directed hereby and in the King Settlement Agreement meet the requirements of Fed. R. Civ. P. 23 and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all members of the Class.

6.      The Court hereby PRELIMINARILY APPROVES the maintenance of the Lawsuit as a class action for purposes of the King Settlement pursuant to Fed. R. Civ. P. Rule 23(a) and 23(b)(1).  Specifically, the Court FINDS that: (a) the members of the Class are so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the named Plaintiffs are typical of the claims of the Class; (d) the named Plaintiffs will fairly and adequately represent the interest of the Class; and (e) the prosecution of separate actions by individual members of the Class would create a risk of (i) inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for the  Defendants, or (ii) adjudications with respect to individual members of the Class which would as a practical matter be dispositive of the interests of the other members of the Class. ;

7.      Accordingly, for purposes of the King Settlement only, the Lawsuit is hereby CERTIFIED as a class action pursuant to Fed. R. Civ. P. 23(a) and (b)(1), with the Class defined as follows:

*All hourly employees of Wal-Mart who worked at a Wal-Mart store, Supercenter, Neighborhood Market, Sam's Club, or Distribution Center in any of the fifty United States or in Puerto Rico who (a) were participants in the Wal-Mart Stores, Inc. Profit Sharing and 401(k) Plan and/or the Wal-Mart Puerto Rico Profit Sharing and 401(k)*

*Plan (the "Plans"), and any and all predecessors, from February 1, 1997 to May 26, 2009, and who (b) were eligible to have contributions from Wal-Mart allocated to their individual accounts in the Plan pursuant to the Plan's terms during such period; and as to each such hourly employee, his or her beneficiaries, alternate payees, representatives, and successors in interest.*

If for any reason this Court does not approve the Settlement Agreement, or if the Settlement Effective Date as defined in the Settlement Agreement does not occur, this Conditional Certification of the Settlement Class shall be deemed null and void without further action by this Court or any of the Parties.  In such circumstances each Party shall retain all of their respective, currently existing rights to seek or to object to the certification of any class in this litigation under Fed. R. Civ. P. 23, or any other State or Federal Rule, statute, law, or provision, and to contest and appeal any grant or denial of certification in this litigation or in any other litigation on any other grounds.  The Conditional Certification for Settlement purposes is not intended to be an admission by Wal-Mart that class certification for any purpose other than settlement is proper in this litigation or in any other litigation against Wal-Mart.  Wal-Mart continues to assert that this litigation fails to meet the prerequisites necessary for class treatment under applicable law.  Plaintiffs disagree and continue to assert that claims for which class certification has been sought meet the prerequisites necessary for class treatment. Other than to effectuate the Settlement of this litigation, the certification of the Settlement Class for Settlement purposes and all documents related thereto, including the Settlement Agreement and all accompanying exhibits and all orders entered by the Court in connection with the Settlement Agreement, are not intended to be admissible as evidence in this Litigation or in any judicial, arbitral, administrative, investigative, or other court, tribunal, forum or other proceeding, including any wage and hour or other litigation against Wal-Mart.

8.     A hearing (the "King Fairness Hearing") pursuant to Fed. R. Civ. P. 23(e) is

hereby SCHEDULED to be held before the Court on September 15 , 2009, a 10:00 a .m in

Courtroom 7C    for the following purposes:

        (a)    to determine finally whether the Lawsuit satisfies the applicable

prerequisites for class action treatment under Fed. R. Civ. P. 23(a) and (b)(1) and (b)(2);

        (b)    to determine whether the proposed  King Settlement is fair, reasonable, and

adequate, and should be approved by the Court;

        (c)    to determine whether the Order and Judgment (attached as Exhibit 4 to the

Settlement Agreement) should be entered, and to determine whether the Released Parties defined

therein should be released from liability as provided in the Order and Judgment;

        (d)    to determine whether the proposed Plan of Allocation of the King

Settlement Fund is fair and reasonable, and should be approved by the Court;

        (e)    to consider whether Class Counsel's application for an award of Attorney's

Fees and Expenses pursuant to the common fund doctrine, and whether the application for an

incentive payment to Plaintiffs, are fair and reasonable and should be approved by the Court;

        (f)    to rule upon such other matters as the Settlement Agreement contemplates,

and as the Court may deem appropriate.

    9.    Any of the Parties' papers with respect to whether the King Settlement and the

Plan of Allocation should be approved, and any application by ERISA Class Counsel for payment

of Attorney's Fees and Expenses, and any application for an incentive payment to Plaintiffs,

together with papers in support thereof, shall be filed with the Court and served on all other

parties to the King Settlement Agreement at least two (2) weeks before the King Fairness

Hearing.  Copies of such materials shall be available for inspection at the Office of the Clerk.

    10.    The Court having determined preliminarily that the Lawsuit may proceed for

settlement purposes only as a non-opt out class action under Fed. R. Civ. P. 23(a)  and (b)(l),

8

Class members shall be bound by any judgment in the Lawsuit, whether favorable or unfavorable, subject to the Court's final determination at the King Fairness Hearing as to whether this Action may so proceed.

