## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

|  |  |
|---|---|
| In re Wal-Mart Wage and Hour Employment Practices Litigation ) ) ) ) | MDL-1735 2:06-cv–00225-PMP-PAL (BASE FILE) |
| ) ) ) | |
| THIS DOCUMENT RELATES TO: ) ) | |
| King, et al. v. Wal-Mart Stores, Inc., et al.   2:07-CV-01486-WY ) ) ) ) ) | |

## TRUST AGREEMENT

This **TRUST AGREEMENT** (as amended, modified or supplemented from time to time, this **"Trust Agreement"**), is made effective as of September 18, 2009, by and among the plaintiffs in the above captioned matter individually and as representatives of the Settlement Classes (as that term is defined in the Settlement Agreement) (the **"Plaintiffs"**) by and through their ERISA Class Counsel Todd S. Collins, BERGER & MONTAGUE, P.C., 1622 Locust Street, Philadelphia, Pennsylvania 19103, (215)875-3000; Lynn L. Sarko, KELLER ROHRBACK, LLP, 1201 Third Avenue, Suite 3200, Seattle, Washington, 98101, and Ann Miller, ANN MILLER, LLC, 834 Chestnut Street, Suite 206, Philadelphia, Pennsylvania, 19107, (215)238-0468 (**"Class Counsel"**); the defendants in the above-captioned matter (the **"Defendants"**) by and through their counsel, GREENBERG TRAURIG, LLP (**"Defendants' Counsel"**); and RBS Citizens, N.A., a national banking association acting by and through its Institutional Services Group with an office at 870 Westminster Street, Providence, Rhode Island 02903, as Trustee (**"Citizens"**, or the **"Trustee"**).

### I.    RECITALS

**A.**    Plaintiffs and Defendants (the **"Parties"**) have entered into a Settlement Agreement (as may be amended, restated, supplemented or modified from time to time, the **"Settlement Agreement"**) pursuant to which the above-captioned matter is to be settled and resolved.

**B.**    As required under the Settlement Agreement, Defendants have agreed, subject to the approval of the Settlement Court (as defined below), to pay and deposit certain amounts into the Qualified Settlement Fund (as defined below) on or before certain dates specified in the Settlement Agreement.



EXHIBIT

1

tabbies®

C.    The Settlement Agreement provides for the establishment of the Qualified Settlement Fund in order to facilitate the administration of the Settlement Agreement and the distribution of payments pursuant thereto.

D.    The Parties, Class Counsel and Defendants' Counsel are entering into this Trust Agreement in order to set forth the terms and conditions applicable to the establishment of the Qualified Settlement Fund, the deposit of funds therein, the investment of funds therein, the disbursement of funds therefrom and matters collateral thereto, as required by the Settlement Agreement.

E.    The parties have agreed that RBS Citizens, N.A. will serve as the Trustee for the Qualified Settlement Fund; and

F.    The parties desire to have the Trustee accept, hold and distribute such funds deposited with the Trustee, and the Trustee has agreed to accept, hold and distribute such funds deposited with the Trustee, in accordance with the terms, provisions, covenants and conditions of this Trust Agreement.

**NOW, THEREFORE,** for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and intending to be legally bound, the parties hereto, for themselves, their successors and assigns, hereby agree to the foregoing and as follows:

## II.    TERMS OF THE TRUST AGREEMENT

1.    **Definitions.** All capitalized terms used herein shall have the same meaning as provided for in the Settlement Agreement, a copy of which is attached hereto as **Exhibit A**, unless the capitalized term is expressly defined herein.  The provisions of the Settlement Agreement are hereby incorporated by reference as though set forth fully herein.  To the extent that there is any ambiguity or inconsistency concerning disbursements when the Settlement Agreement and this Trust Agreement are read together, the terms of the Settlement Agreement shall control.  Notwithstanding the foregoing, the Trustee shall not be bound by nor deemed a party to the Settlement Agreement and its sole responsibility shall be to act only as expressly set forth in this Trust Agreement.

