Marshall Dale Evans
THE EVANS LAW FIRM, P.A.
P.O. Box 1986
Fayetteville, AR 72702-1986
dale@evans-law-firm.com

E. Kent Hirsch
HIRSCH LAW FIRM, P.A.
107 W. Emma Avenue
Springdale, AR  72764
kent@hirschlawfirm.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| IN RE:<br>**Robert J. King, et al v. Wal-Mart Stores, inc. et al.**<br>**Wage and Hour Employment Practices Litigation**<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | 2:06-CV-00225-PMP-PAL<br>(BASE FILE) |

## OBJECTION TO SETTLEMENT

Comes Now Petitioner, CLIFFORD FERGUSON, by and through his attorneys, Marshall Dale Evans of The Evans Law Firm, P.A. and E. Kent Hirsch of Hirsch Law Firm, P.A., and for his objection to Settlement:

1.  That Objector Clifford Ferguson is a resident of the state of Arkansas at the following address and telephone number:

> Clifford Ferguson
> P.O. Box 10
> Decatur, AR  72722
> (479) 790-4152

2. Clifford Ferguson objects to exclusion of the portion of his claim for damages which occurred at the Wal-Mart home office in which he was an hourly-paid employee.

3. Clifford Ferguson also objects to exclusion of 10,000 or more Wal-Mart hourly wage earners from this settlement because of class definition in the documents filed June 06, 2009 and prior.

4. Those excluded hourly wage earners are primarily employed at the home office and at various corporate support locations not located within a retail store or distribution center.

5. Objector was employed by Wal-Mart Stores, Inc. as an hourly-paid employee in the state of Arkansas at the following locations, at the following facilities, in the following capacities and on the following dates:

> Location: Wal-Mart Supercenter, Bentonville, Arkansas
> 1987 to approximately March 2001
>
> Location: Wal-Mart Supercenter, Siloam Springs, Arkansas
> Position: Department Manager, 3-12-2002 thru 7-26-2004
>
> Location: Wal-Mart Home Office Complex, Bentonville, Arkansas
>
> > Position: Print Room Associate Location (DRF) 7-26-2004 thru 12-11-2004
> > Position: Corporate Security Associate Location (Flex) 12-11-2004 thru 3-5-2005
> > Position: Corporate Security Associate Location (Home Office) 3-5-2005 thru 3-5-2006
> > Position: Corporate Security Associate Location (North Data Center) 3-5-2006 thru 3-12-2009
> > Position: Corporate Security Associate Location (New Apparel Layout) 3-12-2009 thru 5-11-2009

6. On the 9th day of June 2009 the Order Preliminarily approving settlement, Conditionally Certifying Class for the Purposes of Settlement, Approving Form and Manner of Notice, and Scheduling Hearing on Fairness of Settlement Pursuant to Fed. R. Civ.P.23 (e) was filed in identifying the ERISA Settlement Class Members in all fifty states.

7. The Preliminarily Order approving settlement, Conditionally Certifying Class excludes from the settlement class a group of hourly-paid Wal-Mart employees who work outside of a store or distribution center.

8. The term "Wal-Mart" was defined in 2.3.8 of the King Settlement Agreement filed the 26th day of May 2009 and as follows:

The term "Wal-Mart" as used herein means Wal-Mart Stores, Inc., Sam's East, Inc., Sam's West, Inc., and any of their current or former subsidiaries, affiliates, predecessors, insurers, agents, employees, successors, assigns, officers, officials, directors, partners, employers, attorneys, personal representatives, executors, and shareholder, including, their respective Current or Former pension, profit sharing, savings, health and other employee benefit plans of any nature, the successors of such plans and those plans' respective current or former trustees, administrators, agents, employees, and fiduciaries as well as the personal representatives or executors of any such person.

9. That Objector is a class member, having been employed by Wal-Mart Stores, Inc. at a Wal-Mart store in the state of Arkansas for the following times, at the following locations and in the following capacities:

    Location:   Wal-Mart Supercenter, Siloam Springs, Arkansas
    Position:   Department Manager, 3-12-2002 thru 7-26-2004

10. Objector was employed at the Wal-Mart corporate home office for a significant portion of his employment as an hourly-paid Wal-Mart employee; notwithstanding, Objector is not eligible for settlement of his wages and hourly claim for his employment as a Wal-Mart hourly worker at the following location, which is not at a Wal-Mart store:

    Location:   Wal-Mart Home Office Complex, Bentonville, Arkansas

    Position: Print Room Associate Location (DRF) 7-26-2004 thru 12-11-2004
    Position: Corporate Security Associate Location (Flex) 12-11-2004 thru 3-5-2005
    Position: Corporate Security Associate Location (Home Office) 3-5-2005 thru 3-5-2006
    Position: Corporate Security Associate Location (North Data Center) 3-5-2006 thru 3-12-2009
    Position: Corporate Security Associate Location (New Apparel Layout) 3-12-2009 thru 5-11-2009

11. Objector and approximately ten thousand (10,000) other hourly-paid Wal-Mart employees located at the corporate home office, the North Data Center in Missouri and possibly more employed at other locations outside of a store or distribution facility are totally excluded from the settlement as an "orphaned subclass."

12. Objector is personally acquainted with two other members of the "orphaned subclass" who did not receive any notice of this class action settlement; these individuals are Patty Stertz who was employed at the corporate home office from prior to 2003 through 2008 and Chris Thompson who was employed at the corporate home office from 2007 until 2009.

