UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| **In re Wal-Mart Wage and Hour** | ) | MDL-1735 |
| **Employment Practices Litigation** | ) | 2:06-cv-00225-PMP-PAL |
| | ) | |
| | ) | |
| **THIS DOCUMENT RELATES TO:** | ) | |
| | ) | |
| All Cases | ) | |
| | ) | |

NOTICE OF APPEARANCE, OBJECTION TO
CLASS SETTLEMENT AND APPLICATION FOR
<u>ATTORNEYS' FEES AND EXPENSES AND MOTION TO INTERVENE</u>

This is an objection to a class action settlement against Wal-Mart Stores, Inc. related to Wal-Mart's failure to compensate employees in 29 states for all time worked and benefits earned, such as meals and rest breaks.  Wal-Mart has settled numerous other similar or identical cases nationwide.  Wal-Mart has retained a reversionary interest in the proposed settlement before this Court, as well as the other nationwide settlements.  What this means is that unclaimed funds will be paid to Wal-Mart, this giving Wal-Mart a multi-million dollar profit motive.  The reversion gives Wal-Mart the motive to keep the redemption rate (the number and amount of claims filed by the November 9, 2009 claims deadline as low as possible, or at least so low that the minimum guaranteed amount of this settlement, $65 million, is not exceeded).  If less than or equal to $65 million is made available to class members, including for attorneys' fees and expenses and incentive awards, Wal-Mart will have $20 million returned to it in the reversionary clause.

The tools at Wal-Mart's disposal to accomplish its goal of keeping the redemption rate as

low as possible can include (1) a brief claims deadline; (2) a meager formula for compensating class members and (3) a difficult claims process. To objector's knowledge, Wal-Mart and class counsel have not disclosed the claims information in any of the previous wage and hour cases which have settled, including but not limited to Oklahoma, New Mexico, Missouri, South Carolina, Indiana and Florida. Objector requests, in light of the Court's fiduciary duty to the class and to class counsel's fiduciary duties to the class, that disclosure should be made by Wal-Mart or class counsel of the redemption data in all previous wage and hour for cases that are beyond their claims deadlines. Specifically, for each state that has settled and is beyond its respective claims deadline, disclosure should at least be made of the dollar amount of Wal-Mart's reversion in each case.

  Objector Jason Hunt, a class member, was employed as an hourly employee as a cart pusher and cashier at the Wal-Mart located at Wal-Mart #0464 located at 3829 U.S. Hwy 77, Corpus Christi, Texas 78410 at 5 Point in 2000 and worked in the Home and Garden Department during the Christmas season at the Wal-Mart #442 located at 1133 General Cavazos, Kingsville, Texas 78363 in 2001. Objector's current address is 206 Ashburn, Robstown, Texas 78380. His current phone is (361) 442-4729 and SS# is XXX-XX-1821. Instead of an exclusion request, an objection is being made because if objector files an exclusion notice, then objector could not object and point out to the Court why this is an unfair settlement. In other words, if everyone who could object, just filed an exclusion notice, then even class members who believed this was a bad deal could not tell the Court about their complaints. Objection is made to any other objection requirements as they exceed the information required to determine class membership and serve only to drive down the number and quality of objections and invade the privacy rights of the class members.

Objector's counsel will attend the fairness hearing and will call no witnesses at the fairness hearing other than those offered by class counsel and Wal-Mart and will introduce no exhibits at the hearing (exhibits attached to this pleading and documents judicially noticed he respectfully requests the Court consider, see Exhibit A).  Objector objects to the procedural requirements to make an objection as being excessive and calculated to drive down artificially the number of objections to this settlement.  Nevertheless, even though he is represented by counsel, Objector provides his notarized signature below.  A list of legal authorities and a detailed statement of the specific factual and legal basis of each objection are provided in this pleading.

Objection is made to the class notice and claims requirements.  The class notice provides a misleading picture of the value of this settlement and, as such, is defective and violates due process guarantees.  Moreover, individual notice is required for those class members whose names and addresses can be determined by reasonable effort.  *Eisen v. Carlisle & Jacqueline*, 417 U.S. 156, 175 (1974).  Even if mailed notice was sent, it still may not be sufficient because of how the proponents of the settlement compiled their list and re-sent returned mail.  Objector moves the Court to require disclosure of how any mailing list was compiled and the extent of any returned mail and efforts to give notice to those class members with returned mail.

