BERGER & MONTAGUE, P.C.
TODD S. COLLINS
ELLEN T. NOTEWARE
1622 Locust Street
Philadelphia, PA 19103
Telephone:   (215) 875-3000
Facsimile:    (215) 875-5715

Plaintiffs' ERISA Counsel

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| In re Wal-Mart Wage and Hour Employment Practices Litigation | MDL-1735<br>2:06-cv-00225-PMP-PAL<br>(BASE FILE) |
|---|---|
| This Document Relates to:<br><br>*King, et al. v. Wal-Mart Stores, Inc., et al.*<br>2:07-CV-01486-WY | **CLASS ACTION** |

## FINAL JUDGMENT AND ORDER
## OF DISMISSAL WITH PREJUDICE

WHEREAS:

A. Plaintiffs Class Representatives Robert J. King and Keith Rhone and the Home Office Class Representative, Clifford Ferguson,("Class Representatives"), on behalf of themselves and the Class certified herein (the "Class"), and Defendants Wal-Mart Stores, Inc., the Wal-Mart Retirement Plans Committee, and John/Jane Doe Defendants (collectively, the "Defendants") have entered into a Settlement of the claims asserted in the King Case, the terms of which are set forth in a Settlement Agreement dated May 26, 2009 (the "Settlement Agreement");

B. On June 9, 2009, this Court entered an Order (the "Preliminary Approval Order") certifying the Class, for settlement purposes only, preliminarily approving the Settlement and

providing for notice to potential Class Members, scheduling a final hearing (the "Fairness Hearing"), and providing Class Members with an opportunity to object to the proposed Settlement and related matters and to be heard at the Fairness Hearing;

C. Notice having been provided to the members of the Class in accordance with the Preliminary Approval Order;

D. The Court held the Fairness Hearing on October 19, 2009 to determine whether the proposed Settlement of the King Case on the terms and conditions provided in the Settlement Agreement is fair, reasonable and adequate and should be approved by the Court, whether the Class, as expanded to include the Home Office Class (as defined at 3 below), should be certified for Settlement purposes pursuant to Rule 23 of the Federal Rules of Civil Procedure, and whether a Final Judgment as provided in the Settlement Agreement and whether an Order with respect to Class Certification should be entered; and

E. The Court, having considered all matters submitted at the Fairness Hearing, along with all prior submissions by the Parties to the Settlement and others, and otherwise having determined the fairness and reasonableness of the proposed Settlement and the appropriateness of certifying the Class solely for purposes of the Settlement;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. This Order incorporates by reference the definitions in the Settlement Agreement, and all terms used herein shall have the same meanings as set forth in the Settlement Agreement.

2. The Court finds that the distribution of the Notice, the publication of the Summary Notice, and the method or providing notice, all implemented in accordance with the terms of the Settlement Agreement and the Preliminary Approval Order:

    a. Constituted the best practicable notice to the Class Members under the circumstances of the Litigation;

b.  were reasonably calculated, under the circumstances, to apprise Class Members of: (i) the proposed Settlement of this class action, (ii) the proposed Class certification solely for purposes of the Settlement; (iii) Class Members' right to object to any aspect of the proposed Settlement, (iv) their right to appear at the Fairness Hearing, either on their own or through counsel hired at their own expense, and (v) the binding effect of the proceedings, rulings, orders, and judgments in the Litigation, whether favorable or unfavorable, on all Class Members;

c.  were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice; and

d.  fully satisfied all applicable requirement of the Federal Rules of Civil Procedure (including Rule 23(c)), the United States Constitution (including the Due Process Clause), the Rules of the Court, and any other applicable law.

3. As part of the Settlement, and solely in connection with and pursuant to Settlement, the Court hereby certifies pursuant to Fed.R.Civ.P. 23(b)(1) the following Class:

> (i) all hourly employees who worked at a Wal-Mart store, Supercenter, Neighborhood Market, Sam's Club, or Distribution Center in any of the fifty United States or in Puerto Rico, or at a Home Office Complex in Arkansas or Missouri who: (a) were Plan Participants at any time from February 1, 1997 up to May 26, 2009, and (b) were eligible to have contributions from Wal-Mart allocated to their individual accounts in the Plan pursuant to the Plan's terms during such period; and (ii) as to each such hourly employee, his or her beneficiaries, alternate payees, representatives, and successors in interest.
>
> As used above, the term "Plan" means the Wal-Mart Stores, Inc. Profit Sharing and 401(k) Plans, the Wal-Mart Puerto Rico Profit Sharing and 401(k) Plan and all predecessor plans (including but not limited to the Wal-Mart Stores, Inc. 401(k) Retirement Savings Plan) and all successor plans, individually and collectively, and any trust created under any such Plan.

