1

2

3

4                        UNITED STATES DISTRICT COURT

5                              DISTRICT OF NEVADA

6                                    * * *
                                                    )
7   IN RE: WAL-MART WAGE AND HOUR )           MDL 1735
    EMPLOYMENT PRACTICES                            )
8   LITIGATION.                                     )      2:06-CV-00225-PMP-PAL
                                                    )
9                                                   )      O R D E R
    AND ALL RELATED CASES.                          )
10                                                  )

11          This matter is before the Court on Plaintiffs' Motion for Final Approval of

12   Settlement, Entry of Final Judgment, and Award of Attorneys' Fees, Expenses and

13   Plaintiffs' Incentive Payments ("Final Approval Motion").

14          WHEREAS, thirty-nine class actions have been transferred into, or filed directly

15   in, this Court for coordinated pretrial proceedings as part of MDL 1735, In re: Wal-Mart

16   Wage & Hour Employment Practices Litigation, Case No. 2:06-CV-00225-PMP-PAL;

17          WHEREAS, the Court has received and reviewed the Agreement entered into

18   between the Named Plaintiffs, the Class Representatives and the Class Members, on the one

19   hand, and Wal-Mart Stores, Inc. ("Wal-Mart"), on the other hand, which was filed with the

20   Court on May 26, 2009 (the "Agreement"), and has considered the terms of the proposed

21   settlement set forth therein (the "Settlement");

22          WHEREAS, all terms contained herein shall have the same meanings as set forth

23   in the Agreement, unless otherwise defined herein;

24          WHEREAS, on May 28, 2009, the Court entered its Order preliminarily

25   approving the Settlement of this class action, approving the form and method of notice, and

26   setting a date and time for a final approval hearing to consider whether the Settlement

1  should be finally approved by the Court as fair, adequate, and reasonable (the "Preliminary

2  Approval Order");

3          WHEREAS, the Court entered an Amended Certification Order on May 28, 2009

4  certifying for settlement purposes a State Settlement Class, a California State Settlement

5  Class, and an opt-in class under the Fair Labor Standards Act (the "FLSA") (together, the

6  "Settlement Classes");

7          WHEREAS during the Final Approval Hearing on October 19, 2009, the Court

8  additionally ordered conditional certification of a Home Office Settlement Class;

9          WHEREAS, the Preliminary Approval Order further directed that all members of

10 the Settlement Classes be given notice of the Settlement and of the date for the final

11 approval hearing;

12          WHEREAS, the Court has received the Declaration of Amanda J. Myette, given

13 on behalf of the Claims Administrator, Rust Consulting, Inc., attesting to the mailing and

14 publication of the Notice in substantial accordance with the Preliminary Approval Order;

15          WHEREAS, the Court has received numerous declarations supporting final

16 approval of the settlement and Plaintiffs' request for attorneys' fees and costs, including

17 declarations from Co-Lead Counsel Carolyn Beasley Burton and Robert J. Bonsignore,

18 experts William B. Rubenstein and Brad Seligman, and various counsel for the Plaintiffs

19 and the Settlement Classes, and from certain of the Class Representatives;

20          WHEREAS, the Court has received and reviewed numerous declarations in

21 support of Plaintiffs' Motion for Preliminary Approval, including the declaration of the

22 Honorable Layn Phillips (Ret.), and expressly incorporates each such declaration by

23 reference herein;

24          WHEREAS, the Court having considered all timely filed objections to the

25 Settlement; and

26 ///

1    WHEREAS, the Court having conducted a final approval hearing on October 19,

2    2009 (the "Final Approval Hearing"), and having considered the arguments presented in the

3    papers and during the proceeding, including a description of the history of this litigation and

4    the adequacy of the Settlement, presented by Co-Lead Class Counsel and Wal-Mart

5    Counsel during the hearing;

6          IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

7          1.    The Court has jurisdiction over the subject matter of this action, all

8    members of the Settlement Classes, the Home Office Settlement Class, the Class

9    Representatives, the Dismissing Named Plaintiffs, and all Defendants.

10         2.    In accordance with Rule 23 of the Federal Rules of Civil Procedure, the

11   FLSA, including, without limitation, 29 U.S.C. §§ 206, 207(a), 211(c), 215, and 216(b), the

12   Class Action Fairness Act ("CAFA") and the requirements of due process, all members of

13   the Settlement Classes have been given proper and adequate notice of the Settlement.  In

