UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| IN RE: WAL-MART WAGE AND HOUR EMPLOYMENT PRACTICES LITIGATION, | **MDL 1735**<br><br>Docket No. 2:06-CV-00225-PMP-PAL (BASE FILE) |
| THIS DOCUMENT RELATES TO ALL CASES EXCEPT KING v. WAL-MART STORES, INC., CASE NO. 07-1486-WY | |

**WAL-MART'S MOTION FOR IMPOSITION OF APPEAL BOND**

Pursuant to Federal Rule of Appellate Procedure 7, Defendant Wal-Mart Stores, Inc. ("Wal-Mart"), by and through its undersigned counsel, respectfully moves the Court to impose an appeal bond upon the Appellants/Objectors to the Court's November 2, 2009 Order granting final approval of settlement of this multi-district class action.[1]  As set forth more fully below, an evaluation of the factors considered by courts in determining whether to impose an appeal bond overwhelmingly supports the imposition of a bond under the present circumstances.  In further support of this Motion, Wal-Mart states as follows:

**I.    THE IMPOSITION OF AN APPEAL BOND IS WARRANTED**

Federal Rule of Appellate Procedure 7 authorizes district courts to "require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal."  As reflected in this language, the purpose of the Rule is to protect an appellee against the risk of nonpayment by an unsuccessful appellant.  *Fleury v. Richemont N. Am., Inc.,* 2008 WL 4680033, *6 (N.D.Cal. Oct. 21, 2008).  Determinations regarding the necessity and amount of an

---

[1] Specifically, Wal-Mart moves for the imposition of an appeal bond upon Appellants Gaona, Swift, Andrews and Maddox.

appeal bond rest within the sound discretion of the district court. *See* Advisory Committee Notes to Rule 7; *Lundy v. Union Carbide Corp.,* 598 F.Supp. 451, 452 (D.Or. 1984). *See also Adsani v. Miller,* 139 F.3d 67, 79 (2d Cir. 1998) ("A district court, familiar with the contours of the case appealed, has the discretion to impose a bond which reflects its determination of the likely outcome of the appeal.").

Although Rule 7 does not provide explicit guidance as to what factors a court should consider in determining whether to require a bond, courts within the Ninth Circuit base their analyses on the following factors: (1) the appellant's financial ability to post a bond; (2) the risk that the appellant would not pay the appellee's costs if the appeal loses; and (3) the merits of the appeal. *Fleury,* 2008 WL 4680033 at *6. Each of these three factors favors the entry of an appeal bond in this action.

With respect to the first consideration, there is no indication that Appellants or their counsel are financially unable to post a bond. To the contrary, the staggering number of class action settlements to which Appellants' counsel routinely object evidences sufficient financial resources to post a bond. This factor weighs in favor of the imposition of a bond here. *See Chiaverini, Inc. v. Frenchie's Fine Jewelry, Coins & Stamps, Inc.,* 2008 WL 2415340 (E.D.Mich. June 12, 2008) ("There is no indication that plaintiff is financially unable to post bond, and thus this factor weighs in favor of a bond."); *In re Pharmaceutical Ind. Average Wholesale Price Litig.,* 520 F.Supp.2d 274, 279 (D.Mass. 2007) (imposing a bond where "[t]here is no evidence that a bond would pose an undue hardship on the objector.").

Second, there is a significant risk that Appellants will not pay the Appellees' costs should Appellants lose on their appeal. In this regard, none of the Appellants resides in a state within the Ninth Circuit, "which arguably would make it more difficult fro the Settling Parties to collect

their costs should they prevail on the appeal. This factor weighs in favor of a bond." *Fleury,* 2008 WL 4680033 at *7.

