Robert J. Bonsignore, Esq.
(Massachusetts Bar No. 547880)
Bonsignore & Brewer
23 Forest Street
Medford, MA  02155
Phone:  (781) 350-0000
Fax:  (781) 391-9496
rbonsignore@class-actions.us
*Plaintiffs' Co-Lead Counsel*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| IN RE WAL-MART WAGE AND HOUR EMPLOYMENT PRACTICE LITIGATION | **MDL 1735**<br>2:06-CV-00225-PM P-PAL<br>(BASE FILE) |
| THIS DOCUMENT RELATES TO:<br>ALL ACTIONS EXCEPT KING v. WAL-MART STORES, INC., CASE NO. 07-1486-WY | |

### DECLARATION OF ROBERT J. BONSIGNORE IN SUPPORT OF PLAINTIFF'S MOTION FOR APPEAL BOND FOR OBJECTOR GAONA

1. I am an attorney duly licensed to practice law in the Commonwealth of Massachusetts. I am the managing partner of Bonsignore and Brewer. I have personal knowledge of the facts set forth in this Supplemental Declaration, and, if called as a witness could, and would, testify to them, except where I specify that I am declaring on information and belief, in which case I am informed and believe the facts to be true.

2. I serve as Co-Lead Counsel for Plaintiffs. See Dkt. #28, Pre-Trial Order No. 2, dated April 14, 2006.  Bonsignore and Brewer is counsel of record for a number of class representatives in MDL 1735.

3. The Hon. Layn Phillips (ret.) was called upon during the interim period between the execution of the Term Sheet and the Request for Preliminary Approval for additional assistance.

4. The Term Sheet which embodied the general terms of the settlement was first executed by the parties on December 14, 2008 during the last of a series of pre settlement formal mediation session with the Hon. Layn Phillips.

5. The Settlement Agreement was the culmination of years of hard fought litigation.  During that time on several occasions the parties walked away from negotiations because they were unable to reach agreement.

6. The express terms of the Settlement Agreement took place over many months after the initial signing of the Term Sheet.  The negotiations were hard fought.

7. Additionally Plaintiffs counsel conducted extensive research and consulted with experts and leading authorities as well as Judge Phillips on a variety of issues. Among the matters researched and subject to specialized consultations were the method and forms of Notice and the procedures for the submission of objections and requests for exclusion.  The notice, exclusion and objection provisions were arrived at only after extensive legal research and consultation with various experts including Rust Consulting, Inc. (hereafter,

"Rust Consulting" or "Rust")[1] and others including class action legal consultants and the editor of Newberg on Class Actions.

8. Prior to the execution of the Settlement Agreement several well attended Settlement Summits were convened so that the Settlement Agreement and its terms and projected implementation could be questioned, discussed and/or debated by class counsels. Additionally, in between the summits class counsels were provided with updates and drafts of the proposed terms including the class administration and objection procedures. I personally discussed the terms of the settlement including the planned method of notice and procedures for exclusion and objection on countless occasions with diverse class counsels. Class counsels were also provided by me with copies of the planned form of notice which contained the objection and exclusion procedure eventually distributed to class members.

9. An agreement was entered between counsel for Plaintiffs and Attorney Bandas on October 7 2009 to take the deposition set for October 9, 2009 off calendar on the condition that if resolution of the objection was not reached she would be made available prior to the Final Approval hearing. This agreement was later breached by the objector and her counsel.

10. Attorney Bandas has objected to Wal-Mart class action settlements in several other states and has received payments to drop his objections. It is my opinion his objections, however, have brought no benefit to the class. In support I attach the following:

1. Exhibit A 1-2 Inclusive are true and correct copies of the Dismissals of Appeal as

---

[1] The fact that Rust is this nation's leading class action claims administration provider is evidenced by the experience set forth in their firm Brochure.

3

*Declaration of Robert J. Bonsignore in Support of Plaintiff's Motion for Appeal Bond for Objector Gaona*

submitted to the circuit court, dated October 26, 2009 and the Order and Final Judgment Approving Settlement, dated August 21, 2009, both filed in *Ouellette v. Wal-Mart*, case no 67-01-326, Circuit Court for Washington Florida, and the docket of the Appeal of Kevin Dimla Objector represented by Santiago and Bandas, Florida First District Court of Appeal, Case 1D094881.

2. Exhibit B 1-2 Inclusive are true and correct copy of the Order from the South Carolina Court of Appeals as submitted to the circuit court dated November 20, 2009, and the Notice of Objection to Class Settlement, dated May 1, 2009 both filed in *Carter v. Wal-Mart*, Court of Common Pleas, 14th Judicial Circuit, Case No. 2006 CP1500839.

3. Exhibit C1-2 is a true and correct copy of the online docket for Missouri Appeal case no. WD71180 filed by objector Debbie Taylor represented by Bandas and the Mandate from the Missouri Court of Appeals as submitted to the circuit court and filed in Hale v. Wal-Mart , dated November 12, 2009, case no 01CV218710.

