1   LISA A. RASMUSSEN, ESQ.
Nevada Bar No. 007491

2   California Bar No. 207026
**LAW OFFICE OF LISA RASMUSSEN, ESQ.**

3   616 South 8th Street
Las Vegas, NV 89101

4   Tel.  (702) 471-6565
Fax. (702) 471-6540

5   Lisa@LRasmussenLaw.com
Local Counsel for Jessica Gaona, Objector

6

7   EDWARD F. SIEGEL
Law Office of Edward F. Siegel

8   27600 Chagrin Blvd.
Cleveland, OH 44122

9   Tel. (216) 831-3424
Fax. (216) 831-6584

10   efiegel@efs-law.com
Counsel for Deborah Maddox, Objector

11   JOHN PENTZ
2 Clock Tower Place

12   Maynard, MA 01754
Tel. (978) 461-1548

13   Clasaxn@earthlink.net
Counsel for Fatima Andrews, Objector

14

15   Edward W. Cochran
Cochran & Cochran

16   20030 Marchmont Road
Shaker Heights, OH 44122

17   Counsel for Stephanie Swift, Objector

18   **UNITED STATES DISTRICT COURT**

19   **DISTRICT OF NEVADA**

20

21

22   In Re:                  MDL - 1735

23   WAL-MART Wage and Hour    02:06-cv-225 PMP (PAL)
Employment Practices Litigation

24   _____  **APPELLANTS JESSICA GAONA,**
**STEPHANIE SWIFT, DEBORAH**

25   THIS DOCUMENT RELATES TO:  **MADDOX AND FATIMA**
**ANDREWS' JOINT RESPONSE TO**

26         All Cases.             **PLAINTIFF NANCY HALL'S**
**MOTION FOR BOND FOR APPEAL**

27                        **(C.R. # 535, 536, 537, 538)**

28        COME NOW Objectors JESSICA GAONA, by and through her counsel, Lisa A.

Rasmussen, Esq., and Christopher A. Bandas, Esq.; STEPHANIE SWIFT, by and through

Response

1   her counsel, Edward W. Cochran, Esq.; DEBORAH MADDOX, by and through her

2   counsel, Edward F. Siegel Esq.; and FATIMA ANDREWS, by and through her counsel,

3   John Pentz, Esq., and hereby submit their Joint Response to Plaintiff Nancy Hall's Motion

4   for Bond For Appeal and Other Appropriate Relief to Protect the Class, and its related

5   documents, docket numbers 535, 536, 537 and 538.

6   ### RESPONSE IN OPPOSITION TO NANCY HALL'S MOTION

7   Class Plaintiffs may obtain a bond for anticipated costs under Rule 7 FRAP, but those costs are

8   limited to those set forth in Rule 39 FRAP.  The $715,000 or $990,000 sought by class counsel are not

9   for costs.  Class Plaintiffs' claimed bond costs items are not bondable on appeal under the facts of this

10  case.   Under Rule 7 FRAP, a bond cannot include attorneys' fees or administrative costs.

11  Objectors/Appellants' objections to the settlement and Class Counsel's attorneys' fees, and their appeal

12  from the order overruling their objections to the settlement and class counsel's fees, are facially not

13  frivolous and their appeal is highly unlikely to be declared so by the appellate panel.

14  It is clear that Class Counsel is seeking a $715,000 or $990,000 bond in an attempt to stifle

15  objectors' appeal from this court's approval of the settlement and their attorneys' fees.  That is not a

16  proper use of the rules relating to bonding, and the Court should not allow it pursuant to Rule 7 FRAP.

17  Class Plaintiffs' are entitled to a bond for the actual costs explicitly taxable pursuant to in Rule 39

18  FRAP, but not anything more.

19  ### A.  Neither the Objections to Attorney Fees Nor the Appeals Are Frivolous

20  The overarching theme of Class Plaintiffs' request for $715,000 or $990,00 bond in this case is

21  that Objectors/Appellants' objection to the settlement and class counsel's fees are frivolous, and that

22  Objectors/Appellants counsel are "professional objectors"[1] who pursue objections for improper

23  purposes.

24  First, an appeal is frivolous if "the result is obvious or if the claims of error are wholly without

25  merit." *DeWitt v. Western Pacific Railroad Co*., 719 F.2d 1448, 1451 (9th Cir. 1983).  The fact that

26  there is a body of federal jurisprudence regarding attorney's fees shows reasonable people often differ

27  —————————————————

28  [1] Although class counsel may prefer pro se objectors, or objectors counsel with no experience in class actions, due process, assures objectors the right to professional representation.

