1   LISA A. RASMUSSEN, ESQ.
    Nevada Bar No. 007491
2   California Bar No. 207026
    **LAW OFFICE OF LISA RASMUSSEN, ESQ.**
3   616 South 8th Street
    Las Vegas, NV 89101
4   Tel.  (702) 471-6565
    Fax. (702) 471-6540
5   Lisa@LRasmussenLaw.com
    Local Counsel for Jessica Gaona, Objector
6
    EDWARD F. SIEGEL
7   Law Office of Edward F. Siegel
    27600 Chagrin Blvd.
8   Cleveland, OH 44122
    Tel. (216) 831-3424
9   Fax. (216) 831-6584
    efiegel@efs-law.com
10  Counsel for Deborah Maddox, Objector

11  JOHN PENTZ
    2 Clock Tower Place
12  Maynard, MA 01754
    Tel. (978) 461-1548
13  Clasaxn@earthlink.net
    Counsel for Fatima Andrews, Objector
14
    Edward W. Cochran
15  Cochran & Cochran
    20030 Marchmont Road
16  Shaker Heights, OH 44122
    Counsel for Stephanie Swift, Objector
17

18                   **UNITED STATES DISTRICT COURT**
19                        **DISTRICT OF NEVADA**
20

21  | In Re: | MDL - 1735 |
22  | | |
    | WAL-MART Wage and Hour | 02:06-cv-225 PMP (PAL) |
23  | Employment Practices Litigation | |
    | _____ | **APPELLANTS JESSICA GAONA,** |
24  | | **STEPHANIE SWIFT, DEBORAH** |
    | THIS DOCUMENT RELATES TO: | **MADDOX AND FATIMA** |
25  | | **ANDREWS' JOINT RESPONSE TO** |
    | All Cases. | **WAL-MART'S MOTION FOR BOND** |
26  | | **FOR APPEAL** |
    | | **(C.R. # 539)** |
27

28          COME NOW Objectors JESSICA GAONA, by and through her counsel, Lisa A.

    Rasmussen, Esq., and Christopher A. Bandas, Esq.; STEPHANIE SWIFT, by and through

                                                                        Response

her counsel, Edward W. Cochran, Esq.; DEBORAH MADDOX, by and through her

counsel, Edward F. Siegel Esq.; and FATIMA ANDREWS, by and through her counsel,

John Pentz, Esq., and hereby submit their Joint Response to Wal-Mart's Motion for Bond

For Appeal and its related document docket number 539.

### RESPONSE IN OPPOSITION TO WAL-MART'S MOTION

Wal-Mart seeks an appeal bond under Rule 7 FRAP.  Specifically, it states, "Wal-Mart believes

the amount of the appeal bond requested by Plaintiffs in their motion to request objectors to post appeal

bond is appropriate." (Wal-Mart's Motion at p. 4).  This, this response in opposition will simply repeat

the arguments in opposition to Class Plaintiffs.  As explained in Response to Class Plaintiffs' Motion

for Bond,  $715,000 or $990,000 sought by class counsel are not for costs.  Class Plaintiffs' claimed

bond costs items are not bondable on appeal under the facts of this case.  Under Rule 7 FRAP, a bond

cannot include attorneys' fees or administrative costs.  Objectors/Appellants' objections to the settlement

and Class Counsel's attorneys' fees, and their appeal from the order overruling their objections to the

settlement and class counsel's fees, are facially not frivolous and their appeal is highly unlikely to be

declared so by the appellate panel.

It is clear that Class Counsel is seeking a $715,000 or $990,000 bond in an attempt to stifle

objectors' appeal from this court's approval of the settlement and their attorneys' fees.  That is not a

proper use of the rules relating to bonding, and the Court should not allow it pursuant to Rule 7 FRAP.

Class Plaintiffs' are entitled to a bond for the actual costs explicitly taxable pursuant to in Rule 39

FRAP, but not anything more.

### A. Neither the Objections to Attorney Fees Nor the Appeals Are Frivolous

The overarching theme of Class Plaintiffs' request for $715,000 or $990,00 bond in this case is

that Objectors/Appellants' objection to the settlement and class counsel's fees are frivolous, and that

Objectors/Appellants counsel are "professional objectors"[1] who pursue objections for improper

purposes.

---

[1] Although class counsel may prefer pro se objectors, or objectors counsel with no experience in class actions, due
process, assures objectors the right to professional representation.

