LISA A. RASMUSSEN, ESQ.
Nevada Bar No. 007491
California Bar No. 207026
**LAW OFFICE OF LISA RASMUSSEN, ESQ.**
616 South 8th Street
Las Vegas, NV 89101
Tel. (702) 471-6565
Fax. (702) 471-6540
Lisa@LRasmussenLaw.com
Local Counsel for Jessica Gaona, Objector

EDWARD F. SIEGEL
Law Office of Edward F. Siegel
27600 Chagrin Blvd.
Cleveland, OH 44122
Tel. (216) 831-3424
Fax. (216) 831-6584
efiegel@efs-law.com
Counsel for Deborah Maddox, Objector

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In Re:<br><br>WAL-MART Wage and Hour<br>Employment Practices Litigation<br>_____<br><br>THIS DOCUMENT RELATES TO:<br><br>All Cases. | MDL - 1735<br><br>02:06-cv-225 PMP (PAL)<br><br>**APPELLANTS JESSICA GAONA AND DEBORAH MADDOX' JOINT RESPONSE TO CLASS COUNSEL'S MOTION FOR BOND FOR APPEAL (C.R. # 541, 542, 543, 544, 545, 546 and 549, 550, 551, 552, 553, 554)** |

COME NOW Objectors JESSICA GAONA, by and through her counsel, Lisa A. Rasmussen, Esq., and Christopher A. Bandas, Esq.; and DEBORAH MADDOX, by and through her counsel, Edward F. Siegel Esq.; and hereby submit their Joint Response to Class Counsel's Motions for Bond For Appeal and their related document documents. (*See* C.R. #'s 541, 542, 543, 544, 545 and 546 as to Jessica Gaona; and C.R. #'s 549, 550, 551, 552, 553 and 554 as to Deborah Maddox.)

. . .

. . .

## RESPONSE IN OPPOSITION TO WAL-MART'S MOTION

Class Counsel for the Plaintiffs seeks an appeal bond from Objectors Jessica Gaona and Deborah Maddox under Rule 7 FRAP. The Motion is essentially duplicative of the request made by Plaintiff Nancy Hall. The parties herein have already filed their Response to Plaintiff Nancy Hall's Motion, incorporated herein by this reference. (*See* C.R.#556.) Specifically, class counsel requests bond in the amount of approximately $608,000 from Gaona and bond in the amount of approximately $610,000 from Maddox. (*See* C.R. #542 at page 1, and #550 at page 1.) This, this response in opposition will simply repeat the arguments in opposition to Class Plaintiffs. As explained in Response to Class Plaintiff Nancy Hall's Motion for Bond, $715,000 or $990,000 sought by class counsel are not for costs. Class Plaintiffs' request here is essentially duplicative, though the amounts vary somewhat. Nevertheless, the claimed bond costs items are not bondable on appeal under the facts of this case. Under Rule 7 FRAP, a bond cannot include attorneys' fees or administrative costs. Objectors/Appellants' objections to the settlement and Class Counsel's attorneys' fees, and their appeal from the order overruling their objections to the settlement and class counsel's fees, are facially not frivolous and their appeal is highly unlikely to be declared so by the appellate panel.

It is clear that Class Counsel is seeking bonds in excess of $600,000 in an attempt to stifle objectors' appeal from this court's approval of the settlement and their attorneys' fees. That is not a proper use of the rules relating to bonding, and the Court should not allow it pursuant to Rule 7 FRAP. Class Plaintiffs' are entitled to a bond for the actual costs explicitly taxable pursuant to in Rule 39 FRAP, but not anything more.

### A. Neither the Objections to Attorney Fees Nor the Appeals Are Frivolous

The overarching theme of Class Plaintiffs' request for the bonds in this case is that Objectors/Appellants' objection to the settlement and class counsel's fees are frivolous, and that Objectors/Appellants counsel are "professional objectors"[1] who pursue objections for improper purposes.

---

[1] Although class counsel may prefer pro se objectors, or objectors counsel with no experience in class actions, due process, assures objectors the right to professional representation.

Response - 2 -

First, an appeal is frivolous if "the result is obvious or if the claims of error are wholly without merit." *DeWitt v. Western Pacific Railroad Co.*, 719 F.2d 1448, 1451 (9th Cir. 1983). The fact that there is a body of federal jurisprudence regarding attorney's fees shows reasonable people often differ on this issue. 28 U.S.C. Section 1927, which might support a bond for "vexatious litigation conduct," is inapplicable to this appeal as it requires "bad faith or intentional misconduct by counsel." Although the imposition of attorney's fees on appeal as a sanction is allowed under Rule 38, it is only available after the appeals court finds the appeal frivolous, and only upon further motion and hearing. 10 Wright, Miller & Kane, Federal Practice & Procedure, §2675; 2675.2 (2001); see also *Azizian v. Federated Department Stores, Inc.*, 499 F.3d 950, 960 (9th Cir. 2007).

