1  Robert J. Bonsignore (BBO # 547880)
   BONSIGNORE & BREWER
2  23 Forest Street
3  Medford, MA 02155
   Telephone: (781) 350-0000
4  Facsimile: (781) 391-9496
   Email: rbonsignore@classactions.us
5  Co-Lead Counsel for Plaintiffs

6
   Other signatories appear below
7

8              **IN THE UNITED STATES DISTRICT COURT**

9                 **FOR THE DISTRICT OF NEVADA**

10

11

12  IN RE WAL-MART WAGE AND HOUR

13  EMPLOYMENT PRACTICE LITIGATION       **MDL 1735**

14  ────────────────────────────         2:06-CV-00225-PMP-PAL
                                         (BASE FILE)
15  THIS DOCUMENT RELATES TO:

16  ALL ACTIONS EXCEPT KING v.

17  WAL-MART STORES, INC., CASE NO.

18  07-1486-WY

19

20      **PLAINTIFFS' OBJECTION TO CAROLYN BEASLEY-BURTON'S MOTION TO
        REQUIRE BY OBJECTORS GAONA, SWIFT, ANDREWS, AND MADDOX
21      AND THEIR ATTORNEYS TO POST APPEAL BONDS
        AND SEEKING ANY OTHER RELIEF TO PROTECT THE CLASS**
22

23

24

25

26

27

28

                                    1
*Plaintiffs' Objection to Carolyn Beasley Burton's Motion to Require Objectors Gaona Swift, Andrews, and Maddox and Their
Attorneys to Post Appeal Bonds and Seeking Any Other Relief to Protect the Class*

1   Now Come the Plaintiffs through their undersigned counsel to object to the bond request

2   filed by Carolyn Beasley-Burton of the Mills Firm purportedly on their behalf.  *See* Docket no.

3   536, Plaintiffs' Memo in Support of Motion to Require Objectors Gaona, Swift, Andrews and

4   Maddox and Their Attorneys to Post an Appeal Bond and Seeking Any Other Relief to Protect

5   the Class (hereafter, "Beasley-Burton Bond Memo"), December 18, 2009.  Although captioned

6   as Plaintiff's request for bond, no other Plaintiffs' counsel reviewed the submission, were

7   requested to join the submission nor did in fact join in the submission.[1]

8   Of the original persons deemed to have objected to the Settlement, only four remain in

9   play: Jessica Gaona, Stephanie Swift, Deborah Maddox, and Fatima Andrews.  Plaintiffs have

10  filed individual bond requests as to two objectors, Gaona and Maddox.  *See* Docket nos. 540-

11  541, Motion for Appeal Bond for Objector Jessica Gaona and supporting Memorandum,

12  December 21, 2009; and Docket nos. 549-550, Motion for Appeal Bond for Objector Deborah

13  Maddox and supporting Memorandum, December 29, 2009.  Plaintiffs incorporate by them by

14  reference the facts here.  *See Id*.  Plaintiffs object to the Beasley-Burton Bond Memo on the basis

15  that it: 1) contains errors of law; 2) is deficient in relevant facts; and 3) is largely supported

16  through the emphasis of irrelevant argument.[2]

