# DECLARATION OF WENDY COLE LASCHER

WENDY COLE LASCHER DECLARES:

1. I am an attorney licensed to practice in California. I am the principal of Lascher & Lascher, A Professional Corporation. I have been retained as an expert witness by plaintiffs' attorney Robert Bonsignore to opine on the likely time it would take for the Ninth Circuit Court of Appeals to resolve an appeal from a class action judgment and award of attorneys' fees, expenses and plaintiffs' incentive payments based on a settlement. I have personal knowledge of the facts stated below and if called to testify I could and would testify competently to those facts.

## Qualifications

2. I graduated from the University of Michigan Law School in 1973. I have been a member of the California Bar since 1973, and my practice has focused on trial and post-trial motions and appeals since then. I am a Certified Specialist in Appellate Law (State Bar of California), a fellow and current treasurer of the invitation-only American Academy of Appellate Lawyers (www.appellateacademy.org), and a member and past president of the California Academy of Appellate Lawyers (www.calappellate.org). I have taught 10-week and 5-week courses on Writs and Appeals at the Ventura and Santa Barbara Colleges of Law. A copy of my resume, which lists speaking and writing projects I have undertaken as well as some of the cases I have handled, is attached to this declaration as Exhibit A and incorporated by this reference.

3. I have handled several hundred appeals and new trial motions, and reviewed the trial court records in many more cases than I have actually handled. I follow developments in other lawyers' appeals that have issues relevant to cases I am handling, so I am aware of the progress of many more appeals than my small firm actually handles. At least four times a year I participate in conferences and meetings with appellate specialists and appellate judges where the participants regularly discuss, both in formal

panel discussions and informally, a variety of case processing and issues relating to delay. I participate in one active listserve of about 100 attorneys who regularly practice before the Ninth Circuit Court of Appeals, so I am also privy to discussions of Ninth Circuit procedural issues in that context.

### Sources of Information

4. In addition to the information I glean through the activities listed in Paragraph 3, in conjunction with both my own practice and my teaching, I regularly review Ninth Circuit publications, including matters published on the Ninth Circuit's website.

5. In preparation for rendering this opinion, I consulted with the Clerk's Office of the Ninth Circuit Court of Appeals, reviewed current information on the Ninth Circuit website, and reviewed the *United States Courts 2008 Annual Report (Ninth Circuit)*, http://www.ce9.uscourts.gov/publications/AnnualReport2008.pdf. True copies of the cover sheet and pages 41-43 of that report are attached to this Declaration as Exhibit B and incorporated by this reference.

### Sequence of Steps on Appeal

6. Some stages of the appellate process are under the control of the parties, but others are not. Once a party files a notice of appeal in the District Court and requests transcripts, the clerk will issue a time schedule order which allows time for preparation of transcripts. In general, the appellant's opening brief must be filed 40 days after the record is filed, but briefing extensions are common. The appellee's brief is generally filed 30 days after the appellant's, again subject to extensions; and the appellant may file a reply brief 14 days after the appellee's brief. At that point, the parties wait for the court to set oral argument, and after argument wait again for the court to issue its decision. Rehearing or rehearing en banc is possible, but not common, after the decision issues.

7. The parties have no control over when the court reporter finishes the

---

DECLARATION OF WENDY C. LASCHER
IN SUPPORT OF PLAINTIFFS' MOTION TO SET BOND
2

transcript, when the court sets oral argument, or when a decision issues.

## Timing in the Ninth Circuit

8. The Ninth Circuit tracks and publishes statistics on the median time for cases to be processed. The median time from filing a notice of appeal through disposition was 19 months in 2008, up from 18.6 months in 2007. This means half the cases took less than 19 months and half took more.

9. Statistics have not been formally published for 2009, but compilations by the clerk's office indicate that the median time for civil appeals is now 19.5 months. The bulk of the delay occurs in the period between the last brief and setting the case for oral argument.

10. The Ninth Circuit website reports even longer times. In its "Frequently Asked Questions" section, the website includes these questions and answers:

> 18. How long does it take from the time of the notice of appeal until oral argument?
>
> (1) For a civil appeal, approximately 12-20 months from the notice of an appeal date. If briefing isn't delayed, approximately 9-12 months from completion of briefing.
>
> 19. How long does it take from the time of argument to the time of decision?
>
> The Court has no time limit, but most cases are decided within 3 months to a year.

11. The number of civil appeals filed in the District Courts in the Ninth Circuit increased during 2008, and therefore the processing time is likely to increase in coming months.

## Opinion

12. Based on my review of the materials above, the nature of the judgment and awards in this case, and my experience with appeals, my opinion is that an appeal will take a ***minimum*** of 9-12 months, and more likely as long as 18-24 months from notice of

---

DECLARATION OF WENDY C. LASCHER
IN SUPPORT OF PLAINTIFFS' MOTION TO SET BOND
3

1 | appeal to decision.

2 |     I declare under penalty of perjury, under the laws of California, that the foregoing
3 | is true and correct and was executed at Ventura, California, on November 10, 2009.

*[signature]*
WENDY COLE LASCHER

---

DECLARATION OF WENDY C. LASCHER
IN SUPPORT OF PLAINTIFFS' MOTION TO SET BOND
4