Robert J. Bonsignore, Esq.
(Massachusetts Bar No. 547880)
Bonsignore & Brewer
23 Forest Street
Medford, MA  02155
Phone:  (781) 350-0000
Fax:  (781) 391-9496
Rbonsignore@class-actions.us
*Plaintiff Counsel*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| IN RE WAL-MART WAGE AND HOUR EMPLOYMENT PRACTICE LITIGATION | **MDL 1735**<br>2:06-CV-00225-PMP-PAL<br>(BASE FILE) |
| THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | |

**PLAINTIFFS' REPLY TO APPELLANTS JESSICA GAONA AND DEBORAH MADDOX' (*Sic*) JOINT RESPONSE TO CLASS COUNSEL'S MOTION FOR BOND FOR APPEAL (DOC 558)**

1

*Plaintiffs' Reply to Appellants Jessica Gaona and Deborah Maddox'(Sic) Joint Response to Class Counsel's Motion For Bond For Appeal (Doc 558)*

Now Come the Plaintiffs, by and through their undersigned counsel, and reply to the submission entitled *Appellants Jessica Gaona and Deborah Maddox' (Sic) Joint Response to Class Counsel's Motion for Bond for Appeal* (hereafter, "Joint Response"). *See* Docket no. 558. The Joint Response actually serves to supplement the already overwhelming justification in the record for the assessment of the requested bond as to Gaona. Also, it offers nothing to rebut the facts, legal authority and argument contained in the Memorandum in Support of Appeal Bond for Objector Jessica Gaona (hereafter, "Moving Papers") thus, leaving this submission unrebutted. *See* Docket nos. 542.

The most obvious failure of the Response is that it does not offer any analysis or rebuttal of the facts, argument and law presented in Plaintiffs' Moving Papers. In fact, Plaintiffs' argument and legal authority is responded to only by general, often non-applicable and sometimes unsupported proclamations. There is little evidence that the Objectors did more than scan the Moving Papers and did not actually read Plaintiffs' bond request or the points and authorities relied on. The Response makes it clear that they did not read either the Moving Papers or its sources. Class Counsels here are seeking the assessment of a bond for reasons so different from Ms. Burton's motion that Plaintiffs have objected to Ms. Beasley-Burton's and the Mills Firm's (hereafter, "Beasley Burton/Mills Firm") bond request. Apparently, the Objectors did not notice that Class Counsel have objected to Beasley-Burton/Mills Firm bond request. In fact, the Objectors openly admit that they are filing the same response that they filed to the request of Ms. Beasley Burton and the Mills Firm for a bond[1]. That admission alone leads to the reasonable conclusion that Objector's counsels did not even read the Moving papers. The two pleadings are so different and the undersigned counsels and the Objectors agree that the Request for a Bond submitted by Carolyn Beasley-Burton and the Mills firm must be rejected because it contains glaring errors of law that would result in certain reversal of their requested assessment.

---

[1] Herein, "Class Counsel" shall mean all law firms and lawyers in MDL 1735 except for Ms. Beasley Burton and Robert Mills of the Mills Firm and Carol LaPlant whose firm affiliation is in dispute.

*Plaintiffs' Reply to Appellants Jessica Gaona and Deborah Maddox'(Sic) Joint Response to Class Counsel's Motion For Bond For Appeal (Doc 558)*

It is also noteworthy that the Objectors join together to file a joint opposition because the request for an assessment of a bond in issue was made only as to Objector Gaona.[2] The submission of a joint opposition is out of context and makes no sense.

The Objectors' Response is also bizarre and unconvincing because what is offered as argument *against* Class Counsels request for a bond merely: 1) repeats Class Counsels' arguments against the prohibited costs requested by Beasley/Mills; 2) concedes as valid the actual costs those used by Class Counsel in arriving at their Bond request; and 3) suggests that this Court should determine a bond based on the much more costly means of serving the additional needs of the class that Gaona directly caused by delaying the delivery of the economic and non-economic benefits of the Settlement.

