Robert J. Bonsignore (BBO # 547880)
BONSIGNORE & BREWER
23 Forest Street
Medford, MA 02155
Telephone: (781) 350-0000
Facsimile: (781) 391-9496
Email: rbonsignore@classactions.us
*Co-Lead Counsel for Plaintiffs*

*Other signatories appear below*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| IN RE WAL-MART WAGE AND HOUR EMPLOYMENT PRACTICE LITIGATION | **MDL 1735** |
| | 2:06-CV-00225-PMP-PAL (BASE FILE) |
| THIS DOCUMENT RELATES TO: ALL ACTIONS EXCEPT KING v. WAL-MART STORES, INC., CASE NO. 07-1486-WY | |

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR IMPOSITION OF SANCTIONS AGAINST OBJECTOR FATIMA ANDREWS AND HER COUNSELS JOHN J. PENTZ AND EDWARD COCHRAN

# **TABLE OF CONTENTS**

I.      FACTS ........................................................................................................................ 2

II.     ARGUMENT ............................................................................................................. 5

        A.      Sanctions Are Appropriate as to Objector Andrews Because She Failed to Appear
                for her Deposition in Violation of an Explicit Court Order ..................................... 6

        B.      Sanctions Are Appropriate as to Counsels Pentz and Cochran because they Failed
                to Produce Their Client for Deposition Despite Valid Process and an Explicit
                Court Order and/or ................................................................................................. 8

        C.      The Requested Monetary Sanctions are Reasonable and Appropriate to Address ...
                the Misconduct by Objector Andrews and Professional Objector Pentz to Deter ....
                Such  Future Misconduct or Comparable Misconduct and to Compensate Plaintiffs
                and Their Counsel for Actual Harm Suffered ....................................................... 13

IV.     CONCLUSION ........................................................................................................ 15

i

*Plaintiffs' Memorandum in Support of Motion for Imposition of Sanctions Against Objector Fatima Andrews and Her Counsels John J. Pentz and Edward Cochran*

# TABLE OF AUTHORITIES

*Azizian v. Federated Dept. Stores*

499 F.3d 950 (9th Cir. 2007) ............................................................................................... 8, 13


*Barnes v. FleetBoston Financial Corp.*

2006 U.S. Dist. LEXIS 71072 (D. Mass.) ................................................................................. 9


*Benacquisto v. American Express*

00cv1980, (D. Mn) ................................................................................................................... 9


*Clark v. Experian Information Solutions, Inc.*

2004 U.S. Dist. LEXIS 28324 (D.S.C.) .................................................................................... 9


*Cooter & Gell v. Hartmax Corp.*

496 U.S. 384 (1990) ............................................................................................................... 13


*Curry v. Fairbanks Capital Corp.*

03cv10895 (D. Mass. 2004) .................................................................................................. 13


*Davis v. UST*, No. 17305 II,

Circuit Court for Jefferson County, TN ..................................................................................... 8


*Galanti v. The Goodyear Tire & Rubber Company,*

03cv209 (D.N.J.) ....................................................................................................................... 9


*In Re Allstate Fair Credit Reporting Acti Litigation*

(M.D. Tenn.) ............................................................................................................................... 8

*In re American President Lines, Inc.*

779 F.2d 714 (D.C. Cir 1985)................................................................................................... 13

*In re Charter Communications, Inc.*

MDL 1506, 02cv1186 (E.D. Mo. 2005) ..................................................................................... 8

*In re Compact Disc Minimum Advised Price Antitrust Litigation*

MDL 1361 (D. Me. 2003) .................................................................................................. 8, 9

*In Re Daimlerchrysler, et al.*

00cv993 (D. Del.) ............................................................................................................ 9

*In re Disposable Contact Lens Antitrust Litigation*

MDL 1030 (M.D. Fla.) ....................................................................................................... 9

*In re Lucent Technologies, Inc. Securities Litigation*

327 F. Supp. 2d 426 (D.N.J. 2004) ...................................................................................... 8, 9

*In re: MCI-Subscriber Telephone Rates Ligitaion,*

MDL 1275, 99cv1275 (S.D. Ill.) ............................................................................................ 9

*In re NE Mutual Life MDL, et al.,*

96cv11534 (D. Mass.) ........................................................................................................ 9

*In re PayPal Litigation,*

2004 U.S. Dist. LEXIS 22470 (N.D. Cal.) ................................................................................. 9

*In re Relafen Antitrust Litigation*
231 F.R.D. 52 (D. Mass. 2005) ............................................................................................ 8

*In re Rite Aid Corp.,*
MDL 1360 (E.D. Pa.) ............................................................................................................ 9

*In re Royal Ahold N.V. Securities & ERISA Litigation,*
461 F. Supp. 2d 383 (D. Md. 2006) ..................................................................................... 9

*In re: Managed Care,*
*et al.*, MDL 1334 (S.D. Fla.) ............................................................................................... 9

*In re Serzone Products Liability Litigation*
MDL 1447 (S.D.W.V. 2005).................................................................................................. 8

*In re Vasseli*
5 F.3d 351 (9th Cir 1993).................................................................................................... 13

*In re Visa Check/Mastermoney Antitrust Litigation*
96cv5238 (E.D.N.Y. 2004).................................................................................................... 8

*In re Warfarin Sodium Antitrust Litigation*
212 F.R.D. 231 (D. Del. 2002) ........................................................................................ 8, 9

*Lachance* v. *United States Smokeless Tobacco*
No. 2006-2007 564. (N.H. 2006) .......................................................................................... 9

*Landreneau v. Fleet Bank (RI) National Ass'n*

01cv26 (M.D. La.) ................................................................................................................... 9

*Lindmark v. American Express,*

00cv8658 (C.D. Cal.) ............................................................................................................. 9

*Lipuma v. American Express*

04cv20314 (S.D. Fla.) ............................................................................................................ 8

*Mangone v. First USA Bank*

206 F.R.D. 222 (S.D. Ill. 2001) ............................................................................................. 9

*Meyenburg v. Exxon Mobil Corp.*

05cv15 ..................................................................................................................................... 9

*Roasted v. First USA Bank,*

97cv1482 (W.D. Wash.) ......................................................................................................... 9

*Schwartz v. Citibank,*

00cv75 (C.D. Cal.) ................................................................................................................. 9

*Schwartz v. Dallas Cowboys Football*

97cv5184 (E.D. Pa.) .............................................................................................................. 9

*Spark v. MBNA Corp.*

289 F. Supp.2d 510 (D. Del. 2003) ....................................................................................... 9

