Robert J. Bonsignore (BBO # 547880)
BONSIGNORE & BREWER
23 Forest Street
Medford, MA 02155
Telephone: (781) 350-0000
Facsimile: (781) 391-9496
Email: rbonsignore@classactions.us
*Co-Lead Counsel for Plaintiffs*

*Other signatories appear below*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| IN RE WAL-MART WAGE AND HOUR EMPLOYMENT PRACTICE LITIGATION | **MDL 1735** |
| THIS DOCUMENT RELATES TO: ALL ACTIONS EXCEPT KING v. WAL-MART STORES, INC., CASE NO. 07-1486-WY | 2:06-CV-00225-PMP-PAL (BASE FILE) |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR IMPOSITION OF SANCTIONS AGAINST OBJECTOR JESSICA LYNN GAONA AND HER COUNSELS CHRISTOPHER BANDAS AND LISA RASMUSSEN**

1

*Plaintiffs' Memorandum in Support of Motion for Imposition of Sanctions Against Objector Jessica Lynn Gaona and Her Counsels Christopher Bandas and Lisa Rasmussen*

# TABLE OF CONTENTS

I.      FACTS ...................................................................................................................... 2

II.     ARGUMENT ............................................................................................................. 6

        A.      Sanctions Are Appropriate as to Objector Gaona Because She Provided an
                Incorrect Address to the Court and Failed to Appear for her Deposition in
                Violation of an Explicit Court Order ....................................................................... 7

        B.      Sanctions Are Appropriate as to Counsels Bandas and Rasmussen because they

                Violated Rule 11 by Submitting a Pleading to the Court Containing False and

                Unsupported Factual and Legal Assertions and/or then Failed to Produce Their

                Client for Deposition Despite Valid Process and or Explicit Court Order and/or

                Act to Correct the Record ..................................................................................... 8

        C.      The Requested Monetary Sanctions are Reasonable and Appropriate to Address ...

                the Misconduct by Objector Gaona and Professional Objectors Bandas and ..........

                Rasmussen to Deter Such Future Misconduct or Comparable Misconduct and to ..

                Compensate Plaintiffs and Their Counsel for Actual Harm Suffered ................... 12

IV.     CONCLUSION .............................................................................................................. 14

i

*Plaintiffs' Memorandum in Support of Motion for Imposition of Sanctions Against Objector Jessica Lynn Gaona and Her
Counsels Christopher Bandas and Lisa Rasmussen*

# TABLE OF AUTHORITIES

*Azizian v. Federated Dept. Stores*

499 F.3d 950 (9th Cir. 2007) ..................................................................................................... 9, 12

*Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.*

498 U.S. 533 (1991) ........................................................................................................................ 9

*Carter v. Wal-Mart*

2006 CP1500839, South Carolina Charleston County Common Pleas Court.............................. 10

*Christian v. Mattel, Inc*

286 F.3d 1118 (9th Cir. 2002) ...................................................................................................... 9

*Cooter & Gell v. Hartmax Corp.*

496 U.S. 384 (1990) ..................................................................................................................... 12

*G.C. and K.B. Investments, Inc. v. Wilson*

326 F.3d 1096 (9th Cir. 2003) ...................................................................................................... 9

*Hale v. Wal-Mart Stores, Inc.*

Case No. 01-218710, Circuit Court of Jackson County ............................................................... 10

*In re American President Lines, Inc.*

779 F.2d 714 (D.C. Cir 1985)....................................................................................................... 12

*In re Vasseli*

5 F.3d 351 (9th Cir 1993) ............................................................................................................. 12

ii

*Montrose Chemical Corp. of Calif. v. American Motorists Ins. Co.*

117 F.3d 11128 (9th Cir. 1997) ....................................................................................................... 9

*Sarda v. Wal-Mart*

Case No. 1D09-4881, Florida First District Court of Appeal ...................................................... 10

<u>*Townsend v. Holman Consulting Corp.*</u>

<u>929 F. 2d 1358 (9th Cir. 1990)</u> ................................................................................................... 11

*Vaughn v. American Honda Motor Co., Inc.*

507 F.3d 295 (5th Cir. 2007) ....................................................................................................... 12

<u>Other Authorities</u>

Fed. R. Civ. Proc. 11

iii

Pursuant to Rule 11 of the Federal Rules of Civil Procedure (hereafter, "Rule 11") and/or the inherent power of the District Court, Plaintiffs move this Honorable Court to impose sanctions against Objector Jessica Lynn Gaona (hereafter, "Gaona," "Objector" "Objector Gaona" or "Client") and her Counsels Christopher Bandas, Esq. and Lisa Rasmussen, Esq. (hereafter, "Legal Counsels" or "Counsels"). The basis for the request as to Gaona is that she filed an Objection that included material information that was untrue, and that she failed to correct the invalid information or otherwise act as was required under the circumstances. As to legal counsels Bandas and Rasmussen, sanctions are sought because they assisted in and/or placed on file a formal pleading – the Objection – without the required reasonable and competent inquiry and which contained untrue information regarding the client's address; and/or that they, thereafter individually and jointly, failed both to correct the record and to produce their client for deposition before the Final Approval Hearing and the closing of the related record despite actual knowledge of the false and invalid address in the record. Moreover, both Objector Gaona and her counsel completely failed to take a single reasonable remedial step or otherwise act as required under the circumstances.

