# BONSIGNORE & BREWER

TRIAL LAWYERS
www.classactions.us
23 FOREST STREET
MEDFORD, MASSACHUSETTS 02155-3820

Rbonsignore@classactions.us

January 21, 2010

VOICE: (781) 350-0000
CELL: (781) 856-7650
FAX: (781) 391-9496

**SENT VIA CERTIFIED MAIL AND EMAIL**

**7099 3400 0008 9562 3261**
Lisa A. Rasmussen, Esq.
616 South 8th Street
Las Vegas, Nevada 89101

**7099 3400 0008 9562 3254**
Christopher A. Bandas
Bandas Law Firm, P.C.
500 N. Shoreline Blvd.
Corpus Christi, Texas 78471

Re:  **MDL 1735**
**In re Wal-Mart Wage and Hour Employment Practices Litigation**
**Case#: 2:06-cv00225-PMP-PAL**
**Jessica Lynn Gaona, Objector**

Dear Ms. Gaona, Ms. Rasmussen and Mr. Bandas:

As you know, this office represents the Settlement Certified Class of current and former hourly employees of Wal-Mart. Further, that we sought to take the deposition of Ms. Gaona but were thwarted because she provided an invalid address for service of process and thereafter no effort was made to either correct the record or produce her for deposition before the Final Approval Hearing and the closing of the related record. You never sought or were granted a related protective order. It is our position that the class was thus caused to suffer both economic harm in the amount of $23,610.75[1] and irreparable non-economic harm because the record is now devoid of Ms. Gaona's responses to the questions we intended to inquire of her.

---

[1] This is broken down as follows: The costs of service in the amount of $135.75. In effecting service and attempting to locate Gaona's valid address for service, Attorney Bonsignore spent 18.0 hours and Deryl Edwards spent 6.0 hours for a total of $12,000.00. In drafting this Motion Attorney Bonsignore spent 8.0 hours; Nicole Vamosi spent 9.0 hours; Richard Kirchner spent 1.5 hours; Robin Brewer spent 2.5 hours and Deryl Edwards spent 5.0 hours for a total of $11,475.00. The total dollar value of the time wasted by Plaintiffs counsel is $23,610.75. *See* Declaration of Robert J. Bonsignore in Support of Sanctions as to Gaona and her Counsel ¶¶ 33-37.

Demand is made for both reimbursement of all or a fair portion of the $23,610.75 in economic damages we claim are related and some form of non-economic relief to address, as best as possible given the circumstances, the related irreparable harm the class incurred because of your sanctionable conduct. While we believe we are entitled to the full measure of the economic damages, and that you are deserving of the most severe sanctions, we are required to keep an open mind and consider your related position.

To address the irreparable non-economic harm you caused the class to suffer, we demand that you either dismiss your objection or agree to stipulate in the Record on Appeal that Ms. Gaona willfully provided an invalid address and intentionally failed to appear for her deposition. Specifically, the relief requested is: 1) dismissal of objection and money sanctions; or 2) finding that Gaona provided an invalid address and failed to appear at her deposition without? having obtained a protective order. While we believe that the most severe sanctions are justified and intend to request double costs on appeal, we are required to keep an open mind and consider your related position. Again, we believe that the only reasonable alternative is that you withdraw all related pleadings you have placed on file as that would remedy the irreparable harm you caused the Class to suffer. You are free to argue the seriousness of the offending conduct and its consequences, or any other matter you see fit to address.

The history of the settlement was the subject of multiple voluminous submissions, exhaustive briefing, expert and lay opinion, exacting judicial scrutiny and related detailed findings. You did or should have read and carefully considered the submissions, the transcripts of the hearings[2] and the related orders. I was to question Ms. Gaona and the questioning was designed in part to protect the class from baseless or frivolous appeals and in part to serve the best interest of the class by establishing any and all facts that would result in establishing that the settlement was deficient or must otherwise be improved[3].

The intended focus of my formal inquiry was to evoke responses that would be probative of the facts that the Court would evaluate when considering the Gaona Objection and the circumstances dictated, facts that the Appellate Court would consider when conducting their review. They included, but were not limited to, those posed in the deposition of Objector Deborah Maddox, as well as questions probative of: 1) the facts supporting the Gaona objection; 2) the merits of the Gaona Objection; 3) Gaona's knowledge of the Settlement; and 4) information relevant to whether Rule 38 sanctions should be imposed.[4]

Please be advised that pursuant to the inherent authority of this Court to issue sanctions, and/or Rule 11 of the Federal Rules of Procedure (hereafter, "Rule 11") and the Court's inherent authority to issue monetary sanctions for conduct by counsel, you have 21 days from receipt of this letter to provide the economic and noneconomic damages the Class was caused to incur as a result of the wrongful conduct referenced herein and better described in the attached Motion and

---

[2] It is my understanding that you did not order the transcripts of the proceedings before filing your appeal. I am again asking that you correct me if I am wrong.

