IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

| | | |
|---|---|---|
| In re Wal-Mart Wage and Hour Employment Practices Litigation | ) ) ) ) ) | MDL 1735 2:06-CV-0225-PMP-PAL |

MOTION TO STRIKE CLASS COUNSEL'S
MOTION FOR RULE 37 SANCTIONS
AGAINST OBJECTOR FATIMA ANDREWS

Class member Fatima Andrews hereby moves to strike the Motion for Imposition of Fed. R. Civ. P. 37 Sanctions Against Objector Fatima Andrews filed by co-Class Counsel Robert Bonsignore on February 10, 2010, because this Court lacks jurisdiction to hear and rule on this belated discovery motion. In addition, Mr. Bonsignore has filed his motion in the wrong court.

I.   **The Filing of a Notice of Appeal Divests This Court of Jurisdiction Over Matters On Appeal.**

More than two months after Objector Fatima Andrews filed an appeal from this Court's approval of an award of attorney's fees to Class Counsel, and nearly four months after Ms. Andrews allegedly failed to appear for her deposition, co-Class Counsel Robert Bonsignore filed a motion for sanctions against Ms. Andrews related to her failure to appear for her deposition on October 12, 2009. This Court lacks jurisdiction, however, to entertain any such motion, since jurisdiction over that matter passed to the Court of Appeals once Ms. Andrews filed her notice of appeal.

The Supreme Court has articulated the basic principle that "a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control

over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). The Ninth Circuit has often cited this principle with approval. *See, e.g., McClatchy Newspapers v. Central Valley Typo. Union No. 46*, 686 F.2d 731, 734 (9th Cir. 1982); *Davis v. U.S.*, 667 F.2d 822, 824 (9th Cir. 1982); *City of L.A. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001).

While a district court does retain jurisdiction to consider collateral matters even during the pendency of an appeal of a final judgment on the merits, *see McClatchy, supra*, at 734, this routine discovery matter is not such an exception. The discovery which class counsel sought from Objector Andrews clearly relates to her objections to the proposed settlement and attorney's fees, and thus the ultimate question of whether the settlement was fair, reasonable and adequate, and whether the fees were reasonable -- precisely the issues currently on appeal.

## II. Even If Jurisdiction Over This Matter Had Not Passed to the Court of Appeals, the Motion May Only Be Filed in the Northern District of Ohio.

Objector Fatima Andrews, as a non-party, was subject to deposition only upon proper service of a subpoena. In recognition of this, attorney Bonsignore sought and obtained an order from the Northern District of Ohio on October 9, 2009. Fed. R. Civ. P. 37(a) provides that "a motion for an order to a nonparty must be made in the court where the discovery is or will be taken." Rule 37(b), which addresses sanctions, also specifies "if the court where the discovery is taken orders a deponent to be sworn or to answer a question and the deponent fails to obey, the failure may be treated as contempt of court." Mr. Bonsignore's motion clearly asks this Court to vindicate Judge Polster's order.[1] The

---

[1] "Andrews and her counsels, thereafter, willfully and knowingly violated a Court Order compelling her attendance at a deposition set for a date and at time certain that was issued by Judge Polster (District of Ohio)." Motion at p. 2.

2

Northern District of Ohio is the only court that ordered Ms. Andrews to be deposed. As Ms. Andrews' deposition was to be taken in Cleveland, OH, any Rule 37 motion for sanctions must be filed there, not here.

## CONCLUSION

WHEREFORE, Fatima Andrews prays that this Court STRIKE attorney Bonsignore's Motion for Imposition of Sanctions Against Objector Fatima Andrews and Her Counsel.

Fatima Andrews,
By her attorney,

*/s/ John J. Pentz*
John J. Pentz, Esq.
2 Clock Tower Place, Suite 440
Maynard, MA  01754
Phone: (978) 461-1548
Fax: (978) 405-5161
Clasaxn@earthlink.net

## CERTIFICATE OF SERVICE

The undersigned certifies that on February 23, 2010 he filed a true copy of the foregoing document by the ECF filing system which resulted in an electronic notice of the filing of this document on all counsel of record.

*/s/ John J. Pentz*
John Pentz