LISA A. RASMUSSEN, ESQ.
Nevada Bar No. 007491
California Bar No. 207026
**LAW OFFICE OF LISA RASMUSSEN, ESQ.**
616 South 8th Street
Las Vegas, NV 89101
Tel. (702) 471-6565
Fax. (702) 471-6540
Lisa@LRasmussenLaw.com
Local Counsel for Jessica Gaona, Objector

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In Re: | MDL - 1735 |
| WAL-MART Wage and Hour Employment Practices Litigation | 02:06-cv-225 PMP (PAL) |
| _____ | **APPELLANT/OBJECTOR JESSICA GAONA's OPPOSITION TO MOTION FOR SANCTIONS (C.R. #595)** |
| THIS DOCUMENT RELATES TO: | |
| All Cases. | |

**APPELLANT/OBJECTOR JESSICA LYNN GAONA AND HER COUNSELS' RESPONSE TO PLAINTIFFS' MOTION FOR SANCTIONS**

Objector-Appellant, Jessica Lynn Gaona and her counsel respond to the Plaintiffs' Motion for Sanctions. Ms. Gaona incorporates by reference as though set forth in full the following:

• Response to Motion for Bond for Appeal to be Required Posed by Objectors Gaona, Swift, Andrews, Jessica Lynn Gaona, Deborah Maddox and Stephanie Swift filed on or about January 4, 2010, docket no. 556 (in response to docket no. 535);

• Response to Motion for Bond Imposition of Appeal Bond filed by Objectors Fatima Andrews, Jessica Lynn Gaona, Deborah Maddox and Stephanie Swift on or about January 8, 2010, docket no. 557 (in response to docket no. 539); and

Opp to Mtn for Sanctions

1       •       Response to Motion for Bond Pursuant to FRAP 7 filed by Objectors Jessica Lynn Gaona, Deborah Maddox, filed on or about January 8, 2010 (in response to docket no(s). 549 and 541.

Class Plaintiffs seek sanctions of $23,610.75 under Rule 11 of the Federal Rules of Civil Procedure, under Rule 7 of the Federal Rules of Appellate Procedure, and under the inherent authority of the District Court. As an initial matter, Class Plaintiffs have already sought a bond by motion filed pursuant to Rule 7 FRAP and the response to that motion is incorporated herein. Rule 7 does provide authority for a District Court to impose sanctions for a case that is on appeal. Moreover, Class Plaintiffs have failed to satisfy their burden of proving that the "safe harbor" requirements of Rule 11 have been satisfied.

The basis of the motion for sanctions is the alleged incorrect address for Ms. Gaona provided in the objection to this settlement. Here are the facts pertaining to Ms. Gaona's address. Ms. Gaona's address was for all times relevant to this objection: 6780 Wayman Ridge Live Oak, Texas 78233. Exh. A This is the address that was in her objection. This is also Ms. Gaona's parents address, as she lived with her parents while she was working in San Marcos, Texas. It was not uncommon for Ms. Gaona to spend the night and staying with friends in San Marcos. Simply because she was difficult to serve, does not make this a sanctionable offense.

Class counsel states that the total costs sought in sanctions to determine Ms. Gaona's address were $135.75. The remainder of the $23,610.75 are in attorneys' fees incurred by Class Plaintiffs. Mr. Bonsignore's affidavit states that he expended 18 hours and Mr. Edwards another 6 hours in effecting an attempting to locate Ms Gaona's valid address for a total of $12,000. Mr. Bonsignore's affidavit continues that in drafting the motion for sanctions, Mr. Bonsignore spent 8 hours, Ms. Vamosi spent 9 hours, Mr. Kirchner spent 1.5 hours, Robin Brewer spent 2.5 hours, and Mr. Edwards spent 5 hours, for a total of $11, 475. In the memorandum supporting the motion for sanctions, Class Plaintiffs state again that "[t]he total dollar value of the time wasted by Plaintiffs counsel is $23,610.75 …. Robert Bonsignore spent approximately 14 hours; Robin Brewer 1.5; Richard Kirchner 3 hours and Daryl Edwards 11 hours. Time spent drafting this motion is not included." Ms. Gaona and her counsel submit that

these numbers do not appear to add up; moreover, these broad, conclusory statements are not adequate to support an award of fees as sanctions.

Moreover, this case is on appeal. A Time Scheduling Order was docketed on November 24, 2009. According to the 9th Circuit's decision in *Azizian v. Federated Department Stores, Inc.*, 499 F.3d 950, 960 (9th Cir. 2007), although the imposition of attorney's fees on appeal as a sanction is allowed, it is only available after the appeals court finds the appeal frivolous, and only upon further motion and hearing. *See also* 10 Wright, Miller & Kane, Federal Practice & Procedure, §2675; 2675.2 (2001). This Court no longer has authority or jurisdiction to impose sanctions on Appellant Ms. Gaona or her counsel.

Finally, the deposition subpoenas were issued for a deposition in San Marcos, Texas, but were issued from the United States District Court for the Eastern District of Texas. The deposition subpoenas should have been issued from the United States District Court for the Western District of Texas, and are therefore inadequate, given the location of the deponent and the deposition.

## CONCLUSION

As set forth above, the motion for sanctions should be denied in all respects.

Respectfully submitted and dated this 1st day of March, 2010.

        **LAW OFFICE OF LISA RASMUSSEN,**

        */s/ Lisa A. Rasmussen*
        _____
        LISA A. RASMUSSEN, ESQ.
        Nevada Bar No. 7491
        Local Counsel for Jessica Gaona, Objector

        **BANDAS LAW FIRM, P.C.**,

        /s/ *Christopher A. Bandas*
        _____
        CHRISTOPHER A. BANDAS, ESQ.
        500 N. Shoreline Blvd., Suite 1020
        Corpus Christi, TX 78471
        Tel. (361) 698-5200
        Fax. (361) 698-5222
        Cbandas@bandaslawfirm.com

        Counsel for Jessica Gaona, Objector

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of **APPELLANT/OBJECTOR JESSICA GAONA's OPPOSITION TO MOTION FOR SANCTIONS (C.R. #595)** has been served via CM/ECF upon the following persons, on this 1st day of March, 2010:

**Co-Lead Class Counsel**
Robert J. Bonsignore, Esq.                    rbonsignore@bandblaw.net

**Co-Lead Class Counsel**
Carolyn Beasley Burton, Esq.                  cbeasley@beasleylawgroup.biz
& Counsel for Plaintiff Nancy Hall

**Wal-Mart Class Counsel**
Naomi Beer, Esq.                              beern@gtlaw.com

                                              */s/ Lisa A. Rasmussen*
                                              _____
                                              Lisa A. Rasmussen, Esq.