Robert J. Bonsignore (BBO # 547880)
BONSIGNORE & BREWER
23 Forest Street
Medford, MA 02155
Telephone: (781) 350-0000
Facsimile: (781) 391-9496
Email: rbonsignore@classactions.us
*Co-Lead Counsel for Plaintiffs*

*Other signatories appear below*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| IN RE WAL-MART WAGE AND HOUR EMPLOYMENT PRACTICE LITIGATION | **MDL 1735** |
| THIS DOCUMENT RELATES TO: ALL ACTIONS EXCEPT KING v. WAL-MART STORES, INC., CASE NO. 07-1486-WY | 2:06-CV-00225-PMP-PAL (BASE FILE) |

## REPLY TO OBJECTOR FATIMA ANDREWS' OPPOSITION TO CLASS COUNSEL'S MOTION FOR RULE 37 SANCTIONS

# TABLE OF CONTENTS

INTRODUCTION ............................................................................................................ 1

PROCEDURAL HISTORY ............................................................................................. 2

ARGUMENT.................................................................................................................... 3

I.    Filing of the Notice of Appeal DOES NOT Divest the District Court of
      Jurisdiction to Address The Motion for Imposition of Sanctions ...................................... 4

      A.    Federal District Court of Nevada Local Rule IA-41 Does Not Limit Jurisdiction or
            Timing of Sanctions ............................................................................................. 4

      B.    Federal Authority DOES NOT Divest the District Court of Jurisdiction to
            Address Plaintiffs Motion for Imposition of Sanctions ........................................ 5

            1.    The *Griggs* Case Cited by Pentz is Only a General Rule - It Fails to
                  Account for Applicable Exceptions............................................................ 6

            2.    A Specific Exception to *Griggs,* Recognized by U.S. Supreme Court
                  and Adopted by the 9th Cir., is Attorney's Fees and Sanctions.................. 7

            3.    The 9th Circuit has Upheld the Imposition of Sanctions After
                  the Filing of an Appeal .............................................................................. 8

            4.    Under the Circumstances Presented Here, This Court has the Power to
                  Decide Plaintiffs' Motion for the Imposition of Sanctions............................ 9

i

II.    Motion for Sanctions Was Appropriately Filed in the District of Nevada ........................ 11

CONCLUSION ......................................................................................................................... 14

*Reply to Objector Fatima Andrews's Opposition to Class Counsel's Motion for Rule 37 Sanctions*

# **TABLE OF AUTHORITIES**

*B. F. Goodrich Tire Co. v. Lyster*

328 F.2d 411 (5th Cir. 1964) ........................................................................................... 13

*Braziller v. Lind*

32 F.R.D. 367 (S.D.N.Y.1963) ......................................................................................... 13

*Britton v. Co-op Banking Group*

916 F.2d 1405 (9th Cir. 1990) ...................................................................................... 8, 9

*First Nat. Bank at Thermopolis v. Western Cas. and Sur. Co.*

598 F.2d 1203 (C.A.Wyo., 1979) ................................................................................... 13

*Gottlieb v. Isenman,*

15 F.R.D. 88, 89 (D.Mass.1953) ..................................................................................... 13

*Griggs v. Provident Consumer Discount Co.*

459 U.S. 56 (1982) ....................................................................................................... 6, 7

*Henry v. Gill Industries, Inc.*

983 F.2d 943 (9th Cir. 1993) .......................................................................................... 13

*Hicks v Maryland Health Sys. Agency*

805 F2d 1165 (4th Cir 1986) ............................................................................................ 8

*Reply to Objector Fatima Andrews's Opposition to Class Counsel's Motion for Rule 37 Sanctions*

*Hilao v. Estate of Marcos*

103 F.3d 762 (9th Cir. 1996) ........................................................................................... 13

*Hoffman v. Beer Drivers & Salesmen's Local Union No. 888*

536 F.2d 1268 (9th Cir.1976) ............................................................................................ 6

*Hovey v. McDonald*

109 U.S. 150 (1883) ........................................................................................................... 7

*ITEL Securities Litication*

791 F.2d 672 (9th Cir. 1986) ............................................................................................. 8

*Int'l Assoc. of Bridge Local Union 75 v. Madison Indus., Inc.*

733 F.2d 656 (9th Cir. 1984) ............................................................................................. 7

*Maness v. Meyers*

419 U.S. 449 (1975) ........................................................................................................... 9

*Mary Ann Pensiero, Inc. v Lingle*

847 F2d 90 (3d. Cir 1988) ................................................................................................. 8

*Masalosalo v. Stonewall Ins. Co.*

718 F.2d 955 (9th Cir.1983) ..................................................................................... 6, 7, 10

*McClatchy Newspapers v. Central Valley Typographical Union*

686 F.2d 731 (9th Cir. 1982) ............................................................................................. 9

