Robert J. Bonsignore (BBO # 547880)
BONSIGNORE & BREWER
23 Forest Street
Medford, MA 02155
Telephone: (781) 350-0000
Facsimile: (781) 391-9496
Email: rbonsignore@classactions.us
*Co-Lead Counsel for Plaintiffs*

*Other signatories appear below*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| IN RE WAL-MART WAGE AND HOUR EMPLOYMENT PRACTICE LITIGATION | **MDL 1735** |
| | 2:06-CV-00225-PMP-PAL (BASE FILE) |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

**PLAINTIFFS' REPLY TO APPELLANT FATIMA ANDREWS' RESPONSE TO CLASS COUNSEL'S MOTION FOR APPEAL BOND**

Now Come the Plaintiffs, by and through their undersigned counsel, and reply to the submission entitled *Opposition to Motion for Appeal Bond for Objector Fatima Andrews* (hereafter, "Opposition ").  *See* Docket no. 603.  Equally as bad as the fact that the Objector Andrews Response is riddled with unprofessional and unpersuasive personal attacks and mischaracterizations is the fact that substantively it is void of fact and law that addresses the considerations that the Court must evaluate and thus does not assist the Court in its necessary analysis.[1]  Moreover, the smattering of relevant material that is offered in the Opposition actually serves to supplement the already overwhelming justification in the record for the assessment of the requested bond as to Fatima Andrews (hereafter, "Objector", and/or "Andrews").  Plaintiffs request this court note that the Opposition does not rebut the majority of the facts, legal authority and argument contained in the Memorandum in Support of Appeal Bond for Objector Fatima Andrews (hereafter, "Moving Papers" or "Request for a Bond") thus, leaving that portion of the moving papers unrebutted.  *See* Docket nos. 586-591.

The most obvious failure of the Response is that it does not offer any analysis or rebuttal of the facts, argument and law presented in Plaintiffs' Moving Papers.  In fact, Plaintiffs' argument and legal authority is responded to only by general, often non-applicable and sometimes unsupported proclamations.  There is little evidence that the Objector did more than scan the Moving Papers. Clearly the Objectors chose to ignore the relevant points and authorities relied on or strategically opted to offer red herrings rather than meet the content of the Request for a Bond head on.

The Objectors' Opposition is also unconvincing because what is offered as argument *against* Class Counsels request for a bond merely: 1) repeats Class Counsels' arguments against the prohibited costs requested by Beasley/Mills; and 2) does not offer legal support for ignoring the validity of the actual costs used by Class Counsel in arriving at their Bond request.  Class Counsels here are seeking the assessment of a bond for discrete and well supported reasons and

---

[1] Curiously the Objector devotes entire sections of their opposition to perceived arguments relating to whether the appeal is frivolous despite the fact that the moving parties did not advance that issue in their moving paper and devote even more pages to a different case that is not even tangentially relevant and an expert opinion that is even farther afield.

advance a request that is far different than the request of Carolyn Beasley-Burton's and the Mills Firm's (hereafter, "Beasley Burton/Mills Firm") motion.  The Plaintiffs through the under signed counsel have objected to the Beasley Burton/Mills Firm bond request.  *See* Docket no. 535, Motion for Appeal Bond to be Required Posted by Objectors Gaona, Swift, Andrews and Maddox and Their Attorneys and Seeking Any Other Appropriate Relief to Protect the Class, December 18, 2009.

Specifically[2],

1. Class Counsels have asked for a bond that does not include attorney's fees; yet, the Objectors complain that the inclusion of delay costs are treated the same as attorneys fees under *Azizian*[3]  Objectors have yet again missed the point.  The rule in *Azizian* is that "a district court may require an appellant to secure appellate attorney's fees in a Rule 7 bond, but only if an applicable fee shifting statue includes them in its definition of recoverable costs, and only if the appellee is eligible to recover such fees.  *Id.* at 953.   All the costs requested by Class Counsels are either costs specifically recoverable under Rule 39 or supported under 9th Circuit or statutory authority.  *See e.g. In re Broadcom Corp*., 2005 U.S. Dist. LEXIS 45656 (administrative costs); 28 U.S.C. sec. 1920 and Fed R. Civ P 54(d) (deposition costs); 28 U.S.C. sec 1961 (Interest).

