IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

|  |  |
|---|---|
| In re Wal-Mart Wage and Hour  ) <br> Employment Practices Litigation  ) <br> ) | MDL 1735 <br> 2:06-CV-0225-PMP-PAL |

## NOTICE OF SUPPLEMENTAL AUTHORITY

Objectors Stephanie Swift and Fatima Andrews hereby give notice of the following two cases attached hereto as *Exhibits A and B*, which were decided within the past two weeks and address the precise issues presented by class counsel's motions for appellate bonds in this case:

*Exhibit A*: *In re American Investors Life Ins. Co.*, 2010 U.S. Dist. LEXIS 15961 (E.D. Pa. February 23, 2010);

*Exhibit B*: *In re Currency Conversion Fee Antitrust Litig.*, MDL No. 1409 (SDNY March 5, 2010).

These cases are significant because, in each one, even though one is from the Second Circuit and one is from the Third Circuit, the court cited to the Ninth Circuit case of *Azizian v. Federated Dept. Stores, Inc.* for the holding that, in the absence of a symmetrical fee-shifting statute, neither attorney's fees NOR DELAY COSTS are includable in an appellate bond.

The *American Investors* case is also significant because it cites to the Fifth Circuit's *Vaughn v. American Honda* case for the proposition that the settlement does not become final by its very terms until any appeals are concluded, and thus the parties agreed that the time-value of settlement benefits during appeal are not to be paid to the plaintiffs.

2

With regard to the delay costs in this case, a further point can be made, in addition to the *Vaughn* argument regarding the settlement's terms. Class counsel has already represented to the Court that each claimant is likely to get the maximum damages permitted under the settlement. The settlement makes no provision for paying any claimant anything more than the maximum, or paying interest on the maximum should the payments occur after an appeal. Therefore, while class counsel has requested appellate bonds of more than $600,000, they have not explained who would receive that money. Every claimant will already receive the maximum amount permitted under the settlement, and there is no provision for that amount to earn interest. Therefore, there are no delay damages to bond, even if that were permissible.

                                        Stephanie Swift
                                        and Fatima Andrews,
                                        By their attorney,

                                        */s/ John J. Pentz*
                                        John J. Pentz, Esq.
                                        2 Clock Tower Place, Suite 440
                                        Maynard, MA  01754
                                        Phone: (978) 461-1548
                                        Fax: (978) 405-5161
                                        Clasaxn@earthlink.net

**CERTIFICATE OF SERVICE**

The undersigned certifies that on March 8, 2010 he filed a true copy of the foregoing document by the ECF filing system which resulted in an electronic notice of the filing of this document on all counsel of record.

                                        */s/ John J. Pentz*
                                        John Pentz