# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

IN RE: WAL-MART WAGE AND HOUR
EMPLOYMENT PRACTICES LITIGATION.

AND ALL RELATED CASES.

MDL 1735

2:06-CV-00225-PMP-PAL

**ORDER**

On November 2, 2009, the Court entered an Order (Doc. #491) granting Plaintiffs' Motion for Final Approval of Settlement, Entry of Final Judgment, and Award of Attorneys' Fees, Expenses and Plaintiffs' Incentive Payments ("Final Approval Motion"). In that Order, the Court noted it had received only 14 objections to the Proposed Settlement from a total of 3,177,706 class members, or less than .0004 per cent of the Plaintiffs Class. None of the 14 objectors appeared at the hearing on Plaintiffs' Final Approval Motion conducted October 19, 2009, and the Court overruled each objection on its merits.

On November 23, 2009, Objector, Jessica Gaona, filed a Notice of Appeal (Doc. #516) from this Court's Order (Doc. #491) entered November 2, 2009. On December 1, 2009, similar Notices of Appeal were filed on behalf of Objectors' Fatima Andrews, Stephanie Swift (Doc. #522) and Deborah Maddox (Doc. #523).

Plaintiffs co-lead class counsel, Carolyn Beasley Burton and Robert Bonsignore, have subsequently filed motions pursuant to Rule 7 of the Federal Rules of Appellate Procedure to require Objectors Gaona, Andrews Swift and

Maddox, and their attorneys, to post appeal bonds in amounts ranging between $608,000 and $2,286,000 (Doc.'s #535, #541, #549, #566, and #586).[1] Additionally, on December 21, 2009, Defendant Wal-Mart Stores, Inc., filed a Motion for Imposition of Appeal Bond with respect to the four Appellant/Objectors (Doc. #539). The foregoing motions have been fully briefed and in view of the arguments set forth in the Memoranda, Affidavits, Declarations, and Exhibits attached thereto, the Court concludes that oral argument is not necessary to resolve the issues presented.

In a case filled with complexity and overburdened by filings both thoughtful but at times acrimonious and redundant, the Court finds that the issues before the Court are really quire simple.  1) Are the objections of Gaona, Swift, Andrews and Maddox to this Court's Order (Doc. #491) without merit?  For the reasons articulated at the hearing conducted October 19, 2009, and for the additional reasons advanced by Plaintiff's co-lead class counsel and Defendant Wal-Mart in their respective motions for bond pending appeal, the Court finds that the objections are not supported by law or the facts and are indeed meritless.  2) Are the attorneys representing Gaona, Swift, Andrews and Maddox, "professional objectors" who have a long record of extorting payment from class counsel by filing frivolous appeals in cases to delay the funding of class settlements?  The Court will not adopt the pejorative characterization of counsel for Objectors advanced by Plaintiffs' co-lead class counsel, but does find on the basis of the briefs submitted that Objectors' counsel have a documented history of filing notices of appeal from orders approving

---

[1] Although in various filings with the Court, Plaintiffs co-lead class counsel Carolyn Beasley Burton and Robert Bonsignore have continued to express some disagreement with regard to the form and content of their respective motions, the Court finds it unnecessary to reconcile the unfortunate disagreements of Plaintiff co-lead counsel's disagreements.  Rather, the Court will consider the arguments of each on their merits with respect to their collective motions to require Objectors Gaona, Swift, Andrews and Maddox, and their attorneys, to post appeal bonds.

other class action settlements, and thereafter dismissing said appeals when they and their clients were compensated by the settling class or counsel for the settling class. 3) Is there a risk that the four Appellant/Objectors would not be able to pay Appellee's costs if the four Objectors are unsuccessful on appeal? The record presented persuades the Court that collecting costs from the four Objectors would be extremely difficult if not unlikely.

In sum, this Court finds that the Appeals taken by Objectors Gaona, Swift, Andrews and Maddox, are frivolous and are tantamount to a stay of the Judgment entered by this Court on November 2, 2009 approving the comprehensive class settlement in this case which provides fair compensation to millions of class members, as well as injunctive relief ensuring against further loss to persons similarly situated. The Court further finds that the four Objectors should be required to file and appeal bond sufficient to secure and ensure payment of costs on appeals which in the judgment of this Court are without merit and will almost certainly be rejected by the Ninth Circuit Court of Appeal. While it is difficult to calculate with mathematical precision the duration of Objectors' appeal, or the administrative costs and interest costs to the potentially more than 3 million class members, or other costs reasonably incurred under Rule 39 of the Federal Rules of Appellate Procedure, the Court finds the sum of $500,000 per Objector to be reasonable.

**IT IS THEREFORE ORDERED** that Plaintiffs' co-lead class counsels' Motions for Bond Pending Appeal (Doc.'s #535, #541, #549, #566, and #586) and Defendant Wal-Mart's Motion for Imposition of Appeal Bond (Doc. #539) are **GRANTED** as follows:

    1.    **On or before March 29, 2010**, Objector Jessica Gaona through her attorneys Christopher Bandas and Lisa Rasmussen, shall post an appeal bond pursuant to Rule 7 of the Federal Rules of Appellate

Procedure in the amount of $500,000.

2. **On or before March 29, 2010**, Objector Fatima Andrews through her attorneys John Pentz and Edward Cochran, shall post an appeal bond pursuant to Rule 7 of the Federal Rules of Appellate Procedure in the amount of $500,000.

3. **On or before March 29, 2010**, Objector Stephanie Swift through her attorneys John Pentz and Edward Cochran, shall post an appeal bond pursuant to Rule 7 of the Federal Rules of Appellate Procedure in the amount of $500,000.

4. **On or before March 29, 2010**, Objector Deborah Maddox through her attorneys Edward Siegel and Francis Sweeney, shall post an appeal bond pursuant to Rule 7 of the Federal Rules of Appellate Procedure in the amount of $500,000.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Exceed the Page Limit for Motion, Memorandum and Exhibits in Support of the Issuance of a Bond as to Objector Fatima Andrews (Doc. #585) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Imposition of Sanctions Against Objector Fatima Andrews and her counsel John Pentz and Edward Cochran (Doc. #592) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Imposition of Sanctions against Objector Jessica Gaona and her counsel Christopher Bandas and Lisa Rasmussen (Doc. # 595) is **DENIED**.

**IT IS FURTHER ORDERED** that Objector Fatima Andrews' Motion to Strike Class Counsel's Motion for Rule 37 Sanctions (Doc. #601) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Sanctions

against Objector Stephanie Swift and her counsel, John Pentz and Edward Cochran (Doc. #605) is **DENIED**.

      **IT IS FURTHER ORDERED** that having adjudicated the foregoing motions to require the posting of bonds pending appeal, the Court will entertain no further motions for attorneys' fees, costs or sanctions which have arguably accrued as of this date with respect to the foregoing motions for bond pending appeal.

Dated this 8th day of March, 2010.

*/s/ Philip M. Pro*
_____
PHILIP M. PRO
United States District Judge