IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

| | | |
|---|---|---|
| In re Wal-Mart Wage and Hour Employment Practices Litigation | ) ) ) ) | MDL 1735 2:06-CV-0225-PMP-PAL |

OPPOSITION TO CLASS COUNSEL'S
MOTION FOR IMPOSITION OF SANCTIONS
AGAINST OBJECTOR STEPHANIE SWIFT

Class member Stephanie Swift hereby files this opposition to the sanctions motion filed by co-Class Counsel Robert Bonsignore on March 1, 2010. Mr. Bonsignore's motion fails to acknowledge the response letter served upon him by Ms. Swift on February 22, 2010, and instead relies solely upon hearsay testimony from two unidentified witnesses. This cavalier and irresponsible use of Rule 11 and the very serious sanctions that he requests should be sharply rebuked by this Court.

**I.     Ms. Swift Lives at Unit 203, 1930 Noble Road, Cleveland OH.**

Mr. Bonsignore's motion for sanctions is based entirely on the false assumption that Ms. Swift does not reside at Unit 203, 1930 Noble Road, Cleveland, OH. To the contrary, Ms. Swift resides at Unit 203, 1930 Noble Road, and has resided there since at least August 2009. See the attached affidavit of Stephanie Swift, attached hereto as *Exhibit A*, and a copy of her lease, attached hereto as *Exhibit B*. These documents were previously filed in this case at Docket # 475. Mr. Bonsignore has ignored this evidence, and instead has chosen to rely on hearsay testimony from two unidentified alleged neighbors of Ms. Swift.

In the face of Ms. Swift's affidavit, Mr. Bonsignore's continued pursuit of his sanctions motion amounts to an accusation that Ms. Swift has committed perjury. One

would think that someone making such a serious charge would use real eyewitnesses, and at least identify the persons who made that charge to the process server used by Mr. Bonsignore.  Instead, Mr. Bonsignore has premised his motion upon the unsworn statements of two unidentified persons who allegedly spoke to the process server who went to Ms. Swift's apartment, even after receiving contrary evidence from Ms. Swift.

In light of Ms. Swift's affidavit, this matter is at an end.  Ms. Swift was never served with the subpoena to attend a deposition on Monday October 12, 2009, Columbus Day, that was issued on October 9, 2009, the Friday before.  Therefore, Ms. Swift is not in violation of Judge Polster's Order.

Finally, one of the forms of relief requested by Mr. Bonsignore is expressly prohibited by federal law.  The appeal in this matter divested this Court of jurisdiction over any matter currently on appeal, which presumably includes the matters upon which Ms. Swift would have been asked to testify.  Mr. Bonsignore himself states that "the record in this Litigation closed without Plaintiffs having the opportunity to depose Swift on the factual basis for her Objection..."   Memorandum at p. 6.  Because Ms. Swift objected to class counsel's request for attorney's fees, that is presumably the subject on which she would have been examined had the deposition taken place.  But the fairness and reasonableness of class counsel's fees is precisely the issue on appeal, and therefore no further discovery may be taken on that matter.  It is difficult to see what Ms. Swift's testimony could possibly add to assist the Ninth Circuit in its review of this Court's fee award, and, in any event, the Ninth Circuit's review is limited to the record that existed at the time of the award.

**CONCLUSION**

WHEREFORE, Fatima Andrews prays that this Court STRIKE and/or DENY attorney Bonsignore's Motion for Imposition of Sanctions Against Objector Fatima Andrews and Her Counsel.

          Fatima Andrews,
          By her attorney,

          */s/ John J. Pentz*
          John J. Pentz, Esq.
          2 Clock Tower Place, Suite 440
          Maynard, MA  01754
          Phone: (978) 461-1548
          Fax: (978) 405-5161
          Clasaxn@earthlink.net

**CERTIFICATE OF SERVICE**

The undersigned certifies that on March 17, 2010 he filed a true copy of the foregoing document by the ECF filing system which resulted in an electronic notice of the filing of this document on all counsel of record.

          */s/ John J. Pentz*
          John Pentz