LISA A. RASMUSSEN, ESQ.
Nevada Bar No. 007491
California Bar No. 207026
**LAW OFFICE OF LISA RASMUSSEN, ESQ.**
616 South 8th Street
Las Vegas, NV 89101
Tel. (702) 471-6565
Fax. (702) 471-6540
Lisa@LRasmussenLaw.com
Local Counsel for Jessica Gaona, Objector

EDWARD F. SIEGEL
Law Office of Edward F. Siegel
27600 Chagrin Blvd.
Cleveland, OH 44122
Tel. (216) 831-3424
Fax. (216) 831-6584
efiegel@efs-law.com
Counsel for Deborah Maddox, Objector

JOHN PENTZ
2 Clock Tower Place
Maynard, MA 01754
Tel. (978) 461-1548
Clasaxn@earthlink.net
Counsel for Fatima Andrews, Objector

Edward W. Cochran
Cochran & Cochran
20030 Marchmont Road
Shaker Heights, OH 44122
Counsel for Stephanie Swift, Objector

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In Re:<br><br>WAL-MART Wage and Hour<br>Employment Practices Litigation<br>_____<br><br>THIS DOCUMENT RELATES TO:<br><br>All Cases. | MDL - 1735<br><br>02:06-cv-225 PMP (PAL)<br><br>**OBJECTOR JESSICA GAONA, STEPHANIE SWIFT, DEBORAH MADDOX AND FATIMA ANDREWS' JOINT MOTION STAY OF BOND ORDER ISSUED ON MARCH 8, 2010 (C.R. #613); OR, IN THE ALTERNATIVE, MOTION FOR ORDER CONTINUING THE MAY 18, 2010 HEARING** |

Motion

## MOTION

COME NOW Objectors-Appellants move for a stay of the bond order entered by this Court on March 8, 2010. (*See* C.R. # 613).

This Motion is made and based upon the attached Memorandum of Points and Authorities, the papers and pleadings on file in this case, and any argument that may be heard on this Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

The movants herein respectfully request that this Court issue an Order staying its March 8, 2010 Order requiring movants to post bond on appeal.

### I. Factual Background

On March 8, 2010, this Court issued an order stating, *inter alia*, as follows:

- That Jessica Gaona shall post an appeal bond in the amount of $500,000 on or before March 29, 2010.
- That Fatima Andrews shall post an appeal bond in the amount of $500,000 on or before March 29, 2010.
- That Stephanie Swift shall post an appeal bond in the amount of $500,000 on or before March 29, 2010.
- That Deborah Maddox shall post an appeal bond in the amount of $500,000 on or before March 29, 2010.
- That "having adjudicated the foregoing motions to require posting of bonds pending appeal, the Court will entertain no further motions for attorney's fees, costs, or sanctions which have arguably accrued as of this date with respect to the foregoing motions for bond pending appeal.

(C.R. #613.)

In its Order, this Court stated that "[i]n sum, this Court finds that the Appeals taken by Objectors Gaona, Swift, Andrews and Maddox, are frivolous and are tantamount to a stay

Motion - 2 -

of the Judgment entered by this Court on November 2, 2009 approving the comprehensive class settlement in this case which provides fair compensation to millions of class members, as well as injunctive relief ensuring against further loss to persons similarly situated." (Id.) This Court's Order, as well as class counsel's motions for bond on appeal, request that bond be set pursuant to Federal Rule of Appellate Procedure Rule 7.

On March 9, 2010, the movants filed their timely notice of appeal to this Court's bond order. (*See* C.R. #614.)   The matter was docketed in the Ninth Circuit Court of Appeals as case number 10-15516.

**II.     Legal Issues**

The bond order has been appealed and the enforceability of the bond order is the only issue on appeal in Ninth Circuit case number 10-15516.   If this Court were to force the payment of a bond, it would render the issues on appeal moot.

F.R.A.P. 7 states as follows:

Bond for Costs on appeal in a civil case.

> In a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal.  Rule 8(b) applies to a surety on a bond given under this rule.

