UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
LAS VEGAS DIVISION

| | |
|---|---|
| IN RE WAL-MART WAGE AND HOUR EMPLOYMENT PRACTICE LITIGATION | |
| HALL, et al.,     Plaintiffs – Appellees, <br> v. <br> Jessica GAONA,     Objector – Appellant, <br> Stephanie SWIFT and Fatima ANDREWS,     Objector – Appellant, <br> Deborah MADDOX,     Objector – Appellant, <br> v. <br> WAL-MART STORES, INC., et al.,     Defendants – Appellees. | **MDL 1735** <br><br> 2:06-CV-00225-PMP-PAL <br><br> District of Nevada, Las Vegas |

**MEMORANDUM IN SUPPORT OF A FINDING OF CONTEMPT FOR FAILURE TO POST THE ORDERED FRAP 7 BOND**

**OVERVIEW**

Objectors were ordered to post a bond pursuant to Fed. R. App. P. 7 in the amount of $500,000 per Objector, on or before March 29, 2010 as a condition of their appeal of this Court's approval of the Class-Wide Settlement and the award of attorneys' fees, costs and other relief to counsel for the Class. Objectors failed to post the required bond. On May 10, 2010, this Court issued an Order to Show Cause directed to the Objectors, requesting that the Objectors inform the Court why they had ignored its duly issued FRAP 7 Bond Order. Objectors responded by filing identical motions to stay the hearing on this Court's show cause order - with this Court and with the 9th Circuit Court of Appeals. This Court denied Objectors' motions by Order dated May 12, 2010. The Ninth Circuit also denied the Objectors' motion to stay. Objectors contend - both here and at the Court of Appeals - that their timely filed notices of appeal from this Court's FRAP 7 Bond Order deprives this Court of jurisdiction to enforce its own orders. This already strained reading of the law is unsupported on the facts of this case.

**History Of The Objectors Actions In This Court.**

Objectors filed their objections to the Settlement prior to the fairness hearing, which was scheduled and held on October 19, 2009.[1] Each of the four Objectors, through their counsel of record, represented to the Court that they would appear at the fairness hearing to present their objections - either in person or through counsel. The court held a lengthy hearing at which it considered, frequently referenced and made detailed findings relating

---

[1] District Court Docket #482.

to both the evidence orally presented and the voluminous record of evidence submitted in support of the settlement. The evidence supporting the settlement included non-legal expert opinions, expert legal opinions and declarations from lay members of the class. In approving the settlement the Court expressly found it met each of the required criteria of a fair settlement. On November 2, 2009, the District Court issued its Order approving the Settlement but reserved ruling on the award of attorneys' fees until after the claims period had closed.[2] At the fairness hearing, none of the Objectors or their counsel appeared - and after extensive evidence was submitted to the Court orally and through extensive briefing, the Settlement was approved.[3]

On November 2, 2009, after a second hearing and round of briefing, the District Court approved the requested award of attorney fees.[4] Although provided with Notice, the Objectors chose not to participate in the hearing on attorneys' fees or to submit written comment.[5] In approving the fee award, this Court again commented on and made extensive findings after reviewing the submissions from class counsel regarding attorneys' fees. The Court – taking into account additional briefing and a second extended hearing - determined that the efforts of class counsel over the years and in

---

[2] Docket no. 491.
[3] Docket #491 - November 2, 2009.
[4] Docket no. 519, amended and corrected by Docket no. 520.
[5] All of the Objector's counsel applied for - and were denied - attorney fees at the district court level.

successfully securing a settlement after several failed efforts to attain certification for the class, merited the requested attorneys' fee award - and entered its order to that effect.[6]

Prior to the initial fairness hearing, and pursuant to an order of this Court, counsel for the class issued deposition notices and subpoenas for the depositions of the four Objectors. Three of the objectors, Maddox, Swift and Andrews were compelled to attend the depositions by order of the District Court for the Northern District of Ohio (Hereafter "District Court Order"). Only the first of these three Objectors - Deborah Maddox - appeared for deposition. [7]

Two of the Objectors, Swift and Gaona, submitted knowingly false address information leading Class Counsel on a costly and time consuming wild goose chase.[8] Moreover, Swift and Andrews ignored a duly issued District Court Order that they appear and give testimony on a date and at a place certain. As a result, counsel for the class was unable to depose them and determine, among other issues, their financial ability to post the ordered FRAP 7 bond.

After this Court entered its final order approving the settlement and the attorneys' fees, the Objectors timely appealed those orders to the Ninth Circuit Court of Appeals.

