Robert J. Bonsignore, Esq.
(Massachusetts Bar No. 547880)
Bonsignore & Brewer
23 Forest Street
Medford, MA  02155
Phone:  (781) 350-0000
Fax:  (781) 391-9496
rbonsignore@class-actions.us
*Plaintiffs' Counsel*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| IN RE WAL-MART WAGE AND HOUR EMPLOYMENT PRACTICE LITIGATION | **MDL 1735** |
| | 2:06-CV-00225-PMP-PAL (BASE FILE) |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

## **MEMORANDUM IN OPPOSITION TO MOTION TO STAY FRAP 7 BOND**

# I. - INTRODUCTION

NOW COME the class counsel and their representative Plaintiffs appearing below, by and through the undersigned Co-Lead Counsel Robert J. Bonsignore, and, pursuant to this Court's order to submit a responsive brief by May 25, 2010,[1] oppose the request of the objectors Jessica Gaona, Stephanie Swift, Fatima Andrews, and Deborah Maddox (hereinafter, collectively, the "Objectors"), individually and collectively, to stay the imposition of the assessment of the FRAP Bond (hereinafter "Bond") and to avoid the imposition of sanctions.  *See* Docket nos. 592-594, 595-597, and 605-607, 636.

In its Order dated March 8, 2010, this Court requested *only* that the Objectors "Show Cause" why they did not post the Bond.  Having entirely failed to do that in either their responsive briefing or during the oral argument scheduled and held on May 18, 2010,[2] the Objectors now advance in the form of an equitable request to unfairly usurp the authority of this Court by implicitly substituting in their own schedule of review, and to otherwise have this Court ignore prior related rulings, applicable rules and the timetables set forth therein.  *See e.g.* - Attachment 1, p. 12, lines 20- 23.

Plaintiffs move the Court to assess a fine of $50,938[3] against the Objectors and their counsel, jointly and severally, for their failure to timely post a FRAP 7 bond.  Plaintiffs also

---

[1] All references are to the Federal Rules of Appellate Procedure as of January 1, 2009, unless otherwise noted. References to the Circuit Rules of the Ninth Circuit Court of Appeals are to the rules in effect as of December 1, 2009, unless otherwise noted.  References to the Federal Rules of Appellate Procedure will be cited as "FRAP" followed by the rule number.  References to the Ninth Circuit rules will be cited as "Circuit Rule" followed by the rule number.

[2] All Objectors Counsel actively participated during hearing.  *See* Attachment 1 - Transcript of May 18, 2010 Proceeding (hereafter "Attachment 1" or "May 18, 2010 Transcript") at pp. 29-35.

[3] This is the amount of interest that accrued between March 29, 2010 and the date of the submission of this Memorandum.  *See* Attachment 2 - Supplemental Affidavit of John O. Ward, Ph. D. – May 24, 2010, ¶ 6.

move the Court to assess a daily fine of $695.87[4] against the Objectors and their counsel, jointly and severally, for the average amount of interest lost daily resulting from their continued failure to timely post the FRAP 7 bond.  Both the lump sum fine and the daily continuing payment are supported through the Supplemental Affidavit of John O. Ward, Ph. D. and its attachments.  *See* Attachment 2- Supplemental Affidavit of John O. Ward, Ph. D., dated May 24, 2010 and its Exhibits A-E therein.

Plaintiffs also move to strike the so called "Joint Motion to Stay Appeal Bond *Nunc Pro Tunc* and Opposition to Sanctions"[5] and its attachments because it was filed late with the Court. At the close of the May 18, 2010 hearing, this Court expressly said it would rule promptly following the receipt of the response of the Class to the Objectors Request for a Stay.[6]  The Objectors responded by adding yet another layer of complexity and delay by essentially seeking a third reconsideration of the Bond Order and to cloud the record.

It is entirely unjust for the Objectors to have knowingly and willfully violated clear, unequivocal Court orders requiring their attendance at deposition, to receive the benefit of this Court's leniency when it refrained from issuing severe sanctions, and then to exploit the contextual circumstances by sneaking in self-serving and untested opinion after the ability to test the assertions has been closed.[7]  In the event that the Court is not inclined to strike the

---

[4] This is the daily average lost interest for the year 2010.  *See* Attachment 2 - Supplemental Affidavit of John O. Ward, Ph. D. – May 24, 2010, ¶ 9.

[5] Docket no. 636.

[6] *See* Attachment 1, p. 46 lines 16-18.  *See also Id.* at 19-25.

