IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

|  |  |  |
|---|---|---|
| In re Wal-Mart Wage and Hour Employment Practices Litigation | ) ) ) ) ) | MDL 1735 2:06-CV-0225-PMP-PAL |

**JOINT MOTION FOR RECONSIDERATION OF ORDER OF SANCTIONS, OR, IN THE ALTERNATIVE, MOTION TO STAY SANCTIONS ORDER**

Objectors-Appellants Stephanie Swift, Fatima Andrews, Deborah Maddox and Jessica Gaona ("Appellants") hereby move pursuant to FRCP 60(b) for reconsideration of this Court's May 25, 2010 Order that each of the Appellants and their counsel pay the amount of $10,000 to the Plaintiffs' Settlement Fund, in light of the Court of Appeals' June 3, 2010 Order staying the appeal bond and citing to the case of *Vaughn v. Am. Honda Motor Co.*, 507 F.3d 295 (5th Cir. 2007). *See* Copy of Order attached hereto as *Exhibit A*.

Chief Judge Kozinski's citation to *Vaughn* makes it clear that the Ninth Circuit will follow the Fifth Circuit in its holding that a district court may not use Rule 7 as a surrogate for a Rule 8 *supersedeas* bond.

> The settlement agreement makes no provision for the payment of pre-judgment interest on the benefits Honda has agreed to pay, and the settlement does not become effective, by its terms, until any appeals are concluded.  The parties to the settlement thus agreed that the financial time-value of the benefits to be paid under the settlement is not to be awarded to the plaintiffs.  To the extent that the district court found that interest should be secured as part of "costs," it was in error...

*Id*. at 299.

The Settlement in this case is identical to the one in *Vaughn* in all material respects: the effective date does not occur until all appeals are concluded, and Class Counsel negotiated no provision for the payment of pre-judgment interest by Wal-Mart.

Therefore, pursuant to *Vaughn* as adopted by Judge Kozinski, interest accrued pending appeal may not be included in a Rule 7 cost bond.

In light of this Court's statements during the May 18, 2010 show cause hearing, it is now clear that the $500,000 cost bonds imposed by this Court are not for attorney's fees or anticipated FRAP 38 sanctions, but are instead *supersedeas* bonds for lost interest during the appeals. Accordingly, the appeal bonds are in violation of federal jurisprudence, and will almost certainly be reversed on appeal.

It is also clear from this Court's May 25, 2010 order that the sanctions imposed are intended to serve the same purpose as the bond – *i.e.*, to reimburse the Settlement Fund for the interest lost during the 45 days when the Appellants were not in compliance with the bond order. Because the bond order itself is *ultra vires*, the sanctions order enforcing it is likewise improper and should be reversed or vacated.

Furthermore, the sanctions order is also premised on a clearly erroneous factual finding. This Court, relying on Class Counsel's reckless and outrageous allegations, found that the appellants made a "prior demand of $800,000 to cease their appeals." This finding is directly contrary to the evidence submitted and erroneous on at least three different levels.

First, the Affidavit of Robert Mills in which the figure of $800,000 is referenced states that his conversation with mediator David Jones occurred on October 14, 2009, a week before this Court held the fairness hearing on the settlement and Class Counsel's fee request, and six weeks before any appeals were filed. *See* Mills Declaration attached hereto as *Exhibit B*. Therefore, even assuming that Mr. Jones spoke for the Appellants,

which he did not, the Appellants could not have made a demand to cease their appeals in October 2009, because those appeals did not then exist.

Second, Mr. Jones' conversation with Mr. Mills was for the purpose of obtaining Mr. Mills' agreement to abide by the confidentiality provisions that Mr. Bonsignore had already agreed to by signing a Mediation Engagement Letter.  Mr. Jones specifically testified in his affidavit (previously filed with the Court of Appeals and attached hereto as *Exhibit C*) that he did not speak on Appellants' behalf or anyone's behalf but his own when he spoke with Mr. Mills on October 14, 2009.

Third, any settlement demand made prior to October 19, 2009 could have resulted in amendments to the settlement agreement that would have benefited the class, as evidenced by Class Counsel's agreement to amend the settlement to create the Home Office subclass, which was reached with other objectors at or around the same time that Jones' telephone conversation with Mills took place.  There is absolutely no basis for Mr. Mills' "information and belief" allegation that the Appellants sought no changes to the settlement or attorney's fee request.  Appellants clearly sought, and still seek, a reduction in the amount of Class Counsel's attorney's fees, which would result in a direct and equal corresponding benefit to the class.  Given that any settlement of the objections in October 2009 would have had to have been approved by this Court, *see* FRCP 23(e)(5), the allegation that the Appellants sought an $800,000 payment to themselves and no corresponding benefit to the class is simply not credible.

In the alternative, should this Court deny the Motion for Reconsideration, Appellants move for a stay of the sanctions orders pending their appeal from the March 8, 2010 appeal bond Order, which the Court of Appeals stated in its June 3, 2010 Order will

proceed as scheduled. Appellants' opening brief in that appeal is due on June 17, 2010, and Appellants anticipate that their appeal from this Court's sanctions order will likely be consolidated with that appeal. Because the rationale for the sanctions order is identical to the rationale for the appeal bond, *i.e.*, interest accrued on class settlement benefits, the sanctions order is likely to stand or fall with the appeal bonds, and therefore there is no reason not to stay the sanctions orders as well.

WHEREFORE, Objector-Appellants Stephanie Swift, Fatima Andrews, Deborah Maddox, and Jessica Gaona request that this Court VACATE its April 25, 2010 sanctions order, or, in the alternative, stay the April 25, 2010 sanctions order pending the outcome of the bond appeal.

Stephanie Swift,
Fatima Andrews,
Deborah Maddox,
Jessica Gaona,
By their attorneys,


*/s/ John J. Pentz*
John J. Pentz, Esq.
2 Clock Tower Place, Suite 440
Maynard, MA  01754
Phone: (978) 461-1548
Fax: (978) 405-5161
Clasaxn@earthlink.net

*/s/ Edward W. Cochran*
Edward W. Cochran, Esq.
2003 Marchmont Road
Shaker Heights, OH 44122
Phone: (216) 751-5546
Fax: (216) 751-6630
edwardcochran@wowway.com

>*/s/ Edward F. Siegel*
>Edward F. Siegel
>27600 Chagrin Blvd. #340
>Cleveland Ohio 44122
>Phone:(216) 831-3424
>Fax:    (216) 831-6584
>efsiegel@efs-law.com
>
>*/s/ Christopher A. Bandas*
>Christopher A. Bandas, Esq.
>500 N. Shoreline Blvd.
>Corpus Christi, TX 78471
>Phone: (361) 698-5200
>CBandas@BandasLawFirm.com
>
>/s/ *Lisa A. Rasmussen, Esq.*
>Law Office of Lisa Rasmussen, Esq.
>616 South 8th Street
>Las Vegas, NV 89101
>Phone: (702) 471-6565
>Fax: (702) 471-6540
>Lisa@LRasmussenLaw.com

**CERTIFICATE OF SERVICE**

    The undersigned certifies that on June 7, 2010 he filed a true copy of the foregoing document by the ECF filing system which resulted in an electronic notice of the filing of this document on all counsel of record.

>*/s/ John J. Pentz*
>John J. Pentz