Robert J. Bonsignore (BBO # 547880)
BONSIGNORE & BREWER
23 Forest Street
Medford, MA 02155
Telephone: (781) 350-0000
Facsimile: (781) 391-9496
Email: rbonsignore@class-actions.us
Co-Lead Counsel for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| IN RE WAL-MART WAGE AND HOUR EMPLOYMENT PRACTICE LITIGATION | **MDL 1735**<br><br>2:06-CV-00225-PMP-PAL<br>(BASE FILE) |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS EXCEPT KING v. WAL-MART STORES, INC., CASE NO. 07-1486-WY | |

**RESPONSE OF SETTLEMENT CLASS TO OBJECTORS JOINT REQUEST FOR RECONSIDERATION OF BOND ORDER, OPPOSITION TO OBJECTORS REQUEST FOR RELIEF, AND REQUEST FOR SANCTIONS**

1

*Response of Settlement Class to Objectors Joint Request for Reconsideration of Bond Order, Opposition to Objectors Request for Relief, and Request for Sanctions*

# I - INTRODUCTION

Now come the certified Settlement Class (hereafter the "Class") to oppose the relief requested by Objectors Fatima Andrews, Jessica Gaona, Deborah Maddox and Stephanie Swift (hereafter individually and collectively "Objectors"). The Objectors have requested that this Court reconsider its Bond Order further arguing that the sanctions imposed by this Court on May 25, 2010[1] (hereafter the "Sanctions Order") should be eliminated, or in the alternative stayed, pending resolution of the Objectors' appeal of this Court's March 8, 2010 Order imposing an FRAP 7 bond[2] (hereinafter the "FRAP 7 Order").

The Class instead requests this Honorable Court to enforce its prior Order on Sanctions and also to reconsider and then reissue a Bond Order in an amount being just, reasonable and lawful because the facts, reasoning and legal argument presented in support of the earlier bond request of the Class Counsel remain intact. *See* Docket nos. 541-546, 549-554, 566-573, 586-591.[3]

The decisive factor that the Class believes will ultimately compel this Court to grant them their requested relief is straightforward. The need to protect the Class has not changed.

---

[1] Docket no. 641, filed May 25, 2010.

[2] Docket no. 613, filed March 8, 2010.

[3] On December 18, 2009, Co-Lead Counsel Carolyn Beasley Burton of the Robert Mills Firm (hereafter "Mills/Beasley)" requested this Honorable Court order each Objector to post a bond on the grounds that the Objectors' appeal was frivolous. *See* Docket nos. 535-538. All other Class Counsel, but for Bayardo Counsel Carol LaPlant(Hereafter all Class Counsel but Robert Mills, Carolyn Beasley and Carol LaPlant are referred to as "Class Counsels"). Class Counsel not only quickly objected to the Mills/Beasley bond request (*See* Docket no. 561), they also specifically requested in their related filings that this Honorable Court *not* consider whether the Objector's appeal is frivolousness. *See* Docket nos. 541-546, 549-554, 566-573, 586-591.

*Response of Settlement Class to Objectors Joint Request for Reconsideration of Bond Order, Opposition to Objectors Request for Relief, and Request for Sanctions*

Additionally, the body of law establishing FRAP 7 bonds is intended to protect persons identical to this settlement class. It is the position of the Class that the Appellate Court order does not purge the mandatory duty of class counsel to protect the class or the discretionary duty of the District Court to insure the class is protected.

To the extent that any uncertainty exists as to the appropriateness of the individual considerations advanced, the body of law relating to the assessment of FRAP 7 must continue to evolve to address the assessment of bonds in the specific circumstances presented here. In the event that this District Court is uncertain whether it can properly assess its FRAP 7 bond on a individually requested basis, to the extent that this Court deems it acceptable Class Counsel request that the Court certify the issue for appeal with a request this issue be joined in current appellate briefing schedule because if necessary, this Class is entitled to a related appellate decision that will bring clarity and offer them the protection traditionally intended to be afforded through the issuance of the FRAP Rule 7 Bond.

