UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| **IN RE: WAL-MART WAGE AND HOUR EMPLOYMENT PRACTICES LITIGATION** | **MDL 1735**<br><br>**Docket No.** 2:06-CV-00225-PMP-PAL (BASE FILE) |
| **THIS DOCUMENT RELATES TO ALL CASES EXCEPT KING v. WAL-MART STORES, INC., CASE NO. 07-1486-WY** | |

**CO-LEAD COUNSEL CAROLYN BEASLEY BURTON'S OPPOSITION TO OBJECTORS' JOINT MOTION FOR RECONSIDERATION OF ORDER OF SANCTIONS, OR, IN THE ALTERNATIVE, MOTION TO STAY SANCTIONS ORDER**

The Objectors' Motion is meritless, both procedurally and substantively.  Neither the requested reconsideration nor a stay of the sanctions imposed in the Order of May 25, 2010 (Dkt No. 641) is warranted, and denial of both reconsideration and a stay is well within the Court's discretion.[1]

Procedurally, there are no grounds for reconsideration.  The Motion is not based on new material facts, clear error, or changes in the law since the time of the original order, thus reconsideration should be denied.  *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *Rischer v. Banlavoura I, Inc.*, 2010 WL 1552830, 1 (9th Cir. 2010).  Substantively, the Motion improperly attempts to conflate the Order to post an appeal bond with the Order that each Objector and their respective counsel pay sanctions of $10,000 for ignoring the bond Order.  In this regard, the Objectors mischaracterize the sanctions as "enforcing" the bond Order.  Motion, p. 2.  The Objectors mistakenly assert, "the rationale for the sanctions order is identical to the rationale for the appeal bond, *i.e.,* interest accrued on class settlement benefits…" Motion, p. 4.  But this basic premise is incorrect.  The Court imposed sanctions for the Objectors' admitted non-compliance with a Court Order and related law.

Indeed, the Objectors continue to ignore the powers of a federal court to enforce its orders unless relief is granted under Fed. R. App. P. Rule 8 ("Rule 8"), and to impose sanctions on those who ignore its orders.  *See* Local Rule IA 4.1 ("The court may, after notice and an opportunity to be heard, impose any and all appropriate sanctions on an attorney…who, without just cause, …(d) fails to comply with any order of this court.")  The Objectors admittedly ignored the Order of March 8, 2010 (Dkt No. 613) that required the Objectors to post appeal

---

[1] Co-Lead Counsel Burton was not consulted about the Opposition filed by Co-Lead Counsel Bonsignore (Dkt No. 654).  Ms. Burton does not concur with Mr. Bonsignore's characterizations of the Court's findings and orders, or her briefing, nor does she support any of the extraordinary requests for relief made in Mr. Bonsignore's Opposition.

bonds by March 29, 2010, or seek appropriate relief from the same, and were unable to present any excusable justification for failing to do so.

The gravamen of the Objectors' motion for reconsideration is that the Court clearly erred in issuing the bond order, and therefore, presumably, they should not be faulted for their non-compliance with that order. In support of this argument, the Objectors rehash their arguments pertaining to the merits of the bond, and suggest that in granting the stay, the Court of Appeals agreed with their substantive arguments. The Objectors are mistaken.

Although the Court of Appeals stayed the Order to post an appeal bond, the stay of the bond Order had nothing whatsoever to do with the Court's issuance of sanctions.[2] Moreover, even if the Court of Appeals subsequently reduces the bond, such a ruling would have no bearing upon this Court's ruling of May 25, 2010, imposing reasonable sanctions for the Objectors' admitted failure to comply with an operative Court Order.

**I.   THE SANCTIONS ARE APPROPRIATE**

On May 7, 2010, the Court set a Show Cause Hearing for May 18, 2010 for the professional objector attorneys to explain why they should not be sanctioned for ignoring the bond Order of March 8, 2010. The Objectors admittedly made no attempt either to comply with the bond Order or request any form of relief prior to the compliance date of March 29, 2010. It was only after the Show Cause Hearing had been set that on May 13, 2010, forty-five days after the compliance date, that the Objectors filed an untimely request to stay the bond Order. (Dkt No. 625.)

