UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| IN RE: WAL-MART WAGE AND HOUR EMPLOYMENT PRACTICES LITIGATION.<br><br>ALL RELATED CASES. | MDL 1735<br><br>2:06-CV-00225-PMP-PAL<br><br><u>ORDER AND JUDGMENT</u> |

This matter is before the Court on the Motion by the Home Office Settlement Class for Final Approval of Settlement Award of Incentive Payment and Attorneys' Fees and Expenses ("Home Office Settlement Final Approval Motion").

WHEREAS, on November 2, 2009, the District Court entered an Order ("the November 2, 2009, Order") granting final approval to and entering final judgment with respect to a settlement in <u>In re: Wal-Mart Wage & Hour Employment Practices Litigation</u>, Case No. 2:06-cv-00225-PMP-PAL as described in the November 2, 2009, Order and

WHEREAS, the November 2, 2009, Order additionally ordered conditional certification for settlement purposes of a Home Office Settlement Class and granted preliminary approval to a settlement covering the Home Office Settlement Class; and

WHEREAS, the November 2, 2009, Order further directed that all members of the Home Office Settlement Class be given notice of the Home Office Settlement and of the date for the final approval hearing for the Home Office Settlement; and

WHEREAS, all terms, findings, judgments, and decrees in the November 2, 2009, Order and the Court's rulings on May 7, 2010 and May 18, 2010 pertaining to the Home Office Settlement are incorporated herein by reference; and

WHEREAS, the Court has received the Declaration of Amanda J. Myette, given on behalf of the Claims Administrator, Rust Consulting, Inc., attesting to the mailing and publication of the Notice in the Home Office Settlement Class in substantial accordance with the November 2, 2009 Order; and

WHEREAS, there were no timely filed objections to the Home Office Settlement; and

WHEREAS, the Court having conducted a final approval hearing for the Home Office Settlement on May 7, 2010 (the "Home Office Settlement Final Approval hearing"), and having considered the arguments presented in all of the papers and during the Home Office Settlement Final Approval Hearing on May 7, 2010, and at the hearing on October 19, 2009, and at all other hearings held in this action;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. The Court has jurisdiction over the subject matter of this action, all members of the Home Office Settlement Class, the Home Office Class Representative, and all Defendants.

2. In accordance with Rule 23 of the Federal Rules of Civil Procedure, the FLSA, including, without limitation, 29 U.S.C. §§206, 207(a), 211(c), 215, and 216(b), the Class Action Fairness Act ("CAFA") and the requirements of due process, all members of the Home Office Settlement Class have been given proper and adequate notice of the Home Office Settlement. In addition, federal and state officials have received notice of the Home Office Settlement pursuant to the requirements of CAFA. Based upon the evidence submitted by the Parties, the Agreement, the November 2, 2009, Order, the arguments of counsel, and all the files, records and proceedings in this case, the Court finds that the Notice and notice methodology implemented pursuant to the November 2, 2009, Order: (a) constituted the best practicable notice under the circumstances; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise members of the Home Office Settlement Class of the pendency of the litigation, their

- 2 -

right to object to the Home Office Settlement, and their right to appear at the Home Office Settlement Final Approval Hearing; (c) were reasonable and constituted due, adequate and sufficient notice to all persons entitled to notice; and (d) met all applicable requirements of the Federal Rules of Civil Procedures, the FLSA, CAFA and any other applicable law.

3. Based upon the evidence submitted by the Parties, including the declarations of experts, the Settlement Agreement, the arguments of counsel, and all the files, records and proceedings in this case, the Court further finds that the Home Office Settlement warrants final approval pursuant tot Rule 23 of the Federal Rules of Civil Procedures and the FLSA because it is fair, adequate, and reasonable to those it affects, and resulted form vigorously contested litigation, including extensive discovery, motion practice, and good-faith arm's length negotiations between the parties, and is in the public interest. I have previously articulated my opinions and findings after having considered the following factors and incorporate them by reference:

(a) the strength of the plaintiffs' case;

(b) the risk, expense, complexity and likely duration of further litigation;

(c) the risk of maintaining class action status throughout the trial;

(d) the amount offered in settlement;

(e) the extent of discovery completed, and the state of the proceedings;

(f) the experience and views of counsel;

(g) the presence of a governmental participant; and

(h) the reaction of the class members to the proposed settlement.

After having carefully considered each of these factors and finding they weigh clearly in favor of approving the settlement, the Court finds that this Settlement is fair and just and provides substantial benefits to the class members through both economic and injunctive relief. Torrisi v.

Tucson Elec. Power Co., 8 F.3d 1370, 1375 (9th Cir. 1993); Officers for Justice v. Civil Serv. Comm'n of the City & County of San Francisco, 688 F.2d 615, 625 (9th Cir. 1982).  This Settlement may be presumed to be fair, because settlements that follow sufficient discovery and genuine arm's length negotiation are presumed fair.  Hanlon v. Chrysler Corp., 150 F.3d 1011, 1026 (9th Cir. 1998).

