UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| IN RE: WAL-MART WAGE AND HOUR EMPLOYMENT PRACTICES LITIGATION. <br><br> AND ALL RELATED CASES. | MDL 1735 <br><br> 2:06-CV-00225-PMP-PAL <br><br> O R D E R |

Presently before the Court is the Notice of Allocation Order and Request for Court Order Instructing Claims Administrator to Release Payment of Attorneys' Fees to Plaintiffs' Class Counsels (Doc. #722), filed on January 26, 2011. Carolyn Beasley Burton and Robert W. Mills of the Mills Law Firm, and Carol P. LaPlant filed an Opposition (Doc. #725) on January 27, 2011. Robert Bonsignore filed a Reply (Doc. #730) on January 30, 2011. Robert Bonsignore also filed a motion to strike the Opposition (Doc. #731), and an ex parte motion to file the arbitrator's award under seal (Doc. #732), on January 31, 2011. Carolyn Beasley Burton, Robert Mills, and Carol LaPlant filed an opposition to the motion to strike (Doc. #733) on February 17, 2011. Robert Bonsignore filed a reply (Doc. #734) on February 28, 2011. Robert Bonsignore also filed a motion for a hearing on the above filings (Doc. #735) on March 11, 2011.

The Court will deny the Notice of Allocation Order and Request for Court Order Instructing Claims Administrator to Release Payment of Attorneys' Fees to Plaintiffs' Class Counsels ("Notice") to the extent it requests an immediate distribution of attorneys' fees from the Qualified Settlement Fund ("QSF") pursuant to the arbitration award. Such an immediate release of funds would violate the Settlement Agreement. Section 8.12.2 of the

Settlement Agreement provides:

> No funds transferred to the QSF for purposes of Attorneys' Fees and Costs shall be transferred out of the QSF until the Court has approved an allocation plan to be submitted by Class Counsel with respect to the allocation of the Attorneys' Fees and Costs awarded by the Court. Absent any appeal by Class Counsel in accordance with Section 15.2, the QSF shall release such funds in accordance with such allocation plan within ten (10) days after the Settlement Effective Date or within ten (10) days after the date upon which the time to appeal the Court's approval of such allocation plan has expired, whichever is later. If Class Counsel takes an appeal in accordance with Section 15.2, the QSF shall not transfer any funds for purposes of paying Attorneys' Fees and Costs until such appeal is fully and finally resolved such that all further rights of appeal have been exhausted.

Section 15.2 provides:

> In the event that the Court does not approve the Attorneys' Fees and Costs in the amount requested by Class Counsel, or in the event that the Attorneys' Fees and Costs requested by Class Counsel is reduced, that finding shall not be a basis for rendering any unrelated section of Settlement null, void, or unenforceable. Class Counsel retain their right to appeal any decision by the Court regarding the Attorneys' Fees and Costs and such appeal shall not be deemed an appeal of the Settlement. The merits and substance of the Settlement shall be approved by the court separately and independently of the court's decisions regarding Class Counsel's application for Attorneys' Fees and Costs.

Finally, Section 22.9 provides:

> Class counsel agree on behalf of themselves, their clients, and all Class Counsel to submit any disputes concerning fees (including, but not limited to, disputes concerning the fee allocation to any Class Counsel as recommended by Co-Lead Counsel, and disputes between Co-Lead Counsel regarding the determination of appropriate fee allocations) to binding, non-appealable arbitration to the Honorable Layn Phillips within fourteen (14) days of the fee allocations set forth by and/or recommended by Co-Lead Counsel. Unless otherwise ordered by Judge Phillips, the (Class Counsel) parties to any fee dispute will split the cost of the arbitration and each party to any such dispute will bear its own attorneys' fees and expenses.

Pursuant to Section 8.12.2, the QSF administrator is not permitted to release any funds until the Court, not the arbitrator, approves an allocation plan. The Court has not done so yet, and consequently no funds may be distributed at this time. Section 8.12.2 specifically refers to releasing funds in the QSF "within ten (10) days after the date upon which the time to

2

appeal the Court's approval of such allocation plan has expired . . . ." Section 8.12.2 thus refers to the possibility that Class Counsel may appeal the Court's approval of an allocation plan. Section 15.2 provides that Class Counsel retain the right to appeal "any" decision by the Court regarding attorneys' fees and costs. Under the Settlement Agreement, any distribution therefore cannot occur until the Court approves an allocation plan, and the time for appeal either runs out or any appeal filed is completed.

