UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| IN RE: WAL-MART WAGE AND HOUR EMPLOYMENT PRACTICES LITIGATION | **MDL 1735**<br><br>Docket No. 2:06-CV-00225-PMP-PAL (BASE FILE) |
| THIS DOCUMENT RELATES TO ALL CASES EXCEPT KING v. WAL-MART STORES, INC., CASE NO. 07-1486-WY | |

**OPPOSITION TO MOTION TO STRIKE**

Co-Lead Counsel Carolyn Burton, Robert Mills and Liaison Counsel Carol P. LaPlant (the "Moving Parties") oppose the motion (Dkt No. 786) brought by Co-Lead Counsel Robert Bonsignore and his allied Class Counsel to strike or, alternatively, allow further response to the Moving Parties' Reply in Support of Motion to Vacate the Arbitrator's Ruling and in Opposition to Confirmation (Dkt No. 782) (hereinafter "Motion to Strike").  There are no grounds either to strike the Moving Parties' Reply or to allow further briefing on this matter, the latter request appears to have been mooted by Bonsignore's filings of May 9 -11, 2011 (Dkt Nos. 784, 789-796).

After the Arbitrator issued a fee allocation award on January 10, 2011, Bonsignore filed a Notice of Allocation Order and Request for Court Order, on January 26, 2011, requesting that the attorneys' fees be paid forthwith to individual counsel pursuant to the Arbitrator's award (Dkt No. 722).  Mr. Bonsignore, however, did not file any motion requesting that the Court confirm that award. The Moving Parties promptly filed an opposition on January 27, 2011, and gave notice that they intended to file a Motion to vacate the award within the time allowed by the Federal Arbitration Act ("FAA").  (Dkt No. 725.)  Bonsignore filed a Reply on January 30, 2011.  (Dkt No. 730.)

On March 14, 2011, the Court issued an Order holding that both the FAA and the Settlement Agreement require the Court to approve the fee allocation plan before funds can be distributed.  (Dkt No. 736.)  The Court thereafter elected to treat Bonsignore's Notice of Allocation Order and Request for Court Order (Dkt No. 722) and his Reply (Dkt No. 730) as a motion for confirmation of the arbitration award.  The Court ordered that any opposition to confirmation be filed by April 11, 2011, with replies due on April 26, 2011.  The Court further directed that any opposition to confirmation "must include any grounds for vacating the award under FAA §§ 10-11."  (Dkt. No. 722).

On April 11, 2011, the Moving Parties filed an opposition to Bonsignore's Notice of Allocation, which the Court thereafter treated as a Motion for Confirmation, and also moved the Court

to vacate the arbitration award.  (Dkt No. 737.)  In this motion, the Moving Parties set forth the grounds for vacatur under FAA § 10, and further argued that this Court should make its own independent allocation as required by applicable law and precedent concerning the allocation of fees in class actions and the Settlement Agreement.  Bonsignore and his allies filed a voluminous response, well over two thousand pages in length.  (Dkt Nos. 747-751, 753-755, 757-780.)  The Court docketed a response date of May 6, 2011 to most of these filings by Bonsignore and his allies.  (See, e.g., Dkt Nos. 751-751, 753-755, 757-765, 768.)  The Moving Parties timely filed their Reply on May 6, 2011.  (Dkt No. 782.)

  Bonsignore then filed his present Motion to Strike, which motion was followed by the filing of hundreds of additional pages of materials, on May 9 through May 11, 2011, by Bonsignore and several local counsel.  (Dkt Nos. 783, 789-796.)  Although these additional materials are labeled "errata," they contain newly proffered argument and assertions.

  The Motion to Strike should be denied, as there are no legal grounds, and none asserted, to strike the Moving Parties' Reply.  The Moving Parties properly filed their combined Motion to Vacate and Opposition to Confirmation on the date set by the Court and within the time allowed by FAA § 12.  The Motion to Vacate necessarily dealt with different legal and factual issues than those implicated by Bonsignore's Notice of Allocation and Reply (Dkt Nos. 722 and 730), and concerned the fairness of the arbitration and the conduct of the Arbitrator.  Bonsignore and his allies responded with thousands of pages of argument and evidence, most of which was newly introduced.   These filings were specifically intended to oppose the motion to vacate, and some were captioned as such, *e.g.,* Dkt No. 755.  Due process and rules of procedure provide that the Moving Parties be allowed to file a reply in support of their Motion to Vacate, particularly since they bore the burden of proof on their motion, and

had no other opportunity to respond to the newly raised arguments.  The Court set a response date of May 6, 2011, and the Moving Parties timely filed their Reply on that date.

There are also no grounds to allow further briefing on this matter.  Bonsignore and his allies have had ample opportunity to address the issues raised by the Moving Parties, and have filed thousands of pages in response, including hundreds of pages that were filed outside of the deadlines set forth by this Court.  Indeed, Bonsignore and other local counsel continue to file materials after the Moving Parties filed their Reply, thereby effectively mooting his request for leave to file additional materials.  The issue of whether the arbitration award should be confirmed has been pending since January, and has been fully briefed.  The parallel but separate issue of whether the award should be vacated has also been fully briefed.  Both motions are thus ripe for hearing.

For all these reasons, the Moving Parties respectfully request that the Court deny Bonsignore's Motion to Strike, put an end to the briefing, and schedule a hearing on the combined motions to vacate and confirm the arbitration, at the Court's convenience.  The Moving Parties hereby notify the Court that they are not available between May 23 and June 7 due to prescheduled vacation plans, and respectfully request that the Court set the hearing before or after that date.

Dated: May 12, 2011                             Respectfully submitted,

/s/ *Carolyn Beasley Burton*
Carolyn Beasley Burton
THE MILLS LAW FIRM
880 Las Gallinas Avenue, Suite 2
San Rafael, CA 94903


*/s/ Carol P. LaPlant*
Plaintiffs' Liaison Counsel