Paul C. EchoHawk (Idaho State Bar #5802)
EchoHawk Law Offices
505 Pershing Avenue, Suite 100
P.O. Box 6119
Pocatello, Idaho 83205-6119
Telephone: (208) 478-1624
Facsimile: (208) 478-1670
paul@echohawk.com

*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| IN RE:  WAL-MART WAGE AND HOUR EMPLOYMENT PRACTICES LITIGATION | MDL 1735 |
| | Case No. 2:06-CV-00225-PMP-PAL (BASE FILE) |
| THIS DOCUMENT RELATES TO: | |
| ALL ACTIONS | **DECLARATION OF PAUL C. ECHOHAWK IN SUPPORT OF PRESERVATION OF ARBITRATOR JUDGE LAYN PHILLIPS' FEE ALLOCATION AWARDED** |

I, Paul C. EchoHawk, under oath declare and state as follows:

1.      I am duly licensed to practice law in Idaho and Utah.

2.      I am counsel of record in MDL 1735 and Case Number CIV-05-424-E-EJL (Idaho)

and I make this declaration in support of the preservation of the Court-appointed Arbitrator, The

Honorable Layn R. Phillips' Fee Allocation Award.

3.      I am the lead counsel of record in MDL 1735 - *Reginald Paul Jackson, et al v. Wal-*

*Mart Stores Inc., et al*, Docket No:  CIV-05-424-E-EJL.  I represented Idaho Plaintiffs, including

Reginald Jackson, Phil Ankenman, Danny Christy, and Bryan Trenkle.

4.      I have reviewed the Notice of Motion and Motion by Carolyn Beasley Burton,

Robert Mills, and Carol P. LaPlant, to Vacate the Arbitrator's Ruling and in Opposition to Motion

for Confirmation of the Ruling and Memorandum of Law in Support thereof (Beasley, et al.

Motion) filed on April 11, 2011 (Dkt #737) and refute Movants' approach to downplay local

counsel's role in the litigation, and movants' efforts to deny local counsel the reasonable fee amount awarded by the Court-appointed Arbitrator.

5.     In 2005, I was contacted by Co-Lead Counsel Robert Bonsignore with regard to wage and hour allegations against Wal-Mart.  My staff and I investigated the related claims as well as the underlying legal theories, statutory and common law authority for the State of Idaho, and consulted at length with Co-Lead Counsel Bonsignore. We worked together to refine the causes of action and to select those that would most likely prevail at trial.  I researched and reviewed both the substantive law and procedural law, and consulted with Idaho Plaintiffs about the same.

6.     From the onset of my involvement in the case, my staff and I conferred with Co-Lead Counsel Bonsignore on a regular basis and had countless discussions with Co-Lead Counsel Bonsignore about what actions would be in the best interest of my clients and the class.

7.     As local counsel, I had a duty to my clients to stay informed and involved in the prosecution of MDL 1735.   To fulfill my duty I reviewed numerous emails and other correspondence items and participated in frequent telephone conferences to stay apprised of the status and strategy of MDL 1735.  It was in the best interest of my client to be involved and responsive.

8.     My staff and I reviewed the case pleadings, correspondence, legal memos, participated in discovery, and researched legal issues as directed.

9.     I attended the settlement and fee approval hearing in Las Vegas in October 2009, and maintained communication with Co-Lead Counsel Bonsignore throughout every phase of the litigation.

10.     I feel that throughout the litigation there were many actions taken by Co-lead Counsel Beasley-Burton that were unnecessary, which unreasonably delayed the progress of the litigation, and consumed my time and attention without advancing the case.

DECLARATION OF PAUL C. ECHOHAWK IN SUPPORT OF PRESERVATION OF
ARBITRATOR JUDGE LAYN PHILLIPS' FEE ALLOCATION AWARDED - 2

11.     I was one of the few local counsels to appear in the appeal filed in the United States Court of Appeals, Ninth Circuit case *Nancy Hall, et al v. Wal-Mart Stores, Inc*, Docket No. 08-80101.

12.     As local counsel, I had a duty to my clients to stay informed and my staff and I devoted several hours to keeping my clients apprised of the progress of the case.   Many of my hours and tasks completed were unbilled and not included in my time records unbilled.

13.     My staff and I have worked on this case since 2005 and participated in every stage of the litigation including research, preparing and filing complaint, discovery, briefing, appeals, settlement negotiations, arbitration, and now this appeal.  I am confident that my lodestar amount is reasonable and that Judge Phillips' fee allocation award was appropriate.

14.     My lodestar submissions submitted throughout the litigation speak for themselves and were in not in any way inflated as Movants suggest.  In fact, there were many hours devoted to discovery review, conferences with clients, and review of email communication, and preparation of affidavits and exhibits defending our lodestar submissions that went unbilled in this case, not to mention all of the time that we now have to devote to reviewing and responding to Movants' appeal of the Arbitrator's ruling that will also go unclaimed and could go towards other cases.

15.     Movants did not object to the appointment of Judge Layn R. Phillips as arbitrator and agreed to a binding and non-appealable arbitration of the fee allocation.  Movants have already agreed that EchoHawk Law Offices' lodestar submissions were reasonable.  I feel that Movants' continuous efforts to stall and delay the resolution of this case grow tiresome and extremely costly to my firm.  I feel like the Idaho Plaintiffs interests would have been protected more efficiently and without as much delay if Movants' delay tactics had not been part of the case.

16.     I have a small firm in Idaho where a substantial portion of my firm's financial and human resources were devoted to this litigation.  Because of the resources devoted to this litigation

my firm was unable to take other profitable cases and had to decline representation of other clients. Unfortunately, my firm's valuable time continues to be wasted on Movants' most recent appeal, and at present to the detriment of my firm.

17.    Throughout my involvement in this case, I received little communication directly from Beasley-Burton, Mills, or LaPlant, which solidifies my position that Judge Phillips' fee allocation award was appropriate.

18.    I do not have a fee-sharing agreement with the Movants or Co-Lead Counsel Bonsignore relative to the distribution of fees in MDL 1735 or any co-counseling arrangements in any other MDL proceedings.

19.    I declare under penalty of perjury of the laws of the State of Idaho that the foregoing is true and correct.

Dated this _____ day of April, 2011.


/s/ Paul C. EchoHawk
Paul C. EchoHawk
Attorney for Idaho Plaintiffs


H:\WDOX\CLIENTS\0432\0001\00040888.DOC

DECLARATION OF PAUL C. ECHOHAWK IN SUPPORT OF PRESERVATION OF
ARBITRATOR JUDGE LAYN PHILLIPS' FEE ALLOCATION AWARDED - 4