**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA**

| | |
|---|---|
| **IN RE: WAL-MART WAGE AND HOUR EMPLOYMENT PRACTICES LITIGATION** | **MDL 1735** |
| | **Docket No**. 2:06-CV-00225-PMP-PAL (BASE FILE) |
| **THIS DOCUMENT RELATES TO ALL CASES EXCEPT KING v. WAL-MART STORES, INC., CASE NO. 07-1486-WY** | |

**OPPOSITION TO MOTION OF KEVIN POLLINS TO REOPEN CASE**

**I.     INTRODUCTION**

On August 29, 2011, Class Member Kevin Pollins filed a Motion to Reopen MDL 1735 (Dkt No. 804) because, he asserts, his "discrimination and equal pay claim was mistakenly ignored." On May 18, 2011, this Court received a letter from Pollins (Dkt No. 799) requesting to refile his claim, again, because his "discrimination and equal pay claim was ignored" and complaining that the payment he received was insufficient.

According to Amanda J. Myette of Rust Consulting, Inc., the claims administrator for the MDL 1735 settlement, Pollins submitted a claim and was mailed a payment pursuant to the claims calculations mandated by the Settlement Agreement.  Affidavit of Amanda J. Myette at ¶ 3.  However, Pollins

complained to Rust Consulting that he should have been paid an additional amount due to his discrimination claim. *Id.* at ¶ 4.

Although ancillary post-settlement proceedings continue,[1] this Court entered final approval of the settlement and terminated the case on November 2, 2009. (Dkt No. 491.) Multiple appeals were taken by objectors and these appeals were terminated when this Court's order of final approval was summarily affirmed in the Ninth Circuit. *Swift v. Sam's West, Inc.*, Case No. 09-17682 (9th Cir. Aug. 8, 2010) and companion cases: *Gaona v. Sam's West Inc.*, Case No. 09-17648, and *Maddox v. Sam's West, Inc.*, Case No. 09-17683.

Pollins has not provided any legal or factual basis for reopening the settlement. This case concerned Plaintiffs' claim that they had not been properly paid for all hours worked, and did not involve any allegations of discrimination. The settlement likewise did not compensate Plaintiffs for any claims of discrimination and, in fact, expressly provided that discrimination claims would not be included in the agreement. Thus, Pollins could only pursue whatever discrimination claims he has against Wal-Mart in a separate proceeding.

## II.     LAW AND ARGUMENT

Although captioned as a motion to reopen the case, Pollins' motion might be more properly captioned as a motion for relief from judgment pursuant to Fed. R. Civ. P. Rule 60(b).[2] Rule 60(b) states:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal

---

[1] The only motion requiring resolution in MDL 1735, other than the present motion, is the pending motion to vacate the arbitrator's fee allocation ruling (Dkt Nos. 737, 782).

[2] Because this matter was settled rather than resolved through trial, Fed. R. Civ. P. Rule 59, New Trial; Altering or Amending a Judgment, would not apply. Further, any motion under Rule 59 must be made within 28 days after the entry of judgment. Fed. R. Civ. P. Rule 59(b), (e).

representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Motions for relief from judgment "under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. Rule 60(c).  "Motions for relief from judgment pursuant to Rule 60(b) are addressed to the sound discretion of the district court and will not be reversed absent an abuse of discretion." *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1257 (9th Cir. 2004) citing *SEC v. Coldicutt*, 258 F.3d 939, 941 (9th Cir. 2001).

It appears that Pollins' motion to reopen the settlement is based upon his dissatisfaction over not having been compensated from the MDL settlement fund for his alleged discrimination claim. Specifically, Pollins asserts that his alleged discrimination claim was "mistakenly" ignored, and was not pursued as part of this litigation.  But Pollins has failed to identify any "mistake" of the type contemplated under Rule 60(b)(1) and, indeed, has not provided any legal or factual basis that might entitle him to further payment from the class fund for his alleged discrimination claim.

Relief under Rule 60(b)(1) through (3) is also unavailable because Pollins' motion is untimely. Pollins filed his motion nine months *after* the one-year deadline for bringing such a motion.   In

**OPPOSITION TO MOTION TO REOPEN CASE**

addition, Rule 60(b)(4) and (5) do not apply.  Therefore, Pollins may only argue that there is some "other reason that justifies relief" pursuant to Rule 60(b)(6).  "Rule 60(b)(6) has been used sparingly as an equitable remedy to prevent manifest injustice.  The rule is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *U.S. v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993).  *See also Lal v. California*, 610 F.3d 518, 524 (9th Cir. 2010).

To obtain relief under Rule 60(b)(6), a moving party must show that he suffered an injury as a result of the judgment from which he seeks relief and that circumstances beyond his control prevented him from taking timely action to protect his interests.  *U.S. v. Alpine Land & Reservoir Co.*, *supra,* at 1049.  Here, there is no indication or evidence that Pollins was in any way prevented from pursuing his discrimination claim prior to, during the pendency of the MDL 1735 litigation, or at any time thereafter.  There is also no dispute that Pollins filed a claim form and received the payment he was entitled to under the terms of the MDL 1735 settlement.   Moreover, even if Pollins could show an "injury," he offers no "circumstances beyond his control" that would have prevented him from acting earlier and in an appropriate forum to protect his interests.

Lastly, while Pollins has not demonstrated any attorney negligence or misconduct because his discrimination claims were not pursued in this litigation, this too, would be insufficient to set aside the judgment in this case. *See Latshaw v. Trainer Wortham & Company, Inc.*, 452 F.3d 1097, 1101 (9th Cir. 2006) ("Rule 60(b)(1) is not intended to remedy the effects of a litigation decision that a party later comes to regret through subsequently-gained knowledge that corrects the erroneous legal advice of counsel."); *Allmerica Financial Life Ins. and Annuity Co. v. Llewellyn*, 139 F.3d 664, 666 (9th Cir. 1997) (finding "attorney error is insufficient grounds for relief under both Rule 60(b)(1) and (6)").

### III. CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that this Court deny Pollins' Motion to Reopen the Case.

Dated: September 15, 2011              Respectfully submitted,

/s/ Carolyn Beasley Burton
Carolyn Beasley Burton
THE MILLS LAW FIRM
880 Las Gallinas Avenue, Suite 2
San Rafael, CA 94903

OPPOSITION TO MOTION TO REOPEN CASE