11.     At the King Fairness Hearing, the Court shall consider comments or objections to the certification of the King Class under Fed. R. Civ. P. 23(a) and (b)(1), the King Settlement, the Plan of Allocation, and the requests for an award of Attorney's Fees and Expenses and the Plaintiffs' incentive award,  but only if such comments or objections and any supporting papers are filed in writing or electronically with the Clerk of the Court, United States District Court for the District of Nevada, Lloyd D. George United States Courthouse, 1st Floor, 333 Las Vegas Boulevard South, Las Vegas, NV 89101-7065, on or before a date to be set approximately forty-five (45) days after publication of the Summary Notice and by the same date, copies of all such papers are served on each of the following persons:

ERISA Class Counsel

Todd S. Collins
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3000 / (215) 875-4604 (fax)

Lynn L. Sarko
KELLER ROHRBACK, LLP
1201 Third Avenue, Suite 3200
Seattle, WA  98101

Ann Miller
ANN MILLER, LLC
834 Chestnut Street, Suite 206
Philadelphia, PA  19107
(215) 238-0468 / (215) 547-0699 (fax)


Defendants' Counsel

Brian L. Duffy
Naomi G. Beer

GREENBERG TRAURIG, LLP
1200 Seventeenth Street, Suite 2400
Denver, CO  80202
(303) 572-6500

12.     Persons wishing to speak at the King Fairness Hearing must send a letter so informing the Clerk of the Court, ERISA Class Counsel, and Defendants' Counsel, following the procedure set forth in the Notice attached hereto as Exhibit A.

13.     Attendance at the King Fairness Hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the King Settlement, the Plan of Allocation, or the requests for Attorney's Fees and Expenses or the Plaintiffs' incentive award, shall state in their written objection(s) their intention to appear at the King Fairness Hearing. Written objections must be made under penalty of perjury and must include the following information:

a)   A heading referring to the Lawsuit;

b)   The Objector's name, address, telephone number, and the contact information for any attorney retained by the Objector in connection with the objection or otherwise in connection with the Lawsuit;

c)   The location(s) and state or states and the type of facility or facilities where the Objector worked for Wal-Mart, position and dates of employment;

d)   A detailed statement of the specific factual and legal basis for each objection;

e)   A statement as to whether the Objector intends to appear at the King Fairness Hearing, either in person or through counsel, and, if through counsel, identifying the counsel by name, address and telephone number;

f)   A list of any witnesses the Objector may call at the King Fairness Hearing, together with a brief summary of each witness's expected testimony;

g)  A list of and copies of any exhibits which the Objector may seek to use at the King Fairness Hearing;

h)  A list of any legal authority the Objector may present at the King Fairness hearing;

i)  The Objector's signature, executed under penalty of perjury.

14.  Pending final determination of whether the King Settlement should be approved, the parties, all members of the Class, the Wal-Mart Stores, Inc. Profit Sharing and 401(k) Plan, and the Wal-Mart Puerto Rico Profit Sharing and 401(k) Plan are each hereby BARRED AND ENJOINED from instituting or prosecuting any action that asserts any claim to be released by the Order and Judgment against any Released Persons as defined in the Order and Judgment.

15.  If the King Settlement Agreement is terminated or the Court does not approve its terms, this Preliminary Order shall be null, void and of no further force or effect, and each party to the King Settlement Agreement shall be restored to his, her or its respective position as it existed prior to the execution of the King Settlement Agreement.

16.  The Court hereby retains jurisdiction for purposes of implementing the Settlement Agreement and reserves the power to enter additional orders to effectuate the fair and orderly administration and consummation of the King Settlement as may from time to time be appropriate and resolution of any and all disputes arising thereunder.

SO ORDERED this ___9th___ day of ___June___, 2009.


Philip M. Pro
United States District Judge

malta466501-001

11

# EXHIBIT

# A

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA

| | | |
|---|---|---|
| *In re Wal-Mart Wage and Hour* | ) | **MDL 1735** |
| *Employment Practices Litigation* | ) | **2:06-cv-00225-PMP-PAL** |
| | ) | |
| **THIS DOCUMENT RELATES TO:** | ) | |
| | ) | |
| *King v. Wal-Mart Stores, Inc., et al.* | ) | |
| | ) | |

# NOTICE OF CLASS ACTION SETTLEMENT

**NOTICE TO: All hourly employees of Wal-Mart Stores, Inc. ("Wal-Mart") who were participants or beneficiaries (the "King Class Members") of the Wal-Mart Profit Sharing and 401(k) Plan and/or the Wal-Mart Puerto Rico Profit Sharing and 401(k) Plan, and any and all predecessors (collectively, the "Plans") during the period from February 1, 1997 to May 26, 2009(the "Class Period").**

## PLEASE READ THIS NOTICE CAREFULLY.
## A FEDERAL COURT AUTHORIZED THIS NOTICE.
## THIS IS NOT A SOLICITATION.

This Notice advises you of a proposed settlement (the "King Settlement") of this class action (the "King Case"). The King Settlement will provide $5.0 million in cash, less attorney fees and costs, and certain other expenses, to pay claims on behalf of the Plans and on behalf of certain Class Members for whom Wal-Mart failed to make particular employer contributions with respect to the Plans. The King Settlement resolves a lawsuit over whether fiduciaries of the Plans breached their fiduciary duties and violated the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 et seq ("ERISA"). You should read the entire Notice carefully, because your legal rights are affected whether you act or not.