"**Claims Administrator**" means Rust Consulting, Inc. 625 Marquette Avenue, Suite 880, Minneapolis, MN 55402, its successors and permitted assigns under the Settlement Agreement.

"**Qualified Settlement Fund**" means the Qualified Settlement Fund to be set up in accordance with the Settlement Agreement.

"**Settlement Court**" means the United States District Court for the District of Nevada, and any appellate court which may review any orders entered by the Circuit Court related to the Settlement.

"**Trust Funds**" means (a) the funds paid by Defendants into the Qualified Settlement Fund from time to time and (b) any and all earnings and interest thereon from the investment thereof as provided in this Trust Agreement.

"**Written Direction**" means a written notification, signed by one member of both Class Counsel and Defendants' Counsel, substantially in the form attached as **Exhibit B**.

2.    **Appointment of and Acceptance by the Trustee.** Class Counsel and Defendants' Counsel hereby appoint Citizens to serve as the Trustee hereunder, and the Trustee hereby accepts such appointment and agrees to hold, invest and disburse all Trust Funds in accordance with this Trust Agreement.

3.    **Establishment of the Trust.**

3.1    The Parties shall cooperate in securing an order of the Settlement Court to establish the "King Qualified Settlement Fund" which is the "Qualified Settlement Fund" referred to in the Settlement Agreement, in accordance with the terms hereof and in conjunction with the Settlement Court's preliminary approval dated June 9, 2009. The Settlement Court shall retain jurisdiction over the administration of the Qualified Settlement Fund.

3.2    Upon execution of this Trust Agreement, and in accordance with Court order, the Trustee shall immediately establish an account at Citizens entitled "King Qualified Settlement Fund." The Trustee, Defendants and Class Counsel shall take such steps as shall be necessary to qualify the Qualified Settlement Fund Internal Revenue Code §468B, and the regulations promulgated pursuant thereto. Defendants shall be considered the "transferor" within the meaning of Treasury Regulation § 1.468B-1(d)(1). The Claims Administrator shall be the "administrator" within the meaning of Treasury Regulation § 1.468B-2(k)(3).

3.3    Upon establishment of the Qualified Settlement Fund, the Claims Administrator shall obtain the federal and state taxpayer identification numbers for the Qualified Settlement Fund utilizing Internal Revenue Service Form SS-4 and in accordance with Treasury Regulation §1.468B-2(k)(4).

3.4    The Claims Administrator and, as required, the Parties shall jointly make such elections as necessary or advisable to carry out the tax-related provisions of the Settlement Agreement, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1(j)(2)), back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulation.

3.5    It shall be the responsibility of the Claims Administrator to timely and properly (i) prepare and deliver the necessary documentation for signature by all necessary Parties, and thereafter to cause the appropriate filing(s) to occur and (ii) file all informational and other tax returns necessary or advisable with respect to the Qualified Settlement Fund (including without limitation the returns described in Treas. Reg. § 1.468B-2) and any applicable state tax laws, and to send copies of all such filings and returns to each of the parties and class counsel hereto.

3.6    All (i) taxes (including any estimated taxes, interest or penalties) arising with respect to the income earned by the Qualified Settlement Fund ("**Taxes**"), and (ii) expenses and costs incurred in connection with the operation and implementation of this section (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described herein) ("**Tax Expenses**"), shall be paid by the Claims Administrator out of funds received by the Claims Administrator from the Qualified Settlement Fund. It shall be the responsibility of the Claims Administrator to provide instructions (in accordance with the Settlement Agreement) to all necessary parties to enable the release of sufficient funds from the Qualified Settlement Fund to pay all Taxes and Tax Expenses (in accordance with Treas. Reg. § 1.468B-2 and any applicable state tax laws). Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Trust Fund and shall be timely paid by the Claims Administrator out of the funds received by the Claims Administrator from the Qualified Settlement Fund without prior order from the Settlement Court, and the Claims Administrator shall be obligated (notwithstanding anything herein to the contrary) to withhold from distributions to class members any monies necessary to pay such amounts including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2).