13. The last moment exclusion of this "orphaned subclass" from this settlement is not fair to the orphaned subclass, establishes that settlement is not in the best interest of the class as defined in the Preliminarily Order Certifying Class, establishes the inadequacy of the named class co-counsel and inadequacy of class representatives.

14. Objector stands in the unique position of being a member of the state claim settling class and the orphaned subclass. As such, he is entitled to claim under this settlement only damages for the time frame when he was employed at a Wal-Mart store but not while employed as an hourly paid employee at the Wal-Mart home office.

15. Objector plans to attend the fairness hearing on October 19, 2009 in person and with counsel.

16. Objector intends to testify at the fairness hearing and present evidence of his employment at the Wal-Mart Home Office in Bentonville, Arkansas and the Wal-Mart Super Center store as aforesaid and present arguments as to why the settlement should not be approved.

17. **Exhibit List:**

    **Exhibit A**    Corporate Security Division Hourly Associate Performance Evaluation of Clifford Ferguson, dated 03-02-2006. (redacted)

    **Exhibit B**    Home Office Hourly Associate Performance Evaluation of Clifford Ferguson, signed 2/8/07 and 2/9/07. (redacted)

    **Exhibit C**    Home Office Hourly Associate Performance Evaluation of Clifford Ferguson, signed 8/31/06. (redacted)

    **Exhibit D**    E-mail hard copy from Cliff Ferguson to Sarah Parker sent Wednesday, December 26, 2007 at 1:33 PM. (redacted)

    (exhibits attached hereto)

18. List of Authorities:

- Settlement classes are to be scrutinized.
    - *Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997).

- Settlement must be fair.

    - The court must independently analyze the evidence to assure that the interests of absent class members are protected in the settlement. Alba Conte, *Newberg on Class Actions* § 11.41 (4th Ed.).

    - The proponent of the settlement bears the burden of proof to establish reasonableness and fairness of the settlement. Alba Conte, *Newberg on Class Actions* § 11.42 (4th Ed.).

    - The court must consider objections when independently weighing the fairness of the settlement in relation to the objectors. Alba Conte, *Newberg on Class Actions* § 11.42 (4th Ed.).

- Class representatives and counsel must adequately represent the class. Fed. Rule Civ. P. 23 (a)(4).

    - Objector's interest is not adequately represented by the class representative or counsel because his claim for damages which occurred at the home office is excluded from settlement.

    - Orphaned subclass is not adequately represented by class representatives or class counsel but are partially or totally segregated from settlement by clever definition changes.

    - Orphaned subclass suffered the same misconduct as did the settling state claimants.

- Notice of the settlement was inadequate because notice was not disseminated to Wal-Mart hourly employees who worked outside of a store or distribution center, *i.e.*, the home office hourly employees, among others.

19. List of Witnesses and Testimony: Objector's only witness is Clifford Ferguson who will testify as to his employment with Wal-Mart consistent with this verified objection. He shall identify and lay foundation for the disclosed exhibits and testify as to the lack of class settlement notice to members of the orphaned subclass, as to matters contained in the notice, as to why the settlement is unfair as to the inadequacy of notice to the class, and as to why the class representatives and class counsel are inadequate.

WHEREFORE, Objector prays that the global settlement be rejected by the court because it is unfair that Objector and other hourly-paid employees are partially or totally excluded from the settlement by last minute definition changes even though they suffered the same damages as the settling state court claimants and that objector receive any and all other proper relief.

Dated: September 24, 2009

        Respectfully submitted:

By:    /s/ Marshall Dale Evans
      Marshall Dale Evans (Arkansas Bar #78-050)
      THE EVANS LAW FIRM, P.A.
      P.O. Box 1986
      Fayetteville, AR 72702-1986
      *Tel: (479) 521-9998*
      *Fax: (479) 521-9995*

and

By:    /s/ E. Kent Hirsch
      E. Kent Hirsch (Arkansas Bar #81-087)
      HIRSCH LAW FIRM, P.A.
      107 W. Emma Avenue
      Springdale, AR 72764
      *Tel: (479) 751-0251*
      *Fax: (479) 751-0490*

      **ATTORNEYS FOR OBJECTOR,**
      **CLIFFORD FERGUSON**

## VERIFICATION AND AFFIDAVIT

I swear under penalty of perjury that the foregoing information contained hereinabove is true and correct.

_____
CLIFFORD FERGUSON

STATE OF ARKANSAS        )
                         ) ss.
COUNTY OF WASHINGTON     )

On this 24 day of September 2009, before me, a Notary Public, the undersigned officer, personally appeared **Clifford Ferguson**, known to me to be the person whose name is subscribed to the within instrument and acknowledged that he executed the same for the purposes therein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

_____
Lee Bergman
Notary Public

My Commission Expires:

7-25-2010

LEE BERGMAN
Notary Public – Arkansas
County of Washington
My Commission Exp. 07/25/2010

## CERTIFICATE OF SERVICE

By electronic filing: I caused to be served on this date a true and correct copy of the documents listed above on all parties registered for electronic filing in this action, and by mailing a copy of the same to:

Todd S. Collins
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103

Ann Miller
Ann Miller LLC
834 Chestnut Street, Suite 206
Philadelphia, PA 19107

Lynn L. Sarko
Keller Rohrback, LLP
1201 Third Avenue, Suite 3200
Seattle, WA 98101

Brian L. Duffy
Greenberg Traurig, LLP
1200 17th Street
Suite 2400
Denver, CO 80202

Executed on this 24th day of September, 2009.

        /s/ E. Kent Hirsch
        E. Kent Hirsch