The proposed settlement is not fair, adequate and reasonable.  The minimum amount of monetary consideration paid in settlement of this case is $65 million, and the reversion to Wal-Mart renders the settlement unfair.  Given the large number of states involved and the large number of claimants, this amount is dwarfed by even the other minimum values of other similar

cases which themselves have highly questionable value given the strength of the claims. Request is made that class counsel disclose the minimum monetary settlement amounts of all other similar cases settled throughout the country, the amount of Wal-Mart's reversion in each case and the complete claims data for all other such cases that are already past their claims deadlines. As the parties with the burden of proof, this information should be disclosed and is necessary to analyze the fairness of this proposed settlement. In addition, the settlement may also run afoul of the United States Supreme Court's decision in *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797 (1985). Moreover, the settlement may violate the unclaimed property statutes of various states included in this settlement and the proponents of this settlement should guarantee that none of the states have unclaimed property statutes implicated by Wal-Mart's reversion and this settlement.

In addition, objection is made to any attorneys' fees sought above 10% attorneys' fees of the minimum $65 million settlement minimum, or $6.5 million. The attorneys for the class wrongly seek to calculate their fees based on the $85,000,000 figure, not the $65,000,000 minimum figure that must be distributed to the class. In mega-fund cases, attorneys' fees are typically less than ten percent of the common-fund, here $65 million. *See In re Diet Drugs Product Liability Litig.*, 553 F.Supp.2d 442 (E.D. Pa. 2008) (awarding 6.75 percent of the common fund in a mega-fund case). In any event, the lawyers should have to wait to see how much money is actually distributed to the class before they get their percentage assuming this gets approved by the Court.

Objector also moves to intervene in the above-captioned case pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure. As an unnamed class member who did not file an

exclusion request, objector has an interest in the class action settlement at issue and the application for attorneys' fees and the disposition of this action will as a practical matter impair or impede objector's interest because, among other things, objector's claims will be released if this settlement is approved. Class counsel's interests have been compromised and they have a conflict of interest which prevents them from adequately protecting objector's interests. Objector respectfully requests that this objection and motion to intervene be presented at the fairness hearing in accordance with the procedures set forth in the class notice and that they be ruled upon at such fairness hearing on submission.

WHEREFORE, Objector respectfully requests that the Court disapprove this settlement in all respects.

_____
Jason Hunt, Objector

SUBSCRIBED AND SWORN TO BEFORE ME on this the 22nd day of September, 2009.

_____
Notary Public in and for
The State of TEXAS

M MARGOT VALDEZ
Notary Public
STATE OF TEXAS
My Comm. Exp. 10-05-2011

By:   /s/ Lisa A. Rasmussen
_____
Lisa A. Rasmussen, Esq.
Nevada State Bar No. 7491
LAW OFFICE OF LISA RASMUSSEN, P.C.
616 South 8th Street
Las Vegas, Nevada 89101
Telephone: (702) 471-1436
Facsimile: (702) 471-6540
LISA@LRASMUSSENLAW.COM

Anthony F. Constant
State Bar No.   04711000
Constant Law Firm
800 N. Shoreline Blvd., Suite 2700 S
Corpus Christi, Texas 78401
(361) 698-8000 Telephone
(361) 510-8333 Facsimile
afc@constantlawfirm.com
**ATTORNEYS FOR OBJECTOR
JASON HUNT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Notice of Appearance, Objection to Class Settlement and Application for Attorneys' Fees and Expenses and Motion to Intervene has been served upon all parties registered for electronic filing in this action and by mailing a copy of same to counsel below by Certified Mail-RRR, on this the 24th day of September, 2009.

**Co-Lead Class Counsel**
Robert J. Bonsignore, Esq.
BONISGNORE & BREWER
23 Forest Street
Medford, MA 02155

**Co-Lead Class Counsel**
Carolyn Beasley Burton, Esq.
THE MILLS LAW FIRM
880 Las Gallinas Avenue, Ste. Two
San Rafael, CA 94903

**Wal-Mart Class Counsel**
Naomi Beer, Esq.
GREENBERGTRAURIG
1200 17th Street, Ste. 2400
Denver, CO 80202

*/s/ Lisa A. Rasmussen*

Lisa A. Rasmussen, Esq.