In addition, the Class shall include the members of the Home Office Settlement Class, which is defined as follows: all current and former hourly employees who worked for Wal-Mart's Home

Offices in Arkansas and Missouri at a location other than a Wal-Mart store, Supercenter, Neighborhood Market, Sam's Club or Distribution Center at any time from February 1, 1997 up to May 26, 2009. Certification of the Class is a conditional certification for Settlement purposes only, and Wal-Mart retains its right to object to certification of the King Case, or any other wage and hour case or collective action, or any other class action, under Rule 23, the FLSA, or any other applicable rule, statute, law, or provision.

4. This Court finds that it has jurisdiction over the subject matter of the Litigation, including the terms and conditions of the Settlement Agreement and all exhibits thereto, and over all Parties to the Litigation and all Class Members.

5. The Court finds that the terms and provisions of the Settlement Agreement were negotiated by the Parties at arm's-length, entered into by the Parties in good faith and are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, each of the Parties and the Class Members, and consistent and in compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of this Court, and any other applicable law. The Parties and their counsel are hereby directed to implement and consummate the Settlement Agreement according to its terms and provisions. The Court specifically finds that the Settlement of the King Case is fair, reasonable and adequate, considering, inter alia, the strengths and weaknesses of Plaintiffs' case; the risk, expense, complexity and likely duration of further litigation; the risk of securing and maintaining class status through trial; the amount of the Settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of Class Counsel; the favorable reaction of the Class; and the approval of the Independent Fiduciary, which examined the merits of the Settlement on behalf of the Plan.

6. The Court finds that Plaintiffs and all other members of the Class are bound by the

Settlement Agreement and by this Final Judgment and Order of Dismissal.

7. The Litigation is hereby dismissed on the merits and with prejudice. The Parties and all persons and entities are to bear their own costs, except as otherwise provided in the Settlement Agreement or this Final Judgment.

8. The Named Plaintiffs, the Class Representatives and all members of the Class, on behalf of themselves and on behalf of the Plan, ("Releasing ERISA Settlement Class Members") do, as of the Settlement Effective Date, hereby irrevocably release, acquit, and forever discharge Wal-Mart of and from any and all claims, rights, penalties, demands, damages, debts, accounts, duties, costs and expenses (other than those costs and expenses required to be paid pursuant to this Agreement), liens, charges, complaints, causes of action, obligations, or liability, for all claims that they brought or could have brought in their own right or on a representative basis, that the Releasing ERISA Settlement Class Members directly, indirectly, derivatively, or in any other capacity ever had, now have or hereafter may have under ERISA that were asserted in the Litigation or that could have been asserted but were not asserted in the Litigation, arising during the ERISA Settlement Class Period, whether known or unknown, arising out of the alleged underpayment of employee wages, including any claims related to the Settled Wage and Hour Actions, the Non-Settled Wage and Hour Actions, and the No-Litigation States. The Releasing ERISA Class Members further release, acquit, and forever discharge Wal-Mart of and from any and all claims, rights, penalties, demands, damages, debts, accounts, duties, costs and expenses liens, charges, complaints, causes of action, obligations, or liability based on or arising from the development of the Plan of Allocation or any allocation, distribution or use of funds pursuant to said Plan. The Releasing ERISA Class Members further covenant to obtain any necessary Court approval with respect to the ERISA Class Member Released Claims as they apply to any ERISA Settlement Class Members who are minors.

9.  This release also includes a release of all claims for attorneys' fees, costs and/or expenses and costs incurred by any of the Releasing ERISA Settlement Class Members or by Class Counsel in connection with the Litigation and the Settlement of the Litigation, other than the Attorneys' Fees and Costs awarded by the Court in accordance with the Settlement Agreement.

10. With respect to the Releasing ERISA Settlement Class Members, this release is a full and final general release applying to both those claims released in the Settlement Agreement that are currently known, anticipated, or disclosed to Plaintiffs and to all such claims that are presently unknown, unanticipated, and undisclosed to any and all Plaintiffs arising out of the alleged facts, circumstances, and occurrences underlying: (i) the claims set forth in the Litigation; and (ii) Wal-Mart's conduct with respect to the Litigation.  Although not released by the Settlement Agreement, to avoid any doubt, it is acknowledged and agreed that nothing in this Agreement shall release any claims arising in *Braden v. Wal-Mart Stores, Inc.* (W.D. Mo., Case No. 08-3109-CV-S-GAF), nor shall anything in the Settlement Agreement release claims concerning plans other than the Plan or claims concerning the Plan, such as routine claims for benefits under ERISA § 502(a)(1)(B) wholly unrelated to the transactions and occurrences that were directly or indirectly at issue in the Litigation, MDL 1735, the Settled Wage and Hour Actions or the Non-Settled Wage and Hour Actions.  The Releasing ERISA Settlement Class Members release any and all rights or benefits that they as individuals or the classes may now have as a result of the alleged facts, circumstances, and occurrences underlying the claims set forth in the Litigation under the terms of Section 1542(a) of the California Civil Code (or similar statute in effect in any other jurisdiction), which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH DEBTOR.