14   addition, federal and state officials have received notice of the Settlement pursuant to the

15   requirements of CAFA.  Based upon the evidence submitted by the Parties, the Agreement,

16   the arguments of counsel, and all the files, records and proceedings in this case, the Court

17   finds that the Notice and notice methodology implemented pursuant to the Agreement and

18   the Court's Preliminary Approval Order: (a) constituted the best practicable notice under

19   the circumstances; (b) constituted notice that was reasonably calculated, under the

20   circumstances, to apprise members of the Settlement Class of the pendency of the litigation,

21   their right to object to the Settlement, and their right to appear at the Final Approval

22   Hearing; (c) were reasonable and constituted due, adequate and sufficient notice to all

23   persons entitled to notice; and (d) met all applicable requirements of the Federal Rules of

24   Civil Procedure, the FLSA, CAFA and any other applicable law.

25         3.    The Parties have proposed, and the Court APPROVES, a modification to

26   Section 8.12.4 of the Agreement to add in the clause "or shall be otherwise distributed in

3

1   accordance with applicable law" at the end of the Section.  The Parties have also proposed,

2   and the Court APPROVES, a modification to Section 6.1.2 of the Settlement Agreement to

3   provide an incentive award of $10,000 to the estate of Davelyn M. Paaoao-Sako as

4   consideration for her service in this action as a named plaintiff for the case from the State of

5   Hawaii.  Ms. Paaoao-Sako filed the original complaint in the matter, and was named in the

6   Consolidated Complaint.  However, she passed away in 2007 and therefore was not

7   designated as a Class Representative in the Agreement.

8           4.      The Court has considered the objections that were raised with respect to the

9   Settlement.  The Court notes that it received only fourteen objections from a total of

10  3,177,706 class members, or from less than .0004% of the class.  Each of these objections

11  was addressed in open court at the Final Approval Hearing conducted on October 19, 2009,

12  and the Court entered orders rejecting thirteen of the fourteen objections.  In the event that

13  any of these objectors appeal this Final Order, the Court will promptly conduct a hearing to

14  determine the need for each appellant to post a bond under Fed. R. App. Proc. 7.

15          a.  The Court also received an objection from Clifford Ferguson,

16  represented by attorneys Dale Evans and Kent Hirsch, all whom appeared at the Final

17  Approval Hearing.

18          b.  The Parties have stipulated to a resolution of Mr. Ferguson's objection

19  pursuant to an informal agreement reached among the Parties, Mr. Ferguson, and his

20  counsel, Marshall Dale Evans and Kent Hirsh, and on the basis of this agreement the

21  objection was therefore sustained.  After hearing argument from all counsel on this matter

22  at the Final Approval Hearing, the Court further orders as follows:

23          (1)  The Court preliminarily approves a Home Office Settlement

24  Class to include all current and former hourly employees who worked for Wal-Mart's

25  Home Offices in Arkansas and Missouri at a location other than a Wal-Mart store,

26  Supercenter, Neighborhood Market, Sam's Club or Distribution Center at any time from

1  May 18, 2000 up to February 27, 2009.

2           (2)  Preliminary approval of the Home Office Settlement Class shall

3  not delay the entry of final judgment or the Settlement Effective Date as to the State

4  Settlement Class, California State Settlement Class, or the FLSA opt-in class.

5           (3)  Subject to the other terms and provisions of this Order and Final

6  Judgment, the Court hereby amends its May 28, 2009, Preliminary Approval Order

7  preliminarily certifying the State Settlement Class, California State Settlement Class and

8  opt-in FLSA class for settlement purposes to also preliminarily certify the Home Office

9  Settlement Class.  All terms and conditions of the May 28, 2009, Preliminary Approval

10  Order apply to the Home Office Settlement Class.  That Order is further amended to include

11  Dale Evans and Kent Hirsh as Class Counsel for the Home Office Settlement Class.

12  Carolyn Beasley Burton and Robert Bonsignore are appointed as Co-Lead counsel for the

13  Home Office Settlement Class. Mr. Hirsh and Mr. Evans shall be subject to the provisions

14  of this Order and Final Judgment, the Settlement Agreement pertaining to Class Counsel, as

15  well as Pre-Trial Order No. 2, and all other prior rulings of the Court in the proceedings in