Third, Appellants' appeals lack merit, as this Court has already considered and rejected each of the Appellant's objections. This factor further supports the imposition of an appeal bond. *See Fleury,* 2008 WL 4680033 at *6, *8 (noting that the merits of the appeal "informs the likelihood that the appellant will lose and thus be liable for costs."); *see also Berry v. Deutsche Bank Trust Co. Am.,* 632 F.Supp.2d 300, 307 (S.D.N.Y. 2009) (ordering *pro se* litigant to post $50,000 bond where his appeal was based on "the same failed arguments that were raised before this Court."). Indeed, the lack of merit of objections and appeals filed by some of the same counsel representing Appellants here has been repeatedly recognized. In *Ouellette v. Wal-Mart Stores, Inc.,* for example, the court's Order and Final Judgment Approving Settlement between Class Plaintiffs and Wal-Mart Stores, Inc. noted that "all of the objections filed against the settlement of this case were all generic boilerplate objections prepared and filed by a group of attorneys who the Court finds have been working through collusion for their own personal benefit and not for the benefit of this class or their clients." *See also Fleury,* 2008 WL 4680033 at *8 n. 3 (finding the Bandas Law Firm's alleged "driving" of the appeal "troubling"); *Conroy v. 3M Corp.,* Case No. C00-2810 CW (N.D.Cal. Aug. 10, 2006) ("The Court finds that the Bandas Law Firm['s] … objections to the proposed settlement were unfounded, and therefore views their appeals as unlikely to succeed.").

Finally, above and beyond satisfaction of the above criteria, "there are public policy reasons to prevent frivolous objectors from threatening to hold up class distributions." *In re Pharmaceutical Ind.,* 520 F.Supp.2d at 279 (noting that the class members would likely be damaged by the failed appeal). In *Allapattah Services, Inc. v. Exxon Corp.,* 2006 WL 1132371

- 3 -
WAL-MART'S MOTION FOR IMPOSITION OF APPEAL BOND

DEN 97092985v1

(S.D.Fla. Apr. 7, 2006), for instance, the district court entering final approval of a class action settlement cautioned that an objector planning to pursue an appeal of the settlement as to the entire class would be required to post a bond in the amount of $13,500,000 due to the damage such an appeal would inflict on the class.

> I make this conclusion because any appeal of this Order as to the entire class stays both the entry of final judgment on all claims in the Claims Administration Process and payment to all Class members. Accordingly, the highly detrimental impact of an appeal of the settlement agreement as to the entire class renders it appropriate for the Court to require [the objector] to post an appeal bond pursuant to Federal Rule of Appellate Procedure 7.

*Id.* at *18. The Appellants' actions here appear to be brought only in self-interest, and impede the substantial monetary and injunctive relief to a class of over 3,000,000 employees. Such selfish and dilatory tactics should not be condoned. At a minimum, the imposition of a Rule 7 appeal bond is necessary to protect the interests of Appellees and the class as a whole.

## II. CONCLUSION

For all the foregoing reasons, Wal-Mart moves the Court to impose an appeal bond in this matter upon the Objector/Appellants. Wal-Mart believes the amount of the appeal bond requested by Plaintiffs in their Motion to Require Objectors to Post Appeal Bonds is appropriate.

- 5 -

1  Dated this 21st day of December, 2009.

2                                                          GREENBERG TRAURIG, LLP

4                                                          *s/ Naomi G. Beer*
                                                           Brian L. Duffy
5                                                          Naomi G. Beer
                                                           1200 17th Street, Suite 2400
6                                                          Denver, Colorado 80202
                                                           303.572.6500
7                                                          303.572.6540
                                                           *duffyb@gtlaw.com*
8                                                          *beern@gtlaw.com*

10                                                         ATTORNEYS FOR WAL-MART STORES, INC.

# CERTIFICATE OF SERVICE

I, Wendy Creason, declare under penalty of perjury that the following is true and correct:

I am a citizen of the United States; I am over the age of 18 years; I am employed by GREENBERG TAURIG LLP, located at 1200 Seventeenth Street, Suite 2400, Denver, Colorado 80202, whose members are members of the State Bar of Colorado and at least one of whose members is a member of the Bar of each Federal District Court within Colorado; I am not a party to the within action; and that I caused to be served a true and correct copy of the foregoing **WAL-MART'S MOTION FOR IMPOSITION OF APPEAL BOND** in the manner indicated below:

**X**  By Electronic Filing on all parties registered in this action.

Executed this 21st day of December 2009, at Denver, Colorado.

          *s/ Wendy Creason*
          Wendy Creason
          Legal Assistant