11. Upon information and belief, in other many of the other recent state based wage and hour settlements with Wal-Mart the Professional Objectors, including Gaona's counsel Christopher Bandas, walked away with extraordinarily large settlements for little or no work and with absolutely no additional benefit being offered to the class.

12. It is my understanding that in exchange for simply dropping their objections/appeals each of the Professional Objectors was individually paid $100,000. I stand ready to be corrected and intend to provide an opportunity for Mr. Bandas to refute this charge under oath.

4

*Declaration of Robert J. Bonsignore in Support of Plaintiff's Motion for Appeal Bond for Objector Gaona*

13. Whether he was paid $100,000 per individual case for simply dropping objections/appeals in other Wal-Mart Wage and Hour settlements would constitute relevant information for the Appellate Court to review in assessing requests under Rule 38 *at a minimum*.

14. I intend to promptly request a hearing on this issue so that factual findings on the amount that Bandas was paid in the other Wal-Mart cases in which he was an objector and the benefit to the respective classes that he obtained and/or the hours and efforts he undertook to earn those payments is anticipated by Plaintiffs counsels. As a courtesy to Ms. Gaona and her attorneys Plaintiffs counsels intend to mark the hearing in those questions on the same date and time as the hearing on this bond and/or the hearing on the sanctions requested for providing a false address to this Court and counsel so that they will only be required to appear once. Plaintiff's counsels will also offer to make and pay for Ms. Gaona's reasonable travel arrangements. Given the amount that Mr. Bandas has made thus far objecting to Wal-Mart wage and hour settlements no such offer is made to him.

15. On October 5, 2009, Plaintiffs acted to take the deposition of Objector Gaona. *See* Docket no. 441-2, Notice to Take Deposition of Jessica Lynn Gaona (hereafter, "Deposition Notice"). *See also* Document 447-4, dated October 6, 2009 Court Order, and Docket no. 447-4, amended Notice to Take Deposition of Jessica Lynn Gaona, October 6, 2009.

16. A copy of the Deposition Notice was served upon her counsel Bandas through electronic service on October 5, 2009 and October 6, 2009. *See* Attachment D and E.

5

*Declaration of Robert J. Bonsignore in Support of Plaintiff's Motion for Appeal Bond for Objector Gaona*

17. The Deposition Notice provided Gaona with notice that her deposition was to be taken at 11:00 a.m., October 9th, 2009 at Ak/ret Reporting, 555 N. Carancahua, Suite 880, Corpus Christi, Texas. *Id.* Additionally, the deposition notice also made clear that upon the request of the objector the alternative location of Law Offices of Anthony Constant, 800 N. Shoreline Blvd., Suite 2700 S., Corpus Christi, Texas, one of her counsels of record was also acceptable. *Id.* Neither Gaona nor her counsel showed up for the deposition and neither responded to the Notice of Deposition.

18. An agreement was entered between counsel for Plaintiffs and Attorney Bandas on October 7, 2009 to take the deposition set for October 9, 2009 off calendar on the condition that if resolution of the objection was not reached she would be made available prior to the Final Approval hearing. This agreement was later breached by the objector and her counsel.

19. After the breach of Agreement became evident, Plaintiffs again formally took action to take the depositions of Objector Gaona on October 19, 2009.[2] *See* Docket no. 471-2, Notice to Take Deposition of Jessica Lynn Gaona, October 19, 2009. A copy of the Deposition Notice was served upon her counsel Bandas through electronic service on October 19, 2009.

20. The Deposition Notice provided Gaona with notice that her deposition was to be taken on October 24, 2009, 11:00 a.m., LaQuinta Inn, 1619 N. IH-35, San Marcos, Texas, 78666.

---

[2] It is believed that Gaona did not reside at the address she provided to the Court and Counsels in her sworn objection. However, this presumed fact is the subject of an anticipated evidentiary hearing and request for sanctions and is not a part of this bond request.

6

*Declaration of Robert J. Bonsignore in Support of Plaintiff's Motion for Appeal Bond for Objector Gaona*

*See* Exhibit F, Deposition Notice. The Deposition Subpoena was served on her counsel clearly providing her with notice that her deposition was to be taken.

21. On October 20, 2009, attempted service of the Subpoena to Testify at a Deposition in a Civil Action to Jessica Lynn Gaona (hereafter, "Deposition Subpoena") was made by process server Tim Shultz at the address Gaona provided to the Court in her Objection, 6780 Wayman Ridge, Live Oak, Texas, 78233.  *See* Attachment G, Declaration of Not Found, Due and Diligent Search by Tim Shultz.  *See also* Attachment H, Subpoena to Testify at a Deposition in a Civil Action to Jessica Lynn Gaona; Gaona Objection at 2.