1    on this issue.  28 U.S.C. Section 1927, which might support a bond for "vexatious litigation conduct,"

2    is inapplicable to this appeal as it requires "bad faith or intentional misconduct by counsel."  Although

3    the imposition of attorney's fees on appeal as a sanction is allowed under Rule 38, it is only available

4    after the appeals court finds the appeal frivolous, and only upon further motion and hearing.  10 Wright,

5    Miller & Kane, Federal Practice & Procedure, §2675; 2675.2 (2001); see also *Azizian v. Federated*

6    *Department Stores, Inc*., 499 F.3d 950, 960 (9th Cir. 2007).

7        It is well established that whether an appeal is frivolous is solely within the purview of the

8    appellate court, not the district court.  *Vaughn v. American Honda Motor Co., Inc.*, 507 F.3d 295, 299

9    (5th Cir. 2007); *Cooter & Gell v. Hartmax Corp*., 496 U.S. 384, 407 (1990); *In re American President*

10   *Lines, Inc*., 779 F.2d 714, 717 (D.C. Cir 1985).  Only the appellate court has the authority to impose

11   sanctions for a frivolous appeal,  *Aizian*, 499 F.3d at 960; *In re Vasseli*, 5 F.3d 351, 353 (9th Cir 1993)

12   citing *In re American President Lines, Inc*. 779 F.2d 714, 717 (D.C. Cir. 1985).

13       In the case of *Azizian v. Federated Department Stores, Inc*., the 9th Circuit considered the

14   question of under what circumstances a district court may require an appellant to include appellate

15   attorney's fees in an appeal bond.  See *Azizian*, 499 F.3d 950.  The *Azizian* court determined that a

16   district court may require an appellant to secure appellate attorney's fees in the appeal bond pursuant

17   to Rule 7 only if an applicable fee shifting statute includes attorney's fees in its definition of recoverable

18   costs.  *Id*. at 953.  In *Azizian*, the district court had ordered appellants to post a $42,000 appeal bond,

19   representing $2,000 in appellate costs under Rule 39 and $40,000 in appellate attorney's fees.  *Id*. at 954.

20   the district court rationalized its inclusion of attorneys fees in the appeal bond by concluding that the

21   Court of Appeal was likely to find the appeal frivolous.  *Id.*  Appellants tendered the $2,000 of the bond

22   allocated to costs under Rule 39, but not the $40,000 allocated to attorney's fees. *Id.*  The 9th Circuit

23   eventually found that the appeal should not be dismissed on the merits because appellants had failed

24   to post the full bond required by the district court.  *Id.* at 954.  In discussing the district court's

25   determination that the Court of Appeal would find the appeal frivolous and therefore award attorney's

26   fees as a sanction under Rule 38, the 9th Circuit stated that "even if we were to conclude that [the

27   appellant's] appeal was frivolous, however, we would reverse the district court's inclusion of appellate

28   attorney's fees on that basis."  *Id*. at 960.  The 9th Circuit held that the district court's inclusion of

1    attorney's fees in the bond on the grounds that the appeal was likely frivolous was improper for three

2    reasons. *Id.* First, because an award of attorney's fees for a frivolous appeal under Rule 38 is very

3    unusual, and it would be difficult for the district court to gauge whether such an award would be likely.

4    *Id.* Second, if the potentially large sums possible under Rule 38 were included in Rule 7 bonds, the

5    effect would be to chill appeals. *Id.* Third, Rule 38 authorizes the award of attorney's fees as a sanction

6    for improper conduct on appeal, and only the court of appeals may order the sanction of appellate

7    attorney's fees. *Id.* The 9th Circuit concluded that "whether, or how, to deter frivolous appeals is best

8    left to the courts of appeals..." *Id.* at 961. Therefore, there is simply no provision for a district court to

9    make an advance determination that an appeal violates Rule 38, much less authority for imposing a

10   bond to include the anticipated damages and sanctions that the circuit court may ultimately determine.

## B. Bondable Costs Do Not Include Attorneys' Fees

12       Apart from their claim that frivolity of the appeal supports a bond for attorneys' fees, Class

13   Plaintiffs suggests that this Court has the authority to include prospective attorneys' fees as items of

14   Rule 7 FRAP costs. In fact, the majority rule among circuit courts, endorsed by the Second, Sixth,

15   Ninth and Eleventh Circuits, is that a district court may include attorneys' fees in a Rule 7 Bond, but

16   **only if** those attorney's fees would be considered recoverable costs under an applicable fee shifting

17   statute. See *Azizian*, 499 F.3d at 958.

18       This Court now has the opportunity to clarify and update its rule regarding Rule 7 bond orders

19   issued by district courts to bring it in line with the majority view: that attorney's fees may only be

20   included in a Rule 7 bond if the underlying "prevailing party" fee shifting provision of a statute includes

21   attorney's fees as recoverable. This Court also has the opportunity to firmly establish appellate court

22   precedence in the determination of whether an appeal is frivolous, in concert with at least three other

23   circuits by holding that the appellate courts are the best forum in which to determine whether an appeal

24   is frivolous, and that district courts have no authority to make peremptory determinations of

25   frivolousness, nor to base bond orders on those predictions. *See Azizian*, 499 F.3d at 960 (9th Cir.