First, an appeal is frivolous if "the result is obvious or if the claims of error are wholly without merit." *DeWitt v. Western Pacific Railroad Co*., 719 F.2d 1448, 1451 (9th Cir. 1983).  The fact that there is a body of federal jurisprudence regarding attorney's fees shows reasonable people often differ on this issue.  28 U.S.C. Section 1927, which might support a bond for "vexatious litigation conduct," is inapplicable to this appeal as it requires "bad faith or intentional misconduct by counsel."  Although the imposition of attorney's fees on appeal as a sanction is allowed under Rule 38, it is only available after the appeals court finds the appeal frivolous, and only upon further motion and hearing.  10 Wright, Miller & Kane, Federal Practice & Procedure, §2675; 2675.2 (2001); see also *Azizian v. Federated Department Stores, Inc*., 499 F.3d 950, 960 (9th Cir. 2007).

It is well established that whether an appeal is frivolous is solely within the purview of the appellate court, not the district court.  *Vaughn v. American Honda Motor Co., Inc.*, 507 F.3d 295, 299 (5th Cir. 2007); *Cooter & Gell v. Hartmax Corp*., 496 U.S. 384, 407 (1990); *In re American President Lines, Inc*., 779 F.2d 714, 717 (D.C. Cir 1985).  Only the appellate court has the authority to impose sanctions for a frivolous appeal, *Aizian*, 499 F.3d at 960; *In re Vasseli*, 5 F.3d 351, 353 (9th Cir 1993) citing *In re American President Lines, Inc.* 779 F.2d 714, 717 (D.C. Cir. 1985).

In the case of *Azizian v. Federated Department Stores, Inc*., the 9th Circuit considered the question of under what circumstances a district court may require an appellant to include appellate attorney's fees in an appeal bond.  See *Azizian*, 499 F.3d 950.  The *Azizian* court determined that a district court may require an appellant to secure appellate attorney's fees in the appeal bond pursuant to Rule 7 only if an applicable fee shifting statute includes attorney's fees in its definition of recoverable costs.  *Id*. at 953.  In *Azizian*, the district court had ordered appellants to post a $42,000 appeal bond, representing $2,000 in appellate costs under Rule 39 and $40,000 in appellate attorney's fees.  *Id*. at 954.  the district court rationalized its inclusion of attorneys fees in the appeal bond by concluding that the Court of Appeal was likely to find the appeal frivolous.  *Id*.  Appellants tendered the $2,000 of the bond allocated to costs under Rule 39, but not the $40,000 allocated to attorney's fees.  *Id*.  The 9th Circuit eventually found that the appeal should not be dismissed on the merits because appellants had failed to post the full bond required by the district court.  *Id*. at 954.  In discussing the district court's determination that the Court of Appeal would find the appeal frivolous and therefore award attorney's

1    fees as a sanction under Rule 38, the 9th Circuit stated that "even if we were to conclude that [the

2    appellant's] appeal was frivolous, however, we would reverse the district court's inclusion of appellate

3    attorney's fees on that basis." *Id*. at 960.   The 9th Circuit held that the district court's inclusion of

4    attorney's fees in the bond on the grounds that the appeal was likely frivolous was improper for three

5    reasons. *Id.*  First, because an award of attorney's fees for a frivolous appeal under Rule 38 is very

6    unusual, and it would be difficult for the district court to gauge whether such an award would be likely.

7    *Id.*  Second, if the potentially large sums possible under Rule 38 were included in Rule 7 bonds, the

8    effect would be to chill appeals. *Id.*  Third, Rule 38 authorizes the award of attorney's fees as a sanction

9    for improper conduct on appeal, and only the court of appeals may order the sanction of appellate

10   attorney's fees. *Id.*  The 9th Circuit concluded that "whether, or how, to deter frivolous appeals is best

11   left to the courts of appeals..." *Id.* at 961.  Therefore, there is simply no provision for a district court to

12   make an advance determination that an appeal violates Rule 38, much less authority for imposing a

13   bond to include the anticipated damages and sanctions that the circuit court may ultimately determine.

14                          **B.  <u>Bondable Costs Do Not Include Attorneys' Fees</u>**

15         Apart from their claim that frivolity of the appeal supports a bond for attorneys' fees, Class

16   Plaintiffs suggests that this Court has the authority to include prospective attorneys' fees as items of

17   Rule 7 FRAP costs.  In fact, the majority rule among circuit courts, endorsed by the Second, Sixth,

18   Ninth and Eleventh Circuits, is that a district court may include attorneys' fees in a Rule 7 Bond, but

19   **only if** those attorney's fees would be considered recoverable costs under an applicable fee shifting

20   statute.  See *Azizian*, 499 F.3d at 958.

21         This Court now has the opportunity to clarify and update its rule regarding Rule 7 bond orders

22   issued by district courts to bring it in line with the majority view: that attorney's fees may only be

23   included in a Rule 7 bond if the underlying "prevailing party" fee shifting provision of a statute includes

24   attorney's fees as recoverable.  This Court also has the opportunity to firmly establish appellate court

25   precedence in the determination of whether an appeal is frivolous, in concert with at least three other

26   circuits by holding that the appellate courts are the best forum in which to determine whether an appeal

27   is frivolous, and that district courts have no authority to make peremptory determinations of

28

1    frivolousness, nor to base bond orders on those predictions.  *See Azizian*, 499 F.3d at 960 (9th Cir.