It is well established that whether an appeal is frivolous is solely within the purview of the appellate court, not the district court. *Vaughn v. American Honda Motor Co., Inc.*, 507 F.3d 295, 299 (5th Cir. 2007); *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 407 (1990); *In re American President Lines, Inc.*, 779 F.2d 714, 717 (D.C. Cir 1985). Only the appellate court has the authority to impose sanctions for a frivolous appeal, *Aizian*, 499 F.3d at 960; *In re Vasseli*, 5 F.3d 351, 353 (9th Cir 1993) citing *In re American President Lines, Inc.* 779 F.2d 714, 717 (D.C. Cir. 1985).

In the case of *Azizian v. Federated Department Stores, Inc.*, the 9th Circuit considered the question of under what circumstances a district court may require an appellant to include appellate attorney's fees in an appeal bond. See *Azizian*, 499 F.3d 950. The *Azizian* court determined that a district court may require an appellant to secure appellate attorney's fees in the appeal bond pursuant to Rule 7 only if an applicable fee shifting statute includes attorney's fees in its definition of recoverable costs. *Id*. at 953. In *Azizian*, the district court had ordered appellants to post a $42,000 appeal bond, representing $2,000 in appellate costs under Rule 39 and $40,000 in appellate attorney's fees. *Id*. at 954. the district court rationalized its inclusion of attorneys fees in the appeal bond by concluding that the Court of Appeal was likely to find the appeal frivolous. *Id.* Appellants tendered the $2,000 of the bond allocated to costs under Rule 39, but not the $40,000 allocated to attorney's fees. *Id.* The 9th Circuit eventually found that the appeal should not be dismissed on the merits because appellants had failed to post the full bond required by the district court. *Id.* at 954. In discussing the district court's determination that the Court of Appeal would find the appeal frivolous and therefore award attorney's

fees as a sanction under Rule 38, the 9th Circuit stated that "even if we were to conclude that [the appellant's] appeal was frivolous, however, we would reverse the district court's inclusion of appellate attorney's fees on that basis." *Id*. at 960. The 9th Circuit held that the district court's inclusion of attorney's fees in the bond on the grounds that the appeal was likely frivolous was improper for three reasons. *Id*. First, because an award of attorney's fees for a frivolous appeal under Rule 38 is very unusual, and it would be difficult for the district court to gauge whether such an award would be likely. *Id*. Second, if the potentially large sums possible under Rule 38 were included in Rule 7 bonds, the effect would be to chill appeals. *Id*. Third, Rule 38 authorizes the award of attorney's fees as a sanction for improper conduct on appeal, and only the court of appeals may order the sanction of appellate attorney's fees. *Id*. The 9th Circuit concluded that "whether, or how, to deter frivolous appeals is best left to the courts of appeals..." *Id.* at 961. Therefore, there is simply no provision for a district court to make an advance determination that an appeal violates Rule 38, much less authority for imposing a bond to include the anticipated damages and sanctions that the circuit court may ultimately determine.

### B. Bondable Costs Do Not Include Attorneys' Fees

Apart from their claim that frivolity of the appeal supports a bond for attorneys' fees, Class Plaintiffs suggests that this Court has the authority to include prospective attorneys' fees as items of Rule 7 FRAP costs. In fact, the majority rule among circuit courts, endorsed by the Second, Sixth, Ninth and Eleventh Circuits, is that a district court may include attorneys' fees in a Rule 7 Bond, but **only if** those attorney's fees would be considered recoverable costs under an applicable fee shifting statute. See *Azizian*, 499 F.3d at 958.

This Court now has the opportunity to clarify and update its rule regarding Rule 7 bond orders issued by district courts to bring it in line with the majority view: that attorney's fees may only be included in a Rule 7 bond if the underlying "prevailing party" fee shifting provision of a statute includes attorney's fees as recoverable. This Court also has the opportunity to firmly establish appellate court precedence in the determination of whether an appeal is frivolous, in concert with at least three other circuits by holding that the appellate courts are the best forum in which to determine whether an appeal is frivolous, and that district courts have no authority to make peremptory determinations of

frivolousness, nor to base bond orders on those predictions. *See Azizian*, 499 F.3d at 960 (9th Cir. 2007).