17  Plaintiffs will place on file for bond requests for the remaining two Objectors, Stephanie

18  Swift and Fatima Andrews, on file within the next seven (7) days.[3]

19

20  [1] This includes Co-Lead counsel, Robert Bonsignore.  Unfortunately this is *at least* the third time Ms. Beasley of the
21  Mills firm has unilaterally acted in a way that detrimentally harms the class or places them at risk of harm.  All
    attempts to stop this unacceptable practice including tolerance and the recommendation of serious consequences
22  have been wholly unsuccessful.  Beasley-Burton's bizarre and counterproductive actions violate Pre-Trial Order
    Number 1 (hereafter, PTO 1) (Docket no. 8, March 8, 2006) and Pre-Trial Order Number 2 (hereafter, PTO 2)
23  (Docket no. 42, April 25, 2006).  PTO 1 states, "The Court wishes to express clearly its expectation that
    professionalism, courtesy, and civility will endure throughout these proceedings. *The Manual for Complex*
24  *Litigation*, Fourth at section 10.21 captures the spirit in these terms: 'The added demands and burdens of complex
    litigation place a premium on attorney professionalism and the judge should encourage counsel to act responsibly.
25  The certification requirements of Federal Rules of Civil Procedure 11 and 26(g) reflect some of the attorney's
    obligations as officers of the court.'  Because of the high level of competence and experience that attorneys
26  ordinarily bring to this type of litigation, the court is confident that this objective will be achieved without judicial
    intervention."  PTO 1 at 1.
27  [2] These have been described in great detail in Plaintiffs motions Plaintiffs' motions, Docket nos. 541-542, Motion
    for Appeal Bond for Objector Jessica Gaona and supporting Memorandum, December 21, 2009; and Docket nos.
28  549-550, Motion for Appeal Bond for Objector Deborah Maddox and supporting Memorandum, December 29,
    2009.
    [3]  Plaintiffs are waiting for documentation from third parties.

*Plaintiffs' Objection to Carolyn Beasley Burton's Motion to Require Objectors Gaona Swift, Andrews, and Maddox and Their*
*Attorneys to Post Appeal Bonds and Seeking Any Other Relief to Protect the Class*

1
2
3
4
5
6
7
8
9
10
11
12

Plaintiffs also object to the Beasley-Burton Bond Memo because it provides additional basis for appeal and the appeal of the Settlement does not serve the best interests of the class.  In the first place, Beasley-Burton's submissions run afoul of the holding in the *Azizian* case. *Azizian v. Federated Dept. Stores*, 499 F.3d 950, 958 (9th Cir. 2007).  *See* Beasley-Burton Bond Memo.  *Azizian* held that, "the term 'costs on appeal' in *Rule 7* includes all expenses defined as 'costs' by an applicable fee-shifting statute, including attorney's fees." *Id.* at 958 (internal citations omitted).  "The FLSA statute defines attorney's fees separately from costs. 29 U.S.C. § 216(b)." *Hayworth v. Nevada*, 56 F.3d 1048, 1051 (9th Cir. 1995).  Despite this, Beasley-Burton requests attorney's fees from the fee shifting provision in FLSA.  While individual state laws contained in the Consolidated Amended Complaint may allow for fee shifting to be included as costs on a state by state basis, FLSA clearly precludes it.  Moreover, such a possibility is purely academic as Beasley-Burton made no attempt analyze or cite to those state law claims.

13
14
15
16
17
18
19
20
21

Collectively, the undersigned counsels request this Court to adopt a conservative view and assess the bond on pure and solid legal footing.  It is worth noting that it is well known among the practicing class action bar that the goal of Professional Objectors is to obtain some appealable issue and to move the action into the Appellate Court system, where it will presumably languish at best until the professional objectors are paid off, or at worst, until the appellate process runs its course after several years of delay.  In light of this reality, we oppose any effort that results in giving the professional objectors another reason to appeal.  While the undersigned counsel made a record for the appeals court to review, they did not ask the District Court to rely on prior bad conduct or any of the other considerations that run a foul of *Azizian*.

22
23
24
25
26
27
28

Additionally, Beasley-Burton's Bond Memo discusses the vexatious conduct of Professional Objectors.  *See* Beasley-Burton Bond Motion at 2-10.  This issue is distinguished in Plaintiffs' filings because it is recognized as being an appropriate issue for review by the Appeals Court in accordance to *Azizian*.  *See* Docket no. 542, Memorandum in Support of Motion for Appeal Bond for Objector Jessica Gaona and supporting Memorandum, December 21, 2009 at

3

32-33; and Docket no. 550, Motion for Appeal Bond for Objector Deborah Maddox and supporting Memorandum, December 29, 2009, at 42-43.