Specifically[3],

1. Class Counsels have asked for a bond that does not include attorney's fees; yet, the Objectors complain that attorney's fees are included.

2. Class Counsel have asked that the Court *not* consider the frivolous nature of the Objector's appeal and underlying Objection; yet, the Objectors complain that Plaintiff's counsel seeks a bond because the Objectors' appeals and Objections are frivolous.[4]

3. Class Counsel have asked for interest to be included in the appeal bond; yet, the Objectors never Object and in fact may be considered to have agreed to the interest request.[5] The Objectors have not filed points and authorities with respect to

---

[2] Gaona's circumstances are materially different than two of the other objectors. *See* Attachment A, Affidavit of Amanda J. Myette Relating to the Failure of Objectors Gaona and Andrews to File a Claim.
[3] Items where all Parties agree are not addressed except as overlap with relevant argument.
[4] This is a fact that Plaintiffs dispute and will advance at the correct stage of the proceedings. Plaintiffs have created a record that supports the finding of bad conduct and the frivolous nature of the appeal but for the express purpose of asking the Ninth Circuit Court of Appeals to consider it and reconsider its ruling in *Azizian v. Federated Department Stores, Inc., 499 F.3d 950,* in light of current widespread abuse of class action procedure by professional objectors in present day class actions. These arguments were expressly limited to making a record for appeal only and Plaintiffs again specifically request that this Court not rely on them in setting the amount of bond.
[5] *See* express contents of Objectors submission. *See also Barnes v FleetBoston Fin. Corp*. 2006 U.S. Dist. LEXIS 71072, at 8-9 (D. Mass. 2006)(appeal bond included interest of 5.15% on settlement of $12.5 million from the date of judgment for the one year expected time on appeal); *See also Sckolnick v. Harlow*, 820 F.2d 13 (1st Cir. 1987*); In re Compact Disc Minimum Advertised Price Antitrust Litig*. 2003 U.S. Dist LEXIS 25788 (D. Me. 2003); *In re NASDAQ Market-Makers Antitrust Litig.*, 187 F.R.D. 124, 128 (S.D.N.Y. 1999).

*Plaintiffs' Reply to Appellants Jessica Gaona and Deborah Maddox'(Sic) Joint Response to Class Counsel's Motion For Bond For Appeal (Doc 558)*

Plaintiffs' request for interest, at a minimum; objectors should be deemed to have waived any response they might have to the interest request.[6]  Furthermore, the objectors should be deemed to have admitted and/or otherwise consented to every request by Plaintiffs to which they have not responded including but not limited to interest as a part of the bond because they failed to follow the *Local Rules of Practice of the United States District Court For the District of Nevada*.

4. Finally, Plaintiffs' Counsels have requested that the bond be limited to offering them only the traditional protections afforded by bonds.  Specifically, they have asked for protection against the actual costs they are projected to incur as a result of the delay caused by the objective change in circumstance presented by the appeal.  Despite this, the Objectors declare, without rationale or authority, that the power of the Court to award those administrative costs in the bond are strictly prohibited.[7]  In support, Class Counsels offered fact, expert opinion and legal argument to establish those related costs and then went further in adopting the most conservative estimate available.  The Objectors, however, *direct* the Court without offering any *direct* authority the Court that the only permitted cost resultant from the delay Gaona is causing to the delivery of the class benefit is the far more expensive cost of class notice.  That they offer this proclamation without offering any support or argument runs against both the public policy underlying the assessment of a bond and the duty of Class Counsel to serve the best interest of the class by seeking out and making use of the best and most cost effective means to an end.

5. The Objectors do not have a "Wherefore" paragraph in their response; yet, they expect this Court to act and imagine what they actually seek.  They have expressly not asked the Court formally to deny Plaintiffs' request for bond.  Rather in their

---

[6] LR 7-2(d)  The failure of a moving party to file points and authorities in support of the motion shall constitute a consent to the denial of the motion.  The failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion.