*Synfuel Technologies, LLC v. Airborne Express, Inc.*
02cv324 (S.D. Ill.) ......................................................................................................... 9

*Taubenfeld v. Aon Corp.*
415 F.3d 597 (7th Cir. 2005).......................................................................................... 9

*Tenuto v. Transworld Systems, Inc.*
2002 WL 188569 (E.D. Pa.).........................................................................................8, 9

<u>*Townsend v. Holman Consulting Corp.*</u>
<u>929 F. 2d 1358 (9th Cir. 1990)</u> .................................................................................... 12

*Varacallo v. Massachusetts Mutual Life Insurance Company*
04cv2702 (D.N.J.) ........................................................................................................... 9

*Vaughn v. American Honda Motor Co., Inc.*
507 F.3d 295 (5th Cir. 2007)........................................................................................ 13

*Zawikowski v. Beneficial National Bank*
98cv2178 (N.D. Ill.) ....................................................................................................... 9

<u>Other Authorities</u>

Fed. R. Civ. Proc. 11

*Plaintiffs' Memorandum in Support of Motion for Imposition of Sanctions Against Objector Fatima Andrews and Her Counsels John J. Pentz and Edward Cochran*

Pursuant to Rule 37 of the Federal Rules of Civil Procedure (hereafter, "Rule 37") and the inherent power of the District Court to issue sanctions, Plaintiffs move this Honorable Court to impose sanctions against Objector Fatima Andrews (hereafter, "Andrews," "Objector" "Objector Andrews" or "Client") and her Counsels John J. Pentz, Esq and Edward Cochran(hereafter, "Legal Counsels" or "Counsels"). The basis for the request as to Andrews is that she failed to appear for her deposition as required. As to legal counsels Pentz and Cochran, sanctions are sought because they, individually and jointly, failed to act or produce their client for deposition before the Final Approval Hearing and the closing of the related record. Moreover, both Fatima Andrews and her counsel completely failed to take reasonable remedial step or act as reasonably required under the circumstances.

The actions and failures to act of Objector Andrews and her Counsels have obstructed the orderly administration of justice in this case. Through this date, the costs related to Objector Andrews' "no show" at a Court Ordered deposition remain a burden carried by the Class. For these reasons, and as detailed herein, Fatima Andrews, and her Counsels John J. Pentz and Edward Cochran should be sanctioned for their misconduct and held accountable for the costs that they wrongfully caused the Class to incur.[1]

## I. FACTS

After many years of hard-fought litigation, Defendant Wal-Mart Stores, Inc. and its affiliated companies along with Class Counsels and Class Representatives from dozens of states (hereafter the "Parties") executed a Settlement Agreement (hereafter, "Settlement") seeking to finally resolve all disputes between them. The history and context of the instant litigation and its

---

[1] The fact that the costs are modest argues <u>for</u> their assessment, not against it.

1

Settlement are well known to this Court. Both the history and the merits of the eventual Settlement have also been the subject of exhaustive briefing and multiple hearings.[2]

On September 24, 2009, Andrews and her counsel, John Pentz, Esq. and Edward Cochran, both self-described Professional Objectors, objected to the Settlement. *See* Docket no. 385, September 24, 2009. Under the pains and penalties of perjury, she advised that Attorney John J. Pentz, Esq., Two Clock Tower Place, Suite 260 G, Maynard, MA 01754; and Edward Cochran, Esq. 20030 Marchmont Road, Shaker Hts., Ohio 44122, represented her. As a resident of Ohio, Andrews had twice been denied certification.

On October 5, 2009, Plaintiffs acted to take the deposition of Objector Andrews. *See* Docket no. 441-1, Notice to Take Deposition of Fatima Andrews (hereafter, "Deposition Notice"). The Deposition Notice provided Andrews with notice that her deposition was to be taken on October 7, 2009, at 4:00 p.m., at the Law Office of Andrew Krembs, 55 Public Square, Suite 1700, Cleveland, Ohio 44113. *Id.* In addition, the Deposition Notice also provided that Class Counsel agreed the location could be moved to Andrews' counsel's office. *Id.*

Due to a change of circumstances, Plaintiffs moved the Deposition from October 7th to October 12th. *See* Docket no. 447, Plaintiffs' Unopposed Amended Motion for an Expedited Deposition Schedule and Memorandum in Support, October 6, 2009. *See also* Docket no. 448,

---

[2] For the sake of brevity, Plaintiffs incorporate by reference the contents of the briefing, hearings and Orders relating to the composition of the complaint, Docket nos. 53, 56, 138, 154, 158, 289, 300-301; class certification, Docket nos. 89-94, 203-220, 231, 248, 249, 323; Preliminary Approval, Docket nos. 302-322; Final Approval, Docket nos. 425-438, 486. Plaintiffs also incorporate by reference the Requests for Bonds as to Objectors Gaona, Maddox, and Andrews filed by Robert Bonsignore and joined by the unified Plaintiffs' counsels. *See* Docket nos. 540-546, 549-554, 566-573. Plaintiffs also incorporate the responses of the Objectors to *all* requests for bonds. *See* Docket nos. 557, 558, 573, 583.

Order granting Plaintiffs' Unopposed Amended Motion for an Expedited Deposition Schedule and Memorandum in Support, October 6, 2009.

Plaintiffs again formally took action to take the depositions of Objector Andrews on October 6, 2009. *See* Docket no. 447-3, Notice to Take Deposition of Fatima Andrews, October 6, 2009. The Deposition Notice provided Andrews with notice that her deposition was to be taken on October 12, 2009, at 4:00 p.m., at the Law Office of Andrew Krembs, 55 Public Square, Suite 1700, Cleveland, Ohio 44113. In addition, the Deposition Notice also provided that Class Counsel agreed the location could be moved to Andrews' Counsel's office. *Id.*

On October 9, 2009, Judge Polster of the United States District Court for the Northern of Ohio Eastern Division granted a motion to compel the attendance of Objector Andrews at the October 12, 2009 deposition. *See* Attachment A, Ohio Order Granting Complaint for Discovery, October 9, 2009. Receipt of the Notice of Deposition and knowledge of Judge Polster's Order compelling Ms. Andrews' attendance is not disputed by Andrews' Legal Counsel.