The actions and failures to act by Objector Gaona and her Counsel have obstructed the orderly administration of justice in this case. Through this date, an invalid address for service for Gaona remains on file with this Court; and the costs related to Objector Gaona's "no show" deposition remain a burden carried by the Class. For these reasons, and as detailed herein, Gaona, Bandas and Rasmussen should be sanctioned for their misconduct and held accountable for the costs that they wrongfully caused the Class to incur.[1]

## I. FACTS

---

[1] The fact that the costs are modest argues <u>for</u> their assessment, not against it.

After many years of hard-fought litigation, Defendant Wal-Mart Stores, Inc. and its affiliated companies along with Class Counsels and Putatative Class Representatives (hereafter the "Parties") executed a Settlement Agreement (hereafter, "Settlement") seeking to finally resolve all disputes between them. The history and context of the instant litigation and its Settlement are well known to this Court. Both the history and the merits of the eventual Settlement have also been the subject of exhaustive briefing and multiple hearings.[2]

The explicit terms of the Settlement Agreement required that any Class Member who wished to object provide formal notification to the Court and the parties in writing, on or before a clearly identified final date for objections.[3] In particular, Section 8.15.3 of the Settlement Agreement expressly required as follows:

> 8.15.3. The written objection must be made under penalty of perjury and include the following information:
>
> …

---

[2] For the sake of brevity, Plaintiffs incorporate by reference the contents of the briefing, hearings and Orders relating to the composition of the complaint, Docket nos. 53, 56, 138, 154, 158, 289, 300-301; class certification, Docket nos. 89-94, 203-220, 231, 248, 249, 323; Preliminary Approval, Docket nos. 302-322; Final Approval, Docket nos. 425-438, 486. Plaintiffs also incorporate by reference the Requests for Bonds as to Objectors Gaona, Maddox, and Andrews filed by Robert Bonsignore and joined by the unified Plaintiffs' counsels. *See* Docket nos. 540-546, 549-554, 566-573. Plaintiffs also incorporate the responses of the Objectors to *all* requests for bonds. *See* Docket nos. 557, 558, 573, 583.

[3] *See* Docket nos. 435-1 through 435-5, Attachments to Declaration of Nicole Vamosi in Support of Final Approval, October 1, 2009. *See also* Docket no. 435, N-4, Summary Notice, to Declaration of Nicole Vamosi in Support of Final Approval, October 2, 2009.

8.15.3.2. The Objector's name, address, telephone number, and the contact
information for any attorney retained by the Objector in connection with the
objection or otherwise in connection with the Litigation.

The provision requiring Objectors to provide their addresses and contact information, as
well as the same information for their counsel, comports with the Federal Rules of Civil
Procedure that apply equally to every party in every litigated matter. There is no "Objector" or
Professional Objector" exemption.

On September 24, 2009, Gaona and her counsel, Christopher Bandas, Esq., a self-
described Professional Objectors, and Lisa Rasmussen, Esq. objected to the Settlement. *See*
Docket no. 387, September 24, 2009. Under the pains and penalties of perjury, Objector Gaona
provided and caused to be placed on file her address of residence as 6780 Wayman Ridge, Live
Oak, Texas, 78233. Also under the pains and penalties of perjury, she advised that Attorney
Christopher Bandas, Bandas Law Firm, 500 N. Shoreline Blvd., Corpus Christi, Texas, 78471;
and Lisa Rasmussen, Esq., 616 South 8th Street, Las Vegas, Nevada, 89101, represented her.

On October 5, 2009, Plaintiffs acted to take the deposition of Objector Gaona. *See*
Docket no. 441-2, Notice to Take Deposition of Jessica Lynn Gaona (hereafter, "Deposition
Notice"). *See also* Document 447-4, dated October 6, 2009 Court Order, and Docket no. 447-4,
amended Notice to Take Deposition of Jessica Lynn Gaona, October 6, 2009. A copy of the
Deposition Notice was served upon her counsel Bandas through electronic service on October 5,
2009 and October 6, 2009. The Deposition Notice provided Gaona with notice that her
deposition was to be taken at 11:00 a.m., October 9th, 2009 at Ak/ret Reporting, 555 N.
Carancahua, Suite 880, Corpus Christi, Texas. *Id.* Additionally, the deposition notice also made
clear that upon the request of the objector the alternative location of Law Offices of Anthony

Constant[4], 800 N. Shoreline Blvd., Suite 2700 S., Corpus Christi, Texas, one of her counsels of record was also acceptable. *Id.* Neither Gaona nor her counsel showed up for the deposition and neither responded to the Notice of Deposition.

An agreement was entered between counsel for Plaintiffs and Attorney Bandas on October 7, 2009 to take the deposition set for October 9, 2009 off-calendar on the condition that if resolution of the objection was not reached she would be made available prior to the Final Approval hearing. This agreement was later breached by the objector and her counsel. *See* Affidavit of Robert Bonsignore in Support of Sanctions against Objector Jessica Lynn Gaona and Her Counsel Christopher Bandas and Lisa Rasmussen at ¶15.