[3] Such as the actions carried out by Counsels with regard to the position of Objector Ferguson with regard to the "Home Office Class".

[4] In other words, I would have sought evidence not for the trial court but instead for the Appellate Court's subsequent review.

Memoranda in Support of Sanctions as to Objector Gaona. Please be clear that should you not tender reasonable relief under the circumstances, Class Plaintiffs will seek sanctions against counsel and client. Further, be clear that on the 21st day from the date of this correspondence, we intend to place on file the Motion for Sanctions together with the Memorandum and supporting attachments including this letter.

We also plan to request your appearance at a hearing to be held before Judge Phillip Pro at the convenience of the Court and to seek to compel the testimony of Client and Counsel. We believe that the past cases you have objected to and received funds and the increased benefits received by the respective classes are probative. However, we only reserve the right to request the Court to allow us to inquire of you questions relating to your specialized knowledge and experience as Professional Objectors including the identity of all cases in which your objector clients have been *and have not been* deposed by Class Counsel. You will, of course, be free to object or to otherwise act within your rights if we do, in fact, choose to exercise that option and for now we are simply putting you on notice of our related reservation of rights.

We have attached a draft of our Proposed Motion and the Memoranda in support. In addition to law and fact, it details the current and contemplated conduct which is sanctionable under Rule 11, specifically here - Gaona provided an address that was not valid for service of process and was otherwise false information. There is no question that the address provided by Gaona in her Objection was invalid and thwarted our formal action to serve her Process in furtherance of the Notice of Deposition. We advocate that the provision of an invalid address for service was not the product of a reasonable and competent inquiry by her Counsel because it was, in fact, incorrect. Equally as sanctionable is the conduct thereafter because no effort was taken by Counsels (or client) to either correct the record or produce her for deposition before the Final Approval Hearing and the closing of the related record.

In her Objection, Objector Gaona provided as her address as 6780 Wayman Ridge, Live Oak, Texas, 78233. Acting on that formally provided address, contained in a document signed and sworn to under the pains and penalties of perjury, Plaintiff coordinated with a process server. On October 20, 2009, attempted service of the Subpoena to Testify at a Deposition in a Civil Action to Jessica Lynn Gaona was made by process server Tim Shultz at the address Gaona provided to the Court in her Objection. Shultz attempted service at Gaona's address twice, once at 9:10 a.m. when there was no response at the door and Shultz left delivery notice. When Shultz attempted service again at 8:45 p.m., he was clearly informed by the property's resident that Gaona did not reside at that address.

As Gaona's Counsel, Bandas and Rasmussen, you knew or should have known the significance of the information at issue and did not ensure its accuracy. Further, Counsel knew or should have known that discovery would be sought on the Objector on an expedited basis and that formal service would be required. Even worse, both attorneys Rasmussen and Bandas took no corrective action after the fact and after the defect was brought to light. Throughout, Plaintiffs' counsel acted in furtherance of their obligation to serve the best interest of the class.[5]

---

[5] This included, but is not limited to, considering the objection and preparing for the deposition, investigation of the circumstances of service, investigating and attempting to obtain a valid address and coordinating alternatives.

Clearly, with the involvement of her counsel, Gaona provided and/or maintained the invalid address for service that she provided to the Court in her formally submitted and attested to Objection. There is no question that Ms. Gaona is represented by professional objectors. You obtain specialized experience and/or are otherwise well versed in your related our right to appear and explain under oath why this is not true, and her counsel to appear and testify under oath as to what efforts were taken to confirm the information offered to the Court. You should, however, produce Ms. Gaona in that regard.

Again, the proposed Motion is attached hereto and incorporated herein by this reference. We reserve our right to supplement or amend. Please be further advised that we intend to request the Court to Order Ms. Gaona be sanctioned and that, as her counsel, you should advise her as to the serious matters referenced in this formal demand and advise her that we request her attendance. You have caused the class to suffer economic loss by compelling them to incur needless expense. In wrongfully insulating yourself from discovery, you have also caused them to suffer irreparable harm before the formal record was closed at the Final Approval Hearing.