*Merrimack River Savings Bank v. Clay Center*
219 U.S. 527 (1911) ........................................................................................... 7

*Mitchell v. Herbertson*
1992 U.S. Dist. LEXIS 15130 (N.D. Cal. 1992) ........................................................ 8

*Natural Resources Defense Council, Inc. v. Southwest Marine Inc.*
242 F.3d 1163 (9th Cir. 2001) ............................................................................. 7

*Newton v. Consolidated Gas Co.*
258 U.S. 165 (1922) ........................................................................................ 6, 7

*Overnight Transportation Company v. Chicago Industrial Tire Company*
697 F.2d 789 (7th Cir. 1983) ............................................................................... 8

*Trulis v. Barton*
107 F.3d 685 (9th Cir. 1995) ............................................................................... 6

*United States v. Community Home and Health Care Serv., Inc.*
550 F.3d 764 (9th Cir. 2008) ............................................................................... 7

*United States v. El-O-Pathic Pharmacy*
192 F.2d 62 (9th Cir.1951) .................................................................................. 6

*Val-Land Farms, Inc. v. Third National Bank*
937 F.2d 1110 (6th Cir. 1991) ............................................................................. 8

*Reply to Objector Fatima Andrews's Opposition to Class Counsel's Motion for Rule 37 Sanctions*

*Westlake N. Property Owners Ass'n. v. City of Thousand Oaks*

915 F.2d 1301 (9th Cir. 1990) ...................................................................................................... 8

*White v. New Hampshire Dep't of Employment Sec.*

455 U.S. 445 (1982) .................................................................................................................... 7

*Willy v. Coastal Corp.*

112 S. Ct. 1076 (1992).......................................................................................................... 8, 14

Other Sources

LR IA 2-1

*4A Moore's Federal Practice* P 37.02(1), at 37-30.1 (2d ed. 1978)

20 James Wm. Moore, *Moore's Federal Practice,* § 303.32[1] (3d ed.2000)

Allan Ides, *The Authority of a Federal District Court to Proceed After a Notice of Appeal Has Been Filed,* 143 F.R.D. 307, 322 (1992)

Federal Rule of Civil Procedure 37

Federal Rule of Civil Procedure 11

## INTRODUCTION

On February 10, 2010, the Plaintiff Class through the undersigned counsels filed a Motion for Imposition of Sanctions Against Objector Fatima Andrews and Her Counsels John J. Pentz and Edward Cochran based on the willful failure of Fatima Andrews to appear at a court ordered deposition and the related conduct of her Counsels. *See* Docket no. 592, Plaintiffs' Motion for the Imposition of Sanctions Against Objector Fatima Andrews and Her Counsels John Pentz and Edward Cochran (hereafter, "Motion for Sanctions"), February 10, 2010. Despite the grave seriousness of the matter at hand, the impact the conduct in issue had on parties in MDL 1735, and the fact that any opposition to Plaintiffs' Motion for Sanctions was due by February 27, 2010, Fatima Andrews and her Counsels, John Pentz and Edward Cochran, knowingly elected not file a true opposition. Rather, they placed on file a pleading captioned "Motion to Strike Class Counsel's Motion for Rule 37 Sanctions Against Objector Fatima Andrews" (hereafter, "Motion to Strike") that at its core contained such glaring legal defects that it must be considered at or next to a worthless token effort. *See* Docket no. 601, February 23, 2010.[1] For reasons set forth below, in responding to the filing of the Motion to Strike, Plaintiffs hereby construe it as the opposition of Objector Fatima Andrews and Her Counsels John Pentz and Edward Cochran (hereafter "Andrews, Pentz and Cochran") to Plaintiffs' Motion for the Imposition of Sanctions Against Objector Fatima Andrews and Her Counsels John Pentz and Edward Cochran (hereafter, "Motion for Sanctions"). *See* Docket no. 592, February 10, 2010.

Rather than effectively attack or even acknowledge the merits of the Plaintiffs' Motion for Sanctions, Andrews, Pentz and Cochran alternatively offer in response absolutely no defense

[1] In the alternative, this submission serves as an Opposition to Docket 601.

whatsoever, or, a legally defective request that this Court strike the Motion for Imposition of Sanctions on a certain and discrete basis. In support of their bizarre request to strike the Motion for Sanctions, Andrews, Pentz and Cochran limit themselves to two (2) discrete basis. The discrete basis relied upon by Andrews, Pentz and Cochran are easily disposed of because they are contrary to express applicable legal authority and the Motion for Sanctions should be allowed. Nothing requested impacts the substantial rights directly involved in the appeal.

**Procedural History**

The facts of this case have been briefed in full in the Motion for Sanctions.[2] The following brief overview focuses only on a review of a few relevant facts. On September 24, 2009, Andrews and her counsel, John Pentz and Edward Cochran, both self-described Professional Objectors, objected to the Settlement. *See* Docket no. 385, September 24, 2009.