2.  Class Counsels have asked for a bond of $609,000.  Objectors complain that the amount requested is too high.  Here, the desperation of the Objectors is apparent and results in this unprofessional and unpersuasive personal attack as opposed any factual response on the merits.  It is Objectors' sole responsibility and burden to provide proof of economic circumstances and they have failed to do so.  That the Objectors did not take the time to meet their burden of proof and are seeking to take a gifted

---

[2] Items where all Parties agree are not addressed except as overlap with relevant argument.
[3] The fee shifting statute in this case indicates: "court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action. 29 U.S.C.A. § 216.   Costs under fee-shifting statutes such as the FLSA include all reasonable *out-of-pocket* expenditures. *Zabkowicz v. West Bend Co.,* 789 F.2d 540, 553 (7th Cir.1986); *Henry v. Webermeier,* 738 F.2d 188,

short cut by asking this Court to go out of its way to find facts they failed to introduce into the record ignores the fiduciary duty this Court has to the Certified class and merely serves to establish they are clearly not invested enough in the outcome to warrant any further consideration on that point.

3. Objectors claim that the *Vaughn* case somehow prevents inclusion of interest in the analysis in this case is simply incorrect.  First, the *Vaughn* case is from the 5th Circuit, not the 9th Circuit and Objectors have failed to cite any 9th Circuit authority to rebut Plaintiffs request.  Second, 28 U.S.C. sec 1961 provides that interest should accrue on this final judgment.  Third, it is undisputed that short of this appeal, the Class would have gained the benefit of the monetary settlement and would be gaining the benefit of interest on that settlement. The Objectors actions delaying the distribution of the settlement undisputedly results in lost interest to the Class.  Consideration of interest not only protects the Class but also serves the public policy concerns supporting assessment of appellate bonds.

4. Class Counsel have asked that the Court *not* consider the frivolous nature of the Objector's appeal and underlying Objection; yet, the Objectors complain that Plaintiff's counsel seeks a bond because the Objectors' appeals and Objections are frivolous.[4]  *See* Opposition Motion at 5-11.

5. Objector Andrews claims she filed a claim benefit by the November 9, 2009 deadline. *See* Opposition Motion at 6.  However, Amanda Myette, Project Manager for Rust Consulting, Inc., submitted an affidavit that stated Andrews did not submit the claim form prior to the deadline.  *See* Attachment A, Affidavit of Amanda J. Myette

192 (7th Cir.1984); *Monroe v. United Air Lines, Inc.,* 565 F.Supp. 274, 280 (N.D.Ill.1983), *rev'd on other grounds,* 736 F.2d 394 (7th Cir.1984).*Shorter v. Valley Bank & Trust Co.* 678 F.Supp. 714, 726 (N.D.Ill., 1988).
[4] This is a fact that Plaintiffs dispute and will advance at the correct stage of the proceedings.  Plaintiffs have created a record that supports the finding of bad conduct and the frivolous nature of the appeal but for the express purpose of asking the Ninth Circuit Court of Appeals to consider it and reconsider its ruling in *Azizian v. Federated Department Stores, Inc., 499 F.3d 950,* in light of current widespread abuse of class action procedure by professional objectors in present day class actions.  These arguments were expressly limited to making a record for appeal only and Plaintiffs again specifically request that this Court not rely on them in setting the amount of bond.

4

*Plaintiffs' Reply to Appellant Fatima Andrews' Response to Class Counsel's Motion For Appeal Bond*

Relating to the Failure of Objectors Gaona and Andrews to File a Claim. Objector Andrews' claim she submitted a claim prior to the deadline is false.

6.  Reasonable interest costs have been projected by an economist and submitted by Plaintiffs in the form of an affidavit. Reasonable administrative costs have been projected by the claims administrator and submitted by the Plaintiffs in the form of a declaration. Plaintiffs have submitted all other reasonable FRAP 7 costs by declaration. Objector Andrews has asked for protection against the actual costs the Class is projected to incur as a result of the delay caused by the objective change in circumstance presented by the appeal. *See* Opposition Motion at 3-5. Class Counsel have appropriately asked for interest to be included in the appeal bond.

7.  Finally, Plaintiffs' Counsels have requested that the bond be limited to offering them only the traditional protections afforded by bonds. Specifically, they have asked for protection against *actual costs* they will incur as a result of the delay caused by the objective change in circumstance presented by the appeal. Despite this, Objector Andrews' declares, without rationale or authority, that the power of the Court to award those administrative costs in the bond are strictly prohibited.[5] In support, Class Counsels offered fact, expert opinion and legal argument to establish those related costs and then went further in adopting the most conservative estimate available. That they offer proclamations without offering any support or argument runs against both the public policy underlying the assessment of a bond and the duty of Class Counsel to serve the best interest of the class by seeking out and making use of the best and most cost effective means to an end.

The Plaintiffs have satisfied the requirements of a bond. In response, Objector Andrews has not rebutted any of Plaintiffs' relevant arguments, assertions of fact as pertaining to matters that fall within the purview of this Courts consideration on the requested bond.