F.R.A.P. 38 states as follows:

Frivolous appeal– Damages and costs.

> If **a court of appeals** determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee.

(Emphasis added.)

It is respectfully submitted that *only* the Court of Appeals that may determine whether an appeal is frivolous.  Furthermore, the Movants do not believe that their appeal is

frivolous. They have timely filed their Opening Brief, a copy of which is attached hereto as Exhibit 1.

This Court's Order requiring the Movants to post a collective total of $2 million in bonds was not made to ensure payments of costs on appeal. Rather, it was set based on this Court's opinion that the appeal was frivolous and an attempt to stay the Judgment. The movants appealed the bond order on this premise. Their independent appeal of the bond order is supported by Ninth Circuit authority.

The Bond Order entered by the District Court requires each of the four Petitioners to pay the amount of $500,000 each as a prerequisite for maintaining their appeals from an award of attorney's fees to class counsel in the underlying class action, in violation of the Ninth Circuit's decision in *Azizian v. Federated Dept. Stores, Inc.*, 499 F.3d 950 (9th Cir. 2007). In *Azizian*, the Ninth Circuit held that a district court may not prejudge the frivolousness of an appeal when setting an appeal bond:

> Award of attorney's fees for frivolousness under Rule 38 is highly exceptional, making it difficult to gauge prospectively, and without the benefit of a fully developed appellate record, whether such an award is likely... Moreover, a Rule 7 bond including the potentially large and indeterminate amounts awardable under Rule 38 is more likely to chill an appeal than a bond covering the other smaller, and more predictable, costs on appeal... [O]nly the court of appeals may order the sanction of appellate attorney's fees under Rule 38.

*Id*. at 960. (Emphasis added.)

Thus, Ninth Circuit case law clearly supports the Objector-Appellants' appeal, because the bond order was based in large part upon this Court's determination that the primary appeals were frivolous, something that the Ninth Circuit prohibited in *Azizian.*

The Movants apologize to this Court for their failure to file a Motion to Stay with this Court. They did not believe that it was necessary since they were appealing only the bond order in the 10–15516 case and the order made findings that only the Court of Appeals may make under F.R.A.P. 38. This Motion follows their relief

sought in the Circuit and their prior Motion to Vacate the Order to Show Cause hearing set for May 18, 2010.

Additionally, this Court should be aware that class counsel/appellees filed a Motion in the primary appeal in the Ninth Circuit seeking dismissal of the appeal based on the fact that it is frivolous. That Motion was filed on May 10, 2010. Rather than responding to the appeal, class counsel/appellees, in their typical 47-page-style, argue the merits of the appeal in the form of a Motion to Dismiss. One of their arguments is that Appellants did not include documents appellees believe should be included in the record, therefore, the appeal should be dismissed. Of course, normally, appellees would simply file their own excerpts of record. The point of this is– class counsel/appellees have consistently operated in the same heavy-handed matter throughout this litigation all the while accusing other counsel of acting improperly.[1]   Class counsel has now sought a determination of frivolousness in the primary appeal from the Ninth Circuit, before answering the opening brief and they have asked this Court to enforce its order that was appealed because it was based on "frivolousness."     Due to class counsel/appellees' attempt to litigate an appeal through motion practice, the Movants herein will respond to their Motion to Dismiss and their request for a finding of frivolousness in the Ninth Circuit.   As of this time, however, the class has not had to incur any of the alleged costs for which the appeal bond was requested because this Court just approved the Home Office settlement,

---

[1] This Court should note, for example, that on numerous occasions, class counsel Bonsignore filed what he termed "unopposed" motions to file over-length briefs. Each of his "unopposed motions" were granted by this Court, based upon his representation that he contacted opposing counsel and received no opposition. The counsel that he contacted was Wal-Mart's counsel, not counsel for the objectors, the subject of the Motions.  While the undersigned disregarded his misleading tactics because it was not worth the effort to litigate them, those tactics should be noted by this Court. Furthermore, Bonsignore filed nearly identical and individual "over-length" briefs for each Objector, rather than just filing one single brief and identifying separate facts. It is not the Objectors who engage in frivolous litigation– it is class counsel.