---

[7] The Maddox deposition - which was the only one to go forward - established her lack of knowledge relating to her objection. Her sworn testimony demonstrated that she was misinformed as to the facts and law underlying her objection to the attorneys' fee award. *See* Docket no 472- Deposition of Deborah Maddox.

[8] This Court and the United States District Court for the District of Ohio were misled and thus caused to waste judicial resources.

The Objectors did not timely order a transcript of the proceedings and could not have considered the content of either hearing prior to lodging the objections or appeals.

Plaintiff and counsel for the class filed timely motions with the Court, requesting that the Objectors post a bond, pursuant to FRAP 7, to secure the interests of the class pending the resolution of the Objectors' appeals. The motions were supported by an affidavit from an Ninth Circuit Appellate expert opining on the time cases sit pending on appeal in the Ninth Circuit and an affidavit from an economist who calculated the interest that would be lost by the class during the pendency of appeal if the Objectors appeals failed. Prior to ruling on the bond requests, the Court considered the testimony of the experts, bond requests of up to $2.3 Million per objector, extensive related briefing, the objectors' submissions and the relevant law.[9] Exercising its discretion, after considering the arguments and submissions of all parties – including the Objectors - this Court determined that a bond of $500,000 per objector was reasonable to secure the anticipated costs on appeal, and issued its Order imposing the appeal bond under FRAP 7 on March 8, 2010 (hereinafter the "FRAP 7 Order").[10] The FRAP 7 Order gave the objectors until March 29, 2010 to post the required bond.

Objectors neither posted the court ordered bonds, nor moved the Court for relief from the bonds. Instead, Objectors filed a consolidated notice of appeal regarding the

---

[9] In conjunction with their request for a FRAP 7 bond to secure the interests of the class on appeal, class counsel also moved the Court for sanctions against the Objectors under Rule 11 for their willful evasion of the deposition subpoenas - including providing knowingly false address information - and the related court orders enforcing them. The Court denied those motions without explanation, in the same order imposing the FRAP 7 bond.

[10] Docket no. 613 at pp. 3-4.

bonds.[11] Not a single one of the Objectors requested that this Court reconsider its assessment of the bonds, nor did they post any lesser amount as bond, nor did they timely move this Court for a stay. None of the Objectors,[12] including Deborah Maddox, ever presented the Court with evidence or testimony indicating that they lacked the ability to pay the requested bond amounts,[13] or took any other necessary action. Instead, the Objectors continued to ignore the lawful orders of various federal district court judges.

On May 10, 2010, this Court issued an order compelling the Objectors to appear before it on May 18th, 2010, and show cause why they should not be held in contempt for failure to obey the Court's order imposing the FRAP 7 bond. In response, Objectors filed an emergency motion with the 9th Circuit Court of Appeals requesting a stay of the May 18th hearing - and filed a request for stay with this Court - which request was denied on

---

[11] Docket #614 - filed March 9, 2010.

[12] Again, two of the three objectors provided false addresses (Gaona and Swift) three of the four objectors willfully failed to appear for deposition (Gaona, Swift and Andrews) and two willfully ignored orders compelling them to attend deposition (Swift and Andrews). By knowingly choosing to defy Court orders compelling them to appear for deposition, Objectors Swift and Andrews both denied Class Counsel the opportunity to examine them and waived their right to after the fact introduce self-serving opinion. No factual support exists in the record and neither does any evidence that any effort what so ever was undertaken to obtain a bond. It is the position of the undersigned Class Counsel that it would be patently unfair to permit Objectors, who have retained experienced counsel (with ample resources), to argue that they are financially unable to post bond after willfully disregarding Court compelled discovery. Objector Swift who otherwise failed to appear for a duly marked oral examination under a Court Ordered expedited discovery schedule also should not be allowed to offer untested proof of her inability to post bond.

[13] In Objectors' Emergency Motion to the Ninth Circuit, their counsel urges the Court to take "judicial notice" of the lack of resources of the Objectors. *See Emergency Motion*, Docket No. 25, 9th Cir. No. 10-015516, Memorandum and Authorities at p. 10. Objectors' counsel provided no authority for the novel proposition that the Court could take judicial notice of a fact issue. As mentioned, this Motion was denied.