[7] The Professional Objectors affidavits offer only information relating to the income and assets of the objector class members. They failed to satisfy the burden of showing impossibility because that information is not placed in any relevant context, for example through expert testimony of a bails bondsman who could opine that the amounts of yearly income set forth together with the assets listed are not enough to satisfy whatever amount of security would be required to obtain the bond. As fatal is their failure to evidence that any attempts to obtain bonds were undertaken by the Objectors. Finally, the FRAP 7 responsibility is equally shared by the Professional Objectors who failed to offer any evidence that they could not obtain the assessed bonds. The Plaintiff class contests the untested representations and object to the Affidavits on the basis that the affiants did not appear for deposition and that they

attachments, it should reconsider its rulings on the Motions for Sanctions because the underlying offending conduct requires a fresh look in light of the newly offered affidavits.[8]  By offering the affidavits, the Objectors seek to exploit this Court's prior denial of sanctions in a way not ripe for consideration at that time.  The Objectors now obviously seek to take unfair advantage of their willful violation of Court Orders and related non-appearance at deposition.

The Plaintiffs incorporate the facts and law submitted in their Memorandum in Support of a Finding of Contempt for Failure to Post the Ordered FRAP 7 Bond.  *See* Docket No. 631.  Any restatement is offered for the convenience of the Court.

## II. - STATEMENT OF ISSUES

A.   Because the Objectors Never Requested a Stay, are they Eligible for Nunc Pro Tunc relief?[9]

B.   Should this Court stay the Appeal Bond Nunc Pro Tunc and not impose sanctions for failure to post the ordered FRAP 7 bond?

## III. - BACKGROUND

### Procedural History

Plaintiffs reached a Class-wide Settlement Agreement with Defendant Wal-Mart Stores, Inc. ("Wal-Mart") on May 26, 2009 (the "Settlement"),[10] was submitted to the District Court pursuant to Fed. R. Civ. P. 23(e)[11] and later preliminarily approved.  Pursuant to Court Order, the Class was fully notified of the terms of the Settlement, that the Final Fairness hearing was

---

waived this defense by not timely raising it.  *See* Attachment 4- *Conroy v. 3M Corp.*, 2006 U.S. Dist. LEXIS 96169 (N.D. Cal. 2006); *see also* Attachment 5- *Williams v. Amerus Life Ins.*, 2007 U.S. App. LEXIS 6145 (5th Cir. 2007).
[8] *See* Docket no 636- Atttachments1-4.
[9] Nunc Pro Tunc means from the beginning.  For all intents and purposes, this request for a stay is made at the beginning, adds nothing, and should be struck as duplicitous.
[10]   *See* http://www.walmartmdl.com.

scheduled for October 19, 2009 and their attendant rights.  Of the 3,177,706 class members

covered by the Settlement, 14 filed comments with the Court.[12]  Four class members[13] were

represented by counsel,[14] who filed formal objections on their behalf.

Of the four Objectors, two, Gaona and Swift, knowingly submitted false address

information[15] leading Class Counsel on a costly and time consuming "wild goose chase."[16]

Three Objectors, Gaona, Swift and Andrews, ignored a duly issued MDL 1735 District Court

Order that they appear for deposition.[17]

Finally, two of the four Objectors, Swift and Andrews, did not appear for deposition

despite being subject to a "follow up" Order *compelling* their attendance at deposition issued by

their local United States District Court.[18]  Deborah Maddox, the one Objector who appeared,

lacked basic related knowledge and was misinformed as to the facts and law underlying her

objection to the fee award.  *See* Docket no. 472- Deposition of Deborah Maddox.

---

[11]  Docket of the District Court of Nevada, Case Number 2:06-CV-00225 – PMP-PAL, Document no. 299. Hereafter, all references to the docket entries of the District Court in this matter will be cited as "Document no. " followed by the ECF document number.  All cited docket entries are included in the Appendix to the Motion.

[12]  Docket no. 491 at p. 4.

[13]  Those four class members were Jessica Gaona, Fatima Andrews, Stephanie Swift and Deborah Maddox (the Objectors).

[14]  Counsels representing the Objectors are self-described "professional objectors" who describe their specialized practice area as objecting to class action settlements. They are Christopher A. Bandas, John J. Pentz, Edward W. Cochran and Edward F. Siegal (hereafter "Professional Objectors").  The Professional Objectors' representation of the Objectors overlaps, with the Professional Objectors representing more than one individual Objector.

[15]  *See* Docket nos. 541-546, Memorandum in Support of Plaintiffs' Motion for Appeal Bond for Objector Jessica Gaona and supporting documents; Docket nos. 563-573, Memorandum in Support of Plaintiffs' Motion for Appeal Bond for Objector Stephanie Swift and supporting documents.

[16]  This Court and the United States District Court for the District of Ohio were misled and thus caused to waste judicial resources.