The Objectors' appellate attack on this Court's order was limited in relevant scope. The Objectors concluded that this Court is prohibited from considering and including the interest the Class will lose during the time the Settlement is on appeal in assessing a bond. They failed, however, to provide a single case in support and in the face of contradictory authority. *See Knisely v. Network Associates Inc.* 312 F.3rd 1123 (9th Cir. 2002).

The language of the Appellate Court's decision imposing a stay on the imposition of the Bond was extremely narrow and zeroed in only on this District Court's finding that the appeal was frivolous. Plaintiffs took the time to support the interest lost on appeal with expert affidavits

3

*Response of Settlement Class to Objectors Joint Request for Reconsideration of Bond Order, Opposition to Objectors Request for Relief, and Request for Sanctions*

that establishes to the penny the loss that the class will incur while attorney fees are appealed.[4] Protecting the class from that certain loss of interest is fully supported and is ripe for decision in this litigation.

**II – PROCEDURAL HISTORY**

Competing requests for the assessment of a FRAP Rule 7 Bond were filed by Plaintiffs two Co-Lead Counsels.  On December 18, 2009, Co-Lead Counsel Carolyn Beasley Burton of the Robert Mills firm requested this Honorable Court order each Objector post a bond on the explicit basis that the Objectors' appeal was frivolous. . *See* Docket nos. 535-538.  On January 8, 2010, Co-Lead Counsel Robert Bonsignore, joined by Class Counsel, filed an Objection to the Beasley/Mills request on the basis that the Holding in *Azizian v. Federated Dept. Stores* expressly forbid the District Court from evaluating whether an appeal was "frivolous," reserving that review to the Ninth Circuit Court of Appeals Court. *Azizian v. Federated Dept. Stores*, 499 F.3d 950 (9th Cir. 2007).  On December 21 & 29, 2009, January 14, 2010, and February 10, 2010, Class Counsels filed requests for bonds specifically requesting this Court not consider the issue of frivolousness.  *See* Docket nos. 541-546, 549-554, 566-573, 586-591.  On June 3, 2010, a single justice of the Appeals Court issued an order saying the imposition of the bond because the District Court made a finding in its order that the appeal was frivolous.

**III – ARGUMENT**

**1.  OVERVIEW**

In its order granting the Objectors' request that the bonds imposed by this Court be stayed,

---

[4] In addition to an Economist that established the daily and compounding interest lost, Class Counsel offered the opinion of a Ninth Circuit appeal specialist who opined on the likely length of time the case will remain pending on appeal.

4

*Response of Settlement Class to Objectors Joint Request for Reconsideration of Bond Order, Opposition to Objectors Request for Relief, and Request for Sanctions*

the Appeals Court exclusively referenced a Fifth Circuit opinion *Vaughn v. Am. Honda Motor Co.*[5] The *Vaughn* Court based its finding that the FRAP 7 bond imposed in that case was excessive on two distinct factors.  The first factor was that the FRAP 7 bond amount included amounts for FRAP 38 sanctions – based on the district court's determination that the appeal was frivolous. The second factor was the Fifth Circuit's belief that the FRAP 7 bond was actually a surrogate for an FRAP 8 supersedeas bond. The Objectors assertion that only the FRAP 8 argument was actually relied upon by the Ninth Circuit Court of Appeals motion panel (hereafter "Motion Panel") is simply wrong.

While the Objectors concede that they now "know" that this Court did not include attorney fees or FRAP 38 sanctions[6] in the FRAP 7 Order, they incorrectly go on to conclude, without offering any supporting authority that interest on appeal is also impermissible in the Ninth Circuit.  The Class disagrees.  To prevent redundancy and to conserve this Court's resources, Class Counsel relies on their prior briefing and the fact the Ninth Circuit Court of Appeals did not include this opinion in its decision.

It is worth noting that the Objectors' argument devolves to a level where it is reasonably described as incomprehensible because the Objectors argue that this Court's FRAP 7 Order was "*Ultra Vires.*"  There is no evidence in the order or the record to support their position that the sanctions imposed by this Court were premised upon an "*Ultra Vires*" basis.