---

[2] Indeed, the Court of Appeals has yet to receive any briefing on the bond appeal, hear oral argument, or issue a ruling on that appeal, although the Objectors misleadingly suggest otherwise.

3
**CO-LEAD COUNSEL CAROLYN BEASLEY BURTON'S OPPOSITION TO
OBJECTORS' JOINT MOTION FOR RECONSIDERATION OR STAY OF SANCTIONS**

The Objector attorneys appeared at the Show Cause Hearing on May 18, 2010, but could not offer any "just cause" for ignoring the bond Order and failing to seek relief pursuant to Rule 8.  The Objectors also conceded that a fine of $100 per day would be reasonable under the circumstances.

Thereafter, on May 25, 2010, the Court ordered sanctions after finding that the Objectors' argument that they misunderstood the law with regard to their obligations to either comply with the Court's Order or seek relief "rings hollow."  Indeed, it is difficult to believe that these professional objectors, who have a documented history of appealing numerous class action settlements, would not know the requirements of both civil and appellate procedure, or understand their obligation to comply with such rules.  Even accepting that the Objectors were ignorant of the law, however, this is not a valid defense in a contempt proceeding for failure to comply with an order of the District Court.  "It does not matter what the intent of the appellants was when they disobeyed the court's order.  Moreover, the contempt need not be willful." *In re Crystal Palace Gambling Hall, Inc.*, 817 F.2d 1361, 1365.  (Citations omitted.)

The Court also found that the contemptuous conduct of the Objectors was "compounded by their prior demand of $800,000 to cease their appeals."  The Objectors now argue, belatedly, that this finding was "clearly erroneous" because the demand for payment was made after their objections were filed and pending before the District Court but before their appeals were filed.  This argument is pure semantics, and clearly has no bearing on their non-compliance with the bond Order.

The *modus operandi* of these professional objectors is to indiscriminately file meritless canned objections to class action settlements in order to have a procedural basis to appeal the final approval order.  They then use the threat of a lengthy appeal to extract payment from class

4
**CO-LEAD COUNSEL CAROLYN BEASLEY BURTON'S OPPOSITION TO
OBJECTORS' JOINT MOTION FOR RECONSIDERATION OR STAY OF SANCTIONS**

counsel. As the Court is well aware, and as Wal-Mart's national counsel confirmed during the Show Cause Hearing, these professional objector attorneys filed similar, frivolous objections in eight of the recent Wal-Mart settlements, only to disappear when they received payment. Thus, even if this untimely evidence and argument were considered, it does nothing to undermine this Court's factual findings, which are amply supported by an extensive evidentiary record.

## II. RECONSIDERATION IS NOT WARRANTED

The Objectors contend that they should not be required to pay the sanctions ordered by the Court because the Court clearly erred in issuing the original bond Order, as purportedly evidenced by the appellate court's stay of that bond Order. This argument fails for numerous reasons.

First, and most significantly, the Objectors are not free to ignore a court order merely because they disagree with the ruling. Here, the Court imposed sanctions based upon the Objectors' failure to comply with the bond Order or to take any of the steps necessary under Rule 8 to seek relief from that Order. It is undisputed that the Objectors ignored the bond Order and were in violation of it for at least 50 days. It is also undisputed that the Objectors failed to take any remedial measures, such as attempting to pay the portion of the bond that they did not challenge, or otherwise seek a reduction, as did the plaintiffs in *Azizian v. Federated Dept Stores, Inc.,* 499 F.3d 950, 962 (9th Cir. 2007). It was therefore reasonable for the Court to sanction them for these failures to take necessary action.

Second, the Ninth Circuit Court of Appeals stayed only the posting of the bond. It did not stay the sanctions. Plaintiffs expressly briefed this issue to the Court of Appeals, and requested that the Court not stay or otherwise interfere with this Court's ability to enforce its Orders. In its ruling dated June 3, 2010 (Dkt No. 643), the Court of Appeals limited the stay to

5

the bond order, stating "payment of the assessed appellate bond is stayed pending this appeal." The sanctions Order therefore remains fully operative. The sanctions should have been paid promptly after the May 25, 2010 Order was issued. There is no legitimate reason or excuse for the Objectors' continued non-compliance with the sanctions Order.