      4.      The Home Office Settlement Final Approval Motion is hereby GRANTED, and the Home Office Settlement is hereby APPROVED as fair, reasonable, adequate, and in the public interest.  The Parties are directed to consummate the Agreement as it relates to the Home Office Settlement in accordance with the terms of the Agreement and the November 2, 2009, Order.

      5.      The Court finally certifies the Home Office Settlement Class for settlement purposes in accordance with the terms and conditions of the November 2, 2009, Order and the Agreement.

      6.      The Court APPROVES payment to the Home Office Settlement Class members who submitted an Approved Claim in accordance with the terms of the November 2, 2009, Order and the Agreement.

      7.      The Court APPROVES payment of a Class Representative Compensation Award to Clifford Ferguson in the amount of $10,000.

      8.      The Court approves an award of Attorneys' Fees and Expenses to Class Counsel for the Home Office Settlement Class of $100,000 to be paid from the award of attorneys' fees authorized by this Court's November 2, 2009, Order and November 20, 2009, Order~~s~~.  In accordance with the proceedings on May 7, 2010 and May 18, 2010, the Court further refers any challenges by Plaintiffs' counsel as to the amount of the Attorneys' Fees and Expenses awarded to Class Counsel for the Home Office Settlement Class to Judge Layn R. Phillips.

9. Approved claims by members of the Home Office Settlement Class, the Class Representative Compensation Award to Clifford Ferguson and Home Office Settlement Class Attorneys' Fees and Expenses shall be distributed in accordance with the terms of the Agreement, and any further orders of this Court.

10. The claims brought on behalf of the Home Office Settlement Class, are DISMISSED WITH PREJUDICE pursuant to the terms of the Agreement and without costs to any Party, other than as specified in the Agreement and this Order.

11. In consideration of the Class Settlement Amount, and for other good and valuable consideration, all members of the Home Office Settlement Class other than those who have submitted timely and valid exclusion letters ("Home Office Settlement Class Releasing Class Members") shall, by operation of this Judgment, have fully, finally, and forever released, relinquished, and discharged all Home Office Settlement Class Released Claims against Wal-Mart in accordance with Section 10.2 of the Agreement, including, but not limited to, any and all claims arising from alleged:  (i) off-the-clock work (including lock-in claims), which includes claims relating to the non-payment or late payment of wages because work was performed off the clock and any record keeping violations that are a result of work being performed off the clock and, therefore, not being records; (ii) meal periods that were not provided or meal periods that were interrupted; (iii) rest breaks that were not provided or rest breaks that were interrupted; (iv) inaccurate creation, retention, and preservation of time records; (v) the alteration of time records and hours worked without proper authorization, including claims relating to one (1) and two (2) minute shifts, inserted breaks and time editing; (vi) claims that Wal-Mart failed to pay overtime hours or other wages, including claims related to how overtime is calculated, as a result of any of the claims covered by the Release contained in Section 10.2 of the Agreement; (vii) claims for failure to pay wages on termination or late payment of wages on termination or

otherwise; (viii) claims for contribution to any Wal-Mart profit-sharing or other employee benefit plan as a result of any of the claims covered by the Release contained in Section 10.2 of the Agreement; and (ix) claims that Wal-Mart failed to comply with the minimum wage and overtime obligations imposed by the FLSA as a result of any of the claims covered by the Release contained in Section 10.2 of the Agreement.  In addition, the Home Office Settlement Class Releasing Class Members shall have covenanted not to sue Wal-Mart with respect to all such Home Office Settlement Class Released Claims, and shall be permanently barred and enjoined from instituting, commencing, prosecuting or asserting any such Home Office Settlement Class Released Claim against Wal-Mart.

12.   In addition, all members of the Home Office Settlement Class who have submitted an Approved Claim Form shall be deemed to have opted into and consented to join this action in accordance with the FLSA.

13.   This Judgment is the Final Judgment in the suit as to all Home Office Settlement Class Released Claims.

14.   The Claims Administrator is hereby ordered to file within thirty (30) days of entry of this Judgment a verified list of the names and addresses of each person who has submitted a valid request for exclusion from either the Home Office Settlement Class.

15.   In the event that the Settlement Effective Date does not occur, this Judgment shall be rendered null and void and shall be vacated, nunc pro tunc, except insofar as expressly provided to the contrary in the Agreement, and without prejudice to the status quo ante rights of Plaintiffs, members of the Home Office Settlement Class, and Wal-Mart.

16. This Court finds there is no just reason for delay and expressly directs Judgment and immediate entry by the Clerk of the Court.

DATED this 2nd day of July, 2010.

_____
PHILIP M. PRO, U.S. DISTRICT JUDGE