Although the Court will not grant immediate distribution of the funds based on the Notice, the Court will treat the Notice as a motion to confirm the arbitration award issued by the arbitrator in January 2011. The Notice was not denominated as a motion to confirm the award, and made no reference to the Federal Arbitration Act ("FAA"). Nevertheless, co-lead class counsel Robert Bonsignore ("Bonsignore") now requests the Court to treat the Notice as a motion to confirm the award. The Court therefore will order any party opposing confirmation of the award to file an opposition no later than April 11, 2011. Such opposition must include any grounds for vacating the award under FAA §§ 10-11.[1] Any party supporting confirmation of the award must file a reply no later than April

---

[1] Although Section 22.9 of the Settlement Agreement refers to "binding, non-appealable arbitration," courts have interpreted similar language to mean that the merits are not subject to court review, but that parties do not give up their right to appeal the arbitrator's decision for any of the reasons set forth in FAA §§ 10-11, such as fraud, corruption, or partiality of the arbitrator. See Dean v. Sullivan, 118 F.3d 1170, 1171 (7th Cir. 1997) ("That the arbitration was final and binding does not mean that federal courts will enforce the decision in every case."); Tabas v. Tabas, 47 F.3d 1280, 1288 (3d Cir. 1995); Aerojet-General Corp. v. Am. Arbitration Ass'n, 478 F.2d 248, 252 (9th Cir. 1973) ("Ordinary language to the effect that the decisions of the arbitrator shall be 'final and binding' has been held not to preclude some judicial review."); Goodall-Sanford, Inc. v. United Textile Workers, 233 F.2d 104 (1st Cir. 1956) (stating that "[f]inality is a mirage if relied upon to preclude any judicial review of an arbitration award" (quotation omitted)); Team Scandia, Inc. v. Greco, 6 F. Supp. 2d 795, 798 (S.D. Ind. 1998) (stating that "an agreement to a 'final,' 'binding,' and 'non-appealable arbitration award does not prohibit appeals based upon the arbitrator's abuse of authority or bias"). Courts take this stance largely because it is "presumed that the parties intended to relinquish their right to appeal the merits of the dispute, not their right to appeal an arbitration award that resulted from the arbitrator's abuse of authority or bias." Team Scandia, Inc., 6 F. Supp. 2d at 798.

26, 2011.

Although the Court has not approved an allocation plan for attorneys' fees, the Court previously approved an allocation plan for costs on December 16, 2009 (Doc. #533), which no one has appealed. The Court therefore directs that the QSF administrator that it may distribute funds consistent with the allocation plan for costs as set forth in the Court's December 16, 2009 Order (Doc. #533) allocating costs to class counsel.

The Court will deny Bonsignore's motion to strike the opposition to the Notice, and his motion for a hearing. The Court also will deny Bonsignore's motion to file the arbitrator's award under seal. See <u>Kamakana v. City & County of Honolulu</u>, 447 F.3d 1172, 1178-79 (9th Cir. 2006) ("A party seeking to seal a judicial record . . . must articulate[ ] compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." (quotation and internal citations omitted)).

IT IS THEREFORE ORDERED that the Notice of Allocation Order and Request for Court Order Instructing Claims Administrator to Release Payment of Attorneys' Fees to Plaintiffs' Class Counsels (Doc. #722) is hereby DENIED to the extent it seeks an immediate distribution of funds from the Qualified Settlement Fund.

IT IS FURTHER ORDERED that the Court will treat the Notice of Allocation Order and Request for Court Order Instructing Claims Administrator to Release Payment of Attorneys' Fees to Plaintiffs' Class Counsels (Doc. #722) as a motion to confirm the arbitration award.

IT IS FURTHER ORDERED that any oppositions to confirmation of the arbitration award must be filed no later than April 11, 2011.

IT IS FURTHER ORDERED that any replies in support of confirmation of the arbitration award must be filed no later than April 26, 2011.

///

4

1    IT IS FURTHER ORDERED that Motion to Strike the Opposition to Motion for
2 Allocation and Suggestions in Support (Doc. #731) is hereby DENIED.
3    IT IS FURTHER ORDERED that Ex Parte Motion to File Under Seal, for <u>In
4 Camera</u> Review, Notice of Opinion and Order Issued by Honorable Layn R. Phillips (Doc.
5 #732) is hereby DENIED.
6    IT IS FURTHER ORDERED that Motion for Hearing (Doc. #735) is hereby
7 DENIED.
8
9 DATED: March 14, 2011
10
11 _____
     PHILIP M. PRO
12   United States District Judge