YOUR RIGHTS IN CONNECTION
WITH THE SETTLEMENT

| | |
|---|---|
| **YOU CAN FILE A CLAIM IN THE WAGE LITIGATION** | If you recover taxable wages in the Wage Litigation (as described in section 3 below), you may also recover in the King Case. |
| | (Note that, as discussed in section 3 below, at present it is possible to file a claim only in the Settled Wage Litigation, but not in the Non-Settled Wage Litigation.) |
| | If you are a King Class Member, and no longer participate in the Plans, the Plan fiduciaries will do their best to make arrangements to pay you any King Settlement proceeds to which you are entitled. |
| **YOU CAN DO NOTHING** | If you do not file a claim in the Wage Litigation (as described in section 3 below), you may not be able to recover any Settlement proceeds from the King Case. |
| | (Note that, as discussed in section 3 below, if you are covered by the Non-Settled Wage Litigation, as opposed to the Settled Wage Litigation, you will not be able to file a claim until such time, if ever, as a recovery is obtained in such Non-Settled Wage Litigation.) |
| **YOU CAN OBJECT** | You can write to the Court about why you don't like the King Settlement. |

| YOU CAN GO TO A HEARING | You can ask to speak in Court about the fairness of the King Settlement. |
|---|---|

Your rights, options and the date by which you must object if you oppose the King Settlement are explained in this Notice.

| TABLE OF CONTENTS |
|---|

**BASIC INFORMATION**     **3**

1. WHY DID I GET THIS NOTICE PACKAGE?     3
2. HOW DO I GET MORE INFORMATION?     3
3. WHAT IS THE LAWSUIT ABOUT?     3
4. WHY IS THIS A CLASS ACTION?     4
5. WHY IS THERE A SETTLEMENT?     4
6. HOW DO I KNOW IF I AM PART OF THE SETTLEMENT?     4
7. ARE THERE EXCEPTIONS TO BEING INCLUDED?     4
8. I'M STILL NOT SURE IF I'M INCLUDED.     4
9. CAN I EXCLUDE MYSELF FROM THE SETTLEMENT?     5

**THE SETTLEMENT BENEFITS – WHAT YOU GET**     **5**

10. WHAT DOES THE SETTLEMENT PROVIDE?     5
11. HOW MUCH WILL MY PAYMENT BE?     5

**HOW YOU GET A PAYMENT**     **6**

12. HOW CAN I GET MY PAYMENT?     6
13. WHEN WILL I GET MY PAYMENT?     6

**THE LAWYERS REPRESENTING YOU**     **6**

14. DO I HAVE A LAWYER IN THIS CASE?     7
15. HOW WILL THE LAWYERS BE PAID?     7

**OBJECTION TO THE SETTLEMENT**     **7**

16. WHAT DOES IT MEAN TO OBJECT?     7
17. HOW DO I TELL THE COURT THAT I DON'T LIKE THE SETTLEMENT?     7

**THE COURT'S FAIRNESS HEARING**     **8**

18. WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?     8
19. DO I HAVE TO GO TO THE FAIRNESS HEARING?     8
20. MAY I SPEAK AT THE HEARING?     8

**GETTING MORE INFORMATION**     **9**

21. ARE THERE MORE DETAILS ABOUT THE SETTLEMENT?     9

**BASIC INFORMATION**

| 1. | Why did I get this notice package? |
|---|---|

You or someone in your family may have been a participant or beneficiary in the Plans during the Class Period.

The Court directed that you be sent this Notice because you have a right to know about a proposed Settlement of a class action lawsuit and about all of your options before the Court decides whether to approve the Settlement.

This package explains the King Case, the King Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the District of Nevada, and the case is known as *Robert J. King, et al. v. Wal-Mart Stores, Inc., et al*, part of MDL No. 1735, 2:06-cv-00225-PMP-PAL. The persons who sued are called Plaintiffs, and the company and the individuals that Plaintiffs sued, Wal-Mart and certain of its officials, are called Defendants.

| 2. | How do I get more information? |
|---|---|

You can visit www._____ or call 1-800-____-_____ toll-free.  **Please do not contact the Court or Wal-Mart. They will not be able to answer your questions.**

| 3. | What is this lawsuit about? |
|---|---|

In addition to the King Case, there are pending a number of class actions in which current or former Wal-Mart employees allege that Wal-Mart engaged in wage and hour violations, including improper "wage shaving" practices (the "Wage Litigation").  The Wage Litigation includes certain cases for which proposed settlements are currently pending (the "Settled Wage Litigation").  The Settled Wage Litigation consists of the following cases:

- o   *Adcox, et al. v. Wal-Mart Stores, Inc., et al.*, Case No. 3:04-cv-633 (United States District Court for the Southern District of Texas, Houston Division and *Lopez, et al. v. Wal-Mart Stores, Inc., et al.*, Case No. 12326BH2000 (Twenty-Third Judicial Circuit, Brazoria County, Texas);

- o   *Alix v. Wal-Mart Stores, Inc.*, RJI No. 01-02-071134 (Supreme Court, Albany County, New York);

- o   *Armijo, et al. v. Wal-Mart Stores, Inc., et al.*, Case No. D-0117-CV-2000-02211 (First Judicial District Court, County of Rio Arriba, State of New Mexico);

- o   *Bailey, et al. v. Wal-Mart Stores, Inc., et al.*, Case No. 49D05-0008-CT-1177 (Marion Superior Court, State of Indiana)

- o   *Barnett, et al. v. Wal-Mart Stores, Inc., et al.*, Case No. 01-2-24553-8 SEA (Superior Court for the State of Washington, In and For King County);