3.7    Defendants and Trustee have no responsibilities and shall have no liability for any reporting requirements that may relate to Taxes or Tax Expenses. Defendants and Trustee shall have no liability or obligations with regard to the timely payment of any Taxes or Tax Expenses.

3.8    Class Counsel and Defendants' Counsel agree to cooperate with the Claims Administrator, the Trustee, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this Section.

**4.    Payment into the Trust**. The amounts and timing of Defendants' payments into the Qualified Settlement Fund are set forth in detail in the Settlement Agreement, which provisions are fully incorporated herein by reference. Defendants shall make the payments in immediately available funds for disbursement in accordance with the terms of this Trust Agreement. The Trustee, immediately upon receipt, shall acknowledge receipt of the payments to Defendants' Counsel and Class Counsel in writing.

**5.    Holding and Investment of Trust Funds.**

5.1    Trustee agrees to hold the Trust Funds in trust pursuant to the provisions of this Trust Agreement.

5.2    The Trustee is authorized and directed to invest and reinvest the Trust Funds as soon as reasonably possible and to the extent practicable, shall be invested at the direction of Class Counsel and Counsel for the Defendants in U.S. Treasury securities, securities issued by United States agencies or fully insured by the FDIC, deposits and certificates of deposit fully insured by the FDIC and backed by the full faith and credit of

the U.S. Treasury, or short term debt or commercial paper guaranteed by the FDIC under the Temporary Liquidity Guaranty Program and backed by the full faith and credit of the U.S. Treasury (the "**Permitted Investments**"). Any amounts not reinvested in the Permitted Investments shall be held as cash within the Qualified Settlement Fund. All interest and earnings of the Qualified Settlement Fund shall be retained for the benefit of the Qualified Settlement Fund. All such interest and earnings shall be reported, for tax purposes, under a tax identification number to be obtained by the Claims Administrator for the Qualified Settlement Fund, which shall not be deemed to constitute Defendants' income. The Trustee is authorized and directed to sell such investments as may be required to make any payment due under this Trust Agreement.

     5.3    The Trustee will provide monthly reports to Class Counsel and Defendants' Counsel reflecting income and disbursement activity in the Settlement Fund Account for the period and year to date. The Trustee shall further issue a final report and accounting that summarizes the income, expenses, and disbursements associated with the administration of the Qualified Settlement Fund and such other reports as Class Counsel may reasonably require from time to time. Trustee shall provide copies of the final report and accounting to Class Counsel and Defendants' Counsel. Information regarding the status of the Qualified Settlement Fund shall be accessible to Class Counsel and Defendants' Counsel. The Trustee will provide the name of the officer who will have principal responsibility for the management of the Qualified Settlement Fund and who will be the Trustee's principal contact for Class Counsel and Defendants' Counsel.

## 6.    <u>Compliance with Internal Revenue Code</u>.

     6.1    The parties agree that the Qualified Settlement Fund meets the requirements of a Qualified Settlement Fund under Internal Revenue Code §§ 1.468B and 1.468B-1 (c) and shall be treated accordingly for tax purposes.

     6.2    The taxable year of the Qualified Settlement Fund shall be the calendar year in accordance with Treasury Regulation § 1.468B-2(j). The Qualified Settlement Fund shall utilize the accrual method of accounting within the meaning of Internal Revenue Code § 446(c).

     6.3    It is intended that Defendants' payments to the Qualified Settlement Fund will satisfy the "all events test" and the "economic performance" requirement of Internal Revenue Code § 461(h)(1), and Treasury Regulation § 1.461-1(a)(2). Accordingly, the Defendants shall not include the income of the Qualified Settlement Fund in their income. Rather, the Qualified Settlement Fund shall be taxed on its modified gross income, excluding the sums transferred to it, and shall make payment of resulting taxes from its own funds. In computing the Qualified Settlement Fund's modified gross income, deductions shall be allowed for its administrative costs and other deductible expenses incurred in connection with the operation of the Qualified Settlement Fund, including, without limitation, state and local taxes and legal, accounting, and other fees relating to the operation of the Qualified Settlement Fund.