11. The Court finds the Class Counsel and Plaintiffs adequately represented the Class under Rules 23(a)(4) and (g) of the Federal Rules of Civil Procedure for purposes of negotiating, entering into and implementing the Settlement.

12. The terms and provisions of the Settlement Agreement and of this Final Judgment are binding on Plaintiffs and all other Class Members, and they are hereby permanently barred and enjoined from commencing any action, suit, arbitration or administrative proceeding, or prosecuting any pending action, suit, arbitration or administrative proceeding, in law or in equity, asserting any of the released claims against Wal-Mart. In the event that any Plaintiff or Class Member commences or continues any such action, suit, arbitration or administrative proceeding, Wal-Mart shall be entitled to seek an order from the Court enjoining the continuation of such action, suit, arbitration or administrative proceeding.

13. The Court finds that during the course of the Litigation, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

14. If the Settlement Effective Date does not occur, then:

   a.   this Final Judgment and any order or judgment entered after the date of the Settlement Agreement that relates to this Settlement shall be null and void and shall have no force or effect;

   b.   the Settlement Agreement, all of its provisions, and all negotiations, statements, documents and proceedings relating to it shall be without prejudice to the rights of Defendants, Plaintiffs, or any other Class Member, all of whom shall be restored to their respective positions vis-à-vis each other as they existed immediately before the execution of the Settlement Agreement;

   c.   neither the Settlement Agreement, nor the fact of its having been made, nor any

documents prepared and statements made in connection therewith shall be referred to, admissible in or introduced or entered into evidence in any other way for any purpose whatsoever in the Litigation or in any other action or proceeding.

15. Nothing in this Final Judgment shall preclude or bar any action or claim to enforce the terms of the Settlement Agreement as approved by the Court or this Final Judgment.

16. The Plan of Allocation, which is described in the Notice and attached as Exhibit 2 to the Settlement Agreement, provides a fair and reasonable basis upon which to allocate the Net Settlement Fund among Class Members. The Plan of Allocation is fair, reasonable, and adequate, and it is hereby approved.

17. The award for attorney's fees to Class Counsel set forth below is reasonable as measured by applicable factors set forth in *In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166 (S.D. Cal. 2007); *In re OmniVision Techs., Inc.*, 559 F. Supp. 2d 1036 (N.D. Cal. 2008); and *In re Heritage Bond Litig. v. U.S. Trust Co. of Texas, N.A.*, No. 02-ML-1475-D, 2005 U.S. Dist. LEXIS 13627 (C.D. Cal., June 10, 2005). The Court specifically finds that the award of attorney's fees is reasonable, considering, inter alia, the exceptional result achieved on behalf of the Class; the complexity of the issues in the King Case; the risk of recovery in the absence of the Settlement; the results obtained and the amounts recovered on behalf of the Class; the time and labor required; the novelty and difficulty of the issues involved; the skill required by Class Counsel and the quality of Class Counsel's work; the preclusion of other work for Class Counsel as a result of their prosecution of the King Case; the customary fee awarded in similar cases; the fact that Class Counsel worked on a contingent fee basis; the time limits imposed by the circumstances of the King Case; the experience, reputation and ability of Class Counsel; the undesirability of prosecuting the King Case; the lack of objection to the fee request on the part of Class members; and, with respect to the Plan, the lack of objection to the fee request on the part

of the Independent Fiduciary.

18. The award of attorney's fees set forth below represents a reasonable percentage of the proceeds of the Settlement given the facts and proceedings in the Litigation.

19. Accordingly, Class Counsel (Berger & Montague, P.C., Keller Rohrback, LLP, and Ann Miller, LLC) are awarded attorney's fees of $1,500,000, representing 30% of the Settlement Fund, which shall be paid out of the Settlement Fund.

20. Class Counsel are awarded reimbursement of expenses in the aggregate amount of $23,615, which shall be paid out of the Settlement Fund. Counsel Carolyn Beasley Burton is awarded expenses in the amount of $21,731.25. These expenses are fair, reasonable and were necessarily incurred in connection with the prosecution and resolution of this litigation.

21. Plaintiff Robert J. King is awarded $5,000, Plaintiff Keith Rhone is awarded $2,500, and Class represetive of the Home Office Class Clifford Ferguson is awarded $1,500, which shall be paid out of the Settlement Fund. Based upon the evidence and pleadings submitted to the Court, the Court hereby finds that this award is fair and reasonable under the circumstances.

22. The Court hereby retains and reserves jurisdiction over all matters relating to the administration, consummation, enforcement, and interpretation of the Settlement Agreement, and for any other necessary purpose, including, but not limited to, any distribution of funds pursuant to the Settlement Agreement and pursuant to further Orders of this Court.

SO ORDERED this _____ day of _____, 2009

_____
Philip M. Pro, United States District Judge

malta467173-009.doc