16  MDL 1735.

17           (4)  The Claims Administrator shall mail notice to the Home Office

18  Settlement Class in accordance with the notice procedures approved in the Preliminary

19  Approval Order.  Members of the State Settlement Class, California State Settlement Class,

20  and/or the FLSA opt-in class to whom the Claims Administrator has already mailed notice

21  of the Settlement Classes in accordance with the Preliminary Approval Order need not be

22  mailed notice regarding the Home Office Settlement unless they are also members of the

23  Home Office Settlement Class.  Members of the Home Office Settlement Class may submit

24  claims by way of a Short Claim Form or a Long Claim Form, which Claim Forms shall

25  follow the form and procedure provided for in Sections 8.2 - 8.8, 8.11, and 8.13 of the

26  Agreement, and shall have the right to opt out of the Home Office Settlement Class or

1   object to the proposed Home Office Settlement in accordance with the procedures set forth

2   in Sections 8.14 and 8.15 of the Agreement.  Members of the Home Office Settlement

3   Class, however, shall neither have standing to object to the Settlement of the California

4   State Settlement Class, the State Settlement Class, or the FLSA opt-in class, nor to object to

5   the award of Attorneys' Fees and Costs in regard to those settled classes, or to the award of

6   Plaintiffs' incentive payments approved by this Final Order and Judgment.  No objection by

7   any member of the Home Office Settlement Class shall serve as a basis for obstructing,

8   delaying, staying, or appealing this Final Order and Judgment with respect to the California

9   State Settlement Class, the State Settlement Class, the FLSA opt-in class, or the payment of

10  Attorneys' Fees and Costs for the aforementioned classes.  The members of the Home

11  Office Settlement Class shall have the right to object to and appeal the Home Office

12  Settlement and the payment of any Attorneys' Fees or Costs allocated to the Class Counsel

13  for the Home Office Settlement Class.  Wal-Mart shall pay the reasonable costs of notice

14  and claims administration with respect to the Home Office Settlement Class, and such costs

15  shall count against the Ceiling.

16              (5)  Approved Claims submitted by members of the Home Office

17  Settlement Class shall be paid from the Class Settlement Amount, and shall count against

18  the Floor or the Ceiling in accordance with Section 6 of the Agreement.  Wal-Mart shall not

19  be required to pay any funds in addition to the Class Settlement Amount.

20              (6)  The Court appoints Clifford Ferguson as the Class

21  Representative for the Home Office Settlement Class and preliminarily approves a Class

22  Representative Incentive Award to Clifford Ferguson in the amount of Ten Thousand

23  Dollars ($10,000), which shall count against the Floor.

24              (7)  Class Counsel for the Home Office Settlement Class shall submit

25  their request for attorneys' fees and costs to Co-Lead Counsel by November 20, 2009.

26  Counsel for the Home Office Class have agreed, and it is hereby ORDERED, that their

1  request for fees and costs shall not exceed $100,000.  The Notice mailed to Home Office

2  Class members and other claims documents distributed to the Home Office Class will

3  expressly state that attorneys' fees and costs associated with this class will not exceed

4  $100,000.  Consistent with their duties, Co-Lead Counsel shall review and verify the fees

5  and costs actually requested, and in their discretion may object to fees or cost

6  reimbursements sought by Home Office Counsel.  Any attorneys' fees and costs awarded to

7  Class Counsel for the Home Office Settlement Class shall be paid from the Attorneys' Fees

8  and Costs already awarded by the Court pursuant to this Order and shall count against the

9  Floor.  In the event of an objection or appeal of the attorneys' fees or costs awarded to Class

10  Counsel for the Home Office Settlement Class, the funding and payment of Attorneys' Fees

11  and Costs to Class Counsel for the California Settlement Class, the State Settlement Class,

12  and the FLSA opt-in class pursuant to Section 8.12.2 of the Agreement shall not be delayed

13  or otherwise reduced by any claim to fees or costs by Class Counsel for the Home Office

14  Settlement Class, subject to reservation by Class Counsel of the ceiling of $100,000, which

15  shall constitute an appropriate reserve to compensate such counsel after all objections and

16  appeals of the Home Office Class have been exhausted.

17           (8)  The release contained in Section 10.2 of the Settlement

18  Agreement is amended to include the release given by the members of the Home Office

19  Settlement Class, and the definition of State Settlement Class Releasing Class Members is

20  amended to include members of the Home Office Settlement Class who do not exclude

21  themselves from the Home Office Settlement.