22. Upon Information and belief and as evidenced in the sworn returns of service, Process Server Shultz attempted service at Gaona's address twice, once at 9:10 a.m. when there was no response at the door and Shultz left delivery notice.  *See* Attachment G, Declaration of Not Found, Due and Diligent Search by Tim Shultz.

23. It is noteworthy that at 8:45 p.m. on his second attempt, Process Server Shultz was clearly informed by the property's resident that Gaona did not reside at that address.  *Id.*

24. Notwithstanding the fact that through counsel she provided a false address to the Court[3], Gaona must be deemed for the fourth time as having been provided with notice that Plaintiffs wished to depose her because the Deposition Subpoena which was served on their counsel again provided Gaona with notice that her deposition was to be taken on October 24, 2009, 11:00 a.m., LaQuinta Inn, 1619 N. IH-35, San Marcos, Texas, 78666.

25. I paid $1,403.90 for the transcripts of the Fairness Hearing of Settlement held on October 19, 2009 and the Motion to Award Costs and Dirk Ravenholt Motion for Attorneys fees

---

[3] Plaintiffs intend to seek sanctions for this serious and material misrepresentation and have served the "safe harbor letter" required by FRCP 11 (c) (2).

*Declaration of Robert J. Bonsignore in Support of Plaintiff's Motion for Appeal Bond for Objector Gaona*

hearing held on November 20, 2009.  *See* Attachment I, Exceptional Reporting Services, Inc. Transcript Invoice.

26. I calculated the minimum number of pages that I believe to be reasonably required for the appeal as follows:

   a. May 26, 2006, Amended Class Action Complaint: 129 pages
   b. November 13, 2006, Memo in support of Motion for Class Certification and supporting Attachments: 689 pages
   c. July 23, 2007, Defendant's Response to Motion to Certify Class and supporting Attachments: 1,354 pages
   d. October 1, 2007, Memorandum in support of Consolidated Class Certification, supporting expert Declarations and Attachments: 421 pages
   e. October 19, 2007, Defendant's Response to Motion for Consolidated Class Certification: 18 pages
   f. October 19, 2007, Supplement to Motion for Cons. Class Cert: 74 pages
   g. October 30, 2007, Errata to Expert Declarations: 41 pages
   h. November 6, 2007, Defendant's Motion to Strike Portions of Expert Declarations and supporting Memorandum: 140 pages
   i. November 15, 2007, Plaintiffs' Response to Motion to Strike Portions of Expert Declarations : 5 pages
   j. January 4, 2008, Defendant's Response to Motion for Class Cert.: 52 pages
   k. November 14, 2008, Defendant's Answer to Amended Complaint: 17 pages
   l. May 26, 2009, Motion for Consolidated Complaint and Supporting Memorandum: 137 pages
   m. May 26, 2009, Motion in Support of Preliminary Approval, supporting Memorandum, Declarations and Attachments : 314 pages
   n. May 28, 2009, Preliminary Order Approving Settlement: 7 pages
   o. September 24, 2009, Jessica Gaona's Objection to Class Settlement: 7 pages

p.   September 25, 2009, Errata to Jessica Gaona's Objection to Class Settlement: 5 pages

q.   October 1, 2009, Motion for Final Approval, supporting Memorandum, Attachments and Declarations: 651 pages

r.   October 1, 2009, Motion for Attorneys Fees and supporting Memorandum, Declarations and Attachments: 114 pages

s.   November 2, 2009, Court Order Approving Plaintiffs' Motion for Final Approval: 16 pages

t.   November 23, 2009, Notice of Appeal by Objector Jessica Gaona and supporting Attachments: 18 pages

27. I carried out the efforts to depose the objectors.  I spent $135.75 for special process servers.  *See* Attachment J, Professional Civil Process Invoice.

28. The estimated cost for printing and copying and binding the required 11 copies required is $4,971.97.  Therefore, I ask for $4,971.97 to cover the cost of printing and copying in the appeal of the case at bar.  *See* Attachment K, Litigation Document Production, Inc. estimate.

29. I declare under penalty of perjury under the laws of the United States of America and the State of Massachusetts that the foregoing is true and accurate.

Signed this 21st day of December 2009

/s/ Robert J. Bonsignore
Robert J. Bonsignore, Esq.
(Massachusetts Bar No. 547880)
Bonsignore & Brewer
23 Forest Street
Medford, MA  02155
Phone:  (781) 350-0000
Fax:  (781) 391-9496
rbonsignore@class-actions.us
Plaintiffs' Co-Lead Counsel

9

*Declaration of Robert J. Bonsignore in Support of Plaintiff's Motion for Appeal Bond for Objector Gaona*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 21, 2009, a copy of the ***Declaration of Robert J. Bonsignore in Support of Plaintiff's Motion for Appeal Bond for Objector Gaona*** was filed electronically [and served by mail on anyone unable to accept electronic filing]. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing]. Parties may access this filing through the Court's system.

/s/ Robert J. Bonsignore
Robert J. Bonsignore