26   2007).

27   . . .

28   . . .

1

**CONCLUSION**

2        As set forth above, there is no legal or factual support for the imposition of a Rule 7 bond that

3    exceeds the actual costs and it is respectfully requested that this Court issue an Order denying Plaintiff

4    Nancy Hall's Motion, or, in the alternative, limiting any bond that this Court will consider to only the

5    actual costs as set forth herein.

6        Respectfully submitted and dated this 4th day of January, 2010.

7                                    **LAW OFFICE OF LISA RASMUSSEN,**

8                                    */s/ Lisa A. Rasmussen*

9                                    _____
                                     LISA A. RASMUSSEN, ESQ.
                                     Nevada Bar No. 7491
10                                   Local Counsel for Jessica Gaona, Objector

11                                   **BANDAS LAW FIRM, P.C.,**

12                                   /s/ *Christopher A. Bandas*

13                                   _____
                                     CHRISTOPHER A. BANDAS, ESQ.
                                     500 N. Shoreline Blvd., Suite 1020
14                                   Corpus Christi, TX 78471
                                     Tel.  (361) 698-5200
15                                   Fax. (361) 698-5222
                                     Cbandas@bandaslawfirm.com
16                                   Counsel for Jessica Gaona, Objector

17

18                                   **LAW OFFICE OF EDWARD F. SIEGEL**

19                                   */s/ Edward F. Siegel*

                                     _____
20                                   EDWARD F. SIEGEL, ESQ.
                                     27600 Chagrin Blvd.
                                     Cleveland, OH 44122
21                                   Telephone: (216) 831-3424
                                     Facsimile: (216) 831-6584
22                                   efiegel@efs-law.com
                                     Counsel for Deborah Maddox, Objector
23

24                                   */s/ John Pentz*

25                                   _____
                                     JOHN PENTZ, ESQ.
                                     2 Clock Tower Place
26                                   Maynard, MA 01754
                                     Telephone: (978) 461-1548
27                                   Clasaxn@earthlink.net
                                     Counsel for Fatima Andrews, Objector

28

COCHRAN & COCHRAN

*/s/ Edward W. Cochran*

EDWARD W. COCHRAN, ESQ.
20030 Marchmont Road
Shaker Heights, OH 44122
Counsel for Stephanie Swift

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Appellants' Jessica Lynn Gaona, Stephanie Swift, Deborah Maddox and Fatima Andrews Joint Response to Plaintiffs' Motion for Bond has been served via CM/ECF upon the following persons:

**Co-Lead Class Counsel**

Robert J. Bonsignore, Esq.               rbonsignore@bandblaw.net

**Co-Lead Class Counsel**

Carolyn Beasley Burton, Esq.             cbeasley@beasleylawgroup.biz

& Counsel for Plaintiff Nancy Hall

**Wal-Mart Class Counsel**

Naomi Beer, Esq.                         beern@gtlaw.com

| | | |
|---|---|---|
| Adriana Contartese | Ann Miller | Arthur Y. Park |
| adriana999@juno.com | am@attorneyannmiller.com | apark@ppyrlaw.com |
| Barbara A. Petrus | Barry M. Klayman | Bernard J. Bobber |
| bpetrus@goodsill.com, | bklayman@cozen.com | bbobber@foley.com |
| Bradd N. Siegel | Bradley D. Bonner | Brendan V. Johnson |
| bsiegel@porterwright.com | brad@bonnerstinsonpc.net | brendan@jhmmj.com |

Response - 6 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Brian Duffy
duffyb@gtlaw.com