2    2007).

3

4                                      **CONCLUSION**

5              As set forth above, there is no legal or factual support for the imposition of a Rule 7 bond that

6    exceeds the actual costs and it is respectfully requested that this Court issue an Order denying Plaintiff

7    Nancy Hall's Motion, or, in the alternative, limiting any bond that this Court will consider to only the

8    actual costs as set forth herein.

9              Respectfully submitted and dated this 8th day of January, 2010.

10                                             LAW OFFICE OF LISA RASMUSSEN,

11                                                  */s/ Lisa A. Rasmussen*

12                                             _____
                                               LISA A. RASMUSSEN, ESQ.
                                               Nevada Bar No. 7491
13                                             Local Counsel for Jessica Gaona, Objector

14                                             BANDAS LAW FIRM, P.C.,

15                                                  */s/ Christopher A. Bandas*

16                                             _____
                                               CHRISTOPHER A. BANDAS, ESQ.
                                               500 N. Shoreline Blvd., Suite 1020
17                                             Corpus Christi, TX 78471
                                               Tel.  (361) 698-5200
18                                             Fax. (361) 698-5222
                                               Cbandas@bandaslawfirm.com
19                                             Counsel for Jessica Gaona, Objector

20

21                                             LAW OFFICE OF EDWARD F. SIEGEL

22                                                  */s/ Edward F. Siegel*

23                                             _____
                                               EDWARD F. SIEGEL, ESQ.
                                               27600 Chagrin Blvd.
24                                             Cleveland, OH 44122
                                               Telephone: (216) 831-3424
25                                             Facsimile: (216) 831-6584
                                               efiegel@efs-law.com
26                                             Counsel for Deborah Maddox, Objector

27                                                  */s/ John Pentz*

28                                             _____
                                               JOHN PENTZ, ESQ.
                                               2 Clock Tower Place

                                                                         Response - 5 -

Maynard, MA 01754
Telephone: (978) 461-1548
Clasaxn@earthlink.net
Counsel for Fatima Andrews, Objector

COCHRAN & COCHRAN

/s/ Edward W. Cochran
_____
EDWARD W. COCHRAN, ESQ.
20030 Marchmont Road
Shaker Heights, OH 44122
Counsel for Stephanie Swift

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Appellants' Jessica Lynn Gaona, Stephanie Swift, Deborah Maddox and Fatima Andrews Joint Response to Plaintiffs' Motion for Bond has been served via CM/ECF upon the following persons, on this 8th day of January, 2010:

**Co-Lead Class Counsel**

Robert J. Bonsignore, Esq.                    rbonsignore@bandblaw.net


**Co-Lead Class Counsel**

Carolyn Beasley Burton, Esq.            cbeasley@beasleylawgroup.biz
& Counsel for Plaintiff Nancy Hall


**Wal-Mart Class Counsel**

Naomi Beer, Esq.                         beern@gtlaw.com


| Adriana Contartese | Ann Miller | Arthur Y. Park |
|---|---|---|
| adriana999@juno.com | am@attorneyannmiller.com | apark@ppyrlaw.com |
| Barbara A. Petrus | Barry M. Klayman | Bernard J. Bobber |
| bpetrus@goodsill.com, | bklayman@cozen.com | bbobber@foley.com |