## CONCLUSION

As set forth above, there is no legal or factual support for the imposition of a Rule 7 bond that exceeds the actual costs and it is respectfully requested that this Court issue an Order denying Class Plaintiffs' Motion for Bond for Appeal, or, in the alternative, limiting any bond that this Court will consider to only the reasonable actual/projected costs permitted.

Respectfully submitted and dated this 8th day of January, 2010.

**LAW OFFICE OF LISA RASMUSSEN,**

*/s/ Lisa A. Rasmussen*

_____
LISA A. RASMUSSEN, ESQ.
Nevada Bar No. 7491
Local Counsel for Jessica Gaona, Objector

**BANDAS LAW FIRM, P.C.**,

/s/ *Christopher A. Bandas*

_____
CHRISTOPHER A. BANDAS, ESQ.
500 N. Shoreline Blvd., Suite 1020
Corpus Christi, TX 78471
Tel. (361) 698-5200
Fax. (361) 698-5222
Cbandas@bandaslawfirm.com
Counsel for Jessica Gaona, Objector

**LAW OFFICE OF EDWARD F. SIEGEL**

*/s/ Edward F. Siegel*

_____
EDWARD F. SIEGEL, ESQ.
27600 Chagrin Blvd.
Cleveland, OH 44122
Telephone: (216) 831-3424
Facsimile: (216) 831-6584
efiegel@efs-law.com
Counsel for Deborah Maddox, Objector

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of Appellants' Jessica Lynn Gaona and Deborah Maddox' Joint Response to Plaintiffs' Motion for Bond has been served via CM/ECF upon the following persons, on this 8th day of January, 2010:

**Co-Lead Class Counsel**

Robert J. Bonsignore, Esq.        rbonsignore@bandblaw.net

**Co-Lead Class Counsel**

Carolyn Beasley Burton, Esq.      cbeasley@beasleylawgroup.biz
& Counsel for Plaintiff Nancy Hall

**Wal-Mart Class Counsel**

Naomi Beer, Esq.                  beern@gtlaw.com

| | | |
|---|---|---|
| Adriana Contartese<br>adriana999@juno.com | Ann Miller<br>am@attorneyannmiller.com | Arthur Y. Park<br>apark@ppyrlaw.com |
| Barbara A. Petrus<br>bpetrus@goodsill.com, | Barry M. Klayman<br>bklayman@cozen.com | Bernard J. Bobber<br>bbobber@foley.com |
| Bradd N. Siegel<br>bsiegel@porterwright.com | Bradley D. Bonner<br>brad@bonnerstinsonpc.net | Brendan V. Johnson<br>brendan@jhmmj.com |
| Brian Duffy<br>duffyb@gtlaw.com | Brian C. Buescher<br>Brian.Buescher@kutakrock.com | Brian W Boschee<br>bboschee@nevadafirm.com |
| Carol P LaPlant<br>carollaplant@msn.com | Carolyn K. Gugelyk<br>cgugelyk@goodsill.com | Christopher P. Welsh<br>cwelsh@welsh-law.com |
| Christopher R. Hedican<br>chedican@bairdholm.com, | Craig O. Asbill<br>casbill@carolinalaw.com | Craig W. Hillwig<br>chillwig@kohnswift.com |

| | | |
|---|---|---|
| Cynthia K. Smith<br>cks@montanalaw.com | Daniel A. Kaplan<br>dkaplan@foley.com | Daniel D Ambrose<br>daniel@ambroselawyers.com |
| Daniel E. Rausher<br>danrausher@yahoo.com | Daniel J. Mitchell<br>dmitchell@bernsteinshur.com | David L. Young<br>youngd@lanepowell.com |
| Deena Jo Schneider<br>dschneider@schnader.com | Dirk A Ravenholt<br>lawdirk@aol.com | Don V. Huynh<br>dhuynh@ppyrlaw.com |
| Donald S Goldbloom<br>goldbloomlaw@verizon.net | Edmund K. Saffery<br>esaffery@goodsill.com | Edward F Siegel<br>efsiegel@efs-law.com |
| Ellen E. Boshkoff<br>ellen.boshkoff@bakerd.com | Ellen T. Noteware<br>enoteware@bm.net | Eric J Pelton<br>epelton@kohp.com |
| F. Thomas Edwards<br>tedwards@nevadafirm.com | Franklin D Azar<br>kingm@fdazar.com | Fred Schultz<br>fschultz@kiva.net |
| Gary R. Scott<br>gscott@hirstapplegate.com | Gary S. Nitsche<br>gnitsche@attys4u.com | George Cournty French<br>cfrench@fpflaw.com |
| Gerald L. Bader, Jr.<br>gbader@bader-associates.com | Glen W. Neeley<br>glneeley@yahoo.com | Gregory F. Greiner<br>greg_greiner@msn.com |
| Ivy L Frignoca<br>ifrignoca@lambertcoffin.com | J. Thomas Henretta<br>jth@henrettalaw.com | James E Whitmire, III<br>jwhitmire@nevadafirm.com |
| James F Bennett<br>jbennett@dowdbennett.com | James M Mullis, Jr<br>dholloway@mullislawfirm.com | James R. Welsh<br>jwelsh@welsh-law.com |
| Jay A. Urban<br>jurban@wisconsininjury.com | Jeffrey S. Beck<br>jeffrey.beck@bakerd.com | Jeremy Cave<br>cavej@fdazar.com |
| Jill P. Telfer<br>jilltelfer@yahoo.com | Jim Odell Stuckey, II<br>jstuckey@littler.com | John Pentz<br>Clasaxn@earthlink.net |