The Beasley-Burton Bond Memo is deficient in relevant facts.  Also, the submission clumps all objectors together and does not account for the fact they are expressly all independent of each other and not working together.  *See* Beasley-Burton Bond Memo.  It is the Plaintiffs understanding that the objectors are separate, should be treated separately and are not working together.

Further, the Beasley-Burton Bond Memo is largely supported through the emphasis of irrelevant argument.[4]  As indicated above, the Beasley-Burton Bond Memo contains errors of law, therefore, the supporting argumentation is not only irrelevant but inapplicable.  Further, it lacks the expert evidentiary foundation required to support the assessment of a bond.  This could have been avoided had Beasley-Burton discussed the contents of her submission, circulated a draft, or advised a single class counsel or her Co-Lead Counsel in advance of placing her request for the assessment of a bond on file.

Finally, Plaintiffs object because the Beasley-Burton Bond Memo provides additional basis for appeal.  Beasley-Burton requests a bond be valued on costs that will certainly be appealed further delaying final resolution.  In making the request here, Plaintiffs have attempted to make the offer conservative based on what is reasonably available to them.

WHEREFORE, Plaintiffs respectfully request that this Court enter an Order against the Beasley-Burton Bond Memo and grant Plaintiffs' Motions, Docket nos. 540-541, Motion for Appeal Bond for Objector Jessica Gaona and supporting Memorandum, December 21, 2009; and Docket nos. 549-550, Motion for Appeal Bond for Objector Deborah Maddox and supporting Memorandum, December 29, 2009; and for such other relief as the Court deems just and proper.

---

[4] These have been described in great detail in Plaintiffs motions Plaintiffs' motions, Docket nos. 540-541, Motion for Appeal Bond for Objector Jessica Gaona and supporting Memorandum, December 21, 2009; and Docket nos.

*Plaintiffs' Objection to Carolyn Beasley Burton's Motion to Require Objectors Gaona Swift, Andrews, and Maddox and Their Attorneys to Post Appeal Bonds and Seeking Any Other Relief to Protect the Class*

1

2  Dated: January 8, 2010                    Respectfully submitted:

3

4                                            By:    /s/ Robert J. Bonsignore
                                             Robert J. Bonsignore, Esq.
5                                            BBO # 547880
                                             BONSIGNORE & BREWER
6                                            23 Forest Street
                                             Medford, MA 02155
7                                            Telephone: (781) 350-0000
                                             Rbonsignore@class-actions.us
8

9

10  Daniel D. Ambrose, Esq.                   Craig O. Asbill, Esq.
    Ambrose Law Group                         Charles G. Monnett & Associates
11  1007 East West Maple Road                 200 Queens Road
    Walled Lake, MI 48390                     Suite 300
12  (248) 624-5500                            Charlotte, NC 28204
                                              (704) 376-1911
13

14

15  Franklin D. Azar, Esq.                    Richard Batesky, Esq.
    Rodney P. Bridgers, Jr., Esq.             Attorney at Law
16  Nathan J. Axvig, Esq.                     22 E. Washington St., Suite 610
    Franklin D. Azar & Associates P.C.        Indianapolis, IN 46204
17  14426 East Evans Ave.                     (800) 822-2039
    Aurora, CO 80014
18  (303) 757-3300

19

20  Robin E. Brewer, Esq.                     Mark C. Choate, Esq.
    Nicole Vamosi, Esq.                       Choate Law Firm LLC
21  Kelly Elam, Esq.                          424 N. Franklin Street
    Rick Kirchner, Esq.                       Juneau, AK 99801
22  Julie Baker, Esq.                         (907) 586-4490
    Bonsignore & Brewer
23  23 Forest Street
    Medford, MA 02155
24  (781) 350-0000

25

26  Todd S. Collins, Esq.                     Adriana Contartese, Esq.
    Berger & Montague, P.C.                   Rafaela Hanley, Esq.
27

28

549-550, Motion for Appeal Bond for Objector Deborah Maddox and supporting Memorandum, December 29, 2009.