[7] *In re Broadcom Corp. SEC. Litig.*, 2005 U.S. Dist. LEXIS 45656 (D.D. CA 2005); See also *Heritage Bond*, 2005 U.S. Dist. LEXIS 13627, at 7 (C.D. Cal. 2005), *In re Pharm. Indus. Average Wholesale Price Litig.*, 520 F. Supp. 2d 274, 277-278 (D. Mass. 2007).

4

conclusion, they simply ask the Court in the alternative to limit the bond to "reasonable actual/projected costs permitted." Reasonable interest costs have been projected by an economist and submitted by Plaintiffs in the form of an affidavit. Reasonable administrative costs have been projected by the claims administrator and submitted by the Plaintiffs in the form of a declaration. Plaintiffs have submitted all other reasonable FRAP 7 costs by declaration.

The Plaintiffs have satisfied the requirements of a bond. In response, Objectors Gaona and Maddox have not rebutted any of Plaintiffs' arguments.

WHEREFORE, Plaintiffs respectfully request that this Court enter an Order granting Plaintiffs request for bond in the amounts previously requested and for such other relief as the Court deems just and proper.

Dated: January 19, 2010

Respectfully submitted:

By:     /s/ Robert J. Bonsignore  
Robert J. Bonsignore, Esq.  
BBO # 547880  
BONSIGNORE & BREWER  
23 Forest Street  
Medford, MA 02155  
Telephone: (781) 350-0000  
Rbonsignore@class-actions.us

| | |
|---|---|
| Daniel D. Ambrose, Esq.<br>Ambrose Law Group<br>1007 East West Maple Road<br>Walled Lake, MI 48390<br>(248) 624-5500 | Craig O. Asbill, Esq.<br>Charles G. Monnett & Associates<br>200 Queens Road<br>Suite 300<br>Charlotte, NC 28204<br>(704) 376-1911 |
| Franklin D. Azar, Esq.<br>Rodney P. Bridgers, Jr., Esq.<br>Nathan J. Axvig, Esq.<br>Franklin D. Azar & Associates P.C.<br>14426 East Evans Ave.<br>Aurora, CO 80014<br>(303) 757-3300 | Richard Batesky, Esq.<br>Attorney at Law<br>22 E. Washington St., Suite 610<br>Indianapolis, IN 46204<br>(800) 822-2039 |

*Plaintiffs' Reply to Appellants Jessica Gaona and Deborah Maddox'(Sic) Joint Response to Class Counsel's Motion For Bond For Appeal (Doc 558)*

| | |
|---|---|
| Robin E. Brewer, Esq.<br>Nicole Vamosi, Esq.<br>Kelly Elam, Esq.<br>Rick Kirchner, Esq.<br>Julie Baker, Esq.<br>Bonsignore & Brewer<br>23 Forest Street<br>Medford, MA 02155<br>(781) 350-0000 | Mark C. Choate, Esq.<br>Choate Law Firm LLC<br>424 N. Franklin Street<br>Juneau, AK 99801<br>(907) 586-4490 |
| Todd S. Collins, Esq.<br>Berger & Montague, P.C.<br>1622 Locust Street<br>Philadelphia, PA 19103<br>(800) 424-6690 | Adriana Contartese, Esq.<br>Rafaela Hanley, Esq.<br>Attorney at Law<br>866 East Fifth St.<br>Boston, MA 02127<br>(617) 268-3557 |
| Lanny H. Darr<br>Schrempf, Kelly, Knapp & Darr, Ltd.<br>307 Henry St.<br>Suite 415<br>Alton, IL 62002<br>(618) 465-2311 | Paul C. EchoHawk, Esq.<br>Nathan Long, Esq.<br>EchoHawk Law Offices<br>Paul C. EchoHawk<br>505 Pershing Avenue<br>Pocatello, ID 83205<br>(208) 478-1624 |
| R. Deryl Edwards, Jr., Esq.<br>606 S. Pearl Ave.<br>Joplin, MO 64801<br>(417) 624-1962 | Ivy L. Frignoca, Esq.<br>Lambert Coffin Haenn<br>477 Congress St, 14th Fl<br>Portland, ME 04112<br>(207) 874-4000 |
| Courtney French, Esq.<br>Fuston, Petway & French, LLP<br>3500 Colonnade Parkway<br>Suite 300<br>Birmingham, AL 35243<br>(205) 977-9798 | Troy N. Giatras, Esq.<br>The Giatras Law Firm, PLLC<br>118 Capitol Street<br>Suite 800<br>Charleston, WV 25301<br>(304) 343-2900 |
| Christopher R. Gilreath, Esq.<br>Gilreath & Associates<br>550 Main Street<br>Suite 600<br>Knoxville, TN 37902<br>(865) 637-2442 | Vincent J. Glorioso, III, Esq.<br>The Glorioso Law Firm<br>815 Baronne Street<br>New Orleans, LA 70113<br>(504) 569-9999 |