Also, on October 9, 2009, at 6:26 p.m., Process Server Clint Massengale (hereafter, "Massengale"), an employee of New Age Delivery, Courier and Freight, served the Deposition Subpoena personally upon Andrews at her residence at 16305 Trafalgar Street, Cleveland, Ohio, 44110. *See* Docket no. 458, Subpoena, October 12, 2009. *See also* Attachment B, Subpoena of Fatima Andrews and Return of Process Server Clint Massengale. Despite being served the Subpoena and Deposition Notice, and having notice of Judge Polster's order, neither Andrews nor her Counsel appeared for the scheduled deposition on October 12, 2009. *See* Attachment B to Affidavit of Robert Bonsignore in Support of Sanctions, Attempted Deposition of Fatima Andrews, October 12, 2009. Moreover, Objector Andrews never sought or obtained a protective order. They also did not Plaintiffs' counsels who traveled to Cleveland in advance of the date to

3

indicate that Andrews would not appear to be deposed and did not ever arrange a firm follow-up date for her deposition.

As a result, Plaintiffs' counsel wasted attorney time and otherwise incurred costs relative to the preparation for, travel to, and attendance at the deposition, as well as the costs to notice, serve, and obtain court orders regarding the deposition. Despite all this effort and expense, the record in this Litigation closed without Plaintiffs having the deposed Andrews as to the underlying factual basis for her Objection. Andrew's Counsel has since sought to exploit and take unfair advantage of the non appearance of a similarly situated Objector they represent. *See* Docket no. 583 at 3.

## II. ARGUMENT

One fact is critical: that notice to Fatima Andrews and her legal counsel– of both the deposition and the Court's order compelling Andrews' attendance is not in dispute. Under these circumstances, there was no justification for Andrews' failure to appear or her Legal Counsels failure to produce Andrews to be deposed. In fact, they acted in further violation of court rules and an express Court Order.

Rule 37 states in pertinent part that:

"The court where the action is pending may, on motion, order sanctions if: a party or a party's officer, director, or managing agent — or a person designated...fails, after being served with proper notice, to appear for that person's deposition... Sanctions may include...(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing

4

the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party...Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."

A party who fails to appear for his own deposition can be sanctioned under Rule 37(d).  *Lew v. Kona Hospital*, 754 F.2d 1420, 1426 (9th Cir.1985).  Subjective bad faith is not required under Rule 11; the inquiry is objective.  *Hyde & Drath v. Baker*, 24 F.3d 1162, 1171 (9th Cir. 1994). The party who fails to appear for their deposition must be substantially justified in violating the court's discovery order or other circumstances that make the sanctions unjust.  *Id.*  The burden for establishing substantial justification is on the party being sanctioned.  *Telluride Management Solutions, Inc. v. Telluride Inv. Group*, 55 F.3d 463, 466 (9th Cir. 1995).

Both Objector Andrews and Counsel should be sanction under Rule 37 for reasons discussed further below.

A. Sanctions Are Appropriate as to Objector Andrews Because She Failed to Appear for Her Deposition in Violation of an Explicit Court Order.

This Court should find that Objector Andrews knowingly and willfully failed to appear for her deposition despite receiving notice and the entry of Judge Polster's related Court Order. Massengale, the process-server, went to the address Andrews provided, was able to locate her at that address and personally served her.[3]

---

[3] Service was also accomplished on Andrews' counsel, who had the duty and obligation to inform her of the subpoena and the Court Order that she be deposed, and to apprise her of the consequences of violating a Court Order by failing to appear.

*Plaintiffs' Memorandum in Support of Motion for Imposition of Sanctions Against Objector Fatima Andrews and Her Counsels John J. Pentz and Edward Cochran*

The most compelling reason why this misconduct is sanctionable, however, is the effect that that her willful choice to ignore a Court Order and valid Deposition Notice had on this Litigation. Plaintiffs, their counsels, and all the parties to this litigation including Defendant Wal-Mart all complied with and abided by all of the rules and requirements of Court throughout the Litigation. They should not be taken unfair advantage of by someone who did not. Andrews is represented by Professional Objector counsels Pentz and Cochran. By not appearing for her scheduled deposition Counsel and Client intentionally deprived Plaintiffs their absolute right to depose her, explore the factual and legal bases for her objection, and create a record for this Court and the Appellate Court prior to the Final Hearing on the Settlement. This willful misconduct interfered with the orderly administration of justice in this proceeding and has impacted and will continue to wrongfully impact the Settlement of the Litigation and the ability of the Class Members to obtain their long-awaited recovery.

Plaintiffs acknowledge that the failure to attend a single deposition may not always warrant sanctions. However, here in the context of the narrow window of opportunity and the related clear Court Order compelling her attendance and the availability of permissible methods for objecting to attendance at deposition[4] and the significance of the purpose, use and timing of the deposition of this Objector here, and her failure to obtain a protective order or later act to remedy her act of willful disregard or disobedience she and her Legal Counsel must be sanctioned. Fatima Andrews voluntarily chose to object rather than to exclude herself from the Settlement. Had she excluded herself she would have retained an unrestricted freedom to pursue any and all avenues to the full recovery that she considered herself to be due without involving or interfering with the other class members. She knowingly and voluntarily chose to interject

---

[4] No protective order was ever sought by Andrews.

herself into this ongoing litigation and in doing so agreed to be bound by it terms and to act as was required of her. By voluntarily interjecting herself into this actively litigated case at a critical and time sensitive juncture as an Objector, whose choice of action directly impacted every other member of the Class,[5] Andrews also voluntarily submitted herself to all the attendant obligations at the pace that was required, here by two separate Federal Courts, to facilitate the orderly administration of justice. Andrews has no substantial justification for violating a Court Order compelling discovery.

An objective view establishes only that Andrews and her Counsel willfully chose to ignore a deposition notice and related Court Order. She and her Counsels did not act to obtain a protective order, and because they instead simply chose to disregard a Court Order compelling her deposition the class requests they be held accountable.

### B. Sanctions Are Appropriate as to Counsels Pentz and Cochran Because They Failed to Produce Their Client for Deposition Despite Valid Process and an Explicit Court Order.

Counsels Pentz and Cochran should be sanctioned because they failed to produce their client for deposition despite their having received notice and a Court Order.

In context, Pentz and Cochran are a Professional Objectors whose suspect practice area and history should be taken into account because their specialized experience and strategies are at the core of Fatima Andrews' non-appearance. Both Pentz[6] and Cochran[7] have an extensive history of

---

[5] Along with all the other participants in the Litigation.

[6] Boiled to their essence, Professional Objectors are most often described as and compared to extortionists or other thugs who extract cash through wrongful means. The reality is that what Professional Objectors seek in exchange for simply dropping their objections/appeals is to be paid off. Seldom if ever does the class receive a benefit. Pentz has served as a Professional Objector in at least 39 cases. *See Davis v. UST*, No. 17305 II, Circuit Court for

7

Jefferson County, TN; *Taubenfeld v. Aon Corp.*, 415 F.3d 597 (7th Cir. 2005); *In re Lucent Technologies, Inc.*

*Securities Litigation*, 327 F. Supp. 2d 426 (D.N.J. 2004); *In re Relafen Antitrust Litigation*, 231 F.R.D. 52 (D. Mass.