After the breach of Agreement became evident, Plaintiffs again formally took action to take the depositions of Objector Gaona on October 19, 2009.[5] *See* Docket no. 471-2, Notice to Take Deposition of Jessica Lynn Gaona, October 19, 2009. A copy of the Deposition Notice was served upon her counsel Bandas through electronic service on October 19, 2009. The Deposition Notice provided Gaona with notice that her deposition was to be taken on October 24, 2009, 11:00 a.m., LaQuinta Inn, 1619 N. IH-35, San Marcos, Texas, 78666. *See* Attachment A, Deposition Notice. The Deposition Subpoena was served on her counsel clearly providing her with notice that her deposition was to be taken.

On October 20, 2009, attempted service of the Subpoena to Testify at a Deposition in a Civil Action to Jessica Lynn Gaona (hereafter, "Deposition Subpoena") was made by process server Tim Shultz at the address Gaona provided to the Court in her Objection, 6780 Wayman

---

[4] It is the understanding of the class that Attorney Anthony Constant has withdrawn for the MDL 1735 related proceedings. If this is not the case we intend to seek sanctions against him. Also if the blame for the false address is pinned on Attorney Constant we seek sanctions.
[5] It is believed that Gaona did not reside at the address she provided to the Court and Counsels in her sworn objection. However, this presumed fact is the subject of an anticipated evidentiary hearing and request for sanctions and is not a part of this bond request.       4

Ridge, Live Oak, Texas, 78233. *See* Attachment B, Declaration of Not Found, Due and Diligent Search by Tim Shultz. *See also* Attachment C, Subpoena to Testify at a Deposition in a Civil Action to Jessica Lynn Gaona; Gaona Objection at 2. Shultz attempted service at Gaona's address twice, once at 9:10 a.m. when there was no response at the door and Shultz left delivery notice. *See* Attachment B, Declaration of Not Found, Due and Diligent Search by Tim Shultz. It is noteworthy that at 8:45 p.m. Process Server Shultz was clearly informed by the property's resident that Gaona did not reside at that address. *Id.* Notwithstanding the fact that through counsel she provided a false address to the Court, Gaona must be deemed for the fourth time as having been provided with notice that Plaintiffs wished to depose her because the Deposition Subpoena which was served on their counsel again provided Gaona with notice that her deposition was to be taken on October 24, 2009, 11:00 a.m., LaQuinta Inn, 1619 N. IH-35, San Marcos, Texas, 78666.

Neither Gaona nor Bandas nor Rasmussen appeared for deposition on October 24, 2009; nor did they contact Plaintiffs' counsel to indicate that Gaona would not appear to be deposed and/or arrange a firm follow-up date. As a result, Plaintiffs' counsel incurred costs relative to the preparation for, travel to, and attendance at the deposition, as well as the costs to notice, serve, and obtain court orders regarding the deposition; and the record in this Litigation closed without Plaintiffs having the opportunity to depose Gaona as to the underlying factual basis for her Objection and the other matters referenced in the Safe Harbor letter.

## II. ARGUMENT

5

Two facts are critical:  first, that every reasonable effort was made to serve Gaona at the address she had provided to Plaintiffs' counsel and the Court under the pains and penalties of perjury; and second, that notice to her Legal Counsels– of both the deposition and the Gaona's submission of a false address is not in dispute.  Under these circumstances, there was no justification for Gaona's failure to appear or her Legal Counsels failure to correct the record and/or produce Gaona to be deposed.  In fact, they acted in further violation of court rules and an express Court Order.

A. Sanctions Are Appropriate as to Objector Gaona Because She Provided an Incorrect Address to the Court and Failed to Appear for Her Deposition in Violation of an Explicit Court Order.

This Court should find that Objector Gaona provided an incorrect and false address in her Objection, filed with the Court under the pains and penalties of perjury, in violation of the explicit terms of the Settlement Agreement.

Shultz, the process-server, went to the address Gaona provided twice and on his second visit was informed in person by the property's resident that Gaona did not reside at that address. These facts are more than sufficient for the Court to conclude that Gaona committed perjury in her Objection pleading by providing a false address.[6]

An equally compelling reason why this misconduct is sanctionable, however, is is the effect that that false information had on this Litigation, Plaintiffs' counsel, and all the members of the Class who have complied with and abided by all of the rules and requirements throughout the Litigation.

---

[6] It should be noted that if Gaona did, in fact, live at that apartment, then she was validly served as Shultz left notice at the residence. Service in any case was accomplished on Gaona's counsel, who had the duty and obligation to inform her of the subpoena and the Court Order that she be deposed, and to apprise her of the consequences of violating a Court Order by failing to appear.

6

Gaona is an Objector, represented by Professional Objector counsels Bandas and Rasmussen. By providing an invalid address for service of process, Gaona (and her Legal Counsels) intentionally deprived Plaintiffs the opportunity to depose her, explore the factual and legal bases for her objection, and create a record for this Court and the Appellate Court prior to the Final Hearing on the Settlement. This willful misconduct obstructed justice by interfering with the orderly administration of this proceeding and has impacted and will continue to impact the Settlement of the Litigation and the ability of the Class Members to obtain their long-awaited recovery.