                Very truly yours,

                *Robert Bonsignore*

                Robert Bonsignore

Case 2:06-cv-00225-PMP-PAL   Document 598   Filed 02/11/10   Page 5 of 11

# BONSIGNORE & BREWER

TRIAL LAWYERS
www.classactions.us
23 FOREST STREET
MEDFORD, MASSACHUSETTS 02155-3820

Rbonsignore@classactions.us

VOICE: (781) 350-0000
CELL: (781) 856-7650
FAX: (781) 391-9496

February 2, 2010

### SENT VIA REGULAR U.S. POSTAL MAIL AND EMAIL

Attorney Christopher Bandas
Bandas Law Firm
500 N. Shoreline Blvd.
Corpus Christi, Texas, 78471

Lisa Rasmussen, Esq.
616 South 8th Street
Las Vegas, Nevada, 89101

Jessica Lynn Gaona
C/O Attorney Christopher Bandas
C/O Attorney Lisa Rasmussen

**Re:    MDL 1735**
**In re Wal-Mart Wage and Hour Employment Practices Litigation**
**Case#:  2:06-cv00225-PMP-PAL**
**Jessica Lynn Gaona, Objector**

Dear Ms. Gaona, Mr. Bandas and Ms. Rasmussen:

      As you know, this office represents the Certified Plaintiff Settlement Class in MDL 1735 (hereafter, "Class") and that the class is comprised of current and former hourly employees of Wal-Mart in a number of states including Texas. Further, that the representative class members who accepted the settlement, including the injunctive and the economic relief, placed a value on its present recovery. For purposes of this "Safe Harbor" letter, Attorney Christopher Bandas and Attorney Lisa Rasmussen will be referred to as "Counsel."[1] Ms. Gaona and Counsel shall be referred to as "You."

---

[1] It is the understanding of the class that Attorney Anthony Constant has withdrawn for the MDL 1735 related proceedings. If this is not the case we intend to seek sanctions against him. Also if the blame for the false address is pinned on Attorney Constant we seek sanctions.

After You objected to the proposed settlement we sought to take the deposition of Ms. Gaona but were thwarted in our efforts. After the Court denied Ms. Gaona's objection You appealed knowing that by doing so You would block the class from receiving the present value of the settlement.

Our attempt to take the deposition of Ms. Gaona was thwarted because You provided an invalid address for service of process. Thereafter, You failed to correct the record and You also failed to arrange for her for her to appear at a date and time certain for deposition before the Final Approval Hearing and the closing of the record on appeal. It is important to note that Ms. Gaona never sought or was granted a protective order excusing her attendance. Rather Gaona and her Counsel were aware of the Deposition Notice mandating her attendance and chose to simply ignore it.[2]

It is our position that the actions and inaction of Ms. Gaona and her Counsels relating to the provision of a false address directly caused the Class to suffer economic harm in the amount of $23,610.75.[3] It is also our position that the Class was caused to suffer irreparable non-economic harm because the record was closed without Ms. Gaona's responses to the questions we intended to inquire of her.

Demand is made for reimbursement of the $23,610.75 in economic damages we claim is related. After Judge Pro granted our request for expedited discovery on October 6, 2009, there was simply no excuse for the non attendance. There is no doubt that Counsel for Ms. Gaona was aware that she was to be deposed and of the related order compelling her to attend. However, Counsel and client were both no shows. The did not show because You knowingly provided a false address and the service was not effected.

Demand is also made for non-economic relief. Non-economic relief is required to address as best as possible given the circumstances, the related irreparable harm the Class has suffered because of your willful and knowing failure to testify under oath at deposition on a range of topics that are highly relevant and necessary to assessing your Objection and to weigh your objection to our request that the Court assess an Appellate Bond. We are demanding that all inferences that are under consideration be held against you.

Please agree to stipulate in the Record on Appeal that Ms. Gaona willfully provided an invalid address and intentionally failed to appear for her deposition and thereafter did not act to correct the record and did not make herself available for deposition. We also request that you agree that all others inferences related to our request to assess an Appellate Bond be inferred

---

[2] There is no dispute as to actual knowledge.