On October 5, 2009, this Honorable Court granted Plaintiffs' Motion for expedited discovery. *See* Docket no. 441, Unopposed Emergency Motion for an Expedited Deposition Schedule, October 5, 2009. Given the context and short time-frame to accomplish discovery on objectors to the then proposed Settlement of MDL 1735, Plaintiffs next quickly formally took action on October 6, 2009 to insure that the depositions of Objector Andrews would be taken. *See* Docket no. 447-3, Notice to Take Deposition of Fatima Andrews, October 6, 2009. On October 9, 2009, Judge Polster of the United States District Court for the Northern District of Ohio Eastern Division granted a motion to compel the attendance of Objector Andrews at the October 12, 2009 deposition. On October 9, 2009, at 6:26 p.m., Process Server Clint

---

[2] For the sake of brevity, and because none of the factual assertions or argument included in the moving papers were addressed, the merits of the request for sanctions need not be restated here. Instead, Plaintiffs simply incorporate by reference their Motion for Sanctions.

Massengale, an employee of New Age Delivery, Courier and Freight, served the Deposition Subpoena personally upon Andrews at her residence at 16305 Trafalgar Street, Cleveland, Ohio, 44110. Despite being served the Subpoena and Deposition Notice, and having notice of Judge Polster's order, neither Andrews nor her Counsel appeared for the scheduled deposition on October 12, 2009. *See generally* Docket no. 447-3, Notice to Take Deposition of Fatima Andrews, October 6, 2009; Docket no. 458, Subpoena, October 12, 2009.

The Plaintiff Class through the undersigned counsels then filed a Motion seeking to impose sanctions including Attorneys fees. *See* Docket no. 592, Motion for Sanctions. Objector Andrews through Counsel seeks to oppose the Motion for Sanctions on jurisdictional grounds. *See* Docket Docket no. 601, Motion to Strike.

**ARGUMENT**

Andrews, Pentz and Cochran did not object to the imposition of the requested sanctions on the merits. Rather, they seek to avoid accountability purely on their opinion that this Court lacks jurisdiction. More specifically, Andrews, Pentz and Cochran limit their jurisdictional objection to two (2) discrete basis. They are: 1) the notice of appeal divested the District Court of Jurisdiction, and 2) the Motion must be filed in the Ohio court that issued the order compelling Objector Andrews to appear at the deposition. *See* Docket no. 601, Motion to Strike Class Counsel's Motion for Rule 37 Sanctions Against Objector Fatima Andrews (hereafter, "Motion to Strike"), February 23, 2010. Both are legally unsupported and must be rejected.

It is important to note that here, as with other pleadings, Objector and Counsel cite only limited authority that does little to support their position and in their rush to force inapposite snippets into failing arguments they also once again fail to cite to additional authority, including well established United States Supreme Court and Ninth Circuit law that directly contradicts

3

their position.  A review of the applicable authority on the issue raised makes clear that the

Motion to Strike is devoid of merit and must be denied and that the time of the Parties to this

litigation.  This Court has once again been needlessly consumed by a frolic advanced by

Andrews, Pentz and Cochran.

## I.    Filing of the Notice of Appeal DOES NOT Divest the District Court of Jurisdiction to Address The Motion for Imposition of Sanctions

Andrews, Pentz and Cochran's claim that this Court no longer has jurisdiction to

adjudicate the Motion for Imposition of Sanctions is directly contrary to Nevada local rules and

Federal authority, including authority in the 9th Circuit.  Andrews, Pentz and Cochran have

misconstrued case law and failed to acknowledge, cite, or distinguish the ample body of contrary

case law.  In fact, the crushing weight of authority requires that the Motion to Strike be denied.

### A.    Federal District Court of Nevada Local Rule IA 4-1 Sanctions Does Not Limit Jurisdiction or Timing of Sanctions

Plaintiff Class properly filed its motion for imposition of Sanctions in the United States

District Court of Nevada, the venue where the underlying litigation was pending.  Accordingly,

the most obvious and appropriate source of authority is the local rules for the Federal District

Court of Nevada.  The local rules "shall be construed so as to be consistent with the Federal

Rules of Civil Procedure.....The provisions of Parts IA and II apply to all actions and

proceedings...except where they may be inconsistent with rules or provisions of law specifically

applicable thereto..." LR IA 2-1 Scope of Rules; Construction.  Local Rule IA 4-1 dealing with

Sanctions states:

The court may, after notice and opportunity to be heard, impose any and all appropriate sanctions on an attorney or party appearing in pro se who, without just cause:

    (a) Fails to appear when required for pretrial conference, argument on motion, or trial;

    (b) Fails to prepare for a presentation to the court;

    (c) Fails to comply with these rules; or

    (d) Fails to comply with any order of this court.

Although the Plaintiff Class sought sanctions under Federal Rule 37 and 11 and not under this local rule, it is important to note that there is nothing in the local rule that limits the jurisdiction of this Court or timing of a filing of a motion for sanctions.