---

[5] *In re Broadcom Corp. SEC. Litig.*, 2005 U.S. Dist. LEXIS 45656 (D.D. CA 2005); *See also Heritage Bond*, 2005 U.S. Dist. LEXIS 13627, at 7 (C.D. Cal. 2005), *In re Pharm. Indus. Average Wholesale Price Litig.*, 520 F. Supp. 2d 274, 277-278 (D. Mass. 2007).

WHEREFORE, Plaintiffs respectfully request that this Court enter an Order granting Plaintiffs request for bond in the amount and for the reasons previously set forth and/or for such other relief as the Court deems just and proper.

Dated: March 5, 2010                    Respectfully submitted:

                                        By:   /s/ Robert J. Bonsignore
                                        Robert J. Bonsignore, Esq.
                                        BBO # 547880
                                        BONSIGNORE & BREWER
                                        23 Forest Street
                                        Medford, MA 02155
                                        Telephone: (781) 350-0000
                                        Rbonsignore@class-actions.us


Daniel D. Ambrose, Esq.                 Craig O. Asbill, Esq.
Ambrose Law Group                       Charles G. Monnett & Associates
1007 East West Maple Road               200 Queens Road
Walled Lake, MI 48390                   Suite 300
(248) 624-5500                          Charlotte, NC 28204
                                        (704) 376-1911


Franklin D. Azar, Esq.                  Richard Batesky, Esq.
Rodney P. Bridgers, Jr., Esq.           Attorney at Law
Nathan J. Axvig, Esq.                   22 E. Washington St., Suite 610
Franklin D. Azar & Associates P.C.      Indianapolis, IN 46204
14426 East Evans Ave.                   (800) 822-2039
Aurora, CO 80014
(303) 757-3300


Robin E. Brewer, Esq.                   Mark C. Choate, Esq.
Nicole Vamosi, Esq.                     Choate Law Firm LLC
Kelly Elam, Esq.                        424 N. Franklin Street
Rick Kirchner, Esq.                     Juneau, AK 99801
Julie Baker, Esq.                       (907) 586-4490
Bonsignore & Brewer
23 Forest Street
Medford, MA 02155
(781) 350-0000


Todd S. Collins, Esq.                   Adriana Contartese, Esq.

*Plaintiffs' Reply to Appellant Fatima Andrews' Response to Class Counsel's Motion For Appeal Bond*

Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103
(800) 424-6690

Rafaela Hanley, Esq.
Attorney at Law
866 East Fifth St.
Boston, MA 02127
(617) 268-3557

Lanny H. Darr
Schrempf, Kelly, Knapp & Darr, Ltd.
307 Henry St.
Suite 415
Alton, IL 62002
(618) 465-2311

Paul C. EchoHawk, Esq.
Nathan Long, Esq.
EchoHawk Law Offices
Paul C. EchoHawk
505 Pershing Avenue
Pocatello, ID 83205
(208) 478-1624

R. Deryl Edwards, Jr., Esq.
606 S. Pearl Ave.
Joplin, MO 64801
(417) 624-1962

Ivy L. Frignoca, Esq.
Lambert Coffin Haenn
477 Congress St, 14th Fl
Portland, ME 04112
(207) 874-4000

Courtney French, Esq.
Fuston, Petway & French, LLP
3500 Colonnade Parkway
Suite 300
Birmingham, AL 35243
(205) 977-9798

Troy N. Giatras, Esq.
The Giatras Law Firm, PLLC
118 Capitol Street
Suite 800
Charleston, WV 25301
(304) 343-2900

Christopher R. Gilreath, Esq.
Gilreath & Associates
550 Main Street
Suite 600
Knoxville, TN 37902
(865) 637-2442

Vincent J. Glorioso, III, Esq.
The Glorioso Law Firm
815 Baronne Street
New Orleans, LA 70113
(504) 569-9999

Donald S. Goldbloom, Esq.
12590 National Pike
Grantsville, MD 21536
(301) 895-5240

Gregory F. Greiner, Esq.
Greiner Law Office
630 G Ave.
Grundy Center, IA 50638
(319) 824-6951

J. Thomas Henretta, Esq.
Law Offices of J. Thomas Henretta
400 Key Building
159 South Main Street
Akron, OH 44308

Thomas H. Johnson, Esq.
Thomas H. Johnson Law Office
410 Hickory St.
Texarkana, AR 71854
(870) 773-6359

7

1  (330) 376-7801

2

3  Christopher Meeks, Esq.                    Mike Miller, Esq.
   Lynch, Meeks & Battitori                   Stacey E. Tjon, Esq.
4  1031 Military Avenue                       Solberg, Stewart, Miller & Tjon
   Baxter Springs, KS                         1129 Fifth Avenue South
5  (620) 856-2771                             Fargo, ND 58103
                                              (701) 237-3166
6