Motion - 5 -

and the Claims Administrator will not submit the final accounting of claims until 30 or more days after the Home Office settlement becomes final.  This makes it likely that the Court of Appeals will rule on the allege frivolousness of the Objector-Appellants appeals <u>before</u> any class member would receive payment of his or her claim.  Thus, the fear that the appeal was undertaken to "stay judgment" is not a ripe fear at this time.

Finally, on March 8, 2010, this Court ruled on matters that were originally scheduled to be heard on May 7, 2010, including the multiple (and duplicative) motions for sanctions.  This removed those items affected the Objectors and their counsel from the May 7, 2010 agenda.   Accordingly, counsel for the Objectors were not present at that hearing.

Class counsel/appellees did not file a Motion seeking an Order to Show Cause, something that the Objectors could have responded to.  Instead, they orally requested an Order to Show Cause hearing at the hearing on May 7, 2010, when none of the Objectors or their counsel were present.  This Court then scheduled the hearing for May 18, 2010.   The only notice counsel for the objectors received of the May 18, 2010 hearing was this Court's minute ordered entered on May 7, 2010.

Lisa Rasmussen, counsel for Jessica Gaona, cannot be present before this Court on May 18, 2010 because she has a previously scheduled preliminary hearing in Pahrump on the same date.  *See* <u>Declaration of Lisa Rasmussen</u> attached hereto.  The hearing involves a case with 34 defendants and the May 18, 2010 hearing date will be the third "session" of the preliminary hearing that commenced in December 2009.  <u>Id.</u>  It would be patently unfair to hold a hearing on an issue such as sanctions, when counsel cannot be present.

Moreover, class counsel/appellees should be permitted to respond to this Motion, and this Court should be permitted to rule on this Motion before a show

cause hearing is held. Thus, at a minimum, even if this Motion is denied, it is respectfully requested that the hearing on May 18, 2010 be continued to another date when all counsel are able to attend.

## CONCLUSION

In sum, the Objectors and Movants herein respectfully request the following relief:

1. That this Court issue an Order staying its March 8, 2010 Bond on Appeal order pending the outcome of the appeal of that order by the Ninth Circuit; and

2. That this Court continue the May 18, 2010 hearing date to allow opposing counsel to file an Opposition to this Motion and to allow for a determination on this Motion to first be made; or

3. In the alternative, and at a minimum, to continue the hearing date scheduled for May 18, 2010 because Ms. Rasmussen cannot be present on that date.

Respectfully submitted and dated this 13th day of May, 2010.

**LAW OFFICE OF LISA RASMUSSEN,**

*/s/ Lisa A. Rasmussen*

_____
LISA A. RASMUSSEN, ESQ.
Nevada Bar No. 7491
Local Counsel for Jessica Gaona, Objector
**BANDAS LAW FIRM, P.C.**,
     */s/ Christopher A. Bandas*

_____
CHRISTOPHER A. BANDAS, ESQ.
500 N. Shoreline Blvd., Suite 1020
Corpus Christi, TX 78471
Tel. (361) 698-5200
Fax. (361) 698-5222
Cbandas@bandaslawfirm.com
Counsel for Jessica Gaona, Objector

**LAW OFFICE OF EDWARD F. SIEGEL**

*/s/ Edward F. Siegel*
_____
EDWARD F. SIEGEL, ESQ.
27600 Chagrin Blvd.
Cleveland, OH 44122
Telephone: (216) 831-3424
Facsimile: (216) 831-6584
efiegel@efs-law.com
Counsel for Deborah Maddox, Objector

*/s/ John Pentz*
_____
JOHN PENTZ, ESQ.
2 Clock Tower Place
Maynard, MA 01754
Telephone: (978) 461-1548
Clasaxn@earthlink.net
Counsel for Fatima Andrews, Objector

**COCHRAN & COCHRAN**

*/s/ Edward W. Cochran*
_____
EDWARD W. COCHRAN, ESQ.
20030 Marchmont Road
Shaker Heights, OH 44122
Counsel for Stephanie Swift