May 12th, 2010.[14] The Court of Appeals likewise denied Objectors' Emergency Motion for a Stay on May 17, 2010.[15]

**Jurisdiction Over The March 8, 2010 FRAP 7 Bond Order**

The Ninth Circuit has not directly addressed the issue of a district court's continuing jurisdiction over an FRAP 7 bond once the order approving the bond has been appealed. Ordinarily, absent a stay or other relief from the district court "all orders and judgments of courts must be complied with promptly."[16] In *Donovan v. Mazola,*[17] the Ninth Circuit held that absent a stay of a required bond, failure to post the bond was an action supporting a finding of contempt by the district court. The *Donovan* court found it was the ***appellants*** that bore the burden of demonstrating to the district court - "categorically and in detail" - why they were unable to comply with the district court's bond order.[18] Similarly, in *in re Crystal Palace Gambling Hall, Inc,*[19] this Court stated, " A party cannot disobey a court order and later argue that there were 'exceptional circumstances' for doing so. This proposed 'good faith' exception to the requirement of obedience to a court order has no basis in law, and we reject the invitation to create such an exception."[20]

---

[14] Docket #623.
[15] *See* Case: 10-15516 05/17/2010 Page: 1 of 1 ID: 7340139 Dkt Entry: 7.
[16] *Maness v. Meyers*, 419 U.S. 449, 458, 95 S.Ct. 584, 591, 42 L.Ed.2d 574 (1975).
[17] 716 F.2d 1226, 1240 (9th Cir. 1983)(hereinafter "Donovan I").
[18] *Id.*
[19] 817 F.2d 1361 (9th Cir. 1987). [20] *Id.* At 1365.

Other circuits have also read *Maness v. Meyers* to vest jurisdiction in the district court for its final orders and judgments - including contempt actions.[21] The instant case falls into the same category. Since the Objectors have failed to receive a stay of this Court's March 8, 2010 Order imposing the FRAP 7 bond, their failure to post the bond is enforceable by the district court through a contempt action[22].

Objectors cite to *Griggs v. Provident Consumer Discount Co.,*[23] for the proposition that their filing of a notice of appeal divested the district court of jurisdiction to enforce its earlier order. However, Objectors neglect to point out the exception to *Griggs* - the right of the district court to enforce its existing orders absent a stay - or to govern a course of continuing conduct by the Objectors.[24] Moreover, here the Appeals Court, after receiving notice of the controversy and a request to stay this Court's hearing, denied the Objectors' consolidated Motion to Stay. The Court of Appeals action should come as no surprise, since the Ninth Circuit has consistently held that ignoring the dictates of the district courts subjects litigants to the risk of contempt proceedings.

**Relief Sought**

---

[21] *See in re Grand Jury Subpoenas Duces Tecum*, 8 F.3d 872, 875 (8th Cir. 1996); *Alberti v. Klevenhagen*, 46 F.3D 1347 (5th Cir. 1995)( until the judgment has been properly stayed or superseded, the district court may enforce it through contempt sanctions)(*citing U.S. V. Revie*, 834 F.2d 1198, 1205 (5th Cir. 1987), *cert. denied*, 487 U.S. 1205 (1988)).
[22] Objectors did file a motion to stay the imposition of the FRAP 7 bond with this Court on May 13, 2009 – after their motion to vacate this Court's show cause hearing was denied.
[23] *459 U.S. 56, 58 (1982).*
[24] The Ninth Circuit did address a situation where the district court issued sanctions under an indemnity bond - when the indemnity bond was appealed. *See Donovan v. Mazola*, 761 F.2d 1411 (9th Cir. 1985). The indemnity bond, however, covered past - not continuing conduct - which is distinguishable on its face from the purposes of an FRAP 7 bond.

There are two components to the range of sanctions available to this Court in assessing sanctions on Objectors for their continued failure to obey this Court's lawful orders. The first is the actual loss to the class resulting from the Objector's misconduct and represents the most the party in contempt can be made to pay to the opposing parties. The second element is punitive – designed to coerce compliance on the part of the Objectors and their counsel. The Court has wide latitude in fashioning such a penalty.[25] While the Objectors have made no reasonable efforts to protect the interests of the class in the face of the excessive delay occasioned by their meritless appeals, the best interests of the class are still served by the posting of the ordered FRAP 7 bond, pursuant to this Court's March 8, 2010 order. Co-Lead Counsel Robert Bonsignore, for the Class thus respectfully requests that imposition of any sanctions, other than the finding of contempt, deemed appropriate by this Court be stayed for such period as this Court deems reasonable so that the Objectors may purge themselves of any contempt by posting the FRAP 7 bond.

**Conclusion**

Under the express terms of the Settlement, no funding occurs until 30 days after Final Judgment has been entered and all appeals have been exhausted. While this action is on Appeal, the Class is not only denied the present use of the funds they are to receive, they are also being denied access to the accruing interest. The District Court was rightly concerned that the class would certainly suffer economic loss and ordered the Objectors to post an FRAP 7 bond to secure the costs of appeal in the event they were unsuccessful

---

[25] *Crystal Palace,* 817 F.2d 1361, 1365 (9th Cir. 1987).