[17]  *See* Doc. nos. 447 and 448.

[18]  *See* Docket nos. 586-591, Memorandum in Support of Plaintiffs' Motion for Appeal Bond for Objector Fatima Andrews and supporting documents; Docket nos. 563-573, Memorandum in Support of Plaintiffs' Motion for Appeal Bond for Objector Stephanie Swift and supporting documents.

In lodging their Objections, Jessica Gaona,[19] Fatima Andrews,[20] Deborah Maddox,[21] and Stephanie Swift[22] established that they are former, not current, employees and have no interest in the Injunctive Relief portion of the Settlement.

The Final Fairness hearing was held as scheduled.[23] Though each Objector represented to the Court that they would appear at the Final Fairness hearing, none of the Objectors nor their counsel attended, participated by telephone, or otherwise informed the Court timely, which set aside time for them to present their arguments, that they would be "no shows."  *See* Docket no. 482 - Transcript of October 19, 2009 Proceeding.  *See also* Docket no. 491 at ¶ 4.

The Final Fairness hearing was lengthy.  At that hearing, the Court considered, frequently referenced and made detailed findings on both the evidence orally presented and the voluminous writings submitted in support of the settlement and the award of attorney fees and costs and incentive awards for the class representatives.  The supporting evidence included non-legal expert opinions, expert legal opinions and declarations from dozens of lay members of the class. At the close of the Final Fairness hearing, after careful consideration of the extensive evidence submitted orally and through the voluminous briefing, the Court approved the Settlement,[24] expressly finding it met each of the required criteria of a fair settlement but it reserved its final ruling on the award of attorneys' fees.[25]

---

[19] *See* Docket no. 387-Gaona Objection filed 9/24/09. Objector Jessica Lynn Gaona was employed as an hourly employee as a cashier at the Sam's Club located at 4949 Greenwood Drive, Corpus Christi, TX 78416 from July 2004 to October 2004 and then at the Sam's Club located at 4970 W. Hwy 290, Austin, Texas 78735 from approximately November 2004 to October 2005.

[20] *See* Docket no. 385- Andrews Objection filed 9/24/09. Objector Fatima Andrews worked at the Mayfield Heights, Ohio Wal-Mart between March 2007 and February 2008.

[21] Docket no. 383.

[22] Docket no. 382.

[23] District Court Docket no. 482.

[24] Docket no. 491 - November 2, 2009.

[25] Docket no. 482 - Transcript of Proceeding.

On November 2, 2009, the District Court issued its related written Order approving the Settlement.[26]  On November 9, 2009, the period within which class members could make claims under the Settlement expired.[27]  Jessica Gaona and Fatima Andrews did not file claims.  *See* Docket no. 587-Affidavit of Claims Administrator Amanda Myette.[28]

On November 20, 2009, a second hearing was held.  The Objectors neither participated in the hearing on attorneys' fees nor submitted any written comment.  The Court also took into account additional briefing, the additional expert opinion of Prof. Charles Silver[29] and the testimony and argument offered at the second extended hearing prior to finding that each of the required evaluative factors supported the requested attorneys' fee award.  In approving the fee, cost and incentive awards, this Court again frequently commented on and referenced to the record in making its detailed findings - and entered its order to that effect.[30]  After this Court entered its final order approving the settlement and the attorneys' fees, the Objectors including Gaona and Andrews, timely appealed those orders to the Ninth Circuit Court of Appeals.[31]  This Court then ordered the appeals consolidated for purposes of briefing and argument.  The Objectors then made a host of filing errors set forth below.

Subsequent to the filing of the Objectors' notices of appeal, Class Counsel moved the District Court for an order imposing an appeal bond under FRAP 7.  After considering the arguments of Class Counsel, Wal-Mart and the Objectors, the Honorable Court issued its Order imposing an appeal bond under FRAP 7 in the amount of $500,000 per Objector on March 8,

---

[26] Docket no. 491 – Order Approving Final Settlement.
[27] Docket no. 576 – Declaration of Amanda Myette.
[28] Also filed as Attachment E to Memorandum in Support of Motion for FRAP 7 Bond as to Objector Fatima Andrews dated February 10, 2010.
[29] *See* Docket no. 507-1.
[30] *See* Docket no. 519, amended and corrected by Docket no. 520.  *See* Docket no. 491.
[31] The Objectors did not timely order a transcript of the proceedings and did consider the content of either hearing prior to lodging the objections or appeals.