Finally, Objectors argue that this Court simply got its facts wrong because they did not attempt to extort payment from class counsel in order to stop delaying these proceedings.  In fact,

---

[5] *Vaughn v. Am. Honda Motor Co.*, 507 F.3d 295 (5th Cir. 2007).

[6] The Objectors have contended throughout these proceedings through to this filing and including the recent May 18, 2010 hearing on sanctions, that this Court included those items in its assessment of the FRAP 7 Bonds.

5

*Response of Settlement Class to Objectors Joint Request for Reconsideration of Bond Order, Opposition to Objectors Request for Relief, and Request for Sanctions*

it does not make any difference whether they did or not because Class Counsel did not raise that argument but did present a much more "compelling" set of facts to support the sanctions. *See* Docket nos. 592-598.

Finally, the Objectors ask that if this Court will not eliminate the sanctions imposed, in the alternative, it stay the sanctions pending resolution of their appeal of the FRAP 7 Order.

The Objectors' requests should be denied because they are unsupported by any legal authority, misstate the basis of this Court's Sanction Order, and lack what is required to support the offering a modification to the Sanctions Order.

**2 – THE OBJECTORS INTERPRETATION OF THE DECISION IN *VAUGHN* IS OVERBROAD AND INACCURATE**

The *Vaughn* court held that the FRAP 7 bond in that case represented both a supersedeas bond amount under FRAP 8 and amounts for attorney fees under FRAP 38 for a frivolous appeal. The *Vaughn* court, however, did not identify, distinguish or discuss which portions of the bond amount represented which components, reducing the requested bond to $1,000 based on an undisputed assertion that this represented the FRAP 39 costs on appeal. *Vaughn* is of no relevance here – as Objectors concede that the FRAP 7 Order is not based upon FRAP 38 sanctions, and no supersedeas bond was requested by Plaintiffs at any time.

There is no reasonable debate that the controlling precedent in the Ninth Circuit describing items that may be considered and included in a FRAP 7 bond is *Azizian v. Federated Department Stores, Inc.*[7] *Azzizian*, in turn relied upon the Sixth Circuit's analysis in *In re Cardizem CD Antitrust Litigation*[8]. Both *Azzizian* and *Cardizem* permitted the inclusion of security for

---

[7] *Azizian v. Federated Department Stores, Inc.*, 499 F.3d 950 (9th Cir. 2007).

[8] *In re Cardizem CD Antitrust Litigation*, 391 F.3d 812 (6th Cir. 2004).

6

*Response of Settlement Class to Objectors Joint Request for Reconsideration of Bond Order, Opposition to Objectors Request for Relief, and Request for Sanctions*

attorney fees and other permissible costs under the relevant fee-shifting provisions in the FRAP 7 bond.[9]  While both cases expressly held a District Court's determination that an appeal is 'frivolous' and related award of attorney fees under FRAP 38 was improper[10], the Objectors here now concede that the FRAP 7 Order is not premised upon an award of attorney sanctions or fees under FRAP 38.

**3 – OBJECTORS' REPRESENTATIONS AS TO THE COMPOSITION OF THE BOND ARE SPECULATIVE - AND CAN FAIRLY BE ADDRESSED BY THIS COURT**

The Objectors' attempt to inform this Court of its basis for setting the FRAP 7 bond amount is unaided by any language actually contained in the FRAP 7 Order.  However, even if their guesses were true, it would not support the Objectors' contentions regarding this Court's Sanctions Order.

Multiple counsels made these submissions, and they contained competing and often contradictory requests.  To prevent redundancy, the Class will not restate its requests and requested amounts and instead rely upon their earlier submissions to this Court.  *See* Docket nos. 535-538, 539, 541-546, 549-554, 566-573, 586-591.