There is likewise no merit or relevance to the Objectors' assumption that the Ninth Circuit's Order granting their request for a stay is tantamount to a reversal of the bond Order.[3] Even in the unlikely event that the Objectors' expansive interpretation of the Ninth Circuit's Order as tacitly signaling that costs of delay will henceforth be barred from appeal bonds, proves to be correct, there is nothing in the Stay Order that excuses the Objectors' contemptuous conduct toward this Court, or relieves them of liability for the resulting sanctions.

Third, there is no support for the Objectors' assertion that the sanctions were intended to represent "interest accrued on class settlement benefits." Motion, p. 4. There is certainly no indication that accrued interest was considered by the Court in issuing the Order of May 25, 2010 imposing the sanctions.[4] The sanction of $200 per day is clearly a nominal figure, unrelated to any delay costs and reflecting only the Objectors' lack of a justifiable excuse for their contempt, and is far less than the litigation costs incurred by Plaintiffs in ensuring the Objectors' compliance with the law.

---

[3] The Objectors' optimism that the appellate court's general citation of *Vaughn v. Am. Honda Motor Co.*, 507 F.3d 295 (5th Cir. 2007) portends a reversal of the bond Order is mere speculation. The appellate court's oblique reference to *Vaughn* does not mean that the Objectors will prevail on their bond appeal or that the law in the Ninth Circuit will be revised to adopt the rulings in *Vaughn*.

[4] In his separately filed opposition to the Objectors' motion for this Court to stay the bond Order, Mr. Bonsignore requested sanctions consisting of a "daily fine of $695.87…for the average amount of interest lost daily" from the delay in obtaining the settlement funds. (Dkt No. 639, p. 3.) The Court obviously did not award the daily fine requested by Mr. Bonsignore.

Indeed, as the Objectors pointed out in their briefing, it is undisputed that the funding of the settlement was delayed in part by the implementation of the Home Office Class Settlement, thus there would be no reason to sanction the Objectors for that delay. Even if the Objectors are correct that the Court of Appeals will eventually rule that the costs of delay should not have been included in the bond, such ruling would have no bearing on these sanctions.[5]

Fourth, the Objectors' introduction of new evidence, in the form of David Jones' Affidavit, is both inappropriate and irrelevant. In that Affidavit, Mr. Jones purports to be a Texas attorney/mediator who performed a mediation in this case. That supposed mediation, however, has never previously been disclosed by the Objectors in any of their briefing.[6] While such a mediation may be news to Co-Lead Burton, and this Court, this fact has admittedly been well known to the Objectors since last fall, which knowledge predates the parties' briefing, and the Court's rulings the bond and sanctions issues. The Mills Declaration is dated January 13, 2010, and has been used in this litigation since that date without any rebuttal.

For purposes of a motion to reconsider, "[e]vidence is not new when the facts on which it is based had been in the moving party's possession since the start of the litigation." *Rischer v. Banlavoura I, Inc*., *supra*, 2010 WL at 1, citing *Coastal Transfer Co. v. Toyota Motor Sales,* 833

---

[5] The Objectors also wrongly contend that the sanctions were awarded to "enforce" the bond that was subsequently stayed. Ms. Burton's opposition to the motion for this Court to stay the bond Order requested both a nominal sanction of between $100 and $1000 per day for the Objectors' past misconduct, and $1000 per day to enforce future compliance with the bond Order. (Dkt No. 640, p. 7.) The Court imposed a nominal sanction for past misconduct but did not impose a sanction for future misconduct, thus sanctions were not imposed to enforce compliance.

[6] Mr. Bonsignore did not notify Co-Lead Counsel Burton that he attended a mediation with the Objectors or that he signed a confidentiality agreement concerning negotiations with the Objectors. If indeed he did so, it was without the knowledge or consent of Co-Lead Burton. Notwithstanding any such agreement, however, the demand for $800,000 was made to Mr. Mills, who was not a participant in the alleged mediation or a signatory to any purported confidentiality agreement.