- o   *Brown (Lisa), et al. v. Wal-Mart Stores, Inc., et al.*, Case No. 01 L 85 (15th Judicial Circuit Court, Rock Island, Illinois);

3

o  *Carter, et al. v. Wal-Mart Stores, Inc., et al.*, Case No. 2006-CP-A5-839R (Court of Common Pleas, Fourteenth Judicial Circuit, South Carolina);

o  *Hale, et al. v. Wal-Mart Stores, Inc., et al.*, Case No. 01-CV-218710 (Circuit Court of Jackson County, Missouri at Kansas City);

o  *Iliadis, et al. v. Wal-Mart Stores, Inc., et al.*, Case No. MID-L-5498-02 (Superior Court of New Jersey, Middlesex County, New Jersey);

o  *Lerma, et al. v. Wal-Mart Stores, Inc., et al.*, Case No. CJ-2001-1395 (District Court of Cleveland County, State of Oklahoma);

o  *In Re: Wal-Mart Wage and Hour Employment Practices Litigation*, Case No. 2:06-cv-00225-PMP-PAL (United States District Court for the District of Nevada), which consists of the following cases:

   ▪  *Bayardo v. Wal-Mart Stores, Inc., et al.*, Case No. 07-00349 (United States District Court for the District of Nevada) ("*Bayardo*") (California);

   ▪  *Brogan (Pam), et al. v. Wal-Mart Stores, Inc., et al.*, Case No. 07-00214 (United States District Court for the Southern District of West Virginia) ("*Brogan (Pam)*") (West Virginia);

   ▪  *Brogan (Tammy), et al. v. Wal-Mart Stores, Inc., et al.*, Case No. 2:09-cv-00338 PMP-PAL (United States District Court for the District of Nevada) ("*Brogan (Tammy)*") (New Hampshire);

   ▪  *Campbell v. Wal-Mart Stores, Inc., et al.*, Case No. 06-11722 (United States District Court for the District of Nevada) ("*Campbell*") (Rhode Island);

   ▪  *Cole v. Wal-Mart Stores, Inc., et al.*, Case No. 06-00003 (United States District Court for the District of Montana) ("*Cole*") (Montana);

   ▪  *Curless v. Wal-Mart Stores, Inc., et al.*, Case No. 05-00277 (United States District Court for the District of Wyoming) ("*Curless*") (Wyoming);

   ▪  *Cruzado v. Wal-Mart Stores, Inc., et al.*, Case No. 2:09-cv-00595-PMP-PAL (United States District Court for the District of Nevada) ("*Cruzado*") (Puerto Rico);

   ▪  *Deas v. Wal-Mart Stores, Inc., et al.*, Case No. 06-00052 (United States District Court for the Eastern District of Virginia) ("*Deas*") (Virginia);

   ▪  *Griffin v. Wal-Mart Stores, Inc., et al.*, Case No. 2:09-CV00341 (United States District Court for the District of Nevada) ("*Griffin*") (Arkansas);

   ▪  *Hall v. Wal-Mart Stores, Inc., et al.*, Case No. 05-01099 (United States District Court for the District of Nevada) ("*Hall*") (Nevada);

   ▪  *Henderson v. Wal-Mart Stores, Inc., et al.*, Case No. 06-01569 (United States District Court for the District of Nevada) ("*Henderson*") (Connecticut);

4

- *Hicks v. Wal-Mart Stores, Inc., et al.*, Case No. 07-00051 (United States District Court for the Eastern District of Texas) ("*Hicks*") (Texas);

- *Jackson (Dora) v. Wal-Mart Stores, Inc., et al.*, Case No. 05-00269 (United States District Court for the District of Delaware) ("*Jackson (Dora)*") (Delaware);

- *Jackson (Reginald) v. Wal-Mart Stores, Inc., et al.*, Case No. 05-00424 (United States District Court for the District of Idaho) ("*Jackson (Reginald)*") (Idaho);

- *Kraemer v. Wal-Mart Stores, Inc.*, Case No. 06-00098 (United States District Court for the District of North Dakota) ("*Kraemer*") (North Dakota);

- *Luce v. Wal-Mart Stores, Inc., et al.*, Case No. 05-01019 (United States District Court for the District of South Dakota) ("*Luce*") (South Dakota);

- *Mathies, et al. v. Wal-Mart Stores, Inc., et al.*, Case No. 07-00483 (United States District Court for the District of Oregon) ("*Mathies*") (Oregon);

- *McFarlin v. Wal-Mart Stores, Inc., et al.*, Case No. 05-00094 (United States District Court for the District of Alaska) ("*McFarlin*") (Alaska);

- *Nolan, et al. v. Wal-Mart Stores, Inc., et al.*, Case No. 06-0777 (United States District Court for the Northern District of Ohio) ("*Nolan*") (Ohio);

- *Olinger v. Wal-Mart Stores, Inc., et al.*, Case No. 06-14055 (United States District Court for the Eastern District of Michigan) ("*Olinger*") (Michigan);

- *Parrish v. Wal-Mart Stores, Inc., et al.*, Case No. 2:09-cv-00342- PMP-PAL (United States District Court for the District of Nevada) ("*Parrish*") (Georgia);

- *Penn v. Wal-Mart Stores, Inc., et al.*, Case No. 06-06045 (United States District Court for the Eastern District of Louisiana) ("*Penn*") (Louisiana);