7.    **Disbursements of Trust Funds.**

7.1    The Trustee shall hold, maintain, and administer the Qualified Settlement Fund for the benefit of the Qualified Settlement Fund and shall permit the disbursement thereof solely pursuant to an order or other written instruction issued by the Court, or as otherwise authorized herein. It is recognized and agreed that the Court may order, or the parties hereto may jointly agree, that the Trustee transfer funds into a separate sub-account which may be established solely for the purposes of satisfying the provisions of the Settlement Agreement.

7.2    Trustee shall disburse Trust Funds from time to time, upon receipt of, and in accordance with, a Written Direction, substantially in the form attached hereto as **Exhibit B.**

7.3    In the event the settlement described in the Settlement Agreement is approved by the Settlement Court and the Settlement Effective Date (as defined in the Settlement Agreement), occurs Class Counsel and Defendants' Counsel agree promptly to execute and deliver to Trustee a Final Settlement Notice, at which time Defendant and Defendants' Counsel shall have no further duties or responsibilities in connection with the Qualified Settlement Fund or the funds contained therein.

8.    **Termination of Settlement Agreement.**   If the Settlement in this action is not approved or is terminated, canceled, voided or the Settlement Effective Date does not occur for any reason ("Terminating Event"), all Trust Funds paid into the Qualified Settlement Fund by Defendant (and interest thereon) shall be refunded to Defendant, net of any disbursements from the Qualified Settlement Fund in accordance with Paragraph 7 of this Trust Agreement. In such case, the refund shall occur within five (5) business days of notice to the Trustee in writing of the Terminating Event. The refund to Defendant shall be reduced by any Taxes and Tax Expenses (as those terms are defined below) paid or owed, as applicable, to the date of the Terminating Event.

9.    **Duties of the Trustee.**

9.1    The duties and obligations of the Trustee shall be determined by the express provisions of this Trust Agreement, and no implied duties or obligations shall be inferred or otherwise imposed upon or against the Trustee, and the Trustee shall not be liable except for the performance of such duties and obligations as are specifically set out in this Trust Agreement. Trustee shall be protected in acting upon any written notice, request, waiver, consent, certificate, receipt, authorization, power of attorney or other paper or document which Trustee in good faith believes to be genuine and what it purports to be, including, but not limited to, items requesting or authorizing release, disbursement or retainage of the subject matter of this Trust Agreement and items amending the terms of the Trust Agreement. It is expressly understood that Trustee is obligated only to receive, hold and invest the Trust Funds as set forth in this agreement, and to disburse the same in accordance with written instructions given under the provisions of this Trust Agreement. The Trustee shall not be liable for any action taken or omitted by it in good faith except to the extent that a court of competent jurisdiction

determines that the Trustee's gross negligence or willful misconduct was the primary cause of any loss to the parties hereto. In no event shall Trustee be liable for incidental, indirect, special, consequential or punitive damages (including, but not limited to lost profits).

9.2    In consideration of its acting as the Trustee under and pursuant to this Agreement, the Trustee shall charge $1,500.00 for its services under this Trust Agreement.

9.3    Any dispute regarding the reasonableness of costs, expenses or fees provided for in this Trust Agreement or the Settlement Agreement shall be determined by the Court.

9.4    The Qualified Settlement Fund agrees to indemnify and hold the Trustee harmless against any and all losses, claims, damages, liabilities and expenses, including reasonable costs of investigation, reasonable attorneys' fees and disbursements that may be imposed on the Trustee or incurred by the Trustee in connection with the performance of its duties under this Trust Agreement (**"Losses"**), including but not limited to any litigation arising from this Trust Agreement or involving its subject matter; provided that there shall be no obligation to indemnify or hold the Trustee harmless against any Losses arising from the any gross negligence or willful misconduct of Trustee.