22           (9)  The Court shall hold a final approval hearing with respect to the

23  Home Office Settlement Class on a date to be set on or about 75 days from the mailing of

24  notice to the Home Office Settlement Class.

25           (10)  All other terms and conditions of the Settlement Agreement

26  apply to the Home Office Settlement Class.

5.     Based upon the evidence submitted by the Parties, including the declarations of experts, the Settlement Agreement, the arguments of counsel, and all the files, records and proceedings in this case, the Court further finds that the Settlement of this action (excluding the Home Office Settlement which has been preliminarily approved in accordance with the terms of Paragraphs 4(h) of this Order) warrants final approval pursuant to Rule 23 of the Federal Rules of Civil Procedure and the FLSA because it is fair, adequate, and reasonable to those it affects, and resulted from vigorously contested litigation, including extensive discovery, motion practice, and  good-faith arm's length negotiations between the parties, and is in the public interest considering the following factors:

> (a)   the strength of the plaintiffs' case;
>
> (b)   the risk, expense, complexity and likely duration of further litigation;
>
> (c)   the risk of maintaining class action status throughout the trial;
>
> (d)   the amount offered in settlement;
>
> (e)   the extent of discovery completed, and the stage of the proceedings;
>
> (f)   the experience and views of counsel;
>
> (g)   the presence of a governmental participant; and
>
> (h)   the reaction of the class members to the proposed settlement.

After carefully considering each of these factors, the Court finds that this settlement provides substantial benefits to the class members through both economic and injunctive relief. Torrisi v. Tucson Elec. Power Co., 8 F.3d 1370, 1375 (9th Cir. 1993); Officers for Justice v. Civil Serv. Comm'n of the City & County of San Francisco, 688 F.2d 615, 625 (9th Cir. 1982).  This Settlement may be presumed to be fair, because settlements that follow sufficient discovery and genuine arm's length negotiation are presumed fair. Hanlon v. Chrysler Corp., 150 F.3d 1011, 1026 (9th Cir. 1998).  Here, the settlement was reached after extensive negotiations with the Honorable Layn R. Phillips (Ret.), who submitted a

1   declaration in support of preliminary approval.  Moreover, as addressed above, and in

2   Plaintiffs' briefing, and supported by the Declaration of Professor Rubenstein, this case was

3   incredibly risky from inception and the result exceptionally favorable to the Class,

4   particularly in light of this Court's denial of class certification, which made the chance for

5   the Class Members to obtain any redress slim.  The Court likewise finds that discovery was

6   extensive in this litigation, and that counsel conducted the necessary and appropriate

7   investigation to properly evaluate this case and settlement value.  The Court further finds

8   that the fact that none of the governmental agencies receiving notice, which includes all of

9   the State Attorney Generals and Departments of Labor throughout the United States, and

10  Puerto Rico, objected to the settlement, and that only 14 Class Members had issue with the

11  terms, is overwhelming evidence of the fairness.

12          6.      The Plaintiffs' Motions for Final Approval are hereby GRANTED, and the

13  Settlement and the Agreement (as modified by Paragraphs 3 and (c) of this Order) are

14  hereby APPROVED as fair, reasonable, adequate, and in the public interest.  The Parties are

15  directed to consummate the Agreement in accordance with its terms.

16          7.      The Court finally certifies the State Settlement Class, the California State

17  Settlement Class and the FLSA opt-in class for settlement purposes in accordance with the

18  terms and conditions of the Amended Certification Order dated May 28, 2009.

19          8.      The Court APPROVES payment of the Class Settlement Amount in

20  accordance with the terms of the Agreement and this Order.