Brian C. Buescher
Brian.Buescher@kutakrock.com

Brian W Boschee
bboschee@nevadafirm.com

Carol P LaPlant
carollaplant@msn.com

Carolyn K. Gugelyk
cgugelyk@goodsill.com

Christopher P. Welsh
cwelsh@welsh-law.com

Christopher R. Hedican
chedican@bairdholm.com,

Craig O. Asbill
casbill@carolinalaw.com

Craig W. Hillwig
chillwig@kohnswift.com

Cynthia K. Smith
cks@montanalaw.com

Daniel A. Kaplan
dkaplan@foley.com

Daniel D Ambrose
daniel@ambroselawyers.com

Daniel E. Rausher
danrausher@yahoo.com

Daniel J. Mitchell
dmitchell@bernsteinshur.com

David L. Young
youngd@lanepowell.com

Deena Jo Schneider
dschneider@schnader.com

Dirk A Ravenholt

lawdirk@aol.com

Don V. Huynh
dhuynh@ppyrlaw.com

Donald S Goldbloom
goldbloomlaw@verizon.net

Edmund K. Saffery
esaffery@goodsill.com

Edward F Siegel

efsiegel@efs-law.com

Ellen E. Boshkoff
ellen.boshkoff@bakerd.com

Ellen T. Noteware
enoteware@bm.net

Eric J Pelton
epelton@kohp.com

F. Thomas Edwards
tedwards@nevadafirm.com

Franklin D Azar
kingm@fdazar.com

Fred Schultz
fschultz@kiva.net

Gary R. Scott
gscott@hirstapplegate.com

Gary S. Nitsche
gnitsche@attys4u.com

George Cournty French
cfrench@fpflaw.com

Gerald L. Bader, Jr.
gbader@bader-associates.com

Glen W. Neeley
glneeley@yahoo.com

Gregory F. Greiner
greg_greiner@msn.com

Ivy L Frignoca
ifrignoca@lambertcoffin.com

J. Thomas Henretta
jth@henrettalaw.com

James E Whitmire, III
jwhitmire@nevadafirm.com

Response - 7 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

James F Bennett
jbennett@dowdbennett.com

James M Mullis , Jr
dholloway@mullislawfirm.com

James R. Welsh
jwelsh@welsh-law.com

Jay A. Urban
jurban@wisconsininjury.com

Jeffrey S. Beck
jeffrey.beck@bakerd.com

Jeremy Cave
cavej@fdazar.com

Jill P. Telfer
jilltelfer@yahoo.com

Jim Odell Stuckey , II
jstuckey@littler.com

John Pentz
Clasaxn@earthlink.net

John C. McLaren
john@ppyrlaw.com

John J Rausch
rauschlawfirm@dybb.com

Joseph C. Kohn
jkohn@kohnswift.com

Kathleen W. Toth
ktoth@mc2b.com

Kent Hirsch
kent@hirschlawfirm.com

Kurt D. Williams
kwilliams@bowse-law.com

Lanny H. Darr , II
ldarr@sbkdlaw.com

Laurence William Stinson
laurence@bonnerstinsonpc.net

Laurent J. Remillard , Jr
lremillard@ppyrlaw.com

Lawrence J Sorohan , II
lsorohan@laborlawyers.com

Lee Bruner

lee@prrlaw.com

Lindsay Ann Eckes
leckes@hirstapplegate.com

Marcia A. Washkuhn
Marcia.Washkuhn@kutarock.com

Maria B Glorioso
maria@gtorts.com

Mark A Tate
mtate@cartertatelaw.com

Mark C. Choate
markcchoate@yahoo.com

Mary K. Schug
schugm@lanepowell.com

Matthew T. Tobin
matt@sdtrustco.com

Melissa Carol Hinton
mhinton@dehs.com

Michael Reiss
mikereiss@dwt.com

Michael J. Killeen
mikekilleen@dwt.com

Mike J. Miller
mjm@solberglaw.com

Nathan R. Long
nate@echohawk.com

Pamela R. Mullis
prmullis@mullislawfirm.com

Response - 8 -

Paul Blankenstein
pblankenstein@gibsondunn.com

Paul Alexis Del Aguila
delaguilap@gtlaw.com

Paul C. EchoHawk
paul@echohawk.com

R. Deryl Edwards , Jr
rde417@hotmail.com

Richard P Batesky , Jr
rpbatesky@aol.com

Robert Carl Jarosh
rjarosh@hirstapplegate.com

Robert K. McCalla
rmccalla@laborlawyers.com

Robert W Mills
rwm@millslawfirm.com

Roberto Antonio Lange
rlange@dehs.com

Rodney P. Bridgers
Bridgersr@fdazar.com

Ronald Kilgard
rkilgard@kellerrohrback.com

Rudy A. Englund
englundr@lanepowell.com

Sammi V. Anderson
sanderson@mc2b.com

Samuel K. Rudman
srudman@lambertcoffin.com

Stacey E. Tjon
set@solberglaw.com

Stephen M Smith
ssmith@braininjurylawcenter.com

Susan Brunick Simons
ssimons@dehs.com

Thomas A Nicholas , III
tnicholas@hirstapplegate.com

Thomas Henry Johnson
thjatty@windstream.net

Thomas J. Kenny
thomas.kenny@kutakrock.com

Todd S. Collins
tcollins@bm.net

Tonya L Melnichenko
melnichenkot@fdazar.com

Troy N Giatras
troy@thewvlawfirm.com

Vincent J Glorioso , III
trey@gtorts.com

Vincent J Glorioso , Jr
lawclerk@gtorts.com

Wayne D. Parsons
mdodge@alohano.com

William J. Kilberg
wkilberg@gibsondunn.com

*/s/ Lisa A. Rasmussen*

_____

Lisa A. Rasmussen, Esq.