Response - 6 -

1
2

Bradd N. Siegel
bsiegel@porterwright.com

Bradley D. Bonner
brad@bonnerstinsonpc.net

Brendan V. Johnson
brendan@jhmmj.com

3
4
5

Brian Duffy
duffyb@gtlaw.com

Brian C. Buescher
Brian.Buescher@kutakrock.com

Brian W Boschee
bboschee@nevadafirm.com

6
7

Carol P LaPlant
carollaplant@msn.com

Carolyn K. Gugelyk
cgugelyk@goodsill.com

Christopher P. Welsh
cwelsh@welsh-law.com

8
9

Christopher R. Hedican
chedican@bairdholm.com,

Craig O. Asbill
casbill@carolinalaw.com

Craig W. Hillwig
chillwig@kohnswift.com

10
11
12

Cynthia K. Smith
cks@montanalaw.com

Daniel A. Kaplan
dkaplan@foley.com

Daniel D Ambrose
daniel@ambroselawyers.com

13
14

Daniel E. Rausher
danrausher@yahoo.com

Daniel J. Mitchell
dmitchell@bernsteinshur.com

David L. Young
youngd@lanepowell.com

15
16

Deena Jo Schneider
dschneider@schnader.com

Dirk A Ravenholt

lawdirk@aol.com

Don V. Huynh
dhuynh@ppyrlaw.com

17
18
19

Donald S Goldbloom
goldbloomlaw@verizon.net

Edmund K. Saffery
esaffery@goodsill.com

Edward F Siegel

efsiegel@efs-law.com

20

Ellen E. Boshkoff
ellen.boshkoff@bakerd.com

Ellen T. Noteware
enoteware@bm.net

Eric J Pelton
epelton@kohp.com

21
22

F. Thomas Edwards
tedwards@nevadafirm.com

Franklin D Azar
kingm@fdazar.com

Fred Schultz
fschultz@kiva.net

23
24
25

Gary R. Scott
gscott@hirstapplegate.com

Gary S. Nitsche
gnitsche@attys4u.com

George Cournty French
cfrench@fpflaw.com

26
27

Gerald L. Bader, Jr.
gbader@bader-associates.com

Glen W. Neeley
glneeley@yahoo.com

Gregory F. Greiner
greg_greiner@msn.com

28

Ivy L Frignoca
ifrignoca@lambertcoffin.com

J. Thomas Henretta
jth@henrettalaw.com

James E Whitmire, III
jwhitmire@nevadafirm.com

James F Bennett
jbennett@dowdbennett.com

James M Mullis , Jr
dholloway@mullislawfirm.com

James R. Welsh
jwelsh@welsh-law.com

Jay A. Urban
jurban@wisconsininjury.com

Jeffrey S. Beck
jeffrey.beck@bakerd.com

Jeremy Cave
cavej@fdazar.com

Jill P. Telfer
jilltelfer@yahoo.com

Jim Odell Stuckey , II
jstuckey@littler.com

John Pentz
Clasaxn@earthlink.net

John C. McLaren
john@ppyrlaw.com

John J Rausch
rauschlawfirm@dybb.com

Joseph C. Kohn
jkohn@kohnswift.com

Kathleen W. Toth
ktoth@mc2b.com

Kent Hirsch
kent@hirschlawfirm.com

Kurt D. Williams
kwilliams@bowse-law.com

Lanny H. Darr , II
ldarr@sbkdlaw.com

Laurence William Stinson
laurence@bonnerstinsonpc.net

Laurent J. Remillard , Jr
lremillard@ppyrlaw.com

Lawrence J Sorohan , II
lsorohan@laborlawyers.com

Lee Bruner

lee@prrlaw.com

Lindsay Ann Eckes
leckes@hirstapplegate.com

Marcia A. Washkuhn
Marcia.Washkuhn@kutarock.com

Maria B Glorioso
maria@gtorts.com

Mark A Tate
mtate@cartertatelaw.com

Mark C. Choate
markcchoate@yahoo.com

Mary K. Schug
schugm@lanepowell.com

Matthew T. Tobin
matt@sdtrustco.com

Melissa Carol Hinton
mhinton@dehs.com

Michael Reiss
mikereiss@dwt.com

Michael J. Killeen
mikekilleen@dwt.com

Mike J. Miller
mjm@solberglaw.com

Nathan R. Long
nate@echohawk.com

Pamela R. Mullis
prmullis@mullislawfirm.com

Response - 8 -

Paul Blankenstein
pblankenstein@gibsondunn.com

Paul Alexis Del Aguila
delaguilap@gtlaw.com

Paul C. EchoHawk
paul@echohawk.com

R. Deryl Edwards , Jr
rde417@hotmail.com

Richard P Batesky , Jr
rpbatesky@aol.com

Robert Carl Jarosh
rjarosh@hirstapplegate.com

Robert K. McCalla
rmccalla@laborlawyers.com

Robert W Mills
rwm@millslawfirm.com

Roberto Antonio Lange
rlange@dehs.com

Rodney P. Bridgers
Bridgersr@fdazar.com

Ronald Kilgard
rkilgard@kellerrohrback.com

Rudy A. Englund
englundr@lanepowell.com

Sammi V. Anderson
sanderson@mc2b.com

Samuel K. Rudman
srudman@lambertcoffin.com

Stacey E. Tjon
set@solberglaw.com

Stephen M Smith
ssmith@braininjurylawcenter.com

Susan Brunick Simons
ssimons@dehs.com

Thomas A Nicholas , III
tnicholas@hirstapplegate.com

Thomas Henry Johnson
thjatty@windstream.net

Thomas J. Kenny
thomas.kenny@kutakrock.com

Todd S. Collins
tcollins@bm.net

Tonya L Melnichenko
melnichenkot@fdazar.com

Troy N Giatras
troy@thewvlawfirm.com

Vincent J Glorioso , III
trey@gtorts.com

Vincent J Glorioso , Jr
lawclerk@gtorts.com

Wayne D. Parsons
mdodge@alohano.com

William J. Kilberg
wkilberg@gibsondunn.com

*/s/ Lisa A. Rasmussen*

_____

Lisa A. Rasmussen, Esq.

Response - 9 -