| | | |
|---|---|---|
| John C. McLaren<br>john@ppyrlaw.com | John J Rausch<br>rauschlawfirm@dybb.com | Joseph C. Kohn<br>jkohn@kohnswift.com |
| Kathleen W. Toth<br>ktoth@mc2b.com | Kent Hirsch<br>kent@hirschlawfirm.com | Kurt D. Williams<br>kwilliams@bowse-law.com |
| Lanny H. Darr , II<br>ldarr@sbkdlaw.com | Laurence William Stinson<br>laurence@bonnerstinsonpc.net | Laurent J. Remillard , Jr<br>lremillard@ppyrlaw.com |
| Lawrence J Sorohan , II<br>lsorohan@laborlawyers.com | Lee Bruner<br>lee@prrlaw.com | Lindsay Ann Eckes<br>leckes@hirstapplegate.com |
| Marcia A. Washkuhn<br>Marcia.Washkuhn@kutarock.com | Maria B Glorioso<br>maria@gtorts.com | Mark A Tate<br>mtate@cartertatelaw.com |
| Mark C. Choate<br>markcchoate@yahoo.com | Mary K. Schug<br>schugm@lanepowell.com | Matthew T. Tobin<br>matt@sdtrustco.com |
| Melissa Carol Hinton<br>mhinton@dehs.com | Michael Reiss<br>mikereiss@dwt.com | Michael J. Killeen<br>mikekilleen@dwt.com |
| Mike J. Miller<br>mjm@solberglaw.com | Nathan R. Long<br>nate@echohawk.com | Pamela R. Mullis<br>prmullis@mullislawfirm.com |
| Paul Blankenstein<br>pblankenstein@gibsondunn.com | Paul Alexis Del Aguila<br>delaguilap@gtlaw.com | Paul C. EchoHawk<br>paul@echohawk.com |
| R. Deryl Edwards , Jr<br>rde417@hotmail.com | Richard P Batesky , Jr<br>rpbatesky@aol.com | Robert Carl Jarosh<br>rjarosh@hirstapplegate.com |
| Robert K. McCalla<br>rmccalla@laborlawyers.com | Robert W Mills<br>rwm@millslawfirm.com | Roberto Antonio Lange<br>rlange@dehs.com |

| | | |
|---|---|---|
| Rodney P. Bridgers<br>Bridgersr@fdazar.com | Ronald Kilgard<br>rkilgard@kellerrohrback.com | Rudy A. Englund<br>englundr@lanepowell.com |
| Sammi V. Anderson<br>sanderson@mc2b.com | Samuel K. Rudman<br>srudman@lambertcoffin.com | Stacey E. Tjon<br>set@solberglaw.com |
| Stephen M Smith<br>ssmith@braininjurylawcenter.com | Susan Brunick Simons<br>ssimons@dehs.com | Thomas A Nicholas , III<br>tnicholas@hirstapplegate.com |
| Thomas Henry Johnson<br>thjatty@windstream.net | Thomas J. Kenny<br>thomas.kenny@kutakrock.com | Todd S. Collins<br>tcollins@bm.net |
| Tonya L Melnichenko<br>melnichenkot@fdazar.com | Troy N Giatras<br>troy@thewvlawfirm.com | Vincent J Glorioso , III<br>trey@gtorts.com |
| Vincent J Glorioso , Jr<br>lawclerk@gtorts.com | Wayne D. Parsons<br>mdodge@alohano.com | William J. Kilberg<br>wkilberg@gibsondunn.com |

*/s/ Lisa A. Rasmussen*

_____

Lisa A. Rasmussen, Esq.