*Plaintiffs' Objection to Carolyn Beasley Burton's Motion to Require Objectors Gaona Swift, Andrews, and Maddox and Their Attorneys to Post Appeal Bonds and Seeking Any Other Relief to Protect the Class*

1622 Locust Street
Philadelphia, PA 19103
(800) 424-6690

Attorney at Law
866 East Fifth St.
Boston, MA 02127
(617) 268-3557

Lanny H. Darr
Schrempf, Kelly, Knapp & Darr, Ltd.
307 Henry St.
Suite 415
Alton, IL 62002
(618) 465-2311

Paul C. EchoHawk, Esq.
Nathan Long, Esq.
EchoHawk Law Offices
Paul C. EchoHawk
505 Pershing Avenue
Pocatello, ID 83205
(208) 478-1624

R. Deryl Edwards, Jr., Esq.
606 S. Pearl Ave.
Joplin, MO 64801
(417) 624-1962

Ivy L. Frignoca, Esq.
Lambert Coffin Haenn
477 Congress St, 14th Fl
Portland, ME 04112
(207) 874-4000

Courtney French, Esq.
Fuston, Petway & French, LLP
3500 Colonnade Parkway
Suite 300
Birmingham, AL 35243
(205) 977-9798

Troy N. Giatras, Esq.
The Giatras Law Firm, PLLC
118 Capitol Street
Suite 800
Charleston, WV 25301
(304) 343-2900

Christopher R. Gilreath, Esq.
Gilreath & Associates
550 Main Street
Suite 600
Knoxville, TN 37902
(865) 637-2442

Vincent J. Glorioso, III, Esq.
The Glorioso Law Firm
815 Baronne Street
New Orleans, LA 70113
(504) 569-9999

Donald S. Goldbloom, Esq.
12590 National Pike
Grantsville, MD 21536
(301) 895-5240

Gregory F. Greiner, Esq.
Greiner Law Office
630 G Ave.
Grundy Center, IA 50638
(319) 824-6951

J. Thomas Henretta, Esq.
Law Offices of J. Thomas Henretta
400 Key Building
159 South Main Street

Thomas H. Johnson, Esq.
Thomas H. Johnson Law Office
410 Hickory St.
Texarkana, AR  71854

6

Akron, OH 44308
(330) 376-7801

(870) 773-6359

Christopher Meeks, Esq.
Lynch, Meeks & Battitori
1031 Military Avenue
Baxter Springs, KS
(620) 856-2771

Mike Miller, Esq.
Stacey E. Tjon, Esq.
Solberg, Stewart, Miller & Tjon
1129 Fifth Avenue South
Fargo, ND 58103
(701) 237-3166

Pamela Mullis, Esq.
The Mullis Law Firm
1229 Elmwood Ave
Columbia, SC 29201
(803) 799-9577

Glen W. Neeley, Esq.
Attorney at Law, P.C.
863 25th St.
Ogden, UT 84001
(801) 612-1511

Gary S. Nitsche, Esq.
Weik, Nitsche, Dougherty
1300 N. Grant Ave, Suite 101
Wilmington, DE 19899
(302) 655-4040

D. Michael Noonan, Esq.
Shaheen & Gordon, P.A.
140 Washington Street
P.O. Box 977
Dover, NH 03821
(603) 749-5000

Raymond A. Pacia, Esq.
Attorney At Law, LTD
50 Power Road
Pawtucket, RI 02860
(401) 727-2242

Jeffrey M. Padwa, Esq.
Padwa Law
303 Jefferson Blvd.
Warwick, RI 02888
(401) 921-4800

Arthur Y. Park, Esq.
Laurent J. Remillard, Jr., Esq.
John C. McLaren, Esq.
Park Park & Remillard
707 Richards Street
Suite 500
Honolulu, HI 96813
(808) 536-3905

Wayne D. Parsons, Esq.
Wayne D. Parsons Law Offices
Dillingham Business Center
Suite 201C
1406 Colburn Street
Honolulu, HI 96817
(808) 845-2211