*Plaintiffs' Reply to Appellants Jessica Gaona and Deborah Maddox'(Sic) Joint Response to Class Counsel's Motion For Bond For Appeal (Doc 558)*

| | | |
|---|---|---|
|1| Donald S. Goldbloom, Esq. | Gregory F. Greiner, Esq. |
|2| 12590 National Pike | Greiner Law Office |
| | Grantsville, MD 21536 | 630 G Ave. |
|3| (301) 895-5240 | Grundy Center, IA 50638 |
| | | (319) 824-6951 |
|4| | |
|5| J. Thomas Henretta, Esq. | Thomas H. Johnson, Esq. |
| | Law Offices of J. Thomas Henretta | Thomas H. Johnson Law Office |
|6| 400 Key Building | 410 Hickory St. |
| | 159 South Main Street | Texarkana, AR  71854 |
|7| Akron, OH 44308 | (870) 773-6359 |
| | (330) 376-7801 | |
|8| | |
|9| | |
| | Christopher Meeks, Esq. | Mike Miller, Esq. |
|10| Lynch, Meeks & Battitori | Stacey E. Tjon, Esq. |
| | 1031 Military Avenue | Solberg, Stewart, Miller & Tjon |
|11| Baxter Springs, KS | 1129 Fifth Avenue South |
|12| (620) 856-2771 | Fargo, ND 58103 |
| | | (701) 237-3166 |
|13| | |
|14| Pamela Mullis, Esq. | Glen W. Neeley, Esq. |
| | The Mullis Law Firm | Attorney at Law, P.C. |
|15| 1229 Elmwood Ave | 863 25th St. |
| | Columbia, SC 29201 | Ogden, UT 84001 |
|16| (803) 799-9577 | (801) 612-1511 |
|17| | |
| | Gary S. Nitsche, Esq. | D. Michael Noonan, Esq. |
|18| Weik, Nitsche, Dougherty | Shaheen & Gordon, P.A. |
| | 1300 N. Grant Ave, Suite 101 | 140 Washington Street |
|19| Wilmington, DE 19899 | P.O. Box 977 |
|20| (302) 655-4040 | Dover, NH 03821 |
| | | (603) 749-5000 |
|21| | |
|22| Raymond A. Pacia, Esq. | Jeffrey M. Padwa, Esq. |
| | Attorney At Law, LTD | Padwa Law |
|23| 50 Power Road | 303 Jefferson Blvd. |
| | Pawtucket, RI 02860 | Warwick, RI 02888 |
|24| (401) 727-2242 | (401) 921-4800 |
|25| | |
| | Arthur Y. Park, Esq. | Wayne D. Parsons, Esq. |
|26| Laurent J. Remillard, Jr., Esq. | Wayne D. Parsons Law Offices |
| | John C. McLaren, Esq. | Dillingham Business Center |
|27| Park Park & Remillard | Suite 201C |
| | 707 Richards Street | 1406 Colburn Street |
|28| Suite 500 | Honolulu, HI 96817 |
| | Honolulu, HI 96813 | (808) 845-2211 |