2005); *Spark v. MBNA Corp.*, 289 F. Supp.2d 510 (D. Del. 2003); *In re Warfarin Sodium Antitrust Litigation*, 212

F.R.D. 231 (D. Del. 2002); *In re Charter Communications, Inc.*, MDL 1506, 02cv1186 (E.D. Mo. 2005); *Curry v.*

*Fairbanks Capital Corp.*, 03cv10895 (D. Mass. 2004); *Azizian v. Federated Department Stores, Inc.*, 03cv3359

(N.D. Cal. 2005); *In re Serzone Products Liability Litigation*, MDL 1447 (S.D.W.V. 2005); *In re Visa*

*Check/Mastermoney Antitrust Litigation*, 96cv5238 (E.D.N.Y. 2004); *In re Compact Disc Minimum Advised Price*

*Antitrust Litigation*, MDL 1361 (D. Me. 2003); *Tenuto v. Transworld Systems, Inc.*, 2002 WL 188569 (E.D. Pa.); *In*

*Re Allstate Fair Credit Reporting Acti Litigation,* (M.D. Tenn.); *Lipuma v. American Express*, 04cv20314 (S.D.

Fla.); *Clark v. Experian Information Solutions, Inc.*, 2004 U.S. Dist. LEXIS 28324 (D.S.C.); *Schwartz v. Citibank*,

00cv75 (C.D. Cal.); *Mangone v. First USA Bank*, 206 F.R.D. 222 (S.D. Ill. 2001); *In re PayPal Litigation*, 2004

U.S. Dist. LEXIS 22470 (N.D. Cal.); *Benacquisto v. American Express*, 00cv1980, (D. Mn); *In re Disposable*

*Contact Lens Antitrust Litigation*, MDL 1030 (M.D. Fla.); *Galanti v. The Goodyear Tire & Rubber Company*,

03cv209 (D.N.J.); *In re NE Mutual Life MDL, et al.*, 96cv11534 (D. Mass.); *In re Daimlerchrysler, et al.*, 00cv993

(D. Del.); *In re Rite Aid Corp.*, MDL 1360 (E.D. Pa.); *Schwartz v. Dallas Cowboys Football*, 97cv5184 (E.D. Pa.);

*Zawikowski v. Beneficial National Bank*, 98cv2178 (N.D. Ill.); *Synfuel Technologies, LLC v. Airborne Express, Inc.,*

02cv324 (S.D. Ill.); *Meyenburg v. Exxon Mobil Corp.*, 05cv15; *In re: MCI-Subscriber Telephone Rates Ligitaion*,

MDL 1275, 99cv1275 (S.D. Ill.); *Lindmark v. American Express*, 00cv8658 (C.D. Cal.); *Roasted v. First USA Bank*,

97cv1482 (W.D. Wash.); *In re: Managed Care, et al.*, MDL 1334 (S.D. Fla.); *Varacallo v. Massachusetts Mutual*

*Life Insurance Company*, 04cv2702 (D.N.J.); *Landreneau v. Fleet Bank (RI) National Ass'n*, 01cv26 (M.D. La.);

*Barnes v. FleetBoston Financial Corp.*, 2006 U.S. Dist. LEXIS 71072 (D. Mass.); *In re Royal Ahold N.V. Securities*

*& ERISA Litigation*, 461 F. Supp. 2d 383 (D. Md. 2006); *Lachance* v. *United States Smokeless Tobacco*, no. 2006-

2007 564. (N.H. 2006).

  Of these cases, the majority were overruled or denied by the court. Some examples include *Taubenfeld v.*

*Aon Corp.*, where the court overruled Pentz's client's objection. "The objector's quarrel with the portion of lead

counsel's award pertaining to reimbursement for expenses barely warrants comment." *Taubenfeld* at 600. Also, in

*In re Lucent Technologies, Inc. Securities Litigation,* where the court ruled against the objectors and found that

Pentz's client's objection had misstatements of facts and was misleading. *Id.* In *Spark v. MBNA Corp.*, the Court ruled against Pentz's client's objection and found the objector's, "opposition to class counsel's fee petition appears to be nothing more than an attempt to receive attorneys' fees." *Id.* In *In re Warfarin Sodium Antitrust Litigation*, the Court overruled Pentz's specific objections and found that Pentz's client seemed to have a misunderstanding of the Settlement.

In *In re Compact Disc Minimum Advised Price Antitrust Litigation*, the Judge called Pentz's obejction, "groundless," called Pentz a "professional objector" and required Pentz to post an appeal bond, which he never ended up posting. The district court required the objector, who was represented by Pentz, to post a bond because that appeal "might be frivolous," and because imposition of sanctions on appeal pursuant to Rule 38, was "a real probability." The court specifically concluded that a bond for "damages resulting from delay or disruption of settlement administration caused by a frivolous appeal may be included in a Rule 7 bond." *Id.*, *5. Mr. Pentz and his client voluntarily dismissed their appeal thirteen days later. (MDL 1361 Docket item number 325.) The Court in this case specifically noted, "I have previously noted that Attorney Pentz...filed a groundless objection following the fairness hearing, ... and he appears to be a repeat objector in class action cases. *See, e.g., Spark v. MBNA Corp.*, 48 Fed. Appx. 385, 386 (3d Cir. 2002) (listing Mr. Pentz, from The Objectors Group, as counsel for objectors); *Tenuto v. Transworld Sys.*, 2002 U.S. Dist. LEXIS 1764, 2002 WL 188569 (E.D. Pa. Jan. 31, 2002), at *2 (same)." *Id.* at 6.