Plaintiffs acknowledge that the failure to attend a single deposition may not always warrant sanctions. However, in the context of the critical timing and the knowing and willful provision of false information in such a serious setting and the significance of the purpose, use and timing of the deposition of this Objector here, Client and Legal Counsel must be sanctioned. Gaona chose to object rather than to exclude herself from the Settlement – which would have allowed her full freedom to pursue any and all avenues to a full recovery of what she considered herself to be due. By voluntarily injecting herself into this actively litigated case at such a critical juncture as an Objector, whose conduct directly impacts every other member of the Class and all the participants in the Litigation, Gaona also submitted herself to the attendant obligations and at the pace required to allow the orderly administration of justice. In this context, Gaona affirmatively acted to prevent service of process and disregard of a Court Order to be deposed was and is sanctionable misconduct.

> B. Sanctions Are Appropriate as to Counsels Bandas and Rasmussen Because They Violated Rule 11 By Submitting a Pleading to the Court Containing False and Unsupported Factual and Legal Assertions and/or Then Failed to Produce Their Client for Deposition Despite Valid Process and an Explicit Court Order and/or Act to Correct the Record.

7

Counsels Bandas and Rasmussen should be sanctioned because they submitted, assisted in the submission and/or failed to immediately correct a pleading containing a false address for their client and failed to produce their client for deposition despite their having received notice and a Court Order.

Rule 11 states in pertinent part that:

"By presenting to the court...a pleading,...an attorney...is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,.. (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery"

Rule 11.

The Supreme Court has held that at the "heart of Rule 11" is the message conveyed by the signer's certification that he "has conducted a reasonable inquiry into the facts and the law and is satisfied that the document is well grounded in both... ." *Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.*, 498 U.S. 533, 544 (1991). Subjective bad faith is not required under Rule 11; the inquiry is objective. *See G.C. and K.B. Investments, Inc. v. Wilson,* 326 F.3d 1096, 1109 (9th Cir. 2003). A court may impose sanctions where it finds that counsel's duty under Rule 11 "to conduct a reasonable factual investigation" prior to filing was not satisfied. *See Christian v. Mattel, Inc.* 286 F.3d 1118, 1127 (9th Cir. 2002) (where the court found counsel's duty under Rule 11 was "to conduct a reasonable factual investigation" prior to filing); *Montrose Chemical Corp. of Calif. v. American Motorists Ins. Co.,* 117 F.3d 11128, 1133 (9th Cir. 1997).

Again, it is the context that matters here. Attorney Bandas (and Rasmussen) are Professional
Objectors whose suspect practice area and history should be taken into account. Bandas[7] has an
extensive history of filing objections in class actions. There can be no reasonable question that
Professional Objectors Bandas knew the significance of insuring that an accurate address for service
of the Objector to a class action settlement they represented needed to be provided and they also

_____

[7] Boiled to their essence, Professional Objectors are most often described as and compared to extortionists or other
thugs who extract cash through wrongful means. The reality is that what Professional Objectors seek in exchange for
simply dropping their objections/appeals is to be paid off. Seldom if ever does the class receive a benefit.
Christopher Bandas of the Bandas Law Firm, had at least one appeal already found to be frivolous by another court
and also that the Bandas Objector's lack of understanding of the basis of the appeal was "troubling" but refrained
making a finding because of the recent case *Azizian v. Federated Department Stores, Inc.* The Objector here is
represented by counsel whom are well known for posing objections to class settlements in an attempt to extract a
payment from the class members and should be examined by this court under oath to determine among other things
how much they have collected so far for objecting to the recently settled state based Wal-Mart wage and hour
actions and in exchange for what if any benefit to the respective classes. Professional Objector Bandas is well
known to the courts and has been repeatedly chastised and sanctioned for misusing the judicial process for personal
gain. Bandas has preyed on most of the Wal-Mart wage and hour class settlements this year and the courts in each
of those cases have rejected the objections as baseless. Bandas filed appeals in at least three of those cases, only to
abruptly drop each such appeal shortly thereafter, this includes *Sarda v. Wal-Mart*, Case No. 1D09-4881, Florida
First District Court of Appeal; *Carter v. Wal-Mart*, 2006 CP1500839, South Carolina Charleston County Common
Pleas Court; and *Hale v. Wal-Mart Stores, Inc.*, Case No. 01-218710, Circuit Court of Jackson County. Bandas
dropped those appeals without any substantive changes being made to the underlying settlements. The purpose of
Bandas' appeals was to extort money from the class by threatening to tie up those settlements for years on appeal
and is a clear abuse of process. The appellate courts are not vehicles for unethical lawyers to use to extort money
from settlement funds that were created to compensate the plaintiffs and the class counsel whose work created the
fund. Bandas' appeal here is a clear abuse of process.

9

knew that after Plaintiffs formally sought to serve their client and were formally seeking to take her deposition they needed to correct the record or make her available at a time and on a date certain for deposition *before the record was closed.* They are keenly aware of the many balls being juggled during the time period in issue and chose to play a shell game.

Thus, in addition to the normal burden counsel assumes under Rule 11 when filing a pleading, as Professional Objectors, Bandas knew in this matter that discovery would be sought on their Objector client on an expedited basis, and that Plaintiffs' Counsel would need to effect service on their client.[8] *See* Affidavit of Robert Bonsignore in Support of Sanctions at ¶50. The filing of the pleading here with an invalid address for service was an act of either gross attorney negligence in failing to investigate this most basic piece of information from a client, or a deliberate and willful act to prevent valid service and obstruct the orderly administration of justice in this matter – either of which warrants sanctions against Bandas and Rasmussen.