[3] This is broken down as follows: The cost of service was $135.75. In effecting service, preparing for deposition and attempting to locate Gaona's valid address for service, Attorney Bonsignore spent 18.0 hours valued at $9,900.00; Attorney Deryl Edwards spent 6.0 hours valued at $2,100.00 for a total of 24.0 hours wasted attorney hours charged at $12,000.00. In drafting this Motion, Attorney Bonsignore spent 8.0 hours valued at $4,400.00; Nicole Vamosi spent 9.0 hours valued at $3,600.00; Attorney Richard Kirchner spent 1.5 hours valued at $400.00; Robin Brewer spent 2.5 hours valued at $1,125.00 and Deryl Edwards spent 5.0 hours valued at $1,750.00. The total hours spent researching, writing and editing was 26.0 with an assessed value of $11,475.00. *See* Affidavit of Robert J. Bonsignore in Support of Sanctions as to Gaona and her Counsel at ¶¶41-45.

against Ms. Gaona and as may become relevant, her Counsel. We also demand that you stipulate that the provision of an invalid address for service was not the product of a reasonable and competent inquiry by Counsel and that thereafter no effort was taken by Counsels (or client) to either correct the record as necessary or produce her for deposition before the Final Approval Hearing and the closing of the related record to carry out a strategy of obstructing justice.

In addressing the irreparable non-economic harm you caused the class to suffer by failing to appear for deposition and then not acting to correct the record or to arrange for Ms. Gaona to appear at a date and time certain for deposition before the Final Approval Hearing and the closing of the Record on Appeal, we demand that you either dismiss your Objection or accept by stipulation that certain findings be entered into the Appellate Record. We truly believe that the only reasonable alternative is that you withdraw all related pleadings you have placed on file as only that would fully remedy the irreparable harm you caused the Class to suffer. We are willing to consider what you have to say in defending yourself, but will consider further attempts to cover or gloss over the seriousness of the conduct in issue as meriting grave consequences. You are free to accept this notice and offer to cure, make a counter offer, or argue against the seriousness of the offending conduct and its consequences at hearing, or any other matter you see fit to address. We specifically encourage you to attend the hearing on sanctions if it comes to that.

While we believe we are entitled to the full measure of the economic damages, and that you are deserving of the most severe sanctions, we are keeping an open mind and will seriously consider your response and related position.

The history of the settlement was the subject of multiple voluminous submissions, exhaustive briefing, expert and lay opinion, exacting judicial scrutiny and related detailed findings. You did read or should have read and carefully considered the voluminous submissions, the transcripts of the hearings[4] and all the related orders. By absolute right I was to question Ms. Gaona. The questioning was designed in part to protect the class from baseless or frivolous appeals and in part to serve the best interest of the class by establishing any and all facts that would reveal to us as servants of the Class that the settlement was deficient or must otherwise have been improved.[5]

The intended focus of my formal inquiry was to evoke responses that would be probative of the facts that the Court would evaluate when considering the Gaona Objection, a possible Appellate Bond and as the circumstances dictated, facts that the Appellate Court would consider when conducting their review. They included, but were not limited to, those posed in the deposition of Objector Deborah Maddox, as well as questions probative of: 1) the facts

---

[4] It is my understanding that you did not order the transcripts of the proceedings before filing your appeal. I am again asking that you correct me if I am wrong.

[5] For example another objector pointed out that the class definition could be modified to include hourly workers at the Home Office. We took the position of Objector Ferguson seriously and the result is the "Home Office Class". We wished to test your issues and concerns for the purpose of best serving the class. You wrongfully denied us that opportunity.

supporting the Gaona Objection; 2) the merits of the Gaona Objection; 3) Gaona's knowledge of the Settlement; and 4) all information relevant to whether Rule 38 sanctions should be imposed.[6]

Please be advised that pursuant to the inherent authority of this Court to issue sanctions, and/or Rule 11 of the Federal Rules of Procedure (hereafter, "Rule 11"), you have 21 days from the receipt of this letter to respond to this demand for relief from the economic and noneconomic damages the Class was caused to suffer as a result of the wrongful conduct referenced herein and described in the attached Motion and Memorandum in Support of Motion for Imposition of Sanctions Against Objector Jessica Lynn Gaona and Her Counsels Christopher Bandas and Lisa Rasmussen.

Please be clear that should you not tender reasonable relief under the circumstances within the allotted time, Class Plaintiffs will seek sanctions against Counsel and client by placing on file the Motion for Sanctions together with the Memorandum and supporting attachments including this letter.