## B. Federal Authority DOES NOT Divest the District Court of Jurisdiction to Address Plaintiff's Motion for Imposition of Sanctions.

Despite the Objector's cursory, limited and unpersuasive arguments to the contrary, 9th circuit authority holds that the notice of appeal in this matter does not divest the district court of jurisdiction to address Plaintiff's Motion for Sanctions. A thorough review of applicable authority squarely allows the District Court to decide this issue.

### 1. The *Griggs* Case Cited By Pentz is Only the General Rule – It Fails to Account for Applicable Exceptions

Generally, the filing of a notice of appeal is an event of jurisdictional significance - it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982). See also Trulis v. Barton*, 107 F.3d 685, 694-5 (9th Cir. 1995). This rule is judge-made: its purpose is to promote judicial economy and avoid the confusion that would ensue from having the same issues before two courts simultaneously. *Masalosalo v. Stonewall Ins. Co.,* 718 F.2d 955, 956 (9th Cir.1983); 20 James Wm. Moore, *Moore's Federal Practice,* § 303.32[1] (3d ed.2000).

The principle of exclusive appellate jurisdiction is not absolute. *Masalosalo,* 718 F.2d at 956. The district court retains jurisdiction during the pendency of an appeal to act to preserve the status quo. *Newton v. Consolidated Gas Co.,* 258 U.S. 165, 177 (1922); *Hoffman v. Beer Drivers & Salesmen's Local Union No. 888,* 536 F.2d 1268, 1276 (9th Cir.1976); *United States v. El-O-Pathic Pharmacy,* 192 F.2d 62, 79 (9th Cir.1951), and to address collateral issues.[3] The District Court retains jurisdiction to deal with issues that will not

---

[3] This exception to the jurisdictional transfer principle has been codified in Rule 62(c) of the Federal Rules of Civil Procedure, which allows a District Court to "suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party." This Rule grants the District Court no broader power than it has always inherently possessed to preserve the status quo during the pendency of an appeal; it "does not restore jurisdiction to the district court to adjudicate anew the merits of the case." *McClatchy Newspapers v. Central Valley Typographical Union,* 686 F.2d 731, 734 (9th Cir. 1982). Thus, any action taken pursuant to Rule 62(c) "may not materially alter the status of the case on appeal." Allan Ides, *The Authority of a Federal District Court to Proceed After a Notice of Appeal Has Been Filed,* 143 F.R.D. 307, 322 (1992). *See also Natural Resources Defense Council, Inc. v. Southwest Marine Inc.* 242 F.3d 1163, 1166 (9th Cir. 2001). Nothing requested impacts the substantial rights directly involved in the appeal.

impact substantial rights directly involved in the appeal. *Newton v. Consolidated Gas Co.*, 258

U.S. at 177. (citations omitted) (statement of the rule prior to its codification), citing *Hovey v.*

*McDonald*, 109 U.S. 150, 157 (1883), and *Merrimack River Savings Bank v. Clay Center*, 219

U.S. 527, 534 (1911).

### 2. A Specific Exception to *Griggs*, Recognized by U.S. Supreme Court and Adopted by the 9th Cir., is Attorney's Fees and Sanctions

An exception to the above general rule is the area of attorney's fees and sanctions.

In *United States v. Community Home and Health Care Serv., Inc.*, 550 F.3d 764, 766 (9th Cir.

2008), the 9th Circuit recognized the Supreme Court case of *White v. New Hampshire Dep't of*

*Employment Sec.*, 455 U.S. 445, 451-452 (1982). In *White*, the Supreme Court addressed the

relevant issue of whether a request for attorney's fees raises legal issues collateral to the main

action prompting an inquiry separate and apart from the decision on the merits. *Id.* at 451-52.

Following *White*, the 9th Circuit held that a District Court retains the power to award attorney's

fees after a notice of appeal from the decision on the merits has been filed. *Masalosalo v.*

*Stonewall Ins. Co.*, 718 F.2d 955, 957 (9th Cir. 1983). Also, the District Court adopted the

"bright-line rule" that "all attorney's fees requests are collateral to the main action," rendering a

"judgment on the merits . . . final and appealable even though a request for attorney's fees is

unresolved." *Int'l Assoc. of Bridge Local Union 75 v. Madison Indus., Inc.*, 733 F.2d 656, 659

(9th Cir. 1984). The 9th Circuit has recognized that the District Court retains jurisdiction in an

application for sanctions and attorneys fees provided the motion is filed *either* before an appeal

is perfected or during pendency of the appeal on the merits. *ITEL Securities Litication,* 791 F.2d

672, 675 (9th Cir. 1986) (citing *Overnight Transportation Company v. Chicago Industrial Tire Company*, 697 F.2d 789, 793 (7th Cir. 1983).