7  Pamela Mullis, Esq.                        Glen W. Neeley, Esq.
   The Mullis Law Firm                        Attorney at Law, P.C.
8  1229 Elmwood Ave                           863 25th St.
   Columbia, SC 29201                         Ogden, UT 84001
9  (803) 799-9577                             (801) 612-1511

10

11 Gary S. Nitsche, Esq.                      D. Michael Noonan, Esq.
   Weik, Nitsche, Dougherty                   Shaheen & Gordon, P.A.
12 1300 N. Grant Ave, Suite 101               140 Washington Street
   Wilmington, DE 19899                       P.O. Box 977
13 (302) 655-4040                             Dover, NH 03821
                                              (603) 749-5000
14

15 Raymond A. Pacia, Esq.                     Jeffrey M. Padwa, Esq.
   Attorney At Law, LTD                       Padwa Law
16 50 Power Road                              303 Jefferson Blvd.
   Pawtucket, RI 02860                        Warwick, RI 02888
17 (401) 727-2242                             (401) 921-4800

18

19 Arthur Y. Park, Esq.                       Wayne D. Parsons, Esq.
   Laurent J. Remillard, Jr., Esq.            Wayne D. Parsons Law Offices
20 John C. McLaren, Esq.                      Dillingham Business Center
   Park Park & Remillard                      Suite 201C
21 707 Richards Street                        1406 Colburn Street
   Suite 500                                  Honolulu, HI 96817
22 Honolulu, HI 96813                         (808) 845-2211
   (808) 536-3905
23

24 DirkA. Ravenholt                           John Rausch, Esq.
   RAVENHOLT & ASSOCIATES                     P.O. Box 905
25 2013 Alta Drive                            Waterloo, IA 50704
   Las Vegas, Nevada 89106                    (319) 233-3557
26 (702) 647-0110

27

28 Dan Rausher, Esq.                          Thomas R. Ricci, Esq.
   Attorney at Law                            Law Office of Thomas R. Ricci
   26 Court Street                            303 Jefferson Blvd.

8

*Plaintiffs' Reply to Appellant Fatima Andrews' Response to Class Counsel's Motion For Appeal Bond*

Suite 1604
Brooklyn, New York 11242
(718) 596-7333

Warwick, RI 02888
(401) 921-4800


Fred Schultz, Esq.
Greene & Schultz
Showers Plaza
320 W. 8th Street
Suite 100
Bloomington, IN 47404
(812) 336-4357

Cynthia K. Smith, Esq.
Jasper Smith Olson, P.C.
202 W. Spruce St.
P.O. Box 7785
Missoula, MT 59807
(406) 541-7177


Stephen M. Smith, Esq.
Joseph Smith Ltd.
2100 Kecoughtan Road
Hampton, VA 23661-0437
(757) 244- 7000

Laurence W. Stinson, Esq.
Bradley D. Bonner, Esq.
Bonner Stinson, P.C.
P.O. Box 799
128 East Second Street
Powell, WY 82435
(307) 754-4950


Mark Tate, Esq.
Tate Law Group, LLC
2 East Bryan Street
Suite 600
Savannah, GA 31401
(912) 234-3030

Jill P. Telfer, Esq.
Law Offices of Jill P. Telfer
331 J. Street, Ste. 200
Sacramento, CA 95814
(916) 446-1916


Matthew Tobin, Esq.
201 S. Phillips Avenue
Suite 200
Sioux Falls, SD 57104
605-366-9715

Jay A. Urban, Esq.
Urban & Taylor S.C.
4701 North Port Washington Road
Milwaukee, WI 53212
(414) 906-1700


Ernest Warren, Jr., Esq.
Walker Warren & Watkins
838 SW First Avenue
Suite 500
Portland, OR 97204
(503) 228-6655

Christopher P. Welsh, Esq.
James R. Welsh, Esq.
Welsh & Welsh, P.C. L.L.O.
9290 West Dodge Road
100 The Mark
Omaha, Nebraska, 68114
(402) 384-8160

*Plaintiffs' Reply to Appellant Fatima Andrews' Response to Class Counsel's Motion For Appeal Bond*

## CERTIFICATE OF SERVICE

I hereby certify that on March 5, 2010, a copy of the foregoing ***Plaintiffs' Reply to Appellant Fatima Andrews' Response to Class Counsel's Motion for Appeal Bond*** was filed electronically [and served by mail on anyone unable to accept electronic filing].  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing].  Parties may access this filing through the Court's system.


/s/ Robert J. Bonsignore
Robert J. Bonsignore