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of **OBJECTOR JESSICA GAONA, STEPHANIE SWIFT, DEBORAH MADDOX AND FATIMA ANDREWS' JOINT MOTION STAY OF BOND ORDER ISSUED ON MARCH 8, 2010 (C.R. #613); OR, IN THE ALTERNATIVE, MOTION FOR ORDER CONTINUING THE MAY 18, 2010 HEARING** has been served via CM/ECF upon the following persons, on this 13th day of May, 2010:

**Co-Lead Class Counsel**

Robert J. Bonsignore, Esq.                rbonsignore@bandblaw.net

**Co-Lead Class Counsel**

Carolyn Beasley Burton, Esq.              cbeasley@beasleylawgroup.biz

& Counsel for Plaintiff Nancy Hall

**Wal-Mart Class Counsel**

Naomi Beer, Esq.                          beern@gtlaw.com

| Adriana Contartese<br>adriana999@juno.com | Ann Miller<br>am@attorneyannmiller.com | Arthur Y. Park<br>apark@ppyrlaw.com |
|---|---|---|
| Barbara A. Petrus<br>bpetrus@goodsill.com, | Barry M. Klayman<br>bklayman@cozen.com | Bernard J. Bobber<br>bbobber@foley.com |
| Bradd N. Siegel<br>bsiegel@porterwright.com | Bradley D. Bonner<br>brad@bonnerstinsonpc.net | Brendan V. Johnson<br>brendan@jhmmj.com |
| Brian Duffy<br>duffyb@gtlaw.com | Brian C. Buescher<br>Brian.Buescher@kutakrock.com | Brian W Boschee<br>bboschee@nevadafirm.com |
| Carol P LaPlant<br>carollaplant@msn.com | Carolyn K. Gugelyk<br>cgugelyk@goodsill.com | Christopher P. Welsh<br>cwelsh@welsh-law.com |
| Christopher R. Hedican<br>chedican@bairdholm.com, | Craig O. Asbill<br>casbill@carolinalaw.com | Craig W. Hillwig<br>chillwig@kohnswift.com |

Motion - 9 -

| | | |
|---|---|---|
| Cynthia K. Smith<br>cks@montanalaw.com | Daniel A. Kaplan<br>dkaplan@foley.com | Daniel D Ambrose<br>daniel@ambroselawyers.com |
| Daniel E. Rausher<br>danrausher@yahoo.com | Daniel J. Mitchell<br>dmitchell@bernsteinshur.com | David L. Young<br>youngd@lanepowell.com |
| Deena Jo Schneider<br>dschneider@schnader.com | Dirk A Ravenholt<br>lawdirk@aol.com | Don V. Huynh<br>dhuynh@ppyrlaw.com |
| Donald S Goldbloom<br>goldbloomlaw@verizon.net | Edmund K. Saffery<br>esaffery@goodsill.com | Edward F Siegel<br>efsiegel@efs-law.com |
| Ellen E. Boshkoff<br>ellen.boshkoff@bakerd.com | Ellen T. Noteware<br>enoteware@bm.net | Eric J Pelton<br>epelton@kohp.com |
| F. Thomas Edwards<br>tedwards@nevadafirm.com | Franklin D Azar<br>kingm@fdazar.com | Fred Schultz<br>fschultz@kiva.net |
| Gary R. Scott<br>gscott@hirstapplegate.com | Gary S. Nitsche<br>gnitsche@attys4u.com | George Cournty French<br>cfrench@fpflaw.com |
| Gerald L. Bader, Jr.<br>gbader@bader-associates.com | Glen W. Neeley<br>glneeley@yahoo.com | Gregory F. Greiner<br>greg_greiner@msn.com |
| Ivy L Frignoca<br>ifrignoca@lambertcoffin.com | J. Thomas Henretta<br>jth@henrettalaw.com | James E Whitmire, III<br>jwhitmire@nevadafirm.com |