(.[26] The district court based the amount of the required bond on the costs to administer the settlement through the anticipated delay occasioned by the Objectors' appeals, and the interest lost to the class occasioned by the delay of payment to class members.[27] In exercising its discretion in determining the amounts of the bonds, the Court was presented with and considered a great many facts specific to each objector and as applied to the overarching facts relating to an appeal of the particular Orders in issue.

    This Court, after taking extensive evidence and considering extensive submissions by all parties, issued its order imposing a bond upon the Objectors in the amount of $500,000 per Objector - far less than the amounts requested by any party - and less than could be supported on the evidence before the Court. However, the Objectors did not request a reduction in the amount, did not timely request a stay of the bond order pending appeal, and presented no evidence regarding their ability to comply. Instead, as they have done throughout these proceedings, Objectors simply ignored this Court's order. To now argue this Court is without jurisdiction to hold them in contempt is simply an affront to the Court. This Court should therefore hold the Objectors in Contempt.

                                              s/ Robert J. Bonsignore
                                              Robert J. Bonsignore (BBO # 547880)
                                              BONSIGNORE & BREWER
                                              23 Forest Street
                                              Medford, MA 02155
                                              Telephone: (781) 350-0000
                                              Facsimile (781 391-9496
                                              rbonsignore@classactions.us

---

[26] Docket no. 613.
[27] *Id*. at pp. 3-4.

Daniel D. Ambrose, Esq.
Ambrose Law Group
1007 East West Maple Road
Walled Lake, MI 48390
(248) 624-5500

D. Michael Noonan, Esq.
Christine Craig, Esq.
Shaheen & Gordon, P.A.
140 Washington Street
P.O. Box 977
Dover, NH 03821
(603) 749-5000

Franklin D. Azar, Esq.
Rodney P. Bridgers, Jr., Esq.
Nathan J. Axvig, Esq.
Franklin D. Azar & Associates P.C.
14426 East Evans Ave.
Aurora, CO 80014
(303) 757-3300

Robin E. Brewer, Esq.
Nicole Vamosi, Esq.
Rick Kirchner, Esq.
Kelly Elam, Esq
Julie Baker, Esq.
Jose Vasquez, Esq.
Bonsignore & Brewer
23 Forest Street
Medford, MA 02155
(781) 350-0000

Todd S. Collins, Esq.
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103
(800) 424-6690

Lanny H. Darr
Schrempf, Kelly, Knapp & Darr, Ltd.
307 Henry St.
Suite 415
Alton, IL 62002

Craig O. Asbill, Esq.
Charles G. Monnett & Associates
200 Queens Road
Suite 300
Charlotte, NC 28204
(704) 376-1911

Richard Batesky, Esq.
Attorney at Law
22 E. Washington St., Suite 610
Indianapolis, IN 46204
(800) 822-2039

Mark C. Choate, Esq.
Choate Law Firm LLC
424 N. Franklin Street
Juneau, AK 99801
(907) 586-4490

Adriana Contartese, Esq.
Rafaela Hanley, Esq.
Attorney at Law
866 East Fifth St.
Boston, MA 02127
(617) 268-3557

Paul C. EchoHawk, Esq.
Nathan Long, Esq.
EchoHawk Law Offices
Paul C. EchoHawk
505 Pershing Avenue

(618) 465-2311

R. Deryl Edwards, Jr., Esq.
606 S. Pearl Ave.
Joplin, MO 64801
(417) 624-1962

Courtney French, Esq.
Fuston, Petway & French, LLP
3500 Colonnade Parkway
Suite 300
Birmingham, AL 35243
(205) 977-9798

Christopher R. Gilreath, Esq.
Gilreath & Associates
550 Main Street
Suite 600
Knoxville, TN 37902
(865) 637-2442

Donald S. Goldbloom, Esq.
12590 National Pike
Grantsville, MD 21536
(301) 895-5240

J. Thomas Henretta, Esq.
Law Offices of J. Thomas Henretta
400 Key Building
159 South Main Street
Akron, OH 44308
(330) 376-7801

Christopher Meeks, Esq.
Lynch, Meeks & Battitori
1031 Military Avenue
Baxter Springs, KS
(620) 856-2771

Pamela Mullis, Esq.