2010 (hereinafter the "FRAP 7 Order").[32]  On March 9, 2010, Objectors filed their combined

Notice of Appeal regarding the FRAP 7 Order.[33]

On April 26, 2010, the Objectors filed their opening brief again relying primarily on an

earlier objection filed in another action by MDL 1735 Co-Lead Counsel Beasley and concessions

made by her that were contested by other MDL 1735 Class Counsel, and the express language of

this prior Court's Orders. *See* Docket no. 491

The Objectors maintain only two issues in their opening brief both seeking to reduce

attorney fees.[34]  Two of the objectors lack standing to pursue such an appeal because they did

not file claims forms.  *See* Attachment 3 - Motion to Dismiss the Appeals of Objectors Gaona

and Andrews- Case: 09-17648 05/21/2010 Page: 1 of 11 ID: 7346228 DktEntry: 32-1.[35]  In

approving the Settlement, this Court incorporated the Myette affidavit and the Objectors never

appealed that finding.

None of the Objectors requested a stay of the District Court's action pending the resolution

of their appeal of the FRAP 7 Bond Order until a point where it reasonably should be considered

untimely.[36]  The Objectors did not timely ask for a reduction, a stay reconsideration, and/or did

not post an amount they considered reasonable prior to the May 18, 2010 Show Cause hearing.

---

[32] Docket no. 613 at pp. 3-4.

[33] Docket no. 614.

[34] Docket no. 23, Appellant's Opening Brief, 9th Circuit No. 09-09-17648, pp. 5-6.

[35] It is disturbing and possibly prejudicial that despite the fact that the Affidavit of Claims Administrator Amanda Myette makes clear that Objectors Jessica Gaona and Fatima Andrews did not file Claim Forms and that this Court adopted it in its findings supporting Final Approval, Counsel for the objectors have represented to the Appellate Court that Gaona and Andrews filed claim forms.  *See* Docket no. 23, Appellant's Opening Brief, 9th Circuit No. 09-09-17648, p 15.

[36] After the filing of their Opening Brief and following the denial of their motion with the District Court to stay the May 18, 2010 hearing requiring the Objectors to appear and show cause why they should not be held in contempt for their failure to post the FRAP 7 Bond, the objectors did file a request to stay the bond on May 14, 2010.  *See* Docket no. 625.

On May 18, 2010, this Court found that the Objectors had not complied with its order to post a bond by March 29, 2010.  After the hearing on the Motion to Show Cause and the entry of a finding that they did not comply with this Courts March 8, 2010 Order, the Objectors filed their Joint Motion to Stay Appeal Bond *Nunc Pro Tunc* and Opposition to Sanctions on May 21, 2010. *See* Docket no 636.

In allowing the Class time to respond to the Objectors request for a stay, it also implicitly allowed time for the Objectors to post a bond or otherwise cure themselves of contempt.  As of the date of this Motion, neither the Professional Objectors and/or their clients have posted any amount with the District Court in lieu of the ordered FRAP 7 bond amount.  They have only acted to seek reconsideration without seeking leave of the Court and have otherwise violated this Court's instruction.

## IV. - STANDARD OF REVIEW

### Dismissal For Failure To Post The Required FRAP 7 Bond.

The Appellate Court reviews Objections to a District Court's FRAP 7 bond amounts for an abuse of discretion.[37]  In fact, it is firmly within the Appellate Court's discretion to dismiss an appeal for failure to post an FRAP 7 bond.  *See Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 961-2 (9th Cir. 2007).  Moreover, whether the appellant's failure to post the FRAP 7 bond requires dismissal is a question of law for the Court and is conducted *de novo*.  *Id.*

## V. - ARGUMENT

### A.   The Objectors Cannot Demonstrate Good Cause to Stay the Bond or Deny Sanctions Because They Conceded Such Relief and Only Contested the Amount.

The Objectors conceded that the relief requested was appropriate:

---

[37] *See Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 955 (9th Cir. 2007).

1.  They admitted they should agree to pay something that reflects costs and not attorney fees.[38] While they deny that interest should be assessed, they have offered no analysis or authority; and

2.  They again concede that some amount would be appropriate[39] but again argue, without support or context, that $1,000 per day is not appropriate.[40]

**B.     The Objectors Cannot Demonstrate Good Cause to Stay the Bond or Deny Sanctions Because They Come With Unclean Hands As Established Through An Uncontroverted And Objective Pattern and Practice of Willful or Knowing Misconduct Including the Provision of False information and Violation of Multiple Court Orders**

In order for the Objectors to seek relief in equity, they must come with clean hands.  At a minimum, and as described in greater detail throughout, the Objectors do not have clean hands because:

1.  Of the four Objectors, two, Gaona and Swift, knowingly submitted false address information.  *See* Docket nos. 541-546 and 563-573.