**IV – OBJECTORS' CONTENTION THAT THE BOND - AND THEREFORE THE SANCTIONS FOR FAILING TO POST THE BOND - ARE '*ULTRA VIRES*' MISSTATES THE LAW AND RECORD IN THIS CASE**

The authority of a District Court to impose a bond pending appeal is well-settled, and is

---

[9] Neither decision supports the Objectors' interpretation that the Motion Judge based his decision on his belief that the FRAP 7 Order represented a 'supersedeas bond' - and was therefore proper only under FRAP 8 - not FRAP 7.

[10] An award of attorney fees for a frivolous appeal is under the exclusive jurisdiction of the Appeals Court and exclusively awardable under FRAP 38.

*Response of Settlement Class to Objectors Joint Request for Reconsideration of Bond Order, Opposition to Objectors Request for Relief, and Request for Sanctions*

contained in the plain language of FRAP 7.[11]  What constitutes the "costs on appeal" properly included in such a bond is established, at least in part by the Ninth Circuit in its decision in *Azzizian*.  To the extent Objectors' believe the FRAP 7 Order in this case represents a departure from *Azzizian*, they have studiously avoided detailing those departures with any references to the record – leaving an analysis of their position impossible.  Their request should this be denied and this Court should reissue an Order imposing Bonds without considering whether the appeal is frivolous.

Objectors contend that the FRAP 7 Order was '*Ultra Vires'* - a corporate law reference to actions of officers and/or directors that fall outside the powers granted them by the incorporation documents.[12]  The doctrine of *Ultra Vires* has no direct application to the actions of federal district judges through either Article III or the Judiciary Act of 1789.[13]  In suggesting that this Court somehow over-stepped its jurisdiction when it imposed the FRAP 7 Bond the Objectors failed to cite any authority.

This Court has the inherent authority to sanction the parties before it for their failure to abide by its dictates.[14]  This Court has an obligation to enforce its orders.  "It would be a disservice to the law if we were to depart from the long-standing rule that a contempt proceeding does not open to reconsideration the legal or factual basis of the order alleged to have been

---

[11] FRAP 7 states in full "In a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal. Rule 8(b) applies to a surety on a bond given under this rule."

[12] Black's Law Dictionary, 6th Edition, p. 1522 (West Publishing 1990).

[13] 28 U.S.C. § 1350 *et seq.*

[14] 28 U.S.C. § 1927.

8

*Response of Settlement Class to Objectors Joint Request for Reconsideration of Bond Order, Opposition to Objectors Request for Relief, and Request for Sanctions*

disobeyed and thus become a retrial of the original controversy. The procedure to enforce a court's order commanding or forbidding an act should not be so inconclusive as to foster experimentation with disobedience."[15] As set forth in Class Counsels' briefing in support of sanctions, that is exactly what happened here on a repeated basis. *See* Docket nos. 592-598. This Court should rightfully address that conduct.

Where an aggrieved party is of the opinion that this Court has taken an improper action, the proper response was to either request this Court reconsider its ruling, or failing that, appeal the decision to the Ninth Circuit. A litigant is not free - as Objectors did here - to ignore the Orders of this Court with which they disagree.[16] Since Objectors were sanctioned for ignoring this Court's FRAP 7 Order, after establishing a history of dilatory conduct and a remarkable track record of violated Court Orders, even if the Ninth Circuit determines that the FRAP 7 Order was improper – such action does not erase the Objectors' contempt.

The fact remains that the Objectors' did not ask this Court to reconsider its FRAP 7 Order or to stay it until after the deadline for compliance had passed. Objectors' conclusion that the Ninth Circuit's stay of the FRAP 7 Order somehow excuses their past contempt is simply wrong.

**5 – THE FACTUAL ERRORS ASSERTED BY OBJECTORS ARE NOT THE SOURCE OF THE SANCTIONS ORDERED**

Objectors next contend that the sanctions ordered in this Court's Sanctions Order derive from a 'mistaken' conclusion that Objectors' counsel sought an $800,000 pay-off to abandon their appeals. Objectors, however, ignore the plain language of the Sanctions Order – which found disingenuous their contention they didn't understand that they were supposed to post the

---

[15] *US v. Rylander*, 460 U.S. 752, 756-7 (1983) *quoting Maggio v. Zeitz*, 333 U.S. 56, 59 (1948).