7
**CO-LEAD COUNSEL CAROLYN BEASLEY BURTON'S OPPOSITION TO
OBJECTORS' JOINT MOTION FOR RECONSIDERATION OR STAY OF SANCTIONS**

F.2d 208, 210 (9th Cir.1987).  See also *Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir.2000) (a motion for reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.") (Emphasis in original.); *School Dist. No. 1J, Multnomah County, Or., supra,*  5 F.3d at 1263 ("The overwhelming weight of authority is that the failure to file documents in an original motion or opposition does not turn the late filed documents into 'newly discovered evidence.'"), citing *Waltman v. International Paper Co.,* 875 F.2d 468, 473-74 (5th Cir.1989).  The Objectors are therefore precluded from bringing this information to the Court's attention at this late date, after the Court ruled on the bond motions on March 8, 2010, and then issued sanctions on May 25, 2010 after conducting a hearing on the matter.

   Significantly, the Jones Affidavit, even if considered by the Court, merely quibbles with insignificant details of the Mills Declaration, and does not dispute the salient point that a demand for $800,000 was made to prevent the Objectors from holding up the settlement.[7]  Thus, even if the ambiguous Jones Affidavit were otherwise admissible at this late stage, it is irrelevant to whether the Objectors should be sanctioned for their contempt, and does nothing to undermine the reasons for issuing the bond Order.  Whether Mr. Bonsignore participated in a mediation with the Objectors last fall is irrelevant to whether the Objectors communicated an inappropriate offer to Co-Lead Counsel Burton's office outside of any purported mediation to which she was never a party.  It is undisputed that Ms. Burton and her colleague Mr. Mills did not attend any mediation with the Objectors, at any time, nor did Ms. Burton or Mr. Mills sign any

---

[7] Although Mr. Mills states in his Declaration that he did not initiate any conversation with Mr. Jones, but instead responded to a phone call from Mr. Jones, this disagreement is irrelevant to the fundamental point, that being that the Objectors sought payment in exchange for their threat to delay this proceeding by filing appeals.

8
**CO-LEAD COUNSEL CAROLYN BEASLEY BURTON'S OPPOSITION TO
OBJECTORS' JOINT MOTION FOR RECONSIDERATION OR STAY OF SANCTIONS**

confidentiality agreement, or ever agree to keep the Objectors' attempts at extortion concealed from this Court. Thus, demands made upon Ms. Burton or Mr. Mills by the Objectors are not protected by any privileges.

### III. THERE IS NO REASON TO STAY THE SANCTIONS ORDER

The Objectors' request for stay of the sanction Order should likewise be denied. The sole basis for this request, like their request for reconsideration, is that the bond Order was erroneous, and will likely be modified or reversed on appeal. This argument, again, is based upon the Objectors' mistaken belief that the amount of the sanctions reflects accrued interest. It does not.

Rather, the Court imposed a reasonable daily sanction against the Objectors for their misconduct, an amount within the nominal range of $100 to $1000 requested by Co-Lead Burton at the hearing and in her briefing, which request *did not* reflect or take into account accrued interest. The Court did not base the sanction upon the accrued interest requested by Mr. Bonsignore in his briefing ($695.87 per day, Dkt No. 639, p. 3), an amount that far exceeds the nominal amount of the sanction issued. Thus, there is no reason to grant the requested stay.

### IV. CONCLUSION

The professional Objectors were sanctioned for ignoring the bond Order. They failed to seek a stay until they were 45 days past the compliance date. At the Show Cause Hearing they were unable to offer any cognizable justification for their dilatory conduct, nor did they dispute that they demanded $800,000 to forego their frivolous appeals. The sanctions ordered were appropriate and well justified. In their present Motion, the Objectors advance no new material evidence, or point to any clear error, change in law or manifest injustice to support reconsideration or a stay of the sanctions Order. For all these reasons, their Motion should be

denied and they should be cautioned that further sanctions may be imposed if they do not pay the present sanctions without further delay.

Dated: June 16, 2010                                         Respectfully submitted,

                                                                                                               /s/ *Carolyn Beasley Burton*
Carolyn Beasley Burton
THE MILLS LAW FIRM
880 Las Gallinas Avenue, Suite 2
San Rafael, CA 94903