- *Poha v. Wal-Mart Stores, Inc., et al.*, Case No. 05-00697 (United States District Court for the District of Hawaii) ("*Poha*") (Hawaii);

- *Pritchett v. Wal-Mart Stores, Inc., et al.*, Case No. 2:09-cv-00343 (United States District Court for the District of Nevada) ("*Pritchett*") (Alabama);

- *Smith (Adriane) v. Wal-Mart Stores, Inc., et al.*, Case No. 07-00188 (United States District Court for the Western District of Wisconsin) ("*Smith*") (Wisconsin);

- *Stafford v. Wal-Mart Stores, Inc., et al.*, Case No. 05-00535 (United States District Court for the District of Nebraska) ("*Stafford*") (Nebraska);

- *Whitacre v. Wal-Mart Stores, Inc., et al.*, Case No. 07-00445 (United States District Court for the District of Nevada) ("*Whitacre*") (Maryland);

- *Williams (Norma Jean) v. Wal-Mart Stores, Inc., et al.*, Case No. 06-00061 (United States District Court for the District of Utah) ("*Williams (Norma Jean)*") (Utah);

5

- *Williams (Travis) v. Wal-Mart Stores, Inc., et al.*, Case No. 06-00142 (United States District Court for the Western District of North Carolina) ("*Williams (Travis)*") (North Carolina); and

- *Woods v. Wal-Mart Stores, Inc., et al.*, Case No. 06-00006 (United States District Court for the District of Maine) ("*Woods*") (Maine).

o  *Montgomery, et al. v. Wal-Mart Stores, Inc., et al.*, Case No. 3:03-CV-539-HTW-AGN (United States District Court for the Southern District of Mississippi, Jackson Division) and *Winters, et al. v. Wal-Mart Stores, Inc., et al.*, Case No. 3:02CV1171 WS (United States District Court for the Southern District of Mississippi, Jackson Division);

o  *Mussmann, et al. v. Wal-Mart Stores, et al.*, Case No. LA27486 (Iowa District Court, Clinton County, Iowa);

o  *Nagy, et al. v. Wal-Mart Stores, Inc.*, Case No. 01-CI-00854 (Commonwealth of Kentucky, Boyd County Circuit Court) and *Gross, et al. v. Wal-Mart Stores, Inc., et al.*, Case No. 04-CI-01029 (Commonwealth of Kentucky, Laurel County Circuit Court, Division II);

o  *Ouellete, et al. v. Wal-Mart Stores, Inc., et al.*, Case No. 67-01-CA-326 (Circuit Court, Fourteenth Judicial Circuit in and for Washington County, Florida);

o  *Pickett, et al. v. Wal-Mart Stores, Inc., et al.*, Case No. CT-005945-03 (Circuit Court of Tennessee for the Thirteenth Judicial District at Memphis, Shelby County); and

o  *Willey, et al. v. Wal-Mart Stores, Inc., et al.*, Case No. 01 C3688 (District Court of Wyandotte County Kansas, Civil Court Department).

The Wage Litigation also includes certain cases for which there are no settlements currently pending (the "Non-Settled Wage Litigation"). The Non-Settled Wage Litigation consists of the following cases:

o  *Hummel v. Wal-Mart Stores, Inc., et al.*, Case No. 3757 (Court of Common Pleas, Philadelphia County) (the "Hummel Case");

o  *Salvas v. Wal-Mart Stores, Inc.*, Case No. 01-3645 (Middlesex County Superior Court, Commonwealth of Massachusetts) (the "Salvas Case"); and

o  *Savaglio v. Wal-Mart Stores, Inc. et al.*, Case No. C-835687 (Superior Court of the State of California for the County of Alameda) (the "Savaglio Case").

The King Case alleges that Wal-Mart and other Defendants breached fiduciary duties with respect to the failure to make certain employer contributions to the Plans. The Plans generally provide that Wal-Mart will pay, as employer contributions, a particular percentage of wages paid to hourly workers. To the extent that, as alleged in the Wage Litigation, Wal-Mart underpaid wages through "wage shaving" and similar practices, the King Case asserts a claim on behalf of the Plans and their present and former participants and beneficiaries. The King Case asserts that, with respect to the Plans, Wal-Mart was required to make employer contributions for the wage amounts that Wal-Mart should have paid, but did not pay, according to the claims advanced in the Wage Litigation.

The Court in the King Case denied in part and granted in part Defendants' motion to dismiss the Complaint, and Plaintiffs filed an amended complaint. Defendants deny all allegations of wrongdoing and contend they have

substantial defenses in this lawsuit but are entering into this King Settlement for the purpose of avoiding the expense and uncertainty of litigation.

| 4. | Why is this a class action? |
|---|---|

In a class action, one or more persons called class representatives sue on behalf of people who have similar claims. All of these people who have similar claims make up the Class and are Class Members. One court resolves the issues for all Class Members. Because the wrongful conduct alleged by Plaintiff in this case affected a large group of people in a similar way, Plaintiffs filed this case as a class action, asking the Court to allow them to represent the King Class Members as class representatives.

| 5. | Why is there a Settlement? |
|---|---|

The Court has not decided in favor of Plaintiffs or Defendants. Instead, both sides agreed to the King Settlement. By agreeing to a Settlement, the parties avoid the costs and risks of a trial, and the Plans and certain King Class Members will get compensation. The Plaintiffs and their attorneys believe that the King Settlement is best for all Class Members.