**10.    Removal or Resignation of the Trustee.**  The Trustee may resign at any time, for any reason, by written notice of its resignation given by the Trustee to Defendants' Counsel and Class Counsel at least thirty (30) days before the effective date specified for such resignation. The Trustee may be removed by the Court or by written agreement of Defendants' Counsel and Class Counsel at any time for any reason by written notice given to the Trustee at least thirty (30) days before the effective date specified for such removal. Upon the effective date of such resignation or removal:

(i)    All funds in the Qualified Settlement Fund shall be delivered by the Trustee to such successor Trustee as may be designated by the Court or otherwise designated by mutual written agreement of Defendants' Counsel and Class Counsel, whereupon the Trustee's obligations hereunder shall cease and terminate;

(ii)    If no such successor Trustee has been designated by such date, all obligations of the Trustee hereunder shall, nevertheless, cease and terminate, and the Trustee's sole responsibility thereafter shall be to keep all funds in the Settlement Account and to deliver the same to a person designated by the Court or otherwise designated by mutual written agreement of Defendants' Counsel and Class Counsel; and

(iii)    Further, if no such successor Trustee has been designated by such date, the Trustee may petition the Court for the appointment of a successor Trustee and the Trustee may deliver to the Court all funds in the Qualified Settlement Fund.

**11.    Conflicting Demands or Claims**.  In the event the Trustee receives or becomes aware of conflicting demands or claims with respect to some or all of the Trust Funds or the rights of any of the Parties hereto, Trustee shall have the right to discontinue any or all further acts with respect to the funds in question until such conflict is resolved.  Trustee shall have the further right to commence or defend an action or proceeding for the resolution of such conflict. In the event Trustee files a suit in interpleader, it shall thereupon be fully released and discharged from all further obligations to perform any and all duties or obligations imposed upon it by this Trustee.

**12.    Notices**.  All notices and other communications hereunder shall be in writing and shall be deemed to have been validly served, given or delivered five (5) days after deposit in the United States mails, by certified mail with return receipt requested and postage prepaid, when delivered personally, one (1) day after delivery to any overnight courier, or when transmitted by facsimile transmission facilities, and addressed to the party entitled to be notified as follows:

If to Plaintiffs, then to:

Todd S. Collins,
BERGER & MONTAGUE, P.C.,
1622 Locust Street,
Philadelphia, Pennsylvania 19103,
Telephone: (215)875-3000
Fax: (215)875-4604

Lynn L. Sarko,
KELLER ROHRBACK, LLP,
1201 Third Avenue, Suite 3200,
Seattle, Washington 98101

Ann Miller,
ANN MILLER, LLC,
834 Chestnut Street, Suite 206,
Philadelphia, Pennsylvania 19107
Telephone: (215)238-0468
Fax: (215)547-0699

If to Defendant, then to:

Brian L. Duffy
Naomi G. Beer
Greenberg Traurig, LLP
1200 Seventeenth Street, Suite 2400
Denver, Colorado  80202
Telephone: (303) 572-6500

If to Trustee, then to:
Jean A. Parrillo, Vice President

> RBS Citizens, N.A.
> Institutional Services Group
> 870 Westminster Street  RWR 110
> Providence, RI  02903
> Telephone: (401) 282-3836
> Facsimile: (401) 455-5279

or to such other address as each party may designate for itself by like notice.

13. **Rights to Accounts**. Neither Plaintiffs nor any member of the Class shall have any right or title to or interest in any portion of the Qualified Settlement Fund except as provided by order of the Settlement Court.