21          9.      The Court APPROVES payment of Class Representative Compensation

22  Awards to Nancy Hall, John Luce, John McFarlin, and Dora Jackson in the amount of

23  $15,000 each.  The Court APPROVES payment of Class Representative Incentive Awards

24  to Ashley Pritchett, Carlene Griffin, Erica Bayardo, Jean Henderson, Margaret Tisdale,

25  Chad Parrish, Tammy Lynn Poha Shibata, Moke Palakiko, Reginald Jackson, Phil

26  Ankenman, Bryan Trenkle, Danny Christy, Carolyn Penn, Eric Penn, Anthony Woods,

1   Barbara Whitacre, Cathy Olinger, Rebecca Cole, Hazel Stafford, Tammy Brogan, Travis

2   Williams, Lori Kraemer, Janet Nolan, Bonnie Newill, Nina M. Ossler, Gerald Mathies,

3   Dana Lose, Ann Campbell, Michael Scaramuzzo, Jason Hicks, Norma Williams, Raymond

4   Deas, Harriet Payne, Pam Brogan, Francis Gail Patterson, Jane Markins, Adriane Smith,

5   Mark Curless, and Wilson Trinidad Cruzado in the amount of $10,000 each.  In addition,

6   pursuant to Paragraph 3 above, the Court APPROVES payment to the estate of Davelyn M.

7   Paaoao-Sako of $10,000.

8        10.   The Court APPROVES payment to the following Dismissing Named

9   Plaintiffs: Sherry Richardson, Nola Gilles, Sadie Kuwamoto, Kara Raney, Izet Husidic,

10   Tina Koenen, Shannon Phelps, Christopher Dale Hanneken, Tammie Grey, Theresa Pedro,

11   Francis Betters, Shanaia Brown, Shirley Evans, and Heather Connatser, in the amount of

12   $10,000 each, which, in accordance with the terms of the Agreement, shall be payable upon

13   dismissal of each corresponding Overlapping Action.

14        11.   The Court finds that the request of Class Counsel for an award of 33.333%

15   in attorneys' fees is reasonable and justified.  However, the Court reserves ruling on

16   whether the 33.333% will apply to the Floor settlement amount of $65 million or the

17   Ceiling settlement amount of $85 million until after the November 9, 2009 deadline for

18   filing claims has passed.  Counsel for Plaintiffs shall advise the Court in writing not later

19   than November 12, 2009 of the total amount of claims made, whereupon the Court will

20   enter promptly a final order awarding attorneys' fees.

21        a. The Court finds that Class Counsel have achieved an exceptionally

22   favorable result for the members of the Settlement Classes by diligently pursuing this

23   complex litigation for years despite the substantial risk of no recovery.  The Court further

24   finds that the settlement reached here is exceptional in view of this Court's ruling denying

25   class certification on June 20, 2008, as well as the prior denials of class certification by state

26   courts in a dozen of the states included in this Settlement.  The result achieved is a

1   significant factor to be considered in making a fee award.  Hensley v. Eckerhart, 461 U.S.

2   424, 436 (1983).

3           b.  The Court finds that the attorneys' fees award should be a percentage of

4   the common fund.  "[A] litigant or a lawyer who recovers a common fund for the benefit of

5   persons other than himself or his client is entitled to a reasonable attorney's fee from the

6   fund as a whole."  Boeing Co. v. Van Gemert, 444 U.S. 472, 478 (1980).  "In a common

7   fund case, the district court has discretion to apply either the lodestar method or the

8   percentage-of-the-fund method in calculating a fee award."  Fischel v. Equitable Life

9   Assurance Soc'y of the U.S., 307 F.3d 997, 1006 (9th Cir. 2002).  The percentage method

10  however, is favored.  Manual for Complex Litigation, 4th § 14.121 at 187-188 (2004); Paul,

11  Johnson, Alston & Hunt v. Graulty, 886 F.2d 268, 271 (9th Cir. 1989); Six Mexican

12  Workers v. Arizona Citrus Growers, 904 F.2d 1301, 1311 (9th Cir. 1990).

13          c.  The Court finds that an award of 33.333% of the common fund is the

14  appropriate percentage fee award in this case.  The Ninth Circuit has "established 25% of

15  the common fund as the benchmark award for attorney fees," which is a "starting point"

16  that can and should be adjusted when the Court considers the excellent results achieved for

17  the Class, the complexity of the issues, the risk of no recovery, and the effort expended by

18  counsel.  Vizcaino v. Microsoft Corp., 290 F.3d 1043, 1048 (9th Cir. 2002); Six Mexican

19  Workers, 904 F.2d at 1311 (exceptional results require an upward adjustment); In re Pacific

20  Enterprises Sec. Litig., 47 F.3d 373, 379 (9th Cir. 1995) (complexity and risks warrant

21  upward adjustment).