John Rausch, Esq.
P.O. Box 905
Waterloo, IA 50704
(319) 233-3557

Dan Rausher, Esq.
Attorney at Law
26 Court Street
Suite 1604

7

*Plaintiffs' Objection to Carolyn Beasley Burton's Motion to Require Objectors Gaona Swift, Andrews, and Maddox and Their Attorneys to Post Appeal Bonds and Seeking Any Other Relief to Protect the Class*

Brooklyn, New York 11242
(718) 596-7333

Thomas R. Ricci, Esq.
Law Office of Thomas R. Ricci
303 Jefferson Blvd.
Warwick, RI 02888

(401) 921-4800

Fred Schultz, Esq.
Greene & Schultz
Showers Plaza
320 W. 8th Street
Suite 100
Bloomington, IN 47404
(812) 336-4357

Cynthia K. Smith, Esq.
Jasper Smith Olson, P.C.
202 W. Spruce St.
P.O. Box 7785
Missoula, MT 59807
(406) 541-7177

Stephen M. Smith, Esq.
Joseph Smith Ltd.
2100 Kecoughtan Road
Hampton, VA 23661-0437
(757) 244- 7000

Laurence W. Stinson, Esq.
Bradley D. Bonner, Esq.
Bonner Stinson, P.C.
P.O. Box 799
128 East Second Street
Powell, WY 82435
(307) 754-4950

Mark Tate, Esq.
Tate Law Group, LLC
2 East Bryan Street
Suite 600
Savannah, GA 31401
(912) 234-3030

Jill P. Telfer, Esq.
Law Offices of Jill P. Telfer
331 J. Street, Ste. 200
Sacramento, CA 95814
(916) 446-1916

Matthew Tobin, Esq.
201 S. Phillips Avenue
Suite 200
Sioux Falls, SD 57104
605-366-9715

Jay A. Urban, Esq.
Urban & Taylor S.C.
4701 North Port Washington Road
Milwaukee, WI 53212
(414) 906-1700

Ernest Warren, Jr., Esq.
Walker Warren & Watkins
838 SW First Avenue
Suite 500
Portland, OR 97204
(503) 228-6655

Christopher P. Welsh, Esq.
James R. Welsh, Esq.
Welsh & Welsh, P.C. L.L.O.
9290 West Dodge Road

8

*Plaintiffs' Objection to Carolyn Beasley Burton's Motion to Require Objectors Gaona Swift, Andrews, and Maddox and Their Attorneys to Post Appeal Bonds and Seeking Any Other Relief to Protect the Class*

100 The Mark
Omaha, Nebraska, 68114
(402) 384-8160

*Plaintiffs' Objection to Carolyn Beasley Burton's Motion to Require Objectors Gaona Swift, Andrews, and Maddox and Their Attorneys to Post Appeal Bonds and Seeking Any Other Relief to Protect the Class*

1

2

### CERTIFICATE OF SERVICE

3

4        I hereby certify that on January 8, 2010, a copy of the foregoing ***PLAINTIFFS'***

5   ***OBJECTION TO CAROLYN BEASLEY-BURTON'S MOTION TO REQUIRE BY***

6   ***OBJECTORS GAONA, SWIFT, ANDREWS, AND MADDOX AND THEIR ATTORNEYS***

7

8   ***TO POST APPEAL BONDS AND SEEKING ANY OTHER RELIEF TO PROTECT THE***

9   ***CLASS*** was filed electronically [and served by mail on anyone unable to accept electronic

10   filing].  Notice of this filing will be sent by e-mail to all parties by operation of the Court's

11   electronic filing system [or by mail to anyone unable to accept electronic filing].  Parties may

12

13   access this filing through the Court's system.

14                                        /s/ Robert J. Bonsignore
                                          Robert J. Bonsignore
15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Plaintiffs' Objection to Carolyn Beasley Burton's Motion to Require Objectors Gaona Swift, Andrews, and Maddox and Their Attorneys to Post Appeal Bonds and Seeking Any Other Relief to Protect the Class*