7

*Plaintiffs' Reply to Appellants Jessica Gaona and Deborah Maddox'(Sic) Joint Response to Class Counsel's Motion For Bond For Appeal (Doc 558)*

(808) 536-3905

| | |
|---|---|
| DirkA. Ravenholt | John Rausch, Esq. |
| RAVENHOLT & ASSOCIATES | P.O. Box 905 |
| 2013 Alta Drive | Waterloo, IA 50704 |
| Las Vegas, Nevada 89106 | (319) 233-3557 |
| (702) 647-0110 | |
| | |
| Dan Rausher, Esq. | Thomas R. Ricci, Esq. |
| Attorney at Law | Law Office of Thomas R. Ricci |
| 26 Court Street | 303 Jefferson Blvd. |
| Suite 1604 | Warwick, RI 02888 |
| Brooklyn, New York 11242 | (401) 921-4800 |
| (718) 596-7333 | |
| | |
| Fred Schultz, Esq. | Cynthia K. Smith, Esq. |
| Greene & Schultz | Jasper Smith Olson, P.C. |
| Showers Plaza | 202 W. Spruce St. |
| 320 W. 8th Street | P.O. Box 7785 |
| Suite 100 | Missoula, MT 59807 |
| Bloomington, IN 47404 | (406) 541-7177 |
| (812) 336-4357 | |
| | |
| Stephen M. Smith, Esq. | Laurence W. Stinson, Esq. |
| Joseph Smith Ltd. | Bradley D. Bonner, Esq. |
| 2100 Kecoughtan Road | Bonner Stinson, P.C. |
| Hampton, VA 23661-0437 | P.O. Box 799 |
| (757) 244- 7000 | 128 East Second Street |
| | Powell, WY 82435 |
| | (307) 754-4950 |
| | |
| Mark Tate, Esq. | Jill P. Telfer, Esq. |
| Tate Law Group, LLC | Law Offices of Jill P. Telfer |
| 2 East Bryan Street | 331 J. Street, Ste. 200 |
| Suite 600 | Sacramento, CA 95814 |
| Savannah, GA 31401 | (916) 446-1916 |
| (912) 234-3030 | |
| | |
| Matthew Tobin, Esq. | Jay A. Urban, Esq. |
| 201 S. Phillips Avenue | Urban & Taylor S.C. |
| Suite 200 | 4701 North Port Washington Road |
| Sioux Falls, SD 57104 | Milwaukee, WI 53212 |
| 605-366-9715 | (414) 906-1700 |
| | |
| Ernest Warren, Jr., Esq. | Christopher P. Welsh, Esq. |

8

*Plaintiffs' Reply to Appellants Jessica Gaona and Deborah Maddox'(Sic) Joint Response to Class Counsel's Motion For Bond For Appeal (Doc 558)*

| | |
|---|---|
| Walker Warren & Watkins | James R. Welsh, Esq. |
| 838 SW First Avenue | Welsh & Welsh, P.C. L.L.O. |
| Suite 500 | 9290 West Dodge Road |
| Portland, OR 97204 | 100 The Mark |
| (503) 228-6655 | Omaha, Nebraska, 68114 |
| | (402) 384-8160 |

*Plaintiffs' Reply to Appellants Jessica Gaona and Deborah Maddox'(Sic) Joint Response to Class Counsel's Motion For Bond For Appeal (Doc 558)*

# CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2010, a copy of the foregoing ***Plaintiffs' Reply to Appellants Jessica Gaona and Deborah Maddox'(Sic) Joint Response to Class Counsel's Motion For Bond For Appeal (Doc 558)*** was filed electronically [and served by mail on anyone unable to accept electronic filing]. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing]. Parties may access this filing through the Court's system.

                                                              /s/ Robert J. Bonsignore  
                                                              Robert J. Bonsignore

*Plaintiffs' Reply to Appellants Jessica Gaona and Deborah Maddox'(Sic) Joint Response to Class Counsel's Motion For Bond For Appeal (Doc 558)*