In *In re Disposable Contact Lens Antitrust Litigation,* the Court ruled against Pentz's client, found that counsel for the objector, Pentz, never even read the case file in its entirety and that the objector's ignorance would prejudice the parties if allowed to intervene. In *Barnes v. FleetBoston Financial Corp*, the Court ruled against a portion of the objection and found for a bond for the remainder of the objections. Further, the Court found objector, "Feldman and her attorney, John Pentz (who is also her son-in-law) are professional objectors..." *Id.* Finally, in *In re Royal Ahold N.V. Securities & ERISA Litigation*, the Court overruled Pentz's objection and further held, "Pentz is a professional and generally unsuccessful objector..." Also, "In summary, the Pentz/Tsai objection was not well reasoned and was not helpful." *Id.*

Undoubtedly, Pentz's "objections and appeals are not truly made to advance the interest of the class members. Pentz has admitted that "the bulk of his income does not come from court-awarded fees," and that the payments he receives from the parties to drop his objections "usually dwarf court awards." "So how does Pentz make a living? He refuses to generalize, arguing that every case is unique. But he will acknowledge that the bulk of his income does not come from court-awarded fees...[T]hat kind of fee is the exception rather than the rule, Pentz says. Instead, objectors make most of their money when class counsel pay them to drop their objections. Pentz concedes that payments from class counsel usually dwarf court awards. Joe Whatley of Birmingham-based Whatley Drake, who faced off with Pentz in three different cases, says he has always paid Pentz to drop objections without making changes to the settlement. 'It's like having to pay a tax,' Whatley says." Lisa Lerer, "Fringe Player, The Objector, John Pentz, Class Action Fairness Group, Sudbury, Massachusetts," Litigation 2004, a supplement to The American Lawyer & Corporate Counsel, Oct. 1, 2004. Pentz does not dispute that he is a Professional Objector and even if he did there is ample evidence that he is and that his objections are not received favorably by the Courts.

9

filing objections in class actions. As of February 1, 2010, Cochran objected to over 100 class actions with little to no benefit accruing to class members worth speaking of. It is believed that Pentz eclipsed the number of total objections filed by his mentor Cochran, and both routinely receive compensation for dismissing objections, mostly in return for no benefit being passed to the class. While only a fraction of the cases in which they have filed objections are published, there is no reasonable doubt that Professional Objectors Pentz and Cochran knew full well the significance of insuring that their client Fatima Andrews attend the deposition prior to the Final Approval hearing and the advantages they would have on appeal if she did not. They also knew that Plaintiff Class formally served their client for the purpose of taking her deposition and that a related Court Order compelled her attendance. Ms. Andrews was personally served and her counsel conceded they were fully aware of Judge Polster's order. Despite these compelling facts, Ms. Andrews did not make

---

In *Joyce Beasley* v. *Prudential General Insurance,* Opinion and Order Granting Plaintiffs Motion to Strike the Notice of Intent to Appear, Objection to Class Action Settlement and Request for Attorneys' Fees and Motion to Intervene of Objector Thomas and Marilyn Bell, Circuit Court of Miller County, Arkansas, June 9th, 2006 (hereafter, Arkansas Opinion."), the Court found that Pentz's, "practice appears devoted to filing objections in class action settlements. *See* Attachment C, Arkansas Opinion. Pentz appears to be a repeat objector in class action cases which is sometimes referred to as a professional objector." *Id.* at 5 (citation omitted) The Arkansas Opinion reviewed *In re Compact Disc,* where the Court imposed an appeal bond against Pentz because Pentz's appeal appeared frivolous and filed a "groundless objection." *Id.* The Arkansas Opinion further noted that at no point did Pentz reveal to the Court in his Affidavit that a federal district court had found him to be a repeat objector who filed a groundless objection. *Id.* Pentz's affidavit falsely stated that he was "never sanctioned or disciplined by any lawyer disciplinary agency in any jurisdiction." *Id.* at 12. This Court further found that Pentz engaged in the unlicensed and unauthorized practice of law in Arkansas when he filed the Objectors' Pleadings without first submitting the required *pro hac vice* materials. *Id.* at 16. The court found that because, "Pentz specializes in objecting to Class Settlements. Because of his chosen vocation, Pentz should be familiar with the basic process of searching the case law of various states." *Id.* Also, the Court noted, "Given that many if not most, sanction, contempt and Rule 11 orders are not published in publicly available databases, this Court has significant questions whether Pentz is concealing additional information relevant to any motion for admission *pro hac vice* he may file in the future." *Id.* at 13. Additionally, the Court found that it was Pentz's "conduct in and of itself that renders Objectors' Pleadings null and void." *Id.* at 16. The Court found that because Pentz's Pleadings were found to be null and void, the Objectors lost their right to formally assert their objections. *Id.* Finally, the Court found that Pentz operates under the trade name of "Class Action Fairness Group," a name that is similar to the federal Class Action Fairness Act, however, "Pentz neither appears to have a relationship with any governmental agency charged with enforcing the Class Action Fairness Act and appears to represent a public or charitable legal services group. Pentz has not rebutted that he operates on a for-profit basis." *Id.* at 8.

[7] This should come as no surprise, Andrews' counsel are self-described professional objectors. "Attorney Cochran has been involved, either as an Objector Counsel, or as Class Counsel, in over 100 class actions." *See*

herself available and neither of her counsels appeared at the time and date that Judge Polster's order set certain for her deposition. As Professional Objector's Pentz and Cochran were keenly aware of the many activities being undertaken during the time period in issue and chose to play a shell game. The record has since been closed and because Fatima Andrews and her Counsels chose to play games and ignore Court imposed obligations, the record on appeal is incomplete and Plaintiffs have suffered irreparable harm.

As Professional Objectors, Pentz and Cochran knew here that discovery would be sought on their Objector client on an expedited basis and the advantages of not producing her.[8] *See* Affidavit of Robert Bonsignore in Support of Sanctions at ¶44. The failure to provide Andrews for her deposition following the order compelling her attendance was an act of either gross attorney neglect, or a deliberate and willful act to prevent valid service. Either or effectively obstructed the orderly administration of justice in this matter warranting sanctions against Andrews and Pentz and Cochran.

However, there is no question here that Objector Andrews and her legal counsel's misconduct was deliberate and knowing. This is because there is no dispute that Counsel had actual knowledge of (both) notices of their client's deposition (the original notice setting the date as October 7, 2009 and the subsequent notice rescheduling the Andrews deposition to October 12, 2009) and Judge Polster's explicit Court Order compelling their client to be deposed on the date and at the time in issue.

---

www.edwardcochran.com. Remarkably, in the one case he claims to be the source of his greatest pride, the reviewing Court found that he was not entitled to fees.
[8] Agreements to produce clients for deposition by Professional Objector counsel are unheard of and do not occur. Formal service is required. Professional Objector Counsel seek to shield their objector clients from deposition. That is exactly why Class Counsel undertook the great effort and expense to personally serve them and have orders compelling attendance at deposition properly ordered in the Federal District Court where the Objectors were located.

11

Second, Pentz and Cochran never acted to obtain a protective order that would have set aside her mandatory attendance or to otherwise set aside Judge Polster's Order so that her non-attendance would have been forgiven.