In fact, there can be no question here that Legal Counsel's misconduct was deliberate and knowing. First, there is no dispute that they had actual knowledge of both notices of their client's deposition (the original notice and the notice rescheduling it to October 19th). It is blatantly unethical and sanctionable misconduct for an attorney to ignore notice and the false address provided.

Second, Bandas and Rasmussen never attempted to correct the record as to their client's invalid address or to contact Plaintiffs' Counsel and firmly reschedule the deposition. Rather, their subsequent conduct successfully served to withhold their client from being deposed and insured that the record would close without allowing Plaintiffs and their Counsel the ability to test and create a

---

[8] This Court should take judicial notice that agreements to produce clients for deposition by Professional Objector counsel are unheard of and do not occur. Formal service is required.

record as to the basis for her objections.[9]  Again – if the address was indeed correct, then Gaona had actual notice of her deposition was left at the address she provided by process-server Shultz; and thus, her failure to appear was a deliberate and knowing act to obstruct justice in the face of notice to both Gaona and her Legal Counsel.  Additionally, Plaintiffs have complied with the 21 day Safe Harbor requirement without any response from Gaona or her Counsel.[10]

In any case, the end result is the same.  Bandas and Rasmussen are responsible and accountable for the invalid address provided by their client in the Objection and for their own failure to correct the record and to produce their client for deposition despite multiple notices and an order expediting discovery.  Bandas and Rasmussen should and must be sanctioned for their misconduct.[11] In addition to being given the rightful consequence for their conduct, the sanction will serve as an obviously needed deterrent in the future.  There is no doubt that this case is being closely followed by Professional Objectors' counsel who focus on class action practice and legal commentators and academics across the country.

---

[9] It is well accepted among experienced class counsel that Professional Objectors seek to avoid the deposition of their clients.  This is because in most cases the actual objectors are uninformed or misinformed.  *See e.g. Docket* no. 472, Deposition of Deborah Maddox.  Except in rare circumstances, the client objectors detract rather than contribute to the ultimate goal of the Professional Objector- the creation of a colorable basis for appeal in the record.

[10] *See* Fed. R. Civ. P. 11(c)(2), requiring the movant to provide the offending party with 21 days notice of intent to file for sanctions in order to offer the opportunity to withdraw or otherwise correct the sanctionable conduct.  As to the instant request, Plaintiffs served Counsel Bandas and Rasmussen with this written Notice of Intent on November 16, 2009.  A refined follow-up Notice is sent in an abundance of caution, enclosing a copy of the intended Motion for Sanction and Memorandum in Support.

[11] As this Court is well aware, it may also impose sanctions under Rule 11 for filings which are frivolous, legally unreasonable or brought for an improper purpose.  *See Townsend v. Holman Consulting Corp.,* 929 F. 2d 1358, 1362 (9th Cir. 1990).

11

C. The Requested Monetary Sanctions are Reasonable and Appropriate to Address the Misconduct by Objector Gaona and Professional Objectors Bandas and Rasmussen, to Deter Such Future Misconduct or Comparable Misconduct, and to Compensate Plaintiffs and Their Counsel for Actual Harm Suffered.

It is critical that this Court impose sanctions against Jessica Gaona and Professional Objector Counsels Bandas and Rasmussen. Absent the imposition of sanctions in this case, the misconduct of Gaona and her counsel here will serve as a road map for other Professional Objectors seeking to avoid deposition and other discovery. This loophole should rightly be closed. The road to final closure that parties to class actions face is already too long and difficult and, blocked by artificial barriers imposed by modern day bandits at a remarkable, yet still undocumented rate.

Plaintiffs and their Counsel emphasize that the fact that Gaona is represented by Professional Objectors is highly probative here not to establish bad faith in the filing of the Objection,[12] but to reasonably attribute to her Counsel, in the proper context, the appropriate level of specialized sophistication, experience and knowledge. Professional Objectors have extensive experience in objecting to class action lawsuits which make them keenly aware of the short time frame within which Class Counsel must conduct and complete discovery of objectors. Thus, they are acutely aware of the contextual significance of a good address and class counsel's making good service of process. They also know that taking the deposition of an Objector is considered a necessity by Class

_____

[12] A determination as to whether an appeal is frivolous is reserved to the Appeals Court, not the district court. *Vaughn v. American Honda Motor Co., Inc.,* 507 F.3d 295, 299 (5th Cir. 2007); *Cooter & Gell v. Hartmax Corp.,* 496 U.S. 384, 407 (1990); *In re American President Lines, Inc.,* 779 F.2d 714, 717 (D.C. Cir 1985); *Azizian v. Federated Dept. Stores,* 499 F.3d 950, 960 (9th Cir. 2007); *In re Vasseli,* 5 F.3d 351, 353 (9th Cir 1993) (citing *In re American President Lines, Inc.* 779 F.2d 714, 717 (D.C. Cir. 1985).