We also plan to request your appearance at a related hearing to be held before Judge Phillip Pro which will be scheduled at the convenience of the Court. We believe that the past cases in which Counsel have objected and later received funds in exchange for dropping an objection/appeal as well as the full extent of the increased benefits received by each respective class, if any, are probative here. So are the number of times and circumstances in which the objectors Counsel represented were deposed and were not deposed. We reserve the right to request the Court to allow us to inquire of Counsel questions relating to your specialized knowledge and experience as Professional Objectors including the identity of all cases in which your objector clients have been and have not been deposed by Class Counsel and more. You will, of course, be free to object or to otherwise act within your rights if we do, in fact, choose to exercise that option. For now we are simply putting you on notice of our related reservation of rights.

We have attached a draft of our Proposed Motion and the Memoranda in support. In addition to law and fact, it details the current and contemplated conduct which is sanctionable under Rule 11, specifically here - Gaona provided an address that was not valid for service of process and was otherwise false information. There is no question that the address provided by Gaona in her Objection was invalid and effectively thwarted the extensive formal action we took to serve her Process in furtherance of a Notice of Deposition. We advocate that the provision of an invalid address for service was not the product of a reasonable and competent inquiry by her Counsel. Equally as sanctionable is the conduct thereafter because no effort was taken by Counsels (or client) to either correct the record or produce her for deposition before the Final Approval Hearing and the closing of the related record.

In her Objection, Objector Gaona provided as her address as 6780 Wayman Ridge, Live Oak, Texas, 78233. Acting on that formally provided address, contained in a document signed and sworn to under the pains and penalties of perjury, Plaintiff undertook extensive efforts to

---

[6] In other words, I would have sought evidence not for the trial court but instead for the Appellate Court's subsequent review.

both coordinated with a process server and have related Court orders issued. Plaintiffs' counsels were otherwise acted in furtherance of their obligation to serve the best interest of the class.[7]

On October 6, Judge Phillip Pro Issued and order allowing Plaintiffs request for expedited discovery.

In her Objection, Objector Gaona provided as her address as 6780 Wayman Ridge, Live Oak, Texas, 78233. Acting on that formally provided address, contained in a document signed and sworn to under the pains and penalties of perjury, Plaintiff coordinated with a process server. On October 20, 2009, attempted service of the Subpoena to Testify at a Deposition in a Civil Action to Jessica Lynn Gaona was made by process server Tim Shultz at the address Gaona provided to the Court in her Objection. Shultz attempted service at Gaona's address twice, once at 9:10 a.m. when there was no response at the door and Shultz left delivery notice. When Shultz attempted service again at 8:45 p.m., he was clearly informed by the property's resident that Gaona did not reside at that address.

Gaona's Professional Objector Counsels, knew or should have known the significance of the information at issue, a valid address for service, and did not ensure its accuracy. Further, Counsel knew or should have known that discovery would be sought on the Objector on an expedited basis and that formal service would be required. Even worse, her Counsels took no corrective action when she failed to attend and the defect was brought to light. In fact as duly authorized and obligated officers of the Court they failed to appear for her deposition thus exposing Gaona to sanctions and causing the Plaintiffs to suffer irreparable harm.

Clearly, with the involvement of her counsel, Gaona provided and/or maintained the invalid address for service that she provided to the Court in her formally submitted and attested to Objection. There is no question that Gaona is represented by professional objectors. Counsel has developed specialized experience and/or are otherwise well versed in representing Objector's and the interplay between the Objection and Final Approval Process and the Record on Appeal. Counsel have a right to appear and explain under oath why this is not true, and/or Counsel are invited to appear and testify under oath as to what efforts were taken to confirm the information offered to the Court that is in issue here. We do caution you however that we believe you should produce Ms. Gaona in that regard.

We incorporate by reference the entire attached Plaintiffs' Memorandum in Support of Motion for Imposition of Sanctions Against Objector Jessica Lynn Gaona and Her Counsels Christopher Bandas and Lisa Rasmussen.

We reserve all available rights to supplement or amend. Please be clear that we intend to request the Court to order Ms. Gaona be sanctioned individually for her role. We understand that as her Counsel, you should advise her as to the serious matters referenced in this formal demand and advise her that we request her attendance.

---

[7] This included, but is not limited to, considering the objection and preparing for the deposition, investigation of the circumstances of service, investigating and attempting to obtain a valid address and coordinating alternatives.

   Once again, You have caused the class to suffer economic loss by compelling them to incur needless expense. In wrongfully insulating yourself from discovery they were entitled to by right before the formal Record was closed at the Final Approval Hearing, you have also caused them to suffer irreparable harm. Demand is thus made upon you and your required response must be served within the time allowed for by operation of law or it will be deemed waived.

                      Sincerely

                      *Robert Bonsignore*
                      Robert Bonsignore