Likewise, Rule 11 sanctions may be entered by the district court after a notice of appeal has been filed. *Val-Land Farms, Inc. v. Third National Bank*, 937 F.2d 1110, 1117 (6th Cir. 1991) (citing *Mitchell v. Herbertson*, 1992 U.S. Dist. LEXIS 15130, *9 (N.D. Cal. 1992). *See also Mary Ann Pensiero, Inc. v Lingle,* 847 F2d 90 (3d. Cir 1988). The timeliness of a Rule 11 motion rests within the judge's discretion. *Hicks v Maryland Health Sys. Agency,* 805 F2d 1165 (4th. Cir 1986). The District Court can impose sanctions even if it ultimately lacks jurisdiction. *Willy v. Coastal Corp.*, 112 S. Ct. 1076, 1080-81 (1992) (holding that a district court could constitutionally impose Rule 11 sanctions in a case in which was later determined that the court lacked subject matter jurisdiction); *Westlake N. Property Owners Ass'n. v. City of Thousand Oaks,* 915 F.2d 1301, 1303 (9th Cir. 1990) (finding "even if a court does not have jurisdiction over an underlying action, it may have jurisdiction to determine whether the parties have abused the judicial system and whether sanctions are appropriate to remedy such abuse.")

**3.     The 9th Circuit has upheld the Imposition of Sanctions After the Filing of an Appeal**

In *Britton v. Co-op Banking Group*, 916 F.2d 1405, 1410 (9th Cir. 1990), the 9th Circuit upheld an imposition of sanctions sought under FRCP 37 after an appeal was filed and stated:

We fully recognize the problems created if parties are permitted to refuse to comply with court orders with which they disagree, and we endorse the "basic proposition that all orders and judgments of courts must be complied with promptly." *Maness v. Meyers*, 419 U.S. 449, 458 (1975) ("If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but absent a stay, he must

8

comply promptly with the order pending appeal. Persons who make private determinations of the law and refuse to obey an order generally risk criminal contempt even if the order is ultimately ruled incorrect.")

The 9th Circuit in *Britton* rejected the appellant's argument that the appeal divested the District Court of jurisdiction. *Id.* at 1411. Citing, from Moore's *Federal Practice* treatise, the Court, sounding the death knell for the argument Pentz makes here, found, "where an appeal is taken from a judgment which does not finally determine the entire action, the appeal does not prevent the district court from proceeding with matters not involved in the appeal." J. Moore, para. 203.11, 3-54." *Id.*

The *Britton* Court also distinguished the *McClatchy* case cited by Pentz stating:

In *McClatchy* the modified order reflected *a change in the result of the very issue on appeal*; if allowed to stand, the appeals court would be dealing with a moving target if it ruled on the revised order or, alternatively, its ruling would be obsolete if it ruled on the "old" order. *McClatchy* does not prevent the district court in the present case from proceeding with the independent issues presented in the underlying case. The district court is simply moving the case along consistent with its view of the case as reflected in its order denying arbitration.

*Britton v. Co-op Banking Group* 916 F.2d 1405, 1411 -1412 (9th Cir. 1990) (emphasis added)

## 4.    Under the Circumstances Presented Here, This Court Has the Power to Decide Plaintiffs' Motion for the Imposition of Sanctions

9

In the situation presented here, Plaintiff's Motion for Imposition of Sanctions falls squarely within the exception to the *Griggs'* rule as it is a collateral matter that will not affect any substantial rights that are the subject of the appeal. Plaintiff's Motion requests an order from the District Court imposing sanctions and awarding attorneys fees because Objector Andrews and his Counsel failed to attend a noticed and court ordered deposition. As set forth above, 9th Circuit authority indicates that such requests are an exception to the *Griggs'* rule that does not divest the district court of jurisdiction. The record for the appeal has already been determined and is before the appellate court. An award of sanctions and fees, as requested here, will not affect the appeal in any way and thus is appropriately before the District Court.

Jurisdiction in the District Court is in no way contrary to the purpose of the *Griggs'* Rule. *See Masalosalo v. Stonewall Ins. Co.,* 718 F.2d 955, 956 (9th Cir.1983) (its purpose is to promote judicial economy and avoid the confusion that would ensue from having the same issues before two courts simultaneously.) Judicial economy is in no way implicated and there would be no confusion if the District Court addresses the sanctions motion. This is not the situation where the same issue is before two courts. To the contrary, the issue of imposition of fees and sanctions does not arise in the appellate court in any way, shape or manner.       Objector Andrews and her Counsel chose to ignore a clear order of the District Court and it is the District Court which should properly decide whether as a result they should be sanctioned and ordered to pay Attorney's fees.