Motion - 10 -

| | | |
|---|---|---|
| James F Bennett<br>jbennett@dowdbennett.com | James M Mullis, Jr<br>dholloway@mullislawfirm.com | James R. Welsh<br>jwelsh@welsh-law.com |
| Jay A. Urban<br>jurban@wisconsininjury.com | Jeffrey S. Beck<br>jeffrey.beck@bakerd.com | Jeremy Cave<br>cavej@fdazar.com |
| Jill P. Telfer<br>jilltelfer@yahoo.com | Jim Odell Stuckey, II<br>jstuckey@littler.com | John Pentz<br>Clasaxn@earthlink.net |
| John C. McLaren<br>john@ppyrlaw.com | John J Rausch<br>rauschlawfirm@dybb.com | Joseph C. Kohn<br>jkohn@kohnswift.com |
| Kathleen W. Toth<br>ktoth@mc2b.com | Kent Hirsch<br>kent@hirschlawfirm.com | Kurt D. Williams<br>kwilliams@bowse-law.com |
| Lanny H. Darr, II<br>ldarr@sbkdlaw.com | Laurence William Stinson<br>laurence@bonnerstinsonpc.net | Laurent J. Remillard, Jr<br>lremillard@ppyrlaw.com |
| Lawrence J Sorohan, II<br>lsorohan@laborlawyers.com | Lee Bruner<br>lee@prrlaw.com | Lindsay Ann Eckes<br>leckes@hirstapplegate.com |
| Marcia A. Washkuhn<br>Marcia.Washkuhn@kutarock.com | Maria B Glorioso<br>maria@gtorts.com | Mark A Tate<br>mtate@cartertatelaw.com |
| Mark C. Choate<br>markcchoate@yahoo.com | Mary K. Schug<br>schugm@lanepowell.com | Matthew T. Tobin<br>matt@sdtrustco.com |

| | | |
|---|---|---|
| Melissa Carol Hinton<br>mhinton@dehs.com | Michael Reiss<br>mikereiss@dwt.com | Michael J. Killeen<br>mikekilleen@dwt.com |
| Mike J. Miller<br>mjm@solberglaw.com | Nathan R. Long<br>nate@echohawk.com | Pamela R. Mullis<br>prmullis@mullislawfirm.com |
| Paul Blankenstein<br>pblankenstein@gibsondunn.com | Paul Alexis Del Aguila<br>delaguilap@gtlaw.com | Paul C. EchoHawk<br>paul@echohawk.com |
| R. Deryl Edwards , Jr<br>rde417@hotmail.com | Richard P Batesky , Jr<br>rpbatesky@aol.com | Robert Carl Jarosh<br>rjarosh@hirstapplegate.com |
| Robert K. McCalla<br>rmccalla@laborlawyers.com | Robert W Mills<br>rwm@millslawfirm.com | Roberto Antonio Lange<br>rlange@dehs.com |
| Rodney P. Bridgers<br>Bridgersr@fdazar.com | Ronald Kilgard<br>rkilgard@kellerrohrback.com | Rudy A. Englund<br>englundr@lanepowell.com |
| Sammi V. Anderson<br>sanderson@mc2b.com | Samuel K. Rudman<br>srudman@lambertcoffin.com | Stacey E. Tjon<br>set@solberglaw.com |
| Stephen M Smith<br>ssmith@braininjurylawcenter.com | Susan Brunick Simons<br>ssimons@dehs.com | Thomas A Nicholas , III<br>tnicholas@hirstapplegate.com |

| Thomas Henry Johnson thjatty@windstream.net | Thomas J. Kenny thomas.kenny@kutakrock.com | Todd S. Collins tcollins@bm.net |
|---|---|---|
| Tonya L Melnichenko melnichenkot@fdazar.com | Troy N Giatras troy@thewvlawfirm.com | Vincent J Glorioso, III trey@gtorts.com |
| Vincent J Glorioso, Jr lawclerk@gtorts.com | Wayne D. Parsons mdodge@alohano.com | William J. Kilberg wkilberg@gibsondunn.com |

/s/ Lisa A. Rasmussen

_____

Lisa A. Rasmussen, Esq.

Motion - 13 -