Pocatello, ID 83205
(208) 478-1624

Ivy L. Frignoca, Esq.
Lambert Coffin Haenn
477 Congress St, 14th Fl
Portland, ME 04112
(207) 874-4000

Troy N. Giatras, Esq.
The Giatras Law Firm, PLLC
118 Capitol Street
Suite 800
Charleston, WV 25301
(304) 343-2900

Vincent J. Glorioso, III, Esq.
The Glorioso Law Firm
815 Baronne Street
New Orleans, LA 70113
(504) 569-9999

Gregory F. Greiner, Esq.
Greiner Law Office
630 G Ave.
Grundy Center, IA 50638
(319) 824-6951

Thomas H. Johnson, Esq.
Thomas H. Johnson Law Office
410 Hickory St.
Texarkana, AR  71854
(870) 773-6359

Mike Miller, Esq.
Stacey E. Tjon, Esq.
Solberg, Stewart, Miller & Tjon
1129 Fifth Avenue South
Fargo, ND 58103
(701) 237-3166

Glen W. Neeley, Esq.

The Mullis Law Firm
1229 Elmwood Ave
Columbia, SC 29201
(803) 799-9577

Gary S. Nitsche, Esq.
Weik, Nitsche, Dougherty
1300 N. Grant Ave, Suite 101
Wilmington, DE 19899
(302) 655-4040

Raymond A. Pacia, Esq.
Attorney At Law, LTD
50 Power Road
Pawtucket, RI 02860
(401) 727-2242

Arthur Y. Park, Esq.
Laurent J. Remillard, Jr., Esq.
John C. McLaren, Esq.
Park Park & Remillard
707 Richards Street
Suite 500
Honolulu, HI 96813
(808) 536-3905

John Rausch, Esq.
P.O. Box 905
Waterloo, IA 50704
(319) 233-3557

Thomas R. Ricci, Esq.
Law Office of Thomas R. Ricci
303 Jefferson Blvd.
Warwick, RI 02888
(401) 921-4800

Cynthia K. Smith, Esq.
Jasper Smith Olson, P.C.
202 W. Spruce St.
P.O. Box 7785
Missoula, MT 59807
(406) 541-7177

Attorney at Law, P.C.
863 25th St.
Ogden, UT 84001
(801) 612-1511

Jeffrey M. Padwa, Esq.
Padwa Law
303 Jefferson Blvd.
Warwick, RI 02888
(401) 921-4800

Wayne D. Parsons, Esq.
Wayne D. Parsons Law Offices
Dillingham Business Center
Suite 201C
1406 Colburn Street
Honolulu, HI 96817
(808) 845-2211

Dan Rausher, Esq.
Attorney at Law
26 Court Street
Suite 1604
Brooklyn, New York 11242
(718) 596-7333

Fred Schultz, Esq.
Greene & Schultz
Showers Plaza
320 W. 8th Street
Suite 100
Bloomington, IN 47404
(812) 336-4357

Stephen M. Smith, Esq.
Joseph Smith Ltd.
2100 Kecoughtan Road
Hampton, VA 23661-0437
(757) 244- 7000

- 14 -

Laurence W. Stinson, Esq.
Bradley D. Bonner, Esq.
Bonner Stinson, P.C.
P.O. Box 799
128 East Second Street
Powell, WY 82435
(307) 754-4950

Jill P. Telfer, Esq.
Law Offices of Jill P. Telfer
331 J. Street, Ste. 200
Sacramento, CA 95814
(916) 446-1916

Jay A. Urban, Esq.
Urban & Taylor S.C.
4701 North Port Washington Road
Milwaukee, WI 53212
(414) 906-1700

Christopher P. Welsh, Esq.
James R. Welsh, Esq.
Welsh & Welsh, P.C. L.L.O.
9290 West Dodge Road
100 The Mark
Omaha, Nebraska, 68114
(402) 384-8160

Mark Tate, Esq.
Tate Law Group, LLC
2 East Bryan Street
Suite 600
Savannah, GA 31401
(912) 234-3030

Matthew Tobin, Esq.
201 S. Phillips Avenue
Suite 200
Sioux Falls, SD 57104
605-366-9715

Ernest Warren, Jr., Esq.
Walker Warren & Watkins
838 SW First Avenue
Suite 500
Portland, OR 97204
(503) 228-6655

- 15 -

**CERTIFICATE OF SERVICE**

I hereby certify that on May 18, 2010, a copy of the ***Memorandum in Support of a Finding of Contempt for Failure to Post the Ordered FRAP 7 Bond*** was filed electronically [and served by mail on anyone unable to accept electronic filing]. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing]. Parties may access this filing through the Court's system.

/s/ Robert J. Bonsignore
Robert J. Bonsignore