2.  Three Objectors, Gaona, Swift and Andrews, ignored a duly issued MDL 1735 District Court Order that they appear for deposition.  *See* Docket no. 448

3.  Two of the four Objectors, Swift and Andrews, did not appear for deposition despite being subject to a "follow up" Order *compelling* their attendance at deposition issued by their local United States District Court.  *See* Docket nos. 563- 573, 586 and 591.

4.  They misadvised at least one Objector because the deposition of Deborah Maddox establishes she was entirely misinformed as to the facts and law underlying her

---

[38] *Id.* at p. 12, lines 17-18
[39] *See* Attachment 1 at p. 29 lines 23 – 25 and p. 30 line 1. ("shouldn't be anything more than in $100 or $50 a day.)

objection to the fee award.  For example, she did not know how many experts counsel

retained, how much time counsel spent over the years, who paid the costs of the

litigation advancing the litigation, or the hourly rate or quality of the lawyers

involved.[41]  After consulting with her Professional Objector counsel(s), she also

understood that the employees where to only receive around $16 each,[42] while Class

Counsel was automatically entitled to $28 million dollars in fees.[43]

5.    Following this Court's finding that they did not comply with its March 8, 2010 order,

they did not purge themselves of contempt, instead acting only to seek a third

reconsideration.

In this context alone, the request to stay the Bond, avoid sanctions and/or supplement the

record with the affidavits relating to an alleged impossibility of performance should be rejected -

but there is more.

**C.    The Objectors Did Not Demonstrate Good Cause to Stay the Bond or Deny Sanctions Because They Have Failed to Rebut An Uncontroverted And Objective Pattern and Practice of Dilatory Conduct.**

In addition to the "concessions" and willful or knowing misconduct articulated above,

there is also no question that the Objectors and their Counsel have engaged in a pattern of

conduct that, at best, is reasonably defined as dilatory and not meeting the minimum required

level of professional competency expected at this level of litigation.  More likely, the effectively

obstructionist conduct was tactically carried out.  For example:

---

[40] The Plaintiffs have addressed that by breaking down the proof earlier offered.  *See* Attachment 2 - Supplemental Affidavit of John Ward Ph. D.

[41] *See* Docket no 472 at p. 35 lines 5-25 and p. 36 lines 1-7.

[42] *See* Docket no. 472 at p. 22 lines 6-25 and p. 23 at lines 1-8. See p. 24 lines 1-4. Payments to employees never going above $26.00.

[43] *See* Docket no 472 at p. 24 lines 16-25 and p. 25 lines 1-9.

1.  Each of the Objectors through their Counsel represented to this Court that they would appear at the fairness hearing to present their objections, yet all were "no shows."

2.  Following the November 2, 2009 hearing, the Objectors did not order the transcript.

3.  The Objectors did not participate in the November 20, 2009 hearing on attorneys' fees or submit any written comment for the hearing.

4.  Following the November 2, 2009 hearing, the Objectors did not order a copy of that transcript.

5.  Prior to lodging their Appeal they did not order copies of the transcripts of the Final Approval Hearing or the Second Hearing on Attorney Fees, Costs and Incentive Awards, or for that matter any of the many prior hearings;[44]

6.  The Objectors' brief failed to satisfy the requirements of Fed. R. App. P. Rules 10, 11 and 28(a) subparts (7), (9), and Ninth Cir. Rules 3.1, 28-2 subparts 5 and 8.

7.  The Objectors failed to satisfy their burden on appeal by:

    a.   not providing portions of the record necessary to evaluate the alleged errors by the District Court (Fed. R. App. P. Rule 10(b)(2) and 11(a));

    b.   not supporting their contentions with citations to the record;[45]

    c.   not stating the applicable standard of review for each appellate issue (Rule 28(a)(9)(B)); and

    d.   not citing apposite authority in support of their position.

8.  The Objectors failed to include (or reference) the transcript of the Final Approval hearing where the Court considered and overruled their Objections, and where the

---

[44] They cannot hold out that they were knowledgeable or appreciated or were in a position to pass judgment any of the factors relied upon or findings made by this Court in rendering its fee award.

issue of whether to grant attorneys' fees at the requested percentage was heard and decided in the appellate record.

9. After this Court ordered them to post the FRAP 7 Bond by March 29, 2010 they:

    a.   did not timely for reconsideration;

    b.    did not ask for a reduction;

    c.   did not post an amount they considered reasonable;

    d.   did not timely ask for a stay. [46]

10.      After the hearing on the Motion to Show Cause and the entry of a finding that they did not comply with this Courts March 8, 2010 Order.