[16] *Rylander*, 460 U.S. 752, 756-7.

9

bond or seek relief from the FRAP 7 Order.  This Court did say that Objectors' actions were "compounded by their prior demand of $800,000 to cease their appeals" - but it misrepresents the decision of this Court to assert that this rebuke standing alone resulted in the Sanctions Order.

**6– OBJECTORS REQUEST THAT THE SANCTIONS BE STAYED UNTIL THEIR APPEAL IS RESOLVED IS PREMISED ON THE SAME ARGUMENTS ASSERTED IN THEIR REQUEST THE SANCTIONS BE REMOVED**

Objectors' request, in the alternative, that the imposition of the sanctions be stayed until their appeal of the FRAP 7 Order is completed.  The Objectors argue that all of the sanctions should be stayed presuming that: 1) the only basis for the sanctions was the 'improper' FRAP 7 Order; and 2) they will win on appeal.  However, it is not the ultimate correctness of this Court's determination of the FRAP 7 Bond that is controlling.  It is the Objectors' willful disregard of this Court's Orders and history of dilatory conduct in this litigation.  As such, their argument fails.

Moreover, the Objectors' arguments in this respect are simply that - arguments.  Nowhere do they cite to any authority in support.  Objectors' absolute lack of analysis or supporting legal authority for their positions imposed a substantial burden on Plaintiffs - who must continue to first decipher the often cryptic positions of Objectors and then fashion a response that properly addresses the legal arguments in opposition.  The Objectors' failure to provide any relevant authority upon which they rely represents an absence of diligent inquiry – and is a continuing abuse of these proceedings.

**VII – CONCLUSION**

Objectors' predictions regarding the Ninth Circuits' likely decision in their yet to be submitted appeal - and their divinations regarding the basis for the motion judge's order staying

*Response of Settlement Class to Objectors Joint Request for Reconsideration of Bond Order, Opposition to Objectors Request for Relief, and Request for Sanctions*

imposition of this Court's FRAP 7 Order - provide an insufficient basis upon which to conclude that Objectors' conduct in ignoring this Court's FRAP 7 Order was not properly sanctionable at the time based upon their conduct in this litigation.  Objectors' contentions that their conduct cannot be governed by this Court in the event the Ninth Circuit finds the determination of the FRAP 7 Order amount erroneous also misstates the law because it ignores a District Court's inherent authority to control the conduct of litigants before it.  Objectors request that the sanctions be withdrawn, or alternatively stayed pending their appeal of the FRAP 7 Order should be denied.

For the reasons set forth in the Request for the Assessment of a Bond filed by Class Counsel, this Court should reconsider the submissions, not consider whether the appeal is frivolous and reissue an order requiring each objector to post a bond.

June 15, 2010               s/ Robert J. Bonsignore
                                     Robert J. Bonsignore (BBO # 547880)
                                     BONSIGNORE & BREWER
                                     23 Forest Street
                                     Medford, MA 02155
                                     Telephone: (781) 350-0000
                                     Facsimile (781 391-9496
                                     rbonsignore@class-actions.us

11

*Response of Settlement Class to Objectors Joint Request for Reconsideration of Bond Order, Opposition to Objectors Request for Relief, and Request for Sanctions*

## CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2010, a copy of the foregoing ***RESPONSE OF SETTLEMENT CLASS TO OBJECTORS JOINT REQUEST FOR RECONSIDERATION OF BOND ORDER, OPPOSITION TO OBJECTORS REQUEST FOR RELIEF, AND REQUEST FOR SANCTIONS*** was filed electronically [and served by mail on anyone unable to accept electronic filing].  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing]. Parties may access this filing through the Court's system.

/s/ Robert J. Bonsignore
Robert J. Bonsignore

12

*Response of Settlement Class to Objectors Joint Request for Reconsideration of Bond Order, Opposition to Objectors Request for Relief, and Request for Sanctions*