| 6. | How do I know if I am part of the Settlement? |
|---|---|

The Court has conditionally certified this case as a class action, in which everyone who fits the following description is a Class Member:

*All hourly employees of Wal-Mart who worked at a Wal-Mart store, Supercenter, Neighborhood Market, Sam's Club, or Distribution Center in any of the fifty United States or in Puerto Rico who (a) were participants in the Wal-Mart Stores, Inc. Profit Sharing and 401(k) Plan and/or the Wal-Mart Puerto Rico Profit Sharing and 401(k) Plan (the "Plans"), and any and all predecessors, from February 1, 1997 to May 26, 2009, and who (b) were eligible to have contributions from Wal-Mart allocated to their individual accounts in the Plan pursuant to the Plan's terms during such period; and as to each such hourly employee, his or her beneficiaries, alternate payees, representatives, and successors in interest.*

7

> **7.    Are there situations where, even though I am part of the King Settlement, I may not receive monetary benefits?**

As a result of the King Settlement, all King Class Members will release ERISA claims against Defendants.  The following King Class Members will not receive any benefits from the King Settlement:

      a)      former participants and beneficiaries of the Plans whose Payable Amount under the Plan of Allocation (*see* section 11) is less than $25.00;

      b)      current participants and beneficiaries of the Plans whose Payable Amount under the Plan of Allocation (*see* section 11) is less than $10.00; and

      c)      persons on whose behalf no age Litigation claims have been asserted to date or persons who are not members of a class that receives a recovery in the Wage Litigation.

> **8.    I'm still not sure if I may receive monetary benefits.**

If you are still not sure whether you are included, you can ask for free help.  Visit www._____ or call 1-800-____ _____.

> **9.  Can I exclude myself from the Settlement?**

In some class actions, class members have the opportunity to exclude themselves from a Settlement.  This is the sometimes referred to as "opting out" of the Settlement.  **You do not have the right to exclude yourself from the King Settlement**.  The case was certified under Fed. R. Civ. P. 23(b)(1) as a "non opt-out" class action because of the way ERISA operates.  Breach of fiduciary duty claims must be brought by participants on behalf of the Plan, and any judgment or resolution necessarily applies to all Plan participants and beneficiaries.  As such, it is not possible for any participants or beneficiaries to exclude themselves from the benefits of the King Settlement.  **Therefore, you will be bound by any judgments or orders that are entered in the King Case for all claims that were asserted in this case on your behalf or on behalf of the Plans or otherwise included in the release provided for by the King Settlement.**

Although you cannot opt out of King Settlement, you can object to the King Settlement and ask the Court not to approve the King Settlement.  *See* question 17.

**THE SETTLEMENT BENEFITS – WHAT YOU GET**

> **10.    What does the Settlement provide?**

Defendants have agreed to pay $5.0 million to resolve Plaintiffs' claims against them.  The payment is called the King Settlement Fund.  Certain fees and expenses, including those incurred by Plaintiffs' Counsel, will be deducted from the ERISA Settlement Fund.  The remaining amount is called the Net Settlement Fund.

| 11. | How much will my payment be, if any? |
| --- | --- |

In general, your Plan account will be paid in the King Settlement 3.1% of the amount, if any, that you will be paid for taxable wages in the Wage Litigation.  However, there are important exceptions to this general rule, as set forth below.

The Net Settlement Fund will be distributed according to a Plan of Allocation to be approved by the Court. The Plan of Allocation is anticipated to provide as follows:  Class members will be entitled to receive an amount (the "Payable Amount") equal to 3.1% of all amounts paid to them in the Wage Litigation with respect to taxable wages, subject to the limitations described in Item 7 above, and subject to the following Group  Percentage Limitations:

|     |     |
| --- | --- |
| (A) | The aggregate Payable Amounts with respect to the Settled Wage Litigation will be subject to a Group Percentage Limitation of  90.4% of the Net Settlement Fund; |
| (B) | The aggregate Payable Amounts with respect to the Hummel Case will be subject to a Group Percentage Limitation of  3.8% of the Net Settlement Fund; |
| (C) | The aggregate Payable Amounts with respect to the Salvas Case will be subject to a Group Percentage Limitation of  1.3% of the Net Settlement Fund; and |
| (D) | The aggregate Payable Amounts with respect to the Savaglio Case will be subject to a Group Percentage Limitation of 4.5% of the Net Settlement Fund. |

To the extent that the aggregate Payable Amounts for any group of class members exceeds the applicable Group Percentage Limitation (referred to as a "Shortfall"), the Payable Amounts distributable to those class members will be reduced proportionately.  To the extent that the aggregate Payable Amounts for any group of class members are less than the applicable Group Percentage Limitation (referred to as an "Excess"), the amount of the Excess will be made available to reduce any Shortfall; provided that if distributions have already been made to class members subject to a Shortfall, no further distributions will be made to those class members.

The Plan of Allocation is on file with the Court and, in addition, available at www._____.

## HOW YOU GET A PAYMENT

| 12. | How can I get my payment? |
| --- | --- |

If you are a Class Member, a current Plan participant or beneficiary, and authorized to receive a payment, your Settlement proceeds will be deposited in your Plan account.  If you are a Class Member, no longer a participant or beneficiary in the Plans, and authorized to receive a payment, the Plan fiduciaries will undertake to pay you directly.  (If you are no longer a participant or beneficiary in the Plans, you must roll over any payment you receive into an appropriate retirement plan in order to avoid current tax liability.)