14. **Amendment or Waiver**. This Trust Agreement may be changed, waived, discharged or terminated only by a writing signed by Class Counsel and Counsel for the Defendant, except that after the Settlement becomes Final the signature of Defendant shall not be necessary. Class Counsel and Defendant's Counsel will notify Trustee in writing if and when the Settlement becomes Final. No delay or omission by any party in exercising any right with respect hereto shall operate as a waiver. A waiver on any one occasion shall not be construed as a bar to, or waiver of, any right or remedy on any future occasion. Trustee agrees to negotiate an amendment of this Trust Agreement with respect to the treatment, designation, and/or use of the Qualified Settlement Fund, including, without limitation, the tax treatment of the Qualified Settlement Fund, should such amendment be deemed warranted by the Class Counsel.

15. **Governing Law.** This Trust Agreement shall be construed and interpreted in accordance with the laws of Nevada, without giving effect to the conflict of laws principles thereof.

16. **Entire Agreement**. This Trust and the Settlement Agreement constitute the entire agreement between the Parties relating to the holding, investment and disbursement of the Trust Funds and set forth in their entirety the obligations and duties of Trustee with respect to the Trust Funds.

17. **Binding Effect**. All of the terms of this Trust Agreement, as may be amended from time to time, shall be binding upon, inure to the benefit of and be enforceable by the parties hereto and their respective heirs, successors and assigns.

18. **Dealings**. Nothing herein shall preclude the Trustee from acting in any other capacity for any party, person or entity referenced herein.

19. **USA Patriot Act**. To help the government fight the funding of terrorism and money laundering activities, Federal law requires all financial institutions to obtain, verify and record information that identifies each person who opens an account. For a non-individual person such as a business entity, a charity, a Trust or other legal entity, Trustee will ask for documentation to verify its formation and existence as a legal entity. Trustee may also ask to see

financial statements, licenses, identification and authorization documents from individuals claiming authority to represent the entity or other relevant documentation.

     **20.**   **Security Advice Waiver Language**.  Each of Defendants' Counsel and Class Counsel acknowledges that regulations of the Comptroller of the Currency grant Trustee the right to receive brokerage confirmations of security transactions as they occur.  Each of Defendants' Counsel and Class Counsel specifically waives such notification to the extent permitted by law and acknowledges that each of Defendants' Counsel and Class Counsel will receive periodic cash transaction statements, which will detail all investment transactions

**IN WITNESS WHEREOF,** the parties hereto have caused this Trust Agreement to be duly executed and delivered as of the date first written above.

| | |
|---|---|
| **Class Counsel, on its own behalf and on behalf of the Plaintiffs** | **Defendants' Counsel, on its own behalf and on behalf of the Defendants** |
| */s/ Todd S. Collins* | */s/ Naomi Beer* |
| By: Todd S. Collins<br>Title: Class Counsel for Plaintiffs | By: Naomi Beer<br>Title: Shareholder, Greenberg Traurig LLP |
| */s/ Lynn Lincoln Sarko* | |
| By: Lynn Lincoln Sarko<br>Title: Class Counsel for Plaintiffs | |
| */s/ Ann Miller* | |
| By: Ann Miller<br>Title: Class Counsel for Plaintiffs | |

**RBS Citizens, N.A., Trustee**

*/s/ Jean A. Parrillo*

By: Jean A. Parrillo
Title: Vice President

## JOINDER OF CLAIMS ADMINISTRATOR

The undersigned, the Claims Administrator, hereby joins in the Qualified Settlement Fund Trust Agreement for purposes of agreeing to the provisions of **Section 3** thereof.

RUST CONSULTING, INC.

*/s/ Eric W. Bishop*_____

By: Eric W. Bishop_____
Title: Principal Consultant_____

## EXHIBIT A

## Settlement Agreement

**EXHIBIT B**

**<u>Joint Written Direction Example</u>**

**ACCOUNT #** _____

    In accordance with the Trust Agreement, dated _____, 20____ and the Settlement Agreement referenced in the Trust Agreement, the Trustee shall take the following action with respect to the Trust Funds:

    The Trustee shall _____

_____

_____

_____.

DATED: _____, 20____

                    By: _____

                    [Class Counsel]

                    By: _____

                    [Defendants' Counsel]

DEN 96,956,849v1