22          d.  In view of fee awards in other wage and hour class actions against

23  Wal-Mart in numerous jurisdictions that were submitted to the Court in support of the

24  requested award, all of which are higher than the award requested by counsel here, as well

25  as the facts of this MDL proceeding, the Court finds that an award of 33.333% is reasonable

26  and justified.  This Settlement provides significant economic and injunctive relief to the

1    Class Members.  This case involved significant risk, in that Wal-Mart had defeated class

2    certification both in this Court and in many of the states included in this MDL proceeding,

3    and has demonstrated the ability and willingness to fully pursue its litigation defenses.

4    Plaintiffs' case was further complicated by the fact that the prospect of overturning the

5    denial of class certification was, at best, slim, thus Class Members would not have obtained

6    any redress absent this Settlement.  Even if Plaintiffs obtained class certification and

7    proceeded to trial, the difficulties of maintaining certification and litigating the complex

8    claims of millions of Class Members, as well as the substantial costs and delay involved,

9    weigh heavily in favor of this Settlement.  In addition, Class Counsel had to navigate the

10   relatively uncharted waters of the newly enacted Class Action Fairness Act, and did so with

11   great skill and efficiency.  These are just some of the factors supporting the Court's decision

12   to grant Counsel's request for an award of 33.333%.  The Court hereby incorporates by

13   reference hereto the declarations of Co-Lead Counsel, Class Counsel, and of experts

14   William Rubenstein and Brad Seligman in further support of this award.

15            e.  Pursuant to the Settlement Agreement, Wal-Mart is obligated to pay a

16   minimum of $65,000,000, representing the Floor, and a maximum amount of $85,000,000,

17   representing the Ceiling.  These amounts do not include the value of the injunctive relief

18   obtained through this settlement.

19            f.  In addition to the economic relief provided by the Settlement, the

20   Settlement provides significant injunctive relief to redress the employment abuses at issue

21   in this case.  The Court finds that this injunctive relief likewise provides a significant

22   benefit to Class Members.

23            g.  The Court finds that payment of Class Counsels' documented expenses is

24   appropriate.  The Court therefore APPROVES payment of reasonable Costs to Class

25   Counsel.  However, as there remains a dispute among Class Counsel as to the precise

26   amount of costs warranted, the Court will reserve ruling on the specific amount of costs

awarded pending hearing on the issue which is hereby set for Friday, November 20, 2009 at 1:30 p.m. in Courtroom 7C, in the United States District Court, District of Nevada, located at 333 S. Las Vegas Blvd., Las Vegas, Nevada, 89101.

h.  Class Counsel are directed to submit an allocation plan with respect to the award Costs in accordance with Section 8.12.2 of the Agreement, and no monies for the payment of Costs shall be transferred out of the QSF until such allocation plan has been approved by the Court.

12.  Action taken as relating to Section 8.12.2 and/or 22.9 of the Settlement Agreement shall not delay the payments to class members or incentive payments to the class representatives.  The allocation of attorneys' fees and costs shall not serve to delay the entry of Final Approval.

13.  The Class Settlement Amount, Class Representative Compensation Awards, payments to Dismissing Named Plaintiffs, and Attorneys' Fees and Costs shall be distributed in accordance with the terms of the Agreement, and any further orders of this Court.

14.  With the exception of the claims brought on behalf of the Home Office Settlement Class, the Class Actions comprising the Settled States are DISMISSED WITH PREJUDICE pursuant to the terms of the Agreement and without costs to any Party, other than as specified in the Agreement and this Order.  The Overlapping Actions shall be DISMISSED WITH PREJUDICE in accordance with Section 3.1 of the Agreement.

15.  In consideration of the Class Settlement Amount, and for other good and valuable consideration, all members of the California State Settlement Class other than those who have submitted valid and timely Exclusion Letters ("California State Settlement Class Releasing Class Members") shall, by operation of this Judgment, have fully, finally, and forever released, relinquished, and discharged all California State Settlement Class Released Claims against Wal-Mart, in accordance with Section 10.1 of the Agreement,