Third, Pentz and Cochran never attempted to contact Plaintiffs' Counsel and firmly reschedule the deposition. This failure to subsequently and certainly produce her for deposition establishes a consciousness of guilt and the alleged bad intent. Instead, the subsequent conduct of Cochran and Pentz only served to successfully withhold their client from being deposed and insured that the record would close without allowing Plaintiffs and their Counsel the ability to test and create a record as to the basis for her objections and more.[9] They cut off the ability of Class Counsel to examine Ms. Andrews and create a full record and the consequences for doing so must be borne by the responsible parties- Andrews, Pentz and Cochran, not the Class.

Moreover, as Officers of the Court, Pentz and Cochran are responsible for their choices of action which here is their own failure to produce Ms. Andrews for deposition or to otherwise appear on her behalf and or otherwise act as required under the circumstances. Attorneys Pentz and Cochran must should and be sanctioned for their misconduct.[10] In addition to being given the rightful consequence for their conduct, the sanction will serve as an obviously and badly needed deterrent in the future. There is no doubt that this case is being closely followed by Professional

---

[9] It is well accepted among experienced class counsel that Professional Objectors seek to avoid the deposition of their clients. This is because in most cases the actual objectors are uninformed or misinformed. *See e.g. Docket* no. 472, Deposition of Deborah Maddox. Except in rare circumstances, the client objectors detract rather than contribute to the ultimate goal of the Professional Objector- the creation of a colorable basis for appeal in the record.

[10] As this Court is well aware, it may also impose sanctions under Rule 11 for filings which are frivolous, legally unreasonable or brought for an improper purpose. *See Townsend v. Holman Consulting Corp.*, 929 F. 2d 1358, 1362 (9th Cir. 1990).

Objectors' counsel who focus on class action practice as well as legal commentators and academics across the country.

### C. The Requested Monetary Sanctions are Reasonable and Appropriate to Address the Misconduct by Objector Andrews and Professional Objector Pentz, to Deter Such Future Misconduct or Comparable Misconduct, and to Compensate Plaintiffs and Their Counsel for Actual Harm Suffered.

It is critical that this Court impose sanctions against Objector Andrews and Professional Objector Counsels Pentz and Cochran. Absent the imposition of sanctions in this case, the misconduct of Andrews and her counsel here will serve as a road map for other Professional Objectors seeking to avoid deposition and other discovery. This loophole should rightly be closed. The road to final closure that parties to class actions face is already too long and difficult and, blocked by artificial barriers imposed by modern day bandits at a remarkable, yet, still undocumented rate.

Plaintiffs and their Counsel emphasize that the fact that Andrews is represented by Professional Objectors is highly probative here not to establish bad faith in the filing of the Objection,[11] but to reasonably attribute to her Counsel the proper context in which their actions relating to Ms. Andrews non appearance at a court ordered deposition should be viewed including the appropriate level of specialized experience and knowledge and sophistication. Professional Objectors have extensive experience in objecting to class action lawsuits which make them keenly aware of the short time frame within which Class Counsel must conduct and complete discovery of

---

[11] A determination as to whether an appeal is frivolous is reserved to the Appeals Court, not the district court. *Vaughn v. American Honda Motor Co., Inc.*, 507 F.3d 295, 299 (5th Cir. 2007); *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 407 (1990); *In re American President Lines, Inc.*, 779 F.2d 714, 717 (D.C. Cir 1985); *Azizian v. Federated Dept. Stores*, 499 F.3d 950, 960 (9th Cir. 2007); *In re Vasseli*, 5 F.3d 351, 353 (9th Cir 1993) (citing *In re American President Lines, Inc.* 779 F.2d 714, 717 (D.C. Cir. 1985).

13

objectors. There are no actions by accident, there are actions taken to exploit nuances presented within the objection process. Pentz and Cochran knew at the time they did not appear that taking the deposition of an Objector was acted upon formally by Class Counsel who considered it a necessity and chose to play the odds that no consequences would be pursued due to time constraints including the procedural hurdles presented during an exceptionally busy period.

For these reasons, this Court should explicitly find that Professional Objector Pentz and Cochran knowingly and willfully obstructed justice in this case.  This misconduct injected unnecessary chaos, complexity and confusion into the Litigation, taking Court and attorney time away from other time sensitive and critically important mandatory activities during the pre-final approval "overwhelmingly demanding period."  Professional Objectors must not be allowed to disrupt litigation in this manner, and the failure to impose sanctions will certainly encourage repeats of this conduct as Professional Objectors look for any colorable way to inject delay and confusion.  This Court should impose sanctions upon the Objector and her Professional Objector Counsel sufficient to discourage comparable misconduct by others similarly situated.[12]

Specifically, the actual costs suffered by Plaintiffs and their counsel as a result of the failure to appear at the deposition are as follows:

- $10,350.00 for a total of 26.3 hours spent attempting to effect service and time wasted preparing for the deposition of Fatima Andrews;[13]

---

[12] This Court is extremely well respected by the Bar.  Among other things it is perceived as a "no-nonsense" Court that does not tolerate sketchy conduct or unfair litigation tactics.

[13] This is broken down as follows: The cost of service was $69.18. The cost relating to the appearance of the stenographer for the duly scheduled deposition and the stenographers recording of Ms. Andrews' non-appearance at was $130.00.  This service and deposition costs total $199.18. In effecting service, preparing for deposition, Attorney Bonsignore spent 11.6 hours valued at $6,380.00; Attorney Robin Brewer spent 1.2 hours valued at $540.00 and Thomas Henretta spent 9.2 hours valued at $3,220.00 and Attorney Richard Kirchner spent a total of

14

- $69.18 for the cost of the special process server and $130.00 for the non-appearance at the deposition[14] [related travel costs including airfare, hotel, and meals for counsel are not requested at this time]; and

- $11,860.00 for 22.2 hours of counsel's time to research, draft, and file this Motion for Sanctions and accompanying documentation.[15]

Thus, the total amount of actual costs requested is $22,409.18.   Additional sanctions pursuant to Rule 37 and necessitated by the willful and unethical misconduct of Professional Objectors Pentz and Cochran should also be imposed in this Court's discretion and is requested below.

## CONCLUSION

---

4.3 hours valued at $1,720.00 for a total of 26.3 wasted attorney hours charged at $11,860.00. *See* Affidavit of Robert J. Bonsignore in Support of Sanctions as to Andrews and her Counsel ¶32. Lawyer's Staff time and this Court's and its staff's and Judge Polster's Court's and his staff's time, which are not included here, represent additional needlessly wasted time and resources.