Counsel; and the Professional Objectors here certainly knew that that was the case in the instant litigation.[13]

For these reasons, this Court should explicitly find that Professional Objector Bandas knowingly and willfully obstructed justice in this case. This misconduct injected unnecessary chaos, complexity and confusion into the Litigation, taking Court and attorney time away from other time sensitive and critically important mandatory activities during the pre-final approval "overwhelmingly demanding period." Professional Objectors must not be allowed to disrupt litigation in this manner, and the failure to impose sanctions will certainly encourage repeats of this conduct as Professional Objectors look for any colorable way to inject delay and confusion. This Court should impose sanctions upon the Objector and her Professional Objector Counsel sufficient to discourage comparable misconduct by others similarly situated.[14]

Specifically, the actual costs suffered by Plaintiffs and their counsel as a result of the incorrect address and failure to appear at the deposition are as follows:

- $12,000.00 for a total of 24 hours spent attempting to effect service and obtain a valid address for Objector Gaona;[15]

---

[13] It did in fact happen in this case that Plaintiffs' counsel Robert Bonsignore and Gaona's counsel personally discussed Gaona's deposition, and Attorney Bonsignore made clear that her deposition was necessary and would be sought by Plaintiffs.

[14] This Court is extremely well respected by the Bar. Among other things it is perceived as a "no-nonsense" Court that does not tolerate sketchy, unethical misconduct or unfair litigation tactics.

[15] This is broken down as follows: The cost of service was $135.75. In effecting service, preparing for deposition and attempting to locate Gaona's valid address for service, Attorney Bonsignore spent 18.0 hours valued at $9,900.00; Attorney Deryl Edwards spent 6.0 hours valued at $2,100.00 for a total of 24.0 hours wasted attorney hours charged at $12,000.00. *See* Affidavit of Robert J. Bonsignore in Support of Sanctions as to Gaona and her Counsel ¶41. Lawyer's Staff time and this Court's and its staff's which are not included here, represent additional needlessly wasted time and resources.

13

- $135.75 for the cost of the special process server[16] [related travel costs including airfare, hotel, and meals for counsel are not requested at this time];and

- $11,475.00 for 26 hours of counsel's time to research, draft, and file this Motion for Sanctions and accompanying documentation.[17]

Thus, the total amount of actual costs requested is $23,610.75. Additional sanctions pursuant to Rule 11 and necessitated by the willful and unethical misconduct of Professional Objectors Bandas and Rasmussen should also be imposed in this Court's discretion and is requested below.

## CONCLUSION

Wherefore, for the reasons set forth herein, Plaintiffs respectfully ask the Court to impose the requested economic and non-economic sanctions against the Objector and her Counsel pursuant to Rule 11 and this Court's inherent authority to impose sanctions.

To address the misconduct and prevent future abuses, the specific relief requested is as follows:

(1) monetary sanctions against Gaona in the amount of $23,610.75 or an amount deemed just and reasonable by this Court;

---

[16] *See* Attachment D, Process Server Invoice.

[17] In drafting this Motion, Attorney Bonsignore spent 8.0 hours valued at $4,400.00; Nicole Vamosi spent 9.0 hours valued at $3,600.00; Attorney Richard Kirchner spent 1.5 hours valued at $400.00; Robin Brewer spent 2.5 hours valued at $1,125.00 and Deryl Edwards spent 5.0 hours valued at $1,750.00. The total hours spent researching, writing and editing was 26.0 with an assessed value of $11,475.00. *See* Affidavit of Robert J. Bonsignore in Support of Sanctions as to Gaona and her Counsel at ¶42. Again, the value of the attorney's staff time and this Court's and its staff's, which are not included here, represent additional needlessly wasted time and resources.

*Plaintiffs' Memorandum in Support of Motion for Imposition of Sanctions Against Objector Jessica Lynn Gaona and Her Counsels Christopher Bandas and Lisa Rasmussen*

(2) a finding that Gaona knowingly provided an invalid address in her objection;

(3) a finding that Gaona willfully failed to appear at deposition without having obtained a protective order, and resulting monetary sanctions;

(4) a finding that Gaona willfully failed to correct the record as to her address;

(5) a finding that Gaona willfully failed to make herself available for deposition after having failed to attend a deposition at which her attendance was compelled by Order of Court without having obtained a protective order;

(6) a finding that because of Gaona's willful and knowing conduct that all inferences as to what her testimony would have been be deemed against her interest;

(7) a finding that the failure to accomplish effective formal service on objector Gaona is attributable to the willful and knowing actions and inactions of Professional Objector Counsels Bandas and Rasmussen;

(8) a finding that the fact that Objector Gaona was never deposed prior to the close of the record is attributable to the willful and knowing actions and inactions of Professional Objector Counsels Bandas and Rasmussen;

(9) a finding that Professional Objector Counsels Bandas and Rasmussen knowingly and willfully obstructed the appearance of Objector Jessica Lynn Gaona at her duly noticed deposition;

(10) a finding that the provision of the invalid address for service was not the product of the required reasonable and competent inquiry by Counsels Bandas and Rasmussen;

(11) a finding that because no effort was taken by Counsels Bandas and Rasmussen to either correct the record or produce for deposition before the Final Approval Hearing and the closing of the related record resulted in irreparable harm to the Class.