**II.     Motion for Sanctions Was Appropriately Filed in the District of Nevada**

Objector Andrews and Counsel take the position the Motion for Sanctions should be decided in another Court. This position is wrong. Plaintiff's Motion for Sanctions was based upon Federal Rule of Civil Procedure 37 and Rule 11. The clear language of the Federal Rules indicates that the District of Nevada is the appropriate jurisdiction to address Plaintiff's Motion for Imposition of Sanctions. Federal Rule of Civil Procedure 37(b) anticipates motion for sanctions in either the district court where a deposition is taken (FRCP 37(B)(1) OR in the District Court where an action is pending  (FRCP 37(b)(2).  With regard to the latter the rule states:

(2) *Sanctions in the District Where the Action Is Pending.*

(A) For Not Obeying a Discovery Order. If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court

where the action is pending may issue further just orders. They may include the following:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order

11

except an order to submit to a physical or mental examination.

(B) For Not Producing a Person for Examination. If a party fails to comply with an order under Rule 35(a) requiring it to produce another person for examination, the court may issue any of the orders listed in Rule 37(b)(2)(A)(i)-(vi), unless the disobedient party shows that it cannot produce the other person.

(C) Payment of Expenses. Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Rule 37(b)(2)(A) specifically addresses the situation presented here where Objector and Counsel failed to obey a discovery order requiring attendance at a deposition. The rule is broadly interpreted and not limited by its terms in any way to an "order" issued in the District where the action is pending or where the deposition is to be taken. The notes to this rule explain:

> The scope of Rule 37(b)(2) is broadened by extending it to include any order "to provide or permit discovery," including orders issued under Rules 37(a) and 35. Various rules authorize orders for discovery--*e.g.,* Rule 35(b)(1), Rule 26(c) as revised, Rule 37(d). *See* Rosenberg, *supra*, 58 Col.L.Rev. 480, 484-486. Rule 37(b)(2) should provide comprehensively for enforcement of all these orders. *Cf. Societe Internationale v. Rogers,* 357 U.S. 197, 207 (1958).

Federal Rules of Civil Procedure Rule 37

FRCP 37(b)(2) Expressly Gives Judge Pro, As the Judge Sitting in the District "*where the action is pending*", the Jurisdiction to Assess any "Just Orders" for the failure to obey a Discovery

12

Order – There is no legitimate support for the position advocated by Pentz and Objector Andrews that Jurisdiction Solely Resides "*in the District Where the Deposition is Taken.*"

As a party to this action, Objector Andrews and her Counsel are subject to the jurisdiction of the District of Nevada with regard to remedies available under Rule 37: "If the deposition of a party is being taken in a district other than that in which the action is pending, another party seeking to compel an answer has a choice of forum but the court to which he applies may send him to the other court if it seems more appropriate." *First Nat. Bank at Thermopolis v. Western Cas. and Sur. Co.* 598 F.2d 1203, 1206 (C.A.Wyo., 1979). *See also 4A Moore's Federal Practice* P 37.02(1), at 37-30.1 (2d ed. 1978); *B. F. Goodrich Tire Co. v. Lyster*, 328 F.2d 411, 415 (5th Cir. 1964); *Braziller v. Lind*, 32 F.R.D. 367, 367 (S.D.N.Y.1963); *Gottlieb v. Isenman*, 15 F.R.D. 88, 89 (D.Mass.1953). This is consistent with the scope and purpose of the Federal Rules of Civil Procedure. "to secure just, speedy and inexpensive determination of every proceeding." FRCP 1

Rule 37(b)(2) requires two things: (1) a court order must be in effect and (2) the order must be violated. In this case, both requirements are satisfied and the District Court for Nevada is appropriately empowered to order remedies under Rule 37. [4]

Rule 37 (d) addresses a situation where a party fails to attend its own deposition even in the absence of a court order

> Federal rule F.R.Civ.P. 37(d)(1)(A) empowers a court to "order sanctions" if a party "fails, after being served with proper notice, to appear for that person's deposition" or fails to serve answers to interrogatories and document requests. Such failure "is not excused on the ground that the discovery sought was objectionable, unless the party

---

[4] Again, this Court also issued a related order and so the position of Counsel and Client is even more removed from the range of reasonableness.

13

failing to act has a pending motion for a protective order under Rule 26(c)." F.R.Civ.P. 37(d)(2). Sanctions may include those provided in F.R.Civ.P. 37(b)(2)(A)(i)-(vi). F.R.Civ.P. 37(d)(3).

A party who fails to appear for a deposition is subject to sanctions even in the absence of a prior order. F.R.Civ.P. 37(d); *Hilao v. Estate of Marcos,* 103 F.3d 762, 764-765 (9th Cir. 1996) (unexplained failure to appear at deposition in contempt proceeding justified sanction deeming allegations to be established); *Henry v. Gill Industries, Inc.,* 983 F.2d 943, 947 (9th Cir. 1993).