11.      During the May 18, 2010 Show Cause hearing, the Objectors' counsels participated and demonstrated that they either did not meet the minimum related level of professional standards or were intentionally injecting delay into the proceedings through feigned incompetence or ignorance.[47]  For instance, at the May 18, 2010 hearing:

    a.   They admitted error;[48]

    b.   They did not know that the Court did not consider attorney interest in setting the award;[49]

---

[45] The Professional Objectors even failed to include the Objections filed by their clients Gaona and Maddox in the appellate record.

[46] Not a single Objector requested a stay of the district court's action pending the resolution of their appeal of the FRAP 7 Bond Order until a point where it reasonably should be considered untimely.  After the filing of their Opening Brief and following and the denial of their motion with the District Court to stay the May 18, 2010 hearing requiring the Objectors to appear and show cause why they should not be held in contempt for their failure to post the FRAP 7 Bond, the Objectors did file a request to stay the bond on May 14, 2010.  *See*  Docket no. 625 and again on May 21, 2010 in defiance of this Court's order.  *See* Docket no. 636.

[47] While Attorney Rasmussen does not have the background in objecting to class actions that Attorneys Bandas, Pentz, Cochran and Siegal hold out that they have, she clearly advised she consulted with Attorney Christopher Bandas, a Professional Objector with great experience and a mass of related published decisions behind him.

[48] *See* Attachment 1 at p. 10, line 25, to p. 11, lines 1-4.  *See also* id. at p. 30, lines 18-20, and p. 33, lines 17-22.

[49] *Id.* at p. 11, lines 17-18. Objected or that Class Counsels objected to the Court cons

c.  They incorrectly concluded that the Settlement funding was necessarily delayed by the finalization of the Home Office Class again evidencing they have not carefully read the Settlement Agreement and this Court's approval orders.  *See* Attachment 1 – Transcript of May 18, 2010 Show Cause Hearing at p. 15 lines 3-5 and p. 31 lines 16-24;[50]

d.  They incorrectly advanced that the obligation of insuring the Objectors timely complied with the Order requiring they post the Bond was with the Class.  *Id* at p. 28 lines 21-25 to p. 29 lines 1-5.  *See also* p. 30 lines 2-5; and

e.  They rely on a solution that is entirely comprised of fanciful notions that have no basis in the reality of the litigation or settlement in concluding that "the parties could easily amend that clause to permit claims to be paid" and that "there's no practical reason" to wait to see what the fees are before class distribution and presumably the delivery of enforceable injunctive relief.  *See* Attachment 1, at p. 32 lines 6-20, p. 32 lines 24 -25, and p. 33 lines 1-9.

12.  As of the date of this Motion, and despite this Court providing them with the opportunity to purge themselves of contempt, the Professional Objectors and/or their clients have not posted any amount with the district court in lieu of the ordered FRAP 7 bond amount.

---

[50] *See* Final Approval Order at Paragraph 4 (b) (2) "Preliminary approval of the Home Office Settlement Class shall not delay the entry of final judgment or the Settlement Effective Date as to the State Settlement Class, California State Settlement Class, or the FLSA opt-in class."  *See also* 4 (b)(4) "No objection by any member of the Home Office Settlement Class shall serve as a basis for obstructing, delaying, staying, or appealing this Final Order and Judgment with respect to the California State Settlement Class, the State Settlement Class, the FLSA opt-in class, or the payment of Attorneys' Fees and Costs for the aforementioned classes."

**D.    In the Context of this Action Delaying the Imposition of the FRAP 7 Bond Would Unjustly Result in Increased Litigation Costs, a Certain Waste of the Judicial and Resources, and Economic Loss to the Class.**

As described above, the Objectors have proceeded on appeal as though this Court never issued its order requiring them to post a bond that is designed to protect the interests of a certified class.  The Objectors have simply ignored the District Court's actions as they have done throughout these proceedings.  "A litigant cannot ignore an order setting an appeal bond without consequences to [their] appeal."[51]  In this case, the appropriate consequence is for this Court to dismiss the appeal.

On May 18, this Court found they did not comply with its March 8, 2010 Order to post an FRAP 7 bond but since that time they have done nothing to purge themselves of their contempt. In the meantime, the Class is losing interest daily and this unfair delay caused by the Objectors' appeal is also postponing the enforceable injunctive relief available to current Wal-Mart employees under the Settlement.[52]  Equally unjust is the fact that the class of hourly workers seeking immediate payment of a cash settlement in an action where class certification was denied are left with no practical or reasonable recourse that would serve to make them whole should the Objectors' appeal ultimately fail.

In lodging their objections, the Objectors ignore the positions of dozens of class representatives who supported the Settlement and the award of fees,[53] the fact that the other 3,177,702 million Class members did not object, and that Class members want the Settlement

---

[51] *In re Cardizem CD Antitrust Litig.*, 391 F.3d 812, 818 (6th Cir. 2004).