9

---

### 13.    When will I get my payment?

---

The Court will hold a hearing on _____, 2009, to decide whether to approve the King Settlement and the proposed Plan of Allocation.  If the Court  approves the King Settlement, appeals may follow.  It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year.  Please be patient.

In addition, please be aware that this Settlement is contingent upon the Court's final approval of the Settled Wage Litigation.  If you are not a member of a class in the Settled Wage Litigation, you will not be entitled to receive a recovery in the King Case unless and until a class of which you are a member receives a recovery in the Wage Litigation.

## THE LAWYERS REPRESENTING YOU

---

### 14.    Do I have a lawyer in this case?

---

The law firms of Berger & Montague, P.C. of Philadelphia, Pennsylvania; Keller Rohrback, LLP of Seattle, Washington; and Ann Miller, LLC of Philadelphia, Pennsylvania represent you and other Class Members.  These lawyers are called Class Counsel. You will not be charged for these lawyers.  These lawyers will be paid from the King Settlement Fund.  If you want to be represented by your own lawyer, you may hire one at your own expense.

---

### 15.    How will the lawyers be paid?

---

Class Counsel will ask the Court for attorney fees and expenses of up to 33.3% of the King Settlement Fund.  The Court may award less than these amounts.  In addition, there will be an application for an incentive award to Plaintiffs in an aggregate amount not to exceed $7,500.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the King Settlement or some part of it.

---

### 16.    What does it mean to object?

---

Objecting is simply telling the Court that you do not like something about the King Settlement.  It will not have any bearing on your right to King Settlement proceeds.

---

### 17.    How do I tell the Court that I don't like the Settlement?

---

You can object to the King Settlement if you dislike any part of it.  You can give reasons why you think the Court should not approve it.  The Court will consider your views.  To object, you must send a letter saying that you object to the Settlement in *Robert J. King, et al. v. Wal-Mart Stores, Inc., et al.*  Be sure to include your name, address, telephone number, signature, and the reasons you object to the King Settlement.  You must identify in your written objection the names of any witness you may call to testify, and any exhibits you intend to introduce into evidence at the Fairness Hearing.  **Mail the objection to each of the different addresses below,  postmarked no later than**

_____ ___ 2009.  You must mail your objection by this date.  If you fail to do so, the Court may not consider your objection.

| COURT | CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|---|
| Clerk of Court<br>United States District Court<br>Western District of N. Carolina<br>401 W. Trade Street<br>Charlotte, NC 28202 | Todd S. Collins<br>Berger & Montague, P.C.<br>1622 Locust Street<br>Philadelphia, PA 19103<br><br>Lynn L. Sarko<br>Keller Rohrback, LLP<br>1201 Third Avenue, Suite 3200<br>Seattle, WA 98101<br><br>Ann Miller<br>ANN MILLER LLC<br>834 Chestnut Street, Suite 206<br>Philadelphia, PA  19107 | Brian L. Duffy<br>Greenberg Traurig, LLP<br>1200 17th Street<br>Suite 2400<br>Denver, CO 80202 |

ALL PAPERS SUBMITTED MUST INCLUDE THE CASE NUMBER MDL 1735, 2:06-cv-00225-PMP-PAL.

THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the King Settlement.  You may attend and you may ask to speak, but you are not required to do so.

| 18. | When and where will the Court decide whether to approve the Settlement? |
|---|---|

The Court will hold a Fairness Hearing at _____.on _____, 2009, at the United States District Court for the District of Neveda, Lloyd D. George United States  Courthouse, 1st Floor, 333 Las Vegas Boulevard South Las Vegas, Neveda, in Courtroom _____.  At this hearing, the Court will consider whether the King Settlement is fair, reasonable, and adequate.  If there are objections, the Court will consider them.  The Court will listen to people who have asked to speak at the hearing.  The Court will also consider what amount of Class Counsel fees and expenses will be paid from the King  Settlement Fund, and what amounts if any should be paid to Plaintiffs as an incentive award.  We do not know when the Court will rule on these issues.

| 19. | Do I have to go to the Fairness Hearing? |
|---|---|

No, Class  Counsel will answer questions the Court may have.  You are, however, welcome to go at your own expense.  If you send an objection, you do not have to go to Court to talk about it.  As long as your objection is postmarked by _____, 2009, the Court will consider it.  You also may pay your own lawyer to attend, but it is not necessary.

---

**20.   May I speak at the hearing?**

---

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that you wish to be heard orally with respect to the approval of the Settlement, the amounts you may be entitled to receive (*see* section 11 above), the request for fees and expenses for Class Counsel, or the request for an amount to be paid to Plaintiffs as an incentive award. Your letter must bear the caption "Notice of Intention to Appear in *Robert J. King, et al. v. Wal-Mart Stores, Inc., et al*, part of MDL No. 1735, 2:06-cv-00225-PMP-PAL." Be sure to include your name, address, telephone number, and your signature. Your letter must be postmarked no later than _____, 2009, and sent to the Clerk of the Court, Class Counsel, and Defense Counsel, at the addresses indicated above in section 17.