including, but not limited to, claims related to alleged alteration of employee time records and hours worked without proper authorization, including (i) claims for inaccurate creation, retention, and preservation of employee time records as a result of any of the claims covered by the Release contained in Section 10.1 of the Agreement; (ii) claims that Wal-Mart failed to pay overtime hours or other wages, including claims related to how overtime is calculated, as a result of any of the claims covered by the Release contained in Section 10.1 of the Agreement; (iii) claims for failure to pay wages on termination or late payment of wages on termination or otherwise, as a result of any of the claims covered by the Release contained in Section 10.1 of the Agreement; (iv) claims for contribution to any Wal-Mart profit-sharing or other employee benefit plan as a result of any of the claims covered by the Release contained in Section 10.1 of the Agreement; and (v) claims that Wal-Mart failed to comply with the minimum wage and overtime obligations imposed by the FLSA as a result of any of the claims covered by the Release contained in Section 10.1 of the Agreement.  In addition, the California State Settlement Class Releasing Class Members shall have covenanted not to sue Wal-Mart with respect to all such California State Settlement Class Released Claims, and shall be permanently barred and enjoined from instituting, commencing, prosecuting or asserting any such California State Settlement Class Released Claim against Wal-Mart.

16.    Likewise, in consideration of the Class Settlement Amount, and for other good and valuable consideration, all members of the State Settlement Class other than those who have submitted timely and valid exclusion letters ("State Settlement Class Releasing Class Members") shall, by operation of this Judgment, have fully, finally, and forever released, relinquished, and discharged all State Settlement Class Released Claims against Wal-Mart in accordance with Section 10.2 of the Agreement, including, but not limited to, any and all claims arising from alleged: (i) off-the-clock work (including lock-in claims), which includes claims relating to the non-payment or late payment of wages because work

was performed off the clock and any record keeping violations that are a result of work

being performed off the clock and, therefore, not being recorded; (ii) meal periods that were

not provided or meal periods that were interrupted; (iii) rest breaks that were not provided

or rest breaks that were interrupted; (iv) inaccurate creation, retention, and preservation of

time records; (v) the alteration of time records and hours worked without proper

authorization, including claims relating to one (1) and two (2) minute shifts, inserted breaks

and time editing; (vi) claims that Wal-Mart failed to pay overtime hours or other wages,

including claims related to how overtime is calculated, as a result of any of the claims

covered by the Release contained in Section 10.2 of the Agreement; (vii) claims for failure

to pay wages on termination or late payment of wages on termination or otherwise; (viii)

claims for contribution to any Wal-Mart profit-sharing or other employee benefit plan as a

result of any of the claims covered by the Release contained in Section 10.2 of the

Agreement; and (ix) claims that Wal-Mart failed to comply with the minimum wage and

overtime obligations imposed by the FLSA as a result of any of the claims covered by the

Release contained in Section 10.2 of the Agreement.  In addition, the State Settlement Class

Releasing Class Members shall have covenanted not to sue Wal-Mart with respect to all

such State Settlement Class Released Claims, and shall be permanently barred and enjoined

from instituting, commencing, prosecuting or asserting any such State Settlement Class

Released Claim against Wal-Mart.

17.   In addition, all members of the California State Settlement Class and the

State Settlement Class who have submitted an Approved Claim Form shall be deemed to

have opted into and consented to join this action in accordance with the FLSA.

18.   This Judgment is the Final Judgment in the suit as to all California State

Settlement Class Released Claims and all State Settlement Class Released Claims.

19.   The Claims Administrator is hereby ordered to file within thirty (30) days of

entry of this Judgment a verified list of the names and addresses of each person who has

submitted a valid request for exclusion from either the California State Settlement Class or the State Settlement Class.

20.    Without affecting the finality of this Judgment in any way, and subject to the terms of the Agreement, this Court retains jurisdiction over: (a) implementation of the Settlement and the terms of the Agreement; (b) distribution of the Class Settlement Amount, the Class Representative Compensation Awards, payments to Dismissing Named Plaintiffs, and the Attorneys' Fees and Costs Amount; and (c) all other proceedings related to the implementation, interpretation, administration, consummation, and enforcement of the terms of the Agreement and/or the Settlement, and the administration of Claims submitted by Settlement Class Members.  The time to appeal from this Judgment shall commence upon its entry.

21.    In the event that the Settlement Effective Date does not occur, this Judgment shall be rendered null and void and shall be vacated, nunc pro tunc, except insofar as expressly provided to the contrary in the Agreement, and without prejudice to the status quo ante rights of Plaintiffs, members of the Settlement Classes, and Wal-Mart.

22.    This Court finds that there is no just reason for delay and expressly directs Judgment and immediate entry by the Clerk of the Court.

DATED: November 2, 2009

_____
PHILIP M. PRO
United States District Judge