[14] *See* Attachment D, Cady Reporting Services, Inc. Invoice no. 972163; Attachment E, Process Server Invoice.
[15] In drafting this Motion, Attorney Bonsignore spent 10.2 hours valued at $5,610.00; Nicole Vamosi spent 8.1 hours valued at $3,240.00; Attorney Richard Kirchner spent 1.1 hours valued at $440.00; Robin Brewer spent .8 hours valued at $360.00 and Thomas Henretta spent 2.0 hours valued at $700.00. The total hours spent researching, writing and editing was 22.2 with an assessed value of $10,350.00. *See* Affidavit of Robert J. Bonsignore in Support of Sanctions as to Andrews and her Counsel ¶33. Again, the value of the attorney's staff time and this Court's and its staff's and Judge Polster's Court's and his staff's time, which are not included here, represent additional needlessly wasted time and resources.

15

Wherefore, for the reasons set forth herein, Plaintiffs respectfully ask the Court to impose the requested economic and non-economic sanctions against the Objector and her Counsel pursuant to Rule 37 and this Court's inherent authority to impose sanctions.

To address the misconduct and prevent future abuses, the specific relief requested is as follows:

(1) monetary sanctions against Andrews in the amount of $22,409.18 or an amount deemed just and reasonable by this Court. *See* FRCP Rule 37;

(2) a finding that Andrews willfully failed to appear at deposition without having obtained a protective order, and resulting monetary sanctions;

(3) a finding that Andrews willfully failed to make herself available for deposition after having failed to attend a deposition at which her attendance was compelled by Order of Court without having obtained a protective order;

(4) a finding that because of Andrews' willful and knowing conduct that all inferences as to what her testimony would have been be deemed against her interest;

(5) a finding that the fact that Objector Andrews was never deposed prior to the close of the record is attributable to the willful and knowing actions and inactions of Professional Objector Counsels Pentz and Cochran;

(6) a finding that Professional Objector Counsels Pentz and Cochran knowingly and willfully obstructed the appearance of Objector Fatima Andrews at her duly noticed deposition;

(7) a finding that because no effort was taken by Counsels Pentz and Cochran to produce Andrews for deposition before the Final Approval Hearing and the closing of the related record resulted in irreparable harm to the Class.

(8) a finding that Professional Objector Counsels Pentz and Cochran knowingly and willfully did not act as required to produce Andrews for deposition on a certain date and at a certain time

*Plaintiffs' Memorandum in Support of Motion for Imposition of Sanctions Against Objector Fatima Andrews and Her Counsels John J. Pentz and Edward Cochran*

after she failed to obey Judge Polster's Court order compelling her attendance prior to the closing of the record;

(9) a finding that Professional Objector Counsels Pentz and Cochran acted to achieve the purpose of avoiding the introduction of their Client's testimony into the record;

(10)  a finding that Professional Objector Counsels Pentz and Cochran acted in furtherance of carrying out the known unfair obstructionist strategies utilized by Professional Objectors, resulting in monetary and non monetary sanctions;

(11) an order that Andrews' Counsel provide this Court with a list of all actions – by Court Name, Address, Phone, Fax, Case Name and Docket Number – in which they have filed an objection to a class action settlement and whether, in each action listed, Counsel was requested to produce the client for deposition; and whether the client was in fact deposed;

(12) a finding that as Professional Objector Counsels who have developed specialized experience and knowledge, Pentz and Cochran knew that formal discovery would be sought during a small window of opportunity by Plaintiffs' counsels on an expedited basis and that their actions and inactions were undertaken to gain an unfair advantage at the Appellate level of review by insuring the record would not contain the deposition of Objector Andrews;

(13) monetary sanctions against Attorneys Pentz and Cochran in the amount of $22,409.18, (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;  (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party, or, in addition

17

to these sanctions, require the Andrews failing to act, Counsel, or both to pay the reasonable expenses, including attorney's fees caused by the failure, or an amount deemed just and reasonable by this Court. *See* Rule 37.

(14) other findings as this Court deems just, reasonable and/or necessary under the circumstances

Plaintiffs request that the sanctions requested in paragraphs (1) through (10), and (12) above be decided forthwith, and that Professional Objector Counsel Pentz (and any relevant associate counsels) be ordered to produce the information requested in paragraph (11) within two (2) weeks. Plaintiffs further request that the relief requested in paragraphs (13) and (14), including monetary sanctions against Pentz and Cochran, be reserved until the information requested in paragraph (11) above is provided for validation and cross checking with an additional 4 weeks following its receipt for briefing and a one week period allowing Pentz and Cochran to respond, and an additional one week period allotted to Plaintiffs counsel for a Reply.

Date: February 10, 2010          Respectfully Submitted,


                                 s/
                                 Robert J. Bonsignore (BBO # 547880)
                                 BONSIGNORE & BREWER
                                 23 Forest Street
                                 Medford, MA 02155
                                 Telephone: (781) 391-9400
                                 Fax: (781) 391-9496
                                 Rbonsignore@class-actions.us
                                 *Plaintiffs' Co-Lead Counsel*

Daniel D. Ambrose, Esq.
Ambrose Law Group
1007 East West Maple Road
Walled Lake, MI 48390
(248) 624-5500

Franklin D. Azar, Esq.
Rodney P. Bridgers, Jr., Esq.
Nathan J. Axvig, Esq.
Franklin D. Azar & Associates P.C.
14426 East Evans Ave.
Aurora, CO 80014
(303) 757-3300

Robin E. Brewer, Esq.
Nicole Vamosi, Esq.
Rick Kirchner, Esq.
Kelly Elam, Esq.
Julie Baker, Esq.
Bonsignore & Brewer
23 Forest Street
Medford, MA 02155
(781) 350-0000

Todd S. Collins, Esq.
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103
(800) 424-6690

Lanny H. Darr
Schrempf, Kelly, Knapp & Darr, Ltd.
307 Henry St.
Suite 415
Alton, IL 62002
(618) 465-2311

R. Deryl Edwards, Jr., Esq.
606 S. Pearl Ave.
Joplin, MO 64801
(417) 624-1962

Craig O. Asbill, Esq.
Charles G. Monnett & Associates
200 Queens Road
Suite 300
Charlotte, NC 28204
(704) 376-1911

Richard Batesky, Esq.
Attorney at Law
22 E. Washington St., Suite 610
Indianapolis, IN 46204
(800) 822-2039

Mark C. Choate, Esq.
Choate Law Firm LLC
424 N. Franklin Street
Juneau, AK 99801
(907) 586-4490

Adriana Contartese, Esq.
Rafaela Hanley, Esq.
Attorney at Law
866 East Fifth St.
Boston, MA 02127
(617) 268-3557

Paul C. EchoHawk, Esq.
Nathan Long, Esq.
EchoHawk Law Offices
Paul C. EchoHawk
505 Pershing Avenue
Pocatello, ID 83205
(208) 478-1624