(12) a finding that Professional Objector Counsels Bandas and Rasmussen knowingly and willfully did not act as required to correct the record;

(13) a finding that Professional Objector Counsels Bandas and Rasmussen knowingly and willfully did not act as required to produce Gaona for deposition on a certain date and at a certain time after she failed to obey the order compelling her attendance prior to the closing of the record;

(14) a finding that Professional Objector Counsels Bandas and Rasmussen acted to achieve the purpose of avoiding the introduction of their Client's testimony into the record;

(15) a finding that Professional Objector Counsels Bandas and Rasmussen acted in furtherance of carrying out the known unfair obstructionist strategies utilized by Professional Objectors, resulting in monetary and non monetary sanctions;

(16) an order that Gaona's Counsel provide this Court with a list of all actions – by Court Name, Address, Phone, Fax, Case Name and Docket Number – in which they have filed an objection to a class action settlement and whether, in each action listed, Counsel was requested to produce the client for deposition; and whether the client was in fact deposed;

(17) a finding that as Professional Objector Counsels who have developed specialized experience and knowledge, Bandas and Rasmussen knew the significance of the address provided and that formal discovery would be sought during a small window of opportunity by Plaintiffs' counsels on an expedited basis and that their actions and inactions were undertaken to gain an unfair advantage at the Appellate level of review by insuring the record would not contain the deposition of Objector Gaona;

(18) monetary sanctions against Attorneys Bandas and Rasmussen in the amount of $23,610.75 or an amount deemed just and reasonable by this Court.

(19) other findings as this Court deems just, reasonable and/or necessary under the circumstances

Plaintiffs request that the sanctions requested in paragraphs (1) through (15) and (19) above be decided forthwith, and that Professional Objector Counsel Bandas and Rasmussen (and any relevant associate counsels) be ordered to produce the information requested in paragraph (16) within two (2) weeks. Plaintiffs further request that the relief requested in paragraphs (17) and (18), including monetary sanctions against Bandas and Rasmussen, be reserved until the information requested in paragraph (17) above is provided for validation and cross checking with an additional 4 weeks following its receipt for briefing and a one week period allowing Bandas and Rasmussen to respond, and an additional one week period allotted to Plaintiffs counsel for a Reply.

Date:   February 11, 2010                              Respectfully Submitted,


                                                       s/
                                                       Robert J. Bonsignore (BBO # 547880)
                                                       BONSIGNORE & BREWER
                                                       23 Forest Street
                                                       Medford, MA 02155
                                                       Telephone: (781) 391-9400
                                                       Fax: (781) 391-9496
                                                       Rbonsignore@class-actions.us
                                                       *Plaintiffs' Co-Lead Counsel*


Daniel D. Ambrose, Esq.                    Craig O. Asbill, Esq.
Ambrose Law Group                          Charles G. Monnett & Associates
1007 East West Maple Road                  200 Queens Road
Walled Lake, MI 48390                      Suite 300
(248) 624-5500                             Charlotte, NC 28204
                                           (704) 376-1911

17

Franklin D. Azar, Esq.
Rodney P. Bridgers, Jr., Esq.
Nathan J. Axvig, Esq.
Franklin D. Azar & Associates P.C.
14426 East Evans Ave.
Aurora, CO 80014
(303) 757-3300

Richard Batesky, Esq.
Attorney at Law
22 E. Washington St., Suite 610
Indianapolis, IN 46204
(800) 822-2039

Robin E. Brewer, Esq.
Nicole Vamosi, Esq.
Rick Kirchner, Esq.
Kelly Elam, Esq.
Julie Baker, Esq.
Bonsignore & Brewer
23 Forest Street
Medford, MA 02155
(781) 350-0000

Mark C. Choate, Esq.
Choate Law Firm LLC
424 N. Franklin Street
Juneau, AK 99801
(907) 586-4490

Todd S. Collins, Esq.
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103
(800) 424-6690

Adriana Contartese, Esq.
Rafaela Hanley, Esq.
Attorney at Law
866 East Fifth St.
Boston, MA 02127
(617) 268-3557

Lanny H. Darr
Schrempf, Kelly, Knapp & Darr, Ltd.
307 Henry St.
Suite 415
Alton, IL 62002
(618) 465-2311

Paul C. EchoHawk, Esq.
Nathan Long, Esq.
EchoHawk Law Offices
Paul C. EchoHawk
505 Pershing Avenue
Pocatello, ID 83205
(208) 478-1624

R. Deryl Edwards, Jr., Esq.
606 S. Pearl Ave.
Joplin, MO 64801
(417) 624-1962

Ivy L. Frignoca, Esq.
Lambert Coffin Haenn
477 Congress St, 14th Fl
Portland, ME 04112
(207) 874-4000

Courtney French, Esq.
Fuston, Petway & French, LLP
3500 Colonnade Parkway
Suite 300
Birmingham, AL 35243
(205) 977-9798

Troy N. Giatras, Esq.
The Giatras Law Firm, PLLC
118 Capitol Street
Suite 800
Charleston, WV 25301
(304) 343-2900

Christopher R. Gilreath, Esq.
Gilreath & Associates
550 Main Street
Suite 600
Knoxville, TN 37902
(865) 637-2442

Donald S. Goldbloom, Esq.
12590 National Pike
Grantsville, MD 21536
(301) 895-5240