Plaintiff also sought sanctions pursuant to Federal Rule of Civil Procedure 11. The United State Supreme Court has already determined that the scope of FRCP 11 is broad and is intended to apply to all district court civil proceedings. *Willy v Coastal Corp.,* 112 S. Ct. 1076, 1080-81 (1992). The Federal District Court was authorized to impose sanctions pursuant to FRCP 11, even though court was later determined to lack subject matter jurisdiction, since expansive language of FRCP 1 and 81(c) indicate clear intent to have Rules, including Rule 11, apply to all district court civil proceedings.

## CONCLUSION

The Plaintiff Class through the undersigned Counsel scheduled a deposition of Objector Andrews. Objector Andrews was under a Court order from Judge Pro and Judge Polster to attend. Andrews, Pentz and Cochran chose to ignore the very clear orders without seeking a protective order or later taking any action whatsoever. They ignored safe harbor letters seeking to informally resolve this dispute instead choosing to needlessly waste more time and insert more delay. The conduct complained of certainly warrants sanctions and in context, is certainly

needed. Nothing requested impacts the substantial rights directly involved in the appeal. After the question of whether the District of Nevada is the appropriate place to hear the motion for sanctions and attorneys fees resulting from Objector Andrews' failure to abide by an order of that court is decided favorably, the requested sanctions should be awarded to avoid further needless delay and wasted resources. The law is clear that the District of Nevada is the appropriate forum for this issue and the motion to strike filed by Objector Andrews is not well-grounded in any supporting law. To the extent that it is properly before the Court, Objector Andrews Motion to Strike must be denied and Plaintiffs' Motion for Sanctions should be allowed.

Dated: March 5, 2010

s/ Robert J. Bonsignore
Robert J. Bonsignore (BBO # 547880)
BONSIGNORE & BREWER
23 Forest Street
Medford, MA 02155
Telephone: (781) 350-0000
rbonsignore@classactions.us

D. Michael Noonan, Esq.
Shaheen & Gordon, P.A.
140 Washington Street
P.O. Box 977
Dover, NH 03821
(603) 749-5000

Daniel D. Ambrose, Esq.
Ambrose Law Group
1007 East West Maple Road
Walled Lake, MI 48390
(248) 624-5500

Craig O. Asbill, Esq.
Charles G. Monnett & Associates
200 Queens Road
Suite 300
Charlotte, NC 28204
(704) 376-1911

Franklin D. Azar, Esq.

Richard Batesky, Esq.

15

Rodney P. Bridgers, Jr., Esq.
Nathan J. Axvig, Esq.
Franklin D. Azar & Associates P.C.
14426 East Evans Ave.
Aurora, CO 80014
(303) 757-3300

Attorney at Law
22 E. Washington St., Suite 610
Indianapolis, IN 46204
(800) 822-2039

Robin E. Brewer, Esq.
Nicole Vamosi, Esq.
Kelly Elam, Esq.
Rick Kirchner, Esq.
Julie Baker, Esq.
Bonsignore & Brewer
23 Forest Street
Medford, MA 02155
(781) 350-0000

Mark C. Choate, Esq.
Choate Law Firm LLC
424 N. Franklin Street
Juneau, AK 99801
(907) 586-4490

Todd S. Collins, Esq.
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103
(800) 424-6690

Adriana Contartese, Esq.
Rafaela Hanley, Esq.
Attorney at Law
866 East Fifth St.
Boston, MA 02127
(617) 268-3557

Lanny H. Darr
Schrempf, Kelly, Knapp & Darr, Ltd.
307 Henry St.
Suite 415
Alton, IL 62002
(618) 465-2311

Paul C. EchoHawk, Esq.
Nathan Long, Esq.
EchoHawk Law Offices
Paul C. EchoHawk
505 Pershing Avenue
Pocatello, ID 83205
(208) 478-1624

R. Deryl Edwards, Jr., Esq.
606 S. Pearl Ave.
Joplin, MO 64801
(417) 624-1962

Ivy L. Frignoca, Esq.
Lambert Coffin Haenn
477 Congress St, 14th Fl
Portland, ME 04112
(207) 874-4000

Courtney French, Esq.
Fuston, Petway & French, LLP
3500 Colonnade Parkway
Suite 300
Birmingham, AL 35243
(205) 977-9798

Troy N. Giatras, Esq.
The Giatras Law Firm, PLLC
118 Capitol Street
Suite 800
Charleston, WV 25301
(304) 343-2900

*Reply to Objector Fatima Andrews's Opposition to Class Counsel's Motion for Rule 37 Sanctions*

Christopher R. Gilreath, Esq.
Gilreath & Associates
550 Main Street
Suite 600
Knoxville, TN 37902
(865) 637-2442

Vincent J. Glorioso, III, Esq.
The Glorioso Law Firm
815 Baronne Street
New Orleans, LA 70113
(504) 569-9999

Donald S. Goldbloom, Esq.
12590 National Pike
Grantsville, MD 21536
(301) 895-5240