[52] Settlement § 8.12.4. That the Objector's conclude (without explanation or support) that the Injunctive Relief has no teeth is not in context surprising. They ignore the fact that the injunctive relief is part of the Settlement Agreement which was adopted by the Court during the fairness hearing and is part of its related Final Approval Order. Any breach may be enforced through a process similar to the one they seek to ignore here.

benefits now, not in two years.  After appealing without ordering the related they have evidently done little to nothing to learn the details that support the award of fees, master the terms of the Settlement, or understand the basis for the FRAP 7 Bond.[54]

None of the Objectors have offered any acceptable justification for not filing the required FRAP 7 Bond.  On top of the other unacceptable action that disrupted the orderly flow of the District Court,[55] the Objectors here have also acted in unison by permitting all reasonable deadlines relating to the reconsideration of the FRAP 7 bond to pass without action.  *See* Attachment 1, p. 12 lines 20-23.  The Objectors' conduct during this appeal mirrors their past history of disregard for the orders of this MDL 1735 Court and to those of their local district courts.

If the Objectors are not required to post the FRAP 7 bond, the Class will more likely than not needlessly suffer ascertainable economic loss because the Objectors can reasonably expected to continue their established wrongful patterns of conduct and act to avoid restoring to the class any economic loss they caused them to incur.  As to the delay in the start of the enforceable injunctive relief, the Class will suffer irreparable harm because only a time machine would allow the Class and the Court to go back in time and contemporaneously act *nunc pro tunc*.

As detailed above, the Objectors – none of whom reside in the jurisdiction of this court – have already willfully provided false addresses to the MDL 1735 District Court, have willfully violated MDL 1735 orders,[56] have willfully defied orders issued by their local United States

---

[53] *See* Docket nos. 432-435, Declaration of Nicole Vamosi in Support of Final Approval of Class Action Settlement.
[54] *See e.g.* Attachment 1 Transcript of May 18, 2010 Proceeding p. 12 lines 24-25 and p. 25 lines 1-2.
[55] From adding a needless, time sensitive, labor intensive, and costly layer of work during the critical pre-Final Approval briefing period which ultimately resulted in their denying the Class the opportunity to test both the basis of their objections and the facts they now seek to sneak in that support a late raised defense of impossibility to post a bond through to the Show Cause hearing and the present round of briefing the Objectors have introduced delay and increased costs and labor.
[56] Docket No. 542, Order by Pro allowing expedited discovery.

District Court – compelling them to honor MDL 1735 orders – and have failed to attend court hearings that they represented they would attend.[57]

Under the express terms of the Settlement, no funding occurs until 30 days after Final Judgment has been entered and all appeals have been exhausted.[58]

There is no credible argument that this Court cannot impose the bond it ordered and there is more than sufficient evidence in the record to support the Orders.[59] The Objectors filed Objections to the bond amount, claiming that the proposed bond included attorney fees under FRAP 38 and other impermissible costs[60] and stubbornly have maintain this position despite the fact they clearly were not. *Id*. *See also* Attachment 1, p. 24 lines 11-19.  The District Court did not accept or grant the full amount of the bonds requested by Class Counsels or the Defendant but instead reduced the amount as to each Objector.[61]  Objectors have proceeded on appeal as though no such order were ever entered.

On top of the other unacceptable action previously set forth that disrupted the orderly flow of the District Court, added a needless labor intensive, time sensitive and costly layer of work during the critical pre-Final Approval briefing period, and denied the Class the opportunity to test the objections, the Objectors here have also acted in unison by permitting filing deadlines to pass without action.  The Objectors' conduct on appeal mirrors their past history of disregard for the orders of the MDL District Court, as well as their local district courts.

---

[57] *See* Docket nos. 382, 383, 385, 387
[58] *See* Settlement Agreement, Docket no, 432, Declaration of Nicole Vamosi in Support of Final Approval, Attachment A.
[59] Docket nos. 541-546, Memorandum in Support of Plaintiffs' Motion for Appeal Bond for Objector Jessica Gaona and supporting documents; Docket nos. 563-573, Memorandum in Support of Plaintiffs' Motion for Appeal Bond for Objector Stephanie Swift and supporting documents; Docket nos. 586-591, Memorandum in Support of Plaintiffs' Motion for Appeal Bond for Objector Fatima Andrews and supporting documents; Docket nos. 549-554, Memorandum in Support of Plaintiffs' Motion for Appeal Bond for Objector Deborah Maddox and supporting documents.
[60] Docket no. 556

The Objections made to the District Court in the Objectors' opposition to the proposed bond addressed only the inclusion of attorney fees in the calculation of the bond amount, which they contended was inappropriate based on *Azizian*.[62]   However, the District Court did not include attorney fees in the FRAP 7 Bond Order, rendering Objectors' arguments without merit.[63]   Counsel for Swift and Andrews also objected to the administration and court costs pending the appeal.   Their counsel, however, provided no authority to support their argument that such costs were not contemplated under FRAP 39.