**GETTING MORE INFORMATION**

---

**21.   Are there more details about the Settlement?**

---

This notice summarized the proposed King Settlement. More details are in the parties' Settlement Agreement. You can get a copy of the King Settlement Agreement by visiting www._____ or by calling 800-_____. **Remember, please do not contact the Court or Wal-Mart. They cannot give you additional information.**

DATE: _____, 2009.

malta467052

# EXHIBIT

# B

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA

| | | |
|---|---|---|
| *In re Wal-Mart Wage and Hour* | ) | **MDL 1735** |
| *Employment Practices Litigation* | ) | **2:06-CV-00225-PMP-PAL** |
| | ) | |
| **THIS DOCUMENT RELATES TO:** | ) | |
| | ) | |
| *King v. Wal-Mart Stores, Inc., et al.* | ) | |
| | ) | |

## SUMMARY NOTICE OF CLASS ACTION SETTLEMENT

**NOTICE TO: All hourly employees of Wal-Mart Stores, Inc. ("Wal-Mart") who were participants or beneficiaries (the "King Class Members") of the Wal-Mart Profit Sharing and 401(k) Plan and/or the Wal-Mart Puerto Rico Profit Sharing and 401(k) Plan, and any and all predecessors (collectively, the "Plans") during the period from February 1, 1997 to May 26, 2009 (the "Class Period").**

### PLEASE READ THIS NOTICE CAREFULLY.
### A FEDERAL COURT AUTHORIZED THIS NOTICE. THIS IS NOT A SOLICITATION.

A Settlement has been proposed in this class action lawsuit (the "King Case") brought by Plaintiffs on behalf of participants or beneficiaries in the Plans against Wal-Mart and certain Wal-Mart officials to recover losses allegedly sustained by the Plans. The lawsuit claimed that Defendants breached their fiduciary duty under the Employee Retirement Income Security Act of 1974 ("ERISA"). The Settlement will provide $5.0 million in cash to fully resolve the lawsuit. Hourly employees who were participants or beneficiaries of the Plans at any time from February 1, 1997 through May 21, 2009 (the "Class Period") may under certain circumstances be entitled to benefit from the monies paid in the King Settlement. The United States District Court for the District of Nevada authorized this Notice. The Court will have a hearing to decide whether to approve the King Settlement, so that the benefits may be paid.

**WHAT IS THIS ABOUT?**

In addition to the King Case, there are pending a number of class actions in which current or former Wal-Mart employees allege that Wal-Mart engaged in wage and hour violations, including improper "wage shaving" practices (the "Wage Litigation"). The Wage Litigation includes certain cases for which proposed settlements are currently pending (the "Settled Wage Litigation"). The Wage Litigation also includes certain cases for which there are no settlements currently pending (the "Non-Settled Wage Litigation").

The King Case alleges that Wal-Mart and other Defendants breached fiduciary duties with respect to the failure to make certain employer contributions to the Plans. The Plans generally provide that Wal-Mart will pay, as employer contributions, a particular percentage of wages paid to hourly workers. To the extent that, as alleged in the Wage Litigation, Wal-Mart underpaid wages through "wage shaving" and similar practices, the King Case asserts a claim on behalf of the Plans and their present and former participants and beneficiaries. The King Case asserts that, with respect to the Plans, Wal-Mart was required to make employer contributions for the wage amounts that Wal-Mart should have paid, but did not pay, according to the claims advanced in the Wage Litigation.

Defendants deny all allegations of wrongdoing and contend they have substantial defenses in this lawsuit but are entering into the King Settlement for the purpose of avoiding the expense and uncertainty of litigation.

**WHAT DOES THE SETTLEMENT PROVIDE?**

Defendants agreed to create a fund of $5.0 million to be paid to the Plans in settlement of the claims alleged in the King Case, after payment of such attorney's fees and costs and such incentive payment to Plaintiffs as the Court may allow. A Settlement Agreement, available by visiting www._____, describes all of the details about the proposed King Settlement. The amount allocable to your Plan account, if any, from the fund will be calculated for you. Generally, you need to submit a proof of claim in the Wage Litigation in order to recover any amount allocable to your Plan account in the King Settlement. The King Settlement releases claims under ERISA for the period February 1, 1997 through May 21, 2009. The Settlement is contingent upon the approval of the proposed settlements in the Settled Wage Litigation.

**CAN I OPT-OUT OF THE SETTLEMENT?**

**You do not have the right to exclude yourself from the Settlement in the King Case.** For the purposes of the Settlement only, the King Case is anticipated to be certified under Fed. R. Civ. P. 23(b)(1) as a "non opt-out" class action because of the way ERISA operates. Therefore, if the King Settlement is approved, you will be deemed to have released all of the Defendants from all claims that were or could have been asserted in this case or otherwise included in the release in the King Settlement, other than your right to obtain the relief provided to you, if any, by the King Settlement. The Court will hold a hearing in the King Case on _____, 2009, to consider whether to approve the Settlement and a request by the lawyers representing all Class members (Berger & Montague, P.C. of Philadelphia, Pennsylvania; Keller Rohrback, LLP of Seattle, Washington; and Ann Miller, LLC of Philadelphia, Pennsylvania) for attorney fees and costs,

and for an incentive award to Plaintiffs. If approved, these amounts will be paid from the King Settlement Fund. You may ask to appear at the hearing, but it is not required. Although you cannot opt out of the King Settlement, you can object to all or any part of the King Settlement.

    For more information regarding anything in this Notice, or to receive a copy of the Notice of Class Action Settlement in the form approved by the Court, visit www._____ or call toll-free 1-800-___-____.

malta465805-014.wpd