Ivy L. Frignoca, Esq.
Lambert Coffin Haenn
477 Congress St, 14th Fl
Portland, ME 04112
(207) 874-4000

19

Courtney French, Esq.
Fuston, Petway & French, LLP
3500 Colonnade Parkway
Suite 300
Birmingham, AL 35243
(205) 977-9798

Troy N. Giatras, Esq.
The Giatras Law Firm, PLLC
118 Capitol Street
Suite 800
Charleston, WV 25301
(304) 343-2900

Christopher R. Gilreath, Esq.
Gilreath & Associates
550 Main Street
Suite 600
Knoxville, TN 37902
(865) 637-2442

Vincent J. Glorioso, III, Esq.
The Glorioso Law Firm
815 Baronne Street
New Orleans, LA 70113
(504) 569-9999

Donald S. Goldbloom, Esq.
12590 National Pike
Grantsville, MD 21536
(301) 895-5240

Gregory F. Greiner, Esq.
Greiner Law Office
630 G Ave.
Grundy Center, IA 50638
(319) 824-6951

J. Thomas Henretta, Esq.
Law Offices of J. Thomas Henretta
400 Key Building
159 South Main Street
Akron, OH 44308
(330) 376-7801

Thomas H. Johnson, Esq.
Thomas H. Johnson Law Office
410 Hickory St.
Texarkana, AR 71854
(870) 773-6359

Christopher Meeks, Esq.
Lynch, Meeks & Battitori
1031 Military Avenue
Baxter Springs, KS
(620) 856-2771

Mike Miller, Esq.
Stacey E. Tjon, Esq.
Solberg, Stewart, Miller & Tjon
1129 Fifth Avenue South
Fargo, ND 58103
(701) 237-3166

Pamela Mullis, Esq.
The Mullis Law Firm
1229 Elmwood Ave
Columbia, SC 29201
(803) 799-9577

Glen W. Neeley, Esq.
Attorney at Law, P.C.
863 25th St.
Ogden, UT 84001
(801) 612-1511

Gary S. Nitsche, Esq.
Weik, Nitsche, Dougherty
1300 N. Grant Ave, Suite 101
Wilmington, DE 19899
(302) 655-4040

D. Michael Noonan, Esq.
Shaheen & Gordon, P.A.
140 Washington Street
P.O. Box 977
Dover, NH 03821
(603) 749-5000

| | |
|---|---|
| Raymond A. Pacia, Esq.<br>Attorney At Law, LTD<br>50 Power Road<br>Pawtucket, RI 02860<br>(401) 727-2242 | Jeffrey M. Padwa, Esq.<br>Padwa Law<br>303 Jefferson Blvd.<br>Warwick, RI 02888<br>(401) 921-4800 |
| Arthur Y. Park, Esq.<br>Laurent J. Remillard, Jr., Esq.<br>John C. McLaren, Esq.<br>Park Park & Remillard<br>707 Richards Street<br>Suite 500<br>Honolulu, HI 96813<br>(808) 536-3905 | Wayne D. Parsons, Esq.<br>Wayne D. Parsons Law Offices<br>Dillingham Business Center<br>Suite 201C<br>1406 Colburn Street<br>Honolulu, HI 96817<br>(808) 845-2211 |
| John Rausch, Esq.<br>P.O. Box 905<br>Waterloo, IA 50704<br>(319) 233-3557 | Dan Rausher, Esq.<br>Attorney at Law<br>26 Court Street<br>Suite 1604<br>Brooklyn, New York 11242<br>(718) 596-7333 |
| Dirk A. Ravenholt<br>RAVENHOLT & ASSOCIATES<br>2013 Alta Drive, Las Vegas, Nevada 89106<br>(702) 647-0110 | Thomas R. Ricci, Esq.<br>Law Office of Thomas R. Ricci<br>303 Jefferson Blvd.<br>Warwick, RI 02888<br>(401) 921-4800 |
| Fred Schultz, Esq.<br>Greene & Schultz<br>Showers Plaza<br>320 W. 8th Street<br>Suite 100<br>Bloomington, IN 47404<br>(812) 336-4357 | Cynthia K. Smith, Esq.<br>Jasper Smith Olson, P.C.<br>202 W. Spruce St.<br>P.O. Box 7785<br>Missoula, MT 59807<br>(406) 541-7177 |
| Stephen M. Smith, Esq.<br>Joseph Smith Ltd.<br>2100 Kecoughtan Road<br>Hampton, VA 23661-0437<br>(757) 244- 7000 | Laurence W. Stinson, Esq.<br>Bradley D. Bonner, Esq.<br>Bonner Stinson, P.C.<br>P.O. Box 799<br>128 East Second Street<br>Powell, WY 82435<br>(307) 754-4950 |
| Mark Tate, Esq.<br>Tate Law Group, LLC<br>2 East Bryan Street | Jill P. Telfer, Esq.<br>Law Offices of Jill P. Telfer |

Suite 600
Savannah, GA 31401
(912) 234-3030

Matthew Tobin, Esq.
201 S. Phillips Avenue
Suite 200
Sioux Falls, SD 57104
605-366-9715

Ernest Warren, Jr., Esq.
Walker Warren & Watkins
838 SW First Avenue
Suite 500
Portland, OR 97204
(503) 228-6655

331 J. Street, Ste. 200
Sacramento, CA 95814
(916) 446-1916

Jay A. Urban, Esq.
Urban & Taylor S.C.
4701 North Port Washington Road
Milwaukee, WI 53212
(414) 906-1700

Christopher P. Welsh, Esq.
James R. Welsh, Esq.
Welsh & Welsh, P.C. L.L.O.
9290 West Dodge Road
100 The Mark
Omaha, Nebraska, 68114
(402) 384-8160

22

*Plaintiffs' Memorandum in Support of Motion for Imposition of Sanctions Against Objector Fatima Andrews and Her Counsels John J. Pentz and Edward Cochran*

## CERTIFICATE OF SERVICE

I hereby certify that on February 10, 2010, a copy of the foregoing *Plaintiffs'*
*Memorandum in Support of Motion for Imposition of Sanctions Against Objector Fatima*
*Andrews and Her Counsels John J. Pentz and Edward Cochran* was filed electronically [and
served by mail on anyone unable to accept electronic filing]. Notice of this filing will be sent by
e-mail to all parties by operation of the Court's electronic filing system [or by mail to anyone
unable to accept electronic filing]. Parties may access this filing through the Court's system.

/s/ Robert J. Bonsignore
Robert J. Bonsignore