Vincent J. Glorioso, III, Esq.
The Glorioso Law Firm
815 Baronne Street
New Orleans, LA 70113
(504) 569-9999

Gregory F. Greiner, Esq.
Greiner Law Office
630 G Ave.
Grundy Center, IA 50638
(319) 824-6951

J. Thomas Henretta, Esq.
Law Offices of J. Thomas Henretta
400 Key Building
159 South Main Street
Akron, OH 44308
(330) 376-7801

Thomas H. Johnson, Esq.
Thomas H. Johnson Law Office
410 Hickory St.
Texarkana, AR 71854
(870) 773-6359

Christopher Meeks, Esq.
Lynch, Meeks & Battitori
1031 Military Avenue
Baxter Springs, KS
(620) 856-2771

Mike Miller, Esq.
Stacey E. Tjon, Esq.
Solberg, Stewart, Miller & Tjon
1129 Fifth Avenue South
Fargo, ND 58103
(701) 237-3166

Pamela Mullis, Esq.
The Mullis Law Firm
1229 Elmwood Ave
Columbia, SC 29201
(803) 799-9577

Glen W. Neeley, Esq.
Attorney at Law, P.C.
863 25th St.
Ogden, UT 84001
(801) 612-1511

Gary S. Nitsche, Esq.
Weik, Nitsche, Dougherty
1300 N. Grant Ave, Suite 101
Wilmington, DE 19899
(302) 655-4040

D. Michael Noonan, Esq.
Shaheen & Gordon, P.A.
140 Washington Street
P.O. Box 977
Dover, NH 03821
(603) 749-5000

Raymond A. Pacia, Esq.
Attorney At Law, LTD
50 Power Road
Pawtucket, RI 02860
(401) 727-2242

Jeffrey M. Padwa, Esq.
Padwa Law
303 Jefferson Blvd.
Warwick, RI 02888
(401) 921-4800

19

Arthur Y. Park, Esq.
Laurent J. Remillard, Jr., Esq.
John C. McLaren, Esq.
Park Park & Remillard
707 Richards Street
Suite 500
Honolulu, HI 96813
(808) 536-3905

John Rausch, Esq.
P.O. Box 905
Waterloo, IA 50704
(319) 233-3557

Dirk A. Ravenholt
RAVENHOLT & ASSOCIATES
2013 Alta Drive, Las Vegas, Nevada 89106
(702) 647-0110

Fred Schultz, Esq.
Greene & Schultz
Showers Plaza
320 W. 8th Street
Suite 100
Bloomington, IN 47404
(812) 336-4357

Stephen M. Smith, Esq.
Joseph Smith Ltd.
2100 Kecoughtan Road
Hampton, VA 23661-0437
(757) 244- 7000

Mark Tate, Esq.
Tate Law Group, LLC
2 East Bryan Street
Suite 600
Savannah, GA 31401
(912) 234-3030

Matthew Tobin, Esq.
201 S. Phillips Avenue

Wayne D. Parsons, Esq.
Wayne D. Parsons Law Offices
Dillingham Business Center
Suite 201C
1406 Colburn Street
Honolulu, HI 96817
(808) 845-2211

Dan Rausher, Esq.
Attorney at Law
26 Court Street
Suite 1604
Brooklyn, New York 11242
(718) 596-7333

Thomas R. Ricci, Esq.
Law Office of Thomas R. Ricci
303 Jefferson Blvd.
Warwick, RI 02888
(401) 921-4800

Cynthia K. Smith, Esq.
Jasper Smith Olson, P.C.
202 W. Spruce St.
P.O. Box 7785
Missoula, MT 59807
(406) 541-7177

Laurence W. Stinson, Esq.
Bradley D. Bonner, Esq.
Bonner Stinson, P.C.
P.O. Box 799
128 East Second Street
Powell, WY 82435
(307) 754-4950

Jill P. Telfer, Esq.
Law Offices of Jill P. Telfer
331 J. Street, Ste. 200
Sacramento, CA 95814
(916) 446-1916

Jay A. Urban, Esq.
Urban & Taylor S.C.

20

Suite 200
Sioux Falls, SD 57104
605-366-9715

Ernest Warren, Jr., Esq.
Walker Warren & Watkins
838 SW First Avenue
Suite 500
Portland, OR 97204
(503) 228-6655

4701 North Port Washington Road
Milwaukee, WI 53212
(414) 906-1700

Christopher P. Welsh, Esq.
James R. Welsh, Esq.
Welsh & Welsh, P.C. L.L.O.
9290 West Dodge Road
100 The Mark
Omaha, Nebraska, 68114
(402) 384-8160

21

## CERTIFICATE OF SERVICE

I hereby certify that on February 11, 2010, a copy of the foregoing *Plaintiffs'*

*Memorandum in Support of Motion for Imposition of Sanctions Against Objector Jessica*

*Lynn Gaona and Her Counsels Christopher Bandas and Lisa Rasmussen* was filed

electronically [and served by mail on anyone unable to accept electronic filing].  Notice of this

filing will be sent by e-mail to all parties by operation of the Court's electronic filing system [or

by mail to anyone unable to accept electronic filing].  Parties may access this filing through the

Court's system.

/s/ Robert J. Bonsignore
Robert J. Bonsignore