Gregory F. Greiner, Esq.
Greiner Law Office
630 G Ave.
Grundy Center, IA 50638
(319) 824-6951

J. Thomas Henretta, Esq.
Law Offices of J. Thomas Henretta
400 Key Building
159 South Main Street
Akron, OH 44308
(330) 376-7801

Thomas H. Johnson, Esq.
Thomas H. Johnson Law Office
410 Hickory St.
Texarkana, AR  71854
(870) 773-6359

Christopher Meeks, Esq.
Lynch, Meeks & Battitori
1031 Military Avenue
Baxter Springs, KS
(620) 856-2771

Mike Miller, Esq.
Stacey E. Tjon, Esq.
Solberg, Stewart, Miller & Tjon
1129 Fifth Avenue South
Fargo, ND 58103
(701) 237-3166

Pamela Mullis, Esq.
The Mullis Law Firm
1229 Elmwood Ave
Columbia, SC 29201
(803) 799-9577

Glen W. Neeley, Esq.
Attorney at Law, P.C.
863 25th St.
Ogden, UT 84001
(801) 612-1511

Gary S. Nitsche, Esq.
Weik, Nitsche, Dougherty
1300 N. Grant Ave, Suite 101
Wilmington, DE 19899
(302) 655-4040

Raymond A. Pacia, Esq.
Attorney At Law, LTD
50 Power Road
Pawtucket, RI 02860
(401) 727-2242

Jeffrey M. Padwa, Esq.
Padwa Law
303 Jefferson Blvd.
Warwick, RI 02888
(401) 921-4800

Arthur Y. Park, Esq.
Laurent J. Remillard, Jr., Esq.
John C. McLaren, Esq.
Park Park & Remillard
707 Richards Street

17

Wayne D. Parsons, Esq.
Wayne D. Parsons Law Offices
Dillingham Business Center
Suite 201C
1406 Colburn Street
Honolulu, HI 96817
(808) 845-2211

Dan Rausher, Esq.
Attorney at Law
26 Court Street
Suite 1604
Brooklyn, New York 11242
(718) 596-7333

Fred Schultz, Esq.
Greene & Schultz
Showers Plaza
320 W. 8th Street
Suite 100
Bloomington, IN 47404
(812) 336-4357

Stephen M. Smith, Esq.
Joseph Smith Ltd.
2100 Kecoughtan Road
Hampton, VA 23661-0437
(757) 244- 7000

Mark Tate, Esq.
Tate Law Group, LLC
2 East Bryan Street
Suite 600
Savannah, GA 31401
(912) 234-3030

Matthew Tobin, Esq.
201 S. Phillips Avenue
Suite 200
Sioux Falls, SD 57104
605-366-9715

Suite 500
Honolulu, HI 96813
(808) 536-3905

John Rausch, Esq.
P.O. Box 905
Waterloo, IA 50704
(319) 233-3557

Thomas R. Ricci, Esq.
Law Office of Thomas R. Ricci
303 Jefferson Blvd.
Warwick, RI 02888
(401) 921-4800

Cynthia K. Smith, Esq.
Jasper Smith Olson, P.C.
202 W. Spruce St.
P.O. Box 7785
Missoula, MT 59807
(406) 541-7177

Laurence W. Stinson, Esq.
Bradley D. Bonner, Esq.
Bonner Stinson, P.C.
P.O. Box 799
128 East Second Street
Powell, WY 82435
(307) 754-4950

Jill P. Telfer, Esq.
Law Offices of Jill P. Telfer
331 J. Street, Ste. 200
Sacramento, CA 95814
(916) 446-1916

Jay A. Urban, Esq.
Urban & Taylor S.C.
4701 North Port Washington Road
Milwaukee, WI 53212
(414) 906-1700

*Reply to Objector Fatima Andrews's Opposition to Class Counsel's Motion for Rule 37 Sanctions*

1

2   Ernest Warren, Jr., Esq.                 Christopher P. Welsh, Esq.
    Walker Warren & Watkins                  James R. Welsh, Esq.
3   838 SW First Avenue                      Welsh & Welsh, P.C. L.L.O.
    Suite 500                                9290 West Dodge Road
4   Portland, OR 97204                       100 The Mark
    (503) 228-6655                           Omaha, Nebraska, 68114
5                                            (402) 384-8160

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Reply to Objector Fatima Andrews's Opposition to Class Counsel's Motion for Rule 37 Sanctions*

## CERTIFICATE OF SERVICE

I hereby certify that on March 5, 2010, a copy of the foregoing *Reply to Objector Fatima Andrews' Opposition to Class Counsel's Motion for Rule 37 Sanctions* was filed electronically [and served by mail on anyone unable to accept electronic filing]. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing]. Parties may access this filing through the Court's system.

/s/ Robert J. Bonsignore
Robert J. Bonsignore

*Reply to Objector Fatima Andrews's Opposition to Class Counsel's Motion for Rule 37 Sanctions*