In *Azizian*, the appellant made repeated attacks on the amount of the bond at the district court, moved for a reduction of the bond amount, and moved to stay the appeal pending that motion.[64]   The District Court subsequently denied those motions.[65]   The Ninth Circuit recognized the appellant's substantial efforts in that case, in deciding not to dismiss her appeal for failure to post the required FRAP 7 bond.[66]   In sharp contrast, the Objectors' lack of substantial effort here favors dismissal for failing to comply with FRAP 7.

The Second Circuit's reasoning in *In re Cardizem CD Antitrust Litigation*, upon which Ninth Circuit Court of Appeals relied in *Azizian,* is instructive.[67]   In *In re Cardizem* the objector was ordered to post an appeal bond of $174,429 which was comprised of $1,000 in filing and brief preparation costs, $123,429 in incremental administration costs and $50,000 in projected attorney fees.[68]   In deciding to dismiss the appeal, the *Cardizem* court noted that the objector's

---

[61] Docket no. 613.
[62] Docket no. 556.
[63] Docket no. 613.
[64] *Azizian* 499 F.3d. at 955.
[65] *Id*.
[66] *Id*. at 961.
[67] *In re Cardizem CD Antitrust Litigation*, 391 F.3d 812 (6th Cir. 2004).
[68] *In re Cardizem* 391 F.3d at 818.

appeal "lacked merit" and that the practical effect of her appeal was simply to increase the costs of litigation and delay disbursement of the settlement funds to the class.[69]  The *Cardizem* court found that such factors favored the imposition of an FRAP 7 bond – and dismissed the objector's appeal for failure to post it.[70] This case is similar.

In the context of this Motion to Dismiss, the Objectors' appeals are devoid of merit. Second, the Objectors' have failed to either explain their failure to post the FRAP 7 bond – or to post a lesser amount that they claim is not in dispute without taking the other steps available to them that would, from the perspective of the class members desirous of receiving the benefits of the settlement, be considered fair, just, procedurally interactive, and non obstructionist.  Finally, the practical impact of Objectors' actions is to delay payment to injured class members, and to delay the availability of the injunctive relief to current employees.  As in *Cardizem* these factors weigh heavily in favor of dismissing the Objector's appeal for failure to post the ordered FRAP 7 bond.[71]

## VI. – CONCLUSION

All the Objectors have failed to post the FRAP 7 bond required by the District Court or to take other reasonable steps as part of an established pattern that is unfair and unjust from the perspective of the class who under the express terms of the Settlement are deprived of both the present benefits and the interest accruing while the case is on appeal.  The effect of Objector's appeal is a delay in the distribution of monetary and injunctive relief to class members. Objectors failed to seek a reduction of the amount of the Bond, support why it that relief would be just or necessary under the circumstances, seek a stay of this appeal pending their challenge to

---

[69] *Id.*
[70] *Id.*
[71] *In re Cardizem* 391 F.3d at 818.

the FRAP 7 bond, or attempt to post an amount that they contend represents the uncontested portion of the FRAP 7 bond imposed.  Therefore, under the facts and in the context of the instant action, the Objectors' appeals should not be stayed and a monetary sanction should be imposed.

WHEREFORE, the Plaintiff class, by and through their Co-Lead Counsel of record, Robert J. Bonsignore on behalf of the Class, prays to this Honorable Court for an Order denying the requested stays, imposing a fine against the Objectors Counsel and their Clients in the amount of $50,938 as well as a continuing daily assessment of $695.87 and for such other and further relief as this Court deems just and proper under the circumstances.

Signed this 24th day of May 2010,


/s/ Robert J. Bonsignore
Robert J. Bonsignore, Esq.
(Massachusetts Bar No. 547880)
Bonsignore & Brewer
23 Forest Street
Medford, MA  02155
Phone:  (781) 350-0000
Fax:  (781) 391-9496
rbonsignore@class-actions.us
*Plaintiffs' Co-Lead Counsel*


### CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of May, 2010, the foregoing ***Memorandum in Opposition to Motion to Stay FRAP 7 Bond*** was electronically filed and was served on all counsel involved in this action via the Court's electronic filing system.


/s/ Robert J. Bonsignore
Robert J. Bonsignore